IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170-JJF |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENA

TO:    PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING
       AND ITS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Agere Systems Inc. has served copies of the subpoena attached hereto on

the named entity.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600

Attorneys for Defendant Agere Systems Inc.

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
303-571-4000

Dated:   August 20, 2007

DB02:6192277.1                                                                                                                     058956.1020

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on August 20, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

I further certify that on August 20, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC  20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Attorneys for Agere Systems Inc.

2

# TAB 1

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF  Delaware

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>V.<br>AGERE SYSTEMS INC. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 07-170 |

TO: MOTOROLA, INC.
The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case. `Deposition topics are identified in Attachment A, which is incorporated`
`herein by reference.`

| PLACE OF DEPOSITION  Young, Conaway, Stargatt & Taylor LLP<br>1000 West Street, 17th Floor, Wilmington, DE  19899-0391  Telephone (302) 571-6000 | DATE AND TIME<br>To Be Determined |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Attachment B, which is incorporated herein by reference.

| PLACE  Young, Conaway, Stargatt & Taylor LLP<br>1000 West Street, 17th Floor, Wilmington, DE  19899-0391  Telephone (302) 571-6000 | DATE AND TIME<br>September 7, 2007 |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorneys for Defendant Agere Systems Inc. | DATE<br>August 14, 2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>David E. Sipiora -- Townsend and Townsend and Crew LLP<br>1200 17th Street, Suite 2700, Denver, CO  80202<br>Telephone:  (303) 571-4000 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                     DATE                                    SIGNATURE OF SERVER

                                                     _____
                                                     ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# TAB 1

# ATTACHMENT A

## Deposition Topics

Per the attached Subpoena in Civil Case, Agere Systems Inc. hereby requests the deposition of Motorola, Inc., at a time to be mutually determined, covering the following topics.

### DEFINITIONS

As used herein, the terms listed below shall be defined as follows:

1.    "CIF" refers to Plaintiff ÇIF Licensing, LLC, d/b/a GE Licensing and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by CIF, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2.    "AT&T" refers to AT&T Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by AT&T, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

3.    "Lucent" refers to Lucent Technologies, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Lucent, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

4.      "Agere" refers to Defendant Agere Systems Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Agere, either directly or indirectly, including but not limited to AT&T, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

5.      "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

6.      "Third Party" or "Third Parties" means anyone other than Agere or CIF .

7.      "You," "Your," or "Yours" refers to Motorola, Inc. ("Motorola") and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Motorola, either directly or indirectly, including but not limited all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

8.      "All Documents" mean each and every Document that is known to You and each and every such Document that can be located or discovered by reasonably diligent efforts.

9.      "Communication" means any oral, electronic, or written transmission of information from one Person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, or other forms of information exchanged.

2

10.    "Document" or "Document(s)" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible means by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic Communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice Communications, fax messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure Documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in Your possession, custody or control or to which You have, have had, or can obtain access. If the Document bears any marks, including but not limited to initials, stamped indicia, comments or notations that are not part of the original text or photographic reproduction thereof, these should be provided in a separate copy of the document.

11.    "Date" means the exact day, month and year, if ascertainable. and if the exact day, month and year are not ascertainable, then the best approximation thereof.

3

12.     "Pertaining to," "pertain to," "relating to," and "relate to" mean constituting, embodying, comprising of, consisting of, referring to, discussing, evidencing, supporting, establishing, contradicting, reflecting, summarizing, involved with, included in, showing, describing or resulting from the matter specified.

13.     "Related Patent(s)" or "Related Application(s)" means any patent or application whether foreign or domestic, whether a continuation, continuation-in-part or divisional application, or whether a reissue or reexamination application, or any extension of the first application from which the application or patents or extension take priority.

14.     "The '054 Patent" refers to U.S. Patent No. 5,048,054.

15.     "The '641 Patent" refers to U.S. Patent No. 5,428,641.

16.     "The '758 Patent" refers to U.S. Patent No. 5,446,758.

17.     "The '776 Patent" refers to U.S. Patent No. 6,198,776.

18.     "Patents-in-Suit" refers to U.S. Patent Nos. 5,048,054; 5,428,641; 5,446,758; and 6,198,776.

19.     "This Litigation" means the case of *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems, Inc.,* Civil Action No. 07-170 (D. Del.).

20.     "Modem Standards" refers to any recommendations, standards, or requirements adopted by any regulatory body, industry group, or trade group, including but not limited to the v.34, v.90 and v.92 recommendations adopted by the International Telecommunication Union ("ITU").

21.     Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be

4

considered to include "each and every." The singular form of a noun or pronoun shall be

considered to include within its meaning the plural form of the noun or pronoun so used, and

vice versa. The use of one gender shall include the other as are appropriate in the context.

## DEPOSITION TOPICS

1.    Any meaning or interpretation of any claims of the Patents-in-Suit.

2.    The validity or alleged invalidity of the Patents-in-Suit, including all knowledge

of prior art, and any opinions prepared for or received by Motorola or anyone else concerning the

validity, invalidity, infringement, non-infringement, enforceability, or unenforceability of the

Patents-in-Suit.

3.    The assertion, planned assertion, or investigation concerning assertion of the

Patents-in-Suit.

4.    Any disclosure of the subject matter described or claimed in the Patents-in-Suit.

5.    The investigation, examination, promotion, production, marketing, pricing, gift,

donation, sale or distribution of any product or system, whether for experimental use or

otherwise, by any person or entity, that (a) embodies the technology described or claimed in the

Patents-in-Suit, or (b) is compliant with the v.34, v.90 and v.92 recommendations adopted by the

ITU.

6.    All work product related to investigation of any modem technology, United States

or foreign patents, patent applications regarding modem technology, or the Patents-in-Suit,

including prior art searches.

7.    Agreements with CIF.

5

8.    Any Documents or correspondence concerning Agere, AT&T or Lucent.

9.    Any communications or opinions of any expert or consultant retained by
Motorola or CIF in connection with the Patents-in-Suit.

10.    Any alleged justification for delay in not bringing suit based on the Patents-in-
Suit against Agere, AT&T or Lucent.

11.    Any discussion, consideration or decision regarding whether to file or prosecute
any patent application relating to the Patents-in-Suit, including any foreign patent applications.

12.    Any communication between the alleged inventors named in the Patents-in-Suits
and any attorney or agent involved in prosecuting any application that led to the Patents-in-Suit.

13:    All Documents, drawings, sketches, test results, charts, figures, notebooks,
prototypes, communications, or other depictions or representations concerning the alleged
inventions in, or inventors contributions to, the Patents-in-Suit.

14.    Motorola's business plan or analysis, performance, business opportunities, market
share, competition or sales, whether actual or projected, relating to the subject matter of the
alleged inventions in the Patents-in-Suit, and any commercial success of the alleged invention.

15.    Motorola's business operations including profit and loss statements and balance
sheets, federal tax returns, and document retention policies.

16.    U.S. or foreign proceedings, whether before a court, administrative body, or
arbitral tribunal, regarding thee Patents-in-Suit or any patent or patent application relating to the
Patents-in-Suit, including the litigation involving Motorola and Rockwell (commenced
September 1995; D. Del., 95cv575) and the litigation involving Motorola and U.S. Robotics
(commenced February 1997; D. Mass, 97cv10339).

6

17.    Any defense or rebuttal to a claim or allegation of infringement asserted by any person regarding the Patents-in-Suit, including any such claim or allegation asserted in formal legal proceedings, negotiations, or in any other context.

18.    Any opinions, whether legal or otherwise and whether written or oral, of patent attorneys or others, concerning the patentability of the subject matter claimed in the Patents-in-Suit or its foreign counterparts.

19.    Any cease and desist letter(s) or other notice letter(s) drafted by or on behalf of Motorola regarding the Patents-in-Suit and all communications with any entity or person concerning the assertion, enforcement, litigation or licensing of the Patent-in-Suit.

20.    The relationship between Modem Standards, in particular the v.34, v.90 and v.92 recommendations adopted by ITU, and any of the Patents-in-Suit.

21.    The ITU adoption of Modem Standards, in particular the v.34, v.90 and v.92 recommendations, including but not limited to meeting minutes, correspondence, memoranda, presentations, news articles, news letters, summaries, or reports.

22.    The disclosure to ITU of any ITU member's intellectual property relating any aspect of the Modem Standards.

23.    The licensing of any ITU member's intellectual property to any other member of ITU, covering any aspect of the Modem Standards.

24.    Any claim or contention by CIF or Motorola that assertion of any of the Patents-in-Suit is not barred by the doctrine of laches.

61120601 v1

# ATTACHMENT B

## Request For Production Of Documents
## (Subpoena *Duces Tecum*)

Agere Systems Inc. ("Agere") hereby requests that Motorola, Inc. respond in writing to these requests for production and produce the documents and things identified below for inspection and copying by Agere's attorneys at the offices of Townsend and Townsend and Crew, LLP, 1200 17th Street, Suite 2700, Denver, CO 80202 by no later than September 7, 2007, or at such other time as may be agreed upon by counsel.

Each request for production is addressed to Motorola, Inc., as defined in the following section, and calls for production of documents and things in the possession, custody or control of Motorola, Inc.'s attorneys, accountants, agents, and other representatives.

The definitions and instructions set forth below shall apply to each of the requests.

### DEFINITIONS

As used herein, the terms listed below shall be defined as follows:

1.    "CIF" refers to Plaintiff CIF Licensing, LLC, d/b/a GE Licensing and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by CIF, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2.    "AT&T" refers to AT&T Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities

that are or were wholly or partially owned or controlled by AT&T, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

3.    "Lucent" refers to Lucent Technologies, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Lucent, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

4.    "Agere" refers to Defendant Agere Systems Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Agere, either directly or indirectly, including but not limited to AT&T, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

5.    "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

6.    "Third Party" or "Third Parties" means anyone other than Agere or CIF .

7.    "You," "Your," or "Yours" refers to Motorola, Inc. ("Motorola") and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Motorola, either directly or indirectly, including but not limited all past or present directors,

2

officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

8.    "All Documents" mean each and every Document that is known to You and each and every such Document that can be located or discovered by reasonably diligent efforts.

9.    "Communication" means any oral, electronic, or written transmission of information from one Person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, or other forms of information exchanged.

10.    "Document" or "Document(s)" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible means by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic Communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice Communications, fax messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure Documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers,

3

journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in Your possession, custody or control or to which You have, have had, or can obtain access. If the Document bears any marks, including but not limited to initials, stamped indicia, comments or notations that are not part of the original text or photographic reproduction thereof, these should be provided in a separate copy of the document.

11.   "Date" means the exact day, month and year, if ascertainable, and if the exact day, month and year are not ascertainable, then the best approximation thereof.

12.   "Concerning," "pertaining to," "pertain to," "relating to," and "relate to" mean constituting, embodying, comprising of, consisting of, referring to, discussing, evidencing, supporting, establishing, contradicting, reflecting, summarizing, involved with, included in, showing, describing or resulting from the matter specified.

13.   "Related Patent(s)" or "Related Application(s)" means any patent or application whether foreign or domestic, whether a continuation, continuation-in-part or divisional application, or whether a reissue or reexamination application, or any extension of the first application from which the application or patents or extension take priority.

14.   "The '054 Patent" refers to U.S. Patent No. 5,048,054.

15.   "The '641 Patent" refers to U.S. Patent No. 5,428,641.

16.   "The '758 Patent" refers to U.S. Patent No. 5,446,758.

17.   "The '776 Patent" refers to U.S. Patent No. 6,198,776.

18.   "Patents-in-Suit" refers to U.S. Patent Nos. 5,048,054; 5,428,641; 5,446,758; and 6,198,776.

4

19.     "This Litigation" means the case of *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems, Inc.,* Civil Action No. 07-170 (D. Del.).

20.     "Modem Standards" refers to any recommendations, standards, or requirements adopted by any regulatory body, industry group, or trade group, including but not limited to the v.34, v.90 and v.92 recommendations adopted by the International Telecommunication Union ("ITU").

21.     Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The use of one gender shall include the other as are appropriate in the context.

## INSTRUCTIONS

Please respond in accordance with the following instructions:

1.     If any Document covered by this request is withheld on the basis that it is privileged, subject to work product immunity, or otherwise excludable from discovery, You are requested to list each such Document, grouped by request number, and to state the following information:

(a)     the type of Document (*e.g.*, letter, memorandum, contract);

(b)     its title;

(c)     its date;

(d)     its number of pages;

(e)     its subject matter;

(f)     the name(s), address(es), and present occupation of the Persons(s) now in possession of it;

(g)     the name, present address, and occupation at the time of preparation of the Person(s) who prepared it;

(h)     the name, present address, and occupation at the time of dissemination of the addressee(s) who had access thereto;

(i)     the basis upon which the Document is withheld; and such other particulars as would enable Agere to assess the applicability of the asserted privilege or protection.

2.     If any request is objected to as overly broad or unduly burdensome, You are instructed to produce those Documents which are unobjectionable and specifically identify and state the basis for the objection.

3.     If a Document or thing is no longer in Your possession, custody or control, or it has been destroyed or disposed of, state whether it is:  (a) missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been disposed of in some other manner, describing the method of disposal.  In each instance of such Documents, please provide the following information:

(a)     explain the circumstances surrounding and authorization for the non-availability, destruction, or disposition thereof;

(b)     state the Date or approximate Date thereof;

(c)     state the name and title of the author(s), sender(s), and recipient(s) thereof;

(d)     state the name(s) and address(es) of all Persons having knowledge of the non-

        availability, destruction, or disposition thereof;

(e)     state the name(s) and address(es) of all Persons responsible for the non-

        availability, destruction or disposition thereof; and

(f)     if applicable, state the name(s) and address(es) of all Persons that now possess,

        have custody thereof, or control the Document or thing.

4.      Under no circumstances are You to refuse to provide any Document merely

because You consider it duplicative.

5.      Unless the parties otherwise agreed in writing, all electronic data responsive to

these requests are to be translated as necessary into usable form, including but not limited to

TIFF format. For any electronic document, worksheet, spreadsheet or file used to perform

mathematical calculations or graphic displays, You are instructed to produce a copy in electronic

form on a computer disk, as well as a hard-copy version. In addition, provide a detailed

description of the software used and how the data was stored such that the formula, derivations

or assumptions can be seen or ascertained.

6.      All Documents should be produced as they are kept in the ordinary course of

business or organized and designated to correspond to the categories in the requests.

7.      All associated file labels, file headings, file folders, binder spines, binder tabs and

binders containing any responsive documents shall be produced together with the responsive

documents from each file.

8.      All questions regarding the meaning of interpretation of these requests should be

directed to Agere's counsel, David E. Sipiora or Ian L. Saffer, 1200 Seventeenth Street, Suite

2700, Denver, CO, 80202, (303) 571-4000.


## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS


**REQUEST NO. 1:**

All Documents concerning any investigation, examination or effort made by Motorola, or

anyone acting on its behalf or at its direction, to investigate or examine any device that Motorola

thought to be infringing the Patents-in-Suit.

**REQUEST NO. 2:**

All Documents concerning any knowledge of Motorola of products made, used, sold or

offered for sale by AT&T, Lucent, and/or Agere compliant with v.34, v.90 and v.92

recommendations adopted by the ITU.

**REQUEST NO. 3:**

All Documents concerning the meaning of any limitation of any claim of any of the

Patents-in-Suit.

**REQUEST NO. 4:**

All Documents concerning any promotion, marketing or distribution of any product or

system made according to any of the claims of the Patents-in-Suit or the Modem Standards,

including all internal correspondence, advertising, press releases, product announcements,

solicitations, articles, speech or lecture texts, sales presentations, product brochures and catalogs, whether or not adopted or used.

**REQUEST NO. 5:**

All Documents concerning or mentioning CIF, including any Documents relating to discussions with CIF regarding the assertion of any of the Patents-in-Suit, or Agere, AT&T or Lucent.

**REQUEST NO. 6:**

All Documents concerning or relating to the prosecution of any United States or foreign patents or patent applications that disclose, describe or claim substantially the same invention as described in the Patents-in-Suit or are familially or topically related to the Patent-in-Suit, including the results of any Prior Art searches concerning the Patents-in-Suit, all patents and applications that claim or refer to a priority date based on any application that is related to the Patents-in-Suit, and every patent or application that includes reference to any of the Patents-in-Suit in the specification or in its prosecution history.

**REQUEST NO. 7:**

All Documents concerning the patent applications that eventually issued as the Patents-in-Suit, including all drafts of the patent applications and communications between any inventor, any employer of the inventors, and attorneys or any other persons regarding the applications and all Documents considered or reviewed in the course of preparing and prosecuting the Patents-in-Suit.

**REQUEST NO. 8:**

All Documents concerning the prosecution of foreign counterpart applications of the Patents-in-Suit, whether granted, pending, or abandoned, including search reports, examination reports, written opinions, file histories, examiner's reports, and official actions of all entities that conduct Prior Art searches and all communications between the alleged inventors, their employer and/or their attorneys, including foreign associates, attorneys, or agents.

**REQUEST NO. 9:**

All Documents concerning communications with any expert or consultant retained by Motorola or CIF in connection with the Patents-in-Suit.

**REQUEST NO. 10:**

All Documents concerning the conception, reduction to practice, development, experimentation with, or commercialization of any alleged invention described or claimed in the Patents-in-Suit, including notes, notebooks, prototypes, models, blueprints or writing or things of any type.

**REQUEST NO. 11:**

All Documents concerning any disclosure to another of the subject matter described or claimed in the Patents-in-Suit, whether such disclosure is private or public, by the alleged inventors, assignees, employers of the inventors, or anyone else.

**REQUEST NO. 12:**

All Documents concerning the alleged inventions claimed in the Patents-in-Suit, including the alleged novelty, utility or non obviousness of the claimed inventions.

**REQUEST NO. 13:**

All Documents concerning the validity or alleged invalidity of the Patents-in-Suit, including all Prior Art known to Motorola.

**REQUEST NO. 14:**

All Prior Art concerning the Patents-in-Suit whether or not such art was submitted to the United States Patent and Trademark Office during the prosecution of the Patents-in-Suit.

**REQUEST NO. 15:**

All Documents constituting or concerning opinions prepared for or received by Motorola or anyone else concerning the validity, invalidity, infringement, non-infringement, enforceability, or unenforceability of the Patents-in-Suit.

**REQUEST NO. 16:**

All Documents concerning Agere, AT&T or Lucent, including any documents concerning the assertion of any of the Patents-in-Suit against Agere, AT&T or Lucent, and any alleged justification for delay in not bringing suit based on the Patents-in-Suit against Agere, AT&T or Lucent.

**REQUEST NO. 17:**

All Documents concerning the first public use, public disclosure, sale or offer for sale of products that embodied any of the alleged inventions in the Patents-in-Suit.

**REQUEST NO. 18:**

All Documents concerning any sales, offers for sale, price lists, price announcements, gifts, or donations, whether for experimental use or otherwise, relating to any embodiment of an alleged invention claimed in a Patent-in-Suit prior to one year before the filing date of the application for the relevant Patent-in-Suit.

11

**REQUEST NO. 19:**

All Documents concerning any discussion, consideration or decision regarding whether to file or prosecute any patent application relating to the Patents-in-Suit, including any foreign patent applications.

**REQUEST NO. 20:**

All Documents concerning any communication between the alleged inventors named in the Patents-in-Suits and any attorney or agent involved in prosecuting any application that led to the Patents-in-Suit.

**REQUEST NO. 21:**

All drawings, sketches, charts, figures, prototypes or other depictions or representations concerning the alleged inventions of the Patents-in-Suit, including alleged inventors' notebooks, tests, search reports, memorandum, technical articles, manuals, publications, patents, and related documents.

**REQUEST NO. 22:**

All Documents concerning Motorola's business plan or analysis, performance, business opportunities, market share, competition or sales, whether actual or projected, relating to the subject matter of the alleged inventions in the Patents-in-Suit, including Documents sufficient to show the cost related to research, development, manufacture, packaging, sale, promotion, marketing, approval, distribution, and shipping of any product made according to the Patents-in-Suit.

**REQUEST NO. 23:**

All profit and loss statements and balance sheets for Motorola for fiscal years 2000 to the present.

**REQUEST NO. 24:**

All Documents concerning Motorola's document retention policy.

**REQUEST NO. 25:**

All Documents concerning any prior U.S. or foreign proceedings, whether before a court, administrative body, or arbitral tribunal, regarding any patent or patent application relating to the Patents-in-Suit or the subject matter disclosed therein, including without limitation:

> (1) all transcripts of depositions (with exhibits);
>
> (2) all discovery, including without limitation, interrogatories, requests for admission, document demands, expert witness discovery (including expert reports) and witness lists;
>
> (3) all responses to the discovery listed in part (2) above, including without limitation, all documents produced in response to the discovery;
>
> (4) all transcripts of hearing or other court proceedings;
>
> (5) all documents prepared for or by experts, including work papers;
>
> (6) all settlement offers, responses and agreements;
>
> (7) all court orders or recommendations;
>
> (8) all affidavits and declarations; and
>
> (9) all pleadings, motions, briefs and supporting documents.

13

**REQUEST NO. 26:**

All Documents concerning the litigations or settlement of the litigations involving Motorola and Rockwell (commenced September 1995; D. Del., 95cv575) and Motorola and U.S. Robotics (commenced February 1997; D. Mass, 97cv10339).

**REQUEST NO. 27:**

All Documents concerning to validity or invalidity of the Patents-in-Suit including all documents and things concerning any assertion or allegation or contention by any person that the Patents-in-Suit are, or have been:

        a)  infringed or not infringed;

        b)  unenforceable for any reason;

        c)  limited by the doctrines of laches or equitable estoppel;

        d)  misused.

**REQUEST NO. 28:**

All Documents concerning any defense or rebuttal to a claim or allegation of infringement asserted by any person regarding the Patents-in-Suit, including any such claim or allegation asserted in formal legal proceedings, negotiations, or in any other context.

**REQUEST NO. 29:**

All Documents concerning any opinions, whether legal or otherwise and whether written or oral, of patent attorneys or others, concerning the patentability of the subject matter claimed in the Patents-in-Suit or its foreign counterparts.

**REQUEST NO. 30:**

A sample of each product made or used by Motorola that allegedly is covered by the Patents-in-Suit.

**REQUEST NO. 31:**

All Documents concerning any cease and desist letter(s) or other notice letter(s) drafted by or on behalf of Motorola regarding the Patents-in-Suit and all communications with any entity or person concerning the assertion, enforcement, litigation or licensing of the Patent-in-Suit.

**REQUEST NO. 32:**

Motorola's annual Federal Tax Returns from 2000 to the Present.

**REQUEST NO. 33:**

All Documents that any alleged inventor of the Patents-in-Suit created, worked on, or contributed to concerning the subject matter of the Patents-in-Suit.

**REQUEST NO. 34:**

All Documents concerning any communication by any alleged inventor of the Patents-in-Suit to any other person concerning the Patents-in-Suit or the invention claimed therein.

**REQUEST NO. 35:**

All Documents concerning the best mode contemplated by the inventors for practicing the alleged invention of the Patents-in-Suit.

**REQUEST NO. 36:**

All Documents concerning the structure, function, and/or operation of the invention disclosed in the Patents-in-Suit.

**REQUEST NO. 37:**

All Documents concerning any failed attempt or long-felt need to develop the alleged invention to the Patents-in-Suit.

**REQUEST NO. 38:**

All Documents concerning any commercial success of the alleged invention of the Patents-in-Suit, and all documents concerning the nexus (or lack of nexus) between any such commercial success and the merits of the alleged invention claimed in the Patents-in-Suit.

**REQUEST NO. 39:**

All Documents concerning any initial skepticism or subsequent disbelief or surprise regarding the alleged invention or the Patents-in-Suit.

**REQUEST NO. 40:**

All Documents concerning any royalties received by Motorola for licensing the Patents-in-Suit, including documents bearing on the amount of any established royalty.

**REQUEST NO. 41:**

All Documents concerning any marking of products manufactured by Motorola covered by the Patents-in-Suit.

**REQUEST NO. 42:**

All Documents concerning the relationship between Modem Standards, in particular the v.34, v.90 and v.92 recommendations adopted by the ITU, and any of the Patents-in-Suit.

**REQUEST NO. 43:**

All Documents concerning the ITU adoption of Modem Standards, in particular the v.34, v.90 and v.92 recommendations, including but not limited to meeting minutes, correspondence, memoranda, presentations, news articles, news letters, summaries, or reports.

**REQUEST NO. 44:**

All Documents concerning disclosure to the ITU of any ITU member's intellectual property relating any aspect of the Modem Standards.

**REQUEST NO. 45:**

All Documents concerning licensing of any ITU member's intellectual property to any other member of ITU, covering any aspect of the Modem Standards.

**REQUEST NO. 46:**

All Documents concerning any claim or contention by CIF or Motorola that assertion of any of the Patents-in-Suit is not barred by the doctrine of laches.

**REQUEST NO. 47:**

All Documents concerning your knowledge of any aspect of AT&T's modem business that is or was covered by the Modem Standards, including but not limited to any competitive analysis, news reports or advertisements of AT&T's modems covered by the Modem Standards.

**REQUEST NO. 48:**

All Documents concerning competitive intelligence regarding AT&T's or Agere's modem business, including but not limited to industry reports and industry sales.

**REQUEST NO. 49:**

All Documents concerning meetings between AT&T or Lucent or Agere and You

regarding any patents, irrespective of the subject matter covered by the patents.

61117378 v2

# TAB 2

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

desiplora@townsend.com

August 14, 2007

*VIA OVERNIGHT MAIL*

A. Peter Lawson
Executive Vice President, General Counsel
and Secretary
Motorola, Inc.
1303 East Algonquin Road
Schaumburg, Il  60196

> Re:    **Subpoena of Motorola, Inc. in CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170 JJF (D. Del.)**

Dear Mr. Lawson:

This firm is counsel for defendant Agere Systems Inc. ("Agere") in the above-referenced patent infringement litigation.  The plaintiff is a patent holding company created by General Electric Corporation ("GE").  The entity has asserted four patents against Agere, each of which was assigned to GE by Motorola, Inc. ("Motorola").

In a scheduling conference on August 1, 2007, presiding Judge Joseph Farnan ordered that Agere may conduct discovery directed to Motorola concerning licensing of the patents-in-suit.  Further, the Court allowed the deposition of Motorola as an exception to the Court's general rule of allowing deposition discovery only after the close of written discovery.  This early discovery of Motorola on licensing issues is to be completed in 90 days, at which time Agere may move for summary judgment.  The Court permitted 21 hours of deposition of Motorola as part of this arrangement.

Agere served a subpoena on Motorola on August 9, 2007.  This first subpoena included two attachments: a list of deposition topics and a set of document requests.  Pursuant to the scheduling order, the document requests and deposition topics are focused on issues related to Agere's licensing defense.  We set the deadline for response to the document requests as August 24, 2007, anticipating that this would be ample time for Motorola to gather the requested documents related to licensing.  We left the deadline for the deposition of Motorola open, anticipating that we can work with your outside counsel to arrange mutually convenient dates safely within the 90 day discovery window.  A copy of the subpoena is enclosed for your convenience.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

A. Peter Lawson
August 14, 2007
Page 2

Also enclosed with this letter is a second subpoena of Motorola. The subpoena contains a list of deposition topics and a set of requests for the production of documents. The subpoena is directed to all other issues pertaining to Motorola, as former owner of the patents-in-suit. Because this subpoena is significantly broader in scope than the first subpoena, we have set the return date for the subpoena as September 7, 2007. Once again, we did not set a date for the deposition of Motorola, but anticipate that we will work to coordinate the conduct of the deposition. We further anticipate that this deposition will occur after the close of written discovery on January 31, 2008, per the Court's order.

We are forwarding the enclosed copies of the subpoenas and this letter of explanation simply as a courtesy. We look forward to working with your outside counsel to secure full compliance with the subpoenas and the production of all documents relating to the Motorola patents. If you have any questions, please do not hesitate to contact me or my partner, Ian Saffer.

Very truly yours,

for

David E. Sipiora

Enclosures
cc:    Joel M. Freed (Counsel for Plaintiff GE Licensing)

61120593 v1

# TAB 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF SUBPOENA

TO:    PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING
AND ITS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Agere Systems Inc. has served copies of the subpoena attached hereto on the

named entity.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600

Attorneys for Defendant Agere Systems Inc.

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO 80202
303-571-4000

Dated:   August 10, 2007

.

.

.

2

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF  Delaware

CIF LICENSING, LLC, d/b/a
GE LICENSING,

V.

AGERE SYSTEMS INC.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 07-170

TO: MOTOROLA, INC.
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case. Deposition topics are identified in Attachment A, which is incorporated
herein by reference.

| PLACE OF DEPOSITION  Young, Conaway, Stargatt & Taylor LLP 1000 West Street, 17th Floor, Wilmington, DE 19899-0391 Telephone (302) 571-6000 | DATE AND TIME To Be Determined |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Attachment B, which is incorporated herein by reference.

| PLACE  Young, Conaway, Stargatt & Taylor LLP 1000 West Street, 17th Floor, Wilmington, DE 19899-0391 Telephone (302) 571-6000 | DATE AND TIME August 24, 2007 |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorneys for Defendant Agere Systems Inc. | DATE August 9, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David E. Sipiora – Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700, Denver, CO 80202
Telephone: (303) 571-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE _8/9/07_

SERVED: MOTOROLA INC
C/O CT CORPORATION TRUST
1209 ORANGE ST.
WILMINGTON DE 19801

PLACE

SERVED ON (PRINT NAME) .
BRIAN LASCALA
SERVICE OF PROCESS

MANNER OF SERVICE
BY HAND
@ 3:55 PM 8/9/07

SERVED BY (PRINT NAME)
FRANK JOYCE

TITLE
SPECIAL PROCESS SERVER

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _8/9/07_
DATE

SIGNATURE OF SERVER

PARCELS INC.
ADDRESS OF SERVER
230 N. MARKET ST.
WILMINGTON DE 1980;

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

## Deposition Topics

Per the attached Subpoena in Civil Case, Agere Systems Inc. hereby requests the deposition of Motorola, Inc., at a time to be mutually determined, if possible, covering the following topics.

### DEFINITIONS

As used herein, the terms listed below shall be defined as follows:

1.    "CIF" refers to Plaintiff CIF Licensing, LLC, d/b/a GE Licensing and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by CIF, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2.    "AT&T" refers to  AT&T Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by AT&T, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

3.    "Lucent" refers to Lucent Technologies, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Lucent, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

4.    "Agere" refers to Defendant Agere Systems Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Agere, either directly or indirectly, including but not limited to AT&T, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

5.    "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

6.    "Third Party" or "Third Parties" means anyone other than Agere or CIF .

7.    "You," "Your," or "Yours" refers to Motorola, Inc. ("Motorola") and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Motorola, either directly or indirectly, including but not limited all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

8.    "All Documents" mean each and every Document that is known to You and each and every such Document that can be located or discovered by reasonably diligent efforts.

9.    "Communication" means any oral, electronic, or written transmission of information from one Person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, or other forms of information exchanged.

10.    "Document" or "Document(s)" is used in its customary broad sense within the

2

context of the Federal Rules of Civil Procedure and means any written, printed, recorded or

graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs,

drawings, or any other tangible means by which information is contained, stored or displayed, of

every kind or description, however produced or reproduced, whether draft or final, original or

reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received,

redrafted, or executed, including without limitation written and electronic Communications,

letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk

calendars, interoffice Communications, fax messages, E-mail messages, telegrams, telex

messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies,

summaries, analyses, statistical and financial statements, charts, graphs, reports, computer

printouts, laboratory notebooks, invention disclosure Documents, patent applications and drafts

thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements,

market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers,

journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures

or material similar to any of the foregoing, however denominated, by whomever prepared, and to

whomever addressed, which are in Your possession, custody or control or to which You have,

have had, or can obtain access. If the Document bears any marks, including but not limited to

initials, stamped indicia, comments or notations that are not part of the original text or

photographic reproduction thereof, these should be provided in a separate copy of the document.

      11.    "Date" means the exact day, month and year, if ascertainable, and if the exact day,

month and year are not ascertainable, then the best approximation thereof.

      12.    "Pertaining to," "pertain to," "relating to," and "relate to" mean constituting,

embodying, comprising of, consisting of, referring to, discussing, evidencing, supporting,

establishing, contradicting, reflecting, summarizing, involved with, included in, showing, describing or resulting from the matter specified.

13. "Related Patent(s)" or "Related Application(s)" means any patent or application whether foreign or domestic, whether a continuation, continuation-in-part or divisional application, or whether a reissue or reexamination application, or any extension of the first application from which the application or patents or extension take priority.

14. "The '054 Patent" refers to U.S. Patent No. 5,048,054.

15. "The '641 Patent" refers to U.S. Patent No. 5,428,641.

16. "The '758 Patent" refers to U.S. Patent No. 5,446,758.

17. "The '776 Patent" refers to U.S. Patent No. 6,198,776.

18. "Patents-in-Suit" refers to U.S. Patent Nos. 5,048,054; 5,428,641; 5,446,758; and 6,198,776.

19. "This Litigation" means the case of *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems, Inc.*, Civil Action No. 07-170 (D. Del.).

20. "Modem Standards" refers to any recommendations, standards, or requirements adopted by any regulatory body, industry group, or trade group, including but not limited to the v.34, v.90 and v.92 recommendations adopted by the International Telecommunication Union.

21. Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The use of one gender shall include the other as are appropriate in the context.

4

DEPOSITION TOPICS

1.    The negotiation, drafting and execution of any agreement or proposed agreement relating to the Patents-in-Suit.

2.    The acquisition of the Patents-in-Suit by CIF, including any assignments or licensing by You of the Patents-in-Suit to CIF.

3.    Any remaining economic interest or potential benefit possessed by You relating to the Patents-in-Suit, including any economic interest in licensing rights, royalties or damages secured by CIF relating to enforcement or litigation of the Patents-in-Suit.

4.    All agreements relating to the Patents-in-Suit, including the terms of any agreement involving the licensing of rights to the Patents-in-Suit.

5.    Any agreement between You and Altocom, Inc. relating to the Patents-in-Suit.

6.    Any agreement between You and Broadcom Corporation relating to the Patents-in-Suit.

7.    Any agreement between You and any entity relating to any patent relating to a modem or Modem Standards.

8.    The determination or calculation by You of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

9.    The determination or calculation by any person or entity of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International   · Telecommunications Union.

5

10.     All programs, guidelines, policies or practices of Motorola relating to the

licensing of patents.

61109833 v2

## ATTACHMENT B

### Request For Production Of Documents
### (Subpoena *Duces Tecum*)

Agere Systems Inc. ("Agere") hereby requests that Motorola, Inc. respond in writing to these requests for production and produce the documents and things identified below for inspection and copying by Agere's attorneys at the offices of Townsend and Townsend and Crew, LLP, 1200 17th Street, Suite 2700, Denver, CO 80202 by no later than 5:00pm MDT on August 24, 2007, or at such other time as may be agreed upon by counsel.

Each request for production is addressed to Motorola, Inc., as defined in the following section, and calls for production of documents and things in the possession, custody or control of Motorola, Inc.'s attorneys, accountants, agents, and other representatives.

The definitions and instructions set forth below shall apply to each of the requests.

### DEFINITIONS

As used herein, the terms listed below shall be defined as follows:

1.    "CIF" refers to Plaintiff CIF Licensing, LLC, d/b/a GE Licensing and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by CIF, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2.    "AT&T" refers to AT&T Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by AT&T, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on

behalf of these same entities.

3.      "Lucent" refers to Lucent Technologies, Inc. and all predecessors, successors,
subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other
legal entities that are or were wholly or partially owned or controlled by Lucent, either directly
or indirectly, and all past or present directors, officers, owners, agents, attorneys and others
acting for or on behalf of these same entities.

4.      "Agere" refers to Defendant Agere Systems Inc. and all predecessors, successors,
subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other
legal entities that are or were wholly or partially owned or controlled by Agere, either directly or
indirectly, including but not limited to AT&T, and all past or present directors, officers, owners,
agents, attorneys and others acting for or on behalf of these same entities.

5.      "Person(s)" means any natural person, corporation, proprietorship, partnership,
joint venture, association, firm, or entity recognized in law, and shall include the owners,
officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and
successors of such person.

6.      "Third Party" or "Third Parties" means anyone other than Agere or CIF .

7.      "You," "Your," or "Yours" refers to Motorola, Inc.  ("Motorola") and all
predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present,
joint ventures, and other legal entities that are or were wholly or partially owned or controlled by
Motorola, either directly or indirectly, including but not limited all past or present directors,
officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

8.      "All Documents" mean each and every Document that is known to You and each
and every such Document that can be located or discovered by reasonably diligent efforts.

2

9.    "Communication" means any oral, electronic, or written transmission of

information from one Person to another, including but not limited to, discussions, conversations,

negotiations, agreements, understandings, personal meetings, telephone conversations,

facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, or other forms

of information exchanged.

10.    "Document" or "Document(s)" is used in its customary broad sense within the

context of the Federal Rules of Civil Procedure and means any written, printed, recorded or

graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs,

drawings, or any other tangible means by which information is contained, stored or displayed, of

every kind or description, however produced or reproduced, whether draft or final, original or

reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received,

redrafted, or executed, including without limitation written and electronic Communications,

letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk

calendars, interoffice Communications, fax messages, E-mail messages, telegrams, telex

messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies,

summaries, analyses, statistical and financial statements, charts, graphs, reports, computer

printouts, laboratory notebooks, invention disclosure Documents, patent applications and drafts

thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements,

market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers,

journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures

or material similar to any of the foregoing, however denominated, by whomever prepared, and to

whomever addressed, which are in Your possession, custody or control or to which You have,

have had, or can obtain access. If the Document bears any marks, including but not limited to

initials, stamped indicia, comments or notations that are not part of the original text or
photographic reproduction thereof, these should be provided in a separate copy of the document.

11.     "Date" means the exact day, month and year, if ascertainable, and if the exact day,
month and year are not ascertainable, then the best approximation thereof.

12.     "Pertaining to," "pertain to," "relating to," and "relate to" mean constituting,
embodying, comprising of, consisting of, referring to, discussing, evidencing, supporting,
establishing, contradicting, reflecting, summarizing, involved with, included in, showing,
describing or resulting from the matter specified.

13.     "Related Patent(s)" or "Related Application(s)" means any patent or application
whether foreign or domestic, whether a continuation, continuation-in-part or divisional
application, or whether a reissue or reexamination application, or any extension of the first
application from which the application or patents or extension take priority.

14.     "The '054 Patent" refers to U.S. Patent No. 5,048,054.

15.     "The '641 Patent" refers to U.S. Patent No. 5,428,641.

16.     "The '758 Patent" refers to U.S. Patent No. 5,446,758.

17.     "The '776 Patent" refers to U.S. Patent No. 6,198,776.

18.     "Patents-in-Suit" refers to U.S. Patent Nos. 5,048,054; 5,428,641; 5,446,758; and
6,198,776.

19.     "This Litigation" means the case of *CIF Licensing, LLC, d/b/a GE Licensing v.
Agere Systems, Inc.,* Civil Action No. 07-170 (D. Del.).

20.     "Modem Standards" refers to any recommendations, standards, or requirements
adopted by any regulatory body, industry group, or trade group, including but not limited to the
v.34, v.90 and v.92 recommendations adopted by the International Telecommunication Union.

4

21.    Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The use of one gender shall include the other as are appropriate in the context.

## INSTRUCTIONS

Please respond in accordance with the following instructions:

1.    If any Document covered by this request is withheld on the basis that it is privileged, subject to work product immunity, or otherwise excludable from discovery, You are requested to list each such Document, grouped by request number, and to state the following information:

(a)    the type of Document (*e.g.*, letter, memorandum, contract);

(b)    its title;

(c)    its date;

(d)    its number of pages;

(e)    its subject matter;

(f)    the name(s), address(es), and present occupation of the Persons(s) now in possession of it;

(g)    the name, present address, and occupation at the time of preparation of the Person(s) who prepared it;

(h)    the name, present address, and occupation at the time of dissemination of the addressee(s) who had access thereto;

(i)     the basis upon which the Document is withheld; and such other particulars as would enable Agere to assess the applicability of the asserted privilege or protection.

2.     If any request is objected to as overly broad or unduly burdensome, You are instructed to produce those Documents which are unobjectionable and specifically identify and state the basis for the objection.

3.     If a Document or thing is no longer in Your possession, custody or control, or it has been destroyed or disposed of, state whether it is: (a) missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been disposed of in some other manner, describing the method of disposal. In each instance of such Documents, please provide the following information:

(a)     explain the circumstances surrounding and authorization for the non-availability, destruction, or disposition thereof;

(b)     state the Date or approximate Date thereof;

(c)     state the name and title of the author(s), sender(s), and recipient(s) thereof;

(d)     state the name(s) and address(es) of all Persons having knowledge of the non-availability, destruction, or disposition thereof;

(e)     state the name(s) and address(es) of all Persons responsible for the non-availability, destruction or disposition thereof; and

(f)     if applicable, state the name(s) and address(es) of all Persons that now possess, have custody thereof, or control the Document or thing.

4.     Under no circumstances are You to refuse to provide any Document merely because You consider it duplicative.

6

5.    Unless the parties otherwise agreed in writing, all electronic data responsive to these requests are to be translated as necessary into usable form, including but not limited to TIFF format. For any electronic document, worksheet, spreadsheet or file used to perform mathematical calculations or graphic displays, You are instructed to produce a copy in electronic form on a computer disk, as well as a hard-copy version. In addition, provide a detailed description of the software used and how the data was stored such that the formula, derivations or assumptions can be seen or ascertained.

6.    All Documents should be produced as they are kept in the ordinary course of business or organized and designated to correspond to the categories in the requests.

7.    All associated file labels, file headings, file folders, binder spines, binder tabs and binders containing any responsive documents shall be produced together with the responsive documents from each file.

8.    All questions regarding the meaning of interpretation of these requests should be directed to Agere's counsel, David E. Sipiora or Ian L. Saffer, 1200 Seventeenth Street, Suite 2700, Denver, CO, 80202, (303) 571-4000.

9.    Thank you for your anticipated cooperation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Please produce all Documents and things relating to the following subjects:

1.    The negotiation, drafting and execution of any agreement or proposed agreement relating to the Patents-in-Suit.

2.    The acquisition of the Patents-in-Suit by CIF, including any assignments or licensing by You of the Patents-in-Suit to CIF.

7

3.    Any remaining economic interest or potential benefit possessed by You relating to the Patents-in-Suit, including any economic interest in licensing rights, royalties or damages secured by CIF relating to enforcement or litigation of the Patents-in-Suit.

4.    All agreements relating to the Patents-in-Suit, including the terms of any agreement involving the licensing of rights to the Patents-in-Suit.

5.    Any agreement between You and Altocom, Inc. relating to the Patents-in-Suit.

6.    Any agreement between You and Broadcom Corporation relating to the Patents-in-Suit.

7.    Any agreement between You and any entity relating to any patent relating to a modem or Modem Standards.

8.    The determination or calculation by You of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

9.    The determination or calculation by any person or entity of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

10.    All programs, guidelines, policies or practices of Motorola relating to the licensing of patents.

61117246 v2

8

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on August 10, 2007, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on August 10, 2007, I caused a copy of the foregoing document to be

served by hand delivery on the above-listed counsel of record and on the following non-

registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.