IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 07-170-JJF ) ) **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) ) |
| Defendant. | ) ) |

**CIF LICENSING, LLC d/b/a GE LICENSING'S NOTICE OF SUBPOENA FOR DEPOSITION OF ALTOCOM, INC. AND FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, plaintiff CIF Licensing, LLC d/b/a GE Licensing will take the deposition of AltoCom, Inc. ("AltoCom") at the offices of McDermott Will & Emery LLP, 18191 Von Karman Avenue, Suite 500, Irvine, CA 92612, (949) 851-0633, at a date and time to be agreed upon by the parties.

The deposition will be taken upon oral examination before an officer authorized by law to administer oaths, and will continue from day to day thereafter, excluding weekends and holidays, until it is completed. The deposition will be recorded stenographically and/or by video.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, CIF Licensing, LLC d/b/a GE Licensing, through undersigned counsel, will serve a subpoena for documents on AltoCom as set forth in the Subpoena in a Civil Case attached hereto. The documents identified in Attachment "A" to the Subpoena shall be produced by AltoCom on or before September 11, 2007, to

McDermott Will & Emery LLP, 18191 Von Karman Avenue, Suite 500, Irvine, CA 92612, (949) 851-0633.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Joel M. Freed<br>Brian E. Ferguson<br>Michael W. Connelly<br>McDermott Will & Emery LLP<br>600 13th Street, N.W.<br>Washington, DC 20005-3096<br>(202) 756-8327<br><br>Edwin H. Wheeler<br>McDermott Will & Emery LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304-1212<br>(650) 813-5000<br><br>Dated: August 28, 2007<br>815187 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ *[signature]*<br>Richard L. Horwitz (#2246)<br>Philip A. Rovner (#3215)<br>David E. Moore (#3983)<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, Delaware 19899<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>provner@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Plaintiff*<br>*CIF Licensing, LLC, d/b/a*<br>*GE Licensing* |

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN    DISTRICT OF ~~DELAWARE~~    CALIFORNIA

| CIF LICENSING, LC, d/b/a GE LICENSING, Plaintiff | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| AGERE SYSTEMS, INC., Defendant | Case Number:[1]  D. Del., C.A. 07-170-JJF |

TO: ALTOCOM, INC.
c/o Registered Agent, National Registered Agents, Inc.
2030 Main Street, Ste 1030, Irvine, CA 92614

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Deposition topics are identified in Attachment A, which is incorporated herein by reference.

| PLACE OF DEPOSITION  McDermott Will & Emery LLP, 18191 Von Karman Avenue, Suite 500, Irvine, CA 92612 - (949) 851-0633 | DATE AND TIME  To be determined |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A, which is incorporated herein by reference.

| PLACE  McDermott Will & Emery LLP, 18191 Von Karman Avenue, Suite 500, Irvine, CA 92612 - (949) 851-0633 | DATE AND TIME  September 11, 2007 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  8-28-07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Philip A. Rovner, Esq., Potter Anderson & Corroon LLP, P.O. Box 951,
Wilmington, DE 19899 - (302) 984-6000 - Attorneys for Plaintiff

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
  (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## **DEFINITIONS**

The following definitions shall apply to the document requests that follow:

1. The term "Agere" shall mean Agere Systems Inc., its parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture to which it is a party, or other affiliated entities, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time and including, without limitation, LSI Logic Corp. or LSI Corp.

2. The terms "CIF Licensing, LLC," "GE Licensing" or "Plaintiff" shall refer to CIF Licensing, LLC, its parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture to which it is a party, or other affiliated entities, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

3. The term "Lucent" shall mean Lucent Technologies Inc., its parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture to which it is a party, or other affiliated entities, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

4. The term "AltoCom" shall refer to AltoCom Inc., its parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture to which it is a party, or other affiliated entities, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time, including without limitation Broadcom Corp.

5. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

6. The terms "any" or "each" shall be construed to include and encompass "all."

7. The term "date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

8. The terms "document" or "documents" are used in the broadest possible sense and include, without limitation, all originals, copies, drafts, and recordings of any written, typewritten, printed, graphic, electronic, digital or otherwise recorded matter, including forms of information translatable or convertible into a reasonably usable form. "Document" or "documents" include, without limitation, the following items: electronic mail (e-mails); Microsoft PowerPoint slides and/or presentations; Microsoft Excel spreadsheets; Microsoft Word documents; agreements; communications, including intracompany communications; correspondence; letters; memoranda; records; books; summaries or handwritten notes or other records of personal conversations or interviews; diaries; laboratory notebooks; appointment books; manuscripts, either in final or draft form, whether complete or incomplete and whether published or not; grant or project proposals; forecasts; statistical statements; any and all forms of data; meeting abstracts; slides; graphs; charts; diagrams; maps; blueprints; tables; indices; pictures; audio or visual recordings; tapes; magnetic discs; printed cards; programming instructions; assembly diagrams; schematic diagrams; manuals; films; assay results and reports; charges; accounts; invoices; analytical records; reports, records or summaries of meetings or conferences; reports, records or summaries of consultants; reports, records or summaries of negotiations; brochures, pamphlets; circulars; trade letters; press releases; contracts;

stenographic, handwritten or any other notes; projectable images, including transparent overheads or slides; any other document or writing or form of information convertible into a document, including information contained within or accessible by a computer or computer accessory and the underlying documents supporting computer entries.

9. The terms "entity" or "entities" include natural persons, proprietorships, partnerships, firms, private corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the United States or any state or local government), all departments and agencies thereof, and any governmental agencies of any country, political subdivisions, groups, associations, or organizations.

10. The term "identify," when used with respect to any natural person, means that the following information shall be provided; the person's full name; last known home address; last known business address and telephone number; last known title or occupation; and last known employer.

11. The term "identify," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, means that the following information shall be provided: the entity's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity.

12. The term "GE Patents" shall refer to United States Patent No. 5,048,054 ("the '054 Patent"), United States Patent No. 5,428,641 ("the '641 Patent"), United States Patent No. 5,446,758 ("the '758 Patent"), and United States Patent No. 6,198,776 ("the '776 Patent").

13. "Modem Product(s)" shall mean any modem, hardware modem, software modem, soft-

modem or modem chip set product, component thereof, or product containing same, made or sold by AltoCom.

14. A document, thing, or communication "relating to" or "related to" a given subject means all documents and things or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in my way pertinent to that subject.

15. The use of word "the" shall not be construed as limiting the scope of any discovery request.

16. The terms "thing" or "things" refer to any tangible object other than a document as defined herein, and includes objects of every kind and nature.

17. Use of the singular is also to be taken to include the plural, and vice-versa.

## INSTRUCTIONS

The following instructions apply:

A.  You are to produce entire documents including attachments, enclosures, cover letters, memoranda, and appendices.

B.  Documents to be produced include documents, wherever located, in your possession, custody or control.

C.  The documents requested herein must be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in the request, and must be produced with all staples and clips attached and with all associated file

folders, dividers and file labels.

      D.      Copies of documents that are not identical duplicates of the original document because of markings, handwritten notations, or other differences are to be considered separate documents. Entire translations or partial translations of non-English language documents also are to be considered separate documents. Moreover, if the documents are produced as they are kept in the usual course of business, identical documents maintained in separate files must be produced.

      E.      If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

      F.      If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and or/supply the unobjectionable information requested.

      G.      If any document that would have been responsive to these requests has been destroyed or is no longer in your possession, custody, or control, provide the following information: (1) the document's date of creation; (2) a brief description of the nature and subject matter of the document; (3) the names and titles of the author(s), sender(s), and the recipient(s); (4) the name and title of the person(s) most knowledgeable about its nature and subject matter; and (5) the name and title of the person(s) responsible for its destruction or other act by which the document left your possession, custody, or control.

## Subpoena Topics

**TOPIC NO. 1**

The past and present relationship between any of AltoCom, Broadcom Corp., Agere, Lucent, Atlas Acquisition Corp., LSI Logic Corp. and/or LSI Corp.

**TOPIC NO. 2**

Any and all agreements, licenses or other arrangements between or among AltoCom or Broadcom Corp. and Lucent, Agere, LSI Logic Corp. and/or LSI Corp.

**TOPIC NO. 3**

The intellectual property, know-how, technology, source code, components, plans, knowledge or other information, products or services, if any, provided by AltoCom or Broadcom Corp. to Agere or Lucent and the dates on which such provision occurred.

**TOPIC NO. 4**

Any and all agreements, licenses or other arrangements between AltoCom and Motorola, Inc. or Broadcom Corp. and Motorola, Inc., including without limitation the January 30, 2001 agreement between AltoCom, Inc. and Motorola, Inc.

**TOPIC NO. 5**

AltoCom's interpretation of Section 4.1 of the January 30, 2001 agreement between AltoCom, Inc. and Motorola, Inc., including without limitation as to AltoCom's interpretation of a "standalone software modem" as used in that section.

**TOPIC NO. 6**

The sale, license or other provision of any "standalone software modem" to Agere, Lucent, LSI Logic Corp. and/or LSI Corp. as that term is used in the January 30, 2001 agreement between AltoCom, Inc. and Motorola, Inc.

**TOPIC NO. 7**

The documents requested by the subpoena duces tecum to AltoCom.

**TOPIC NO. 8**

The documents produced by AltoCom to the subpoena duces tecum to AltoCom.

**TOPIC NO. 9**

AltoCom's investigation, search and production of documents responsive to the subpoena duces tecum to AltoCom.

## Document Requests

### REQUEST FOR PRODUCTION NO. 1

All agreements between AltoCom or Broadcom Corp. and Lucent

### REQUEST FOR PRODUCTION NO. 2

All agreements between AltoCom and Motorola, Inc., including without limitation the January 30, 2001 agreement between AltoCom and Motorola, Inc.

### REQUEST FOR PRODUCTION NO. 3

All documents constituting, referring to, or relating to any communications, including confidential communications, between AltoCom and Lucent or AltoCom and Motorola, Inc. concerning Modem Products, the GE Patents, or the January 30, 2001 agreement between AltoCom and Motorola, Inc.

### REQUEST FOR PRODUCTION NO. 4

All documents, including without limitation source code, concerning the design, manufacture, assembly, or testing of any Modem Product, component thereof, or product containing same licensed, sold or otherwise provided to Lucent, Agere, LSI Logic Corp. or LSI Corp.

### REQUEST FOR PRODUCTION NO. 5

All documents relating to the GE Patents and/or the possibility that any Modem Product might infringe the GE Patents.

### REQUEST FOR PRODUCTION NO. 6

All documents constituting, referring to, or relating to any Modem Product meeting or complying with any standard or recommendation promulgated by the ITU Telecommunication Standardization Sector (ITU-T) or any other standards or recommendations organization,

- 9 -

including without limitation the V.17, V.29, V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34 extended rate, V.34bis, V.34 plus, X2, K56 Flex, V.90 and V.92 standards.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on August 28, 2007, the within document was filed with the Clerk of the Court using CM/ECF; that the document was served on the following party as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on August 28, 2007 I have sent by E-mail the foregoing document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com