IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Agere Systems Inc. has served copies of the subpoenas attached hereto on

the named entities.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600
Attorneys for Defendant Agere Systems Inc.

OF COUNSEL:
David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
303-571-4000
Dated:  September 5, 2007

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on September 5, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on September 5, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.

2

# TAB 1

≫AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC d/b/a GE LICENSING, | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| AGERE SYSTEMS INC. | Case Number:[1] 07-170-JJF |

TO: LUCENT TECHNOLOGIES, INC.
c/o Registered Agent, The Corporation Trust Company
1209 Orange Street, Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Deposition topics are identified in Attachment A, which is incorporated herein by reference.

| PLACE OF DEPOSITION  Parcels Inc., 230 North Market Street, Wilmington, DE 19801  Telephone: (302) 658-9911 | DATE AND TIME  To Be Determined |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment B, which is incorporated herein by reference.

| PLACE  Parcels Inc., 230 North Market Street, Wilmington, DE 19801  Telephone: (302) 658-9911 | DATE AND TIME  September 13, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorneys for Defendant Agere Systems Inc. | DATE  August 30, 2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Ian L. Saffer, Esq., Townsend and Townsend and Crew, LLP, 1200 17th Street, Suite 2700, Denver, CO 80202  Telephone: (303) 571-4000 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                          DATE                                    SIGNATURE OF SERVER

                                                   _____
                                                   ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

## Deposition Topics

Per the attached Subpoena in Civil Case, Agere Systems Inc. hereby requests the deposition of Lucent Technologies, Inc., at a time to be mutually determined, covering the following topics.

### DEFINITIONS

As used herein, the terms listed below shall be defined as follows:

1.    "GE" refers to Plaintiff CIF Licensing, LLC, d/b/a GE Licensing and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by CIF, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2.    "AT&T" refers to AT&T Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by AT&T, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

3.    "Lucent" refers to Lucent Technologies, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Lucent, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

4.    "Altocom" refers to AltoCom, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Altocom, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

5.    "Motorola" refers to Motorola, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Motorola, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

6.    "Broadcom" refers to Broadcom Corporation and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Broadcom, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

7.    "Agere" refers to Defendant Agere Systems Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Agere, either directly or indirectly, including but not limited to AT&T, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

8.    "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and

2

successors of such person.

     9.     "Third Party" or "Third Parties" means anyone other than Agere or CIF .

     10.     "You," "Your," or "Yours" refers to Lucent and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Lucent, either directly or indirectly, including but not limited all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

     11.     "All Documents" mean each and every Document that is known to You and each and every such Document that can be located or discovered by reasonably diligent efforts.

     12.     "Communication" means any oral, electronic, or written transmission of information from one Person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, or other forms of information exchanged.

     13.     "Document" or "Document(s)" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible means by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic Communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice Communications, fax messages, E-mail messages, telegrams, telex

3

messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies,

summaries, analyses, statistical and financial statements, charts, graphs, reports, computer

printouts, laboratory notebooks, invention disclosure Documents, patent applications and drafts

thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements,

market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers,

journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures

or material similar to any of the foregoing, however denominated, by whomever prepared, and to

whomever addressed, which are in Your possession, custody or control or to which You have,

have had, or can obtain access. If the Document bears any marks, including but not limited to

initials, stamped indicia, comments or notations that are not part of the original text or

photographic reproduction thereof, these should be provided in a separate copy of the document.

14.    "Date" means the exact day, month and year, if ascertainable, and if the exact day,

month and year are not ascertainable, then the best approximation thereof.

15.    "Pertaining to," "pertain to," "relating to," and "relate to" mean constituting,

embodying, comprising of, consisting of, referring to, discussing, evidencing, supporting,

establishing, contradicting, reflecting, summarizing, involved with, included in, showing,

describing or resulting from the matter specified.

16.    "Related Patent(s)" or "Related Application(s)" means any patent or application

whether foreign or domestic, whether a continuation, continuation-in-part or divisional

application, or whether a reissue or reexamination application, or any extension of the first

application from which the application or patents or extension take priority.

17.    "The '054 Patent" refers to U.S. Patent No. 5,048,054.

18.    "The '641 Patent" refers to U.S. Patent No. 5,428,641.

4

19.    "The '758 Patent" refers to U.S. Patent No. 5,446,758.

20.    "The '776 Patent" refers to U.S. Patent No. 6,198,776.

21.    "Patents-in-Suit" refers to U.S. Patent Nos. 5,048,054; 5,428,641; 5,446,758; and 6,198,776.

22.    "This Litigation" means the case of *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems, Inc.*,  Civil Action No. 07-170 (D. Del.).

23.    "Modem Standards" refers to any recommendations, standards, or requirements adopted by any regulatory body, industry group, or trade group, including but not limited to the v.34, v.90 and v.92 recommendations adopted by the International Telecommunication Union ("ITU").

24.    Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content.  The terms "any" and "all" shall be considered to include "each and every."  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The use of one gender shall include the other as are appropriate in the context.

5

## DEPOSITION TOPICS

1. The investigation, search and production of documents, as well as the documents themselves, produced by Lucent in response to Attachment B of this subpoena.

2. The negotiation, drafting and execution of any agreement or proposed agreement relating to the Patents-in-Suit.

3. All agreements and correspondence relating to the Patents-in-Suit, including the terms of any agreement involving the licensing or assignment of rights to the Patents-in-Suit.

4. Any agreement between or among You, Agere, Motorola, Broadcom and/or Altocom relating to the Patents-in-Suit, modems, or Modem Standards.

5. The January 30, 2001 agreement between Altocom and Motorola.

6. Third party licenses or other authorizations that Lucent transferred to Agere related to any modem product (or for the design, manufacture or sale thereof) and the practice of any of the Patents-in-Suit, whether such license or authorization comes from or through GE, Motorola, Altocom, Broadcom or any other entity.

7. The formation of Agere and Any transfer of corporate assets from You to Agere.

8. The determination or calculation by You of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

9. The determination or calculation by any person or entity of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

10. Any meaning or interpretation of any claims of the Patents-in-Suit.

11. The validity or alleged invalidity of the Patents-in-Suit, including all knowledge of prior art, and any opinions prepared for or received by Lucent or anyone else concerning the validity, invalidity, infringement, non-infringement, enforceability, or unenforceability of the Patents-in-Suit.

12. Any Documents or correspondence concerning any agreements identified in response to topic No. 4.

13. Any communications or opinions of any expert or consultant retained by Lucent in connection with the Patents-in-Suit.

14. Lucent's document retention policies.

15. U.S. or foreign proceedings, whether before a court, administrative body, or arbitral tribunal, regarding thee Patents-in-Suit or any patent or patent application relating to the Patents-in-Suit.

16. Any cease and desist letter(s) or other notice letter(s) and all communications with any entity or person concerning the assertion, enforcement, litigation, or licensing of the Patent-in-Suit.

7

17.    The ITU adoption of the Modem Standards, in particular the v.34, v.90 and v.92
        recommendations, including but not limited to meeting minutes, correspondence,
        memoranda, presentations, news articles, news letters, summaries, or reports.

18.    The disclosure to ITU of any ITU member's intellectual property relating any aspect
        of the Modem Standards.

19.    The licensing of any ITU member's intellectual property to any other member of ITU,
        covering any aspect of the Modem Standards.

# ATTACHMENT B

## Request For Production Of Documents
## (Subpoena *Duces Tecum*)

Agere Systems Inc. ("Agere") hereby requests that Lucent Technologies, Inc. respond in writing to these requests for production and produce the documents and things identified below for inspection and copying by Agere's attorneys at the offices of Young, Conaway, Stargatt & Taylor LLP, 1000 West Street, 17th Floor, Wilmington, DE, 19899-0391 by no later than September 13, 2007 or at such other time as may be agreed upon by counsel.

Each request for production is addressed to Lucent Technologies, Inc., as defined in the following section, and calls for production of documents and things in the possession, custody or control of Lucent Technologies, Inc.'s attorneys, accountants, agents, and other representatives.

The definitions and instructions set forth below shall apply to each of the requests.

### DEFINITIONS

As used herein, the terms listed below shall be defined as follows:

1.   "GE" refers to Plaintiff CIF Licensing, LLC, d/b/a GE Licensing and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by CIF, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2.   AT&T" refers to AT&T Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities

that are or were wholly or partially owned or controlled by AT&T, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

3.     "Lucent" refers to Lucent Technologies, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Lucent, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

4.     "Altocom" refers to Altocom, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Altocom, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

5.     "Motorola" refers to Motorola, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Motorola, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

6.     "Broadcom" refers to Broadcom Corporation and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Broadcom, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2

7.    "Agere" refers to Defendant Agere Systems Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Agere, either directly or indirectly, including but not limited to AT&T, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

8.    "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

9.    "Third Party" or "Third Parties" means anyone other than Agere or CIF .

10.    "You," "Your," or "Yours" refers to Motorola, Inc. ("Motorola") and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Motorola, either directly or indirectly, including but not limited all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

11.    "All Documents" mean each and every Document that is known to You and each and every such Document that can be located or discovered by reasonably diligent efforts.

12.    "Communication" means any oral, electronic, or written transmission of information from one Person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, or other forms of information exchanged.

13.    "Document" or "Document(s)" is used in its customary broad sense within the

3

context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible means by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic Communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice Communications, fax messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure Documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in Your possession, custody or control or to which You have, have had, or can obtain access. If the Document bears any marks, including but not limited to initials, stamped indicia, comments or notations that are not part of the original text or photographic reproduction thereof, these should be provided in a separate copy of the document.

14.     "Date" means the exact day, month and year, if ascertainable, and if the exact day, month and year are not ascertainable, then the best approximation thereof.

15.     "Concerning," "pertaining to," "pertain to," "relating to," and "relate to" mean constituting, embodying, comprising of, consisting of, referring to, discussing, evidencing,

supporting, establishing, contradicting, reflecting, summarizing, involved with, included in, showing, describing or resulting from the matter specified.

16.    "Related Patent(s)" or "Related Application(s)" means any patent or application whether foreign or domestic, whether a continuation, continuation-in-part or divisional application, or whether a reissue or reexamination application, or any extension of the first application from which the application or patents or extension take priority.

17.    "The '054 Patent" refers to U.S. Patent No. 5,048,054.

18.    "The '641 Patent" refers to U.S. Patent No. 5,428,641.

19.    "The '758 Patent" refers to U.S. Patent No. 5,446,758.

20.    "The '776 Patent" refers to U.S. Patent No. 6,198,776.

21.    "Patents-in-Suit" refers to U.S. Patent Nos. 5,048,054; 5,428,641; 5,446,758; and 6,198,776.

22.    "This Litigation" means the case of *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems, Inc.,* Civil Action No. 07-170 (D. Del.).

23.    "Modem Standards" refers to any recommendations, standards, or requirements adopted by any regulatory body, industry group, or trade group, including but not limited to the v.34, v.90 and v.92 recommendations adopted by the International Telecommunication Union ("ITU").

24.    Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The use of one gender shall include the other as are appropriate in the context.

## INSTRUCTIONS

Please respond in accordance with the following instructions:

1.    If any Document covered by this request is withheld on the basis that it is privileged, subject to work product immunity, or otherwise excludable from discovery, You are requested to list each such Document, grouped by request number, and to state the following information:

(a)    the type of Document (*e.g.*, letter, memorandum, contract);

(b)    its title;

(c)    its date;

(d)    its number of pages;

(e)    its subject matter;

(f)    the name(s), address(es), and present occupation of the Persons(s) now in possession of it;

(g)    the name, present address, and occupation at the time of preparation of the Person(s) who prepared it;

(h)    the name, present address, and occupation at the time of dissemination of the addressee(s) who had access thereto;

(i)    the basis upon which the Document is withheld; and such other particulars as would enable Agere to assess the applicability of the asserted privilege or protection.

2.    If any request is objected to as overly broad or unduly burdensome, You are instructed to produce those Documents which are unobjectionable and specifically identify and state the basis for the objection.

6

3.      If a Document or thing is no longer in Your possession, custody or control, or it

has been destroyed or disposed of, state whether it is:  (a) missing or lost; (b) has been destroyed;

(c) has been transferred, voluntarily or involuntarily, to others; or (d) has been disposed of in

some other manner, describing the method of disposal.  In each instance of such Documents,

please provide the following information:

(a)      explain the circumstances surrounding and authorization for the non-availability,

destruction, or disposition thereof;

(b)      state the Date or approximate Date thereof;

(c)      state the name and title of the author(s), sender(s), and recipient(s) thereof;

(d)      state the name(s) and address(es) of all Persons having knowledge of the non-

availability, destruction, or disposition thereof;

(e)      state the name(s) and address(es) of all Persons responsible for the non-

availability, destruction or disposition thereof; and

(f)      if applicable, state the name(s) and address(es) of all Persons that now possess,

have custody thereof, or control the Document or thing.

4.      Under no circumstances are You to refuse to provide any Document  merely

because You consider it duplicative.

5.      Unless the parties otherwise agreed in writing, all electronic data responsive to

these requests are to be translated as necessary into usable form, including but not limited to

TIFF format.  For any electronic document, worksheet, spreadsheet or file used to perform

mathematical calculations or graphic displays, You are instructed to produce a copy in electronic

form on a computer disk, as well as a hard-copy version.  In addition, provide a detailed

7

description of the software used and how the data was stored such that the formula, derivations or assumptions can be seen or ascertained.

6.      All Documents should be produced as they are kept in the ordinary course of business or organized and designated to correspond to the categories in the requests.

7.      All associated file labels, file headings, file folders, binder spines, binder tabs and binders containing any responsive documents shall be produced together with the responsive documents from each file.

8.      All questions regarding the meaning of interpretation of these requests should be directed to Agere's counsel, David E. Sipiora or Ian L. Saffer, 1200 Seventeenth Street, Suite 2700, Denver, CO, 80202, (303) 571-4000.


## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1:**

All Documents referring or relating to any license or other authorization that Lucent or Agere has or had for any modem product to practice any of the Patents-in-Suit or other patents related to modems or Modem Standards, whether such license or authorization comes from or through GE, Motorola, Altocom, Broadcom or any other entity.

8

**REQUEST NO. 2:**

All Documents constituting, referring to, or relating to any communications, including confidential communications, between Lucent and Agere, Lucent and Altocom, or Lucent and Broadcom that bear in any way on any license held by Lucent or Agere to the Patents-in-Suit.

**REQUEST NO. 3:**

Any document concerning the formation and transfer of assets to Agere.

**REQUEST NO. 4:**

All documents relating to the Patents-in-Suit, including the licensing or assignment of rights to the Patents-in-Suit or litigation regarding the Patents-in-Suit.

**REQUEST NO. 5:**

Any agreement between or among You, Motorola, Agere, Altocom and/or Broadcom relating to the Patents-in-Suit, modems or modem standards.

**REQUEST NO. 6:**

The determination or calculation by You of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

9

**REQUEST NO. 7:**

The determination or calculation by any person or entity of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

**REQUEST NO. 8:**

All Documents concerning any knowledge of Motorola of products made, used, sold or offered for sale by AT&T, Lucent, and/or Agere compliant with v.34, v.90 and v.92 recommendations adopted by the ITU.

**REQUEST NO. 9:**

All Documents concerning any promotion, marketing or distribution of any product or system made according to any of the claims of the Patents-in-Suit or the Modem Standards, including all internal correspondence, advertising, press releases, product announcements, solicitations, articles, speech or lecture texts, sales presentations, product brochures and catalogs, whether or not adopted or used.

**REQUEST NO. 10:**

All Documents constituting or concerning opinions prepared for or received by Lucent or anyone else concerning the validity, invalidity, infringement, non-infringement, enforceability, or unenforceability of the Patents-in-Suit including all Prior Art known to Lucent.

10

**REQUEST NO. 11:**

All Documents concerning Lucent's document retention policy.

**REQUEST NO. 12:**

All Documents concerning the Patents-in-Suit including all documents and things concerning any assertion or allegation or contention by any person that the Patents-in-Suit are:

   a)  infringed or not infringed;

   b)  valid or invalid;

   c)  unenforceable for any reason;

   d)  limited by the doctrines of laches or equitable estoppel;

   e)  misused.

**REQUEST NO. 13:**

All Documents concerning any royalties paid by Lucent under licenses of the Patents-in-Suit, including documents bearing on the amount of any established royalty.

**REQUEST NO. 14:**

All Documents concerning any marking of products manufactured by Lucent covered by the Patents-in-Suit.

**REQUEST NO. 15:**

All Documents concerning the relationship between Modem Standards, in particular the v.34, v.90 and v.92 recommendations adopted by the ITU, and any of the Patents-in-Suit.

11

**REQUEST NO. 16:**

All Documents concerning the ITU adoption of Modem Standards, in particular the v.34, v.90 and v.92 recommendations, including but not limited to meeting minutes, correspondence, memoranda, presentations, news articles, news letters, summaries, or reports.

**REQUEST NO. 17:**

All Documents concerning disclosure to the ITU of any ITU member's intellectual property relating any aspect of the Modem Standards.

**REQUEST NO. 18:**

All Documents concerning licensing of any ITU member's intellectual property to any other member of ITU, covering any aspect of the Modem Standards.

61138653 v1

12

# TAB 2

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Cental District    DISTRICT OF    California

CIF LICENSING, LLC, d/b/a
GE LICENSING,

V.

AGERE SYSTEMS INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] D. Del., 07-170-JJF

TO: BROADCOM (f.k.a. ALTOCOM, INC.)
    c/o Registered Agent, National Registered Agents, Inc.
    2030 Main Street, Ste 1030, Irvine, CA  92614

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.  **Deposition topics are identified in Attachment A, which is incorporated**
                **herein by reference.**

| PLACE OF DEPOSITION  California Deposition Reporters, MCI Tower, Premier Business Centers, 700 S. Flower Street, Suite 1100, Los Angeles, A  90017  1-800-242-1996 | DATE AND TIME To Be Determined |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Attachment B, which is incorporated herein by reference.

| PLACE   California Deposition Reporters, MCI Tower, Premier Business Centers, 700 S. Flower Street, Suite 1100, Los Angeles, A  90017  1-800-242-1996 | DATE AND TIME September 13, 2007 |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES   . | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorneys for Defendant Agere Systems Inc. | DATE August 30, 2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Ian L. Saffer and Townsend and Crew LLP 1200 17th Street, Suite 2700, Denver, CO  80202 Telephone:  (303) 571-4000 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED:

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                SIGNATURE OF SERVER

                                                     _____
                                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

## Deposition Topics

Per the attached Subpoena in Civil Case, Agere Systems Inc. hereby requests the deposition of AltoCom, Inc., at a time to be mutually determined, covering the following topics.

### DEFINITIONS

As used herein, the terms listed below shall be defined as follows:

1.      "GE" refers to Plaintiff CIF Licensing, LLC, d/b/a GE Licensing and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by CIF, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2.      "AT&T" refers to  AT&T Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by AT&T, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

3.      "Lucent" refers to Lucent Technologies, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Lucent, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

4.    "Altocom" refers to AltoCom, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Altocom, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

5.    "Motorola" refers to Motorola, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Motorola, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

6.    "Broadcom" refers to Broadcom Corporation and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Broadcom, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

7.    "Agere" refers to Defendant Agere Systems Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Agere, either directly or indirectly, including but not limited to AT&T, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

8.    "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners,

2

officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

9.    "Third Party" or "Third Parties" means anyone other than Agere or CIF .

10.    "You," "Your," or "Yours" refers to Altocom and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Altocom, either directly or indirectly, including but not limited all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

11. ·    "All Documents" mean each and every Document that is known to You and each and every such Document that can be located or discovered by reasonably diligent efforts.

12.    "Communication" means any oral, electronic, or written transmission of information from one Person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, or other forms of information exchanged.

13.    "Document" or "Document(s)" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible means by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic Communications,

3

letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice Communications, fax messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure Documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in Your possession, custody or control or to which You have, have had, or can obtain access. If the Document bears any marks, including but not limited to initials, stamped indicia, comments or notations that are not part of the original text or photographic reproduction thereof, these should be provided in a separate copy of the document.

14.    "Date" means the exact day, month and year, if ascertainable, and if the exact day, month and year are not ascertainable, then the best approximation thereof.

15.    "Pertaining to," "pertain to," "relating to," and "relate to" mean constituting, embodying, comprising of, consisting of, referring to, discussing, evidencing, supporting, establishing, contradicting, reflecting, summarizing, involved with, included in, showing, describing or resulting from the matter specified.

16.    "Related Patent(s)" or "Related Application(s)" means any patent or application whether foreign or domestic, whether a continuation, continuation-in-part or divisional application, or whether a reissue or reexamination application, or any extension of the first

4

application from which the application or patents or extension take priority.

17.    "The '054 Patent" refers to U.S. Patent No. 5,048,054.

18.    "The '641 Patent" refers to U.S. Patent No. 5,428,641.

19.    "The '758 Patent" refers to U.S. Patent No. 5,446,758.

20.    "The '776 Patent" refers to U.S. Patent No. 6,198,776.

21.    "Patents-in-Suit" refers to U.S. Patent Nos. 5,048,054; 5,428,641; 5,446,758; and 6,198,776.

22.    "This Litigation" means the case of *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems, Inc.,* Civil Action No. 07-170 (D. Del.).

23.    "Modem Standards" refers to any recommendations, standards, or requirements adopted by any regulatory body, industry group, or trade group, including but not limited to the v.34, v.90 and v.92 recommendations adopted by the International Telecommunication Union ("ITU").

24.    Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The use of one gender shall include the other as are appropriate in the context.

## DEPOSITION TOPICS

1.  The investigation, search and production of documents, as well as the documents themselves, produced by Altocom in response to Attachment B of this subpoena.

2.  The relationship between Altocom and Broadcom and the acquisition of Altocom by Broadcom.

3.  The negotiation, drafting and execution of any agreement or proposed agreement relating to the Patents-in-Suit.

4.  All agreements and correspondence relating to the Patents-in-Suit, including the terms of any agreement involving the licensing or assignment of rights to the Patents-in-Suit.

5.  Any agreement between or among You, Agere, Motorola, Broadcom and/or Lucent relating to the Patents-in-Suit, modems, or Modem Standards.

6.  The January 30, 2001 agreement between Altocom and Motorola, the July 1, 2001 agreement between Agere, Broadcom, and Altocom, the September 30, 2004 agreement between Agere and Broadcom, the May 2, 1999 agreement between Lucent and Altocom.

7.  Third party licenses or other authorizations between Lucent and Altocom related to any modem product (or for the design, manufacture or sale thereof) and the practice of any of the Patents-in-Suit, whether such license or authorization comes from or through GE, Motorola, Lucent, Broadcom or any other entity.

6

8.    The determination or calculation by You of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

9.    The determination or calculation by any person or entity of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

10.    Any meaning or interpretation of any claims of the Patents-in-Suit.

11.    The validity or alleged invalidity of the Patents-in-Suit, including all knowledge of prior art, and any opinions prepared for or received by Altocom or anyone else concerning the validity, invalidity, infringement, non-infringement, enforceability, or unenforceability of the Patents-in-Suit.

12.    Any Documents or correspondence concerning any agreements identified in response to topic No. 5.

13.    Any communications or opinions of any expert or consultant retained by Altocom in connection with the Patents-in-Suit.

14.    Altocom's or Broadcom's document retention policies.

7

15.   U.S. or foreign proceedings, whether before a court, administrative body, or arbitral tribunal, regarding thee Patents-in-Suit or any patent or patent application relating to the Patents-in-Suit.

16.   Any cease and desist letter(s) or other notice letter(s) and all communications with any entity or person concerning the assertion, enforcement, litigation or licensing of the Patent-in-Suit.

17.   The ITU adoption of the Modem Standards, in particular the v.34, v.90 and v.92 recommendations, including but not limited to meeting minutes, correspondence, memoranda, presentations, news articles, news letters, summaries, or reports.

18.   The disclosure to ITU of any ITU member's intellectual property relating any aspect of the Modem Standards.

19.   The licensing of any ITU member's intellectual property to any other member of ITU, covering any aspect of the Modem Standards.

8

## ATTACHMENT B

## Request For Production Of Documents
### (Subpoena *Duces Tecum*)

Agere Systems Inc. ("Agere") hereby requests that AltoCom, Inc. respond in writing to these requests for production and produce the documents and things identified below for inspection and copying by Agere's attorneys at the offices of California Deposition Reporters, MCI Tower, Premier Business Centers, 700 S. Flower St., Suite 1100, Los Angeles, CA 90017 by no later than September 13, 2007 or at such other time as may be agreed upon by counsel.

Each request for production is addressed to Altocom, as defined in the following section, and calls for production of documents and things in the possession, custody or control of Altocom, Inc.'s attorneys, accountants, agents, and other representatives.

The definitions and instructions set forth below shall apply to each of the requests.

## DEFINITIONS

As used herein, the terms listed below shall be defined as follows:

1.    "GE" refers to Plaintiff CIF Licensing, LLC, d/b/a GE Licensing and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by CIF, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2.    AT&T" refers to  AT&T Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities

that are or were wholly or partially owned or controlled by AT&T, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

     3.     "Lucent" refers to Lucent Technologies, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Lucent, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

     4.     "Altocom" refers to Altocom, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Altocom, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

     5.     "Motorola" refers to Motorola, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Motorola, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

     6.     "Broadcom" refers to Broadcom Corporation and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Broadcom, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and

2

others acting for or on behalf of these same entities.

7.    "Agere" refers to Defendant Agere Systems Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Agere, either directly or indirectly, including but not limited to AT&T, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

8.    "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

9.    "Third Party" or "Third Parties" means anyone other than Agere or CIF .

10.    "You," "Your," or "Yours" refers to Altocom and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Altocom, either directly or indirectly, including but not limited all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

11.    "All Documents" mean each and every Document that is known to You and each and every such Document that can be located or discovered by reasonably diligent efforts.

12.    "Communication" means any oral, electronic, or written transmission of information from one Person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, or other forms

3

of information exchanged.

13.    "Document" or "Document(s)" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible means by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic Communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice Communications, fax messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure Documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in Your possession, custody or control or to which You have, have had, or can obtain access. If the Document bears any marks, including but not limited to initials, stamped indicia, comments or notations that are not part of the original text or photographic reproduction thereof, these should be provided in a separate copy of the document.

14.    "Date" means the exact day, month and year, if ascertainable, and if the exact day,

4

month and year are not ascertainable, then the best approximation thereof.

15.    "Concerning," "pertaining to," "pertain to," "relating to," and "relate to" mean constituting, embodying, comprising of, consisting of, referring to, discussing, evidencing, supporting, establishing, contradicting, reflecting, summarizing, involved with, included in, showing, describing or resulting from the matter specified.

16.    "Related Patent(s)" or "Related Application(s)" means any patent or application whether foreign or domestic, whether a continuation, continuation-in-part or divisional application, or whether a reissue or reexamination application, or any extension of the first application from which the application or patents or extension take priority.

17.    "The '054 Patent" refers to U.S. Patent No. 5,048,054.

18.    "The '641 Patent" refers to U.S. Patent No. 5,428,641.

19.    "The '758 Patent" refers to U.S. Patent No. 5,446,758.

20.    "The '776 Patent" refers to U.S. Patent No. 6,198,776.

21.    "Patents-in-Suit" refers to U.S. Patent Nos. 5,048,054; 5,428,641; 5,446,758; and 6,198,776.

22.    "This Litigation" means the case of *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems, Inc.,* Civil Action No. 07-170 (D. Del.).

23.    "Modem Standards" refers to any recommendations, standards, or requirements adopted by any regulatory body, industry group, or trade group, including but not limited to the v.34, v.90 and v.92 recommendations adopted by the International Telecommunication Union ("ITU").

24.    Miscellaneous:  "and" and "or" shall each be considered as either conjunctive or

5

disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The use of one gender shall include the other as are appropriate in the context.

## INSTRUCTIONS

Please respond in accordance with the following instructions:

1.    If any Document covered by this request is withheld on the basis that it is privileged, subject to work product immunity, or otherwise excludable from discovery, You are requested to list each such Document, grouped by request number, and to state the following information:·

(a)    the type of Document (*e.g.*, letter, memorandum, contract);

(b)    its title;

(c)    its date;

(d)    its number of pages;

(e)    its subject matter;

(f)    the name(s), address(es), and present occupation of the Persons(s) now in possession of it;

(g)    the name, present address, and occupation at the time of preparation of the Person(s) who prepared it;

(h)    the name, present address, and occupation at the time of dissemination of the addressee(s) who had access thereto;

(i)     the basis upon which the Document is withheld; and such other particulars as would enable Agere to assess the applicability of the asserted privilege or protection.

2.      If any request is objected to as overly broad or unduly burdensome, You are instructed to produce those Documents which are unobjectionable and specifically identify and state the basis for the objection.

3.      If a Document or thing is no longer in Your possession, custody or control, or it has been destroyed or disposed of, state whether it is: (a) missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been disposed of in some other manner, describing the method of disposal. In each instance of such Documents, please provide the following information:

(a)     explain the circumstances surrounding and authorization for the non-availability, destruction, or disposition thereof;

(b)     state the Date or approximate Date thereof;

(c)     state the name and title of the author(s), sender(s), and recipient(s) thereof;

(d)     state the name(s) and address(es) of all Persons having knowledge of the non-availability, destruction, or disposition thereof;

(e)     state the name(s) and address(es) of all Persons responsible for the non-availability, destruction or disposition thereof; and

(f)     if applicable, state the name(s) and address(es) of all Persons that now possess, have custody thereof, or control the Document or thing.

7

4.     Under no circumstances are You to refuse to provide any Document merely because You consider it duplicative.

5.     Unless the parties otherwise agreed in writing, all electronic data responsive to these requests are to be translated as necessary into usable form, including but not limited to TIFF format. For any electronic document, worksheet, spreadsheet or file used to perform mathematical calculations or graphic displays, You are instructed to produce a copy in electronic form on a computer disk, as well as a hard-copy version. In addition, provide a detailed description of the software used and how the data was stored such that the formula, derivations or assumptions can be seen or ascertained.

6.     All Documents should be produced as they are kept in the ordinary course of business or organized and designated to correspond to the categories in the requests.

7.     All associated file labels, file headings, file folders, binder spines, binder tabs and binders containing any responsive documents shall be produced together with the responsive documents from each file.

8.     All questions regarding the meaning of interpretation of these requests should be directed to Agere's counsel, David E. Sipiora or Ian L. Saffer, 1200 Seventeenth Street, Suite 2700, Denver, CO, 80202, (303) 571-4000.


## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1:**

Documents sufficient to show the acquisition of Altocom by Broadcom, and any

8

document sufficient to show the current or past relationship between Altocom and Broadcom.

**REQUEST NO. 2:**

All Documents referring or relating to any license or other authorization that Altocom or Agere has or had for any modem product to practice any of the Patents-in-Suit or other patents related to modems or Modem Standards, whether such license or authorization comes from or through GE, Motorola, Lucent, Broadcom or any other entity.

**REQUEST NO. 3:**

All Documents constituting, referring to, or relating to any communications, including confidential communications, between Altocom and Agere, Lucent and Altocom, and Altocom and Broadcom that bear in any way on any license to the Patents-in-Suit held by Altocom, Lucent or Agere.

**REQUEST NO. 4:**

All documents relating to the Patents-in-Suit, including the licensing or assignment of rights to the Patents-in-Suit or litigation regarding the Patents-in-Suit.

**REQUEST NO. 5:**

Any agreement between or among You, Motorola, Agere, Lucent and/or Broadcom relating to the Patents-in-Suit, modems or modem standards.

**REQUEST NO. 6:**

9

The determination or calculation by You of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

**REQUEST NO. 7:**

The determination or calculation by any person or entity of royalty rates or royalties due under any license or otherwise to any patent relating to modems or Modem Standards, including the v.34, v.90 and v.92 recommendations adopted by the International Telecommunications Union.

**REQUEST NO. 8:**

All Documents concerning any knowledge of Motorola of products made, used, sold or offered for sale by AT&T, Altocom, and/or Agere compliant with v.34, v.90 and v.92 recommendations adopted by the ITU.

**REQUEST NO. 9:**

All Documents constituting or concerning opinions prepared for or received by Altocom or anyone else concerning the validity, invalidity, infringement, non-infringement, enforceability, or unenforceability of the Patents-in-Suit including all Prior Art known to Altocom.

**REQUEST NO. 10:**

All Documents concerning Altocom's or Broadcom's document retention policy.

10

**REQUEST NO. 11:**

All Documents concerning the Patents-in-Suit including all documents and things concerning any assertion or allegation or contention by any person that the Patents-in-Suit are:

a)  infringed or not infringed;

b)  valid or invalid;

c)  unenforceable for any reason;

d)  limited by the doctrines of laches or equitable estoppel;

e)  misused.

**REQUEST NO. 12:**

All Documents concerning any royalties paid by Altocom under licenses of the Patents-in-Suit, including documents bearing on the amount of any established royalty.

**REQUEST NO. 13:**

All Documents concerning any marking of products manufactured by Altocom covered by the Patents-in-Suit.

**REQUEST NO. 14:**

All Documents concerning the relationship between Modem Standards, in particular the v.34, v.90 and v.92 recommendations adopted by the ITU, and any of the Patents-in-Suit.

11

**REQUEST NO. 15:**

All Documents concerning the ITU adoption of Modem Standards, in particular the v.34, v.90 and v.92 recommendations, including but not limited to meeting minutes, correspondence, memoranda, presentations, news articles, news letters, summaries, or reports.

**REQUEST NO. 16:**

All Documents concerning disclosure to the ITU of any ITU member's intellectual property relating any aspect of the Modem Standards.

**REQUEST NO. 17:**

All Documents concerning licensing of any ITU member's intellectual property to any other member of ITU, covering any aspect of the Modem Standards.

61140231 v1

12