IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>      Plaintiff,<br><br>v.<br><br>AGERE SYSTEMS INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 07-170-JJF<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

### [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

    IT IS ORDERED that:

    1. **Pre-Discovery Disclosures.** The parties will exchange by September 5, 2007 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

    2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before January 7, 2008.

    3. **Discovery.**

        (a)    Exchange and completion of contention interrogatories (other than based upon third party documents), identification of fact witnesses and document production (other than in response to third party subpoenas) shall be commenced so as to be completed by January 31, 2008.

    **[GE's proposal: With the exception of fact discovery related to Agere's license defense (which shall be commenced so as to be completed by October 1, 2007), all fact discovery, including depositions, shall be completed by June 1, 2008.]**

[Explanation of GE's proposal: GE's proposal is based on deadlines provided by this Court at the August 1, 2007 scheduling conference. At Agere's request, this Court gave Agere leave to expedite discovery and dispositive motion practice on its license defense, stating that discovery and briefing were to be completed in 90 days (*i.e.*, by November 1, 2007). 8/1/07 Transcript at 7:22-24. Under Agere's proposal, discovery alone would not be completed until October 30, with summary judgment briefing to be completed, at the earliest, on December 7, 2007 (assuming GE prepares its answering brief during the Thanksgiving holiday). Under the schedule outlined by the Court during the August 1st conference all briefing would be competed prior to Thanksgiving.]

[Agere's proposal: With the exception of fact discovery related to Agere's license defense (which shall be commenced so as to be completed by October 30, 2007), all fact discovery, including depositions, shall be completed by June 1, 2008.]

[Explanation of Agere's proposal: Agere believes that the court intended to give the parties a full 90 days to conduct discovery on the license defense, with motion practice beginning thereafter. 8/1/07 Transcript at 7:6-7. October 30 falls 90 days after August 1, the date of the scheduling conference. By contrast, requiring all discovery on the license defense to be complete by October 1 gives the parties only 61 days for discovery, which will not be sufficient, in light of the complexity of the issues, including the number of third party witnesses who possess relevant documents and may provide relevant testimony. For example, although Motorola, who formerly owned the patents in suit, was served with a subpoena on August 9, 2007 with a return date of August 24, 2007, Motorola has not yet

**produced any responsive documents. Agere has informed Motorola that it will move to compel if documents are not produced by September 14, 2007. But even assuming Motorola produces documents by that date (which Motorola has not yet committed to do), this gives Agere only 15 days to review the documents and conduct a deposition of Motorola before GE's proposed close of discovery. Similarly, although Agere served GE with discovery requests, including requests that encompass documents relating to Agere's license defense, on July 27, 2007, Agere still has not received any documents from GE responsive to these requests, with less than three weeks remaining before GE's proposed close of discovery.]**

    (b) Maximum of 75 interrogatories, including contention interrogatories, for each side.

    (c) Maximum of 75 requests for admission by each side.

    (d) Maximum of 20 depositions by plaintiff and 20 by defendant, excluding expert depositions. With the exception of depositions related to Agere's license defense, depositions shall not commence until the discovery required by Paragraph 3 (a, b and c) is completed. The deposition of third-party Motorola, Inc. shall be permitted up to 21 hours and shall count as a single deposition.

    (e) Opening expert reports under Fed. R. Civ. P. 26(a)(2) that relate to issues on which a party has the burden of proof are due by August 4, 2008. Rebuttal expert reports under Fed. R. Civ. P. 26(a)(2) that relate to issues on which a party does not have the burden of proof are due by September 5, 2008.

3

(f)     Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

4. **Non-Case Dispositive Motions.**

(a)     Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

(b)     At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

(c)     Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

5. **Amendment of the Pleadings.**  All motions to amend the pleadings shall be filed on or before February 8, 2008.

6. **Case Dispositive Motions.**  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before October 15, 2008. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

[GE's proposal: Notwithstanding the foregoing, a case dispositive motion based on a license defense may be served and filed on or before October 8, 2007.]

[Explanation of GE's proposal: This date would allow both parties to brief the license defense in accordance with this Court's direction to complete briefing of the license defense within 90 days from August 1.]

[Agere's Proposal: Notwithstanding the foregoing, a case dispositive motion based on a license defense may be served and filed on or before November 16, 2007.]

[Explanation of Agere's proposal: As noted above, Agere proposes that discovery on the license defense should be completed by October 30, 2007. Agere further proposes that opening briefs on the license defense should be due approximately two weeks after the completion of discovery on that issue.]

7. **Markman**. A Markman hearing shall be held on June 11, 2008. The parties shall identify and exchange claim terms to be construed by the Court on or before March 14, 2008, and exchange proposed claim constructions on before March 28, 2008. The parties shall serve and file opening claim construction briefs on or before April 25, 2008. The parties shall serve and file responsive claim construction briefs on or before May 16, 2008. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective July 1, 2007). Any non-dispositive motion shall contain the

statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions is Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

    (b) No facsimile transmissions will be accepted.

    (c) No telephone calls shall be made to Chambers.

    (d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

    9. **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

This matter is scheduled for a ten-day jury trial beginning at 9:00 a.m. on February 2, 2009 .

_____
DATE                                                             UNITED STATES DISTRICT JUDGE

818157