IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-170 (JJF) |
| v. | ) ) | |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) | |

### NOTICE OF LODGING

To:  Richard L. Horowitz
     Philip A. Rovner
     David E. Moore
     Potter Anderson & Corroon LLP
     Hercules Plaza, 6th Floor
     1313 North Market Street
     Wilmington, DE  19801

     Joel M. Freed
     McDermott Will & Emery LLP
     600 13th Street, N.W.
     Washington, DC  20005-3096

PLEASE TAKE NOTICE that Agere Systems Inc. hereby lodges the attached record of

arguments made by defendant at the September 21, 2007 telephonic conference with the Court,

pursuant to the Court's invitation to do so.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600

*Attorneys for Defendant Agere Systems Inc.*

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
303-571-4000

Dated:   October 5, 2007

2

## RECORD OF TELEPHONIC HEARING HELD SEPTEMBER 21, 2007

On September 21, 2007 at approximately 2:00 Eastern Standard Time, the Court held a telephonic hearing on issues presented by Defendant Agere Systems Inc. ("Agere"). Those present on the telephonic conference were:

1)  For the Court, Honorable Joseph J. Farnan, Jr.,

2)  For Plaintiff, CIF Licensing, LLC d/b/a/ GE Licensing ("CIF"), Philip A. Rovner, Joel M. Freed, Michael W. Connelly,

3)  For Defendant, Agere, David E. Sipiora, Ian L. Saffer, Ryan D. Phillips, John Shaw, and Chad Stover, and

4)  For third-party, Motorola, Inc. ("Motorola"), Michael Stolarski.

The court reporter was not available to transcribe the conference. Accordingly, Agere sets forth the following record of the telephonic hearing.

### Record of Points Made by Agere at Hearing

The Court asked to hear from Agere as to the relief requested. Mr. Saffer, representing Agere, made the following arguments:

1)  Agere served Motorola with a subpoena regarding Agere's license defense on August 9, 2007, with the deadline for production of documents of August 24, 2007.

2)  Motorola has produced no documents to date, nor has it stated when it will produce documents. Motorola has not scheduled a time for deposition although it indicated one might be possible in late October or November 2007.

3)  Agere served Lucent Technologies, Inc. ("Lucent") with a subpoena on September 5, 2007, with the deadline for production of documents of September 13, 2007.

4) Although Agere has had contact with Lucent, Lucent has produced no documents to date, nor has it stated when it will produce documents or schedule a deposition of a knowledgeable witness. Lucent was not present for this conference with the Court.

5) Agere has retained local counsel in California to enforce a subpoena against AltoCom, Inc. ("AltoCom"). AltoCom has been completely non-responsive to date.

6) Agere intends to comply with the Court's Rule 16 Order and the schedule set forth therein for the filing of a summary judgment motion on its license defense by October 8, 2007. In order to do so, Agere requests that the Court compel Motorola and Lucent to comply with the subpoenas served on each and produce documents and depositions immediately so Agere may review this discovery and, if appropriate, incorporate relevant facts into its motion papers.

7) To the extent Motorola has refused to produce documents to date based on confidentiality concerns, Local Rule 26.2 provides for production of those documents on an attorneys' eyes only basis until a stipulated protective order is entered.

After hearing arguments by Motorola's counsel, the Court ruled that it will not order Motorola to respond to Agere's discovery in the time frame requested by Agere. The Court noted that discovery may continue on the licensing defense during the remaining period for fact discovery. Further, the Court stated that if Agere does not move for summary judgment by the October 8 deadline, Agere may obtain that discovery and file its motion for summary judgment on its license defense in the ordinary course of the case.

2

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on October 5, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on October 5, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94304
mwheeler@mwe.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Attorneys for Agere Systems Inc.

2