IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170 (JJF) |
| v. | ) | |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS
<u>MOTION TO COMPEL DISCOVERY</u>**

YOUNG CONAWAY STARGATT & TAYLOR LLP
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600

- and -

TOWNSEND AND TOWNSEND AND CREW, LLP
David E. Sipiora
Ian L. Saffer
Chad E. King
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
303-571-4000

*Attorneys for Defendant, Agere Systems Inc.*

October 12, 2007

## TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ......................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................ 2

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT............................................................................................................................ 4

I.      Legal Standard .............................................................................................................. 4

II.     The Court Should Order CIF Immediately to Provide Responsive and Complete
        Answers to Agere's Interrogatories Nos. 1-4. ............................................................. 5

III.    The Court Should Order CIF Immediately to Provide Documents Requested in
        Document Requests Nos. 3-7........................................................................................ 8

CONCLUSION........................................................................................................................ 9

-

## TABLE OF AUTHORITIES

**Cases**

*Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066 (Fed. Cir. 2002) ................................ 6

*Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573 (Fed. Cir. 1996) ............................. 7

*Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D. 273 (W.D. Wash. 2001) ...................................... 6

*Conopco, Inc., v. Warner-Lambert Co.*, No. 99-101, 2000 U.S. Dist. LEXIS 1601
    (D.N.J. Jan. 26, 2000) ...................................................................................................... 7

*Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155 (D. Colo. 2000) ............................................ 7

*Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644 (Fed. Cir. 1994) ................................... 6, 8

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir.
    2006) .............................................................................................................................. 7

*Pacitti v. Macy's,* 193 F.3d 766 (3d Cir. 1999) ......................................................................... 4

*Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004) ...................................... 6

*Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F. Supp. 2d 419 (D. Del.
    2007) .............................................................................................................................. 5

*S.S. White Burs, Inc. v. Neo-Flo, Inc.*, No. 02-3656, 2003 U.S. Dist. LEXIS 7718
    (E.D. Pa. May 2, 2003) ..................................................................................................... 7

*Symbol Technologies, Inc. v. Hand Held Products, Inc.*, No. Civ.A. 03-102-SLR,
    2003 WL 22750145, at *3 (D. Del. Nov. 14, 2003) ............................................................ 5

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981 (Fed. Cir. 2000) ............................... 6

**Rules**

Federal Rules of Civil Procedure 26 .......................................................................................... 4

Federal Rules of Civil Procedure 37 ...................................................................................... 1, 5

ii

## NATURE AND STAGE OF PROCEEDINGS

This is an action for patent infringement brought by CIF Licensing LLC, d/b/a GE

Licensing, ("CIF") against Agere Systems Inc. ("Agere") for alleged infringement of U.S. Patent

Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776.

Agere served its First Set of Requests For Production of Documents and Things

("Document Requests") and First Set of Interrogatories on Plaintiff ("Interrogatories") on July

27, 2007. On August 30, 2007, CIF served its written responses to the Document Requests and

Interrogatories, which are included as Appendices A and B respectively. To date, however, CIF

has not produced any documents and has not provided complete substantive answers to at least

four foundational interrogatories, which are designed to focus discovery on the specific patent

claims and the specific accused products that CIF contends are in issue in this case.

Accordingly, Agere respectfully moves the Court, pursuant to Fed. R. Civ. P. 37, to

compel CIF immediately to:

(1)     provide complete and responsive answers to Agere's Interrogatories Nos.1-4,

(2)     provide documents requested in Document Requests Nos. 3-7 and 68.

1

-

## SUMMARY OF ARGUMENT

1.      Agere seeks answers to Interrogatories Nos. 1-4 and the production of documents
responsive to Document Requests Nos. 3-7 and 68 to determine the basis for CIF's claims of
infringement and to narrow the scope of this case.  Discovery requests are the appropriate
method for narrowing the scope of a patent infringement case, and the information sought in
these requests is discoverable under the Federal Rules of Civil Procedure.

2.      Claim charts, a listing of accused products, and a mapping of the asserted claims to the
accused products all are discoverable in patent cases.  CIF's refusal to date to provide this
information in response to Agere's Interrogatories and Document Requests causes undue waste
and delay in discovery, which interferes with Agere's day-to-day business operations and
continues at Agere's financial expense.

3.      CIF's objection that Agere's contention interrogatories are "premature" is not well taken.
CIF must disclose its infringement contentions so that the parties can narrow the focus of
discovery and so Agere may adequately prepare its defenses.  As CIF must already have
determined its contentions in order to bring this lawsuit, there is no great burden on CIF to
produce this information for Agere.  Therefore, the Court should compel CIF to respond to
Interrogatories 1-4 and produce the documents requested in Document Requests 3-7 and 68.

## STATEMENT OF FACTS

On March 23, 2007, CIF served its complaint on Agere alleging infringement of U.S.
Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776 (the" Patents-in-Suit").  In its
complaint, CIF did not list any accused products nor did it list any claims of the Patents-in-Suit
that were allegedly infringed.  Although it could have moved for a more definite statement under

2

Federal Rule of Civil Procedure 12(e), Agere instead elected to seek information on asserted claims and accused products in discovery.

Accordingly, Agere served the Interrogatories and Document Requests on CIF on July 27, 2007. Interrogatory No. 1 requests an identification of accused infringing products and corresponding patent claims. Interrogatory No. 2 inquires into the factual and legal basis for CIF's assertion that Agere has willfully infringed the patents. Interrogatory No. 3 requests a claim chart for the accused products mapping asserted claims to accused products, and Interrogatory No. 4 inquires into CIF's proposed claim constructions.

On August 30, 2007, CIF served on Agere its written responses to the Interrogatories and Document Requests. CIF objected to Interrogatories Nos. 1-4 on numerous grounds. CIF then provided an incomplete answer to Interrogatory No. 1 and no substantive response at all to Interrogatories Nos. 2-4. In its objections to Agere's contention interrogatories, CIF noted that contention interrogatories were "premature to the extent [they] call for [CIF's] contentions at this early stage of the litigation." Further, CIF noted that it would respond to these interrogatories "on a mutually agreed-upon date for all contention interrogatories." In its incomplete answer to Interrogatory No. 1, CIF failed to identify the claims of its patents it contends are infringed by Agere, and which products allegedly infringe which claims, although the four patents asserted by CIF contain a total of 152 claims, which clearly is an excessive number on which to conduct discovery or on which to present evidence at trial.

In an effort to resolve this deadlock, Agere sent CIF a letter on October 4, 2007, proposing a schedule by which both parties would produce responsive and complete answers to interrogatories. After not hearing from CIF, Agere sent CIF an email on October 10, 2007, proposing to meet and confer by telephone in an attempt to resolve these discovery issues. CIF

3

responded via email by proposing to meet and confer on this issue on Monday October 15, 2007.

Agere responded via email asking to meet and confer via telephone on either October 11 or

October 12. Agere further assured CIF that it would make someone available at any time that is

convenient for CIF's counsel. Agere sought a meeting on October 11 or 12 because if the

discovery impasse was not resolved during the meeting, then under the applicable rules Agere

could still file this motion and be heard on the Court's November 9, 2007 hearing day. Since

written discovery in this matter is set to close on January 31, 2008, waiting another month to

begin providing substantive discovery responses would impose undue time constraints.

On October 11, 2007, Agere's counsel left a voicemail message for CIF's counsel again

stating that Agere wished to meet and confer on the issue of discovery responses. Additionally,

Agere stated in its message that if it was not able to meet and confer and reach a solution by

October 12, 2007, then it would be forced to file a motion to compel CIF's discovery responses.

Agere followed this telephone message with an email again stating that it would be forced to file

a Motion to Compel if CIF did not respond by October 12, 2007. As of this filing, CIF's counsel

has not provided a substantive response to the issues raised by Agere's October 4 letter.

Accordingly, Agere's counsel has, in good faith, attempted to meet and confer with CIF's

counsel to avoid resorting to motion practice, but because Agere has received no substantive

response, it now presents this motion to the Court.

## ARGUMENT

### I.    Legal Standard

Discovery under the Federal Rules broadly encompasses "any matter, not privileged, that

is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b); *see also Pacitti v.*

*Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999) ("[i]t is well recognized that the federal rules allow

broad and liberal discovery"). Where, as here, a party fails to answer an interrogatory or to

produce documents, the court may compel production of the requested discovery. Fed. R. Civ.

P. 37(a)(2)(b). *See, e.g., Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F. Supp. 2d 419 (D.

Del. 2007) (granting party's motion to compel discovery).

## II.    The Court Should Order CIF Immediately to Provide Responsive and Complete Answers to Agere's Interrogatories Nos. 1-4.

Agere seeks answers to Interrogatories Nos. 1-4 to determine the basis for CIF's

contentions of infringement. As noted above, Interrogatory No. 1 requests identification of

accused infringing products and corresponding patent claims. Interrogatory No. 2 inquires into

the factual and legal allegations regarding CIF's assertion that infringement was willful.

Interrogatory No. 3 requests a claim chart for the accused products, and Interrogatory No. 4

inquires into proposed claim construction. Through CIF's answers, Agere will be able to better

understand which claims CIF believes are infringed by which of Agere's products, and how CIF

construes these claims. This understanding will move discovery forward by narrowing the scope

of CIF's discovery requests to Agere, hopefully allowing Agere to produce relevant documents

and responsive answers. It also will permit Agere to prepare its defenses knowing exactly which

patent claims and products are implicated in this case.

Ordering CIF to provide answers to Agere's Interrogatories Nos. 1-4 is the appropriate

method for limiting the scope of discovery in this case. As noted above, Agere could have

sought this information pursuant to Federal Rule of Civil Procedure 12(e). However, rather than

delay the progress of this case with a non-dispositive motion, Agere followed this Court's

guidance in a previous patent infringement case and served contention interrogatories:

"[T]raditional mechanisms of discovery are the proper tools to refine the scope of [] litigation."

*Symbol Technologies, Inc. v. Hand Held Products, Inc.*, No. Civ.A. 03-102-SLR, 2003 WL

22750145, at *3 (D. Del. Nov. 14, 2003). This refinement, however, cannot occur if the party

with the knowledge and information fails to produce it. The patents-in-suit contain 152 claims, and CIF has identified 11 accused products/product lines so far, but has not agreed to limit its response to just 11 products/product lines. Thus, to understand the extent of this case, Agere would thus have to analyze all 152 claims for at least 11 accused products/product lines now, and perhaps more products/product lines later. This task is overly burdensome, and the Court should not require Agere to expend its resources performing such an analysis.

CIF, and its counsel, were required to have had a factual and legal basis for commencing and continuing this case. In patent cases, the Federal Circuit has explained that the Federal Rules of Civil Procedure "require that a [Plaintiff] interpret the pertinent claims of the patent in issue before filing a complaint alleging patent infringement." *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002). This requires, "at a bare minimum, apply[ing] the claims of each and every patent that is being brought into the lawsuit to an accused device and conclud[ing] that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000); *see also Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004) (requiring counsel for the patent holder to "at a minimum . . . interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement") (citations omitted). Accordingly, Agere simply seeks information that CIF must already have, and should produce, to limit the scope of discovery and the issues in this case.

Since an infringement analysis begins with claim construction, *see Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994), CIF should be prepared to offer a claim construction that supports its infringement position and does not need discovery, expert or otherwise, to do so. *Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D. 273, 274 (W.D. Wash. 2001)

(noting that claim construction "does not require discovery" and that claim charts are "standard discovery requests," relevant and discoverable) (citing *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed. Cir. 1996) and *Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155, 1157 n.2 (D. Colo. 2000)); *see also S.S. White Burs, Inc. v. Neo-Flo, Inc.,* No. 02-3656, 2003 U.S. Dist. LEXIS 7718, at *7 (E.D. Pa. May 2, 2003) (granting defendant's motion to compel plaintiff to provide claim construction contentions and stating that that "argument that . . . claim construction is for the court obscures the fact that it is up to [the patent holder], and not to the court, to develop some theory as to how they were wronged").

CIF's responses to Agere's contention interrogatories consist of a litany of objections, including the statement that the contention interrogatories are "premature to the extent [they] call for [CIF's] contentions at this early stage of the litigation." CIF's refusal to disclose its infringement contentions on the ground that they are premature is improper. First, CIF filed this case in March 2007 and discovery now has been open for over two months. Moreover, CIF's position makes it impossible for Agere to discern CIF's theories of infringement. If Agere knew CIF's infringement theories, it could focus its discovery and trial preparation to information that is pertinent to the theories of the case. *See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Accordingly, the Court should order CIF to answer Agere's Interrogatories Nos. 1-4 and reveal which claims it is asserting, and how it is applying the claim limitations to the accused products. *See Re: Conopco, Inc., v. Warner-Lambert Co.*, No. 99-101, 2000 U.S. Dist. LEXIS 1601, at *5-6 (D.N.J. Jan. 26, 2000) (requiring patentee to supplement inadequate interrogatory response by providing claim chart showing limitations in claim and whether accused device infringes either literally or under doctrine of equivalents); *see also S.S. White Burs, Inc.*, 2003 U.S. Dist. LEXIS 7718, at *2-4, 7-9 (granting defendant's

motion to compel plaintiff to provide substantive responses to interrogatories seeking claim construction and infringement bases and directing plaintiff to prepare a claim chart). If CIF does not fully disclose its infringement contentions, it should be precluded from asserting them at trial. *See Nike Inc.,* 43 F.3d at 648.

Furthermore, as the defendant, the existence of this lawsuit harms Agere by causing it to incur ongoing legal fees and distracting it from its day-to-day business operations. Through this Motion, Agere hopes to move this proceeding forward to resolution. CIF, however, has not provided Agere with necessary discovery responses to accomplish this task.

CIF's failure to provide adequate responses to Agere's interrogatories materially delays discovery. Under the Rule 16 Scheduling Order, the parties must finish written discovery by January 31, 2007. Agere requires the information sought in its Interrogatories Nos. 1-4 to limit the scope of discovery and to get to the essence of this case. For this reason, Agere respectfully requests that the Court compel CIF to provide substantive and complete responses to Agere's Interrogatories Nos. 1-4 immediately.

### III.    The Court Should Order CIF Immediately to Provide Documents Requested in Document Requests Nos. 3-7.

Document Requests Nos. 3-7 are analogous to Interrogatories Nos. 1-4 in that they seek documents necessary to determine: the claims CIF believes are infringed, which of Agere's products CIF believes infringe which claims, and how CIF construes these claims. Accordingly, for the same reasons discussed in the preceding section regarding Interrogatories, the Court should order CIF to produce the documents requested in Document Requests Nos. 3-7.

Document Request No. 68 seeks all documents relied upon or consulted in responding to the Interrogatories. Above, Agere requests the Court to compel CIF to produce complete responses to Interrogatories Nos. 1-4. CIF should be compelled to produce documents in

response to Request No. 68 for the same reasons discussed above with respect to Interrogatories
Nos. 1-4.

### CONCLUSION

For the foregoing reasons, Agere respectfully requests the Court to order CIF to provide
complete and responsive answers to Interrogatories Nos.1-4, provide documents requested in
Document Requests Nos. 3-7, and produce the documents relied upon in answering
Interrogatories No. 1-4 pursuant to Interrogatory No. 68.


YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
302-571-6600

*Attorneys for Defendant Agere Systems Inc.*

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO 80202
303-571-4000

Dated: October 12, 2007

9

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on October 12, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on October 12, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Attorneys for Agere Systems Inc.

DB02:5897644.1                                   058626.1006

-

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170-JJF |
| | ) | |
| AGERE SYSTEMS INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
RESPONSES TO DEFENDANT AGERE SYSTEMS INC.'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF [NOS. 1-16]**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CIF

Licensing, LLC ("GE Licensing") hereby responds to Defendant Agere Systems Inc.'s

("Agere's") First Set of Interrogatories.

GE Licensing has not completed its discovery, investigation, research, and trial

preparation. The following responses are based solely on the information that is presently

available and specifically known to GE Licensing. The following responses are provided

without prejudice to GE Licensing's right to produce evidence of any subsequently-discovered

facts. GE Licensing reserves the right to supplement the following responses and to change any

and all responses therein as additional facts are ascertained, analyses are made, legal research is

completed, and contentions are made. Finally, GE Licensing's objections as set forth herein are

made without prejudice to GE Licensing's right to assert any additional or supplemental

objections should GE Licensing discover additional grounds for such objections.

## GENERAL OBJECTIONS

1.     The information contained in these objections and following interrogatory responses are provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of non-privileged facts within the recipient's knowledge that may be relevant or lead to the discovery of relevant information. These objections and the following interrogatory responses are made without waiving any rights or objections or admitting the authenticity, relevancy, materiality, or admissibility into evidence of the subject matter or facts contained in any interrogatory or GE Licensing's response thereto. Furthermore, GE Licensing specifically reserves the right to object to the uses of such responses, or the subject matter thereof, on any ground in any further proceeding in this action as well as the right to object on any ground at any time in response to a demand or request by Agere, except to the extent those instructions and definitions specifically conform to the requirements of the Federal Rules of Civil Procedure and the applicable case law developed thereunder.

2.     The following interrogatory responses are based upon current knowledge and information that has been collected and reviewed for the purpose of responding to the propounded discovery. GE Licensing objects to the interrogatories that prematurely call for GE Licensing's contentions at this early stage of the litigation. However, given the Court's Scheduling Order, GE Licensing will answer such interrogatories based upon current knowledge and information, and reserves the right to supplement or change its responses in the event that it obtains additional or different information.

3.     GE Licensing objects to the interrogatories to the extent they seek information that is not relevant to the issues in this litigation or are not reasonably calculated to lead to the discovery of relevant and admissible information.

2

4.    GE Licensing objects to the interrogatories to the extent they are unreasonably vague, overly broad, repetitious, unduly burdensome, or purport to require the disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure or the Court's Local Rules.

5.    GE Licensing objects to the interrogatories to the extent that they impose requirements beyond those set out in the Federal Rules of Civil Procedure, including, but not limited to, requiring GE Licensing to provide information not in its possession, custody, or control, to seek information about persons not currently employed or associated with GE Licensing or to provide or seek information regarding third parties. In responding to each interrogatory, GE Licensing will respond by providing information as may be required and proper under the Federal Rules of Civil Procedure.

6.    GE Licensing objects to the interrogatories to the extent that they seek information unrelated to the subject matter, claims, and issues raised by this action. Any fortuitous production of information not related to the issues raised by this action shall not waive this objection.

7.    No incidental or implied admissions are intended by the responses herein. The fact that GE Licensing has answered or objected to any interrogatory should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that GE Licensing has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by GE Licensing of any part or any objection to any interrogatory.

8.    GE Licensing objects to the interrogatories to the extent they call for information containing confidential information of GE Licensing or third parties, including trade secrets,

3

research and development, or commercial information entitled to be kept confidential under Federal Rule of Civil Procedure 26(c). GE Licensing will provide such information, to the extent it is responsive, not privileged, and not covered by another objection on an attorneys'-eyes-only basis pursuant to a Protective Order to be entered in this case.

9.     GE Licensing objects to the interrogatories to the extent that they call for the disclosure of information that GE Licensing regards as being subject to the attorney-client privilege, as constituting attorney work product, or as being otherwise legally protected from discovery. GE Licensing further objects to any requirement to identify any privileged information obtained after the filing of this lawsuit. Such information is clearly privileged, and it is unduly burdensome to require the inclusion of such information in any privilege log. The inadvertent production of any privileged information shall not signify any intent by GE Licensing to waive any applicable privileges.

10.     GE Licensing objects to the interrogatories on the basis of the foregoing General Objections and such other additional specific objections as have been set forth herein below. GE Licensing does not waive any General Objection to a specific interrogatory unless a response to a specific request explicitly states "all General Objections are waived."

11.     GE Licensing objects to Agere's definition (A) to the extent it defines "Document" beyond what is permitted by the Federal Rules of Civil Procedure.

12.     GE Licensing objects to Agere's definition (F) to the extent it defines "Patents-in-Suit" as anything more than U.S. Patent Nos. 5,048,054; 5,446,758; 6,198,776 and 5,428,641.

13.     GE Licensing objects to Agere's definition (H) of "Prior Art" as vague and ambiguous as it relates to "plausible argument" as part of the definition.

Subject to the foregoing General Objections and without waiving any of them, GE

Licensing responds as follows:

## INTERROGATORIES

INTERROGATORY NO. 1

State the complete factual and legal basis for your contentions that Agere has infringed or currently infringes the Patents-in-Suit (both literally and/or under the doctrine of equivalents) including but not limited to an identification of each claim of the Patents-in-Suit that you contend Agere has infringed or currently infringes, each Accused Device of Defendant that Plaintiff contends has infringed or currently infringes the identified claim, a statement of the source and date on which you obtained any samples or models of the Accused Devices, a description of any analysis of the samples or models and the chain of custody thereof, an identification of all documents that relate to, support or contradict your contentions, and of all persons knowledgeable of your contentions.

RESPONSE TO INTERROGATORY 1

In addition to the General Objections, GE Licensing objects to this interrogatory as

premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation.

GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible information. In

addition, GE Licensing objects to this interrogatory as seeking information protected from

discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE

Licensing's investigation of Agere's infringement is continuing. Without waiving the stated

objections, GE Licensing will respond on a mutually agreed-upon date for all contention

interrogatories. Without waiving the stated objections, GE Licensing responds as follows:

SV92P, APL43, DP2V34DX, DP2V90DX, DSP1648C, CSP 1037, DSP1673, DSP1675,

DSP1670 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems.

INTERROGATORY NO. 2

For each claim identified in the answer to Interrogatory No. 1, state the complete factual and legal basis for your contentions that Agere's infringement of those claims was willful including but not limited to identification of all documents that relate to, support, or contradict your contentions and identification of all persons knowledgeable of your contentions.

RESPONSE TO INTERROGATORY 2

In addition to the General Objections, GE Licensing objects to this interrogatory as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing's investigation of Agere's infringement is continuing. Without waiving the stated objections, GE Licensing will respond on a mutually agreed-upon date for all contention interrogatories.

INTERROGATORY NO. 3

For each Accused Device identified in the answer to Interrogatory No. 1, provide a claim chart (or its equivalent) showing a comparison of each claim limitation from each of the Patents-in-Suit with each aspect of the Accused Device you contend infringes that limitation, including whether such alleged infringement is direct, contributory, by inducement, or under the doctrine of equivalents.

RESPONSE TO INTERROGATORY 3

In addition to the General Objections, GE Licensing objects to this interrogatory as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from

discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing's investigation of Agere's infringement is continuing. Without waiving the stated objections, GE Licensing will respond on a mutually agreed-upon date for all contention interrogatories.

## INTERROGATORY NO. 4

For each limitation of each claim of the Patents-in-Suit Plaintiff contends is infringed by an Accused Device, describe in detail Plaintiff's construction of each such limitation, including identifying all intrinsic evidence and extrinsic evidence (including but not limited to expert testimony, dictionary definitions, and citations to learned treatises) that allegedly supports, conflicts with, or contradicts such construction.

### RESPONSE TO INTERROGATORY 4

In addition to the General Objections, GE Licensing objects to this interrogatory as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation; more specifically, claim construction under *Markman* has yet to be determined. GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing's investigation of Agere's infringement is continuing. Without waiving the stated objections, GE Licensing will respond on a mutually agreed-upon date for all contention interrogatories.

## INTERROGATORY NO. 5

Identify each person with knowledge or facts regarding or related to the subject of and the answers provided to Interrogatory No. 4 and each document relating thereto.

### RESPONSE TO INTERROGATORY 5

In addition to the General Objections, GE Licensing objects to this interrogatory as premature to the extent it calls for GE Licensing's contentions or information related to its

contentions at this early stage of the litigation. GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing's investigation of Agere's infringement is continuing. Without waiving the stated objections, GE Licensing will respond on a mutually agreed-upon date for all contention interrogatories.

INTERROGATORY NO. 6

Identify all products, including but not limited to products sold or offered for sale by Plaintiff, that are marked with the Patents-in-Suit.

RESPONSE TO INTERROGATORY 6

GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. GE Licensing further objects to this interrogatory as premature in that discovery has recently begun and GE Licensing's investigation is ongoing. Accordingly, GE Licensing reserves the right to supplement or amend this response as appropriate. Without waiving the stated objections, GE Licensing responds as follows:

While GE Licensing's investigation is ongoing, GE Licensing is not aware of any products sold or offered for sale by GE Licensing that are marked with the Patents-in-Suit.

INTERROGATORY NO. 7

For each Accused Device identified in the answer to Interrogatory No. 1, identify the date and circumstances in which Plaintiff first became aware of the Accused Device.

## RESPONSE TO INTERROGATORY 7

GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing further objects to this interrogatory as premature in that discovery has recently begun and GE Licensing's investigation is ongoing. Accordingly, GE Licensing reserves the right to supplement or amend this response as appropriate. Without waiving the stated objections, GE Licensing responds as follows:

While GE Licensing's investigation is ongoing, GE Licensing states the GE Licensing became aware at least by November 2, 2004 of the following Agere products: SV92P, APL43, DP2V34DX, DP2V90DX, DSP1648C, CSP 1037, DSP1673, DSP1675, DSP1670 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems.

## INTERROGATORY NO. 8

Identify all oral and written statements, advice, or opinions regarding the validity, enforceability, scope, or infringement of the Patents-in-Suit.

## RESPONSE TO INTERROGATORY 8

GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege.

## INTERROGATORY NO. 9

Separately for each claim of the Patents-in-Suit that you contend is infringed, state in full all information concerning the conception and reduction to practice of the invention of the claim

including but not limited to the earliest date on which you contend the claimed subject matter was conceived, the earliest date you contend the claimed subject matter was reduced to practice, all evidence concerning each such date of conception or reduction to practice, and each person with knowledge of conception or reduction to practice of such invention on such date or any other date.

## RESPONSE TO INTERROGATORY 9

GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing further objects to this interrogatory as premature in that discovery has recently begun and GE Licensing's investigation is ongoing. Accordingly, GE Licensing reserves the right to supplement or amend this response as appropriate. Without waiving the stated objections, GE Licensing responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, GE Licensing will provide non-privileged documents in its possession, if any, which contain the information sought in this interrogatory. GE Licensing reserves the right to amend its response and identify the bates numbers of the documents produced under Rule 33(d) in its response to this interrogatory.

## INTERROGATORY NO. 10

Identify each product or method developed, tested, demonstrated, used, imported, manufactured, marketed, offered for sale or sold, by any owner or inventor of the Patents-in-Suit in whole or in part that relates to or embodies, in whole or in part, the subject matter of the Patents-in-Suit, and for each such product or method, the persons most familiar with the design, development, manufacture, structure, operation and use thereof.

## RESPONSE TO INTERROGATORY 10

GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from

10

discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing further objects to this interrogatory as premature in that discovery has recently begun and GE Licensing's investigation is ongoing. Accordingly, GE Licensing reserves the right to supplement or amend this response as appropriate. Without waiving the stated objections, GE Licensing responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, GE Licensing will provide non-privileged documents in its possession, if any, which contain the information sought in this interrogatory. GE Licensing reserves the right to amend its response and identify the bates numbers of the documents produced under Rule 33(d) in its response to this interrogatory.

INTERROGATORY NO. 11

For each product identified in Interrogatory 10, identify the facts concerning the first public use, the first public disclosure, the first advertising of marketing, the first commercialization, and the first sale or offer for sale of the product or method, including without limitation the date on and locations in which each act occurred, all persons who were present at or participated in the occurrence of each act and the company or organization with which each such person was affiliated at the time, and the persons most familiar with the fact and circumstance concerning each act.

RESPONSE TO INTERROGATORY 11

GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing further objects to this interrogatory as premature in that discovery has recently begun and GE Licensing's investigation is ongoing. Accordingly, GE Licensing reserves the right to supplement or amend this response as appropriate. Without waiving the stated objections, GE Licensing responds as follows:

11

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, GE Licensing will provide non-privileged documents in its possession, if any, which contain the information sought in this interrogatory. GE Licensing reserves the right to amend its response and identify the bates numbers of the documents produced under Rule 33(d) in its response to this interrogatory.

## INTERROGATORY NO. 12

State all facts concerning your contention that you have been damaged by Defendant's alleged infringement of the Patents-in-Suit, including without limitation, a computation of each category of such damages and the basis and methodology therefore, and the factual allegation of any claimed lost profits by Plaintiff. To the extent your response to this interrogatory includes a reasonable royalty, state your contentions as to what would be a reasonable royalty, if any, under 35 U.S.C. § 284 for the use of the alleged invention in the Patents-in-Suit.

## RESPONSE TO INTERROGATORY 12

In addition to the General Objections, GE Licensing objects to this interrogatory as premature to the extent it calls for GE Licensing's contentions or information related to its contentions at this early stage of the litigation. GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing's investigation of Agere's infringement is continuing. Without waiving the stated objections, GE Licensing will respond on a mutually agreed-upon date for all contention interrogatories.

## INTERROGATORY NO. 13

Describe in detail any and all communications between Plaintiff and any third party regarding the Defendant, the Patents-in-Suit, or Defendant's alleged infringement of the Patents-in-Suit, including but not limited to the identity of any such persons, the identity of persons who witnessed or participated in such communications, the substance of such communications, and the date and time such communications occurred.

## RESPONSE TO INTERROGATORY 13

GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing further objects to this interrogatory as premature in that discovery has recently begun and GE Licensing's investigation is ongoing. Accordingly, GE Licensing reserves the right to supplement or amend this response as appropriate. Without waiving the stated objections, GE Licensing responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, GE Licensing will provide non-privileged documents in its possession, if any, which contain the information sought in this interrogatory. GE Licensing reserves the right to amend its response and identify the bates numbers of the documents produced under Rule 33(d) in its response to this interrogatory.

## INTERROGATORY NO. 14

Identify any expert whom Plaintiff intends to call as a witness in this action, the individual's alleged area of expertise, and provide a brief summary of the conclusions to be offered in the testimony and/or any report presented by the alleged expert.

## RESPONSE TO INTERROGATORY 14

In addition to the General Objections, GE Licensing objects to this interrogatory as premature at this early stage of the litigation. GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing's investigation of Agere's infringement is

continuing. Without waiving the stated objections, GE Licensing will respond on a mutually agreed-upon date for all contention interrogatories.

## INTERROGATORY NO. 15

Identify all Prior Art, known to Plaintiff, the inventors of the Patents-in-Suit, or anyone else involved in any way with the prosecution of any of the Patents-in-Suit, related applications, or related patents, that describes the subject matter described in or claimed by any of the Patents-in-Suit, related applications, or related patents, and for each such piece of Prior Art, when, how, and from what source each such person learned of the Prior Art.

### RESPONSE TO INTERROGATORY 15

GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing further objects to this interrogatory as premature in that discovery has recently begun and GE Licensing's investigation is ongoing. Accordingly, GE Licensing reserves the right to supplement or amend this response as appropriate. Without waiving the stated objections, GE Licensing responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, GE Licensing will provide non-privileged documents in its possession, if any, which contain the information sought in this interrogatory. GE Licensing reserves the right to amend its response and identify the bates numbers of the documents produced under Rule 33(d) in its response to this interrogatory.

## INTERROGATORY NO. 16

Identify the person or entity from whom Plaintiff acquired the Patents-in-Suit, the details of the transaction transferring ownership of the Patents-in-Suit, all documents concerning, related to, and referenced in the transaction transferring ownership of the Patents-in-Suit, and the name of all parties involved with the negotiation, structuring, drafting, and completion of the transaction transferring ownership of the Patents-in-Suit.

14

## RESPONSE TO INTERROGATORY 16

GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible information. In

addition, GE Licensing objects to this interrogatory as seeking information protected from

discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE

Licensing further objects to this interrogatory as premature in that discovery has recently begun

and GE Licensing's investigation is ongoing. Accordingly, GE Licensing reserves the right to

supplement or amend this response as appropriate. Without waiving the stated objections, GE

Licensing responds as follows:

Motorola, Inc. In addition, pursuant to Rule 33(d) of the Federal Rules of Civil

Procedure, GE Licensing will provide non-privileged documents in its possession, if any, which

contain the information sought in this interrogatory. GE Licensing reserves the right to amend

its response and identify the bates numbers of the documents produced under Rule 33(d) in its

response to this interrogatory.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: August 30, 2007
816042

By: /s/ Philip A. Rovner
    Richard L. Horwitz (#2246)
    Philip A. Rovner (#3215)
    David E. Moore (#3983)
    Hercules Plaza
    P. O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    provner@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 30, 2007, true and

correct copies of the within document were served on the following counsel of record at the

addresses and in the manner indicated:

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

### BY E-MAIL

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

-

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a          )
GE LICENSING                       )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )          C.A. No. 07-170-JJF
                                   )
AGERE SYSTEMS INC.,                )          **JURY TRIAL DEMANDED**
                                   )
        Defendant.                 )

### PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
### RESPONSES TO DEFENDANT AGERE SYSTEMS INC.'S FIRST SET OF REQUESTS
### <u>FOR DOCUMENTS AND THINGS TO PLAINTIFF (NOS. 1-69)</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, CIF Licensing, LLC

("GE Licensing") hereby responds to Defendant Agere Systems Inc.'s ("Agere's") First Set of

Requests for Documents and Things to Plaintiff (Nos. 1-69).

GE Licensing has not completed its discovery, investigation, research, and trial

preparation. The following responses are based solely on the information that is presently

available and specifically known to GE Licensing. The following responses are provided

without prejudice to GE Licensing's right to produce evidence of any subsequently-discovered

facts. GE Licensing reserves the right to supplement the following responses and to change any

and all responses therein as additional facts are ascertained, analyses are made, legal research is

completed, and contentions are made. Finally, GE Licensing's objections as set forth herein are

made without prejudice to GE Licensing's right to assert any additional or supplemental

objections should GE Licensing discover additional grounds for such objections.

## GENERAL OBJECTIONS

1.      The information contained in these objections and following discovery responses are provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of non-privileged facts within the recipient's knowledge that may be relevant or lead to the discovery of relevant information.  These objections and the following discovery responses are made without waiving any rights or objections or admitting the authenticity, relevancy, materiality, or admissibility into evidence of the subject matter or facts contained in any discovery request or GE Licensing's response thereto.  Furthermore, GE Licensing specifically reserves the right to object to the uses of such responses, or the subject matter thereof, on any ground in any further proceeding in this action as well as the right to object on any ground at any time in response to a demand or request by Agere, except to the extent those instructions and definitions specifically conform to the requirements of the Federal Rules of Civil Procedure and the applicable case law developed thereunder.

2.      The following discovery responses are based upon current knowledge and information that has been collected and reviewed for the purpose of responding to the propounded discovery.  GE Licensing reserves the right to supplement or change its discovery responses in the event that it obtains additional or different information.  Furthermore, if a discovery response states that documents will be produced, it does not mean that any responsive documents necessarily exist.

3.      GE Licensing objects to the discovery requests to the extent they seek information that is not relevant to the issues in this litigation or are not reasonably calculated to lead to the discovery of relevant and admissible information.

2

4.    GE Licensing objects to the discovery requests to the extent they are unreasonably vague, overly broad, repetitious, unduly burdensome, or purport to require the disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure or this Court's Local Rules.

5.    GE Licensing objects to the discovery requests to the extent that they impose requirements beyond those set out in the Federal Rules of Civil Procedure, including, but not limited to, requiring GE Licensing to provide information not in its possession, custody, or control, to seek information about persons not currently employed or associated with GE Licensing or to provide or seek information regarding third parties. In responding to each discovery request, GE Licensing will respond by providing information as may be required and proper under the Federal Rules of Civil Procedure.

6.    GE Licensing objects to the discovery requests to the extent that they seek information unrelated to the subject matter and the issues raised by this action. Any production of information not related to the issues raised by this action shall not waive this objection.

7.    GE Licensing objects to the discovery requests to the extent that they seek identification, descriptions, and/or production of "all" documents, "all" studies, "all" evaluations, etc., as being overly broad and unduly burdensome.

8.    GE Licensing objects to the discovery requests to the extent they call for the production of documents or information containing confidential information of GE Licensing or third parties, including trade secrets, research and development, or commercial information entitled to be kept confidential under Federal Rule of Civil Procedure 26(c). GE Licensing will provide such information, to the extent it is responsive, not privileged, and not covered by

3

another objection on an attorneys'-eyes-only basis pursuant to a Protective Order to be entered in this case.

9.    GE Licensing objects to the discovery requests to the extent that they call for the disclosure of information that GE Licensing regards as being subject to the attorney-client privilege, as constituting attorney work product, or as being otherwise legally protected from discovery. GE Licensing further objects to any requirement that it identify any privileged documents generated after the filing of this lawsuit. Such material is clearly privileged, and it is unduly burdensome to require the inclusion of such material in any privilege log. The inadvertent production of any privileged information shall not signify any intent by GE Licensing to waive any applicable privileges.

10.    GE Licensing objects to the discovery requests to the extent that they call for the production of documents not in the possession, custody, or control of GE Licensing within the meaning of Federal Rule of Civil Procedure 34.

11.    GE Licensing objects to the discovery requests to the extent that they call for the production of documents or information already in the possession of the Agere, its attorneys, or agents, on the ground that such a request is unduly burdensome.

12.    GE Licensing objects to the discovery requests to the extent that they call for the production of documents or information that is related to subject matter outside of the United States.

13.    GE Licensing objects to the discovery requests to the extent they call for GE Licensing's contentions at this early stage of the litigation. More specifically, claim construction under *Markman* has yet to be determined and GE Licensing has not yet formulated its contentions as to which of its products, if any, are covered by the GE Licensing patents-in-suit.

4

The production of any such documents in response to such requests does not constitute an expression of GE Licensing's position on patent claim coverage of specific products.

14.    GE Licensing objects to the discovery requests on the basis of the foregoing general objections and such other additional specific objections as have been set forth herein below. GE Licensing does not waive any general objection to a specific discovery request unless a response to a specific request explicitly states "all General Objections are waived."

15.    GE Licensing objects to Agere's definition to the extent it defines "Document" beyond what is permitted by the Federal Rules of Civil Procedure.

16.    GE Licensing objects to Agere's definition to the extent it defines "Patents-in-Suit" as anything more than U.S. Patent Nos. 5,048,054; 5,446,758; 6,198,776 and 5,428,641.

17.    GE Licensing objects to Agere's definition of "Prior Art" as vague and ambiguous as it relates to "plausible argument" as part of the definition.

## RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All documents and things the identification of which is sought in any Interrogatories of Agere served on GE.

**Response to Request for Production No. 1:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 2:**

Corporate organizational charts and such other documents as are sufficient to identify the corporate relationship between GE and (a) the General Electric Company and (b) any other related corporate entity.

**Response to Request for Production No. 2:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 3:**

All documents and things concerning any investigation or examination, or effort made by GE, or anyone acting on its behalf or at its direction, to investigate or examine any Accused Device made, used, sold, offered for sale and/or imported by Agere.

6

**Response to Request for Production No. 3:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 4:**

All documents and things concerning any investigation or examination, or effort made by GE, or anyone acting on its behalf or at its direction, to investigate or examine any Accused Device made, used, sold, offered for sale and/or imported by any entity which GE alleges or believes may infringe the Patents-in-Suit.

**Response to Request for Production No. 4:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as

7

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 5:**

All documents and things concerning GE's contention that Agere has made, used, sold, offered for sale and/or imported any Accused Device that infringes the Patents-in-Suit, including but not limited to a sample of any of said Accused Device accused of infringement.

**Response to Request for Production No. 5:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 6:**

All documents and things concerning GE's contention that any entity has made, used, sold, offered for sale and/or imported Accused Devices that infringe the Patents-in-Suit, including but not limited to a sample of any of said Accused Devices accused of infringement.

8

**Response to Request for Production No. 6:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 7:**

All documents and things concerning the meaning of any limitation of each claim of the Patents-in-Suit that GE alleges Agere infringes.

**Response to Request for Production No. 7:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents

9

protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 8:**

All documents and things concerning any publicity, marketing or distribution of any product or system made according to any of the claims of the Patents-in-Suit, including, but not limited to, all internal correspondence, advertising, press releases, product announcements, solicitations, articles, speech or lecture texts, sales presentations, product brochures and catalogs, whether or not adopted or used.

**Response to Request for Production No. 8:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 9:**

All documents and things concerning any Prior Art searches concerning the Patents-in-Suit, or any invention related thereto, including the results thereof.

**Response to Request for Production No. 9:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 10:**

All documents and things referring to, concerning or mentioning Agere.

**Response to Request for Production No. 10:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks

documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 11:**

All documents and things concerning any sale, transfer, license or assignment of any ownership interest in the Patents-in-Suit.

**Response to Request for Production No. 11:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 12:**

All documents and things concerning or relating to the prosecution of any United States or foreign patents or patent applications that disclose, describe or claim substantially the same invention as described in the Patents-in-Suit, including but not limited to all such patents and applications that claim or refer to a priority date based on any application that led to or served as a basis for a claim of priority to the Patents-in-Suit.

**Response to Request for Production No. 12:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 13:**

All documents and things concerning the patent applications which eventually issued as the Patents-in-Suit, including all drafts of the patent applications and communications between any inventor, any employer of the inventors, and attorneys or any other persons regarding the applications and all documents and things considered or reviewed in the course of preparing and prosecuting the Patents-in-Suit.

**Response to Request for Production No. 13:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably

13

calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 14:**

All foreign counterpart file histories of the Patents-in-Suit.

**Response to Request for Production No. 14:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 15:**

All documents and things concerning the prosecution of foreign counterpart applications of the Patents-in-Suit, whether granted, pending, or abandoned, including search reports, examination reports, written opinions. examiner's reports, and official actions of all entities which conduct Prior Art searches and all communications between the alleged inventors, their employer and/or their attorneys, including foreign associates, attorneys, or agents.

**Response to Request for Production No. 15:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 16:**

All documents and things evidencing or concerning any alleged damages to which GE contends it is entitled for any alleged infringement of the Patents-in-Suit.

**Response to Request for Production No. 16:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any

party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 17:**

All documents and things relating in any way to communications with any expert or consultant retained by GE; in connection with this lawsuit.

**Response to Request for Production No. 17:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

16

**Request for Production No. 18:**

All documents and things relating in any way to the conception of the alleged inventions described or claimed in the Patents-in-Suit including but not limited to notes, notebooks, prototypes, models and blueprints regarding this subject.

**Response to Request for Production No. 18:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 19:**

All documents and things concerning the development and/or reduction to practice of the alleged inventions described or claimed in the Patents-in-Suit, including documents and things concerning diligence from the time of conception until reduction to practice of the alleged inventions.

**Response to Request for Production No. 19:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the

extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 20:**

All documents and things concerning any disclosure by the alleged inventors, assignees, employers of the inventors, or anyone else of the subject matter described or claimed in the Patents-in-Suit.

**Response to Request for Production No. 20:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing is not aware of any such documents.

**Request for Production No. 21:**

All documents and things concerning the alleged inventions contained in the Patents-in-Suit, including hut not limited to any documents obtained from Motorola, Inc.

**Response to Request for Production No. 21:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 22:**

All documents and things that have ever been considered or evaluated with respect to the alleged novelty, patentability, validity, enforceability or scope of the subject matter described or claimed in the Patents-in-Suit.

**Response to Request for Production No. 22:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 23:**

All Prior Art concerning the Patents-in-Suit whether or not the art was submitted to the United States Patent and Trademark Office during the prosecution of the Patents-in-Suit.

**Response to Request for Production No. 23:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents

protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 24:**

All documents and things constituting or concerning opinions prepared for or received by GE or anyone else concerning the validity, invalidity, infringement, non-infringement, enforceability, or unenforceability of the Patents-in-Suit.

**Response to Request for Production No. 24:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

21

**Request for Production No. 25:**

All documents and things concerning the promotion, marketing or sale of products that embody all or part of the alleged inventions described in the Patents-in-Suit, including, but not limited to, all advertising, press releases, product announcements, solicitations, articles, speeches, sales presentations, product brochures, and catalogs, whether or not adopted or used.

**Response to Request for Production No. 25:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 26:**

All documents and things that relate to any public use of products that embody any of the alleged inventions in the Patents-in-Suit.

**Response to Request for Production No. 26:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this

request to the extent that it requires production of documents protected from discovery by the

attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the

General Objections which are hereby incorporated by reference, GE Licensing responds as

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its

possession, if any.

**Request for Production No. 27:**

All documents and things that relate to any sales, offers For sale, price lists, price
announcements, gifts, or donations, whether for experimental use or otherwise regarding
commercial embodiment of the alleged inventions in the Patents-in-Suit prior to one year before
the filing date of each of the applications for the Patents-in-Suit.

**Response to Request for Production No. 27:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly

broad and unduly burdensome. GE Licensing further objects to this request as it seeks

documents that are not relevant to the claims of any party to this action and not reasonably

calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this

request to the extent that it requires production of documents protected from discovery by the

attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the

General Objections which are hereby incorporated by reference, GE Licensing responds as

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its

possession, if any.

23

**Request for Production No. 28:**

All documents and things concerning any discussion, consideration or decision regarding whether to file or prosecute any patent application relating to the Patents-in-Suit, including but not limited to, any foreign patent applications.

**Response to Request for Production No. 28:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.


**Request for Production No. 29:**

All documents and things concerning any communication between the alleged inventors named in the Patents-in-Suits and any attorney or agent involved in prosecuting any application that led to the Patents-in-Suit.

**Response to Request for Production No. 29:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this

request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 30:**

All alleged inventors' notebooks, tests, search reports, memorandum, technical articles, manuals, publications, patents, and related documents concerning any alleged inventions in the Patents-in-Suit or any alleged embodiment of any claimed invention.

**Response to Request for Production No. 30:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 31:**

All documents and things concerning GE's business plan or analysis, performance, business opportunities, market share, competition or sales, whether actual or projected, regarding the subject matter of the alleged inventions in the Patents-in-Suit.

**Response to Request for Production No. 31:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 32:**

All profit and loss statements and balance sheets for GE for fiscal years 2000 to the present.

**Response to Request for Production No. 32:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

26

Subject to and without waiving any specific objection stated herein and/or the

General Objections which are hereby incorporated by reference, GE Licensing responds as

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its

possession, if any.

**Request for Production No. 33:**

Documents sufficient to show the cost related to research, development, manufacture, packaging, sale, promotion, marketing, approval, distribution, and shipping of any product made according to the Patents-in-Suit, including all documents that support or contradict GE's contentions as to such costs.

**Response to Request for Production No. 33:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly

broad and unduly burdensome. GE Licensing further objects to this request as it seeks

documents that are not relevant to the claims of any party to this action and not reasonably

calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this

request to the extent that it requires production of documents protected from discovery by the

attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the

General Objections which are hereby incorporated by reference, GE Licensing responds as

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its

possession, if any.

**Request for Production No. 34:**

Documents sufficient to show the sales, including but not limited to units sold by GE, price per unit and total revenue, which can be attributed to sales of the products that are covered

by the alleged inventions in the Patents-in-Suit, including all documents that support or contradict GE's contentions.

**Response to Request for Production No. 34:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 35:**

All documents that constitute or relate to GE's document retention policy.

**Response to Request for Production No. 35:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

28

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 36:**

All documents concerning or constituting any patent license or patent related agreement to which GE is a party.

**Response to Request for Production No. 36:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 37:**

All documents constituting or reflecting any established policy of GE to license or not to license any portion of its patented technology.

**Response to Request for Production No. 37:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 38:**

All documents and things concerning any prior U.S. or foreign proceedings, whether in front of a court, administrative body, or arbitral tribunal, regarding any patent or patent application relating to the Patents-in-Suit or the subject matter disclosed therein, including without limitation:

(1)    all transcripts of depositions (with exhibits);

(2)    all discovery, including without limitation, interrogatories, requests for admission, document demands, expert witness discovery (including expert reports) and witness lists;

(3)    all responses to the discovery listed in part (2) above, including without limitation, all documents produced in response to the discovery;

(4)    all transcripts of hearing or other court proceedings;

(5)    all documents prepared for or by experts, including work papers;

(6)    all settlement offers, responses and agreements;

(7)    all court orders or recommendations;

(8)    all affidavits and declarations; and

(9)    all pleadings, motions, briefs and supporting documents.

**Response to Request for Production No. 38:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 39:**

All documents and things concerning any assertion or contentions by any person that any claim of any of the Patents-in-Suit is invalid for any reason.

**Response to Request for Production No. 39:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 40:**

All documents and things concerning any assertion or contentions by any person that the Patents-in-Suit is [sic] infringed or not infringed.

**Response to Request for Production No. 40:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 41:**

All documents and things concerning any assertion or contentions by any person that the Patents-in-Suit is [sic] unenforceable for any reason.

32

**Response to Request for Production No. 41:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 42:**

All documents and things concerning any assertion or contentions by any person that the Patents-in-Suit is [sic] limited by the doctrines of laches or equitable estoppel.

**Response to Request for Production No. 42:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

33

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 43:**

All documents and things concerning any assertions or allegations by any person of patent misuse directed to GE that involve any patent assigned or licensed to GE.

**Response to Request for Production No. 43:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 44:**

All documents and things concerning any defense or rebuttal to a claim or allegation of infringement asserted by any person regarding the Patents-in-Suit, including any such claim or allegation asserted in formal legal proceedings, negotiations, or in any other context.

**Response to Request for Production No. 44:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably

34

calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 45:**

All documents and things concerning any opinions, whether legal or otherwise and whether written or oral, of patent attorneys or others, concerning the patentability of the subject matter claimed in the Patents-in-Suit or its foreign counterparts.

**Response to Request for Production No. 45:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

35

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 46:**

All documents and things concerning any correspondence or other communication concerning the Patents-in-Suit or this lawsuit received or otherwise communicated by or to GE to or from third parties, including, but not limited to, GE's suppliers, customers, distributors, shareholders, financial analysts, security analysts, alleged inventors, or accountants.

**Response to Request for Production No. 46:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 47:**

A sample of each product made or used by GE or its licensees or other authorized entity that you contend is covered by the Patents-in-Suit.

**Response to Request for Production No. 47:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks things

that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged items in its possession, if any.

**Request for Production No. 48:**

All documents and things concerning any cease and desist letter(s) or other notice letter(s) drafted by or on behalf of GE regarding the Patents-in-Suit.

**Response to Request for Production No. 48:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 49:**

GE's annual Federal Tax Returns from 2000 to the Present.

**Response to Request for Production No. 49:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 50:**

All documents and things concerning the Patents-in-Suit.

**Response to Request for Production No. 50:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests for discovery 1-49. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its

possession, if any.

**Request for Production No. 51:**

All documents and things concerning GE's contention that Agere's alleged infringement
was willful.

**Response to Request for Production No. 51:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly

broad and unduly burdensome. GE Licensing also objects to this request as premature to the

extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing

further objects to this request as it seeks documents that are not relevant to the claims of any

party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

GE Licensing also objects to this request to the extent that it requires production of documents

protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or

other privilege.

Subject to and without waiving any specific objection stated herein and/or the

General Objections which are hereby incorporated by reference, GE Licensing responds as

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its

possession, if any.

**Request for Production No. 52:**

All documents concerning the first drawings, sketches, charts, or prototypes of the
alleged inventions of the Patents-in-Suit.

**Response to Request for Production No. 52:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 53:**

All documents that any alleged inventor of the Patents-in-Suit created, worked on, or contributed to concerning the subject matter of the Patents-in-Suit.

**Response to Request for Production No. 53:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

40

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 54:**

All documents concerning any communication by any alleged inventor of the Patents-in-Suit to any other person concerning the Patents-in-Suit or the invention [sic] claimed therein.

**Response to Request for Production No. 54:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 55:**

All documents concerning the best mode contemplated by the inventors for practicing the alleged invention [sic] of the Patents-in-Suit.

**Response to Request for Production No. 55:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably

calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 56:**

All documents concerning the structure, function, and/or operation of the invention [sic] disclosed in the Patents-in-Suit.

**Response to Request for Production No. 56:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 57:**

All documents concerning to [sic] validity or invalidity of the Patents-in-Suit.

**Response to Request for Production No. 57:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as duplicative of prior requests. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 58:**

All documents concerning your contention that the Patents-in-Suit are valid and enforceable.

**Response to Request for Production No. 58:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing also objects to this request as duplicative of prior requests 22, 24, 39, and 57. GE Licensing also objects to this request as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE

43

Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 59:**

All documents concerning GE's acquisition of the Patents-in-Suit, including but not limited to all documents evidencing the Patents-in-Suit's chain of title and the assignment of the Patents-in-Suit to GE.

**Response to Request for Production No. 59:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 60:**

All documents concerning any actual or proposed license, assignment, sale or transfer of rights to the Patents-in-Suit, including but not limited to any documents referring or concerning:

    (a)    GE's license, assignment, sale, or transfer of rights and nature and duration of the transferee's rights; and

    (b)    any communications between GE and current or former transferees, including but not limited to communications addressing whether the claims of the Patents-in-Suit are valid and enforceable.

**Response to Request for Production No. 60:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 61:**

All documents concerning (a) the first offer to sell and (b) the first sale of a commercial embodiment of the alleged invention [sic] of the Patents-in-Suit.

**Response to Request for Production No. 61:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks

documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 62:**

All documents concerning any failed attempt or long-felt need to develop the alleged invention [sic] to [sic] the Patents-in-Suit.

**Response to Request for Production No. 62:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

46

**Request for Production No. 63:**

All documents concerning any commercial success of the alleged invention[sic] of the Patents-in-Suit, and all documents concerning the nexus (or lack of nexus) between any such commercial success and the merits of the alleged invention [sic] claimed in the Patents-in-Suit.

**Response to Request for Production No. 63:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 64:**

All documents concerning any initial skepticism or subsequent disbelief or surprise regarding the alleged invention [sic] or [sic] the Patents-in-Suit.

**Response to Request for Production No. 64:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

47

Subject to and without waiving any specific objection stated herein and/or the

General Objections which are hereby incorporated by reference, GE Licensing responds as

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its

possession, if any.

**Request for Production No. 65:**

All documents identified in GE's Rule 26(a)(1) disclosures in this case.

**Response to Request for Production No. 65:**

Subject to and without waiving any specific objection stated herein and/or the

General Objections which are hereby incorporated by reference, GE Licensing responds as

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its

possession, if any.

**Request for Production No. 66:**

All documents that GE intends to offer into evidence, use for demonstrative purposes, or
use for impeachment at any trial or hearing in this matter.

**Response to Request for Production No. 66:**

GE Licensing objects to this request as premature to the extent it calls for all documents

GE Licensing "intends" to offer or use at this early stage of the litigation. Subject to and without

waiving any specific objection stated herein and/or the

General Objections which are hereby incorporated by reference, GE Licensing responds as

follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its

possession, if any.

**Request for Production No. 67:**

All documents concerning any royalties received by GE for licensing the Patents-in-Suit, including documents bearing on the amount of any established royalty.

**Response to Request for Production No. 67:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 68:**

All documents, not otherwise produced, that were relied upon or consulted in responding to Agere's first set [sic] of document requests and interrogatories.

**Response to Request for Production No. 68:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

**Request for Production No. 69:**

All documents concerning Motorola, Inc.

**Response to Request for Production No. 69:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

GE Licensing will produce responsive, relevant, and non-privileged documents in its possession, if any.

50

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated:  August 30, 2007
816049

By:  /s/ Philip A. Rovner
        Richard L. Horwitz (#2246)
        Philip A. Rovner (#3215)
        David E. Moore (#3983)
        Hercules Plaza
        P. O. Box 951
        Wilmington, Delaware 19899
        (302) 984-6000
        rhorwitz@potteranderson.com
        provner@potteranderson.com
        dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

51

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 30, 2007, true and

correct copies of the within document were served on the following counsel of record at the

addresses and in the manner indicated:

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

### BY E-MAIL

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com