## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-170 (JJF) |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |

### PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
### MEMORANDUM IN OPPOSITION TO DEFENDANT AGERE SYSTEM, INC.'S
### <u>MOTION TO COMPEL DISCOVERY</u>

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: October 29, 2007

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

TABLE OF CONTENTS

**Page**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT .................................................1

II.     NATURE AND STAGE OF THE PROCEEDING.............................................................1

III.    STATEMENT OF FACTS ...............................................................................................2

      A.    Agere Has Not Yet Produced Any Documents Or Provided Any
          Substantive Interrogatory Responses.......................................................................2

      B.    Agere Improperly Filed Its Motion To Compel And Violated Local Rule
          7.1.1......................................................................................................................2

IV.     ARGUMENT....................................................................................................................4

      A.    Agere's Motion Is Premature...................................................................................4

      B.    Agere Should Provide Discovery Before GE Licensing Is Required To
          Narrow Its Case......................................................................................................6

V.      CONCLUSION.................................................................................................................8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Carver v. Velodyne Acoustics, Inc.*,
  202 F.R.D. 273 (W. D. Wash. 2001) ................................................................................ 5, 6

*Conopco, Inc. v. Warner-Lambert Co. (In re Conopco, Inc.)*,
  C.A. No. 99-101 (KSH), 2000 U.S. Dist. LEXIS 1601 (D.N.J. Jan. 26, 2000)......................... 5

*Ecrix Corp. v. Exabyte Corp.*,
  95 F. Supp. 2d 1155 (D. Colo. 2000).............................................................................. 5, 6

*Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA*,
  C.A. No. 04-038-JJF, 2005 WL 2304190 (D. Del. Sept. 20, 2005) .......................................... 6

*Wesley-Jessen Corp. v. Pilkington Visioncare*,
  844 F. Supp. 987 (D. Del. 1994).................................................................................... 4

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff, CIF Licensing, LLC ("GE Licensing"), by and through its undersigned counsel, hereby opposes Defendant Agere Systems Inc.'s ("Agere") Motion to Compel Discovery.

Agere's motion to compel should be denied in its entirety for at least the following reasons: (1) Agere's demands are premature and based entirely on arbitrary parameters in requesting that GE Licensing (i) select the number of claims that would be representative of GE Licensing's infringement contentions, (ii) set forth its final claim construction and (iii) finalize the list of accused products; (2) Agere itself has failed to produce a single page of paper and refused to even identify the products it sells or has sold, rendering GE Licensing unable to respond to Agere's discovery requests; and (3) Agere violated Local Rule 7.1.1 in filing its Motion to Compel by failing to make reasonable good-faith efforts to contact and resolve the matter with GE Licensing.

GE Licensing does not dispute that GE Licensing must in due course proffer a list of accused products, claim construction and infringement contentions and that a limitation on the number of claims asserted likely will be appropriate for purposes of trial. However, the time for all that is not prior to the start of Agere's production. GE Licensing fully intends to supplement its responses to Agere Interrogatory Nos. 1-4 and Document Requests 3-7 and 68 as soon as reasonably possible after Agere provides reasonable discovery on its products.

Accordingly, GE Licensing respectfully requests that this Court deny Agere's motion.

## II.     NATURE AND STAGE OF THE PROCEEDING

GE Licensing commenced this action on March 23, 2007, asserting that several of Agere's modem products infringe four patents. The Court issued a Scheduling Order (D.I. 32)

requiring that all document discovery and contention interrogatories be completed by January 31,

2008, followed by depositions. Fact discovery is to conclude on June 1, 2008 and expert

discovery on October 4, 2008.

III.    **STATEMENT OF FACTS**

    A.    **Agere Has Not Yet Produced Any Documents Or Provided Any Substantive Interrogatory Responses**

    **To date, Agere has not yet produced a single document.** Neither party has taken any

depositions yet. In response to GE Licensing's first and second sets of interrogatories, Agere

objected to GE Licensing's definition of "Agere Product(s)" as overbroad and used this

objection as the basis for its refusal to answer GE Licensing's interrogatory nos. 1-13, 16, 17,

19-28, 30, and 40-42 and document request nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43

and 44 (Exhibits A-D). **Agere refused to even provide a simple list of its modem products in

response to GE Licensing's interrogatory no. 1.** (Exhibit A at 4.) This stonewalling was

undertaken despite the fact that GE Licensing's definition of "Products" listed 10 specific

products by name.[1] (Exhibit E at 4.)

    B.    **Agere Improperly Filed Its Motion To Compel And Violated Local Rule 7.1.1**

    Agere had no legitimate basis for filing its Motion to Compel. On October 4, 2007,

Agere sent a letter to GE Licensing regarding GE Licensing's responses to Agere Interrogatory

Nos. 1-4 and 12 and requested a date on which document production would begin (without citing

any specific document requests). (Exhibit F.) At 1:49 PM on Wednesday, October 10, 2007,

Agere sent GE Licensing an email requesting a meet and confer "today or tomorrow." (Exhibit

---

[1] Agere also decided to refuse to answer interrogatories requesting that Agere provide contentions on its alleged "slam dunk" defenses – licensing and laches/estoppel. These defenses have no particular connection to products and Agere must have some idea as to the substance of these defenses, so it is apparent that Agere is simply attempting to stall its own discovery obligations while attempting to artificially accelerate GE Licensing's disclosures.

G.) GE Licensing's counsel attempted to contact Agere's counsel five times on October 10, including three emails and two phone calls, and finally proposed a meet and confer at 1:00 PM on Monday, October 15, 2007, just one business day after Agere proposed a meet and confer, because it was the first time GE Licensing's counsel was available after Agere requested the meet and confer. Agere's counsel states that it attempted to reach GE's counsel on October 11. On October 12, Agere filed its Motion to Compel stating in its Opening Brief that "Agere's counsel has, in good faith, attempted to meet and confer with CIF's counsel to avoid resorting to motion practice..." (Agere Br. at 4.) GE Licensing's counsel left another phone message for Agere's counsel on October 12, 2007, requesting that Agere contact counsel on his cell phone at any time that evening or over the weekend of October 13-14, 2007. No such contact was ever made, and Agere never responded to GE Licensing's invitation to hold a meet and confer on October 15, 2007. On October 25, 2007, the parties finally held a meet and confer at the invitation of GE Licensing but were unable to reach a reasonable solution.

Not only was Agere's unilateral attempt to schedule a meet and confer demanding it occur within 24 hours of the request not a "good faith" effort to meet and confer, at no time prior to the filing of its Motion to Compel had Agere given notice to GE Licensing of the specific requests for production it believed were deficient.[2] Thus, Agere's Motion was improperly filed, and should not be considered by this Court. GE Licensing has requested that Agere withdraw its improperly filed Motion, but Agere has refused to do so. Agere has clearly violated Local Rule

---

[2] Agere admits in its brief that the October 4th letter concerned only GE Licensing's response to Agere's interrogatories, and never cites to any concern over GE Licensing's response to Agere's Document Requests. (*See* Agere Br. at 3-4.) Likewise, Agere's Rule 7.1.1 Statement accompanying its Motion to Compel is incorrect. That statement, signed by Agere's counsel, states that counsel for Agere "has made a reasonable effort to reach agreement with counsel for [GE Licensing] on the matters set forth in" its Motion to Compel, but there was absolutely no effort to reach agreement with respect to Agere's document requests.

7.1.1 in failing to make reasonable good-faith efforts to meet and confer with GE Licensing to resolve the purported deficiencies in GE Licensing's responses, so Agere's Motion should be dismissed as premature or denied in its entirety.

IV.   **ARGUMENT**

A.   **Agere's Motion Is Premature**

GE Licensing agrees that it will likely be appropriate to narrow the number of patent claims that are tried to the jury and provide to Agere claim construction positions and detailed infringement contentions on accused products. The time for such selection and responses, however, is not <u>prior</u> to receipt of any discovery from Agere, but <u>after</u> substantial fact discovery has taken place. To compel GE Licensing to make such selections and responses now is premature. *See Wesley-Jessen Corp. v. Pilkington Visioncare*, 844 F. Supp. 987, 990 (D. Del. 1994) (ordering detailed infringement contentions less than one month prior to the close of discovery and only after document discovery had been ongoing for some time).

This Court was faced with a similar motion in *Bridgestone Sports Co. v. Acushnet Co.*, C.A. No. 05-132 (JJF) (D. Del.). In that case, this Court denied defendant's motion to compel the plaintiff to provide immediate responses to requests for representative claims and detailed infringement contentions, instead deferring the date for such responses until about two months prior to the scheduled *Markman* hearing. (Exhibit H, January 13, 2006 Hearing Transcript at 4:10-15.) In *Bridgestone*, forcing the selection of representative claims and detailed infringement contentions was found to be inappropriate even where the defendant (unlike Agere) had already produced what it claimed constituted detailed technical data on the accused products. (Exhibit H at 28-30.) Here, the parties are in a much earlier stage of fact discovery. There has been no document production and no opportunity to conduct depositions, or engage experts for the purposes of understanding the technology and distilling the case to a point where selecting

4

representative claims and accused products would be a meaningful exercise. Reducing claims

and finalizing the selection of accused products is certainly premature where Agere has refused

to even provide a list of its modem products. Further, detailed claim construction will require the

involvement of experts, and infringement contentions will require cooperation from Agere, not

Agere's present stonewalling on producing the documents that GE Licensing has requested. *See*

*Conopco, Inc. v. Warner-Lambert Co. (In re Conopco, Inc.)*, C.A. No. 99-101 (KSH), 2000 U.S.

Dist. LEXIS 1601, at *8 (D.N.J. Jan. 26, 2000) (finding that "[t]he appropriate time for claim

construction may be at a Markman hearing" and not in response to interrogatories prior to

completion of discovery).

As support for its position that claim construction should be set forth prior to the start of

discovery, Agere cites to a case from the District Court of the District of Washington, *Carver v.*

*Velodyne Acoustics, Inc.*, 202 F.R.D. 273 (W. D. Wash. 2001). *Carver* has nothing to do with

pre-discovery claim construction. The court in *Carver* did not order the plaintiff to produce

claim construction contentions until: (i) the case had been on file for over a year; and (ii)

discovery had been ongoing long enough for the plaintiff to supplement interrogatories at least

twice. *Id.* at 274 Even more confusing is Agere's reliance on *Ecrix Corp. v. Exabyte Corp.*, 95

F. Supp. 2d 1155 (D. Colo. 2000). Agere cites footnote no. 2, which reads, in its entirety:

> Claim charts are industry-standard documents for infringement analysis in
> which the elements of a patent claim are set forth in one one column, and
> corresponding elements of the accused device are juxtaposed in the next
> column.

*Id.* at 1157 n.2. Further, the Court in *Ecrix* ordered the plaintiff to produce documents related to

claim construction <u>after</u> Rule 30(b)(6) depositions had been taken on technical issues and only

because the court found the information relevant to "Ecrix's claims of patent misuses and

5

antitrust violations." *Id.* at 1158. Both *Carver* and *Ecrix* fully support GE Licensing's position

that Agere's motion is premature.

Notwithstanding the fact that GE Licensing has identified in its discovery requests ten

specific products by name (and 11 products in GE Licensing's response to Agere's Interrogatory

No. 1), Agere has produced no documents on those or any other documents to GE Licensing.[3]

Agere is certainly in possession of a listing of its modem products and should not benefit from

withholding such clearly discoverable information. In effect, Agere is attempting to use its

motion as a way to avoid discovery by having GE Licensing prematurely reduce the asserted

claims, as opposed to deferring claim selection to an appropriate time. *See Fenster Family*

*Patent Holdings, Inc. v. Siemens Medical Solutions USA,* C.A. No. 04-038-JJF, 2005 WL

2304190 (D. Del. Sept. 20, 2005) (Court did not require the plaintiff to limit the claims until

well after the initial fact discovery period concluded).

B.    **Agere Should Provide Discovery Before GE Licensing Is Required To Narrow Its Case.**

Agere's motion appears to be nothing more than an attempt to scale back providing its

own discovery in this case. (*See* Agere Br. at 3 and 4.). Agere argues that if the number of

asserted claims is limited now, the amount of document discovery will be reduced. (*Id*)

However, whether GE Licensing is asserting all claims or one claim from each of its patents,

Agere will still be required to produce essentially the same documents in response to GE

Licensing's document requests. There is simply no legitimate correlation between the number of

---

[3] Agere has also failed to produce a single document related to its alleged "slam dunk" licensing and laches/estoppel defenses. Moreover, in its brief, Agere acknowledges that GE Licensing has specifically identified "11 accused products/product lines so far," yet fails to provide the Court a reasonable explanation for why it has not yet produced any documents for these products. (Agere Br. at 6.)

claims being asserted or their construction and the product-related documents that Agere must produce at this stage. As a result, limiting the number of claims or requiring early claim construction will not result in a reduction in the amount of discovery. The only clear path to clarifying the extent of Agere's infringement is for Agere itself to engage in prompt and responsive production of product-related technical information. To date, Agere has rejected this obvious solution.

Further, it is GE Licensing's position that Agere has engaged in willful infringement of the asserted patents for a period of years. Agere's principal problem appears to be that production regarding all of its willfully infringing products would be burdensome and, therefore, the infringement should be excused. GE Licensing believes a more appropriate solution, without prejudicing either party, is to (i) provide initial infringement contentions after receiving discovery on Agere's products per GE Licensing's outstanding discovery requests; (ii) provide supplemental infringement contentions after the close of discovery; and (iii) select claims and claim constructions later in the fact discovery period, but reasonably prior to the *Markman* hearing. This approach would allow additional fact discovery necessary to determine which claims to assert for trial and would occur sufficiently before the parties engage in the claim construction process and before experts begin drafting their reports.

## V.    CONCLUSION

For the above reasons, GE Licensing respectfully requests that this Court deny Agere's

Motion to Compel in its entirety.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated:  October 29, 2007
828192

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on October 29, 2007, the within document

was filed with the Clerk of the Court using CM/ECF; that the document was served on the

following party as indicated; and that the document is available for viewing and downloading

from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on October 29, 2007 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170-JJF |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AGERE SYSTEMS INC.'S ANSWERS TO
PLAINTIFF CIF LICENSING, LLC'S
<u>FIRST SET OF INTERROGATORIES (NOS. 1-30)</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Agere Systems Inc.

("Defendant") responds to CIF Licensing, LLC, d/b/a GE Licensing's ("Plaintiff") First Set of

Interrogatories (Nos. 1-30) ("Plaintiff's Interrogatories"), stating as follows:

<u>**GENERAL STATEMENTS AND OBJECTIONS**</u>

1. The following responses are made solely for the purpose of this action and are subject to

all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and

any and all other objections and grounds which would or could require or permit the exclusion of

any statement or response from evidence, all of which objections and grounds are reserved and

may be interposed at the time of trial.

2. Subject to the specific and general objections listed herein, Defendant will answer each

interrogatory with responsive, non-privileged information within the current actual knowledge of

Defendant or through cross-references to produced documents according to F.R.C.P. 33(d).

3. Defendant will answer interrogatories calling for confidential information or trade secrets

only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.      The following answers are based on information known to Defendant as of the date of

service.  Discovery is continuing in this case, and accordingly these responses are subject to

change.  Defendant reserves the right to change, amend, or supplement the answers herein as

permitted by the applicable rules.  The responses contained herein are made in a good faith effort

to comply with the provisions of Rule 33 of the Federal Rules of Civil Procedure, but are in no

way deemed to be to the prejudice of Defendant in relation to further discovery, research, and

analysis.

5.      Defendant objects to Plaintiff's Interrogatories to the extent they purport to impose on

Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local

rules.

6.      Defendant objects generally to Plaintiff's Interrogatories to the extent they seek

documents or information protected by the attorney-client privilege, the attorney work product

doctrine, and/or any other applicable privilege.  Such documents or information shall not be

produced in response to the Interrogatories, and any inadvertent production thereof shall not be

deemed a waiver of any privilege or protection by the work product doctrine that may attach

thereto.

7.      Defendant objects to Plaintiff's definition of "Agere Product(s)."  The broad scope of

term "Agere Product(s)" renders many of Plaintiff's interrogatories overly broad, unduly

burdensome, and/or irrelevant.  This defect is exacerbated by Plaintiff's failure, in its pleading

and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in

suit, or to provide any explanation of how any claims of the patents in suit apply either to

2

specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Clearly, such discovery is overbroad and a meet and confer between counsel is necessary to arrive at a more reasonable scope for discovery in this case.

8.      Defendant objects to Plaintiff's interrogatories that seek Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide answers to any interrogatories that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.      Defendant objects to any interrogatory seeking information related to sales, marketing, products, accounting, finances, or manufacturing prior to March 23, 2001 because this information is outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify each and every Agere Product ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, or marketed.

### ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

### INTERROGATORY NO. 2

Identify each entity that is or has been involved in any way in the design, development, manufacturing, assembly, marketing, sales and/or distribution of each Agere Product identified in response to Interrogatory No. 1, including the name and location of such entity, its relationship with Agere, identification of any licenses or other agreements with such entity, as well as a narrative description of each such involvement (including the location of any such involvement) of each such entity.

4

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's request for "a narrative description of each such involvement" because the wide range of information potentially responsive to this request is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 3**

State precisely when Agere commenced any activities, projects or programs, whether formal or informal, directed to the design and development of each Agere Product identified in response to Interrogatory No. 1, including a description of the activities, projects and/or programs (including their objectives and results), and, for each such activity, identify the person(s) knowledgeable about such activities, the person(s) involved in such activities, and state precisely where such activities were undertaken.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the

5

applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's request for a "description of the activities, projects and/or programs" because the wide range of information potentially responsive to this request is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## INTERROGATORY NO. 4

Identify the three persons most knowledgeable about the structure, design, development, function, and operation of each Agere Product identified in response to Interrogatory No. 1.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## INTERROGATORY NO. 5

6

Identify the three persons most knowledgeable about the manufacture and/or assembly of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 6**

Identify the three persons most knowledgeable about the marketing, sale and distribution of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

7

**INTERROGATORY NO. 7**

Describe any activities of Agere with respect to the design, development, fabrication, manufacture, assembly and/or testing of Agere Products, components thereof, or products containing same.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 8**

Describe any activities of Agere with respect to the marketing, sales and/or distribution of Agere Products, components thereof, or products containing same.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible

8

evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## INTERROGATORY NO. 9

For each Agere Product, component thereof, or product containing same identified in Your answer to Interrogatory No. 1, identify the quantity produced, total sales volume, unit prices, purchaser, and the revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product, component thereof, or product containing same.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 10**

Describe any testing or analysis done by Agere or any other entity to determine whether, or that may have revealed whether, any Agere Product identified in response to Interrogatory No. 1 infringes any of the GE Patents, and identify all persons who performed, directed, or observed such tests and/or analyses, and provide the dates of any such tests and/or analyses, and identify any documents, such as reports, showing their results.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, grossly overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

10

## INTERROGATORY NO. 11

Describe any plans or attempts by Agere to redesign any Agere Product identified in response to Interrogatory No. 1, and identify the person(s) knowledgeable of and the person(s) involved in any such plans or attempts, and identify all documents that refer to or relate to any such plans or attempts.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## INTERROGATORY NO. 12

State whether Agere contends that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents and, if so, for each such claim identify all legal and factual bases for each such contention, and how the identified documents, things, facts

11

or knowledge support this assertion, and identify all people with knowledge thereof and all documents that support or refute Your contention.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 13**

If Agere contends that it has not willfully infringed the GE Patents, describe each fact that supports or refutes that contention and, with respect to each such fact, identify all people with knowledge thereof, and each document relating to that fact, including any opinions of counsel upon which Agere may rely.

**ANSWER:**

12

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

### INTERROGATORY NO. 14

Describe any statements, oral or written, by Agere concerning or relating to any GE Patent, and identify all documents containing or evidencing such statements.

### ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Defendant further objects to Plaintiff's interrogatory because the wide range of information potentially responsive to this interrogatory is

13

more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent any exist, that are responsive to this interrogatory.

**INTERROGATORY NO. 15**

Separately and with respect to each of the GE Patents, describe the circumstances under which Agere first became aware of the patent and identify each past and present director, officer, employee, representative or agent of Agere, including Agere's in-house and outside counsel, involved in such circumstances.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent any exist, that are responsive to this interrogatory.

Defendant further answers that it first became aware of the patents in suit on or around November 2, 2004, based on communications to Defendant from Plaintiff. Defendant's

14

investigation into the circumstances under which Agere first became aware of the patents in suit is ongoing, and Defendant reserves the right to supplement this answer as more information becomes available.

**INTERROGATORY NO. 16**

State whether Agere has ever taken any position regarding the validity, enforceability, or infringement by Agere of any of the GE Patents and, if so, describe (a) the position and the circumstances in which that position was taken, (b) the specific bases for each such position, (c) the identity of all documents or prior art relating to those bases, and (d) how those documents and that prior art support such position.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

15

## INTERROGATORY NO. 17

State whether Agere has ever been informed or concluded that any of the GE Patents is invalid, unenforceable, or not infringed by Agere, and, if so, identify the person(s) and/or entity that so informed Agere, or so concluded, the information communicated to Agere and the circumstances under which Agere was so informed, or so concluded, identify all documents or prior art relating to what Agere was informed, or so concluded, and explain the relationship of those documents and such prior art to the information Agere was provided or considered.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 18

Identify all opinions, advice, analyses or communications, whether written or oral, relating to the enforceability, validity or infringement of any of the GE Patents, and identify the

16

person(s) who provided the opinion, advice, analysis or communication, the person(s) to whom the opinion, advice, analysis or communication was provided, the date such opinion, advice, analysis or communication was provided and describe the substance of the opinion, advice, analysis or communication which was provided and identify all documents relating to the opinion, advice, analysis or communication provided.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Further, Defendant is not required at this stage of the litigation to elect whether it will rely on any opinion of counsel in response to the allegation of willful infringement.

**INTERROGATORY NO. 19**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 101, and, if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 101 upon which this assertion is based and the documents, things, facts or knowledge upon which each such assertion is based, and explain in detail how the identified documents, things, facts or knowledge support this assertion.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 20**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 102, and, if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 102 upon which this assertion is based and the documents, things, facts or knowledge upon which each such assertion is based, and explain in detail how the identified documents, things, facts or knowledge support this assertion.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this

18

request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 21**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to 35 U.S.C. § 103, and if so, with respect to each such claim identify all documents, things, facts or knowledge upon which Agere bases this assertion and explain in detail how the identified documents, things, facts or knowledge support Agere's assertion, including identification of how the identified documents, things, facts or knowledge disclose specific claim elements, and identify what suggestion, motivation, or knowledge in the relevant art supports Agere's application of 35 U.S.C. § 103.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

19

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 22

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 112, and if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 112 of the Patent Act upon which this assertion is based and the documents, things, facts or knowledge upon which Agere bases this assertion, and explain in detail how 35 U.S.C. § 112 is not satisfied by the claim, and how the identified documents, things, facts or knowledge support this assertion.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of

Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 23

State whether Agere contends that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents and, if so, for each such claim identify all legal and factual bases for each such contention, and how the identified documents, things, facts or knowledge support this assertion.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

21

**INTERROGATORY NO. 24**

Identify in detail all facts that support Agere's second affirmative defense of "Legal Justification" and identify any documents that Agere claims support that defense.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

Subject to the foregoing objections, Defendant answers that it does not infringe the patents in suit because, among other reasons, it is licensed to practice the inventions claimed therein pursuant to the Patent Cross-License Agreement dated January 30, 2001 between Motorola, Inc. and AltoCom, Inc. Defendant incorporates herein by reference its response to Plaintiff's Interrogatory No. 31.

**INTERROGATORY NO. 25**

Identify in detail all facts that support Agere's fourth affirmative defense of "Laches/Waiver/Estoppel" and identify any documents that Agere claims support that defense.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 26**

Identify in detail all facts that support Agere's sixth affirmative defense of "Prosecution History Estoppel" and identify any documents that Agere claims support that defense.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this

request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 27**

Identify in detail all facts that support Agere's seventh affirmative defense and ninth counterclaim of "Unenforceability" and identify any documents that Agere claims support that defense and counterclaim.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of

24

Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 28

Identify all persons who Agere expects will offer testimony on its behalf at the trial in this case, including, without limitation, any expert witness and state the substance of the facts or opinions to which each person is expected to testify.

## ANSWER:

Defendant objects to this request as premature. Defendant will identify trial and expert witnesses, and the substance of their testimony, as required by the Federal Rules of Civil Procedure, the Local Rules, and the Scheduling Order in this matter.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 29

Describe all Agere's policies and practices with respect to the filing, storage, retention and destruction of documents from August 2000 to the present, and person(s) most knowledgeable regarding each policy and to the extent it is followed.

25

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent any exist, that are responsive to this interrogatory.

**INTERROGATORY NO. 30**

Identify each legal action, including but not limited to any action before the U.S. Patent and Trademark Office, the International Trade Commission, and any federal, state or foreign court, concerning any of the Agere Products. For each such action, identify the case number, the court and presiding judge, the parties to the action, and all pleadings and other documents filed in the action and all depositions conducted, including the name of the deponent and date of the deposition.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Furthermore, to the extent the information is not

26

privileged, much of the requested information is readily available through more convenient,

publicly-accessible sources such as PACER.

Defendant also incorporates by reference its General Objections, including, in particular,

General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a

reasonable scope of the term "Agere Product."

Dated: September 17, 2007

TOWNSEND AND TOWNSEND AND CREW, LLP

David H. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: desipiora@townsend.com
Email: ilsaffer@townsend.com
Email: ceking@townsend.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com

**ATTORNEYS FOR AGERE SYSTEMS INC.**

27

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-30)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131436 v2

28

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | |
| AGERE SYSTEMS INC., | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT AGERE SYSTEMS INC.'S  ANSWERS TO PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF INTERROGATORIES (NOS. 31-42)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Agere Systems Inc. ("Defendant") responds to CIF Licensing, LLC, d/b/a GE Licensing's ("Plaintiff") Second Set of Interrogatories (Nos. 31-42) ("Plaintiff's Interrogatories"), stating as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.     The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any statement or response from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.     Subject to the specific and general objections listed herein, Defendant will answer each interrogatory with responsive, non-privileged information within the current actual knowledge of Defendant or through cross-references to produced documents according to F.R.Civ.P. 33(d).

3.      Defendant will answer interrogatories calling for confidential information or trade secrets only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.      The following answers are based on information known to Defendant as of the date of service. Discovery is continuing in this case, and accordingly these responses are subject to change. Defendant reserves the right to change, amend, or supplement the answers herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 33 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.      Defendant objects to Plaintiff's Interrogatories to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.      Defendant objects generally to Plaintiff's Interrogatories to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

7.      Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's interrogatories overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's Interrogatories, to identify any asserted claims of the patents in

2

suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Clearly, such discovery is overbroad and a meet and confer between counsel is necessary to arrive at a more reasonable scope for discovery in this case.

8.      Defendant objects to Plaintiff's interrogatories that seek Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide answers to any interrogatories that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.      Defendant objects to any interrogatory seeking information related to sales, marketing, products, accounting, finances, or manufacturing prior to March 23, 2001 because this information is outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 31

Identify in detail all facts and identify any documents that refer, relate to or support Agere's statement made in the July 30, 2007 proposed Scheduling Order and statements made by

3

Agere's counsel during the Scheduling Hearing of August 1, 2007 that Agere purports to have a "license defense."

**ANSWER:**

Without waiving its General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

Defendant further responds as follows:  Defendant is the successor in interest to Lucent Technologies, Inc., and as such is licensed to practice the inventions claimed in the patents in suit under the one or more following agreements:  (1) Software Modem License Agreement between Lucent Technologies, Inc. and AltoCom, Inc. dated May 2, 1999; (2) Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc. dated January 30, 2001; (3) Patent License Agreement among Agere Systems Guardian Corporation, Broadcom Corporation, and AltoCom Inc. dated July 1, 2001; and (4) Patent Settlement and Cross-License Agreement between Agere Systems, Inc. and Broadcom Corporation dated September 30, 2004. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

**INTERROGATORY NO. 32**

Describe and identify any license or other authorization that Agere purportedly has or had for any Agere Product (or for the design, manufacture or sale thereof) to practice any of the patents in suit, whether such license or authorization purportedly comes from or through GE

4

Licensing, Motorola, Inc., Lucent Technologies Corp., Altocom, Inc., Broadcom, Inc., or any other entity, including the identification of the licensing entity, the product, process or property licensed (including without limitation any patents).

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

Defendant further responds as follows: Defendant is the successor in interest to Lucent Technologies, Inc., and as such is licensed to practice the inventions claimed in the patents in suit under the one or more following agreements: (1) Software Modem License Agreement between Lucent Technologies, Inc. and AltoCom, Inc. dated May 2, 1999; (2) Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc. dated January 30, 2001; (3) Patent License Agreement among Agere Systems Guardian Corporation, Broadcom Corporation, and AltoCom Inc. dated July 1, 2001; and (4) Patent Settlement and Cross-License Agreement between Agere Systems, Inc. and Broadcom Corporation dated September 30, 2004. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

5

**INTERROGATORY NO. 33**

State whether the design, manufacturing and sale of any Agere Product, component thereof, or product containing same is licensed or otherwise authorized by GE Licensing or Motorola, Inc., and, if so, identify the Agere Product, component thereof, license or other source of such authorization and any and all facts and documents that support your contention.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory. Defendant further responds as follows: Defendant is the successor in interest to Lucent Technologies, Inc., and as such is licensed to practice the inventions claimed in the patents in suit under the one or more following agreements: (1) Software Modem License Agreement between Lucent Technologies, Inc. and AltoCom, Inc. dated May 2, 1999; (2) Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc. dated January 30, 2001; (3) Patent License Agreement among Agere Systems Guardian Corporation, Broadcom Corporation, and AltoCom Inc. dated July 1, 2001; and (4) Patent Settlement and Cross-License Agreement between Agere Systems, Inc. and Broadcom Corporation dated September 30, 2004. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

6

**INTERROGATORY NO. 34**

Describe in detail and identify any documents relating to the existence of a relationship between Agere, Lucent Technologies Inc., Atlas Acquisition Corp., LSI Logic Corp., LSI Corp., AltoCom, Inc. and Broadcom Corp. at any time, including without limitation any correspondence, licensing or other communications between any such entities.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Agere is a successor to Lucent Technologies, Inc. ("Lucent"), such that information about the "relationship" between the entities could be massive. For example, such information could be construed to encompass all documents and information in possession of Agere previously held by Lucent. In addition to being of overwhelming volume, such information would be irrelevant. Similar problems exist with respect to other "relationships" among the entities identified above.

Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory as is relates to the corporate relationship between entities and specific transaction documents, such as licenses or contracts, if any.

**INTERROGATORY NO. 35**

7

Describe in detail and identify any documents relating to, on a product-by-product basis, any intellectual property, know-how, technology, source code, components, plans, knowledge or other information, products or services received from AltoCom, Inc. or Broadcom Corp. that is incorporated into, used in or with or otherwise related to an Agere Product or its development or manufacture.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."


**INTERROGATORY NO. 36**

Describe in detail and identify any documents relating to the formation of Agere, the transfer of assets from Lucent Technologies Inc. to Agere and the merger of Agere and Atlas Acquisition Corp., LSI Logic Corp. and/or LSI Corp., including, without limitation, the effective date of such agreements.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated

8

to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

**INTERROGATORY NO. 37**

Describe in detail the assets, licenses and liabilities that were purported to be transferred to or from Lucent Technologies Inc. from or to Agere and the actual dates on which each such transfer occurred.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

**INTERROGATORY NO. 38**

9

Describe in detail and identify any documents relating to communications between Agere and Motorola, Inc., Lucent Technologies Inc., Broadcom Corp. or AltoCom, Inc.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory as it relates to Motorola, Inc., Broadcom Corp. and AltoCom, Inc. Agere was part of Lucent Technologies Inc. and communications "between" these entities could encompass large amounts of irrelevant information. Agere is prepared to meet and confer with respect to discovery of such communication.

**INTERROGATORY NO. 39**

State Agere's position on whether or not Agere is a "customer" within the meaning of Section 4.2 of the January 30, 2001 agreement between AltoCom, Inc. and Motorola, Inc. and identify any facts and documents that support Agere's position.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably

10

calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

Defendant further responds that it is the successor in interest to Lucent Technologies, Inc., and as such is a "customer" within the meaning of Section 4.2 of January 30, 2001 agreement between AltoCom, Inc. and Motorola, Inc. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

**INTERROGATORY NO. 40**

For each Agere Product, state whether such product meets any standard or recommendation promulgated by the ITU Telecommunication Standardization Sector (ITU-T) or any other standards organization, including without limitation the V.17, V.29, V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34bis, V.34 plus, V.34 extended rate, X2, K56 Flex, V.90 and V.92 standards and identify specifically which of such standards or recommendations each Agere Product meets.

**ANSWER:**

11

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "each Agere Product."

## INTERROGATORY NO. 41

Identify each and every dial-up device, software, combination of devices and/or software, or component of any of the foregoing, having modulation and/or demodulation capabilities which converts signals to a form suitable for transmission substantially within the voice-band frequency spectrum over telephone lines and/or which receives such transmitted signals (including, without limitation, devices, software, combination of devices and/or software, or components of any of the foregoing, the primary purpose of which is to practice some or all of the standards or recommendations V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34 extended rate, V.34bis, V.34 plus, X2, K56 Flex, V.90 and V.92) (for the purposes of Interrogatory No. 42 only, a "Modem") ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, imported into the United States or marketed.

12

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the terms "Modem" and " each and every dial-up device, software, combination of devices and/or software, or component of any of the foregoing."

**INTERROGATORY NO. 42**

Identify each and every standalone software Modem (as defined in Interrogatory No. 41) ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, imported into the United States or marketed.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period; and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "standalone software Modem."

Dated: September 17, 2007               TOWNSEND AND TOWNSEND AND CREW, LLP

                                        _____
                                        David E. Sipiora
                                        Ian L. Saffer
                                        Chad E. King
                                        1200 17th Street, Suite 2700
                                        Denver, Colorado  80202
                                        Telephone:  (303) 571-4000
                                        Facsimile: (303) 571-4321
                                        Email:  desipiora@townsend.com
                                        Email:  ilsaffer@townsend.com
                                        Email:  ceking@townsend.com

                                        YOUNG CONAWAY STARGATT & TAYLOR
                                        Josy W. Ingersoll
                                        John Shaw
                                        Chad Stover
                                        The Brandywine Building
                                        1000 West Street, 17th Floor
                                        Wilmington, DE  19899-0391
                                        Telephone: 302-571-6600
                                        Facsimile:  302-571-1253
                                        Email:  jingersoll@ycst.com
                                        Email:  jshaw@ycst.com
                                        Email:  cstover@ycst.com
                                        **ATTORNEYS FOR AGERE SYSTEMS, INC.**

14

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF REQUESTS FOR INTERROGATORIES (NOS. 31-42)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131458 v2

15

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>       Plaintiff,<br><br>       v.<br><br>AGERE SYSTEMS, INC.,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 07-170-JJF<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF
LICENSING, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND TANGIBLE THINGS (NOS. 1-35)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Agere Systems Inc.

("Defendant") responds to CIF Licensing, LLC's ("Plaintiff") First Set of Requests for

Production of Documents and Tangible Things (Nos. 1-35) ("Plaintiff's Requests"), stating as

follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.      The following responses are made solely for the purpose of this action and are subject to

all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and

any and all other objections and grounds which would or could require or permit the exclusion of

any statement or document or part thereof from evidence, all of which objections and grounds

are reserved and may be interposed at the time of trial.

2.      Subject to the specific and general objections listed herein, Defendant will respond to

each document request with any existing responsive, non-privileged documents currently in its

possession, custody, or control.  By stating in these responses that it will produce documents, Defendant does not represent that any document actually exists, but rather, that it has and will make a diligent search and reasonable inquiry to ascertain whether documents responsive to the requests do, in fact, exist.

3.      Defendant will produce its confidential documents and information or documents containing trade secret information only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.      The following responses are based on information and documents available to Defendant as of the date of service.  Discovery is continuing in this case, and accordingly the responses are subject to change.  Defendant reserves the right to change, amend, or supplement the responses herein as permitted by the applicable rules.  The responses contained herein are made in a good faith effort to comply with the provisions of Rule 34 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.      Defendant objects to Plaintiff's requests to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.      Defendant objects generally to Plaintiff's Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.  Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

2

7.    Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's document requests overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's Interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Defendant cannot respond to such discovery requests until Plaintiff provides a more reasonable scope for discovery in this case.

8.    Defendant objects to Plaintiff's Requests that seek documents concerning Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide responsive documents to any Requests that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.    Defendant objects to any request for production of documents related to sales, marketing, products, accounting, financial information, or manufacturing to the extent that responsive documents are dated prior to March 23, 2001 because these documents are outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

All documents, the identification of which was requested in Plaintiff CIF Licensing LLC's First Set of Interrogatories to Defendant Agere Systems Inc.

### RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 2

Three (3) samples of each Agere Product identified in response to Interrogatory No. 1 and three (3) samples of any evaluation or demonstration board relating to the Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## REQUEST FOR PRODUCTION NO. 3

All transistor-level schematics for each Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 4

All documents, including without limitation e-mails and slides, concerning the design, manufacture, assembly, or testing (including all testing conducted to incorporate information and graphs within the product datasheets) of any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 5

All source code related to or used with any Agere Product identified in response to Interrogatory No. 1

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**

All documents, including without limitation e-mails and slides, concerning design specifications (including initial objective specifications) for each Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 7**

Documents, including without limitation e-mails and slides, sufficient to identify any assembly arrangement, distributor, customer, or manufacturer for each Agere Product identified in response to Interrogatory No. 1.

8

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

Documents, including without limitation e-mails and slides, sufficient to identify the location and name of each design, fabrication, assembly, or testing facility for each Agere Product identified in Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 9

Documents, including without limitation e-mails and slides, sufficient to identify companies and individuals not employed by Agere, including but not limited to consultants and contractors, that have designed, manufactured, assembled, or tested any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

10

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 10

All instruction manuals, datasheets, brochures, pamphlets, promotional material, and advertisements concerning any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

11

**REQUEST FOR PRODUCTION NO. 11**

Documents, including without limitation e-mails and slides, sufficient to identify on a quarterly basis the quantity produced, total sales volume, and the revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product identified in response to Interrogatory No. 1 and the identification of all entities that purchased, licensed, sublicensed or leased such Agere Product and the volume and dollar amount purchased, licensed, sublicensed or leased by that entity.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**

All reports regularly supplied to Agere's management outlining some or all of the information requested in the preceding Request.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**

All project meeting minutes concerning the design, development, or testing of any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

13

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 14

All progress reports concerning the design, development, or testing of any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

14

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 15

All documents, including without limitation e-mails and slides, concerning any testing or analysis done by Agere or anyone else to determine whether, or that may have revealed whether, any Agere Product infringes any of the GE Patents.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce responsive, relevant, and non-privileged documents in its possession.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

15

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 16

All documents, including without limitation e-mails and slides, relating to any plan or attempt by Agere to redesign any Agere Product.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

16

**REQUEST FOR PRODUCTION NO. 17**

All documents, including without limitation e-mails and slides, relating to or discussing any attempt to avoid infringement of any of the GE Patents.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**

All documents, including without limitation e-mails and slides, relating to any contention by Agere that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents.

17

**RESPONSE:**

Defendant objects to this request because it calls for production of documents regarding questions of law. Defendant objects to this request as premature because it calls for production of documents regarding Defendant's contentions or legal positions in this litigation before Defendant has obtained information through discovery, including from Plaintiff, that is necessary for Defendant to respond. Additionally, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 19**

All documents, including, but not limited to, e-mails, presentation materials, slide presentations, press releases, customer success stories, reference account testimonials, analyst reports, notes, and handouts used in the introduction and/or promotion of any Agere Product identified in response to Interrogatory No. 1.

18

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 20**

All documents, including without limitation e-mails and slides, referring or relating to the matters alleged in GE Licensing's Complaint and Agere's Answer and Counterclaims.

**RESPONSE:**

Defendant objects to this request because it calls for production of documents regarding questions of law. Defendant objects to this request as premature because it calls for production of documents regarding Defendant's contentions or legal positions in this litigation before Defendant has obtained information through discovery, including from Plaintiff, that is necessary for Defendant to respond. Additionally, Defendant objects to this request because it seeks

19

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 21

All documents, including without limitation e-mails and slides, relied upon or consulted by Agere in preparing Agere's Answer and Counterclaims or answers to interrogatories served by GE Licensing to Agere.

## RESPONSE:

Defendant objects to this request because it calls for production of documents regarding questions of law. Defendant objects to this request as premature because it calls for production of documents regarding Defendant's contentions or legal positions in this litigation before Defendant has obtained information through discovery, including from Plaintiff, that is necessary for Defendant to respond. Additionally, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 22**

Plaintiff's First Set of Requests for Production of Documents and Things did not contain a Document Request No. 22.

**REQUEST FOR PRODUCTION NO. 23**

All documents, including without limitation e-mails and slides, sufficient to identify all customers, distributors, suppliers, resellers, seller's agents or independent sales representatives, and manufacturers of each Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

the discovery of admissible evidence.  Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine,

and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular,

General Objection No. 7 and Defendant's Response to Interrogatory No. 1.  Defendant is willing

to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth

above, and once the parties have agreed upon the proper scope of the term "Agere Product,"

Defendant will produce relevant and non-privileged documents in its possession, to the extent

any exist, that are responsive to this request.

### REQUEST FOR PRODUCTION NO. 24

All documents, including without limitation e-mails and slides, referring or relating to

Agere's market share for each Agere Product identified in response to Interrogatory No. 1,

including, but not limited to, all competitive analyses, press releases, financial reports, financial

performance analyses, business plans, and similar documents that refer or relate to Agere's

projected and actual financial performance.

### RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly

burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

the discovery of admissible evidence.  Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 25**

All documents, including without limitation e-mails and slides, referring or relating to comparisons between any Agere Product and other products of other companies.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

23

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 26

All documents, including any Prior Art, that Agere contends are relevant to the scope or meaning of any of the claims of the GE Patents.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

24

**REQUEST FOR PRODUCTION NO. 27**

All searches, studies, opinions, evaluations, or infringement investigations made in connection with any domestic or foreign patents, literature, or other published materials, relating in any manner to any alleged invention disclosed, described, or claimed in the patents-in-suit, and all documents referring or relating to such searches, studies, opinions, or evaluations, including but not limited to issues of novelty, patentability, validity, enforceability, or enforceable scope of the patents-in-suit.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

25

**REQUEST FOR PRODUCTION NO. 28**

All documents on which Agere may rely in support of any contention that it does not infringe the GE Patents.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 29**

All documents on which Agere may rely in support of a contention that it does not willfully infringe the GE Patents, including any opinions of counsel.

26

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.


**REQUEST FOR PRODUCTION NO. 30**

All documents, including without limitation e-mails and slides, given to Agere or disseminated by Agere at any presentation or meeting, relating to GE Licensing, Motorola, Inc., the GE Patents and/or the possibility that any Agere Product might infringe the GE Patents, including but not limited to booklets, analyses, claim charts, memoranda, or other documents used or exchanged in connection with such presentation or meeting.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection Nos. 7 and 8 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 31**

All documents, including without limitation e-mails and slides, referring or relating to any communication between Agere and any third party relating to any Agere Product and any evaluation boards relating to those products, including, but not limited to, their structure, design, development, function, operation, manufacture, marketing and sale.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 32**

All documents, including without limitation e-mails and slides, referring or relating to any co-development or co-development agreement between Agere and a third party concerning any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection Nos. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 33

To the extent available, English Translations of any foreign language documents produced in response to these Requests For Production.

## RESPONSE:

Defendant objects to this request as duplicative of Plaintiff's other requests. Responsive, non-privileged English language documents, to the extent available, will be produced in response to each of Plaintiff's other requests.

## REQUEST FOR PRODUCTION NO. 34

All keys, codes, explanations, manuals, and other documents necessary to the interpretation or understanding of the financial and technical documents produced in response to these Requests For Production.

30

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 35**

All documents constituting, referring to, or relating to any communications, including confidential communications, between Agere and GE Licensing.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

31

Dated: September 17, 2007            TOWNSEND AND TOWNSEND AND CREW, LLP

                                     _____
                                     David E. Sipiora
                                     Ian L. Saffer
                                     Chad E. King
                                     1200 17th Street, Suite 2700
                                     Denver, Colorado 80202
                                     Telephone: (303) 571-4000
                                     Facsimile: (303) 571-4321
                                     Email: desipiora@townsend.com
                                     Email: ilsaffer@townsend.com
                                     Email: ceking@townsend.com

                                     YOUNG CONAWAY STARGATT & TAYLOR
                                     Josy W. Ingersoll
                                     John Shaw
                                     Chad Stover
                                     The Brandywine Building
                                     1000 West Street, 17th Floor
                                     Wilmington, DE 19899-0391
                                     Telephone: 302-571-6600
                                     Facsimile: 302-571-1253
                                     Email: jingersoll@ycst.com
                                     Email: jshaw@ycst.com
                                     Email: cstover@ycst.com

                                     **ATTORNEYS FOR AGERE SYSTEMS INC.**

32

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (NOS. 1-35)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131409 v2

33

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170-JJF |
| v. | ) | |
| | ) | |
| AGERE SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO
PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS AND TANGIBLE THINGS (NOS. 36-44)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Agere Systems Inc.

("Defendant") responds to CIF Licensing, LLC's ("Plaintiff") First Set of Requests for

Production of Documents and Tangible Things (Nos. 36-44) ("Plaintiff's Requests"), stating as

follows:

**GENERAL STATEMENTS AND OBJECTIONS**

1.      The following responses are made solely for the purpose of this action and are subject to

all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and

any and all other objections and grounds which would or could require or permit the exclusion of

any statement or document or part thereof from evidence, all of which objections and grounds

are reserved and may be interposed at the time of trial.

2.      Subject to the specific and general objections listed herein, Defendant will respond to

each document request with any existing responsive, non-privileged documents currently in its

possession, custody, or control. By stating in these responses that it will produce documents, Defendant does not represent that any document actually exists, but rather, that it has and will make a diligent search and reasonable inquiry to ascertain whether documents responsive to the requests do, in fact, exist.

3.     Defendant will produce its confidential documents and information or documents containing trade secret information only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.     The following responses are based on information and documents available to Defendant as of the date of service. Discovery is continuing in this case, and accordingly the responses are subject to change. Defendant reserves the right to change, amend, or supplement the responses herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 34 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.     Defendant objects to Plaintiff's requests to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.     Defendant objects generally to Plaintiff's Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

2

7.    Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's document requests overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's Interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Defendant cannot respond to such discovery requests until Plaintiff provides a more reasonable scope for discovery in this case.

8.    Defendant objects to Plaintiff's Requests that seek documents concerning Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide responsive documents to any Requests that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.    Defendant objects to any request for production of documents related to sales, marketing, products, accounting, financial information, or manufacturing to the extent that responsive documents are dated prior to March 23, 2001 because these documents are outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 36

All documents, including without limitation e-mails and slides, referring or relating to any license or other authorization that Agere purportedly has or had for any Agere Product to practice any of the patents in suit, whether such license or authorization purportedly comes from or through GE Licensing, Motorola, Inc., Lucent Technologies Corp., Altocom, Inc., Broadcom, Inc., or any other entity.

### RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

4

## REQUEST FOR PRODUCTION NO. 37

All documents, including without limitation e-mails and slides, referring, relating to, or supporting Agere's statement made in the July 30, 2007 proposed Scheduling Order and statements made by Agere's counsel during the Scheduling Hearing of August 1, 2007 that Agere purports to have a "license defense."

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 38

All documents constituting, referring to, or relating to any communications, including confidential communications, between Agere and Altocom, Inc. and Agere and Broadcom, Inc. that bear in any way on Agere's purported license defense.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 39**

All other documents that bear in any way on Agere's purported license defense, including without limitation e-mails and slides, referring or relating to Agere Products (including without limitation those documents referring or relating to any intellectual property, know-how, technology, source code, components, plans, knowledge or other information, products or services incorporated into or used in the design, manufacture or sale of Agere Products) received from GE Licensing, Motorola, Inc., Lucent Technologies Inc., AltoCom, Inc. or Broadcom Corp.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Products."

6

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 40

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to any license of patent rights or transfer of license rights related to any Agere Product, including without limitation agreements with or between any of Agere, Lucent Technologies Inc., Atlas Acquisition Corp., LSI Logic Corp., LSI Corp., AltoCom, Inc. and Broadcom Corp.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product,"

7

Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 41

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to the formation and corporate structure of Agere, including without limitation all documents constituting, referring to, or relating to the transfer of assets from Lucent Technologies Inc. to Agere, the merger of Agere and Atlas Acquisition Corp. and the ownership of Agere by LSI Logic Corp. or LSI Corp.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 42

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to assets, licenses and liabilities transferred to or from Lucent Technologies Inc. from or to Agere.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 43**

All documents, including without limitation e-mails and slides, referring or relating to a license defense and any proceeding in the United States or in a foreign country, including, but not limited to, litigation (including but not limited to the litigation captioned "In re Townsend Patent Litigation, Townsend Intellectual Property, L.L.C. v. Agere Systems, Inc." before the U.S. District Court for the Northern District of California docket No. 5-02-CV-4833), arbitration or dispute, contested proceeding or charge of infringement (whether formal or informal), pending or threatened, that in any way relates to Agere or Agere Products, components thereof, or products containing same, including, but not limited to, settlement agreements, deposition transcripts, hearing transcripts, pleadings and discovery responses from such proceeding.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

9

the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Furthermore, to the extent the information is not privileged, much of the requested information is readily available through more convenient, publicly-accessible sources such as PACER.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 44**

All documents constituting, referring to, or relating to any standard promulgated by the ITU Telecommunication Standardization Sector (ITU-T) or any other standards organization, including without limitation the V.17, V.29, V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34 extended rate, V.34bis, V.34 plus, X2, K56 Flex, V.90 and V.92 standards, including without limitation any documents referring or relating to any Agere Product identified in response to Interrogatory No. 1 meeting or complying with such standard(s).

10

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Furthermore, much of the requested information is in Plaintiff's possession or readily available through more convenient, publicly-accessible sources.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

Dated: September 17, 2007        TOWNSEND AND TOWNSEND AND CREW, LLP

David B. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: desipiora@townsend.com
Email: ilsaffer@townsend.com
Email: ceking@townsend.com

11

YOUNG CONAWAY STARGATT & TAYLOR
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com

**ATTORNEYS FOR AGERE SYSTEMS INC.**

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (NOS. 36-44)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131416 v1

13

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a
GE LICENSING,

            Plaintiff,

    v.

AGERE SYSTEMS INC.,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. 07-170-JJF

**JURY TRIAL DEMANDED**

## PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT AGERE SYSTEMS INC. (NOS. 1-30)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CIF

Licensing, LLC, d/b/a GE Licensing ("GE Licensing") hereby directs the following

interrogatories to Defendant Agere Systems Inc. ("Agere"). These interrogatories are to be

answered fully and separately, in writing, and under oath by an officer or agent of Agere

authorized to give answers on its behalf. Answers to these interrogatories must be served at the

offices of McDermott Will & Emery LLP, 600 13th Street, N.W., Washington, D.C. 20005-

3096, 30 days after service hereof, as prescribed by Rule 33.

## DEFINITIONS

The following definitions shall apply to the document requests that follow:

1. The terms "Agere," "You" or "Defendant" shall mean Defendant Agere Systems Inc., its

parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture

to which it is a party, or other affiliated entities, and each of its employees, agents, officers,

directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time and including, without limitation, LSI Logic Corp.

2.   The terms "CIF Licensing, LLC," "GE Licensing" or "Plaintiff" shall refer to CIF Licensing, LLC, its parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture to which it is a party, or other affiliated entities, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

3.   The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

4.   The terms "any" or "each" shall be construed to include and encompass "all."

5.   The term "date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

6.   The terms "document" or "documents" are used in the broadest possible sense and include, without limitation, all originals, copies, drafts, and recordings of any written, typewritten, printed, graphic, electronic, digital or otherwise recorded matter, including forms of information translatable or convertible into a reasonably usable form. "Document" or "documents" include, without limitation, the following items: electronic mail (e-mails); Microsoft PowerPoint slides and/or presentations; Microsoft Excel spreadsheets; Microsoft Word documents; agreements; communications, including intracompany communications; correspondence; letters; memoranda; records; books; summaries or handwritten notes or other records of personal conversations or interviews; diaries; laboratory notebooks; appointment books; manuscripts, either in final or draft form, whether complete or incomplete and whether published or not; grant or project proposals; forecasts; statistical statements; any and all forms of

data; meeting abstracts; slides; graphs; charts; diagrams; maps; blueprints; tables; indices; pictures; audio or visual recordings; tapes; magnetic discs; printed cards; programming instructions; assembly diagrams; schematic diagrams; manuals; films; assay results and reports; charges; accounts; invoices; analytical records; reports, records or summaries of meetings or conferences; reports, records or summaries of consultants; reports, records or summaries of negotiations; brochures, pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projectable images, including transparent overheads or slides; any other document or writing or form of information convertible into a document, including information contained within or accessible by a computer or computer accessory and the underlying documents supporting computer entries.

    7.   The terms "entity" or "entities" include natural persons, proprietorships, partnerships, firms, private corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the United States or any state or local government), all departments and agencies thereof, and any governmental agencies of any country, political subdivisions, groups, associations, or organizations.

    8.   The term "identify," when used with respect to any natural person, means that the following information shall be provided; the person's full name; last known home address; last known business address and telephone number; last known title or occupation; and last known employer.

    9.   The term "identify," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, means that the following information shall be provided: the entity's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity.

10. The terms "GE Patents," "patents-in-suit," or "patents-at-issue" shall refer to United States Patent No. 5,048,054 ("the '054 Patent"), United States Patent No. 5,428,641 ("the '641 Patent"), United States Patent No. 5,446,758 ("the '758 Patent"), and United States Patent No. 6,198,776 (the '776 Patent").

11. "Agere Product(s)" shall mean any modem, hardware modem, soft-modem or modem chip set product, component thereof, or product containing same, made or sold by Agere, including, but not limited to, SV92A3, SV92PP, SV92U2, SV92EX, DP3, CFAX17, CFAX34, CV92, CV34, and CV22 and components thereof, and/or products containing the same.

12. A document, thing, or communication "relating to" or "related to" a given subject means all documents and things or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in my way pertinent to that subject.

13. The use of word "the" shall not be construed as limiting the scope of any interrogatory.

14. The terms "thing" or "things" refer to any tangible object other than a document as defined herein, and includes objects of every kind and nature.

15. Use of the singular is also to be taken to include the plural, and vice-versa.

## INSTRUCTIONS

The following instructions apply:

A.     If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. With regard to the production of documents, when there is no objection to the production of a document other than privilege, each document so withheld should be separately

identified in a privileged document list. The privileged documents list must identify each document separately, specifying for each document at least the following: (1) the date that the document was created; (2) the sender(s); (3) the recipient(s), including copy recipients; (4) the general subject matter of the document; and (5) the portion(s) of the document as to which privilege is claimed (*e.g.*, one sentence, one paragraph, entire document, etc.) The sender(s) and recipient(s) shall be identified by position and entity (corporate or firm, etc.) with which they are employed or associated. If the sender or recipient is an attorney or a foreign patent agent, he or she should be so identified. In the case of a foreign patent agent, there should be a statement of whether the laws of the agent's country grant privileged status to an agent's communication. The type of privilege claimed must also be stated, together with certification that all elements of the claimed privilege have been met and not waived with respect to each document.

B.     If Agere objects to any subpart of a request for information or objects to providing certain information requested, state Agere's objection(s) and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

C.     If any of the following requests for information cannot be responded to in full after exercising reasonable diligence to secure the information, please so state, supply the information for those portions Agere is able to answer, and supply whatever information Agere has concerning the portion which cannot be answered in full. If any answers are qualified in any particular respect, set forth the details of such qualification.

D.     To the extent that requests for information involve the identification of documents, all responsive documents, wherever located, in the possession, custody, or control of Agere, including any documents contained in any personal files of present or past employees of

Agere, are included. Copies of documents that are not identical duplicates of the original document because of markings, handwritten notations or other differences should be considered separate documents. English translations or partial translations of foreign language documents should also be considered separate documents.

    E.    Discovery requests are continuing in nature and, pursuant to the Federal Rules of Civil Procedure, Agere is under a duty to seasonably amend a prior response to an interrogatory or request for production if Agere learns that the response is in some material respect incomplete or incorrect.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**

    Identify each and every Agere Product ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, or marketed.

### **INTERROGATORY NO. 2**

    Identify each entity that is or has been involved in any way in the design, development, manufacturing, assembly, marketing, sales and/or distribution of each Agere Product identified in response to Interrogatory No. 1, including the name and location of such entity, its relationship with Agere, identification of any licenses or other agreements with such entity, as well as a narrative description of each such involvement (including the location of any such involvement) of each such entity.

**INTERROGATORY NO. 3**

State precisely when Agere commenced any activities, projects or programs, whether formal or informal, directed to the design and development of each Agere Product identified in response to Interrogatory No. 1, including a description of the activities, projects and/or programs (including their objectives and results), and, for each such activity, identify the person(s) knowledgeable about such activities, the person(s) involved in such activities, and state precisely where such activities were undertaken.

**INTERROGATORY NO. 4**

Identify the three persons most knowledgeable about the structure, design, development, function, and operation of each Agere Product identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 5**

Identify the three persons most knowledgeable about the manufacture and/or assembly of each Agere Product identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 6**

Identify the three persons most knowledgeable about the marketing, sale and distribution of each Agere Product identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 7**

Describe any activities of Agere with respect to the design, development, fabrication, manufacture, assembly and/or testing of Agere Products, components thereof, or products containing same.

**INTERROGATORY NO. 8**

Describe any activities of Agere with respect to the marketing, sales and/or distribution of Agere Products, components thereof, or products containing same.

**INTERROGATORY NO. 9**

For each Agere Product, component thereof, or product containing same identified in Your answer to Interrogatory No. 1, identify the quantity produced, total sales volume, unit prices, purchaser, and the revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product, component thereof, or product containing same.

**INTERROGATORY NO. 10**

Describe any testing or analysis done by Agere or any other entity to determine whether, or that may have revealed whether, any Agere Product identified in response to Interrogatory No. 1 infringes any of the GE Patents, and identify all persons who performed, directed, or observed such tests and/or analyses, and provide the dates of any such tests and/or analyses, and identify any documents, such as reports, showing their results.

**INTERROGATORY NO. 11**

Describe any plans or attempts by Agere to redesign any Agere Product identified in response to Interrogatory No. 1, and identify the person(s) knowledgeable of and the person(s) involved in any such plans or attempts, and identify all documents that refer to or relate to any such plans or attempts.

**INTERROGATORY NO. 12**

State whether Agere contends that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents and, if so, for each such claim identify all legal and factual bases for each such contention, and how the identified documents, things, facts or knowledge support this assertion, and identify all people with knowledge thereof and all documents that support or refute Your contention.

## INTERROGATORY NO. 13

If Agere contends that it has not willfully infringed the GE Patents, describe each fact that supports or refutes that contention and, with respect to each such fact, identify all people with knowledge thereof, and each document relating to that fact, including any opinions of counsel upon which Agere may rely.

## INTERROGATORY NO. 14

Describe any statements, oral or written, by Agere concerning or relating to any GE Patent, and identify all documents containing or evidencing such statements.

## INTERROGATORY NO. 15

Separately and with respect to each of the GE Patents, describe the circumstances under which Agere first became aware of the patent and identify each past and present director, officer, employee, representative or agent of Agere, including Agere's in-house and outside counsel, involved in such circumstances.

## INTERROGATORY NO. 16

State whether Agere has ever taken any position regarding the validity, enforceability, or infringement by Agere of any of the GE Patents and, if so, describe (a) the position and the circumstances in which that position was taken, (b) the specific bases for each such position, (c) the identity of all documents or prior art relating to those bases, and (d) how those documents and that prior art support such position.

## INTERROGATORY NO. 17

State whether Agere has ever been informed or concluded that any of the GE Patents is invalid, unenforceable, or not infringed by Agere, and, if so, identify the person(s) and/or entity that so informed Agere, or so concluded, the information communicated to Agere and the

circumstances under which Agere was so informed, or so concluded, identify all documents or prior art relating to what Agere was informed, or so concluded, and explain the relationship of those documents and such prior art to the information Agere was provided or considered.

## INTERROGATORY NO. 18

Identify all opinions, advice, analyses or communications, whether written or oral, relating to the enforceability, validity or infringement of any of the GE Patents, and identify the person(s) who provided the opinion, advice, analysis or communication, the person(s) to whom the opinion, advice, analysis or communication was provided, the date such opinion, advice, analysis or communication was provided and describe the substance of the opinion, advice, analysis or communication which was provided and identify all documents relating to the opinion, advice, analysis or communication provided.

## INTERROGATORY NO. 19

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 101, and, if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 101 upon which this assertion is based and the documents, things, facts or knowledge upon which each such assertion is based, and explain in detail how the identified documents, things, facts or knowledge support this assertion.

## INTERROGATORY NO. 20

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 102, and, if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 102 upon which this assertion is based and the documents, things, facts or knowledge upon which each such assertion is based, and explain in detail how the identified documents, things, facts or knowledge support this assertion.

**INTERROGATORY NO. 21**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to 35 U.S.C. § 103, and if so, with respect to each such claim identify all documents, things, facts or knowledge upon which Agere bases this assertion and explain in detail how the identified documents, things, facts or knowledge support Agere's assertion, including identification of how the identified documents, things, facts or knowledge disclose specific claim elements, and identify what suggestion, motivation, or knowledge in the relevant art supports Agere's application of 35 U.S.C. § 103.

**INTERROGATORY NO. 22**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 112, and if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 112 of the Patent Act upon which this assertion is based and the documents, things, facts or knowledge upon which Agere bases this assertion, and explain in detail how 35 U.S.C. § 112 is not satisfied by the claim, and how the identified documents, things, facts or knowledge support this assertion.

**INTERROGATORY NO. 23**

State whether Agere contends that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents and, if so, for each such claim identify all legal and factual bases for each such contention, and how the identified documents, things, facts or knowledge support this assertion.

**INTERROGATORY NO. 24**

Identify in detail all facts that support Agere's second affirmative defense of "Legal Justification" and identify any documents that Agere claims support that defense.

**INTERROGATORY NO. 25**

Identify in detail all facts that support Agere's fourth affirmative defense of "Laches/Waiver/Estoppel" and identify any documents that Agere claims support that defense.

**INTERROGATORY NO. 26**

Identify in detail all facts that support Agere's sixth affirmative defense of "Prosecution History Estoppel" and identify any documents that Agere claims support that defense.

**INTERROGATORY NO. 27**

Identify in detail all facts that support Agere's seventh affirmative defense and ninth counterclaim of "Unenforceability" and identify any documents that Agere claims support that defense and counterclaim.

**INTERROGATORY NO. 28**

Identify all persons who Agere expects will offer testimony on its behalf at the trial in this case, including, without limitation, any expert witness and state the substance of the facts or opinions to which each person is expected to testify.

**INTERROGATORY NO. 29**

Describe all Agere's policies and practices with respect to the filing, storage, retention and destruction of documents from August 2000 to the present, and person(s) most knowledgeable regarding each policy and to the extent it is followed.

**INTERROGATORY NO. 30**

Identify each legal action, including but not limited to any action before the U.S. Patent and Trademark Office, the International Trade Commission, and any federal, state or foreign court, concerning any of the Agere Products. For each such action, identify the case number, the court and presiding judge, the parties to the action, and all pleadings and other documents filed in

the action and all depositions conducted, including the name of the deponent and date of the

deposition.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8327

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

Dated:  August 17, 2007
313298

- 13 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 17, 2007, true and correct

copies of the within document were served on the following counsel of record at the addresses

and in the manner indicated:

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com

### BY E-MAIL

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT F

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Denver

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel 303.571.4000
Fax 303.571.4321

ceking@townsend.com

October 4, 2007

### *VIA EMAIL AND U.S. MAIL*

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Email: mconnelly@mwe.com

Re: *CIF Licensing, LLC d/b/a GE Licensing ("GE") v. Agere Systems, Inc. ("Agere")*

Dear Mike:

We are in receipt of GE's responses to Agere's First Set of Interrogatories and First Set of Requests for Production. With respect to the former, a number of the responses – including responses nos. 1-4 and 12 – contain an objection to contention-style interrogatories "at this early stage of the litigation" and state that GE "will respond on a mutually agreed-upon date for all contention interrogatories." We do not necessarily agree that Agere's contention interrogatories are improper at this stage of the litigation. Nevertheless, in the spirit of compromise and to facilitate the efficient progress of discovery, we are willing to agree to a schedule for more complete responses to these and the other interrogatories to which GE did not provide a substantive response, as outlined below.

As the patentee and the plaintiff in this action, GE bears the burden of identifying the asserted claims, its proposed construction of the terms in those claims, the accused products, and its mapping of the construed claims to the accused products before Agere must state its non-infringement, invalidity, and unenforceability positions. Indeed, Agere cannot do so until its knows which claims are in issue and how GE construes those claims. Consequently, we propose that GE Licensing provide complete responses to Agere's interrogatories, including specifically those listed above, by November 1, 2007. Assuming the GE provides those responses, we further propose that Agere respond to the contention-style interrogatories in GE's First and Second Sets of Interrogatories – including specifically non-infringement, invalidity, and unenforceability contentions – by December 20, 2007.

With respect to GE's responses to Agere's First Set of Requests for Production, most of the responses state that GE "will produce responsive, relevant, and non-privileged documents in its possession, if any." Please advise when, where, and in what format (paper, PDF, etc.) GE Licensing proposes to produce the documents. We will review your proposal and let you know whether we find it agreeable, and when and in what format we propose that Agere produce documents in response to GE's requests. Finally, please provide comments on the most recent

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Michael W. Connelly
October 4, 2007
Page 2

draft of the stipulated protective order so we may file it with the Court in anticipation of the production of documents by the parties and third parties.

We are available to confer further with you on these issues by phone. Please let us know if you would like to do so, and if so, please propose a date and time. Thank you for your anticipated cooperation.

Sincerely,

Chad E. King

CEK/lbb

61169676 v1

EXHIBIT G



| | "King, Chad E." <ceking@townsend.com> 10/10/2007 01:49 PM | To | "Michael W Connelly" <mconnelly@mwe.com> |
| | | cc | <provner@potteranderson.com>, <jshaw@ycst.com>, <CStover@ycst.com>, "Saffer, Ian L." <ilsaffer@townsend.com>, "Sipiora, David E." |
| | | bcc | |
| | | Subject | Outstanding discovery issues |

History:  ⤺ This message has been replied to.

Mike,

I write to follow up on the letter I sent to you on October 4, 2007. In that letter, we proposed a schedule for serving contention interrogatory responses and requested that you propose a date and other details for the production of documents responsive to our document requests. In that letter, I also asked for your comments on the latest draft of the protective order, which we sent to you on September 20, 2007.

I do not believe we have received any response from you to our letter, and we therefore would like to meet and confer with you by phone regarding the issues raised in that letter. Please provide me with a list of times you are available today or tomorrow to discuss these issues.

Thanks.
Chad

_____

Chad King
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
Phone: 303.571.4000 I FAX: 303.571.4321
mailto:ceking@townsend.com I http://www.townsend.com

**Offices in:**
**Denver | Palo Alto | San Diego | San Francisco | Seattle | Tokyo | Walnut Creek**

This message and any attachments may contain privileged and/or confidential information. If you are not the intended recipient or have received this message in error, any use or distribution is strictly prohibited. Please notify us immediately by return e-mail and delete this message from your computer system. Thank you.

# EXHIBIT H

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIDGESTONE SPORTS CO.,      )
LTD and BRIDGESTONE GOLF,    )
INC.,                        )
                             )
          Plaintiffs,        )
                             )  C.A. No. 05-132 JJF
     v.                      )
                             )
ACUSHNET COMPANY,             )
                             )
          Defendant.         )


                    Friday, January 13, 2006
                    3:37 p.m.
                    Courtroom 4B


                    844 King Street
                    Wilmington, Delaware


BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
         United States District Court Judge



APPEARANCES:


          MORRIS, NICHOLS, ARSHT & TUNNELL
          BY:  JACK BLUMENFELD, ESQ.

                    -and-

          SUGHRUE MION, PLLC
          BY:  ROBERT M. MASTERS, ESQ.
          BY:  STEVEN M. GRUSKIN, ESQ.
          BY:  RAJA M. SALIBA, ESQ.

             Counsel for the Plaintiffs

2

APPEARANCES CONTINUED:


            POTTER, ANDERSON & CORROON, LLP
            BY:  DAVID E. MOORE, ESQ.


                    -and-

            HOWREY, LLP
            BY:  MATTHEW MOORE, ESQ.
            BY:  BRIAN S. SEAL, ESQ.

                    Counsel for Defendant

10

1    the specific combination of prior art, and why it

2    would have been obvious to make such

3    combinations.

4                   That's Number 1.  And that cites the

5    Gruskin letter.

6                   There are a number of responsive

7    facts.  And then the key word when a judge reads

8    these kind of letters, however.  See, that's a

9    bad thing to do, because it sets me up to go back

10   and look at the first request, the prior art

11   combinations.

12                  However, which Bridgestone must

13   produce including facts supporting any claim or

14   commercial success, long-felt need, et cetera.

15   Acushnet is entitled to the production of

16   documents.  I agree, and the application will be

17   granted.

18                  The next issue, production of

19   development data.  That's going to be granted.

20                  The production of development data

21   for Bridgestone's patents and the accused

22   Bridgestone golf balls including e-mail and

23   documents from the personal files of the named

24   inventors.

11

1          Now, that was ordered before.  And,

2     I guess, after the 30(b)6, there's some question

3     that it wasn't -- the information wasn't properly

4     polled or something.

5          So I'm going to grant that request

6     and order it be produced in ten days.  If there's

7     no production or if there's a belief that the

8     production is inadequate, I'll entertain a search

9     proposal by an independent contractor, and it can

10    include interviewing of personnel.

11         I'll entertain any idea that you

12    think will expose the failure to comply with my

13    order.  If there's one document after that search

14    proposal is ordered that's found, I'll entertain

15    a second application for serious sanctions.

16         So next is production of data on the

17    Titleist HP Eclipse and Tour Distance golf balls.

18    That's granted and should be produced within 20

19    days.

20         As to the last request, detailed

21    infringement contentions, infringement in the

22    request itself, it cites the February date.  So

23    I'm not going to entertain any application on

24    that, because I'm going to -- I've concluded that

12

1    that's premature.

2              But certainly it's not an

3    unreasonable request.  I guess you're just going

4    to have to wait.

5              You're getting pushed up against

6    dates, which seems to be part of your

7    interaction.  Okay.

8              That resolves the two letters and

9    the motions that were filed.  And I'll now

10   entertain questions.

11             MR. MOORE:  Your Honor, one question

12   about the representative claims motion that was

13   denied.  You said that we could file again on

14   May 1st, or --

15             THE COURT:  Yes.

16             MR. MOORE: -- do you want the

17   briefing done by May 1st for representative

18   claims by around May 1st?

19             THE COURT:  Here's what I want you

20   to do.

21             MR. MOORE:  Okay.

22             THE COURT:  I want you -- because

23   we're going to get ready for the Markman hearing.

24             MR. MOORE:  Yes.

13

```
 1              THE COURT:  So if the Markman
 2    hearing is going to be about claim construction,
 3    we ought to know what claims are in the case, the
 4    representative claims.  So I have to know what
 5    the representative claims are by May 1, so that
 6    you can prepare for the July Markman.
 7              MR. MOORE:  Okay.  So we agree
 8    representative claims will be picked by May 1?
 9              THE COURT:  Yes.
10              MR. MOORE:  Okay.  Thank you.
11              THE COURT:  Is that helpful?
12              MR. MOORE:  Will that is the date to
13    bring the motion, or we could bring it earlier or
14    before representative claims on that date.  Do
15    you have an idea of what number of claims you're
16    thinking about?
17              THE COURT:  Two.
18              MR. MOORE:  Perfect.
19              THE COURT:  But you can expand on
20    that if you want.  Now, I have no idea.
21              I've read what you said and I mean,
22    I understand there's a little different view
23    about whether the case is complex or how many
24    claims you should have in.
```

14

```
 1                   I can tell you that I've listened to
 2        a couple of Federal Circuit judges who agree that
 3        district judges have the authority to do that.
 4        And they've talked about, like, taking hundreds
 5        of claims and reducing them to, like, 15 to 20.
 6                   And then they've debated.  I've
 7        heard them go back and forth.
 8                   I think you have to make a proposal
 9        and then I have to -- I can order a proposal be
10        submitted.  Then I can listen to each side, and
11        then I'll decide what I think will work in this
12        case.
13                   And then I think it's an abuse of
14        discretion standard.  So I'm -- what I'm trying
15        to tell you is I'm open.
16                   MR. MOORE:  Okay.  Great.
17                   Thank you.
18                   THE COURT:  Does that help?
19                   MR. MOORE:  Yes.
20                   MR. BLUMENFELD:  Your Honor, we had
21        one question.  On the Bridgestone letter, the
22        third item, the golf ball components, we just
23        weren't exactly clear as to what you ordered
24        Acushnet to do.
```

15

1              THE COURT:  Okay.  Let's go back to

2    the Bridgestone letter.  And that's -- we're

3    talking about testing.

4              MR. BLUMENFELD:  Right.

5              THE COURT:  And I'm not going to

6    dictate how you're going to -- because I don't

7    know enough, I'm not going to dictate a specific

8    method to accomplish the testing.

9              That's essentially what I'm saying.

10   And I gave an example that I understand what the

11   problem is.

12             That even if you took two balls, and

13   tested them simultaneously with your own testers,

14   you know, you could even get a different result,

15   or that's maybe the way to resolve it.

16             What I think is that the balls have

17   to be tested, though, by both sides, if both

18   sides want to test them in a compressed time

19   period under the same conditions.  How you agree

20   to do that is your business.

21             If you can't agree, I've given you

22   what I'm thinking.  If you can't agree, then

23   you'll each have to submit a specific proposal,

24   and I'll choose.

28

```
 1              MR. MOORE:  Just one more
 2     clarification, while we are all together here.
 3              THE COURT:  Sure.
 4              MR. MOORE:  The detailed
 5     infringement contentions to date, we gave it
 6     months ago.  We gave our actual measurements on
 7     balls, and we expected that you'd order the
 8     detailed contentions.  But you said they would be
 9     due the last day of supplements, February 28th.
10              Are we going to get their actual
11     measurements, because right now the one thing
12     we're, frankly, frustrated with, I don't know
13     anything more about their infringement case then
14     I did the day they filed the complaint.
15              We're seven months into discovery,
16     and I have learned nothing about their
17     infringement case.  And two things will be
18     critical when we're getting ready for Markman.
19              One, we need to know which are
20     literal, which are DOE, and because our
21     measurements are showing us we don't infringe.
22              The other factor that's going to be
23     key for claim construction in this case is how
24     they perform the test, because I've got a feeling
```

29

 1    they're doing a test that Japanese companies do.

 2    We're doing a test that U.S. companies do.

 3              And the testing methods are

 4    different.  Can we get in our detailed

 5    infringement contentions also how not just the

 6    data, the actual measurements, but how the tests

 7    are performed, because that's going to be a key

 8    issue for Markman when it's talking about

 9    hardness, how do you measure that hardness.

10              The company's -- it seems based on

11    what our data is showing us where we don't

12    infringe that how the measurements were formed is

13    going to be critical for claim construction

14    issues.

15              THE COURT:  Well, remember when I

16    gave my brief statement in opening here?

17              MR. MOORE:  Yeah.

18              THE COURT:  And I referenced the

19    February date.  I think I did.

20              MR. MOORE:  Yes.

21              THE COURT:  Didn't I?  Okay.

22              All this for me is not timely, but I

23    do expect that the infringement contentions will

24    be complete by that February date.  So you should

30

1    have complete contentions by that date.

2                    If you don't, then you are going to

3    have to come back to me.

4                    MR. MOORE:  Okay.

5                    THE COURT:  Does that answer your

6    question?

7                    MR. MOORE:  Yes.

8                    THE COURT:  February is the date.

9    In other words, I only have so many decisions in

10   me a month.

11                   This is, like, January 13th.  I

12   don't want to start using my February allotment

13   in January.

14                   MR. MOORE:  That's fine.

15                   THE COURT:  So I'm holding off.  But

16   I'll hear all that if they don't comply.  But

17   they understand they have to give you what it is

18   they contend by that date.

19                   MR. MOORE:  Okay.

20                   THE COURT:  Don't you?

21                   MR. MASTERS:  Yes, Your Honor.  We

22   do believe we have to give the final contention

23   at the end of February.

24                   But we have given them detailed

40

```
1                MR. MOORE:  Thank you.

2                THE CLERK:  All rise.

3                (Court was recessed at 4:10 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

41

```
 1    State of Delaware    )
                           )
 2    New Castle County    )

 3

 4

 5                    CERTIFICATE OF REPORTER

 6

 7            I, Heather M. Triozzi, Registered

 8    Professional Reporter, Certified Shorthand

 9    Reporter, and Notary Public, do hereby certify

10    that the foregoing record, Pages 1 to 41

11    inclusive, is a true and accurate transcript of

12    my stenographic notes taken on January 13, 2006,

13    in the above-captioned matter.

14

15            IN WITNESS WHEREOF, I have hereunto

16    set my hand and seal this 16th day of January,

17    2006, at Wilmington.

18

19

20

21                    Heather M. Triozzi, RPR, CSR

22

23

24
```