IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-170 (JJF) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |

## PROPOSED STIPULATED PROTECTIVE ORDER

It is hereby stipulated by the parties through their respective counsel of record that, pursuant to Federal Rule of Civil Procedure 26(c), the following protective order be entered by the Court:

1.  Designated Material.

    Provided that it meets the requirements of this paragraph below,

    (i)    any information or material produced, formally or informally, in response to a discovery request, including, without limitation,

    a.    depositions,

    b.    documents, information or things produced in response to requests for production of documents or things or in response to a subpoena,

    c.    answers to interrogatories,

    d.    responses to requests for admissions, and

    e.    all other discovery taken pursuant to the Federal Rules of Civil Procedure, and

(ii)   any information or material produced pursuant to any disclosure obligations imposed by the Federal Rules of Civil Procedure or the Court's local rules,

(iii)  any information or material disclosed or produced in connection with this action on an informal basis, and

(iv)   any material filed with the Court

may be designated for protection under this Order ("Designated Material"). Designations for protection under this Order may be made by a "Designating Person," defined herein to include (1) the person or entity producing, filing or disclosing or providing the Designated Material, including third parties, (2) any person or entity whose employee or representative produces, files, discloses, or provides the Designated Material, or (3) any party or third party if the Designated Material is produced, filed, disclosed, or provided by a third party, if the designating party or third party claims ownership of the Designated Material or an obligation to protect the confidentiality of the Designated Material. Nothing in this Order shall limit a party's right to use, copy, or disclose its own Designated Material, and nothing in this Order restricts the use, copying, or disclosure of Designated Material by the person or party who produced the Designated Material. All information or material derived from Designated Material by a person who received the Designated Material under this Order shall be subject to the same protections of this order as the Designated Material. The designation shall be either (1) "CONFIDENTIAL" or (2) "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY."

For purposes of this Order, "CONFIDENTIAL INFORMATION" means any confidential or proprietary technical, scientific, or business information that is not generally known and which the Designating Person normally would maintain in confidence and not reveal

to a third party. By way of example, and not limitation, CONFIDENTIAL INFORMATION may include trade secret or other confidential research, development, or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure. Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION. Before designating all or any portions of any document or information "CONFIDENTIAL," the Designating Person or its counsel shall make a good faith determination that protection is warranted under Rule 26(c) of the Federal Rules of Civil Procedure.

For purposes of this Order, material may be designated "CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY" only if it (1) constitutes a trade secret or meets the definition of "CONFIDENTIAL" material and (2) is of a particularly sensitive business or technical nature that would provide a significant advantage to competitors, including for example and without limitation, semiconductor device process recipes, financial terms of licensing agreements, schematics for products that are currently in development, business plans, new product development, new business development, trade secrets, data and data formats, competitor market analyses, customer lists, internal financial/accounting information, operations information, agreements with sales representatives, pricing information, business relationships with third parties, and technical information relating to the design, development, manufacture, and operation of any Disclosing Person's semiconductor devices and process recipes.

Notwithstanding the fact that a document or category of documents is specifically called out above, each party specifically reserves its rights to object to the production of documents on grounds other than confidentiality.

2.    <u>Access to Designated Material</u>.

Except with the prior written consent of the parties or upon prior order of the Court obtained upon noticed motion, a party or its counsel that receives Designated Material (a "Receiving Party") shall not disclose the Designated Material except as expressly permitted in this Order. A Receiving Party shall not disclose Designated Material for any purposes (including without limitation, business, technical, or patent prosecution purposes) other than the litigation of this action. A Receiving Party may produce, provide, disclose, or summarize Designated Material only as follows:

a.    <u>Parties</u>. A Receiving Party may disclose material or information designated "CONFIDENTIAL" to (i) in-house counsel and no more than three (3) officers, directors, and/or employees (other than in-house counsel) of the Receiving Party provided that any such person to whom such material or information is disclosed has signed an Undertaking in the form of Exhibit A hereto and (ii) to those individuals to whom material designated "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed under the terms of the sub-paragraphs below.

b.    <u>Counsel</u>. A Receiving Party may disclose all Designated Material to outside counsel of record for the Receiving Party, their legal associates, their regularly employed office staffs, and any contractors hired by outside counsel of record for a business purpose (e.g. independent photocopying services, court reporters, and videographers, but not technical or damages-related consultants, who are discussed below). For clarification, the Receiving Party may not disclose material designated "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" to in-house counsel or officers, directors, and/or employees of the Receiving Party, except that a Receiving Party may designate two in-house attorneys permitted to view documents

and information designated as "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" provided that such information was neither produced by a third party nor received by the producing party from a third party. The in-house attorneys designated to view material marked "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" must sign an Undertaking in the form of Exhibit C. Before disclosing any material marked "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" to a designated in-house attorney, the Receiving Party shall provide notice (to include a copy of the Undertaking from Exhibit C signed by the designated in-house attorney) to the other parties of the prospective disclosure to the designated attorney. The notified parties shall have ten (10) business days (the "In-House Objection Period") from receipt of the notice to deliver to the notifying party written objections to disclosure, if any, setting forth in detail the reasons therefor. Upon objection within the In-House Objection Period, the objecting party shall have an additional ten (10) business days to meet and confer with the party seeking disclosure. Absent an agreement between the parties, the objecting party may file a motion within such additional ten (10) business-day period to bar the disclosure of material marked "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" to the designated in-house attorney, and such disclosure shall not be made during the pendency of such motion. Absent objection within the In-House Objection Period, the disclosure to the designated in-house attorney shall be deemed approved. However, a Receiving Party shall not disclose Designated Material to a designated in-house attorney until after ten (10) business-day period has lapsed.

c.    <u>Outside Consultants</u>.  A Receiving Party may disclose all Designated Material to consultants (and the staff of consultants) expressly engaged to assist outside counsel of record in this litigation (except jury consultants and mock jurors, who are discussed below) provided that any such consultant has signed an Undertaking in the form of Exhibit A hereto,

which is received by counsel for the opposing party and by the Producing Party and the Designating Person at least ten (10) business days prior to the disclosure. Before disclosing any Designated Material to an expert or consultant, counsel shall provide to the other parties a copy of a resume or curriculum vitae describing in detail (1) the expert or consultant's employment history, (2) every litigation-related consulting relationship in which such expert or consultant is currently engaged or has been engaged in the past four years, and (3) a description of any relationship between the consultant and each party in the last four years. Consultants shall not be current or former officers or directors of a party. Consultants shall not be current employees of a party. A party shall not retain as a consultant an individual who was an employee of any party within six (6) months prior to the disclosure of Designated Material. The notified parties shall have ten (10) business days (the "Consultant Objection Period") from receipt of the notice (to include a signed Undertaking and copy of current *curriculum vitae*) to deliver to the notifying party written objections to disclosure, if any, setting forth in detail the reasons therefor. Upon objection within the Consultant Objection Period, the objecting party shall have an additional ten (10) business days to meet and confer with the party seeking disclosure. Absent an agreement between the parties, the objecting party may file a motion within such additional ten (10) business-day period to bar the disclosure of Designated Material to the consultant, and such disclosure shall not be made during the pendency of such motion. Absent objection within the Consultant Objection Period, the consultant shall be deemed approved. However, a Receiving Party shall not disclose Designated Material to such consultants until after the ten (10) business-day period for objection has lapsed. Employees and staff of a consultant working under his or her control, and not themselves consultants, are not required to sign an Undertaking in the form of Exhibit A.

      d.    <u>Authors and Addressees</u>.  A Receiving Party may disclose documents designated "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" to: (i) any person who appears as an author or addressee on the face of the document or any person who has been established as an author of the Designated Material by other proof; or (ii) any officer, director, regular employee or attorney (including legal assistants and regularly employed office staff) of the party producing the document or Designating Person.  As to persons identified in item (i), unless a person appears as an author or addressee on the face of the document, the person's status as an author or recipient of a confidential document shall be established before the document is disclosed to that person.

      e.    <u>Court Reporters and Videographers</u>.  Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree to be bound by this Order by signing an Undertaking in the form of Exhibit B for court reporters and videographers, before recording or transcribing or translating any such testimony including or discussing Designated Material, and shall agree that all such Designated Material revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber, except to the counsel of record for each party and any other person who is present when such testimony is being given, and that copies of any transcript, reporter's notes, or any other transcription record of any Designated Material shall be retained in confidence and safekeeping by such reporter or videographer, or shall be delivered to the undersigned attorneys.

      f.    <u>Other Persons</u>.  All Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties, or by order of the Court upon motion by a party.

g.      Jury Consultants and Mock Jurors.  A Receiving Party may disclose all Designated Material to jury consultants engaged by the Receiving Party and to mock jurors engaged by any jury consultant in preparation for trial, provided that (i) no such persons are officers, directors, or employees of any of the parties to this action; (ii) any such jury consultants sign an Undertaking in the form of Exhibit A hereto; (iii) any such mock jurors agree in writing to keep all information obtained during the mock proceeding confidential ("Confidentiality Agreement"); (iv) such Undertakings and Confidentiality Agreements be retained under the control of counsel until final termination of this action; and (v) no Designated Material of another party shall be left in the possession of any mock juror.

h.      Jurisdiction.  Each person to whom all or part of the Designated Material is disclosed or otherwise furnished agrees to subject himself/herself to the jurisdiction of the Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with or violation of this Protective Order.

3.      Use of Designated Materials.

A Receiving Party shall not use Designated Material for any purpose (including, without limitation, business, technical, or patent prosecution purposes) other than the litigation of the above captioned litigation.  This limitation on the use of Designated Material includes not using Designated Material to draft, modify, or amend patent applications and/or claims to cover processes of the party producing the Designated Material.  To effectuate this limitation on the use of Designated Material, each person to whom all or part of the Designated Material is disclosed or otherwise furnished under this Order, including without limitation outside counsel and consultants, is barred by this Court from the preparation or prosecution of any U.S. or foreign patent applications, including continuation, continuation-in-part, divisional, or reissue

patent applications in the subject area of this litigation from the time that he or she receives the Designated Material until one year following the entry of a final, non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

4.    Copies.

Copies and extracts of "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" information may be made by or for persons qualified to see such Designated Material or by a vendor retained for that purpose, provided that all copies and extracts are appropriately marked. Copies of "CONFIDENTIAL" or "CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY" information may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation. All copies and extracts are subject to paragraph 13 of this Order.

5.    Custody of Designated Materials.

Documents containing information designated "CONFIDENTIAL," or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" and notes or other records regarding such information shall be stored or viewed only at: (i) the offices and domiciles of counsel as defined in paragraph 2.b, or in other locations as long as such documents and information are in the possession and control of counsel as defined in paragraph 2.b; (ii) the site where any deposition relating to the information is taken; (iii) the offices and domiciles of outside consultants as defined in paragraph 2.c, or in other locations as long as such documents and information are in the possession and control of outside consultants as defined in paragraph 2.c, (iv) the business location of a jury consultant and the site or sites where jury research is conducted; (v) the Court; (vi) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition); or (vii) the offices of court reporters and

videographers as necessary.   A person having custody of any Designated Materials shall maintain it in a manner that permits access only to qualified persons.

      6.    <u>Designating Material</u>.

        Material in paper form (including, without limitation, production documents and written discovery responses) shall be designated "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" by placing an appropriate legend on each page prior to production or service.   For all other tangible or physical Material, a person or party who produces the Material may produce the Material labeled or stamped "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" and, at the time of production, provide written notice to all parties of the designation.   Material not reduced to documentary, tangible or physical form or which cannot be consequently designated in the manner set forth herein shall be designated by the Producing Party by informing the Receiving Party in writing. Material produced in electronic form may be designated "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" by placing an appropriate legend on the physical medium containing the electronic information (such as a CD-ROM or floppy disc), by notifying the recipient of the designation in writing, including by electronic transmittal, or, if the electronic information is in the form of an image, by placing an appropriate legend on the image.

        A party shall have the right to request confidential designation for Material called for by subpoena to a third party.   Within thirty (30) days after receipt of Material, a person or party who is not the producer of the Material may designate the Material for protection by providing written notice to all parties and to the Producing Party identifying the Material as "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY."   Any

party designating Material for protection who is not the producer of the Material is responsible for providing an appropriately labeled or stamped version of the Material to all other parties or providing services to label or stamp produced Material.

7.    Designating Depositions.

Deposition transcripts or portions thereof may be designated either: (i) at the time or before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after receipt of the transcript, if counsel has ordered the transcript, or if counsel has not ordered a transcript, within ten (10) business days after the court reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. From the date of the deposition to the expiration of ten (10) business days referred to above, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY."

Where testimony is elected as Designated Material before or during a deposition, all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Order shall be excluded from the deposition.

Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

8.    <u>Late Designations</u>.

In addition to the designations described in Paragraphs 6 and 7, any person or party may at any later time designate Material for protection under this Order by written notice to all parties. All parties and persons who receive any such "late" notice shall thereafter treat the Materials in accordance with the designation. The failure to designate Materials in accordance with Paragraphs 6 and 7 may be considered in any challenge to the designation. Any party designating Material for protection after the time period specified in Paragraphs 6 and 7 is responsible for providing an appropriately labeled or stamped version of the redesignated Material to all other parties or providing services to label or stamp produced Material.

9.    <u>Filing with the Court</u>.

All transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to request for admissions, and other documents filed with the Court in this action that are designated as comprising or containing information that is "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY," or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be considered filed under seal until further order of the Court and shall be filed in sealed envelopes bearing a statement that the materials are being filed under seal pursuant to this Stipulated Protective Order and are not to be made a part of the public record except upon order of the Court. Any party may, by sending a letter to the Clerk of this Court and including an appropriately labeled envelope, cause to be sealed a previously unsealed filing that contains "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" material. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony, answers to interrogatories, admissions and other documents filed in court

in this litigation which have been designated, in whole or in part, as "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY."

      10.   <u>Objections</u>.

          A party may challenge any designation under this Order at any time. A challenge may be made by the party serving on all parties and the Designating Person either a captioned notice of objection or a letter, which shall identify with particularity the items as to which the designation is challenged and propose a new designation (or no designation) for each item and state the reason for the challenge. If the Designating Person fails to redesignate the material within ten (10) business days (or thirteen (13) business days if service is by mail) and after a good faith meet and confer (or an attempt to do so), the objecting party may file and serve a motion for an order of the Court redesignating the material. The Designating Person shall have the burden of showing why the Designated Material warrants protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In the event of such a motion, the Material at issue may be submitted to the Court for in camera inspection. The original designation shall remain effective until three days after entry of an order redesignating the materials. Failure to challenge a designation shall not be deemed a waiver of the right to subsequently do so.

11.    Third Parties.

a.    Third Party Confidentiality.    When a discovery request, subpoena or deposition question calls for otherwise discoverable information that is subject to an obligation of confidentiality owed to another, that is not a parent, subsidiary or affiliate of the party having the obligation of confidentiality, the party to whom the discovery request, subpoena or deposition question is directed shall promptly, and no later than fourteen (14) calendar days after determining that the discoverable information is subject to an obligation of confidentiality owed to another:

(1)    identify to the party seeking the information the name and address of each person whose confidentiality interests are implicated by the discovery request, subpoena or deposition question, or, if the identity of the third party itself is confidential, the existence of third party confidentiality obligations, and

(2)    provide to each such person whose confidentiality interests are implicated:

(a)    notice of such discovery request, subpoena or question seeking disclosure of materials or information held under obligations of confidentiality; and

(b) a copy of this Protective Order

The party to whom the discovery request,  subpoena, or deposition question has been directed (the "Producing Party") shall produce responsive information (or in the case of a deposition question, answer the deposition question) if the person whose confidentiality interests are implicated grants permission in writing to counsel for either the Receiving Party or the

Producing Party. If the notice is returned to the Producing Party, with no copy to the Receiving Party, then the Producing Party shall forward the notice to the Receiving Party within seven (7) days of receipt.

If the Producing Party or the person with the confidentiality interest moves for a protective order, then there shall be no disclosure until the Court rules on such a motion, and then only in accordance with such ruling.

If the Producing Party or the person with the confidentiality interest does not move for a protective order thirty (30) days after receiving notice as set forth in Section 11.a.(2) above, then there shall be disclosure to the Receiving Party of the discoverable information in question, subject to the terms of this Order.

b.    <u>Requests From Third Parties</u>.  In the event any party having possession, custody or control of any Designated Material receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such party shall within ten (10) business days notify counsel for the Designating Person of the subpoena or other process or order, furnish counsel for the Designating Person with a copy of said subpoena or other process or order in sufficient time within which the Designating Person may take the necessary steps to quash or otherwise object to the subpoena, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Person whose interests may be affected. The Designating Person asserting the "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" designation shall have the burden of defending against such subpoena, process or order.  The party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Designating Person asserting the "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES

ONLY" designation has promptly notified the party receiving the subpoena or other process or order of its intent to take immediate legal action to quash the subpoena, in which case the party shall not produce such documents while such legal proceedings are pending or the Designating Person is successful in obtaining an order modifying or quashing the subpoena or other process or order.

      12.    <u>Special Handling of Source Code.</u>

      Designated Material that is in the form of computer cource code ("Computer Source Code")  shall be produced in at least electronic form (unless no electronic version is available to the Producing Party).  Computer Source Code may be accessed only by Authorized Persons.  An Authorized Person is "a person to whom may be disclosed material designated 'CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY' as set forth in section 2". Computer Source Code in electronic form, may, at the election of the Producing Party, be produced by the following method: Computer Source Code may be produced for inspection through a third party escrow company.  The Receiving Party may designate a metropolitan area, and the Producing Party may select a third party escrow company and designate a secure site under the control of the escrow company in the metropolitan area.

      (b)    The parties have agreed to split the costs of the setting up and maintaining the Computer Source Code in escrow in the following manner:

      1) The parties will split contract initiation fees (the parties anticipate that these fees will amount to approximately $1,000).

      2) The parties will split all vault costs associated with storing the Computer Source Code, and for ten (10) viewing days for the Receiving Party.

3) The Receiving Party will be responsible for paying for any additional viewing time over ten days (the parties anticipate that this will amount to approximately $500/day)

(c)      Before disclosure to any escrow company, the Producing Party shall secure the escrow company's agreement to be bound by this protective order and to be subject to this Court's jurisdiction.  Computer Source Code can only be viewed, analyzed, or otherwise used on a computer with all ports, software, and other avenues that could be used to copy or transfer such data blocked ("Stand-Alone Computer").  A suitable Stand-Alone Computer will be provided by each Producing Party.  The Stand-Alone Computer shall always be maintained and secured at the facility of the third party escrow company under the control of the third party escrow company (except as authorized by 12(i) below).

(d) For Computer Source Code produced pursuant to this section, only Authorized Persons shall have access to the Stand-Alone Computer provided, however, that the following additional restrictions shall apply to such access:

(i)      The Receiving Party seeking access for that individual must provide at least one (1) business day notice in writing to the third party escrow company, identifying the dates and individuals for whom access is sought.

(ii)      A log shall be kept by the third party escrow company, including the identity of each person granted access to the Stand-Alone Computer, the time during which the person has access and whether hard copies are made.

(iii) Upon the Producing Party's request and the Court finding good cause, such as a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, the third party escrow company shall provide within three (3) business days a copy of its log, and counsel for the Receiving Party shall provide within (3) business days copies

of the executed undertakings for each person identified on the log who was required to execute an undertaking under this Order.

(e)     No Receiving Party may copy Computer Source Code onto any form of electronic media, including, without limitation, hard drives, removable electronic media (such as diskettes, CD-ROM, DVD, PC card, flash media, thumb drives, jump drives, etc.), or network servers, except to the extent that the Computer Source Code may be loaded into RAM or virtual RAM as required by a computer's operating system for viewing or analysis purposes.

(f)     Computer Source Code may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), intranet, or the Internet.

(g)     Because Computer Source Code received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws, the Receiving Party shall comply with such laws and agrees not to knowingly export, re-export, or transfer Computer Source Code of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses.

(h)     No printouts from any Stand-Alone Computer may be made of Computer Source Code except as follows:

(i)     A printer may be attached to the Stand-Alone Computer, and an Authorized Person may print selected portions of Computer Source Code that the Authorized Person in good faith considers to be relevant to the issues in this case.

(ii)     Each printout made under subparagraph (h)(i) shall be immediately and conspicuously marked with the same designation indicated by the Producing Party for its Source Code. Such marking shall bear a unique page identifier.  The Producing Party shall provide pre-marked paper.

(iii)    If the Authorized Person is not counsel for the Receiving Party, the Authorized Person shall provide one (1) copy or the original of each printout made under subparagraph (g)(i) [(h)(i)?], as appropriately marked pursuant to subparagraph (g)(ii) [(h)(ii)?], to counsel for the Receiving Party.

(iv)    If the printout made under subparagraph (g)(i) [(h)(i)?] is made at a third party escrow company, then the escrow company shall ensure that the printout bears the markings required under subparagraph (g)(ii) [(h)(ii)?] and shall provide one (1) copy or the original of the appropriately marked printout to the Authorized Person and, if the Authorized Person is not counsel for the Receiving Party, one (1) copy or the original to counsel for the Receiving Party. The escrow company shall also provide one (1) copy of all appropriately marked printouts to the Producing Party.

(v)    The third party escrow company will log and maintain a copy of each print out made at the third escrow company. [same as d(ii) above?]

(i)    If it is necessary to show a deponent electronic Computer Source Code during his or her deposition, then prior to such deposition counsel for the parties shall meet and confer in good faith to arrange for an electronic copy of the Computer Source Code and a Stand-Alone Computer to be available at the location of the deposition.

13.    No Prejudice.

Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

Unless the parties stipulate otherwise, evidence of the existence or non-existence of a designation under this Order shall not be used during any proceeding on the merits of this action or any other action.

Nothing in this Order shall preclude any party to the lawsuit or their attorneys from disclosing or using, in any manner or for any purpose, any information or documents that the party itself has designated and that are confidential only to that party itself.

Designation or acceptance of any information designated pursuant to this Protective Order shall not constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

14.        Final Disposition.

Upon final termination of this action and at the written request of the person designating or producing the material, (1) all Designated Material actually produced shall be returned to counsel of record for the person that produced the material or, at the Producing Party's option, shall be destroyed, (2) all other Designated Material (including copies of Designated Material in the form as produced and all reports and derivations containing Designated Materials) shall be destroyed, and (3) the Receiving Party shall provide to the Designating Person a written certification that all such materials have been destroyed within ninety (90) calendar days of the written request. Notwithstanding the foregoing, counsel of record may retain pleadings, attorney and consultant work product, depositions, transcripts and exhibits for archival purposes. Any Designated Material that constitutes tangible things, including but not limited to any product exemplars, other than commercially available products purchased by the Receiving Party, shall be returned to the Producing Party upon final termination of this action.

15.        <u>Inadvertent Designation or Disclosure</u>.

The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated "CONFIDENTIAL" or " CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of confidentiality or secrecy under any applicable law, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation shall be corrected within a reasonable time after the Designating Person becomes aware of the error. If the information has been disclosed prior to the corrected designation, then that disclosure shall be treated under Paragraph 16 of this Order. Additionally, if a party inadvertently produces privileged information, and requests in writing the return of that information within ten (10) days of discovering the inadvertent production, stating with the request the nature of the privilege being asserted, said production will not constitute a waiver of the privilege, and the disclosure shall be treated pursuant to Paragraph 16 of this Order. Neither party may assert that inadvertent production of a privileged document by the opposing side is a waiver of the privilege associated with the document.

16.        <u>Modifications and Survival</u>.

The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit A or Exhibit B indefinitely, as to any dispute between any of them regarding the improper use of information disclosed pursuant to this Order.

17.        Improper Disclosures.

If Designated Materials are disclosed to any person other than in the manner authorized by this Order, then the party, third party, or person responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the Designating Person, and shall make every effort to prevent further improper disclosure. The disclosing party will make a good faith effort to retrieve all copies of the information including any notes regarding the information from any person that would not be permitted to see the information under its new designation. In the event of inadvertent disclosure of privileged information, the other party will promptly return all copies of the documents and destroy any notes made regarding the information. If the party receiving the inadvertent disclosure is subject to excessive costs or burden in connection with undertaking to comply with the preceding sentence, then the Producing Party shall reimburse the Receiving Party for the reasonable expenses incurred in connection therewith. The party receiving the inadvertent disclosure may challenge the validity of the privilege claim, but only after having fully complied with the requirements of this paragraph.

18.        Limitations.

Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" information, provided counsel does not disclose "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" information in a manner not specifically authorized under this Stipulated Protective Order.

Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply or shall cease to apply to any information that:

    a.    at the time of disclosure, was generally available to the public by publication or otherwise;

    b.    since the time of disclosure, has become, through no act, omission or failure to act on the part of the Receiving Party, generally available to the public by publication or otherwise;

    c.    at the time of disclosure, was already in the possession of the Receiving Party without obligation of confidentiality, and was not acquired directly or indirectly from the Designating Person or from any third party under obligation of confidence to the Designating Person;

    d.    after disclosure, was acquired by the Receiving Party without obligation of confidentiality from a third party lawfully possessing the same and having no obligation of confidence to the Designating Person hereunder;

    e.    the Designating Person agrees in writing may be disclosed to a third party under no obligation of confidentiality; or

    f.    was lawfully obtained by or made available to either party by means other than through the discovery provisions of the Federal Rules of Civil Procedure or analogous provisions of state or foreign law.

18.    <u>Discovery Only</u>.

This Order only governs discovery. The parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with Designated Material at trial.

In hearings in which "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" material is specifically discussed, all persons not qualified to see the "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" material shall be excluded.

This Order shall not be deemed a waiver of and shall not affect any party's right:

a.    to object to any discovery requests on any ground;

b.    to seek an order compelling discovery; and

c.    to object to the admission of any evidence on any ground.

The mere execution by a consultant of an Undertaking shall not render the identity of that person discoverable, and the mere qualification of a consultant shall not render the opinions and analysis of that consultant discoverable.

IT IS SO ORDERED.

Dated:_____        _____
                                        Honorable Joseph J. Farnan, Jr.

AGREED:

**ATTORNEYS FOR DEFENDANT AGERE SYSTEMS INC.**

YOUNG, CONAWAY, STARGATT &TAYLOR LLP

Jody W. Ingersoll (No. 1088)
John Shaw (No. 3362)
Chad Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
Telephone: 302-571-6600
Facsimile:  302-571-1253
jingersoll@ycst.com
jshaw@ycst.com
cstover@ycst.com

David E. Sipiora
Ian L. Saffer
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, Colorado  80202
Telephone:  (303) 571-4000
Facsimile: (303) 571-4321
desipiora@townsend.com
ilsaffer@townsend.com

Dated: _____, 2007

AGREED:

**ATTORNEYS FOR PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING,**

POTTER ANDERSON & CORROON, LLP

/s/ Philip A. Rovner (No. 3215)

Richard L. Horwitz (No. 2246)
Philip A. Rovner (No. 3215)
David E. Moore (No. 3983)
1313 N. Market St.
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951
Tel: 302 984-6000
Fax: 302-658-1192
Email: provner@potteranderson.com
Email: rhorwitz@potteranderson.com
Email: dmoore@potteranderson.com

Michael W. Connelly
Joel M. Freed
Brian E. Ferguson
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Tel: 202 756 8327
Fax: 202-756-8087
Email: mconnelly@mwe.com
Email:  jfreed@mwe.com
Email: bferguson@mwe.com
Email: GE @mwe.com

Dated: _____, 2007

# EXHIBIT A

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170 (JJF) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**UNDERTAKING CONCERNING DESIGNATED
MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER**

UNDERTAKING OF _____

I, _____ certify that:

1.    My address is: _____

2.    My employer is: _____

3.    My present occupation or job description is: _____

4.    My litigation-related consulting relationships in which I am currently engaged or have been engaged in the past four years are as follows: (attach sheet if necessary)

_____

_____

_____

_____

5.    I certify that I have read the Stipulated Protective Order dated

_____, entered in the United States District Court for the District of Delaware, in the action entitled CIF LICENSING, LLC, d/b/a GE LICENSING v. AGERE SYSTEMS INC.

C.A. No. 07-170, and that I understand the terms, conditions, and restrictions it imposes on any person given access to "CONFIDENTIAL" and/or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" materials. I recognize that I am bound by the terms of the Stipulated Protective Order, and I agree to comply with its terms.

6.    I agree to use material produced in this litigation solely for purposes of this litigation. I will not disclose "CONFIDENTIAL" and/or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" materials to anyone other than persons specifically authorized by the Stipulated Protective Order and agree to return all such Designated Material that comes into my possession to counsel from whom I received such materials.

7.    I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Delaware with respect to any proceedings relating to the performance under, compliance with, or violation of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Undertaking is executed this _____ day of _____, 200__, at _____.

Signed: _____

# EXHIBIT B

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-170 (JJF) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |

**UNDERTAKING CONCERNING DESIGNATED
MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have read the Stipulated Protective Order dated

_____, entered in the United States District Court for the District of Delaware, in

the action entitled CIF LICENSING, LLC, d/b/a GE LICENSING v. AGERE SYSTEMS INC.

C.A. No. 07-170, and I agree to be bound by it and to treat material designated

"CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" (if

applicable) as required by that Order. I am not affiliated with any party in the above-referenced

action. I agree to use material produced in this litigation solely for purposes of this litigation. I

understand and agree that I am hereby barred by this Court from the preparation or prosecution

of any U.S. or foreign patent applications, including continuation, continuation-in-part,

divisional, or reissue patent applications in the subject area of this litigation from the time I

receive the Designated Material until one year following the entry of a final, non-appealable

judgment or order or the complete settlement of all claims against all parties in this action. I

further agree that I will not discuss the subject matter of this action with anyone other than the

party that retained me. I also agree that I am subject to the personal jurisdiction of the above-named Court for proceedings relating to compliance or violation of the Order.

Dated: _____        _____
                                                        Signature

Name: _____
Title: _____
Employer: _____
Address: _____


Signed this ___ day of _____, 200___.

30

# EXHIBIT C

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-170 (JJF) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |

**UNDERTAKING FOR DESIGNATED IN-HOUSE COUNSEL CONCERNING
DESIGNATED MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER**

UNDERTAKING OF _____

     I, _____ certify that:

1.    My address is: _____

2.    My employer is: _____

3.    My present occupation or job description is: _____

4.    My duties in my present occupation are: (attach sheet if necessary):

     _____

     _____

     _____

     _____

5.    I certify that I have read the Stipulated Protective Order dated

_____, entered in the United States District Court for the District of Delaware, in

the action entitled CIF LICENSING, LLC, d/b/a GE LICENSING v. AGERE SYSTEMS INC.

C.A. No. 07-170, and that I understand the terms, conditions, and restrictions it imposes on any

31

person given access to "CONFIDENTIAL" and/or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" materials. I recognize that I am bound by the terms of the Stipulated Protective Order, and I agree to comply with its terms.

6.    I certify that I am one of only two in-house attorney designated to view materials marked as "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY."

7.    I agree to use material produced in this litigation solely for purposes of this litigation. I will not disclose "CONFIDENTIAL" and/or "CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" materials to anyone other than persons specifically authorized by the Stipulated Protective Order and agree to return all such Designated Material that comes into my possession to counsel from whom I received such materials.

8.    I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Delaware with respect to any proceedings relating to the performance under, compliance with, or violation of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Undertaking is executed this _____ day of _____, 200__, at _____.

Signed: _____

WDC99 1475981-1.037743.0051

32

DB02:6335488.1                                                                        058626.1006