## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a )
GE LICENSING, )
)
      Plaintiff, )
)
      v. )     C.A. No. 07-170 (JJF)
)
AGERE SYSTEMS INC., )
)
      Defendant. )

### PLAINTIFF CIF LICENSING, LLC d/b/a GE LICENSING'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM DEFENDANT AGERE SYSTEMS INC.

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: December 19, 2007

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

## **TABLE OF CONTENTS**

I.   NATURE AND STAGE OF THE PROCEEDING.................................................................. 1

II.   SUMMARY OF ARGUMENT ........................................................................................... 2

III.   STATEMENT OF FACTS ................................................................................................. 4

   A.   Agere Refuses To Acknowledge the Scope of Discovery And Has Not Provided Any
      Substantive Interrogatory Responses.................................................................................. 4

IV.   ARGUMENT...................................................................................................................... 6

   A.   Legal Standard .................................................................................................................. 6

   B.   GE Licensing's Revised Definition Of "Agere Products" Is Reasonable .......................... 6

   C.   Agere Should Be Compelled To Produce Documents And Interrogatory Responses That
      Are Responsive To GE Licensing's Outstanding Requests................................................ 7

V.   CONCLUSION.................................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Royal Indemnity Co. v. Pepper Hamilton LLP*,
    479 F. Supp. 2d 419 (D. Del. 2007)............................................................................6

## RULES

Fed. R. Civ. P. 26..........................................................................................................2

Fed. R. Civ. P. 26(a)(1)...................................................................................................6

Fed. R. Civ. P. 37..........................................................................................................2

Fed. R. Civ. P. 37(a)(2)...................................................................................................6

I.    **NATURE AND STAGE OF THE PROCEEDING**

GE brings this motion to compel because Agere refuses to comply with the Court's

instructions at the November 9, 2007 hearing and has, <u>for over one month</u>, refused to respond to

correspondence from GE Licensing.

GE Licensing commenced this action on March 23, 2007, asserting infringement by

several of Agere's modem products of U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, and

6,198,776 (the "Asserted Patents").  GE Licensing served its First and Second Sets of Requests

For Production of Documents and Things (collectively, "Document Requests") and First and

Second Sets of Interrogatories on Plaintiff (collectively, "Interrogatories") on August 17, 2007.

On September 17, 2007, Agere served written responses to the Document Requests and

Interrogatories, which are included as Exhibits A-D respectively.  Agere refused to respond to

the majority of the Document Requests and Interrogatories based on its objection that GE

Licensing's definition of "Agere Products" was too broad[1] and that production could not begin

until GE Licensing had served infringement contentions.  *See* Exhs. A and B (responses to

Document Request Nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44) and Exhs. C and

D (responses to Interrogatory Nos. 1-13, 16, 17, 19-28, 30, and 40-42).  These objections were

discussed during the November 9, 2007 hearing, and this Court instructed Agere that it would be

improper to tie its production to the service of infringement contentions.

Since the November 9 hearing, GE Licensing has repeatedly offered to revise its

definition of "Agere Products" to address Agere's stated concerns.  On November 21, November

---

[1] GE Licensing's definition of "Agere Products" comprised modems and modem components
made by Agere and included (without limitation) 10 specifically named products.  In addition to
objecting to the breadth of the definition of Agere Products, Agere also refused to provide any
discovery with respect to the ten specifically-named products included in the definition of
"Agere Products." *See* Exhibits A-D.

30 and December 11, GE Licensing sent letters to Agere proposing a definition of "Agere Products" that limited the accused products to "analog" modems that practiced one or more of three very specific ITU-T recommendations (V.34, V.90 and/or V.92). (*See* letters attached as Exhibits E-G.)   Agere has failed to respond to any of these communications.

GE Licensing has provided Agere with a listing of 64 specific products and product components, some of which were first provided four months ago on August 17.  Agere began substantive production last week by dumping several gigabytes of native files with no Bates numbers and no indication of whether or not Agere had agreed to the proposed definition of "Agere Products."  To date, Agere has refused to meet and confer or correspond with GE Licensing regarding the scope of product-related production.  Further, Agere has not provided any substantive answers to product-related interrogatories.

Accordingly, GE Licensing respectfully moves the Court, pursuant to Fed. R. Civ. P. 26 and 37, to compel Agere immediately to: (i) supplement responses to at least GE Licensing's interrogatory nos. 1-13, 16, 17, 19-28, 30, and 40-42 in view of the amended definition of Agere Products provided by GE Licensing; and (ii) to the extent not included in last weeks production, produce all documents requested in GE Licensing's request for production nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44 in view of the amended definition of Agere Products provided by GE Licensing.

II.    **SUMMARY OF ARGUMENT**

Document discovery is now less than two months from being closed.  This Court's September 19, 2007 Scheduling Order ("Scheduling Order," attached as Exhibit H) established January 31, 2008 as the deadline for the production of documents in this case.  On October 12, 2007, Agere filed a motion to compel discovery from GE Licensing seeking detailed infringement contentions (*see* Brief In Support of Motion, attached as Exhibit I).  Agere took the

2

position in that motion that it was not obligated to begin production of product-related information until such infringement contentions were received. *See* Exh. I at 2, 3, 5, 6 and 8. During the hearing on November 9, 2007, on that motion, this Court gave clear and unequivocal instructions that Agere's discovery obligations to produce product-related information were <u>not</u> to be tied to GE Licensing's infringement contention obligations. Exhibit J, Nov. 9, 2007 Transcript at 8:24-9:24. Agere has chosen to disregard these instructions. Over two weeks ago, on November 29, 2007, as requested by this Court, GE Licensing served close to 400 pages of detailed preliminary infringement contentions covering 41 different products and the four asserted patents. Now, over one month since the November 9 hearing, Agere still has not complied with this Court's instructions. GE Licensing has to date received four sets of documents from Agere: (i) copies of some of the corporate documents related to the separation of Agere from Lucent; (ii) a CD that includes a copy of documents produced in an unrelated litigation that counsel for Agere stated "may" contain some product-related information; and (iii) two sets of documents and computer files received December 12 and 13, 2007.[2]

Agere has only just begun substantive production, effectively dumping gigabytes of native files that have no Bates numbers and little organization. It is possible that Agere's recent production represents much needed progress, but the format of the production makes it impossible to determine with any certainty. Agere's current refusal to communicate with GE Licensing on the scope of discovery necessitates this motion.

---

[2] GE Licensing has sent a letter to Agere on December 19 to address specific problems with the December 12 and 13 production (attached as Exhibit K). In short, the December 12 and 13 production contains thousands documents on five discs, and each disc has been assigned one Bates number: AGERE/GE 003132, 003133, 003134, 001912 and 001913. This means that thousands if not tens of thousands of documents are identified with a single Bates number. According to the letters which accompanied the production (*see* letters attached as Exhibits L and M), Agere is claiming that (i) the files are not "amenable" to production as image files (even though many are simple .pdf files) and that (ii) the discs reflect "as closely as possible" some kind of native file structure. Assuming Agere responds, we hope to work these issues out between the parties.

III.    **STATEMENT OF FACTS**

    A.    **Agere Refuses To Acknowledge the Scope of Discovery And Has Not Provided Any Substantive Interrogatory Responses**

In response to GE Licensing's first and second sets of interrogatories, Agere objected to GE Licensing's definition of "Agere Product(s)" as overbroad and used this objection as the basis for its refusal to answer GE Licensing's interrogatory nos. 1-13, 16, 17, 19-28, 30, and 40-42 and document request nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44 (Exhibits A-D). Agere even refused to provide responses related to the 10 specific products which were listed by name over four months ago on August 17. (*See, e.g.*, Exhibit C at 4.)

Attempting to be responsive to the concerns Agere raised in its objections and during the motion hearing of November 9, 2007, a meet and confer was held on November 14, 2007. During this meet and confer, Agere (though less than cooperative) invited GE Licensing to provide a revised definition of "Agere Products" and also stated that Agere would begin production of product-related materials for the products specifically listed in the definition. On November 21, 2007, GE Licensing sent Agere a letter proposing a revised definition of Agere Products which listed several additional specific products and further limited the definition to analog modems that are compliant with ITU-T recommendation V.34, V.90 and/or V.92. *See* Exhibit E. After receiving no response to this letter or GE Licensing's invitation to discuss the matter by telephone, GE Licensing sent a follow-up letter on November 30, 2007 (Exhibit F) naming still more specific products as shown below, and again requesting a teleconference if Agere had any questions or disagreement:

> "Agere Product(s)" shall mean any analog modem compliant with ITU-T recommendation V.34, V.90, V.92 (including any hardware modem, soft-modem or modem chip set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A2, SV92A3/MDC1.5 Soft Modem, SV92A35, Montblanc Family,

4

SV92P, SV92PL, SV92P2, SV92PP/PCI Soft Modem, Olympia
Family, SV92U2/USB 2.0 Soft Modem, SV92EX, CVxx family
(including but not limited to CV92, CV92L, CV90L, CV34 and
CV34L), OCM-34, OCM-90, OCM-92, OCM-92E, Apollo
Family, Mars Family, Luna Family, L56DAS, L56DASI, L56LAS,
L56LASI, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF,
L56XT, Venus Family, DSP1641B, DSP1641C, DSP1642C,
DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648,
DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D,
DP2S, DP3, DP2LV34D, DP2Vxx family (including but not
limited to DP2V34DX and DP2V90DX), APL43, PCI
Controllerless Modem Family, DSP1648, DSP1648C, LU97,
Scorpio, CSP1037, CSP1037B, CSP1034x family (including but
not limited to CSP1034C, CSP1034AH and CSP1034S),
CSP1035A, CSP1038, CSP1040, DAA1040 and Agere Generic
Modem Drivers for LTWinmodem and PCI based modems and
components.

On November 29, 2007 GE Licensing also served on Agere almost 400 pages of detailed

preliminary infringement contention charts which covered each of the specifically named

products above. Having received no response, GE Licensing sent another letter on December

11, 2007 seeking a response and asking for a meet and confer. *See* Exhibit G. To date, Agere

still has not responded to any of GE Licensing's communications.

Until last week, Agere had produced just two CD's of documents, one containing

corporate documents related to the Lucent/Agere separation and another containing documents

from a prior, unrelated litigation. Last week Agere began substantive production by grouping

thousands of files and gigabytes of material under five Bates numbers. In a rather cavalier

approach to production, Agere has apparently chosen to haphazardly copy a number of

electronic directories onto discs for production without concern for the specific requests made

by GE Licensing. Though GE Licensing's review is ongoing, it is apparent that Agere has not

produced full or final schematics or technical specifications for a majority of the named accused

products. Without communication from Agere, GE Licensing must still assume that Agere is

continuing to object to GE Licensing's proposed (revised) definition of "Agere Products."

IV.    **ARGUMENT**

A.    **Legal Standard**

Federal Rule of Civil Procedure 26(a)(1) states that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense..." Fed. R.

Civ. P. 26(a)(1). As Agere stated in its Motion to Compel filed in this case, "[i]t is well

recognized that the federal rules allow broad and liberal discovery." Exhibit F at 4, quoting

*Pacini* v. *Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999). Where a party fails to answer an

interrogatory or to produce documents, the court may compel production of the requested

discovery. Fed. R. Civ. P. 37(a)(2). *See, e.g., Royal Indemnity Co. v. Pepper Hamilton LLP*, 479

F. Supp. 2d 419 (D. Del. 2007) (granting party's motion to compel discovery).

B.    **GE Licensing's Revised Definition Of "Agere Products" Is Reasonable**

GE Licensing has made significant efforts (as detailed above) to provide Agere with a

reasonable definition of "Agere Products." GE Licensing has added two significant limitations

to its initial definition: (i) that the product be an analog modem; and (ii) that the analog modem

be compliant with ITU-T recommendations V.34, V.90 and/or V.92. The former is a term well-

known in the modem industry and used by Agere in its marketing literature. *See* June, 2004

Agere Client Solutions line card at 5 (attached as Exhibit N). The latter, ITU-T

recommendations, comprises a set of very specific recommended operations and technical

specifications for analog modems.

GE Licensing has also expended significant effort to find publicly available information

about specific Agere analog modem products (and their constituent components) that claim

compliance with ITU-T recommendations V.34, V.90 and/or V.92 (and components of those

products). Each of these products and components is specifically listed in the proposed

6

definition as shown above. GE Licensing has also served detailed preliminary infringement contention charts against each of the products specifically listed in the proposed definition.

As discussed above, GE Licensing repeatedly sought to determine whether Agere would agree to the proposed definition. Agere has, to date, simply ignored these attempts at compromise.

### C.    Agere Should Be Compelled To Produce Documents And Interrogatory Responses That Are Responsive To GE Licensing's Outstanding Requests

GE Licensing has issued a number of document and interrogatory requests that go directly to the heart of GE Licensing's infringement case, the structure and operation of Agere's analog modems that claim compliance with ITU-T recommendations V.34, V.90 and/or V.92. Specifically, these include (in view of the amended definition of "Agere Products") GE Licensing's request for production nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44 and interrogatory nos. 1-13, 16, 17, 19-28, 30, and 40-42.

Agere cannot dispute that the requested documents and information are relevant to the claims and defenses in this case. This is perhaps why Agere has chosen silence over its duty to meet and confer with GE Licensing.[3]

### V.    CONCLUSION

Agere's production efforts to date have been, at best, tardy and incomplete. GE Licensing's efforts to resolve these deficiencies have been unavailing. In light of the impasse between the parties, and for the foregoing reasons, GE Licensing respectfully requests the Court to order Agere to, under the revised definition of "Agere Products" set forth above, provide (i) complete and responsive answers to Interrogatory Nos. 1-13, 16, 17, 19-28, 30, and 40-42; and

---

[3] Agere's gamesmanship is evident from its failure to communicate with GE Licensing and the fact that on production disc AGERE/GE 001913, received on December 12, most of the files are identified as being copied on September 12, 2007. Similarly, many of the files on production disc AGERE/GE 003133 are dated October 8, 2007, but were not received by GE Licensing until December 13, 2007.

(ii) the documents requested in Document Request Nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39,

40, 43 and 44, to the extent these have not already been produced.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: December 19, 2007
838765

By: /s/ Philip A. Rovner
    Richard L. Horwitz (#2246)
    Philip A. Rovner (#3215)
    David E. Moore (#3983)
    Hercules Plaza
    P. O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    provner@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on December 19, 2007, the within

document was filed with the Clerk of the Court using CM/ECF; that the document was served on

the following party as indicated; and that the document is available for viewing and downloading

from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on December 19, 2007 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | |
| AGERE SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (NOS. 1-35)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Agere Systems Inc. ("Defendant") responds to CIF Licensing, LLC's ("Plaintiff") First Set of Requests for Production of Documents and Tangible Things (Nos. 1-35) ("Plaintiff's Requests"), stating as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.     The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any statement or document or part thereof from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.     Subject to the specific and general objections listed herein, Defendant will respond to each document request with any existing responsive, non-privileged documents currently in its

possession, custody, or control. By stating in these responses that it will produce documents, Defendant does not represent that any document actually exists, but rather, that it has and will make a diligent search and reasonable inquiry to ascertain whether documents responsive to the requests do, in fact, exist.

3.    Defendant will produce its confidential documents and information or documents containing trade secret information only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.    The following responses are based on information and documents available to Defendant as of the date of service. Discovery is continuing in this case, and accordingly the responses are subject to change. Defendant reserves the right to change, amend, or supplement the responses herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 34 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.    Defendant objects to Plaintiff's requests to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.    Defendant objects generally to Plaintiff's Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

7.    Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's document requests overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's Interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Defendant cannot respond to such discovery requests until Plaintiff provides a more reasonable scope for discovery in this case.

8.    Defendant objects to Plaintiff's Requests that seek documents concerning Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide responsive documents to any Requests that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.    Defendant objects to any request for production of documents related to sales, marketing, products, accounting, financial information, or manufacturing to the extent that responsive documents are dated prior to March 23, 2001 because these documents are outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

All documents, the identification of which was requested in Plaintiff CIF Licensing LLC's First Set of Interrogatories to Defendant Agere Systems Inc.

### RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

4

## REQUEST FOR PRODUCTION NO. 2

Three (3) samples of each Agere Product identified in response to Interrogatory No. 1 and three (3) samples of any evaluation or demonstration board relating to the Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1.  Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## REQUEST FOR PRODUCTION NO. 3

All transistor-level schematics for each Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 4

All documents, including without limitation e-mails and slides, concerning the design, manufacture, assembly, or testing (including all testing conducted to incorporate information and graphs within the product datasheets) of any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 5

All source code related to or used with any Agere Product identified in response to Interrogatory No. 1

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 6

All documents, including without limitation e-mails and slides, concerning design specifications (including initial objective specifications) for each Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 7

Documents, including without limitation e-mails and slides, sufficient to identify any assembly arrangement, distributor, customer, or manufacturer for each Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

Documents, including without limitation e-mails and slides, sufficient to identify the location and name of each design, fabrication, assembly, or testing facility for each Agere Product identified in Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 9

Documents, including without limitation e-mails and slides, sufficient to identify companies and individuals not employed by Agere, including but not limited to consultants and contractors, that have designed, manufactured, assembled, or tested any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 10**

All instruction manuals, datasheets, brochures, pamphlets, promotional material, and advertisements concerning any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

11

## REQUEST FOR PRODUCTION NO. 11

Documents, including without limitation e-mails and slides, sufficient to identify on a quarterly basis the quantity produced, total sales volume, and the revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product identified in response to Interrogatory No. 1 and the identification of all entities that purchased, licensed, sublicensed or leased such Agere Product and the volume and dollar amount purchased, licensed, sublicensed or leased by that entity.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 12

All reports regularly supplied to Agere's management outlining some or all of the information requested in the preceding Request.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**

All project meeting minutes concerning the design, development, or testing of any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

13

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 14

All progress reports concerning the design, development, or testing of any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

14

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 15

All documents, including without limitation e-mails and slides, concerning any testing or analysis done by Agere or anyone else to determine whether, or that may have revealed whether, any Agere Product infringes any of the GE Patents.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce responsive, relevant, and non-privileged documents in its possession.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

15

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 16

All documents, including without limitation e-mails and slides, relating to any plan or attempt by Agere to redesign any Agere Product.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 17**

All documents, including without limitation e-mails and slides, relating to or discussing any attempt to avoid infringement of any of the GE Patents.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**

All documents, including without limitation e-mails and slides, relating to any contention by Agere that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents.

**RESPONSE:**

Defendant objects to this request because it calls for production of documents regarding questions of law. Defendant objects to this request as premature because it calls for production of documents regarding Defendant's contentions or legal positions in this litigation before Defendant has obtained information through discovery, including from Plaintiff, that is necessary for Defendant to respond. Additionally, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 19**

All documents, including, but not limited to, e-mails, presentation materials, slide presentations, press releases, customer success stories, reference account testimonials, analyst reports, notes, and handouts used in the introduction and/or promotion of any Agere Product identified in response to Interrogatory No. 1.

18

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 20**

All documents, including without limitation e-mails and slides, referring or relating to the matters alleged in GE Licensing's Complaint and Agere's Answer and Counterclaims.

**RESPONSE:**

Defendant objects to this request because it calls for production of documents regarding questions of law. Defendant objects to this request as premature because it calls for production of documents regarding Defendant's contentions or legal positions in this litigation before Defendant has obtained information through discovery, including from Plaintiff, that is necessary for Defendant to respond. Additionally, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 21

All documents, including without limitation e-mails and slides, relied upon or consulted by Agere in preparing Agere's Answer and Counterclaims or answers to interrogatories served by GE Licensing to Agere.

**RESPONSE:**

Defendant objects to this request because it calls for production of documents regarding questions of law. Defendant objects to this request as premature because it calls for production of documents regarding Defendant's contentions or legal positions in this litigation before Defendant has obtained information through discovery, including from Plaintiff, that is necessary for Defendant to respond. Additionally, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 22

Plaintiff's First Set of Requests for Production of Documents and Things did not contain a Document Request No. 22.

## REQUEST FOR PRODUCTION NO. 23

All documents, including without limitation e-mails and slides, sufficient to identify all customers, distributors, suppliers, resellers, seller's agents or independent sales representatives, and manufacturers of each Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 24

All documents, including without limitation e-mails and slides, referring or relating to Agere's market share for each Agere Product identified in response to Interrogatory No. 1, including, but not limited to, all competitive analyses, press releases, financial reports, financial performance analyses, business plans, and similar documents that refer or relate to Agere's projected and actual financial performance.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 25

All documents, including without limitation e-mails and slides, referring or relating to comparisons between any Agere Product and other products of other companies.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

23

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 26

All documents, including any Prior Art, that Agere contends are relevant to the scope or meaning of any of the claims of the GE Patents.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

24

**REQUEST FOR PRODUCTION NO. 27**

All searches, studies, opinions, evaluations, or infringement investigations made in connection with any domestic or foreign patents, literature, or other published materials, relating in any manner to any alleged invention disclosed, described, or claimed in the patents-in-suit, and all documents referring or relating to such searches, studies, opinions, or evaluations, including but not limited to issues of novelty, patentability, validity, enforceability, or enforceable scope of the patents-in-suit.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 28**

All documents on which Agere may rely in support of any contention that it does not infringe the GE Patents.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 29**

All documents on which Agere may rely in support of a contention that it does not willfully infringe the GE Patents, including any opinions of counsel.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 30**

All documents, including without limitation e-mails and slides, given to Agere or disseminated by Agere at any presentation or meeting, relating to GE Licensing, Motorola, Inc., the GE Patents and/or the possibility that any Agere Product might infringe the GE Patents, including but not limited to booklets, analyses, claim charts, memoranda, or other documents used or exchanged in connection with such presentation or meeting.

27

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection Nos. 7 and 8 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 31**

All documents, including without limitation e-mails and slides, referring or relating to any communication between Agere and any third party relating to any Agere Product and any evaluation boards relating to those products, including, but not limited to, their structure, design, development, function, operation, manufacture, marketing and sale.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 32**

All documents, including without limitation e-mails and slides, referring or relating to any co-development or co-development agreement between Agere and a third party concerning any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

29

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection Nos. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 33

To the extent available, English Translations of any foreign language documents produced in response to these Requests For Production.

## RESPONSE:

Defendant objects to this request as duplicative of Plaintiff's other requests. Responsive, non-privileged English language documents, to the extent available, will be produced in response to each of Plaintiff's other requests.

## REQUEST FOR PRODUCTION NO. 34

All keys, codes, explanations, manuals, and other documents necessary to the interpretation or understanding of the financial and technical documents produced in response to these Requests For Production.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 35**

All documents constituting, referring to, or relating to any communications, including confidential communications, between Agere and GE Licensing.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

Dated:  September 17, 2007

TOWNSEND AND TOWNSEND AND CREW, LLP

David E. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado  80202
Telephone:  (303) 571-4000
Facsimile: (303) 571-4321
Email:  desipiora@townsend.com
Email:  ilsaffer@townsend.com
Email:  ceking@townsend.com

YOUNG CONAWAY STARGATT & TAYLOR
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
Telephone: 302-571-6600
Facsimile:  302-571-1253
Email:  jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com

**ATTORNEYS FOR AGERE SYSTEMS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (NOS. 1-35)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

61131409 v2

33

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a       )
GE LICENSING,                   )
                                )
         Plaintiff,             )
                                )        C.A. No. 07-170-JJF
                                )
     v.                         )
                                )
AGERE SYSTEMS, INC.,            )
                                )
         Defendant.             )

**DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO
PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS AND TANGIBLE THINGS (NOS. 36-44)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Agere Systems Inc.

("Defendant") responds to CIF Licensing, LLC's ("Plaintiff") First Set of Requests for

Production of Documents and Tangible Things (Nos. 36-44) ("Plaintiff's Requests"), stating as

follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.      The following responses are made solely for the purpose of this action and are subject to

all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and

any and all other objections and grounds which would or could require or permit the exclusion of

any statement or document or part thereof from evidence, all of which objections and grounds

are reserved and may be interposed at the time of trial.

2.      Subject to the specific and general objections listed herein, Defendant will respond to

each document request with any existing responsive, non-privileged documents currently in its

possession, custody, or control. By stating in these responses that it will produce documents, Defendant does not represent that any document actually exists, but rather, that it has and will make a diligent search and reasonable inquiry to ascertain whether documents responsive to the requests do, in fact, exist.

3.   Defendant will produce its confidential documents and information or documents containing trade secret information only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.   The following responses are based on information and documents available to Defendant as of the date of service. Discovery is continuing in this case, and accordingly the responses are subject to change. Defendant reserves the right to change, amend, or supplement the responses herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 34 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.   Defendant objects to Plaintiff's requests to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.   Defendant objects generally to Plaintiff's Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

2

7.     Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's document requests overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's Interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Defendant cannot respond to such discovery requests until Plaintiff provides a more reasonable scope for discovery in this case.

8.     Defendant objects to Plaintiff's Requests that seek documents concerning Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide responsive documents to any Requests that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.     Defendant objects to any request for production of documents related to sales, marketing, products, accounting, financial information, or manufacturing to the extent that responsive documents are dated prior to March 23, 2001 because these documents are outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 36

All documents, including without limitation e-mails and slides, referring or relating to any license or other authorization that Agere purportedly has or had for any Agere Product to practice any of the patents in suit, whether such license or authorization purportedly comes from or through GE Licensing, Motorola, Inc., Lucent Technologies Corp., Altocom, Inc., Broadcom, Inc., or any other entity.

### RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

4

**REQUEST FOR PRODUCTION NO. 37**

All documents, including without limitation e-mails and slides, referring, relating to, or supporting Agere's statement made in the July 30, 2007 proposed Scheduling Order and statements made by Agere's counsel during the Scheduling Hearing of August 1, 2007 that Agere purports to have a "license defense."

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 38**

All documents constituting, referring to, or relating to any communications, including confidential communications, between Agere and Altocom, Inc. and Agere and Broadcom, Inc. that bear in any way on Agere's purported license defense.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 39

All other documents that bear in any way on Agere's purported license defense, including without limitation e-mails and slides, referring or relating to Agere Products (including without limitation those documents referring or relating to any intellectual property, know-how, technology, source code, components, plans, knowledge or other information, products or services incorporated into or used in the design, manufacture or sale of Agere Products) received from GE Licensing, Motorola, Inc., Lucent Technologies Inc., AltoCom, Inc. or Broadcom Corp.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Products."

6

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 40

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to any license of patent rights or transfer of license rights related to any Agere Product, including without limitation agreements with or between any of Agere, Lucent Technologies Inc., Atlas Acquisition Corp., LSI Logic Corp., LSI Corp., AltoCom, Inc. and Broadcom Corp.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product,"

Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 41

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to the formation and corporate structure of Agere, including without limitation all documents constituting, referring to, or relating to the transfer of assets from Lucent Technologies Inc. to Agere, the merger of Agere and Atlas Acquisition Corp. and the ownership of Agere by LSI Logic Corp. or LSI Corp.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 42

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to assets, licenses and liabilities transferred to or from Lucent Technologies Inc. from or to Agere.

8

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 43**

All documents, including without limitation e-mails and slides, referring or relating to a license defense and any proceeding in the United States or in a foreign country, including, but not limited to, litigation (including but not limited to the litigation captioned "In re Townsend Patent Litigation, Townsend Intellectual Property, L.L.C. v. Agere Systems, Inc." before the U.S. District Court for the Northern District of California docket No. 5-02-CV-4833), arbitration or dispute, contested proceeding or charge of infringement (whether formal or informal), pending or threatened, that in any way relates to Agere or Agere Products, components thereof, or products containing same, including, but not limited to, settlement agreements, deposition transcripts, hearing transcripts, pleadings and discovery responses from such proceeding.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Furthermore, to the extent the information is not privileged, much of the requested information is readily available through more convenient, publicly-accessible sources such as PACER.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 44

All documents constituting, referring to, or relating to any standard promulgated by the ITU Telecommunication Standardization Sector (ITU-T) or any other standards organization, including without limitation the V.17, V.29, V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34 extended rate, V.34bis, V.34 plus, X2, K56 Flex, V.90 and V.92 standards, including without limitation any documents referring or relating to any Agere Product identified in response to Interrogatory No. 1 meeting or complying with such standard(s).

10

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Furthermore, much of the requested information is in Plaintiff's possession or readily available through more convenient, publicly-accessible sources.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

Dated: September 17, 2007          TOWNSEND AND TOWNSEND AND CREW, LLP

David E. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: desipiora@townsend.com
Email: ilsaffer@townsend.com
Email: ceking@townsend.com

11

YOUNG CONAWAY STARGATT & TAYLOR
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
Telephone: 302-571-6600
Facsimile:  302-571-1253
Email:  jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com

**ATTORNEYS FOR AGERE SYSTEMS INC.**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (NOS. 36-44)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131416 v1

13

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) | |

### DEFENDANT AGERE SYSTEMS INC.'S ANSWERS TO PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-30)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Agere Systems Inc. ("Defendant") responds to CIF Licensing, LLC, d/b/a GE Licensing's ("Plaintiff") First Set of Interrogatories (Nos. 1-30) ("Plaintiff's Interrogatories"), stating as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.     The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any statement or response from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.     Subject to the specific and general objections listed herein, Defendant will answer each interrogatory with responsive, non-privileged information within the current actual knowledge of Defendant or through cross-references to produced documents according to F.R.C.P. 33(d).

3.     Defendant will answer interrogatories calling for confidential information or trade secrets

only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.      The following answers are based on information known to Defendant as of the date of service. Discovery is continuing in this case, and accordingly these responses are subject to change. Defendant reserves the right to change, amend, or supplement the answers herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 33 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.      Defendant objects to Plaintiff's Interrogatories to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.      Defendant objects generally to Plaintiff's Interrogatories to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

7.      Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's interrogatories overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to

2

specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Clearly, such discovery is overbroad and a meet and confer between counsel is necessary to arrive at a more reasonable scope for discovery in this case.

8.    Defendant objects to Plaintiff's interrogatories that seek Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide answers to any interrogatories that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.    Defendant objects to any interrogatory seeking information related to sales, marketing, products, accounting, finances, or manufacturing prior to March 23, 2001 because this information is outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify each and every Agere Product ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, or marketed.

### ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

### INTERROGATORY NO. 2

Identify each entity that is or has been involved in any way in the design, development, manufacturing, assembly, marketing, sales and/or distribution of each Agere Product identified in response to Interrogatory No. 1, including the name and location of such entity, its relationship with Agere, identification of any licenses or other agreements with such entity, as well as a narrative description of each such involvement (including the location of any such involvement) of each such entity.

4

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's request for "a narrative description of each such involvement" because the wide range of information potentially responsive to this request is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 3**

State precisely when Agere commenced any activities, projects or programs, whether formal or informal, directed to the design and development of each Agere Product identified in response to Interrogatory No. 1, including a description of the activities, projects and/or programs (including their objectives and results), and, for each such activity, identify the person(s) knowledgeable about such activities, the person(s) involved in such activities, and state precisely where such activities were undertaken.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the

applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's request for a "description of the activities, projects and/or programs" because the wide range of information potentially responsive to this request is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## INTERROGATORY NO. 4

Identify the three persons most knowledgeable about the structure, design, development, function, and operation of each Agere Product identified in response to Interrogatory No. 1.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## INTERROGATORY NO. 5

6

Identify the three persons most knowledgeable about the manufacture and/or assembly of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 6**

Identify the three persons most knowledgeable about the marketing, sale and distribution of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

7

**INTERROGATORY NO. 7**

Describe any activities of Agere with respect to the design, development, fabrication, manufacture, assembly and/or testing of Agere Products, components thereof, or products containing same.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 8**

Describe any activities of Agere with respect to the marketing, sales and/or distribution of Agere Products, components thereof, or products containing same.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible

8

evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## INTERROGATORY NO. 9

For each Agere Product, component thereof, or product containing same identified in Your answer to Interrogatory No. 1, identify the quantity produced, total sales volume, unit prices, purchaser, and the revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product, component thereof, or product containing same.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## INTERROGATORY NO. 10

Describe any testing or analysis done by Agere or any other entity to determine whether, or that may have revealed whether, any Agere Product identified in response to Interrogatory No. 1 infringes any of the GE Patents, and identify all persons who performed, directed, or observed such tests and/or analyses, and provide the dates of any such tests and/or analyses, and identify any documents, such as reports, showing their results.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, grossly overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 11**

Describe any plans or attempts by Agere to redesign any Agere Product identified in response to Interrogatory No. 1, and identify the person(s) knowledgeable of and the person(s) involved in any such plans or attempts, and identify all documents that refer to or relate to any such plans or attempts.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 12**

State whether Agere contends that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents and, if so, for each such claim identify all legal and factual bases for each such contention, and how the identified documents, things, facts

11

or knowledge support this assertion, and identify all people with knowledge thereof and all documents that support or refute Your contention.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 13**

If Agere contends that it has not willfully infringed the GE Patents, describe each fact that supports or refutes that contention and, with respect to each such fact, identify all people with knowledge thereof, and each document relating to that fact, including any opinions of counsel upon which Agere may rely.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 14

Describe any statements, oral or written, by Agere concerning or relating to any GE Patent, and identify all documents containing or evidencing such statements.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Defendant further objects to Plaintiff's interrogatory because the wide range of information potentially responsive to this interrogatory is

13

more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent any exist, that are responsive to this interrogatory.

## INTERROGATORY NO. 15

Separately and with respect to each of the GE Patents, describe the circumstances under which Agere first became aware of the patent and identify each past and present director, officer, employee, representative or agent of Agere, including Agere's in-house and outside counsel, involved in such circumstances.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent any exist, that are responsive to this interrogatory.

Defendant further answers that it first became aware of the patents in suit on or around November 2, 2004, based on communications to Defendant from Plaintiff. Defendant's

14

investigation into the circumstances under which Agere first became aware of the patents in suit is ongoing, and Defendant reserves the right to supplement this answer as more information becomes available.

**INTERROGATORY NO. 16**

State whether Agere has ever taken any position regarding the validity, enforceability, or infringement by Agere of any of the GE Patents and, if so, describe (a) the position and the circumstances in which that position was taken, (b) the specific bases for each such position, (c) the identity of all documents or prior art relating to those bases, and (d) how those documents and that prior art support such position.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 17

State whether Agere has ever been informed or concluded that any of the GE Patents is invalid, unenforceable, or not infringed by Agere, and, if so, identify the person(s) and/or entity that so informed Agere, or so concluded, the information communicated to Agere and the circumstances under which Agere was so informed, or so concluded, identify all documents or prior art relating to what Agere was informed, or so concluded, and explain the relationship of those documents and such prior art to the information Agere was provided or considered.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 18

Identify all opinions, advice, analyses or communications, whether written or oral, relating to the enforceability, validity or infringement of any of the GE Patents, and identify the

person(s) who provided the opinion, advice, analysis or communication, the person(s) to whom the opinion, advice, analysis or communication was provided, the date such opinion, advice, analysis or communication was provided and describe the substance of the opinion, advice, analysis or communication which was provided and identify all documents relating to the opinion, advice, analysis or communication provided.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Further, Defendant is not required at this stage of the litigation to elect whether it will rely on any opinion of counsel in response to the allegation of willful infringement.

**INTERROGATORY NO. 19**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 101, and, if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 101 upon which this assertion is based and the documents, things, facts or knowledge upon which each such assertion is based, and explain in detail how the identified documents, things, facts or knowledge support this assertion.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 20**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 102, and, if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 102 upon which this assertion is based and the documents, things, facts or knowledge upon which each such assertion is based, and explain in detail how the identified documents, things, facts or knowledge support this assertion.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this

18

request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 21

State whether Agere contends that any claim of the GE Patents is invalid pursuant to 35 U.S.C. § 103, and if so, with respect to each such claim identify all documents, things, facts or knowledge upon which Agere bases this assertion and explain in detail how the identified documents, things, facts or knowledge support Agere's assertion, including identification of how the identified documents, things, facts or knowledge disclose specific claim elements, and identify what suggestion, motivation, or knowledge in the relevant art supports Agere's application of 35 U.S.C. § 103.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

19

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 22

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 112, and if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 112 of the Patent Act upon which this assertion is based and the documents, things, facts or knowledge upon which Agere bases this assertion, and explain in detail how 35 U.S.C. § 112 is not satisfied by the claim, and how the identified documents, things, facts or knowledge support this assertion.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of

Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 23

State whether Agere contends that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents and, if so, for each such claim identify all legal and factual bases for each such contention, and how the identified documents, things, facts or knowledge support this assertion.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 24**

Identify in detail all facts that support Agere's second affirmative defense of "Legal Justification" and identify any documents that Agere claims support that defense.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

Subject to the foregoing objections, Defendant answers that it does not infringe the patents in suit because, among other reasons, it is licensed to practice the inventions claimed therein pursuant to the Patent Cross-License Agreement dated January 30, 2001 between Motorola, Inc. and AltoCom, Inc. Defendant incorporates herein by reference its response to Plaintiff's Interrogatory No. 31.

**INTERROGATORY NO. 25**

Identify in detail all facts that support Agere's fourth affirmative defense of "Laches/Waiver/Estoppel" and identify any documents that Agere claims support that defense.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 26**

Identify in detail all facts that support Agere's sixth affirmative defense of "Prosecution History Estoppel" and identify any documents that Agere claims support that defense.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this

23

request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 27**

Identify in detail all facts that support Agere's seventh affirmative defense and ninth counterclaim of "Unenforceability" and identify any documents that Agere claims support that defense and counterclaim.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of

24

Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 28

Identify all persons who Agere expects will offer testimony on its behalf at the trial in this case, including, without limitation, any expert witness and state the substance of the facts or opinions to which each person is expected to testify.

## ANSWER:

Defendant objects to this request as premature. Defendant will identify trial and expert witnesses, and the substance of their testimony, as required by the Federal Rules of Civil Procedure, the Local Rules, and the Scheduling Order in this matter.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 29

Describe all Agere's policies and practices with respect to the filing, storage, retention and destruction of documents from August 2000 to the present, and person(s) most knowledgeable regarding each policy and to the extent it is followed.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent any exist, that are responsive to this interrogatory.

**INTERROGATORY NO. 30**

Identify each legal action, including but not limited to any action before the U.S. Patent and Trademark Office, the International Trade Commission, and any federal, state or foreign court, concerning any of the Agere Products. For each such action, identify the case number, the court and presiding judge, the parties to the action, and all pleadings and other documents filed in the action and all depositions conducted, including the name of the deponent and date of the deposition.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Furthermore, to the extent the information is not

26

privileged, much of the requested information is readily available through more convenient,

publicly-accessible sources such as PACER.

Defendant also incorporates by reference its General Objections, including, in particular,

General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a

reasonable scope of the term "Agere Product."

Dated: September 17, 2007                    TOWNSEND AND TOWNSEND AND CREW, LLP

David E. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: desipiora@townsend.com
Email: ilsaffer@townsend.com
Email: ceking@townsend.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com

**ATTORNEYS FOR AGERE SYSTEMS INC.**

27

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-30)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emory LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131436 v2

28

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a )
GE LICENSING, )
)
Plaintiff, )
) C.A. No. 07-170-JJF
v. )
)
AGERE SYSTEMS INC., )
)
Defendant. )

## DEFENDANT AGERE SYSTEMS INC.'S ANSWERS TO
## PLAINTIFF CIF LICENSING, LLC'S
## SECOND SET OF INTERROGATORIES (NOS. 31-42)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Agere Systems Inc.

("Defendant") responds to CIF Licensing, LLC, d/b/a GE Licensing's ("Plaintiff") Second Set of

Interrogatories (Nos. 31-42) ("Plaintiff's Interrogatories"), stating as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.    The following responses are made solely for the purpose of this action and are subject to

all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and

any and all other objections and grounds which would or could require or permit the exclusion of

any statement or response from evidence, all of which objections and grounds are reserved and

may be interposed at the time of trial.

2.    Subject to the specific and general objections listed herein, Defendant will answer each

interrogatory with responsive, non-privileged information within the current actual knowledge of

Defendant or through cross-references to produced documents according to F.R.Civ.P. 33(d).

3.    Defendant will answer interrogatories calling for confidential information or trade secrets only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.    The following answers are based on information known to Defendant as of the date of service. Discovery is continuing in this case, and accordingly these responses are subject to change. Defendant reserves the right to change, amend, or supplement the answers herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 33 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.    Defendant objects to Plaintiff's Interrogatories to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.    Defendant objects generally to Plaintiff's Interrogatories to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

7.    Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's interrogatories overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's Interrogatories, to identify any asserted claims of the patents in

2

suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Clearly, such discovery is overbroad and a meet and confer between counsel is necessary to arrive at a more reasonable scope for discovery in this case.

8.     Defendant objects to Plaintiff's interrogatories that seek Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide answers to any interrogatories that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.     Defendant objects to any interrogatory seeking information related to sales, marketing, products, accounting, finances, or manufacturing prior to March 23, 2001 because this information is outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 31

Identify in detail all facts and identify any documents that refer, relate to or support Agere's statement made in the July 30, 2007 proposed Scheduling Order and statements made by

Agere's counsel during the Scheduling Hearing of August 1, 2007 that Agere purports to have a "license defense."

**ANSWER:**

Without waiving its General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

Defendant further responds as follows: Defendant is the successor in interest to Lucent Technologies, Inc., and as such is licensed to practice the inventions claimed in the patents in suit under the one or more following agreements: (1) Software Modem License Agreement between Lucent Technologies, Inc. and AltoCom, Inc. dated May 2, 1999; (2) Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc. dated January 30, 2001; (3) Patent License Agreement among Agere Systems Guardian Corporation, Broadcom Corporation, and AltoCom Inc. dated July 1, 2001; and (4) Patent Settlement and Cross-License Agreement between Agere Systems, Inc. and Broadcom Corporation dated September 30, 2004. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

**INTERROGATORY NO. 32**

Describe and identify any license or other authorization that Agere purportedly has or had for any Agere Product (or for the design, manufacture or sale thereof) to practice any of the patents in suit, whether such license or authorization purportedly comes from or through GE

4

Licensing, Motorola, Inc., Lucent Technologies Corp., Altocom, Inc., Broadcom, Inc., or any other entity, including the identification of the licensing entity, the product, process or property licensed (including without limitation any patents).

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

Defendant further responds as follows: Defendant is the successor in interest to Lucent Technologies, Inc., and as such is licensed to practice the inventions claimed in the patents in suit under the one or more following agreements: (1) Software Modem License Agreement between Lucent Technologies, Inc. and AltoCom, Inc. dated May 2, 1999; (2) Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc. dated January 30, 2001; (3) Patent License Agreement among Agere Systems Guardian Corporation, Broadcom Corporation, and AltoCom Inc. dated July 1, 2001; and (4) Patent Settlement and Cross-License Agreement between Agere Systems, Inc. and Broadcom Corporation dated September 30, 2004. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

5

**INTERROGATORY NO. 33**

State whether the design, manufacturing and sale of any Agere Product, component thereof, or product containing same is licensed or otherwise authorized by GE Licensing or Motorola, Inc., and, if so, identify the Agere Product, component thereof, license or other source of such authorization and any and all facts and documents that support your contention.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory. Defendant further responds as follows: Defendant is the successor in interest to Lucent Technologies, Inc., and as such is licensed to practice the inventions claimed in the patents in suit under the one or more following agreements: (1) Software Modem License Agreement between Lucent Technologies, Inc. and AltoCom, Inc. dated May 2, 1999; (2) Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc. dated January 30, 2001; (3) Patent License Agreement among Agere Systems Guardian Corporation, Broadcom Corporation, and AltoCom Inc. dated July 1, 2001; and (4) Patent Settlement and Cross-License Agreement between Agere Systems, Inc. and Broadcom Corporation dated September 30, 2004. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

6

## INTERROGATORY NO. 34

Describe in detail and identify any documents relating to the existence of a relationship between Agere, Lucent Technologies Inc., Atlas Acquisition Corp., LSI Logic Corp., LSI Corp., AltoCom, Inc. and Broadcom Corp. at any time, including without limitation any correspondence, licensing or other communications between any such entities.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Agere is a successor to Lucent Technologies, Inc. ("Lucent"), such that information about the "relationship" between the entities could be massive. For example, such information could be construed to encompass all documents and information in possession of Agere previously held by Lucent. In addition to being of overwhelming volume, such information would be irrelevant. Similar problems exist with respect to other "relationships" among the entities identified above.

Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory as is relates to the corporate relationship between entities and specific transaction documents, such as licenses or contracts, if any.

## INTERROGATORY NO. 35

Describe in detail and identify any documents relating to, on a product-by-product basis, any intellectual property, know-how, technology, source code, components, plans, knowledge or other information, products or services received from AltoCom, Inc. or Broadcom Corp. that is incorporated into, used in or with or otherwise related to an Agere Product or its development or manufacture.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 36**

Describe in detail and identify any documents relating to the formation of Agere, the transfer of assets from Lucent Technologies Inc. to Agere and the merger of Agere and Atlas Acquisition Corp., LSI Logic Corp. and/or LSI Corp., including, without limitation, the effective date of such agreements.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated

to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

**INTERROGATORY NO. 37**

Describe in detail the assets, licenses and liabilities that were purported to be transferred to or from Lucent Technologies Inc. from or to Agere and the actual dates on which each such transfer occurred.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

**INTERROGATORY NO. 38**

9

Describe in detail and identify any documents relating to communications between Agere and Motorola, Inc., Lucent Technologies Inc., Broadcom Corp. or AltoCom, Inc.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory as it relates to Motorola, Inc., Broadcom Corp. and AltoCom, Inc. Agere was part of Lucent Technologies Inc. and communications "between" these entities could encompass large amounts of irrelevant information. Agere is prepared to meet and confer with respect to discovery of such communication.

**INTERROGATORY NO. 39**

State Agere's position on whether or not Agere is a "customer" within the meaning of Section 4.2 of the January 30, 2001 agreement between AltoCom, Inc. and Motorola, Inc. and identify any facts and documents that support Agere's position.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably

calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

Defendant further responds that it is the successor in interest to Lucent Technologies, Inc., and as such is a "customer" within the meaning of Section 4.2 of January 30, 2001 agreement between AltoCom, Inc. and Motorola, Inc. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

## INTERROGATORY NO. 40

For each Agere Product, state whether such product meets any standard or recommendation promulgated by the ITU Telecommunication Standardization Sector (ITU-T) or any other standards organization, including without limitation the V.17, V.29, V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34bis, V.34 plus, V.34 extended rate, X2, K56 Flex, V.90 and V.92 standards and identify specifically which of such standards or recommendations each Agere Product meets.

**ANSWER:**

11

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "each Agere Product."

## INTERROGATORY NO. 41

Identify each and every dial-up device, software, combination of devices and/or software, or component of any of the foregoing, having modulation and/or demodulation capabilities which converts signals to a form suitable for transmission substantially within the voice-band frequency spectrum over telephone lines and/or which receives such transmitted signals (including, without limitation, devices, software, combination of devices and/or software, or components of any of the foregoing, the primary purpose of which is to practice some or all of the standards or recommendations V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34 extended rate, V.34bis, V.34 plus, X2, K56 Flex, V.90 and V.92) (for the purposes of Interrogatory No. 42 only, a "Modem") ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, imported into the United States or marketed.

12

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the terms "Modem" and " each and every dial-up device, software, combination of devices and/or software, or component of any of the foregoing."

**INTERROGATORY NO. 42**

Identify each and every standalone software Modem (as defined in Interrogatory No. 41) ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, imported into the United States or marketed.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "standalone software Modem."

Dated: September 17, 2007

TOWNSEND AND TOWNSEND AND CREW, LLP

_____
David E. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: desipiora@townsend.com
Email: ilsaffer@townsend.com
Email: ceking@townsend.com

YOUNG CONAWAY STARGATT & TAYLOR
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com
**ATTORNEYS FOR AGERE SYSTEMS, INC.**

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF REQUESTS FOR INTERROGATORIES (NOS. 31-42)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131458 v2

15

# EXHIBIT E

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

November 21, 2007

**VIA E-MAIL**

Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ian:

This letter is to follow up on our letter of October 17, Agere's response letter dated November 4 and our meet and confer held on November 14. It is our understanding that Agere has agreed to supplement its interrogatory and document request responses for the products named in GE Licensing's defintion of "Agere Product(s)" and in GE's response to Agere interrogatory no. 1. We also understand that Agere is agreeable to our proposal of initially including a time limit of six (6) years in the definition of "Agere Product(s)." We have also proposed during each of the three meet and confers that Agere provide a simple list of its analog modem products (within the agreed time frame) and that GE Licensing identify additional specific products which would fall under the defintion of "Agere Product(s)." While initially this appeared to be an agreeable solution to Agere, we understand from our November 14 meet and confer that Agere is taking the position that it does not need to produce this information.

In the interest of moving discovery forward, we have taken your invitation to draft a modified version of the definition of "Agere Product(s)." It is our understanding that Agere desired to see elements of the asserted claims in the definition, even though this is clearly problematic. Regardless, we think the below definition is reasonable and look forward to your agreement.

Ian L. Saffer
November 21, 2007
Page 2

"Agere Product(s)" shall mean any analog modem compliant with ITU-T recommendation V.34, V.90, V.92 (including any hardware modem, soft-modem or modem chip set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A2, SV92A3, SV92A35, SV92P, SV92P3, SV92PP, SV92U2, SV92EX, CVxx family (including but not limited to CV92, CV92L, CV90L, CV34 and CV34L), OCM-34, OCM-90, OCM-92, OCM-92E, Apollo Family, Mars Family, Luna Family, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF, L56XT, DSP1641B, DSP1641C, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648, DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D, DP2S, DP3, DP2LV34D, DP2Vxx family (including but not limited to DP2V34D and DP2V90DX), APL43, DSP1648, DSP1648C, CSP1034x family (including but not limited to CSP1034C, CSP1034AH, CSP1034H and CSP1034S), CSP1035A, CSP1037, CSP1037B, CSP1038, CSP1040, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components thereof, and/or products containing the same.

We would ask that Agere immediately produce documents related to all such Products and to supplement its responses to at least GE Licensing's interrogatory nos. 1-11, 12, 13, 16, 17, 19-28 30, 25, 26, 27, 40, 41 and 42 and request for production nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44.

We are available this week to have a teleconference if further discussion is required. We look forward to your prompt reply.

Sincerely,

Michael W. Connelly

cc:    Counsel of Record for Agere

WDC99 1493323-1.037743.0051

# EXHIBIT F

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

November 30, 2007

**VIA E-MAIL**

Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ian:

      This letter is to follow up on our letters of November 21 and October 17, Agere's response letter dated November 4 and our meet and confers held on November 5 and November 14. It has been over a week since we sent our proposed definition of "Agere Product(s)" for your consideration in our November 21 letter and have received no response. We also note that GE Licensing has yet to receive any product related documents (aside from production from a prior litigation which we were told in our November 5 meet and confer "may or may not" contain product information). During the November 9 hearing, the Court gave clear instructions that Agere's discovery obligations related to production of product-related information was not to be tied to GE Licensing's infringement contention obligations. However, it appears that Agere has chosen to ignore the Court's instructions. GE Licensing identified <u>specific</u> accused products in its August 17 interrogatories and document requests and now, over three months later, it is not unreasonable that production on at least those products should have begun.

      GE Licensing has continued its own investigation and has identified additional specific products and components which infringe one or more of the asserted patents. Below is a modified definition of "Agere Product(s)" which is substantially identical to our November 21 proposal except for the addition of several specific Agere products.

      "Agere Product(s)" shall mean any analog modem compliant with any of ITU-T recommendations V.34, V.90 or V.92 (including any hardware modem, soft-modem or modem chip

Ian L. Saffer
November 30, 2007
Page 2

set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A2, SV92A3/MDC1.5 Soft Modem, SV92A35, Montblanc Family, SV92P, SV92PL, SV92P2, SV92PP/PCI Soft Modem, Olympia Family, SV92U2/USB 2.0 Soft Modem, SV92EX, CVxx family (including but not limited to CV92, CV92L, CV90L, CV34 and CV34L), OCM-34, OCM-90, OCM-92, OCM-92E, Apollo Family, Mars Family, Luna Family, L56DAS, L56DASI, L56LAS, L56LASI, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF, L56XT, Venus Family, DSP1641B, DSP1641C, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648, DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D, DP2S, DP3, DP2LV34D, DP2Vxx family (including but not limited to DP2V34DX and DP2V90DX), APL43, PCI Controllerless Modem Family, DSP1648, DSP1648C, LU97, Scorpio, CSP1037, CSP1037B, CSP1034x family (including but not limited to CSP1034C, CSP1034AH and CSP1034S), CSP1035A, CSP1038, CSP1040, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components.

We renew our demand that Agere immediately produce documents related to all such Agere Products and to supplement its responses to at least GE Licensing's interrogatory nos. 1-11, 12, 13, 16, 17, 19-28 30, 40, 41 and 42 and request for production nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44.

As always, we are available this week to have a teleconference if further discussion is required. We look forward to your prompt reply.

Sincerely,

Michael W. Connelly

cc:    Counsel of Record for Agere

# EXHIBIT G

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

December 11, 2007

**VIA E-MAIL**

Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:   *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ian:

  This letter follows up on our letters of November 30, November 21 and October 17, 2007, Agere's response letter dated November 4, 2007 and our meet and confers held on November 5 and November 14, 2007. It has now been nearly three weeks since we first sent our proposed definition of "Agere Product(s)" for your consideration in our November 21 letter. We also note that GE Licensing still has yet to receive any product-related documents (aside from production from a prior litigation which we were told in our November 5 meet and confer "may or may not" contain product information).

  Although we have repeatedly sought a teleconference about this issue with no response, we again ask for your availability for an immediate meet and confer on these issues. We look forward to your prompt reply.

Sincerely,

Michael W. Connelly

cc: Counsel of Record for Agere

U.S. practice conducted through McDermott Will & Emery LLP.

600 Thirteenth Street, N.W. Washington, D.C. 20005-3096 Telephone: 202.756.8000 Facsimile: 202.756.8087 www.mwe.com

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>Plaintiff,<br><br>v.<br><br>AGERE SYSTEMS INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-170-JJF<br><br>**JURY TRIAL DEMANDED** |

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **September 5, 2007** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before **January 7, 2008.**

3. **Discovery.**

   (a)     Exchange and completion of contention interrogatories (other than based upon third party documents), identification of fact witnesses and document production (other than in response to third party subpoenas) shall be commenced so as to be completed by **January 31, 2008.** With the exception of fact discovery related to Agere's license defense which shall be commenced so as to be completed **October 1, 2007,** all fact discovery, including depositions, shall be completed by **June 1, 2008.**

   (b)     Maximum of **75 interrogatories,** including contention interrogatories, for each side.

(c)    Maximum of **75** requests for admission by each side.

(d)    Maximum of **20** depositions by plaintiff and **20** by defendant, excluding expert depositions. With the exception of depositions related to Agere's license defense, depositions shall not commence until the discovery required by Paragraph 3 (a, b and c) is completed. The deposition of third-party Motorola, Inc. shall be permitted up to 21 hours and shall count as a single deposition.

(e)    Opening expert reports under Fed. R. Civ. P. 26(a)(2) that relate to issues on which a party has the burden of proof are due by **August 4, 2008**. Rebuttal expert reports under Fed. R. Civ. P. 26(a)(2) that relate to issues on which a party does not have the burden of proof are due by **September 5, 2008**.

(f)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

4. **Non-Case Dispositive Motions.**

(a)    Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

(b)    At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

(c)    Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

5. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before **February 8, 2008.**

6. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **October 15, 2008.** Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions. Notwithstanding the foregoing, a case dispositive motion based on a license defense may be served and filed on or before October 8, 2007.

7. **Markman.** A Markman hearing shall be held on **June 11, 2008 at 10:00 a.m.** The parties shall identify and exchange claim terms to be construed by the Court on or before March 14, 2008, and exchange proposed claim constructions on before March 28, 2008. The parties shall serve and file opening claim construction briefs on or before April 25, 2008. The parties shall serve and file responsive claim construction briefs on or before May 16, 2008. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective July 1, 2007). Any non-dispositive motion shall contain the

statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions is Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9. **Pretrial Conference and Trial.** A Pretrial Conference will be held on **Thursday, January 8, 2009 at 11:00 a.m.**, in Courtroom No. 4B on the 4th Floor, United States Courthouse, Boggs Federal Building, Wilmington, Delaware.

Trial in this matter shall commence at **9:30 a.m. on Monday, February 2, 2009.**

_____
DATE

_____
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-170 (JJF) |
| v. | ) ) | |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

YOUNG CONAWAY STARGATT & TAYLOR LLP
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
302-571-6600

- and -

TOWNSEND AND TOWNSEND AND CREW, LLP
David E. Sipiora
Ian L. Saffer
Chad E. King
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
303-571-4000

*Attorneys for Defendant, Agere Systems Inc.*

October 12, 2007

TABLE OF CONTENTS

TABLE OF CONTENTS........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS .................................................................. 1

SUMMARY OF ARGUMENT ........................................................................................... 2

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT.......................................................................................................................... 4

I.      Legal Standard ........................................................................................................... 4

II.     The Court Should Order CIF Immediately to Provide Responsive and Complete
        Answers to Agere's Interrogatories Nos. 1-4. .................................................... 5

III.    The Court Should Order CIF Immediately to Provide Documents Requested in
        Document Requests Nos. 3-7.................................................................................. 8

CONCLUSION....................................................................................................................... 9

DB02:6297210.1                                                                                                  058626.1006

## TABLE OF AUTHORITIES

**Cases**

*Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066 (Fed. Cir. 2002) ................................. 6

*Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573 (Fed. Cir. 1996) ............................. 7

*Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D. 273 (W.D. Wash. 2001) ....................................... 6

*Conopco, Inc., v. Warner-Lambert Co.*, No. 99-101, 2000 U.S. Dist. LEXIS 1601
   (D.N.J. Jan. 26, 2000) .................................................................................................................... 7

*Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155 (D. Colo. 2000) ............................................. 7

*Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644 (Fed. Cir. 1994) ..................................... 6, 8

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir.
   2006) ............................................................................................................................................... 7

*Pacitti v. Macy's*, 193 F.3d 766 (3d Cir. 1999) .............................................................................. 4

*Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004) ..................................... 6

*Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F. Supp. 2d 419 (D. Del.
   2007) ............................................................................................................................................... 5

*S.S. White Burs, Inc. v. Neo-Flo, Inc.*, No. 02-3656, 2003 U.S. Dist. LEXIS 7718
   (E.D. Pa. May 2, 2003) .................................................................................................................. 7

*Symbol Technologies, Inc. v. Hand Held Products, Inc.*, No. Civ.A. 03-102-SLR,
   2003 WL 22750145, at *3 (D. Del. Nov. 14, 2003) ..................................................................... 5

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981 (Fed. Cir. 2000) ............................... 6

**Rules**

Federal Rules of Civil Procedure 26 ............................................................................................... 4

Federal Rules of Civil Procedure 37 .......................................................................................... 1, 5

058626.1006

## NATURE AND STAGE OF PROCEEDINGS

This is an action for patent infringement brought by CIF Licensing LLC, d/b/a GE Licensing, ("CIF") against Agere Systems Inc. ("Agere") for alleged infringement of U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776.

Agere served its First Set of Requests For Production of Documents and Things ("Document Requests") and First Set of Interrogatories on Plaintiff ("Interrogatories") on July 27, 2007. On August 30, 2007, CIF served its written responses to the Document Requests and Interrogatories, which are included as Appendices A and B respectively. To date, however, CIF has not produced any documents and has not provided complete substantive answers to at least four foundational interrogatories, which are designed to focus discovery on the specific patent claims and the specific accused products that CIF contends are in issue in this case.

Accordingly, Agere respectfully moves the Court, pursuant to Fed. R. Civ. P. 37, to compel CIF immediately to: .

    (1)     provide complete and responsive answers to Agere's Interrogatories Nos.1-4,

    (2)     provide documents requested in Document Requests Nos. 3-7 and 68.

1

058626.1006

## SUMMARY OF ARGUMENT

1.    Agere seeks answers to Interrogatories Nos. 1-4 and the production of documents responsive to Document Requests Nos. 3-7 and 68 to determine the basis for CIF's claims of infringement and to narrow the scope of this case. Discovery requests are the appropriate method for narrowing the scope of a patent infringement case, and the information sought in these requests is discoverable under the Federal Rules of Civil Procedure.

2.    Claim charts, a listing of accused products, and a mapping of the asserted claims to the accused products all are discoverable in patent cases. CIF's refusal to date to provide this information in response to Agere's Interrogatories and Document Requests causes undue waste and delay in discovery, which interferes with Agere's day-to-day business operations and continues at Agere's financial expense.

3.    CIF's objection that Agere's contention interrogatories are "premature" is not well taken. CIF must disclose its infringement contentions so that the parties can narrow the focus of discovery and so Agere may adequately prepare its defenses. As CIF must already have determined its contentions in order to bring this lawsuit, there is no great burden on CIF to produce this information for Agere. Therefore, the Court should compel CIF to respond to Interrogatories 1-4 and produce the documents requested in Document Requests 3-7 and 68.

## STATEMENT OF FACTS

On March 23, 2007, CIF served its complaint on Agere alleging infringement of U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776 (the" Patents-in-Suit"). In its complaint, CIF did not list any accused products nor did it list any claims of the Patents-in-Suit that were allegedly infringed. Although it could have moved for a more definite statement under

2

D58626.1006

Federal Rule of Civil Procedure 12(e), Agere instead elected to seek information on asserted claims and accused products in discovery.

Accordingly, Agere served the Interrogatories and Document Requests on CIF on July 27, 2007. Interrogatory No. 1 requests an identification of accused infringing products and corresponding patent claims. Interrogatory No. 2 inquires into the factual and legal basis for CIF's assertion that Agere has willfully infringed the patents. Interrogatory No. 3 requests a claim chart for the accused products mapping asserted claims to accused products, and Interrogatory No. 4 inquires into CIF's proposed claim constructions.

On August 30, 2007, CIF served on Agere its written responses to the Interrogatories and Document Requests. CIF objected to Interrogatories Nos. 1-4 on numerous grounds. CIF then provided an incomplete answer to Interrogatory No. 1 and no substantive response at all to Interrogatories Nos. 2-4. In its objections to Agere's contention interrogatories, CIF noted that contention interrogatories were "premature to the extent [they] call for [CIF's] contentions at this early stage of the litigation." Further, CIF noted that it would respond to these interrogatories "on a mutually agreed-upon date for all contention interrogatories." In its incomplete answer to Interrogatory No. 1, CIF failed to identify the claims of its patents it contends are infringed by Agere, and which products allegedly infringe which claims, although the four patents asserted by CIF contain a total of 152 claims, which clearly is an excessive number on which to conduct discovery or on which to present evidence at trial.

In an effort to resolve this deadlock, Agere sent CIF a letter on October 4, 2007, proposing a schedule by which both parties would produce responsive and complete answers to interrogatories. After not hearing from CIF, Agere sent CIF an email on October 10, 2007, proposing to meet and confer by telephone in an attempt to resolve these discovery issues. CIF

3

responded via email by proposing to meet and confer on this issue on Monday October 15, 2007. Agere responded via email asking to meet and confer via telephone on either October 11 or October 12. Agere further assured CIF that it would make someone available at any time that is convenient for CIF's counsel. Agere sought a meeting on October 11 or 12 because if the discovery impasse was not resolved during the meeting, then under the applicable rules Agere could still file this motion and be heard on the Court's November 9, 2007 hearing day. Since written discovery in this matter is set to close on January 31, 2008, waiting another month to begin providing substantive discovery responses would impose undue time constraints.

On October 11, 2007, Agere's counsel left a voicemail message for CIF's counsel again stating that Agere wished to meet and confer on the issue of discovery responses. Additionally, Agere stated in its message that if it was not able to meet and confer and reach a solution by October 12, 2007, then it would be forced to file a motion to compel CIF's discovery responses. Agere followed this telephone message with an email again stating that it would be forced to file a Motion to Compel if CIF did not respond by October 12, 2007. As of this filing, CIF's counsel has not provided a substantive response to the issues raised by Agere's October 4 letter. Accordingly, Agere's counsel has, in good faith, attempted to meet and confer with CIF's counsel to avoid resorting to motion practice, but because Agere has received no substantive response, it now presents this motion to the Court.

## ARGUMENT

### I.    Legal Standard

Discovery under the Federal Rules broadly encompasses "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b); *see also Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999) ("[i]t is well recognized that the federal rules allow broad and liberal discovery"). Where, as here, a party fails to answer an interrogatory or to

058626.1006

produce documents, the court may compel production of the requested discovery. Fed. R. Civ. P. 37(a)(2)(b). *See, e.g., Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F. Supp. 2d 419 (D. Del. 2007) (granting party's motion to compel discovery).

## II.    The Court Should Order CIF Immediately to Provide Responsive and Complete Answers to Agere's Interrogatories Nos. 1-4.

Agere seeks answers to Interrogatories Nos. 1-4 to determine the basis for CIF's contentions of infringement. As noted above, Interrogatory No. 1 requests identification of accused infringing products and corresponding patent claims. Interrogatory No. 2 inquires into the factual and legal allegations regarding CIF's assertion that infringement was willful. Interrogatory No. 3 requests a claim chart for the accused products, and Interrogatory No. 4 inquires into proposed claim construction. Through CIF's answers, Agere will be able to better understand which claims CIF believes are infringed by which of Agere's products, and how CIF construes these claims. This understanding will move discovery forward by narrowing the scope of CIF's discovery requests to Agere, hopefully allowing Agere to produce relevant documents and responsive answers. It also will permit Agere to prepare its defenses knowing exactly which patent claims and products are implicated in this case.

Ordering CIF to provide answers to Agere's Interrogatories Nos. 1-4 is the appropriate method for limiting the scope of discovery in this case. As noted above, Agere could have sought this information pursuant to Federal Rule of Civil Procedure 12(e). However, rather than delay the progress of this case with a non-dispositive motion, Agere followed this Court's guidance in a previous patent infringement case and served contention interrogatories: "[T]raditional mechanisms of discovery are the proper tools to refine the scope of [] litigation." *Symbol Technologies, Inc. v. Hand Held Products, Inc.*, No. Civ.A. 03-102-SLR, 2003 WL 22750145, at *3 (D. Del. Nov. 14, 2003). This refinement, however, cannot occur if the party

DB02:6297210.1                                                              058626.1006

with the knowledge and information fails to produce it. The patents-in-suit contain 152 claims, and CIF has identified 11 accused products/product lines so far, but has not agreed to limit its response to just 11 products/product lines. Thus, to understand the extent of this case, Agere would thus have to analyze all 152 claims for at least 11 accused products/product lines now, and perhaps more products/product lines later. This task is overly burdensome, and the Court should not require Agere to expend its resources performing such an analysis.

CIF, and its counsel, were required to have had a factual and legal basis for commencing and continuing this case. In patent cases, the Federal Circuit has explained that the Federal Rules of Civil Procedure "require that a [Plaintiff] interpret the pertinent claims of the patent in issue before filing a complaint alleging patent infringement." *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002). This requires, "at a bare minimum, apply[ing] the claims of each and every patent that is being brought into the lawsuit to an accused device and conclud[ing] that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000); *see also Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004) (requiring counsel for the patent holder to "at a minimum . . . interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement") (citations omitted). Accordingly, Agere simply seeks information that CIF must already have, and should produce, to limit the scope of discovery and the issues in this case.

Since an infringement analysis begins with claim construction, *see Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994), CIF should be prepared to offer a claim construction that supports its infringement position and does not need discovery, expert or otherwise, to do so. *Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D. 273, 274 (W.D. Wash. 2001)

6

(noting that claim construction "does not require discovery" and that claim charts are "standard discovery requests," relevant and discoverable) (citing *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed. Cir. 1996) and *Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155, 1157 n.2 (D. Colo. 2000)); *see also S.S. White Burs, Inc. v. Neo-Flo, Inc.*, No. 02-3656, 2003 U.S. Dist. LEXIS 7718, at *7 (E.D. Pa. May 2, 2003) (granting defendant's motion to compel plaintiff to provide claim construction contentions and stating that that "argument that . . . claim construction is for the court obscures the fact that it is up to [the patent holder], and not to the court, to develop some theory as to how they were wronged").

CIF's responses to Agere's contention interrogatories consist of a litany of objections, including the statement that the contention interrogatories are "premature to the extent [they] call for [CIF's] contentions at this early stage of the litigation." CIF's refusal to disclose its infringement contentions on the ground that they are premature is improper. First, CIF filed this case in March 2007 and discovery now has been open for over two months. Moreover, CIF's position makes it impossible for Agere to discern CIF's theories of infringement. If Agere knew CIF's infringement theories, it could focus its discovery and trial preparation to information that is pertinent to the theories of the case. *See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Accordingly, the Court should order CIF to answer Agere's Interrogatories Nos. 1-4 and reveal which claims it is asserting, and how it is applying the claim limitations to the accused products. *See Re: Conopco, Inc., v. Warner-Lambert Co.*, No. 99-101, 2000 U.S. Dist. LEXIS 1601, at *5-6 (D.N.J. Jan. 26, 2000) (requiring patentee to supplement inadequate interrogatory response by providing claim chart showing limitations in claim and whether accused device infringes either literally or under doctrine of equivalents); *see also S.S. White Burs, Inc.*, 2003 U.S. Dist. LEXIS 7718, at *2-4, 7-9 (granting defendant's

7

motion to compel plaintiff to provide substantive responses to interrogatories seeking claim construction and infringement bases and directing plaintiff to prepare a claim chart). If CIF does not fully disclose its infringement contentions, it should be precluded from asserting them at trial. *See Nike Inc.,* 43 F.3d at 648.

Furthermore, as the defendant, the existence of this lawsuit harms Agere by causing it to incur ongoing legal fees and distracting it from its day-to-day business operations. Through this Motion, Agere hopes to move this proceeding forward to resolution. CIF, however, has not provided Agere with necessary discovery responses to accomplish this task.

CIF's failure to provide adequate responses to Agere's interrogatories materially delays discovery. Under the Rule 16 Scheduling Order, the parties must finish written discovery by January 31, 2007. Agere requires the information sought in its Interrogatories Nos. 1-4 to limit the scope of discovery and to get to the essence of this case. For this reason, Agere respectfully requests that the Court compel CIF to provide substantive and complete responses to Agere's Interrogatories Nos. 1-4 immediately.

**III.     The Court Should Order CIF Immediately to Provide Documents Requested in Document Requests Nos. 3-7.**

Document Requests Nos. 3-7 are analogous to Interrogatories Nos. 1-4 in that they seek documents necessary to determine: the claims CIF believes are infringed, which of Agere's products CIF believes infringe which claims, and how CIF construes these claims. Accordingly, for the same reasons discussed in the preceding section regarding Interrogatories, the Court should order CIF to produce the documents requested in Document Requests Nos. 3-7.

Document Request No. 68 seeks all documents relied upon or consulted in responding to the Interrogatories. Above, Agere requests the Court to compel CIF to produce complete responses to Interrogatories Nos. 1-4. CIF should be compelled to produce documents in

8

058626.1006

response to Request No. 68 for the same reasons discussed above with respect to Interrogatories Nos. 1-4.

## CONCLUSION

For the foregoing reasons, Agere respectfully requests the Court to order CIF to provide complete and responsive answers to Interrogatories Nos.1-4, provide documents requested in Document Requests Nos. 3-7, and produce the documents relied upon in answering Interrogatories No. 1-4 pursuant to Interrogatory No. 68.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600

*Attorneys for Defendant Agere Systems Inc.*

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
303-571-4000

Dated:  October 12, 2007

9

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on October 12, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on October 12, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

058626.1006

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94304
mwheeler@mwe.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Attorneys for Agere Systems Inc.

2

# EXHIBIT J



**WILCOX & FETZER LTD.**

In The Matter Of:

# CIF Licensing, LLC v. Agere Systems, Inc.

---

Transcript of Proceedings

C.. # 07-170 JJF

November 9, 2007

---

Wilcox & Fetzer, Ltd.
Phone: 302-655-0477
Fax: 302-655-0497
Email: depos@wilfet.com
Internet: www.wilfet.com

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC,              )
                                 )
        Plaintiff,               )
                                 )
   v.                            )  C.A. No. 07-170 JJF
                                 )
AGERE SYSTEMS, INC.,             )
                                 )
        Defendant.               )

                    Courtroom 4B
                    844 King Street
                    Wilmington, Delaware

                    Friday, November 9, 2007
                    10:10 a.m.

BEFORE:   THE HONORABLE JOSEPH J. FARNAN, JR.
          United States District Court Judge

                TRANSCRIPT OF PROCEEDINGS

                    WILCOX & FETZER
       1330 King Street - Wilmington, Delaware 19801
                    (302) 655-0477
                    www.wilfet.com

b3c2a270-fcef-450b-a3f5-b45f4acedc92

Page 6

1   MR. CONNOLLY: That's essentially it, in
2   the sense that we know about these products, we know that
3   they infringe, we believe that they do, and I believe
4   we're entitled to discovery on those. We have identified
5   them for them. They are withholding that discovery on
6   the basis that they don't think they should have to give
7   discovery on other products. That seems to me two
8   different issues. They have lumped it together.
9       But on the other products we're saying,
10  look, if you think our definition is too generic, just
11  give us your products going back six years. Hardly an
12  onerous task. We will give you any other specific
13  products by product name that we believe infringe.
14  Discovery begins on those and we're happy to give initial
15  infringement contentions, final infringement contentions,
16  all in accordance with the --
17      THE COURT: You haven't done that yet.
18      MR. CONNOLLY: No.
19      THE COURT: That's the point of their
20  motion. I understand what you're saying about other
21  products and what you told me in the papers was, well,
22  you know, we got to get this other information and all
23  and their motion, essentially the argument is that
24  They're saying, you sued us, tell us everything that

Page 7

1   we're asking for about what you sued us about, and
2   actually that's very timely, and this other stuff you
3   want shouldn't be contingent in any way on what we're
4   entitled to as a defendant at this point.
5       What you're saying is we don't want to give
6   you our -- I think the cleanest interpretation of what
7   you're saying is and the way I would probably try to say
8   it is, all right, we will give you everything about the
9   products we noticed, but this isn't our whole case
10  possibly. So you're on notice we're going to supplement.
11  And then they can't come in here at the near end of the
12  fact discovery and say they just dropped these other
13  15 products on us and we shouldn't have to comply,
14  because you have told them, there is more we think and
15  we're willing to give you complete discovery now in your
16  request and you understand we may be getting more later.
17      MR. CONNOLLY: That's right, Your Honor.
18  And I think this all grew out of this notion that if we
19  don't give them -- if we don't reduce the number of
20  claims, give them claim construction, give them detailed
21  infringement contentions, they're not going to give us
22  anything even on the products we have accused. Obviously
23  they know --
24      THE COURT: They're going to have to give

Page 8

1   you on the products you have accused.
2       MR. CONNOLLY: Right. So out of that kind
3   of block came this. I agree with you, our infringement
4   contentions on the products we know about do not need to
5   be linked to their discovery. We can give them
6   contentions on what we have got. Obviously it helps both
7   parties the more information we have, the more detailed
8   those can be, the further along we get in this case. So
9   we're happy to do what we need to do to move discovery
10  along in this case.
11      THE COURT: You agree with Judge Jordan
12  that, when you sued them, you had a complete case in
13  mind.
14      MR. CONNOLLY: Absolutely, as to products
15  we knew about. Like I said, we have named those products
16  over and over again.
17      THE COURT: That's the complete case you've
18  got to give them. Not only name those products, you've
19  got to give them all your contentions about those
20  products.
21      MR. CONNOLLY: We're happy to do that,
22  Your Honor.
23      THE COURT: Good.
24      MR. CONNOLLY: We would ask production move

Page 9

1   along.
2       THE COURT: That's the point I'm trying to
3   make. It's not a quid pro quo. That's what
4   Judge Jordan was trying to say in that transcript.
5       Now, if you think that they're not either
6   through a meet-and-confer or through a demand providing
7   you with what you're entitled to at this juncture of the
8   litigation, your remedy is to come here next month with
9   your motion to compel.
10      MR. CONNOLLY: I understand that,
11  Your Honor. Unfortunately, it looks like we may end up
12  seeing you again. I just was worried that reading their
13  motion and their proposal would be that they would get to
14  stay their discovery until we gave infringement
15  contentions. As long as that's not in the case, then we
16  don't need to go into that.
17      THE COURT: Sometimes I thought that's not
18  a bad solution, but these cases are too complex to do
19  that. I'm staying on defendant's discovery until you lay
20  your case out as you knew it when you filed it, but you
21  would all think I didn't understand anything about
22  litigation, so I can't do that. I wouldn't do that.
23  You're entitled to have responsive discovery, too, and
24  hopefully you won't be put to a motion.

3   (Pages 6 to 9)

# EXHIBIT K

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

December 19, 2007

**VIA E-MAIL**

Ian Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ian:

  This letter is in reference to Agere's recent production of native files on CD and DVD and some rather significant problems that must be addressed promptly. For ease of reference, we have numbered these issues in case any require further discussion.

  1.  The CDs and DVDs include too many disparate files and documents using a single Bates number. While native format is acceptable, bates numbers will need to be assigned to the files . For example, AGERE/GE 1913 includes about 1200 non-zip files and 795 zip files. Attempting to refer to any of these files during the course of the litigation or to use them during a deposition would be difficult and impractical. Moreover, the filenames are not necessarily unique – there may be files having the same name but which are not identical. Certainly it would not be too expensive or time consuming for a vendor to catalog and Bates number each of those files. In addition, the .zip files should be extracted and the individual files also assigned Bates numbers.  Please let us know if a discussion between our IT personnel and yours would facilitate this production.

  2.  Production disc AGERE/GE 001913 contains a number of schematics under the directory labeled "Assorted Modem Designs." The majority of these schematics are labeled "Draft Schematics for Review Only" or "Alpha Schematics." Similarly, although there are other directories

Ian L. Saffer
December 19, 2007
Page 2

labeled as "design documents" of different products, our review indicates that these do not contain schematics or technical specifications used for manufacturing these products. This disc also contains many directories storing documents (that can be accessed) recording only product changes rather than the original design specification/schematics. Please confirm that Agere has produced or intends to produce final hierarchical schematics and original design documents for all Agere Products (under the revised definition provided by GE Licensing in its letter of November 30), particularly for any DSP chips (including but not limited to DSP1637) and CSP chips (including but not limited to CSP 1034, 1035, 1040) used in many of Agere's modem products.

3.   The production disc AGERE/GE 001913 (SoftModem Drivers for Windows) contains a password-protected zip file. We were not given this password until yesterday, December 17. Although we can unzip this directory using the password Chad King provided, a number of .zip files have password protection for which the password provided by Mr. King does not work. For example, on production disc AGERE/GE 001913, the file Code Release Histories\Soft Modem Windows Driver Releases\agrsmhom2176.zip is password protected. This is not a single occurrence. Please provide all required passwords or reproduce the information without password protection.

4.   We note that on production disc AGERE/GE 001913, most of the files are dated September 12, 2007. Was this the date of creation or the date on which they were copied? Similarly, many of the files on production disc AGERE/GE 003133 are dated October 8, 2007. Was this the date of creation or the date on which they were copied?

5.   We have now received discs that have been Bates-numbered Agere GE 1912, 1913 and 3132-34, but have not received any documents having the Bates numbers between Agere GE 1913 and 3132. Please confirm whether this is an intentional gap or indicates some production that has been withheld.

We look forward to your prompt reply on each of these issues.

Ian L. Saffer
December 19, 2007
Page 3

Sincerely,

Michael W. Connelly

cc:    Counsel of Record for Agere

WDC99 1505683-2.037743.0051

# EXHIBIT L

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

ceking@townsend.com

December 11, 2007

**_VIA FEDEX (CC: VIA EMAIL W/O ENCLOSURES)_**

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096
Email: mconnelly@mwe.com

Dear Mike:

I have enclosed with this letter one (1) CD and one (1) DVD of documents and other files produced by Agere. Because of the nature of these files and their organization, they are not reasonably amenable to production as image files. Hence, Agere is producing these files in their respective native formats, organized as closely as possible to the manner in which they are kept in the ordinary course of business by Agere. The documents/files are not individually Bates-labeled or legended; instead, each CD/DVD has a Bates number, and each CD/DVD bears a confidentiality designation appropriate to the material stored on that disc. We request that you treat each document/file on a particular disc as being designated according to the legend with it respective disc is labeled.

The specific contents of the enclosed discs are as follows:

1) A CD titled "Softmodem Drivers for Windows" and Bates-numbered AGERE/GE 001912, which includes a current, installable copy of Agere's softmodem drivers for MS Windows.

2) A DVD titled "Documents From Modem Applications Engineering Web Site" and Bates-numbered AGERE/GE 001913, which includes files relating to several of Agere's modems and components, including Product Data Paks for current and former modems and components. Thus, this DVD is designated "CONFIDENTIAL- OUTSIDE ATTORNEYS' EYES ONLY."

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Chad E. King

CEK/kef
61231326 v1

# EXHIBIT M

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel 303.571.4000
Fax 303.571.4321

ceking@townsend.com

December 12, 2007

***VIA FEDEX (CC: VIA EMAIL W/O ENCLOSURES)***

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Email: mconnelly@mwe.com

Dear Mike,

I have enclosed with this letter one (1) CD and two (2) DVDs of documents and other files produced by Agere. As indicated in my letter to you dated December 11, 2007, because of the nature of these files and their organization, they are not reasonably amenable to production as image files. Hence, Agere is producing these files in their respective native formats, organized as closely as possible to the manner in which they are kept in the ordinary course of business by Agere. The documents/files are not individually Bates-labeled or legended; instead, each CD/DVD has a Bates number, and each CD/DVD bears a confidentiality designation appropriate to the material stored on that disc. We request that you treat each document/file on a particular disc as being designated according to the legend with it respective disc is labeled.

Because these documents are maintained as web pages (or attachments to web pages) on internal Agere servers, production of an exact duplication of the organizational structure of the documents is not possible. We have attempted, however, to organize the documents in a manner that is as close as possible to the manner in which they are maintained in the ordinary course of business, and in a manner that is readily accessible to you for review.

The specific contents of the enclosed discs are as follows:

1) A CD titled "Records from MRI Database" and Bates-numbered AGERE/GE 003132, which includes records (in HTML-document format) from Agere's internal project database (referred to as "MRI"). These records each have a unique record number, and the records are organized on the disc according to the modem project to which they relate. This CD is designated "CONFIDENTIAL- OUTSIDE ATTORNEYS' EYES ONLY."

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Michael W. Connelly
December 12, 2007
Page 2

2) Two DVDs titled "MRI Attachments" (sorted by project and MRI record number) and Bates-numbered AGERE/GE 003133 and AGERE/GE 003134, which include documents and files that originally were attached to individual records in the MRI database. These documents/files are organized according to the project name (and further by the record name) of records in the MRI database. These DVDs are designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

The MRI records (number 1 above) are web pages that originally contained links to various of the attachments (number 2 above). When you open one of the MRI records (e.g., in a web browser), you will note that it has a unique record number, as well as a project name for the project the record relates to. Many of the records also include links to attachment files. Because it is not technically feasible for us to maintain those file links in our production set, the links generally will not work. Instead, you can find each attachment by looking at the appropriately-titled folder name on the appropriate "MRI Attachments" DVD for the project and record number corresponding to the attachment file.

We have gone to considerable effort to make these materials as accessible as possible. If, after reviewing these materials, you have any questions about the organization of the materials, please let me know.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Chad E. King

CEK/kef

61232705 v1

# EXHIBIT N – PART 1

# agere systems

## Client Solutions



- *WaveLAN*™ Chip Sets, Modules and Reference Designs — pages 10-11



- *TrueStore*™ Family of Storage Disk Drive Products — pages 8-9



- Mobile Handset Solutions - EDGE/GPRS/GSM — pages 3-4



- Voice Over IP Solutions — page 10



- Printing and Imaging — page 8



- *IEEE*® 1394 Products
- Modem Chip Sets
- USB Products — pages 2-3,5-7,9



- Satellite Digital Radio — page 8



- Client ASICs — pages 2,6

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| Client ASICs | Customer-specific | Application-specific integrated circuits for client applications. | Customer-specific ICs for a variety of client applications including computing, printing and imaging, multimedia, and consumer and residential access. | Customers can define functionality to meet their specific application needs. Agere can provide key building blocks, especially communications and computing connectivity IP macrocells based on our field-proven standard products. Agere is a leader in the ASIC market and is providing a great combination of base technology, key IP blocks, engineering expertise, and operations excellence to meet the cost and performance needs of a variety of applications. Key benefits include real-world proven IP blocks to reduce risk and speed time to market; advanced design flows and methodologies to address deep submicron challenges and keep schedules on track; world-class operations, including in-house assembly and test for low cost and short cycle-times; and a variety of engineering expertise to provide total technical support to our customers. |
| IEEE 1394 | FW322 06 | Two-port, PCI-based 1394A open host controller interface (OHCI) link-layer controller and physical layer (PHY). | Provides a single-chip solution for connecting two IEEE 1394A cable ports to a host system using the PCI bus and OHCI 1.2. | OHCI link-layer controller and PHY in a single package. Supports two fully compliant cable ports, each running at 100 Mbits/s, 200 Mbits/s, and 400 Mbits/s. Compliant with 1394A-2000, 1394-1995, OHCI 1.2, PCI 2.2, and PCI power management interface 1.1. Serial EEPROM interface for storing configuration data. 3.3 V operation, 5 V tolerant inputs.  120-pin TQFP package. |
| IEEE 1394 | FW323 06 | Three-port, PCI-based 1394A open host controller interface (OHCI) link-layer controller and physical layer (PHY). | Provides a single-chip solution for connecting three IEEE 1394A cable ports to a host system using the PCI bus and OHCI 1.2. | OHCI link-layer controller and PHY in a single package. Supports three fully compliant cable ports, each running at 100 Mbits/s, 200 Mbits/s, and 400 Mbits/s. Compliant with 1394A-2000, 1394-1995, OHCI 1.2, PCI 2.2, and PCI power management interface 1.1. Serial EEPROM interface for storing configuration data. 3.3 V operation, 5 V tolerant inputs.  128-pin TQFP package. |
| IEEE 1394 | FW801A FW801BF | One-port IEEE 1394A-2000 cable transceiver/arbiter. | Provides the analog physical layer functions needed to implement one cable port in an IEEE 1394-1995 or IEEE 1394A-2000 network. This device interfaces to a separate link-layer controller through a 2/4/8 line parallel interface at 50 Mbits/s. | Provides one fully compliant cable port at 100 Mbits/s, 200 Mbits/s, and 400 Mbits/s. Compliant with IEEE 1394A-2000 and IEEE 1394-1995. Fully supports open HCI requirements. Data interface to link-layer controller provided through 2/4/8 parallel lines at 50 Mbits/s. Single 3.3 V supply operation. Package: FW801A—48-pin TQFP, FW801BF—48-pin TFSBGA. |
| IEEE 1394 | FW802B FW802C FW802BF | Two-port IEEE 1394A-2000 cable transceiver/arbiter. | Provides the analog physical layer functions needed to implement two cable ports in an IEEE 1394-1995 or IEEE 1394A-2000 network. This device interfaces to a separate link-layer controller through a 2/4/8 line parallel interface at 50 Mbits/s. | Provides two fully compliant cable ports at 100 Mbits/s, 200 Mbits/s, and 400 Mbits/s. Compliant with IEEE 1394A-2000 and IEEE 1394-1995. Fully supports open HCI requirements. Data interface to link-layer controller provided through 2/4/8 parallel lines at 50 Mbits/s. Single 3.3 V supply operation. Package: FW802B—64-pin TQFP, FW802C—48-pin TQFP, FW802BF—48-pin TFSBGA. |

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| IEEE 1394 | FW803.09V | Three-port IEEE 1394A-2000 cable transceiver/arbiter. | Provides the analog physical layer functions needed to implement three cable ports in an IEEE 1394-1995 or IEEE 1394A-2000 network. This device interfaces to a separate link-layer controller through a 2/4/8 line parallel interface at 50 Mbits/s. | Provides three fully compliant cable ports at 100 Mbits/s, 200 Mbits/s, and 400 Mbits/s. Compliant with IEEE 1394A-2000 and IEEE 1394-1995. Fully supports Open HCI requirements. Data interface to link-layer controller provided through 2/4/8 parallel lines at 50 Mbits/s. Single 3.3 V supply operation. 64-pin TQFP package. |
| Lithium-Ion Battery Charger Controller | PSC1534 | Lithium-Ion (Li-Ion) battery charger controller. Appropriate for any application that requires a compact, low-cost solution. | A constant-current, constant-voltage solution that allows charge current programming using a single external resistor (RPROG). Functional and performance equivalent to Linear Technologies LTC 1734. Typical applications include cell phones, PDAs, portable MP3 players, and other portable devices that use rechargeable Li-Ion batteries. | Very price competitive. Low external component count and small footprint. Charge termination indication and manual shutdown using PROG pin. Programmable charge current: 200 mA to 800 mA. 4.1 V or 4.2 V preset voltages. Automatic trickle charging for heavily discharged batteries requires no additional external components. Very low quiescent battery current during shutdown and standby (charger removed). Charger undervoltage lockout and battery overvoltage lockout. Overcurrent protection. Overtemperature protection. Low-profile (1 mm) 6-lead plastic SOT-23 package. |
| Mobile Handset Solutions – EDGE/GPRS/GSM Sceptre® | Sceptre HPE Chip Set | Proven two-chip EDGE/GPRS/GSM high-performance solution for Class 10 EDGE mobile terminals that enables wireless data applications and multimedia services such as real-time audio, video streaming, digital photo imaging, MP3 music, and interactive gaming. | Industry's smallest and fastest EDGE silicon solution for high-speed enhanced mobile terminal designs. | A high level of H/W and S/W integration delivers a 164 mm² chip set for smaller reference designs and more compact handsets. Delivers over 200 kbits/s download speed—four times faster than most fixed PC dial-up connections and upload speeds that exceed 100 kbits/s. Proven solution via extensive IOT testing. Provides extended battery time for three hours of talk time and 600 hours of standby time augmented by a highly optimized solution allowing slower clock speeds and reduced current leakage. Supports quadband operation (850 MHz, 900 MHz, 1800 MHz, 1900 MHz) and voice HR/FR/EFR/AMR, all with voice tags as well as advanced connectivity support for SD/MMC, USB, Bluetooth™, IrDA, and others. This solution is Class 12 capable. |
| Mobile Handset Solutions – EDGE/GPRS/GSM Sceptre | Sceptre HP Chip Set | High-performance hardware and software GSM/GPRS baseband solution for GPRS Class 12 mobile terminals. Includes a powerful ARM®946 microprocessor core that enables mobile phones with advanced, high-speed multimedia and entertainment applications. | Hardware consists of a two-chip set: TRHP includes a DSP16000 and ARM946E-S, both running at 90 MHz, and the CSP2200 mixed-signal device provides the interface function between TRHP and the RF subsystem as well as voice codecs and power management functions. Chip set is compatible with industry-leading third-party RF transceivers. DSP and MCU protocol stack software provide all communications system functionality. This high-performance solution provides all of the power needed to handle wireless communications and applications processing without the need for a separate applications processor. | GSM/GPRS Class 10 (Class 12 capable) baseband solution. Supports quad band operation (850 MHz, 900 MHz, 1800 MHz, 1900 MHz). Supports GPRS network modes 1, 2, 3. Advanced connectivity options, including an on-chip USB controller, IrDA, removable secure digital (SD) and multimedia memory cards (MMC) and Bluetooth support. Integrated linear battery charger. Circuit-switched data (CSD) up to 14.4 Kbytes/s (data and FAX). CPHS V4.2. 164 mm² chip set footprint. Triple-rate voice codecs with FR/EFR/HR or FR/EFR/AMR, all with AMR voice tags. Very low power consumption. |

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| Mobile Handset Solutions – EDGE/GPRS/GSM Sceptre | Sceptre LF Chip Set | Complete three-chip GSM/GPRS baseband solution for GPRS Class 12 mobile terminals. | Hardware consists of a three-chip set; TR09 DSP16000/ARM7TDMI dual processor, CSP1093C mixed-signal device provides the interface function between TR09 and the RF subsystem, and the PSC2106 integrated power management controller. Chip set is compatible with industry-leading third-party RF transceivers. DSP and MCU protocol stack software provide all communications system functionality. | GSM/GPRS Class 12 capable baseband solution. Class 10 provided, certified to GCF 3.9.0. Supports quad band operation (850 MHz, 900 MHz, 1800 MHz, 1900 MHz). Supports GPRS network modes 1, 2, 3. Circuit-switched data (CSD) up to 14.4 Kbytes/s (data and FAX). EOTD phase 1 & 2 location support. 209 mm² chip set footprint. Triple-rate voice codecs with FR/EFR/HR or FR/EFR/AMR, all with AMR voice tags. Very low power consumption. |
| Mobile Handset Solutions – EDGE/GPRS/GSM Sceptre | Sceptre PF7 Reference Design | The Sceptre PF7 reference design is a complete circuit board-level hardware and software design for a triband 900/1800/1900 GPRS class 12 mobile handset. It is based upon the three-chip Sceptre LF baseband chip set. | Complete GSM/GPRS terminal platform reference design for developing feature-packed mobile phone designs. Based on Sceptre LF chip set. Offers integrated chip design for both baseband and radio, proven board-level design, outstanding software and protocol stack processing, design and manufacturing flexibility that handset makers need to successfully deliver the latest multimedia and data features, like digital photo imaging, multimedia messaging service, high-speed web browsing, high-resolution color displays, and Java™-based applications. | Proven GPRS hardware and software platform solution including PPCCH support. Network operator tested GPRS solution. Extensive interoperability tests (IOT) with Class 10 infrastructure vendors. Software GCF qualified. Supports key features/benefits of Sceptre LF chip set. Low IF triband radio 900/1800/1900 with variant 850/1800/1900. Small 1584 mm² footprint. Advanced power management features for very low power consumption. |
| Mobile Handset Solutions – EDGE/GPRS/GSM Sceptre | Sceptre TC Chip Set | Complete two-chip GSM/GPRS baseband solution for GPRS Class 12 mobile terminals. Reduces three-chip Sceptre LF chip set into two chips. | Hardware consists of a two-chip set; the TR09 DSP16000/ARM7TDMI dual processor, and the CSP2200 mixed-signal device provides the interface function between TR09 and the RF subsystem as well as the power management functions. Chip set is compatible with industry-leading third-party RF transceivers. DSP and MCU protocol stack software provide all communications system functionality. | GSM/GPRS Class 12 capable baseband solution. Class 10 provided, certified to GCF 3.9.0. Supports quad band operation (850 MHz, 900 MHz, 1800 MHz, 1900 MHz). Supports GPRS network modes 1, 2, 3. Integrated linear battery charger. Circuit-switched data (CSD) up to 14.4 Kbytes/s (data and FAX). EOTD phase 1 & 2 location support. 145 mm² chip set footprint. Triple-rate voice codecs with FR/EFR/HR or FR/EFR/AMR, all with AMR voice tags. Very low power consumption. |
| Mobile Handset Solutions – EDGE/GPRS/GSM Vision™ | Vision Mobile Handset Architecture | Mobile handset architecture that enables phone manufacturers to more rapidly deliver a broad portfolio of products aimed at addressing the growing demand for multimedia capable wireless phones supporting real-time audio and video streaming, digital photo imaging, and interactive gaming. | The architecture includes a digital baseband chip set that uses a low-leakage process technology and multiple processors, enabling key enhancements in security, performance, and power management. | Flexible multicore hardware architecture delivers mobile multimedia. Strength and scalability from decoupled applications and communications processors: quicker product spins and faster time to volume. Unique software architecture: proven protocol stack, assured communication environment, open and proprietary OS support, OptiSuite™ design tools. Uncompromising mobility: three separate processor domains deliver performance and power efficiencies, lower BOM, smaller size, lower component count. Capable of providing 50 percent longer battery life than comparable single processor multimedia solutions. |

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| Modem - Codec | CSP1034AH (5 Volt) CSP1034C (3 Volt) CSP1034S (3 Volt) | Line codec for use with Agere's modem chip sets utilizing a transformer-based DAA (data access arrangement). | Provides analog signal filtering along with D/A and A/D conversions. Uses a transformer as the isolation barrier between the high-voltage phone line and the low-voltage modem DSP. | 48-pin TQFP or 44-pin MQFP with built-in caller-ID circuitry. CSP1034C also in 44-pin MQFP. CSP1034S in 48-pin TQFP and 38-pin TTSOP. CSP1034S! D/A user amplifier can be tri-stated under software control. Benefit: reduce the op-amp output loading on the line during snoop modes. |
| Modem - Codec | CSP1035A (3 Volt) | Line codec for use with Agere's modem chip sets not using a transformer-based DAA. | Provides analog signal filtering along with D/A and A/D conversions. Uses an AUI device as the isolation barrier between the high-voltage phone line and the low-voltage modem DSP. | 48-pin TQFP, line-powered, software-programmable silicon-based DAA. |
| Modem - Codec | CSP1037B (3 Volt) | Line codec for use with Agere's CSP1037 soft modem device. | CSP1037 chip set is an integrated DAA that provides a programmable line interface to meet international telephone line requirements. CSP1037B provides analog signal filtering along with D/A and A/D conversions. Uses capacitive coupling as the isolation barrier between the high-voltage phone line and the low-voltage modem digital interface circuitry. | 16-pin SOIC and 16-pin TSSOP. |
| Modem - Codec | CSP1038 (3 Volt) | Line codec for use with a variety of Agere's modem devices. | Can frequently be used to reduce overall BOM costs for host-based, controllerless, and soft modem offerings. | 16-pin SOIC. |
| Modem - Controller-Based Venus® | 1673 (5 Volt) 1675 (3 Volt) 1670 V.34 only | Controller-based analog client data/FAX modem, optimized for embedded applications. | Performs modem controller and data pump functionality in a single chip. Supports ITU recommended data rates up to and including V.92 with legacy support for Bell 212A and Bell 103. Supports caller-ID (Bell 202 and V.23) and FAX mode capabilities: V.17, V.29, V.27ter, V.21 Ch2, and V.34. | Interfaces to host controller using standard AT-command set with hardware interface support for RS232-TTL, ISA, PCMCIA, USB 1.1 (requires USS820-D device), and PCI 2.0 (requires PITA device). Packages: 128-pin TQFP and 144-pin TQFP. Software support for error correction: MNP® 2-4 and V.42. Data compression: MNP5, V.42bis, and V.44. FAX capabilities: V.34, V.29, V.19, V.27ter, V.21 Ch2, and Class 1/Class 2. Enhanced voice features: full-duplex speakerphone capabilities and TAM. Excellent support for worldwide homologation. Interfaces to telephone line through a line codec such as CSP1034 or CSP1035A and DAA. V.92 not available with CSP1035A. |
| Modem - Controllerless | APL43 (3 Volt) | ISA-based controllerless analog client data/FAX modem ideal for Windows®/ WinCE environments. Typically used in desktop and notebook computers, LAN/modem combo cards, embedded modems, set-top boxes, palm computers, and internet appliances. | APL43 performs modem data pump functionality while the host processor performs high-level modem (controller) protocol processing. Supports ITU recommended data rates up to and including V.92 with legacy support for Bell 212A and Bell 103. Supports caller-ID (Bell 202 and V.23) and FAX mode capabilities: V.17, V.29, V.21. | APL43 interfaces to host controller using an 8-bit microcontroller (ISA) interface. Low-power modes. Package: 48-pin TQFP. Software support for error correction: MNP2-4 and V.42. Data compression: MNP5, V.42bis, and V.44. Enhanced voice features: full-duplex speakerphone capabilities and TAM. Excellent support for worldwide homologation. Interfaces to telephone line through a line codec such as CSP1034C or CSP1035A and DAA. |

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| Modem - Controllerless | DSP1648C (3 Volt) | PCI-based controllerless analog client data/FAX modem ideal for Windows/WinCE environments. Typically used in desktop and notebook computers as PCI cards, mini-PCI, and PC cards. | DSP1648C performs modem data pump functionality while the host processor performs high-level modem (controller) protocol processing. Supports ITU recommended data rates up to and including V.92 with legacy support for Bell 212A and Bell 103. Supports caller-ID (Bell 202 and V.23) and FAX mode capabilities: V.17, V.29, V.27ter, and V.21 Ch 2. | DSP1648C interfaces to host controller using PCI bus interface. Low-power modes. Package: 100-pin TQFP. Software drivers are compliant with Windows 95, 98, 98SE, 2000, Windows NT® 4.0, Windows ME™, Windows XP™. OS support and provide support for error correction: MNP2–4 and V.42. Data compression: MNP5, V.42bis, and V.44. Enhanced voice features: full-duplex speakerphone capabilities and TAM. Excellent support for worldwide homologation. Interfaces to telephone line through a line codec such as CSP1034C or CSP1035A and DAA. |
| Modem - Core | DP2S | Synthesizable analog client modem data pump core for incorporation into an ASIC. | Digital functions of modem circuit can be integrated into a system ASIC. DAA/codec functionality remains as an external discrete part of the modem solution. Suitable integration path for high-volume applications as a low-cost, high-density modem implementation. Typical applications are set-top boxes (STB) and multifunction peripherals (MFPs). | Architecture is ASIC friendly and highly integratable into user-specified process technologies via industry-standard synthesis and simulation process flows. Flexible memory configuration provides various ITU data modulation rates (e.g., V.92, V.34, V.22) and FAX functionality, which is object code compatible with Agere's DP2 embedded modem family. PWM output for low-cost line monitoring and audio codec for TAM and FDSP in addition to compatibility with the CSP1034C or CSP1035A line codecs. |
| Modem - Embedded Controllerless | DP2LV34D DP2LV34X DP2LV17X DP2LV22D | Controllerless ISA-like analog client data/FAX modem. Optimized for small footprint and low-power embedded applications. | Performs modem data pump functionality while the host processor performs high-level modem (controller) protocol processing. Supports ITU recommended data rates up to and including V.34 with legacy support for Bell 212A and Bell 103. Supports caller-ID (Bell 202 and V.23) and FAX mode capabilities: V.17, V.29, V.27ter, V.21 Ch2, and V.34. | Cost reduced, footprint compatible to DP2Vxxx family. Interfaces to host controller using a 3.3 V 8-bit microcontroller (ISA-like) interface. Call progress speaker driver. Package: 48-pin TQFP. DP2LV34D supports V.34 data and V.17 FAX. DP2LV34X supports V.34 FAX. DP2LV17X supports V.17 FAX. DP2LV22D supports V.22bis data, optional V.42 error correction, V.42bis data compression, and V.22 FC. Excellent support for worldwide homologation. Interfaces to telephone line through a line codec such as CSP1034 or CSP1035A and DAA. |
| Modem - Embedded Controllerless | DP2V90DX DP2V34DX DP2V34X DP2V32DX | Controllerless ISA-like analog client data/FAX modem. Optimized for small footprint and low-power embedded applications. | Performs modem data pump functionality while the host processor performs high-level modem (controller) protocol processing. Supports ITU recommended data rates up to and including V.92 with legacy support for Bell 212A and Bell 103. Supports caller-ID (Bell 202 and V.23) and FAX mode capabilities: V.17, V.29, V.27ter, V.21 Ch2, and V.34. | Interfaces to host controller using a 3.3 V 8-bit microcontroller (ISA-like) interface. Call progress speaker driver. Package: 48-pin TQFP. DP2V90DX supports V.92, V.90/V.34 data, and V.34/V.17/V.29 FAX. DP2V34DX supports V.34 data and V.17 FAX. DP2V34X supports V.34 FAX. DP2V32DX supports V.32bis data and V.17 FAX. Excellent support for worldwide homologation. Interfaces to telephone line through a line codec such as CSP1034 or CSP1035A and DAA. |
| Modem - One Chip Modem | OCM-22 (3 Volt) | Low-speed analog modem. V.22bis modulation (2400 bits per second and lower). | Performs modem controller and data pump functionality in a single chip. Supports ITU recommended data rates up to and including V.22bis for use in very low-cost analog modem for use in point of sale terminals, set top box, etc. | 48-pin TQFP package with serial interface to the host controller provides very low-cost V.22bis modem solution. |
| Modem - One Chip Modem | OCM-34 OCM-90 OCM-92 (3 Volt) | High-speed analog modem. | Performs modem controller and data pump functionality in a single chip. Supports ITU recommended data rates up to and including V.90 with additional V.92 features: modem on hold and quick connect. Additionally supports new V.44 data compression scheme. | 48-pin TQFP package offers both serial or parallel interface to the host controller. The OCM-92 (128-pin TQFP) allows users to customize their firmware needs. |

# EXHIBIT N – PART 2

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| Modem – Soft | CSP1037 (3 Volt) | AC97-based soft analog client data/FAX modem ideal for *Windows*/WinCE environments. Typically used in notebook computers using AC97 bus technologies for modem daughter/riser cards (MDC, AMR, CNR). | The host processor (e.g., *Pentium®*) performs all modem data pump and controller functionality. Supports ITU recommended data rates up to and including V.92 with legacy support for Bell 212A and Bell 103. Supports caller-ID (Bell 202 and V.23) and FAX mode capabilities: V.17, V.29, V.27ter, and V.21 Ch 2. | Software drivers are compliant with *Windows* 98, 98SE, 2000, NT 4.0, *Windows ME*, *Windows XP* OS support. Package: 16-pin SOIC and 16-pin TSSOP. Worldwide DAA support. Interfaces to CSP1037B line-side device. |
| Modem – Soft | SV92A2 (3 Volt) | Dual mode –AC97 and HD audio (Azalia)–soft analog client data/FAX modem ideal for *Windows*/WinCE environments. Typically used in notebook computers using AC97/HD audio bus technologies for modem daughter/riser cards (MDC, AMR, CNR). | The host processor (e.g. *Pentium*) performs all modem data pump and controller functionality. Supports ITU recommended data rates up to and including V.92 with legacy support for Bell 212A and Bell 103. Supports caller-ID (Bell 202 and V.23) and FAX mode capabilities: V.17, V.29, V.27ter, and V.21 Ch 2. | SV92A2 interfaces to host controller using AC97 or HD audio bus interface. Package: 16 SOIC. PC2001/ACPI compliant. Software drivers are compliant with *Windows* 98, 98SE, 2000, NT 4.0, *Windows ME*, *Windows XP* OS support. Excellent support for worldwide homologation, as the same board can be used in both AC97 and HD audio environments without the need for recertification. Interfaces to telephone line through CSP1038 and DAA. |
| Modem – Soft | SV92P (3 Volt) | PCI 2.2-based soft analog client data/FAX modem ideal for *Windows*/WinCE environments. Typically used in desktop and notebook computers as PCI and mini-PCI cards. | The host processor (e.g., *Pentium*) performs all modem data pump and controller functionality. The SV92P is a system-side device that interfaces to the host via a standard PCI or PCI 2.2 compliant bus. Supports ITU recommended data rates up to and including V.92 with legacy support for Bell 212A and Bell 103. Supports caller-ID (Bell 202 and V.23) and FAX mode capabilities: V.17, V.29, V.27ter, and V.21 Ch 2. | SV92P interfaces to host controller using PCI 2.2 bus interface and is pin and footprint compatible with the DSP1648C device. Package: 100-pin TQFP. PC2001 compliant. Software drivers are compliant with *Windows* 95, 98, 98SE, 2000, NT 4.0, *Windows ME*, *Windows XP* OS support. Excellent support for worldwide homologation. Interfaces to telephone line through a line codec such as CSP1034C or CSP1035A and DAA. |
| Modem – Soft | SV92P2 (3 Volt) | PCI 2.3-based soft analog client data/FAX modem ideal for *Windows*/WinCE environments. Typically used in desktop and notebook computers as PCI and mini-PCI cards. | The host processor (e.g., *Pentium*) performs all modem data pump and controller functionality. Supports ITU recommended data rates up to and including V.92 with legacy support for Bell 212A and Bell 103. Supports caller-ID (Bell 202 and V.23) and FAX mode capabilities: V.17, V.29, V.27ter, and V.21 Ch 2. | SV92P2 interfaces to host controller using PCI 2.3 bus interface. Package: 64-pin TQFP. PC2001 compliant. Software drivers are compliant with *Windows* 95, 98, 98SE, 2000, NT 4.0, *Windows ME*, *Windows XP* OS support. Excellent support for worldwide homologation. Interfaces to telephone line through CSP1038 and DAA. |

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| Printing & Imaging | PI301 | Controller for monochrome inkjet and thermal FAX applications. Used in conjunction with Agere's CSP1034S modem codec. | The PI301 is a highly integrated controller that includes an ARM946, and two PPIO controllers and Agere's DP2S. It performs the functions of several controllers/discrete ICs in a single package including V.17 modem data pump, inkjet cartridge control, image scanning, A/D for analog front end, firmware-based image processing, paper-stepper control, and paper-feed control. | High level of integration in the PI301 enables FAX designers to significantly reduce total system BOM. It allows for systems to be built with a single external FLASH memory as opposed to the multiple external memories found on most FAX machines. The inclusion of programmable DP2S core enables FAX data pump feature enhancement via firmware. The ARM946, which runs at 160 MHz, has additional processing headroom that allows customers to differentiate their products by adding features via firmware. PCB design is greatly simplified by removing the need for multiple ICs. |
| Satellite Digital Audio Radio Service | Satellite Digital Audio Radio Chip Set | Agere designs, develops, and supplies a complete chip-level solution for decoding satellite digital audio radio service technology to radio manufacturers. | The satellite digital audio radio service solution supports two key elements: broadcast/content and receivers. The system employs time, frequency, and space diversity to provide service continuity. Service is by a *Sirius Satellite Radio*™ subscription with the capability for selective tiered service. | *Sirius Satellite Radio* controls the broadcast where they transmit an unparalleled selection of digital-quality 100% commercial-free music, plus sports, news, and telematics data to mobile receivers via direct broadcast satellites supplemented by gap filler terrestrial networks. *Sirius* is one of two companies licensed to provide digital satellite radio in the U.S. |
| Storage Disk Drive Electronics | SoCs | System-on-a-chip. | SoCs integrate the functionality of the read channel, hard disk controller, servo logic, microprocessor, and memory on a single piece of silicon. | Agere's SoCs simplify disk drive design, improve reliability, reduce power consumption, and ease manufacturing without increasing drive costs. Agere provides a high-performance read channel, hard disk controller, high-density embedded memory, and broad selection of mixed-signal cores and I/O cells, plus the necessary IP, all implemented in state-of-the-art process technologies. Agere is the leading provider of highly integrated SoC solutions for the HDD industry. |
| Storage Disk Drive Electronics | *TrueStore* Motor Controllers | Motor controller ICs. | The motor controller drives the spindle motor that spins the disk drive platters and maintains the spin rate (RPMs). It also drives the voice coil motor (VCM) that moves the head gimbal assembly (HGA) from track to track during seek operations and then holds the HGA on-track during read and write operations. | Agere's motor controllers enable manufacturers to reach higher levels of integration and performance. On-chip power drivers help disk drive manufacturers cut product design time and manufacturing costs. Special motor-driving techniques minimize acoustic and mechanical vibrations, and ramp load/unload features ensure maximum reliability. |
| Storage Disk Drive Electronics | *TrueStore* Preamplifiers | Preamplifier ICs. | As a drive reads a signal from the disk drive platter, the preamplifier is used to amplify minute analog signals before they are sent to a read-channel IC for digitization. Another function is to amplify data from the read channel for the drive head to write on the platter. Agere's preamps help protect the drive head from electrical voltage overstresses that typically occur during power mode transitions and magnetic interference by providing a balanced differential writer. | Agere's preamplifiers support high data rates and HDD best-in-class read-to-write recovery and noise performance. Agere uses the latest process technology, designed for performance enterprise, traditional PC, and mobile markets. The combination of Agere's preamplifier ICs and read channels provides hard disk drive manufacturers with the industry's most reliable data path and ensures the continued development of high-performance, high-capacity disk drives that have been used by the world's leading disk drive manufacturers for the past 30 years. |

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| Storage Disk Drive Electronics | *TrueStore* Read Channels | Read-channel ICs. | The read channel encodes and decodes the data going to/from the preamplifier. The read channel detects bits in analog signal form from the preamplifier and coverts them into digital form. Read channels use advanced mixed-signal and digital-signal processing technologies, in addition to advanced data-encoding schemes and digital filtering to optimize data detection. They are also involved in writing servo data during self-servo write operations and decoding servo information used for positioning drive heads during seeking and tracking operations. | Agere's *TrueStore* read channels enable high areal density through superior signal-to-noise ratio (SNR) performance. Agere uses CMOS technology to provide additional signal processing capabilities while maintaining small chip size and low power consumption. Agere offers numerous benefits for hard drive developers to improve capacity, ensure signal integrity, and lower manufacturing costs through repeatable run-out improvement, self-servo write capability, and perpendicular recording support. Agere's proven read-channel technology, integration expertise, and broad portfolio of disk drive electronics provides their customers the capability to deliver high-performance SoC solutions. |
| Storage Disk Drive Electronics | Hard Disk Controller & Interface Technology | Disk controller ASICs. | The hard disk controller manages the job of transferring data between the HDD and host during read and write operations. Its servo logic is responsible for managing the position of heads during seeks (moving from one track to a nonadjacent track) and during tracking (staying on a single track). Agere supports all data interface standards: parallel ATA, serial ATA, SCSI, serial attached SCSI, and fiber channel. The controller logic and firmware is typically customer-owned IP. | Each HDD OEM has its own custom, proprietary, controller IP (logic and firmware), and they rely on silicon vendors to integrate their IP with interface PHYs to produce final silicon. Agere's broad and robust offering of interface PHYs (pATA, sATA, SCSI, SAS, and FC), along with an extremely deep level of customer engagement from our experienced ASIC design teams, ensures a successful implementation of customers' ASIC designs. |
| Universal Serial Bus (USB) | USS2X1A USS2X1WA | USB 2.0 physical layer (PHY) with 8-bit (USS2X1A) or 16-bit (USS2X1WA) parallel universal transceiver macrocell interface (UTMI) host interface. | Provides the physical layer functions needed to implement a USB 2.0 device interface. This device may be used in conjunction with an ASIC (with an embedded UTMI interface) to provide a two-chip solution for a USB 2.0 device connection. | UTMI/USB 2.0 compliant. Operates in both USB 2.0 high-speed (HS) 480 Mbits/s and USB 1.1 full-speed (FS) 12 Mbits/s modes. Performs serial-to-parallel and parallel-to-serial conversions. All required terminations, including 1.5 kΩ pull-up on DP, are internal to chip. 8-bit, 60 MHz (USS2X1A) or 16-bit, 30 MHz (USS2X1WA) parallel host interface. Ability to switch between full-speed and high-speed terminations and signaling. Supports high-speed identification and detection as defined by USB 2.0 spec. Package: USS2X1A—48-pin TQFP, USS2X1WA—64-pin TQFP. |
| Universal Serial Bus (USB) | USS-820D USS-820FD | USB 1.1 device controller. | USB 1.1 device controller with integrated transceiver provides a programmable bridge between USB and local microprocessor buses. It is programmable through a simple read/write register interface that is compatible with industry-standard microcontrollers. | Full compliance with USB 1.1. Self-powered or bus-powered USB device. Full-speed USB 1.1 operation (12 Mbits/s). Protocol control and administration for up to 16 USB endpoints (8 bidirectional endpoints). Supports USB remote wake-up feature. Glueless interface to microprocessor buses. 5 V-tolerant I/O buffers allow operation in 3 V or 5 V system operation. Package: USS-820D—44-pin MQFP, USS-820FD—48-pin TFSBGA. |

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| VoIP Phone Solutions | T8300/T8300U | Complete VoIP Phone-On-A-Chip™ single-chip solution. | Provides all active voice and protocol functions required to implement a complete VoIP-based telephone, including both hardware and software. Intended for mid- to high-functionality VoIP phones. | Comprehensive solution. IC includes 16-bit DSP and ARM940 cores, memory, two 10/100 Ethernet MACs and PHYs with three-port switch, USB 1.1 host controller (T8300U), IrDA and UART, two 16-bit DACs, one 16-bit ADC, differential speaker amplifiers, keypad interface, and other peripherals. Complete system solution with software (VxWorks® RTOS, Trillium Digital Systems® H.323 or SIP and G.711 (annex I and II), G.729AB, G.723.1, G.726 & G.722 voice coders from Agere). Supports three-way conferencing. DTMF generation. World-class, full-duplex speakerphone. Software run-time licenses included. Complete development system available. 3.3 V operation. 272-pin PBGA package. |
| VoIP Phone Solutions | T8307/CSP8307 | 802.11-based wireless IP phone solution and reference design. | Low power consumption 802.11-based wireless IP phone for transmitting and receiving voice over a wireless LAN. | Complete solution using Agere ICs in a cell phone-sized reference design. Comprised of T8307, CSP8307, WL60010 (or WL60011), and WL1141 MCM. Li-ION battery-powered platform features extended talk and standby time. Includes software (G.711 (annex I and II), G.729AB, G.723.1, G.726 & G.722 voice coders from Agere). Supports three-way conferencing. Software run-time licenses included. |
| Wireless LAN WaveLAN® | Mini PCI® Type IIA, IIIA PC Card Type II Extended PC Card Type II Integrated Compact Flash (CF) Type II USB Adapter | Complete wireless LAN network interface cards (NICs) based on Agere's WaveLAN chip sets and reference designs. Available through Agere original design manufacturer (ODM) partners, including Ambit®, Askey®, CyberTAN, and USI®. | Standard industry form-factors commonly used in PCs and embedded applications. PC Card Type II Extended includes antenna. PC Card Type II Integrated includes antenna connectors to provide for flexible antenna design and placement for embedded applications. USB adapter draws power from USB host. | Core chip set features and benefits generally apply. Interoperable with other 802.11 compliant systems conforming to the Wi-Fi® standard. Multiple regulatory domain operation. Antenna diversity. Internal, external antenna options. Drivers are available for most Windows-based operating systems for PC/PDA applications and Linux® and VxWorks for embedded applications. PC client manager application. Regular driver and firmware upgrades provided to enable new features and functions to be added to the card. |
| Wireless LAN WaveLAN | Wireless Integration Developer Kit (WI-DK) | System documentation software and firmware tool set for wireless integration using WL60010 (MAC) and WL1141 (PHY) products. | Helps developers to integrate a WaveLAN radio into their access point design covering: driver software; MAC firmware; MAC hardware; PHY hardware; antenna design; manufacturing reference test; radio certification. | Enables rapid time-to-market with combined hardware, firmware, and software implementation. Implementation can run with wide range of access point host processors. Hardware control function provides software interface to customers' driver protocol stack software. HCF gives major savings in migration costs to future wireless chip sets providing new MAC functions and higher speeds. Kit also includes reference drivers for VxWorks and Linux. |
| Wireless LAN WaveLAN | WL1141 | WaveLAN 802.11b PHY component. | Highly integrated 802.11b PHY component that implements the complete physical layer of a wireless LAN device. Connects directly to WL60010 MAC chip to provide a complete 802.11 subsystem. Firmware and host software driver support included for most major PC, PDA, and portable operating systems. | Multichip PHY module (MCM) provides a rapid time-to-market 802.11b solution. Connects directly to WL60010 MAC to create a complete, two-component 802.11b solution. Supports 802.11b channels 1–14. –82 dBm Rx sensitivity, 15 dBm fixed RF output power. 150 mA Rx current, 250 mA Tx current, -20 °C to +85 °C ambient temperature range. 3.0 V–3.7 V supply voltage. 25 mm x 25 mm x 1.4 mm surface-mount package. |

| Product Family | Product | Description | Function | Key Features/Benefits |
|---|---|---|---|---|
| Wireless LAN WaveLAN | WL60010 N4080 WL4050 | WaveLAN 802.11b chip set. | Low-cost solution for IEEE 802.11b wireless LAN client and infrastructure products. Chip set includes WL60010 MAC, N4080 DSP, and WL4050 RF transceiver. Core chip set is the basis of all Agere WaveLAN 802.11b products. | Low-cost point for 802.11b products. Enables small form factors like CF and single-sided mPCI, as well as cost-effective 802.11b access points. ODM reference design support for multiple form factors. Advanced firmware and software functionality includes WEP plus, silent install, WOL support, multi-OS INF file, SSN/TKIP, IEEE 802.11d passive scanning, per-user, per-session encryption, advanced driver tab. Roadmap to multimode, multiband WLAN solutions. WL60010 features: integrated PCI, USB 1.1, Cardbus, PC-Card interfaces, WEP data encryption, planned support for WPA, 196-pin FSBGA package. N4080 baseband features: hardware DSP processing, antenna diversity, integrated A/D and D/A, 100-pin TQFP package. W4050 RF transceiver features: on-chip local oscillator and synthesizer, baseband filters, RF output power control, fast settling RX AGC, 48-pin TQFP package. |
| Wireless LAN WaveLAN | WL60040 WL64040 WL54040 WL54240 | WaveLAN 802.11a/b/g chip set. | Low-cost, highly integrated solution for IEEE 802.11a/b/g wireless LAN (WLAN) client and infrastructure products. Multimode, multiband chip set consists of WL60040 multimode media access controller (MAC), WL64040 multimode baseband processor, WL54040 dual-band transceiver, and WL54240 dual-band power amplifier (PA). | Chip set supports both multimode and 802.11g-only implementations. 802.11h dynamic frequency selection (DFS). Transmit power control (TPC). Quality of service (QoS, draft 802.11e). Draft 802.11i security: AES-CCM, WPA, 64-bit/128-bit WEP. Support for 802.1x. Active and passive scanning (802.11d). Wi-Fi and Bluetooth coexistence support. Firmware-based architecture offers flexibility, quick addition of new features. Low CPU utilization through scatter gather bus-mastering DMA architecture. Automatic power management. Up to 24 dBm RF output power in 2.4 GHz band and 20 dBm in 5 GHz band. Support for PCI 2.3, 32-bit CardBus, USB 1.1 and CF+ host interfaces. z |

*Mini PCI* is a registered trademark of PCI-SIG Corporation.
*USI* is a registered trademark of Universal Scientific Industrial Co., Ltd.
*Pentium* is a registered trademark of Intel Corporation.
*Trillium* and *Trillium Digital Systems* are registered trademarks of Trillium Digital Systems, Inc.
*Windows* and *Windows NT* are registered trademarks of Microsoft Corporation.
*Windows ME* and *Windows XP* are trademarks of Microsoft Corporation.
*IEEE* is a registered trademark of the Institute for Electrical and Electronic Engineers, Inc.
*ARM* is a registered trademark of ARM Limited.
*VxWorks* is a registered trademark of Wind River Systems, Inc.
*Linux* is a registered trademark of Linus Torvalds.
*Wi-Fi* is a registered trademark of Wireless Ethernet Compatibility Alliance, Inc.
*Bluetooth* is a trademark of Bluetooth SIG, Inc., U.S.A.
*Ambit* is a registered trademark of Micron Technology, Inc.
*Askey* is a registered trademark of Askey Computer Corporation.
*Java* is a trademark of Sun Microsystems, Inc.
*Sirius Satellite Radio* and *Sirius* are trademarks of Sirius Satellite Radio, Inc.
*MNP* is a registered trademark of Microcom Systems, Inc.

---

**For additional information, contact your Agere Systems Account Manager or the following:**

INTERNET: **http://www.agere.com**
E-MAIL: **docmaster@agere.com**
N. AMERICA: Agere Systems Inc., Lehigh Valley Central Campus, Room 10A-301C, 1110 American Parkway NE, Allentown, PA 18109-9138
**1-800-372-2447**, FAX 610-712-4106 (In CANADA: **1-800-553-2448**, FAX 610-712-4106)
ASIA: CHINA: **(86) 21-5461-4688** (Shanghai), **(86) 755-25881122** (Shenzhen)
JAPAN: **(81) 3-5421-1600** (Tokyo), KOREA: Tel. **(82) 2-767-1850** (Seoul), SINGAPORE: **(65) 6778-8833**, TAIWAN: **(886) 2-2725-5858** (Taipei)
EUROPE: **Tel. (44) 1344 296 400**

Agere Systems Inc. reserves the right to make changes to the product(s) or information contained herein without notice. No liability is assumed as a result of their use or application.
Agere is a registered trademark and Agere Systems and the Agere Systems logo are trademarks of Agere Systems Inc.
*Phone-On-A-Chip, TrueStore, Vision,* and *OptiSuite* are trademarks of Agere Systems Inc.
*Sceptre, WaveLAN,* and *Venus* are registered trademarks of Agere Systems Inc.

Copyright © 2004 Agere Systems Inc.
All Rights Reserved

June 2004
OT03-2400TH-5

agere systems