IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CIF LICENSING LLC, d/b/a GE LICENSING, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-170-JJF |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT'S ANSWERING BRIEF IN RESPONSE
## TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
John Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West St., 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600

- and -

**TOWNSEND AND TOWNSEND AND CREW, LLP**
David E. Sipiora
Ian L. Saffer
Chad E. King
Ryan D. Phillips
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
(303) 571-4000

*Attorneys for Defendant Agere Systems Inc.*

January 10, 2008

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. 1

TABLE OF AUTHORITIES ........................................................................................... 2

NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 3

SUMMARY OF ARGUMENT ......................................................................................... 4

STATEMENT OF FACTS ................................................................................................ 5

ARGUMENT .................................................................................................................... 7

     I.      With Respect to Agere's Document Production, the Motion to Compel Is
Moot, Unnecessary, and Could Have Easily Been Resolved Without
Resorting to Motions Practice.................................................................................7

     II.    With Respect to Agere's Answers to CIF's Interrogatories, Agere's January
10, 2007 Letter Renders the Motion Moot...............................................................9

CONCLUSION.................................................................................................................. 10

DB02:6492600.1

058626.1006

## TABLE OF AUTHORITIES

<u>**Rules**</u>

Federal Rule of Civil Procedure 34 (b) (i) .................................................................................. 4, 8

058626.1006

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for patent infringement brought by CIF Licensing LLC, d/b/a GE Licensing, ("CIF") against Agere Systems Inc. ("Agere") for alleged infringement of U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776. The case is currently in the discovery phase, and document production between the parties is set to close on January 31, 2008.

CIF served its Motion to Compel Discovery (the "Motion") on Agere on December 19, 2007, seeking responses to CIF's document request Nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44 and answers to CIF's interrogatory Nos. 1-13, 16, 17, 19-28, 30 and 40-42.

DB02:6492600.1                                                    058626.1006

## SUMMARY OF ARGUMENT

1) With regard to CIF's document requests, the Motion is unnecessary and/or moot. Even before CIF filed the Motion, Agere had produced the vast majority of non-privileged, responsive documents in Agere's possession or control. Moreover, Agere will produce most, if not all, of the remaining non-privileged, and responsive documents by January 18, 2007; a small number of remaining documents may be produced by the close of document discovery at the end of January.

2) CIF's arguments about the format of Agere's production are without merit. Agere organized its produced electronic documents into folders and renamed the files within the folders so they can be easily located, and Agere has further agreed to guide CIF through this organization system. Accordingly, Agere exceeded its requirements under Federal Rule of Civil Procedure 34 (b) (i) regarding the form of its production.

3) With regard to CIF's interrogatories, the Motion is moot. By letter of January 10, 2007, Agere committed to supplement its answers to most of the interrogatories sought in the Motion before the hearing on the Motion. Agere further committed to supplement its answers to the remainder of the interrogatories sought in the Motion within one week after the hearing date.

4

## STATEMENT OF FACTS

In the Statement of Facts from its Memorandum in Support of Motion to Compel Discovery from Defendant Agere Systems Inc. (CIF's "Opening Brief"), CIF states that on November 21, 30, and December 11, 2007, CIF proposed a definition of the term "Agere Products," and that Agere has failed to respond to any of these communications. Opening Brief at 1-2, 5. Contrary to CIF's claim, Agere has responded, not by letter, but by actual production of responsive documents. In fact, on December 11, 2007 Agere produced a DVD containing documents from Agere's "Modem Applications Engineering" website, and on December 12, 2007 Agere produced another CD and two DVDs containing documents about these products from Agere's web-based "MRI" document management database.[1] Hence, more than a week before CIF filed its Motion, Agere had produced the vast majority of documents responsive to CIF's requests; while Agere continues to dispute the propriety of CIF's definition of "Agere Products" (as that term is used in CIF's discovery requests), the documents produced thus far by Agere pertain to all of Agere's analog modems made, used or sold after March 23, 2001.[2] Agere's production, therefore, encompasses documents that are responsive to CIF's document requests for all of the "Agere Products" as that term is defined in CIF's November 30, 2007

---

[1] Agere's MRI database and Modem Applications Engineering website are internal Agere websites that display documents relating to projects (including Agere's modem projects) and provide internal web links for employees at Agere to access documents. Collectively, these web-based tools constitute the repository for the vast majority of documents relating to Agere's modem products.

[2] As noted, Agere maintains its objections to CIF's definition of the term "Agere Product" as that term is used in CIF's discovery requests; however, given the extensive product list enumerated in the revised definition provided by CIF on November 30, parsing Agere's documents based on specific product numbers proved to be a very time consuming and thus expensive task. Accordingly, Agere has produced responsive documents pertaining to all of its modem products made, used or sold within the period delineated by CIF.

5

letter. Additionally, on December 14, 2007, Agere sent CIF a CD containing several Bates numbered, responsive documents related to other aspects of this case.

CIF states that Agere "began substantive production...by dumping several gigabytes of native files with no Bates numbers and no indication of whether or not Agere had agreed to the proposed definition of "Agere Products." Opening Brief at 2. While Agere maintains its objection to the definition of the term "Agere Product" within CIF's discovery requests, a review of Agere's production, which was provided six days prior to CIF filing this motion, would have revealed to CIF that Agere had produced documents commensurate in scope with this definition. If CIF had made an attempt to review these documents or had attempted to meet and confer with Agere about the production, CIF could have easily avoided resorting to motion practice.

CIF has also objected to the form of Agere's production. CIF first objected to the form of Agere's production six days after receiving the documents, and on the same day as filing the Motion to Compel at issue. Indeed, this letter, which was received by counsel for Agere after the Motion had been filed, cannot represent a valid attempt to meet and confer on either the substance or form of the documents produced by Agere a week earlier. Thus, CIF did not even attempt to resolve this issue without involving the court. In Agere's transmittal letters of December 11 and December 12, which are attached as Exhibits A and B respectively, Agere included a detailed description of the contents of the CDs and DVDs, along with an open invitation to contact Agere's counsel if CIF had any questions regarding form of production. However, instead of contacting Agere's counsel and inquiring about the organization of the data on the CDs and DVDs, CIF filed a motion - apparently before making even a preliminary effort to understand the form of production.

6

In an attempt to resolve the issues raised by the Motion and CIF's December 19 letter, the parties held a telephone conference on January 9, 2007. During this conference, counsel for Agere explained in detail the organization of the documents on the DVDs and CDs, and offered to take time to guide CIF through the organizational structure of its production. As a follow-up, on January 10, 2008, Agere sent a letter (attached hereto as Exhibit C), memorializing: (1) Agere's intent to guide CIF through the organizational structure of the CDs and DVDs, (2) Agere's timeframe for completing its production of documents, and (3) Agere's timeframe for supplementing its answers to CIF's interrogatories listed in the Motion to Compel.

## ARGUMENT

I.  **With Respect to Agere's Document Production, the Motion to Compel Is Moot, Unnecessary, and Could Have Easily Been Resolved Without Resorting to Motions Practice.**

While Agere maintains its objection to CIF's definition of "Agere Products," the argument over the definition of the term "Agere Products" is moot with respect to CIF's document requests. As mentioned previously, six days before CIF filed this motion, Agere provided CIF with the vast majority of documents regarding Agere modem products, including documents[3] related to the Agere modems falling within CIF's revised definition of "Agere Products." Accordingly, as a practical matter, Agere's final production set will effectively include responsive documents relating to all of Agere's analog modem products that have been made, used or sold since March 23, 2001.

---

[3] Agere notes, however, that the production of these documents does not concede the propriety of CIF's definition. Instead, because CIF's revised definition identifies over forty products alleged to infringe CIF's patents, Agere has produced documents pertaining to those enumerated products. Further, given the large number of identified products, Agere elected to produce documents relating to all of its analog modems (within the relevant timeframe) rather than attempt to filter out documents relating to products not listed by CIF.

As mentioned above, CIF also objected to the form of Agere's production.  In objecting to the form of Agere's production, CIF stated that "Agere has chosen to haphazardly copy a number of electronic directories onto discs for production without concern for the specific requests made by GE Licensing."  Opening Brief at 5.  This could not be further from the truth.  As an initial matter, one of the document requests to which CIF seeks to compel production seeks "[a]ll documents, including without limitation e-mails and slides, concerning the design, manufacture, assembly, or testing (including all testing conducted to incorporate information and graphs within the product datasheets) of any Agere Product . . . ." (CIF Document Request No.4) Effectively, CIF has requested all documents related to all aspects of producing all of Agere's modems.  The CDs and DVDs produced by Agere are responsive at least to this request.

Moreover, Agere's counsel spent a significant amount of time sorting files into folders according to project name and to maintain the organizational structure imposed by Agere's web-based document system, which cannot feasibly be reproduced for production.  Under Federal Rule of Civil Procedure 34 (b) (i), Agere is required only to produce the documents as they are kept in the usual course of business.  Agere has gone beyond this requirement by organizing the documents into directories based on project names and by naming files within each directory so they would correlate to the indices or webpages within each directory.  Moreover, by letter of January 10 (Exhibit C) and telephone call of January 9, Agere agreed to take time to guide CIF through this organization system.[4]  Thus, the form of Agere's production is well organized, legally sufficient, and does not form the basis for a motion to compel.

---

[4] CIF appears specifically to be concerned about the lack of Bates labels on the documents produced by Agere.  Given the nature of the documents and their organization, Agere views this an unnecessary procedure that will incur significant cost for little benefit.  Nonetheless, to the extent that CIF continues to believe that Bates labels are necessary, Agere has offered, in its January 10, 2007 letter, to print and Bates label all the documents on the CDs and DVDs, at

CIF also claims that "it is apparent that Agere has not produced full or final schematics or technical specifications for a majority of the named accused products." Opening Brief at 5. Agere believes it has produced most, if not all, of these documents in its possession, custody, or control on the DVDs produced on December 11 and 12. Nonetheless, Agere's counsel has contacted engineers within Agere to relay CIF's concerns and has committed to ensure that Agere will produce these types of documents (to the extent they have not been produced already).

Thus, Agere has produced the vast majority of responsive documents regarding Agere's modem products. Agere has committed to produce most of the remaining, relevant, non-privileged documents by January 18, 2007, and will produce all non-privileged, responsive documents by the close of document discovery on January 31, 2007. Accordingly, the Motion— to the extent is may have been necessary in the first place—is now moot with respect to Agere's document production.

## II. With Respect to Agere's Answers to CIF's Interrogatories, Agere's January 10, 2007 Letter Renders the Motion Moot.

In its letter of January 10, 2007, Agere stated:

> With respect to your interrogatory responses sought in the pending Motion to Compel, we will supplement our responses to GE's interrogatory Nos. 1-11, 13, 16, 17, 20, 21, 26-28, 30, and 40-42 by January 16, 2007, before the hearing on the Motion to Compel. Furthermore, we will supplement our responses to GE's interrogatory Nos. 12, 19, and 22-25 by January 25, 2007. Of course, we reserve the right under Rule 26(e) to update these responses based on information obtained from the ongoing review of documents, your discovery responses, and upon obtaining documents from third parties (including, in particular, Broadcom).

Thus, Agere intends to supplement its answers to all but six of the interrogatories at issue prior to the hearing on this matter, and will supplement its responses to the other interrogatories within

---

CIF's expense.

9

one week of the hearing.[5]  While preserving its objection to CIF's definition of Agere Products, Agere will respond to these interrogatories using the definition of the term "Agere Products" listed in CIF's November 30, 2007 letter.  Because Agere has set a timely schedule for supplementing its interrogatories, and because much of Agere's supplementation will occur prior to a hearing on this motion, the Motion is also moot with respect to CIF's interrogatories.

## CONCLUSION

For the foregoing reasons, Agere respectfully requests the Court deny Plaintiff CIF Licensing's Motion to Compel Discovery from Defendant Agere Systems Inc.


**TOWNSEND AND TOWNSEND AND**
   **CREW, LLP**
David E. Sipiora
Ian L. Saffer
Chad E. King
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
Tel: (303) 571-4000

**YOUNG CONAWAY**
   **STARGATT & TAYLOR LLP**

_____
John Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Tel: (302) 571-6600

January 10, 2008

*Attorneys for Defendant Agere Systems Inc.*

61252231 v1

---

[5] Agere notes that Interrogatory Nos. 12, 19 and 22-25 are contention interrogatories that request Agere's position with respect to CIF's asserted claims.  Despite Agere's service, on July 27, 2007, of an interrogatory requesting identification of claims allegedly infringed by Agere, CIF did not identify claims at issue until November 29, 2007, hampering Agere's ability to respond to the contention interrogatories.

DB02:6492600.1                                                                                              058626.1006

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on January 10, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on January 10, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.

DB02:5897644.1                                                                          058626.1006

# Exhibit A

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel 303.571.4000
Fax 303.571.4321

ceking@townsend.com

December 11, 2007

***VIA FEDEX (CC: VIA EMAIL W/O ENCLOSURES)***

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Email: mconnelly@mwe.com

Dear Mike:

    I have enclosed with this letter one (1) CD and one (1) DVD of documents and other files produced by Agere. Because of the nature of these files and their organization, they are not reasonably amenable to production as image files. Hence, Agere is producing these files in their respective native formats, organized as closely as possible to the manner in which they are kept in the ordinary course of business by Agere. The documents/files are not individually Bates-labeled or legended; instead, each CD/DVD has a Bates number, and each CD/DVD bears a confidentiality designation appropriate to the material stored on that disc. We request that you treat each document/file on a particular disc as being designated according to the legend with it respective disc is labeled.

    The specific contents of the enclosed discs are as follows:

1) A CD titled "Softmodem Drivers for Windows" and Bates-numbered AGERE/GE 001912, which includes a current, installable copy of Agere's softmodem drivers for MS Windows.

2) A DVD titled "Documents From Modem Applications Engineering Web Site" and Bates-numbered AGERE/GE 001913, which includes files relating to several of Agere's modems and components, including Product Data Paks for current and former modems and components. Thus, this DVD is designated "CONFIDENTIAL- OUTSIDE ATTORNEYS' EYES ONLY."

    Should you have any questions, please do not hesitate to contact me.

                Very truly yours,

                Chad E. King

CEK/kef
61231326 v1

# Exhibit B

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

ceking@townsend.com

December 12, 2007

*VIA FEDEX (CC: VIA EMAIL W/O ENCLOSURES)*

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096
Email: mconnelly@mwe.com

Dear Mike,

I have enclosed with this letter one (1) CD and two (2) DVDs of documents and other files produced by Agere.  As indicated in my letter to you dated December 11, 2007, because of the nature of these files and their organization, they are not reasonably amenable to production as image files.  Hence, Agere is producing these files in their respective native formats, organized as closely as possible to the manner in which they are kept in the ordinary course of business by Agere.  The documents/files are not individually Bates-labeled or legended; instead, each CD/DVD has a Bates number, and each CD/DVD bears a confidentiality designation appropriate to the material stored on that disc.  We request that you treat each document/file on a particular disc as being designated according to the legend with it respective disc is labeled.

Because these documents are maintained as web pages (or attachments to web pages) on internal Agere servers, production of an exact duplication of the organizational structure of the documents is not possible.  We have attempted, however, to organize the documents in a manner that is as close as possible to the manner in which they are maintained in the ordinary course of business, and in a manner that is readily accessible to you for review.

The specific contents of the enclosed discs are as follows:

1) A CD titled "Records from MRI Database" and Bates-numbered AGERE/GE 003132, which includes records (in HTML-document format) from Agere's internal project database (referred to as "MRI").  These records each have a unique record number, and the records are organized on the disc according to the modem project to which they relate.  This CD is designated "CONFIDENTIAL- OUTSIDE ATTORNEYS' EYES ONLY."

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Michael W. Connelly
December 12, 2007
Page 2

2) Two DVDs titled "MRI Attachments" (sorted by project and MRI record number) and Bates-numbered AGERE/GE 003133 and AGERE/GE 003134, which include documents and files that originally were attached to individual records in the MRI database. These documents/files are organized according to the project name (and further by the record name) of records in the MRI database. These DVDs are designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

The MRI records (number 1 above) are web pages that originally contained links to various of the attachments (number 2 above). When you open one of the MRI records (e.g., in a web browser), you will note that it has a unique record number, as well as a project name for the project the record relates to. Many of the records also include links to attachment files. Because it is not technically feasible for us to maintain those file links in our production set, the links generally will not work. Instead, you can find each attachment by looking at the appropriately-titled folder name on the appropriate "MRI Attachments" DVD for the project and record number corresponding to the attachment file.

We have gone to considerable effort to make these materials as accessible as possible. If, after reviewing these materials, you have any questions about the organization of the materials, please let me know.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Chad E. King

CEK/kef

61232705 v1

# Exhibit C

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Denver

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel 303.571.4000
Fax 303.571.4321

desipiora@townsend.com

January 10, 2008

*VIA EMAIL AND U.S. MAIL*

Joel M. Freed
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Email: mconnelly@mwe.com

*RE: Discovery Issues and Pending Motion to Compel*

Dear Joel:

This letter pertains to Mike Connelly's letter to Ian Saffer dated December 19, 2007, GE's pending Motion to Compel, and our phone call of today's date regarding Agere's responses to GE's discovery requests. First, we will address the specific issues from your letter by number, and then we will address your concerns over Agere's discovery response in light of your pending Motion to Compel. The following numbered points correspond to the numbers you used for each issue in your December 19, 2007 letter:

1.  With respect to digital files produced on CDs and DVDs, you were concerned that the documents did not contain Bates labels and could be difficult to use throughout the litigation. We have already expended significant effort, as discussed in further detail below, to organize these files and are under no duty to Bates label the documents; to the extent that you believe Bates labels would be worthwhile, however, we would be pleased to contact a third party vendor to print and Bates label these documents at your expense.

2.  You asked us to "confirm that Agere has produced or intends to produce final hierarchical schematics and original design documents for all Agere products (under the revised definition provided by GE Licensing in its letter of November 30)[.]" We believe that we have produced most, if not all, of this information in the documents produced from Agere's MRI database and the Modem Applications Engineering Website, as we discussed in our call today; as we noted on the call, however, we are continuing our production and working with our client to insure that we have produced or will produce these types of documents.

3.  Issue three relates to password protected files within Agere's production. In our call this morning we provided the passwords we currently have, which we expect will be sufficient to open any documents that we have produced thus far. Additionally, as we

TOWNSEND
*and*
TOWNSEND
*and*
CREW
<sub>llr</sub>

Michael W. Connelly
January 10, 2008
Page 2

stated in our call, if you find any documents that you are unable to access you may contact Chad King in our office; he will contact our client and relay any necessary passwords for your use in accessing the produced files.

4.  With respect to the dates shown on the documents obtained from the Modem Applications Engineering Web Site and the MRI database, these are the dates the files were downloaded from the website/database.  As we agreed earlier, we have not taken specific efforts to preserve metadata in the copies produced to you.  If you believe you need metadata for any specific file, we are willing to discuss that need and accommodate reasonable requests.

5.  As we mentioned during our call this morning, all gaps in Bates numbering in Agere's production thus far have been intentional.  With respect to documents between numbers 1913 and 3132, which are specifically mentioned in your letter, we have not produced document numbers 1914-1916, 2021-2022, 2073-2075, 2366-2372, and 2887-2888 based on privilege.  All other documents between 1913 and 3132 have been produced.  Specifically, those documents were produced on a CD-ROM mailed to you on December 14, 2007.

Turning to the issues raised in your Motion to Compel and in today's conference call, Agere is now in a position to assess the status of its responses to GE's requests for production of documents and GE's interrogatories.

First, as we mentioned in our call today, while we maintain our objection to GE's definition of Agere products, our intention is to produce (and indeed, we have produced, in large part) responsive documents that pertain to each of the products enumerated in you November 30, 2007 letter.  Moreover, given the large number of enumerated products, we have reached the conclusion that parsing Agere's documents on a product-specific basis to exclude documents concerning products not identified by GE is not worth the time or expense.  Accordingly, Agere's production set likely will include additional documents related to modem products not identified by GE, and as a practical matter, Agere's production set effectively includes responsive documents relating to all of Agere's analog modem products that have been made, used or sold since March 23, 2001.

We have spent a significant amount of time organizing the documents to facilitate your review.  Furthermore, Chad King in our office has agreed to spend additional time familiarizing you with the organization of the documents from the MRI database and the Modem Applications Engineering Website, so you will understand the organizational structure of our production.  Agere is required to produce these documents as they were kept in the ordinary course of business, and by organizing the documents by project name and offering to explain the organization to you, we believe have gone above and beyond our duties in discovery.  As noted above, however, to the extent you would like us to provide Bates-labeled image copies of the documents at GE's expense, we are willing to discuss that with you.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Michael W. Connelly
January 10, 2008
Page 3

With respect to your document requests, Agere has already produced the vast majority of responsive, non-privileged documents, and we are continuing our production and intend to have produced all but a very small number of documents by the end of next week. Furthermore, we are continuing our effort with our client to continue our rolling production and have every responsive and non-privileged document produced by the end of the month.

With respect to your interrogatory responses sought in the pending Motion to Compel, we will supplement our responses to GE's interrogatory Nos. 1-11, 13, 16, 17, 20, 21, 26-28, 30, and 40-42 by January 16, 2007, before the hearing on the Motion to Compel. Furthermore, we will supplement our responses to GE's interrogatory Nos. 12, 19, and 22-25 by January 25, 2007. Of course, we reserve the right under Rule 26(e) to update these responses based on information obtained from the ongoing review of documents, your discovery responses, and upon obtaining documents from third parties (including, in particular, Broadcom).

Based on the above schedule for supplementing interrogatories and producing documents, we anticipate that your pending motion to compel is now moot, and we urge you to withdraw your motion.

Please let me know if you have any questions.

Sincerely,

David E. Sipiora    for DES.

61251849 v1