IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a ) <br> GE LICENSING ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AGERE SYSTEMS INC., ) <br> ) <br> Defendant. ) | C.A. No. 07-170 (JJF) |

**PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
REPLY TO DEFENDANT AGERE SYSTEMS INC.'S OPPOSITION TO PLAINTIFF'S
<u>MOTION TO COMPEL DISCOVERY</u>**

GE Licensing submits this reply in support of that motion though ongoing discussions between the parties have increased the likelihood that this dispute may be resolved without further intervention of this Court.[1] That result, however, which GE Licensing has always preferred, remains uncertain as Agere waited until the day before its reply was due to promise the requested documents and interrogatory responses.[2]

Plaintiff, CIF Licensing, LLC ("GE Licensing"), moved to compel Defendant Agere Systems Inc. ("Agere") to: (i) supplement responses to at least GE Licensing's interrogatory nos. 1-13, 16, 17, 19-28, 30, and 40-42 in view of the amended definition of Agere Products

---

[1] Agere disingenuously states in its Opposition that "If [GE Licensing]… had attempted to meet and confer with Agere about the production, [GE Licensing] could have easily avoided resorting to motion practice." Agere Opposition at 6. As stated in GE Licensing's Motion to Compel, since the November 9 hearing, GE Licensing has <u>sent three unanswered letters</u> (on November 21, November 29 and December 11) offering to revise its definition of "Agere Products" to address Agere's stated concerns and, on December 11, specifically requesting a meet and confer to discuss production-related issues. Out of necessity the motion was therefore filed; and even then, Agere continued to ignore the letters and the meet-and-confer request until <u>the day before Agere's opposition to the motion was due</u>.

[2] Following up on a teleconference between the parties, GE Licensing sent a letter on January 11, 2008 to clarify certain outstanding issues. Agere has not yet responded.

provided by GE Licensing; and (ii) to produce, to the extent not included in Agere's recent production, all documents requested in GE Licensing's request for production nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44 in view of the amended definition of Agere Products provided by GE Licensing.

Although defendant Agere states that it will acquiesce in many of plaintiff GE Licensing's requests, as of today, Agere has yet to substantively respond to GE Licensing's interrogatories served in August, 2007 and Agere continues to object to GE Licensing's proposed definition of "Agere Products." Should Agere's belated responses, now promised by Wednesday, January 16th, satisfactorily answer GE Licensing's interrogatories, GE Licensing will notify the Court if its motion is moot.

**I.     Agere Continues To Dispute GE Licensing's Proposed Definition of Agere Products**

Agere continues to reject GE Licensing's proposed definition of Agere Products as set forth in GE Licensing's Motion To Compel. *See* Agere's Opposition at 6, 7. Yet, Agere has to date failed to provide <u>any reason</u> why GE Licensing's proposed definition of "Agere Products" is unacceptable. Despite Agere's contention that GE Licensing's motion is or will be rendered moot by a document production that purportedly covers all Agere modem products, Agere makes contradictory statements in its Opposition that (i) Agere continues to object to the proposed definition of "Agere Products;" and (ii) Agere intends to supplement its interrogatory responses under GE Licensing's proposed definition.

After six weeks, three letters and the Motion to Compel, Agere has yet to state why GE Licensing is not entitled to full discovery, including interrogatory answers, governed by GE Licensing's proposed definition of Agere Products or why that proposed definition is objectionable. Agere now states that it will ignore its objection for the time being, but given Agere's past conduct and the fact GE Licensing has yet to receive Agere's discovery responses

2

based on its latest position, GE Licensing has no option but to maintain its motion at this time. As such, only after receipt of Agere's promised interrogatory responses on Wednesday, January 16[3], will GE Licensing be in a position to determine whether this open issue requires intervention of the Court.

## II. Agere Does Not Dispute That The Requested Documents And Information Are Relevant And Responsive

Agere does not oppose GE Licensing's motion on relevancy, privilege or any other basis. Indeed, Agere cannot and does not dispute that the documents and information requested by GE Licensing are relevant, responsive and under Agere's control. As such, GE Licensing is entitled to and expects to receive a complete production of the requested documents within the next week. Upon review of the remaining production, GE Licensing will make a determination as to whether all or part of its Motion to Compel has thereby been rendered moot.

## III. CONCLUSION

Despite significant progress, Agere's mere promise of future production and Agere's failure to address GE Licensing's proposed definition of "Agere Products" requires that the Motion to Compel be maintained.

---

[3] GE Licensing expects the forthcoming responses will, consistent with the proposed definition of "Agere Products," include identification of and responses regarding all analog modems compliant with any of ITU-T recommendations V.34, V.90, or V.92, including any hardware modem, software modem, soft-modem, or modem chipset product, component thereof, or product containing same, made or sold by Agere since at least March 23, 2001.

3

|  | POTTER ANDERSON & CORROON LLP |
|---|---|
| OF COUNSEL: | By: /s/ *signature* |
| Joel M. Freed | Richard L. Horwitz (#2246) |
| Brian E. Ferguson | Philip A. Rovner (#3215) |
| Michael W. Connelly | David E. Moore (#3983) |
| McDermott Will & Emery LLP | Hercules Plaza |
| 600 13th Street, N.W. | P. O. Box 951 |
| Washington, DC 20005-3096 | Wilmington, Delaware 19899 |
| (202) 756-8327 | (302) 984-6000 |
|  | rhorwitz@potteranderson.com |
|  | provner@potteranderson.com |
| Edwin H. Wheeler | dmoore@potteranderson.com |
| McDermott Will & Emery LLP |  |
| 3150 Porter Drive | *Attorneys for Plaintiff* |
| Palo Alto, CA 94304-1212 | *CIF Licensing, LLC, d/b/a* |
| (650) 813-5000 | *GE Licensing* |

Dated: January 14, 2008
842486

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF; that the document was served on the following party as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on January 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com