IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170-JJF |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED ANSWER OF DEFENDANT AGERE SYSTEMS INC.

Defendant Agere Systems Inc. ("Agere") hereby demands a trial by jury on all issues so triable, and as its answer to the Complaint filed by CIF Licensing, LLC d/b/a GE Licensing ("GE"), responds as follows. The numbered paragraphs correspond to the numbered paragraphs of the Complaint.

### THE PARTIES

1.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis denies those allegations.

2.    Agere admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1110 American Parkway N.E., Allentown, PA 18109. Agere admits that it makes, imports and sells modems and modem systems. Agere denies the remaining allegations of paragraph 2.

### JURISDICTION AND VENUE

3.    Agere admits the allegations of paragraph 3.

4.    Agere admits the allegations of paragraph 4.

5.    Agere admits the allegations of paragraph 5.

## THE PATENTS

6.    Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

7.    Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

8.    Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

9.    Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

10.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies those allegations.

## BACKGROUND

11.    Agere admits that the U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758 and 6,198,776 (collectively, the "GE Patents") are directed to technologies that can be used in hardware and software modems and modem systems. Agere denies the remaining allegations of paragraph 11.

12.    The Complaint identifies no products allegedly covered by the GE Patents. As a result, Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies those allegations.

13.    Agere admits that it has had actual or constructive notice of the GE Patents. Agere denies the remaining allegations of paragraph 13.

## COUNT I

14.    Agere repeats and realleges the responses in paragraphs 1-13 as though fully set forth herein.

15.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies those allegations.

16.    Agere denies the allegations of paragraph 16.

17.    Agere denies the allegations of paragraph 17.

## COUNT II

18.    Agere repeats and realleges the responses in paragraphs 1-17 as though fully set forth herein.

19.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies those allegations.

20.    Agere denies the allegations of paragraph 20.

21.    Agere denies the allegations of paragraph 21.

## COUNT III

22.    Agere repeats and realleges the responses in paragraphs 1-21 as though fully set forth herein.

23.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis denies those allegations.

24.    Agere denies the allegations of paragraph 24.

25.    Agere denies the allegations of paragraph 25.

## COUNT IV

26.    Agere repeats and realleges the responses in paragraphs 1-25 as though fully set forth herein.

27.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 27, and on that basis denies those allegations.

28.    Agere denies the allegations of paragraph 28.

29.    Agere denies the allegations of paragraph 29.

## AFFIRMATIVE AND OTHER DEFENSES

Agere requests that the Complaint be dismissed and that the Plaintiff be denied all requests for relief. Further answering the Complaint, Agere asserts the following defenses. Agere reserves the right to amend this answer to include additional defenses as additional information is obtained.

## FIRST DEFENSE
(Failure to State a Claim)

30.    Each of GE's purported claims fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
(Legal Justification)

31.    Agere alleges that all of its actions were proper and legally justified, privileged and/or excused.

## THIRD DEFENSE
(Invalidity)

32.    Claims of the GE Patents are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE
(Laches/Waiver/Estoppel)

33.    GE's claims are barred by the doctrines of laches, waiver, and/or estoppel.

## FIFTH DEFENSE
(Lack of Standing)

34.    GE lacks standing to assert alone the rights upon which relief is requested.

## SIXTH DEFENSE
(Prosecution History Estoppel)

35.    GE's alleged causes of action for patent infringement are barred under the

doctrine of prosecution history estoppel, and GE is estopped from claiming that the GE Patents

cover or include any accused Agere method, system, apparatus and/or product.

## SEVENTH DEFENSE
(Unenforceability)

36.    On information and belief, the claims of U.S. Patent No. 6,198,776 (the "'776

Patent") are unenforceable for inequitable conduct, including those acts and failures set forth

below.

37.    On information and belief, the U.S. Patent and Trademark Office ("USPTO")

mailed, on October 28, 1998, an Office Action in the application from which the '776 Patent

eventually issued.  On information and belief, the applicants failed to respond to the Office

Action, and the application subsequently became abandoned by operation of law on January 30,

1999.

38.    On information and belief, the applicants filed a "Petition to Revive an

Unintentionally Abandoned Application under 37 C.F.R. 1.137(b)," (the "Petition") on June 8,

2000. On information and belief, the Petition stated, "[t]his Petition is being timely filed within

the one year period from the date of abandonment, expiring 6/8/2000." On information and belief, the applicants' Petition misrepresented the length of the period of abandonment.

39. On information and belief, the USPTO granted the applicants' Petition in a Decision mailed June 29, 2000. On information and belief, the Decision erroneously stated, "[t]he above-identified application became abandoned for failure to reply in a timely manner to the non-final Office action mailed October 29, 1998, which set a shortened statutory period for reply of three (3) months. No extensions of time under 37 CFR 1.136(a) were obtained. Accordingly, the above-identified application became abandoned on January 30, 2000."

40. On information and belief, the applicants omitted to inform the USPTO that the USPTO's calculation of the date of abandonment was in error, compounding the applicants' earlier misrepresentation about the length of the term of abandonment.

41. The misrepresented and/or omitted information about the length of the term of abandonment would have been considered by a reasonable examiner to be material to a determination that the petition should be granted, and on information and belief, these misrepresentations and/or omissions by the applicants were made with intent to deceive the USPTO. Had the applicants and/or their agents made accurate representations about the length of the period of abandonment, the USPTO would not have granted the Petition, and the '776 Patent would not have issued. Therefore, the '776 Patent is unenforceable for inequitable conduct.

42. On information and belief, the Petition also contained a Statement that "[t]he abandonment was unintentional," but did not state that the entire period of delay, from the date of abandonment to the date the petition was filed, was unintentional, as required by 37 C.F.R. § 1.137(b)(3).

43.    On information and belief, the USPTO's Decision also stated, "37 CFR 1.137(b)(3) requires a statement that the entire delay in filing the required reply from the due date until the filing of a grantable petition pursuant to 37 CFR 1.137(b) was unintentional. If the statement contained in the instant petition varies from the language required by 37 CFR 1.137(b)(3), the statement contained in the instant petition is being construed as the statement required by 37 CFR 1.137(b)(3) and petitioner must notify the Office is the is not a correct interpretation of the statement contained in the instant petition."

44.    On information and belief, the applicants' entire delay in filing the Petition, from the due date for reply to the Office Action, was not unintentional. On information and belief, the USPTO's construction of the Petition's Statement was therefore incorrect. On information and belief, the applicants omitted to inform the USPTO that this construction was incorrect, however.

45.    The omitted information about the incorrect construction of the Petition's Statement would have been considered by a reasonable examiner to be material to a determination that the Petition should be granted, and on information and belief, this omission by the applicants was made with intent to deceive the USPTO. Had the applicants and/or their agents made accurate representations about the construction of the Petition's Statement, the USPTO would not have granted the Petition, and the '776 Patent would not have issued. Therefore, the '776 Patent is unenforceable for inequitable conduct.

### EIGHTH DEFENSE
(Exhaustion)

46.    GE's claims are barred by the doctrine of patent exhaustion.

## COUNTERCLAIMS

1.      Counterclaimant Agere Systems Inc. ("Agere") is a corporation organized under the laws of the State of Delaware having its corporate headquarters in Allentown, Pennsylvania.

2.      Upon information and belief, counterclaim-defendant CIF Licensing, LLC d/b/a GE Licensing ("GE") is a corporation formed under the laws of the State of Delaware, with its principal place of business in Princeton, New Jersey 08540.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper as this is the Court in which plaintiff GE instituted this action. Venue also is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

5.      Agere is a global leader in semiconductors and software solutions for storage, mobility and networking markets. The company's products enable a broad range of services and capabilities, from cell phones, PCs and hard disk drives to the world's most sophisticated wireless and wireline networks.  In particular, Agere (and its predecessors) have been instrumental in developing modem technology and in contributing to international standards for modem interoperability.

6.      On March 23, 2007, GE filed a Complaint for patent infringement ("Complaint") with this Court, claiming Agere infringes the GE Patents but without specifying any accused products or systems.

7.      On March 23, 2007, GE served the Complaint on Agere.

8.    On April 13, 2007, the Court, pursuant to a stipulation by the parties, ordered that Agere's time to respond to the Complaint would be extended until May 14, 2007.

9.    On May 17, 2007, the Court, pursuant to a stipulation by the parties, ordered that Agere's time to respond to the Complaint would be extended until June 13, 2007.

## FIRST COUNTERCLAIM
(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 5,048,054)

10.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

11.    By its allegations of infringement, GE has asserted that U.S. Patent No. 5,048,054 (the "'054 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '054 Patent are unfounded.

12.    One or more claims of the '054 Patent is invalid under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

13.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced, in part, by GE's filing of a Complaint alleging infringement of the '054 Patent by Agere.

14.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 5,428,641)

15.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

16.    By its allegations of infringement, GE has asserted that U.S. Patent No. 5,248,641 (the "'641 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '641 Patent are unfounded.

17.    One or more claims of the '641 Patent is invalid or unenforceable under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

18.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '641 Patent by Agere.

19.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

### THIRD COUNTERCLAIM
(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 5,446,758)

20.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

21.    By its allegations of infringement, GE has asserted that U.S. Patent No. 5,446,758 (the "'758 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '758 Patent are unfounded.

22.    One or more claims of the '758 Patent is invalid under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

23.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '758 Patent by Agere.

24.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 6,198,776)

25.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

26.    By its allegations of infringement, GE has asserted that U.S. Patent No. 6,198,776 (the "'776 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '776 Patent are unfounded.

27.    One or more claims of the '776 Patent is invalid under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

28.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '776 Patent by Agere.

29.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 – U.S. Patent No. 5,048,054)

30.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

31.    In its Complaint, GE alleges that Agere infringed the '054 Patent.  Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '054 Patent, either literally or under the doctrine of equivalents.

32.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '054 Patent by Agere.

33.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## SIXTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –
U.S. Patent No. 5,428,641)

34.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

35.    In its Complaint, GE alleges that Agere infringed the '641 Patent. Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '641 Patent, either literally or under the doctrine of equivalents.

36.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '641 Patent by Agere.

37.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## SEVENTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –
U.S. Patent No. 5,446,758)

38.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

39.    In its Complaint, GE alleges that Agere infringed the '758 Patent.  Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '758 Patent, either literally or under the doctrine of equivalents.

40.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '758 Patent by Agere.

41.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## EIGHTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –
U.S. Patent No. 6,198,776)

42.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

43.    In its Complaint, GE alleges that Agere infringed the '776 Patent.  Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '776 Patent, either literally or under the doctrine of equivalents.

44.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '776 Patent by Agere.

45.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

**NINTH COUNTERCLAIM**
(Declaratory Judgment of Unenforceability – U.S. Patent No. 6,198,776)

46.    Agere incorporates by reference each and every allegation contained in the
preceding paragraphs above.

47.    By its allegations of infringement, GE has asserted that the '776 Patent is
enforceable. GE's allegations and assertions with respect to the enforceability of the '776 Patent
are unfounded. Rather, on information and belief, the claims of U.S. Patent No. 6,198,776 (the
"'776 Patent") are unenforceable for inequitable conduct, including those acts and failures set
forth below.

48.    On information and belief, the U.S. Patent and Trademark Office ("USPTO")
mailed, on October 28, 1998, an Office Action in the application from which the '776 Patent
eventually issued. On information and belief, the applicants failed to respond to the Office
Action, and the application subsequently became abandoned by operation of law on January 30,
1999.

49.    On information and belief, the applicants filed a "Petition to Revive an
Unintentionally Abandoned Application under 37 C.F.R. 1.137(b)," (the "Petition") on June 8,
2000. On information and belief, the Petition stated, "[t]his Petition is being timely filed within
the one year period from the date of abandonment, expiring 6/8/2000." On information and
belief, the applicants' Petition misrepresented the length of the period of abandonment.

50.    On information and belief, the USPTO granted the applicants' Petition in a
Decision mailed June 29, 2000. On information and belief, the Decision erroneously stated,
"[t]he above-identified application became abandoned for failure to reply in a timely manner to
the non-final Office action mailed October 29, 1998, which set a shortened statutory period for

reply of three (3) months. No extensions of time under 37 CFR 1.136(a) were obtained. Accordingly, the above-identified application became abandoned on January 30, 2000."

51.     On information and belief, the applicants omitted to inform the USPTO that the USPTO's calculation of the date of abandonment was in error, compounding the applicants' earlier misrepresentation about the length of the term of abandonment.

52.     The misrepresented and/or omitted information about the length of the term of abandonment would have been considered by a reasonable examiner to be material to a determination that the petition should be granted, and on information and belief, these misrepresentations and/or omissions by the applicants were made with intent to deceive the USPTO. Had the applicants and/or their agents made accurate representations about the length of the period of abandonment, the USPTO would not have granted the Petition, and the '776 Patent would not have issued. Therefore, the '776 Patent is unenforceable for inequitable conduct.

53.     On information and belief, the Petition also contained a Statement that "[t]he abandonment was unintentional," but did not state that the entire period of delay, from the date of abandonment to the date the petition was filed, was unintentional, as required by 37 C.F.R. § 1.137(b)(3).

54.     On information and belief, the USPTO's Decision also stated, "37 CFR 1.137(b)(3) requires a statement that the entire delay in filing the required reply from the due date until the filing of a grantable petition pursuant to 37 CFR 1.137(b) was unintentional. If the statement contained in the instant petition varies from the language required by 37 CFR 1.137(b)(3), the statement contained in the instant petition is being construed as the statement

required by 37 CFR 1.137(b)(3) and petitioner must notify the Office is the is not a correct interpretation of the statement contained in the instant petition."

55.    On information and belief, the applicants' entire delay in filing the Petition, from the due date for reply to the Office Action, was not unintentional. On information and belief, the USPTO's construction of the Petition's Statement was therefore incorrect. On information and belief, the applicants omitted to inform the USPTO that this construction was incorrect, however.

56.    The omitted information about the incorrect construction of the Petition's Statement would have been considered by a reasonable examiner to be material to a determination that the Petition should be granted, and on information and belief, this omission by the applicants was made with intent to deceive the USPTO. Had the applicants and/or their agents made accurate representations about the construction of the Petition's Statement, the USPTO would not have granted the Petition, and the '776 Patent would not have issued. Therefore, the '776 Patent is unenforceable for inequitable conduct.

57.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '776 Patent by Agere.

58.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Agere prays for an order commanding entry of judgment as follows:

A.    Deny all claims for relief set forth in the Complaint and enter judgment in favor of Agere Systems Inc. and against CIF Licensing, LLC d/b/a GE on all claims;

B.    Declare U.S. Patent No. 5,048,054 to be invalid and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

C.    Declare U.S. Patent No. 5,428,641 to be invalid and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

D.    Declare U.S. Patent No. 5,446,758 to be invalid and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

E.    Declare U.S. Patent No. 6,198,776 to be invalid, unenforceable, and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

F.    Order CIF Licensing, LLC d/b/a GE Licensing to pay Agere's costs in this matter;

G.    Order CIF Licensing, LLC d/b/a GE Licensing to pay Agere's attorneys' fees pursuant to 35 U.S.C. § 285; and

H.    Award such other and further relief as the Court deems proper and just.

Dated:  January 23, 2008

YOUNG, CONAWAY, STARGATT & TAYLOR LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6600
cstover@ycst.com

TOWNSEND AND TOWNSEND AND CREW, LLP
David E. Sipiora
Ian L. Saffer
Chad E. King
1200 Seventeenth Street, Suite 2700
Denver, CO 80202-5827
(303) 571-4000

Attorneys for Defendant Agere Systems Inc.

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on January 23, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on January 23, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

DB02:5897644.1                                                        058626.1006

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.

2

058626.1006