IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-170 (JJF) |
| v. | ) ) | |
| AGERE SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S MOTION FOR LEAVE TO
## FILE  SECOND AMENDED ANSWER AND COUNTERCLAIMS

Defendant Agere Systems Inc. ("Agere") respectfully moves pursuant to Federal Rule of Civil Procedure 15(a) for leave to file its Second Amended Answer and Counterclaims (the "Answer"). The proposed pleading adds an affirmative defense and counterclaim for declaratory judgment for unenforceability relating to inequitable conduct before the U.S. Patent and Trademark Office (the "USPTO") during the prosecution of U.S. Patent No. 5,446,758 (the "'758 Patent"). As grounds for this motion, Agere states as follows:

1.    The Scheduling Order sets February 8, 2008, as the deadline to file motions to amend pleadings (D.I. 32, ¶ 5). The Scheduling Order further provides that written discovery closes on January 31, 2008, and that all fact discovery closes on June 1, 2008 (*Id.*, ¶ 3(a)). The written discovery deadline was extended to February 8, 2008, by stipulated order (D.I. 53).

2.    Agere filed an Amended Answer and Counterclaims, with plaintiff's agreement, on January 22, 2008. The amendment included an affirmative defense of patent exhaustion.

3.    On or about January 15, 2007, upon consultation with Agere's retained subject matter expert, Steven A. Tretter, Ph.D., counsel for Agere determined that a reference discovered during

Agere's prior art search is highly material to the patentability of the asserted claims of the '758 Patent. Upon further investigation, counsel for Agere determined that it is highly likely that the applicant for the '758 Patent had knowledge of this reference, because the reference is mentioned in the written description of the '758 Patent. This further investigation also revealed that the reference was not fairly and adequately disclosed to the USPTO. Specifically, the applicant failed to provide the reference to the USPTO for evaluation. Further, the applicant characterized the reference in a misleading way with respect to the asserted claims of the '758 Patent, likely leading the USPTO to the mistaken conclusion that the reference was not material. The reference is the basis for Agere's proposed affirmative defense and counterclaim of unenforceability based on inequitable conduct.

4.      This motion is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that "[a] party may amend the party's pleading . . . by leave of the court or by written consent of the adverse party; and leave should be given when justice so requires." Although within the discretion of the Court, a request to amend "should be freely granted in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Inline Connection Corp. v. AOL Time Warner, Inc.*, 237 F.R.D. 361, 364 (D. Del. 2006). Unless one of the foregoing factors is clearly present, it is an abuse of discretion to deny leave to amend. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). The court will grant leave to amend an answer in order to add a new affirmative defense when the basis for the defense is a new legal theory based on a new set of facts previously unavailable to the party. *See Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487-89 (D. Del. 2003) (granting leave to amend answer to include affirmative defense of inequitable conduct after discovery confirmed factual allegations alluded to in patent prosecution file). Here, Agere recently discovered

2

new facts – the highly-material nature of the prior art reference – through analysis provided by its subject matter expert.

5.      The proposed amendment is not futile. To prove inequitable conduct, the party must show that a nondisclosure or misrepresentation occurred before the USPTO, that the nondisclosure or misrepresentation was material, and that the patent applicant acted with intent to deceive the USPTO. *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.,* 488 F.3d 982, 999 (Fed. Cir. 2007).

6.      The written description of '758 Patent refers to a reference entitled "ISI coder-Combined coding and precoding," (the "Reference") one time in the detailed description section of the patent. (Answer, ¶ 48) The applicant failed, however, to cite the Reference in an Information Disclosure Statement (or even in the background section of the '758 Patent, where an examiner might expect to find such references) and failed to provide a copy of the Reference for review by the USPTO. In addition, the applicant drew purported distinctions between the Reference and the claimed invention; these purported distinctions, however, are not present in the asserted claims. (*Id.*, ¶¶ 50, 52) Accordingly, there is evidence that the applicant for the '758 Patent both failed properly to disclose the Reference to the USPTO and misrepresented to the USPTO the materiality of that Reference. (*Id.*, ¶¶ 51, 53)

7.      Moreover, there is strong evidence that the applicant of the '758 Patent knew or should have known of the materiality of the Reference. The applicant distinguished the Reference (albeit deceptively) in the written description of the '758 Patent, so the applicant presumably was aware of the Reference and its materiality when filing the '758 Patent. (*Id.*, ¶¶ 48, 49)

8.      Dr. Tretter will testify that the Reference is highly material to the patentability of each of the asserted claims of the '758 Patent (and, in fact, that the Reference anticipates each of those claims). (*Id.*, ¶ 49) Accordingly, the Reference should have been disclosed to the USPTO during the

3

    

prosecution of the '758 Patent. (*Id.*, ¶ 54) Finally, in cases in which there is high level of materiality and clear proof that the applicant knew or should have known of this materiality, a strong inference exists of an intent to deceive. *Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1367 (Fed. Cir. 2007). As the Reference is highly material to the patentability of the claims of the '758 Patent, and there is proof that the applicant knew or should have known of the Reference and its materiality when filing the '758 Patent, there is a strong inference of an intent to deceive. (*Id.*, ¶ 51) Moreover, the deceptive statements by the applicant for the '758 Patent provide further evidence of the applicant's intent to deceive the USPTO. (*Id.*, ¶ 53) Accordingly, as Agere can establish each element of the inequitable conduct underlying Agere's unenforceability defense and counterclaim, a second amendment of Agere's Answer to include this defense and counterclaim is not futile.

9.    Further, amendment of the Answer has not been unduly delayed. Agere first learned of the potential unenforceability defense less than a month prior to filing this Motion and diligently investigated the circumstances surrounding the inequitable conduct relating to the '758 Patent. Further, undue delay exists only where the delay prejudices the party opposing the amendment. *Kiser v. General Electric Corp.*, 831 F.2d 423, 427-428 (3d Cir. 1987). While written discovery between the parties will close on February 8, 2008, the Reference already has been produced to CIF. Further, any additional factual information related to inequitable conduct will be developed through expert discovery, depositions of the '758 Patent's inventor, and/or further discovery from third-party Motorola, Inc., the original owner of the '758 Patent. Third-party and deposition discovery does not close until June 1, 2008 (D.I. 32, ¶ 3(a)), and expert discovery has not yet even begun.

10.    Finally, CIF cannot show it will be prejudiced by Agere amending its answer before the cutoff date to which it agreed at the outset of this litigation. *See Martek BioSciences Corp. v. Nutrinova Inc.*, No. 03-896, 5-6 (D. Del. Jul. 19, 2005) (slip opinion) (no bad faith when motion for

leave to amend was filed before cut off date for amended pleadings); *Pharstem Therapeutics, Inc. v. Viacell Inc.*, No. 02-148, 2-3 (D. Del. Mar. 14, 2003) (slip opinion) (no prejudice when motion for leave to amend was timely filed).

WHEREFORE, Agere respectfully requests that the Court grant this motion and enter the executed Second Amended Answer and Counterclaims attached as Exhibit 1 (blacklined version attached as Exhibit 2).

YOUNG, CONAWAY, STARGATT & TAYLOR LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Chad S.C. Stover (No. 4919)
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
(302) 571-6600
cstover@ycst.com

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
(303) 571-4000

Attorneys for Defendant Agere Systems, Inc.

Dated:  February 8, 2008

DB02:6564194.1                                                                                    058626.1006

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on February 8, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

I further certify that on February 8, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC  20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a          )
GE LICENSING,                      )
                                   )
            Plaintiff,             )
                                   )    C.A. No. 07-170-JJF
      v.                           )
                                   )    **JURY TRIAL DEMANDED**
AGERE SYSTEMS INC.,                )
                                   )
            Defendant.             )

## SECOND AMENDED ANSWER OF DEFENDANT AGERE SYSTEMS INC.

Defendant Agere Systems Inc. ("Agere") hereby demands a trial by jury on all issues so triable, and as its answer to the Complaint filed by CIF Licensing, LLC d/b/a GE Licensing ("GE"), responds as follows. The numbered paragraphs correspond to the numbered paragraphs of the Complaint.

### THE PARTIES

1.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis denies those allegations.

2.    Agere admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1110 American Parkway N.E., Allentown, PA 18109. Agere admits that it makes, imports and sells modems and modem systems. Agere denies the remaining allegations of paragraph 2.

058626.1006

## JURISDICTION AND VENUE

3.      Agere admits the allegations of paragraph 3.

4.      Agere admits the allegations of paragraph 4.

5.      Agere admits the allegations of paragraph 5.

## THE PATENTS

6.      Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

7.      Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

8.      Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

9.      Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

10.     Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies those allegations.

## BACKGROUND

11.     Agere admits that the U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758 and 6,198,776 (collectively, the "GE Patents") are directed to technologies that can be used in hardware and software modems and modem systems.  Agere denies the remaining allegations of paragraph 11.

12.     The Complaint identifies no products allegedly covered by the GE Patents.  As a result, Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies those allegations.

13.     Agere admits that it has had actual or constructive notice of the GE Patents. Agere denies the remaining allegations of paragraph 13.

## COUNT I

14.     Agere repeats and realleges the responses in paragraphs 1-13 as though fully set forth herein.

15.     Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies those allegations.

16.     Agere denies the allegations of paragraph 16.

17.     Agere denies the allegations of paragraph 17.

## COUNT II

18.     Agere repeats and realleges the responses in paragraphs 1-17 as though fully set forth herein.

19.     Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies those allegations.

20.     Agere denies the allegations of paragraph 20.

21.     Agere denies the allegations of paragraph 21.

## COUNT III

22.     Agere repeats and realleges the responses in paragraphs 1-21 as though fully set forth herein.

23.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis denies those allegations.

24.    Agere denies the allegations of paragraph 24.

25.    Agere denies the allegations of paragraph 25.

## COUNT IV

26.    Agere repeats and realleges the responses in paragraphs 1-25 as though fully set forth herein.

27.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 27, and on that basis denies those allegations.

28.    Agere denies the allegations of paragraph 28.

29.    Agere denies the allegations of paragraph 29.

## AFFIRMATIVE AND OTHER DEFENSES

Agere requests that the Complaint be dismissed and that the Plaintiff be denied all requests for relief. Further answering the Complaint, Agere asserts the following defenses. Agere reserves the right to amend this answer to include additional defenses as additional information is obtained.

## FIRST DEFENSE
(Failure to State a Claim)

30.    Each of GE's purported claims fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
(Legal Justification)

31.     Agere alleges that all of its actions were proper and legally justified, privileged and/or excused.

## THIRD DEFENSE
(Invalidity)

32.     Claims of the GE Patents are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE
(Laches/Waiver/Estoppel)

33.     GE's claims are barred by the doctrines of laches, waiver, and/or estoppel.

## FIFTH DEFENSE
(Lack of Standing)

34.     GE lacks standing to assert alone the rights upon which relief is requested.

## SIXTH DEFENSE
(Intentionally Omitted)

35.     (Intentionally omitted)

## SEVENTH DEFENSE
(Unenforceability - U.S. Patent No. 6,198,776)

36.     On information and belief, the claims of U.S. Patent No. 6,198,776 (the "'776 Patent") are unenforceable for inequitable conduct, including those acts and failures set forth below.

37.     On information and belief, the U.S. Patent and Trademark Office ("USPTO") mailed, on October 28, 1998, an Office Action in the application from which the '776 Patent eventually issued.  On information and belief, the applicants failed to respond to the Office

Action, and the application subsequently became abandoned by operation of law on January 30, 1999.

38.    On information and belief, the applicants filed a "Petition to Revive an Unintentionally Abandoned Application under 37 C.F.R. 1.137(b)," (the "Petition") on June 8, 2000. On information and belief, the Petition stated, "[t]his Petition is being timely filed within the one year period from the date of abandonment, expiring 6/8/2000." On information and belief, the applicants' Petition misrepresented the length of the period of abandonment.

39.    On information and belief, the USPTO granted the applicants' Petition in a Decision mailed June 29, 2000. On information and belief, the Decision erroneously stated, "[t]he above-identified application became abandoned for failure to reply in a timely manner to the non-final Office action mailed October 29, 1998, which set a shortened statutory period for reply of three (3) months. No extensions of time under 37 CFR 1.136(a) were obtained. Accordingly, the above-identified application became abandoned on January 30, 2000."

40.    On information and belief, the applicants omitted to inform the USPTO that the USPTO's calculation of the date of abandonment was in error, compounding the applicants' earlier misrepresentation about the length of the term of abandonment.

41.    The misrepresented and/or omitted information about the length of the term of abandonment would have been considered by a reasonable examiner to be material to a determination that the petition should be granted, and on information and belief, these misrepresentations and/or omissions by the applicants were made with intent to deceive the USPTO. Had the applicants and/or their agents made accurate representations about the length of the period of abandonment, the USPTO would not have granted the Petition, and the '776

Patent would not have issued. Therefore, the '776 Patent is unenforceable for inequitable conduct.

42.    On information and belief, the Petition also contained a Statement that "[t]he abandonment was unintentional," but did not state that the entire period of delay, from the date of abandonment to the date the petition was filed, was unintentional, as required by 37 C.F.R. § 1.137(b)(3).

43.    On information and belief, the USPTO's Decision also stated, "37 CFR 1.137(b)(3) requires a statement that the entire delay in filing the required reply from the due date until the filing of a grantable petition pursuant to 37 CFR 1.137(b) was unintentional. If the statement contained in the instant petition varies from the language required by 37 CFR 1.137(b)(3), the statement contained in the instant petition is being construed as the statement required by 37 CFR 1.137(b)(3) and petitioner must notify the Office is the is not a correct interpretation of the statement contained in the instant petition."

44.    On information and belief, the applicants' entire delay in filing the Petition, from the due date for reply to the Office Action, was not unintentional. On information and belief, the USPTO's construction of the Petition's Statement was therefore incorrect. On information and belief, the applicants omitted to inform the USPTO that this construction was incorrect, however.

45.    The omitted information about the incorrect construction of the Petition's Statement would have been considered by a reasonable examiner to be material to a determination that the Petition should be granted, and on information and belief, this omission by the applicants was made with intent to deceive the USPTO. Had the applicants and/or their agents made accurate representations about the construction of the Petition's Statement, the

USPTO would not have granted the Petition, and the '776 Patent would not have issued.

Therefore, the '776 Patent is unenforceable for inequitable conduct.

### EIGHTH DEFENSE
(Exhaustion)

46.     GE's claims are barred by the doctrine of patent exhaustion.

### NINTH DEFENSE
(Unenforceability - U.S. Patent No. 5,446,758)

47.     On information and belief, the claims of U.S. Patent No. 5,446,758 (the "'758

Patent") are unenforceable for inequitable conduct.

48.     The written description of the '758 Patent refers to a reference entitled "ISI

coder—Combined coding and precoding," AT&T contribution to EIA-TR 30.1, Baltimore, MD,

June 1993 ( the "ISI Coder Reference"). On information and belief, the applicant for the '758

Patent was aware, as of the filing date of the '758 Patent, of the ISI Coder Reference.

49.     On information and belief, the ISI Coder Reference is material to the patentability

of at least one claim in the '758 Patent. On information and belief, the applicant for the '758

Patent was aware, as of the filing date of the '758 Patent, of the materiality of the ISI Coder

Reference

50.     On information and belief, the applicant for the '758 Patent failed to properly

disclose the ISI Coder Reference to the USPTO.

51.     On information and belief, the applicant for the '758 Patent intended to deceive

the USPTO by failing to properly disclose the ISI Coder Reference to the USPTO.

52.     On information and belief, the applicant for the '758 Patent mischaracterized the

ISI Coder Reference by identifying, in the written description of the '758 Patent, purported

distinctions between the ISI Coder Reference and the invention claimed by the '758 Patent; however, on information and belief, these purported distinctions are not applicable to at least one claim of the '758 Patent

53.    On information and belief, the applicant for the '758 Patent intended to deceive the USPTO by mischaracterizing the ISI Coder reference.

54.    The ISI Coder Reference would have been considered by a reasonable examiner to be material to the patentability of at least one claim in the '758 Patent. Had the applicant for the '758 Patent and/or his agents properly disclosed the ISI Coder Reference and/or properly characterized the ISI Coder Reference, the USPTO would not have allowed all of the claims of the '758 Patent. Therefore, the '758 Patent is unenforceable for inequitable conduct.

## COUNTERCLAIMS

1.    Counterclaimant Agere Systems Inc. ("Agere") is a corporation organized under the laws of the State of Delaware having its corporate headquarters in Allentown, Pennsylvania.

2.    Upon information and belief, counterclaim-defendant CIF Licensing, LLC d/b/a GE Licensing ("GE") is a corporation formed under the laws of the State of Delaware, with its principal place of business in Princeton, New Jersey 08540.

## JURISDICTION AND VENUE

3.    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper as this is the Court in which plaintiff GE instituted this action.

Venue also is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

5.      Agere is a global leader in semiconductors and software solutions for storage,

mobility and networking markets. The company's products enable a broad range of services and

capabilities, from cell phones, PCs and hard disk drives to the world's most sophisticated

wireless and wireline networks.  In particular, Agere (and its predecessors) have been

instrumental in developing modem technology and in contributing to international standards for

modem interoperability.

6.      On March 23, 2007, GE filed a Complaint for patent infringement ("Complaint")

with this Court, claiming Agere infringes the GE Patents but without specifying any accused

products or systems.

7.      On March 23, 2007, GE served the Complaint on Agere.

8.      On April 13, 2007, the Court, pursuant to a stipulation by the parties, ordered that

Agere's time to respond to the Complaint would be extended until May 14, 2007.

9.      On May 17, 2007, the Court, pursuant to a stipulation by the parties, ordered that

Agere's time to respond to the Complaint would be extended until June 13, 2007.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 5,048,054)

10.      Agere incorporates by reference each and every allegation contained in the

preceding paragraphs above.

11.    By its allegations of infringement, GE has asserted that U.S. Patent No. 5,048,054 (the "'054 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '054 Patent are unfounded.

12.    One or more claims of the '054 Patent is invalid under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

13.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced, in part, by GE's filing of a Complaint alleging infringement of the '054 Patent by Agere.

14.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 5,428,641)

15.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

16.    By its allegations of infringement, GE has asserted that U.S. Patent No. 5,248,641 (the "'641 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '641 Patent are unfounded.

17.    One or more claims of the '641 Patent is invalid or unenforceable under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

18.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '641 Patent by Agere.

19.     GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

### THIRD COUNTERCLAIM
(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 5,446,758)

20.     Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

21.     By its allegations of infringement, GE has asserted that U.S. Patent No. 5,446,758 (the "'758 Patent") is valid. GE's allegations and assertions with respect to the validity of the '758 Patent are unfounded.

22.     One or more claims of the '758 Patent is invalid under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

23.     An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '758 Patent by Agere.

24.     GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

### FOURTH COUNTERCLAIM
(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 6,198,776)

25.     Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

26.     By its allegations of infringement, GE has asserted that U.S. Patent No. 6,198,776 (the "'776 Patent") is valid. GE's allegations and assertions with respect to the validity of the '776 Patent are unfounded.

27.    One or more claims of the'776 Patent is invalid under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

28.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '776 Patent by Agere.

29.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## FIFTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –
U.S. Patent No. 5,048,054)

30.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

31.    In its Complaint, GE alleges that Agere infringed the '054 Patent.   Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '054 Patent, either literally or under the doctrine of equivalents.

32.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '054 Patent by Agere.

33.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

**SIXTH COUNTERCLAIM**
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –
U.S. Patent No. 5,428,641)

34.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

35.    In its Complaint, GE alleges that Agere infringed the '641 Patent.  Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '641 Patent, either literally or under the doctrine of equivalents.

36.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '641 Patent by Agere.

37.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

**SEVENTH COUNTERCLAIM**
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –
U.S. Patent No. 5,446,758)

38.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

39.    In its Complaint, GE alleges that Agere infringed the '758 Patent.   Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '758 Patent, either literally or under the doctrine of equivalents.

40.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '758 Patent by Agere.

41.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## EIGHTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 – U.S. Patent No. 6,198,776)

42.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

43.    In its Complaint, GE alleges that Agere infringed the '776 Patent.   Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '776 Patent, either literally or under the doctrine of equivalents.

44.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '776 Patent by Agere.

45.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## NINTH COUNTERCLAIM
(Declaratory Judgment of Unenforceability – U.S. Patent No. 6,198,776)

46.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

47.    By its allegations of infringement, GE has asserted that the '776 Patent is enforceable.  GE's allegations and assertions with respect to the enforceability of the '776 Patent are unfounded.  Rather, on information and belief, the claims of U.S. Patent No. 6,198,776 (the "'776 Patent") are unenforceable for inequitable conduct, including those acts and failures set forth below.

48.     On information and belief, the U.S. Patent and Trademark Office ("USPTO")
mailed, on October 28, 1998, an Office Action in the application from which the '776 Patent
eventually issued. On information and belief, the applicants failed to respond to the Office
Action, and the application subsequently became abandoned by operation of law on January 30,
1999.

49.     On information and belief, the applicants filed a "Petition to Revive an
Unintentionally Abandoned Application under 37 C.F.R. 1.137(b)," (the "Petition") on June 8,
2000. On information and belief, the Petition stated, "[t]his Petition is being timely filed within
the one year period from the date of abandonment, expiring 6/8/2000." On information and
belief, the applicants' Petition misrepresented the length of the period of abandonment.

50.     On information and belief, the USPTO granted the applicants' Petition in a
Decision mailed June 29, 2000. On information and belief, the Decision erroneously stated,
"[t]he above-identified application became abandoned for failure to reply in a timely manner to
the non-final Office action mailed October 29, 1998, which set a shortened statutory period for
reply of three (3) months. No extensions of time under 37 CFR 1.136(a) were obtained.
Accordingly, the above-identified application became abandoned on January 30, 2000."

51.     On information and belief, the applicants omitted to inform the USPTO that the
USPTO's calculation of the date of abandonment was in error, compounding the applicants'
earlier misrepresentation about the length of the term of abandonment.

52.     The misrepresented and/or omitted information about the length of the term of
abandonment would have been considered by a reasonable examiner to be material to a
determination that the petition should be granted, and on information and belief, these
misrepresentations and/or omissions by the applicants were made with intent to deceive the

USPTO.  Had the applicants and/or their agents made accurate representations about the length of the period of abandonment, the USPTO would not have granted the Petition, and the '776 Patent would not have issued.  Therefore, the '776 Patent is unenforceable for inequitable conduct.

53.    On information and belief, the Petition also contained a Statement that "[t]he abandonment was unintentional," but did not state that the entire period of delay, from the date of abandonment to the date the petition was filed, was unintentional, as required by 37 C.F.R. § 1.137(b)(3).

54.    On information and belief, the USPTO's Decision also stated, "37 CFR 1.137(b)(3) requires a statement that the entire delay in filing the required reply from the due date until the filing of a grantable petition pursuant to 37 CFR 1.137(b) was unintentional.  If the statement contained in the instant petition varies from the language required by 37 CFR 1.137(b)(3), the statement contained in the instant petition is being construed as the statement required by 37 CFR 1.137(b)(3) and petitioner must notify the Office is the is not a correct interpretation of the statement contained in the instant petition."

55.    On information and belief, the applicants' entire delay in filing the Petition, from the due date for reply to the Office Action, was not unintentional.  On information and belief, the USPTO's construction of the Petition's Statement was therefore incorrect.  On information and belief, the applicants omitted to inform the USPTO that this construction was incorrect, however.

56.    The omitted information about the incorrect construction of the Petition's Statement would have been considered by a reasonable examiner to be material to a determination that the Petition should be granted, and on information and belief, this omission by the applicants was made with intent to deceive the USPTO.  Had the applicants and/or their

agents made accurate representations about the construction of the Petition's Statement, the USPTO would not have granted the Petition, and the '776 Patent would not have issued. Therefore, the '776 Patent is unenforceable for inequitable conduct.

57.     An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '776 Patent by Agere.

58.     GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## TENTH COUNTERCLAIM
(Declaratory Judgment of Unenforceability – U.S. Patent No. 5,446,758)

59.     Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

60.     By its allegations of infringement, GE has asserted that U.S. Patent No. 5,446,758 (the "'758 Patent") is enforceable. GE's allegations and assertions with respect to the enforceability of the '758 Patent are unfounded. Rather, on information and belief, the claims of the '758 Patent are unenforceable for inequitable conduct, including those acts and failures set forth below.

61.     The written description of the '758 Patent refers to a reference entitled "ISI coder—Combined coding and precoding," AT&T contribution to EIA-TR 30.1, Baltimore, MD, June 1993 ( the "ISI Coder Reference"). On information and belief, the applicant for the '758 Patent was aware, as of the filing date of the '758 Patent, of the ISI Coder Reference.

62.     On information and belief, the ISI Coder Reference is material to the patentability of at least one claim in the '758 Patent. On information and belief, the applicant for the '758

Patent was aware, as of the filing date of the '758 Patent, of the materiality of the ISI Coder Reference

63.    On information and belief, the applicant for the '758 Patent failed to properly disclose the ISI Coder Reference to the USPTO.

64.    On information and belief, the applicant for the '758 Patent intended to deceive the USPTO by failing to properly disclose the ISI Coder Reference to the USPTO.

65.    On information and belief, the applicant for the '758 Patent mischaracterized the ISI Coder Reference by identifying, in the written description of the '758 Patent, purported distinctions between the ISI Coder Reference and the invention claimed by the '758 Patent; however, on information and belief, these purported distinctions are not applicable to at least one claim of the '758 Patent

66.    On information and belief, the applicant for the '758 Patent intended to deceive the USPTO by mischaracterizing the ISI Coder reference.

67.    The ISI Coder Reference would have been considered by a reasonable examiner to be material to the patentability of at least one claim in the '758 Patent.  Had the applicant for the '758 Patent and/or his agents properly disclosed the ISI Coder Reference and/or properly characterized the ISI Coder Reference, the USPTO would not have allowed all of the claims of the '758 Patent.  Therefore, the '758 Patent is unenforceable for inequitable conduct.

68.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '758 Patent by Agere.

69.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Agere prays for an order commanding entry of judgment as follows:

A.     Deny all claims for relief set forth in the Complaint and enter judgment in favor of Agere Systems Inc. and against CIF Licensing, LLC d/b/a GE on all claims;

B.     Declare U.S. Patent No. 5,048,054 to be invalid and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

C.     Declare U.S. Patent No. 5,428,641 to be invalid and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

D.     Declare U.S. Patent No. 5,446,758 to be invalid and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

E.     Declare U.S. Patent No. 6,198,776 to be invalid, unenforceable, and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

F.     Order CIF Licensing, LLC d/b/a GE Licensing to pay Agere's costs in this matter;

G.     Order CIF Licensing, LLC d/b/a GE Licensing to pay Agere's attorneys' fees pursuant to 35 U.S.C. § 285; and

H.     Award such other and further relief as the Court deems proper and just.

Dated:                                    YOUNG, CONAWAY, STARGATT & TAYLOR LLP

                                          _____
                                          Josy W. Ingersoll (No. 1088)
                                          John W. Shaw (No. 3362)
                                          Chad S.C. Stover (No. 4919)
                                          The Brandywine Building
                                          1000 West Street, 17th Floor
                                          Wilmington, DE  19899-0391
                                          (302) 571-6600
                                          cstover@ycst.com

                                          TOWNSEND AND TOWNSEND AND CREW, LLP
                                          David E. Sipiora
                                          Ian L. Saffer
                                          1200 Seventeenth Street, Suite 2700
                                          Denver, CO  80202-5827
                                          303-571-4000

                                          Attorneys for Defendant Agere Systems Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>         Plaintiff,<br><br>    v.<br><br>AGERE SYSTEMS INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 07-170-JJF

**JURY TRIAL DEMANDED**

## ~~FIRST~~SECOND AMENDED ANSWER OF DEFENDANT AGERE SYSTEMS INC.

Defendant Agere Systems Inc. (~~"~~"Agere~~"~~") hereby demands a trial by jury on all issues so triable, and as its answer to the Complaint filed by CIF Licensing, LLC d/b/a GE Licensing (~~"~~"GE~~"~~"), responds as follows. The numbered paragraphs correspond to the numbered paragraphs of the Complaint.

### THE PARTIES

1.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis denies those allegations.

2.    Agere admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1110 American Parkway N.E., Allentown, PA 18109. Agere admits that it makes, imports and sells modems and modem systems. Agere denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3.     Agere admits the allegations of paragraph 3.

4.     Agere admits the allegations of paragraph 4.

5.     Agere admits the allegations of paragraph 5.

## THE PATENTS

6.     Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

7.     Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

8.     Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

9.     Agere admits that a patent with the description set forth in this paragraph is attached as an exhibit to the Complaint.

10.     Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies those allegations.

## BACKGROUND

11.     Agere admits that the U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758  and 6,198,776 (collectively, the ""GE Patents"") are directed to technologies that can be used in hardware and software modems and modem systems.  Agere denies the remaining allegations of paragraph 11.

12.    The Complaint identifies no products allegedly covered by the GE Patents. As a result, Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies those allegations.

13.    Agere admits that it has had actual or constructive notice of the GE Patents. Agere denies the remaining allegations of paragraph 13.

## COUNT I

14.    Agere repeats and realleges the responses in paragraphs 1-13 as though fully set forth herein.

15.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies those allegations.

16.    Agere denies the allegations of paragraph 16.

17.    Agere denies the allegations of paragraph 17.

## COUNT II

18.    Agere repeats and realleges the responses in paragraphs 1-17 as though fully set forth herein.

19.    Agere is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies those allegations.

20.    Agere denies the allegations of paragraph 20.

21.    Agere denies the allegations of paragraph 21.

## COUNT III

22.    Agere repeats and realleges the responses in paragraphs 1-21 as though fully set forth herein.

23.     Agere is without information or knowledge sufficient to form a belief as to the

truth of the allegations of paragraph 23, and on that basis denies those allegations.

24.     Agere denies the allegations of paragraph 24.

25.     Agere denies the allegations of paragraph 25.

### COUNT IV

26.     Agere repeats and realleges the responses in paragraphs 1-25 as though fully set

forth herein.

27.     Agere is without information or knowledge sufficient to form a belief as to the

truth of the allegations of paragraph 27, and on that basis denies those allegations.

28.     Agere denies the allegations of paragraph 28.

29.     Agere denies the allegations of paragraph 29.

### AFFIRMATIVE AND OTHER DEFENSES

Agere requests that the Complaint be dismissed and that the Plaintiff be denied all

requests for relief.  Further answering the Complaint, Agere asserts the following defenses.

Agere reserves the right to amend this answer to include additional defenses as additional

information is obtained.

### FIRST DEFENSE
(Failure to State a Claim)

30.     Each of GE²'s purported claims fails to state a claim upon which relief can be

granted.

## SECOND DEFENSE
(Legal Justification)

31.    Agere alleges that all of its actions were proper and legally justified, privileged and/or excused.

## THIRD DEFENSE
(Invalidity)

32.    Claims of the GE Patents are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE
(Laches/Waiver/Estoppel)

33.    GE's claims are barred by the doctrines of laches, waiver, and/or estoppel.

## FIFTH DEFENSE
(Lack of Standing)

34.    GE lacks standing to assert alone the rights upon which relief is requested.

## SIXTH DEFENSE
~~(Prosecution History Estoppel)~~

(Intentionally Omitted)

35.    ~~GE's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and GE is estopped from claiming that the GE Patents cover or include any accused Agere method, system, apparatus and/or product.~~(Intentionally omitted)

## SEVENTH DEFENSE
### (Unenforceability) - U.S. Patent No. 6,198,776)

36.     On information and belief, the claims of U.S. Patent No. 6,198,776 (the "'776

Patent") are unenforceable for inequitable conduct, including those acts and failures set forth

below.

37.     On information and belief, the U.S. Patent and Trademark Office ("USPTO")

mailed, on October 28, 1998, an Office Action in the application from which the '776 Patent

eventually issued.  On information and belief, the applicants failed to respond to the Office

Action, and the application subsequently became abandoned by operation of law on January 30,

1999.

38.     On information and belief, the applicants filed a "Petition to Revive an

Unintentionally Abandoned Application under 37 C.F.R. 1.137(b)," (the "Petition") on June

8, 2000.  On information and belief, the Petition stated, "[t]his Petition is being timely filed

within the one year period from the date of abandonment, expiring 6/8/2000."  On information

and belief, the applicants' Petition misrepresented the length of the period of abandonment.

39.     On information and belief, the USPTO granted the applicants' Petition in a

Decision mailed June 29, 2000.  On information and belief, the Decision erroneously stated,

"[t]he above-identified application became abandoned for failure to reply in a timely manner to

the non-final Office action mailed October 29, 1998, which set a shortened statutory period for

reply of three (3) months.  No extensions of time under 37 CFR 1.136(a) were obtained.

Accordingly, the above-identified application became abandoned on January 30, 2000."

40.    On information and belief, the applicants omitted to inform the USPTO that the
USPTO's calculation of the date of abandonment was in error, compounding the applicants'
earlier misrepresentation about the length of the term of abandonment.

41.    The misrepresented and/or omitted information about the length of the term of
abandonment would have been considered by a reasonable examiner to be material to a
determination that the petition should be granted, and on information and belief, these
misrepresentations and/or omissions by the applicants were made with intent to deceive the
USPTO.  Had the applicants and/or their agents made accurate representations about the length
of the period of abandonment, the USPTO would not have granted the Petition, and the '776
Patent would not have issued.  Therefore, the '776 Patent is unenforceable for inequitable
conduct.

42.    On information and belief, the Petition also contained a Statement that "[t]he
abandonment was unintentional," but did not state that the entire period of delay, from the date
of abandonment to the date the petition was filed, was unintentional, as required by 37 C.F.R. §
1.137(b)(3).

43.    On information and belief, the USPTO's Decision also stated, "37 CFR
1.137(b)(3) requires a statement that the entire delay in filing the required reply from the due
date until the filing of a grantable petition pursuant to 37 CFR 1.137(b) was unintentional.  If the
statement contained in the instant petition varies from the language required by 37 CFR
1.137(b)(3), the statement contained in the instant petition is being construed as the statement
required by 37 CFR 1.137(b)(3) and petitioner must notify the Office is the is not a correct
interpretation of the statement contained in the instant petition."

44.    On information and belief, the applicants' entire delay in filing the Petition, from the due date for reply to the Office Action, was not unintentional.  On information and belief, the USPTO's construction of the Petition's Statement was therefore incorrect.  On information and belief, the applicants omitted to inform the USPTO that this construction was incorrect, however.

45.    The omitted information about the incorrect construction of the Petition's Statement would have been considered by a reasonable examiner to be material to a determination that the Petition should be granted, and on information and belief, this omission by the applicants was made with intent to deceive the USPTO.  Had the applicants and/or their agents made accurate representations about the construction of the Petition's Statement, the USPTO would not have granted the Petition, and the '776 Patent would not have issued.  Therefore, the '776 Patent is unenforceable for inequitable conduct.

### EIGHTH DEFENSE
(Exhaustion)

46.    GE's claims are barred by the doctrine of patent exhaustion.

### NINTH DEFENSE
(Unenforceability - U.S. Patent No. 5,446,758)

47.    On information and belief, the claims of U.S. Patent No. 5,446,758 (the "'758 Patent") are unenforceable for inequitable conduct.

48.    The written description of the '758 Patent refers to a reference entitled "ISI coder—Combined coding and precoding," AT&T contribution to EIA-TR 30.1, Baltimore, MD, June 1993 ( the "ISI Coder Reference").  On information and belief, the applicant for the '758 Patent was aware, as of the filing date of the '758 Patent, of the ISI Coder Reference.

49.      On information and belief, the ISI Coder Reference is material to the patentability of at least one claim in the '758 Patent.  On information and belief, the applicant for the '758 Patent was aware, as of the filing date of the '758 Patent, of the materiality of the ISI Coder Reference

50.      On information and belief, the applicant for the '758 Patent failed to properly disclose the ISI Coder Reference to the USPTO.

51.      On information and belief, the applicant for the '758 Patent intended to deceive the USPTO by failing to properly disclose the ISI Coder Reference to the USPTO.

52.      On information and belief, the applicant for the '758 Patent mischaracterized the ISI Coder Reference by identifying, in the written description of the '758 Patent, purported distinctions between the ISI Coder Reference and the invention claimed by the '758 Patent; however, on information and belief, these purported distinctions are not applicable to at least one claim of the '758 Patent

53.      On information and belief, the applicant for the '758 Patent intended to deceive the USPTO by mischaracterizing the ISI Coder reference.

54.      The ISI Coder Reference would have been considered by a reasonable examiner to be material to the patentability of at least one claim in the '758 Patent.  Had the applicant for the '758 Patent and/or his agents properly disclosed the ISI Coder Reference and/or properly characterized the ISI Coder Reference, the USPTO would not have allowed all of the claims of the '758 Patent.  Therefore, the '758 Patent is unenforceable for inequitable conduct.

## COUNTERCLAIMS

1.      Counterclaimant Agere Systems Inc. ("Agere") is a corporation organized under the laws of the State of Delaware having its corporate headquarters in Allentown, Pennsylvania.

2.      Upon information and belief, counterclaim-defendant CIF Licensing, LLC d/b/a GE Licensing ("GE") is a corporation formed under the laws of the State of Delaware, with its principal place of business in Princeton, New Jersey 08540.

### JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper as this is the Court in which plaintiff GE instituted this action. Venue also is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

### BACKGROUND

5.      Agere is a global leader in semiconductors and software solutions for storage, mobility and networking markets. The company's products enable a broad range of services and capabilities, from cell phones, PCs and hard disk drives to the world's most sophisticated wireless and wireline networks.  In particular, Agere (and its predecessors) have been instrumental in developing modem technology and in contributing to international standards for modem interoperability.

6.      On March 23, 2007, GE filed a Complaint for patent infringement ("Complaint") with this Court, claiming Agere infringes the GE Patents but without specifying any accused products or systems.

7.    On March 23, 2007, GE served the Complaint on Agere.

8.    On April 13, 2007, the Court, pursuant to a stipulation by the parties, ordered that Agere's time to respond to the Complaint would be extended until May 14, 2007.

9.    On May 17, 2007, the Court, pursuant to a stipulation by the parties, ordered that Agere's time to respond to the Complaint would be extended until June 13, 2007.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 5,048,054)

10.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

11.    By its allegations of infringement, GE has asserted that U.S. Patent No. 5,048,054 (the "'054 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '054 Patent are unfounded.

12.    One or more claims of the '054 Patent is invalid under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

13.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced, in part, by GE's filing of a Complaint alleging infringement of the '054 Patent by Agere.

14.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 5,428,641)

15.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

16.    By its allegations of infringement, GE has asserted that U.S. Patent No. 5,248,641 (the "'641 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '641 Patent are unfounded.

17.    One or more claims of the '641 Patent is invalid or unenforceable under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

18.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '641 Patent by Agere.

19.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

**THIRD COUNTERCLAIM**
(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 5,446,758)

20.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

21.    By its allegations of infringement, GE has asserted that U.S. Patent No. 5,446,758 (the "'758 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '758 Patent are unfounded.

22.    One or more claims of the '758 Patent is invalid under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

23.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '758 Patent by Agere.

24.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

### FOURTH COUNTERCLAIM
(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 – U.S. Patent No. 6,198,776)

25.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

26.    By its allegations of infringement, GE has asserted that U.S. Patent No. 6,198,776 (the "'776 Patent") is valid.  GE's allegations and assertions with respect to the validity of the '776 Patent are unfounded.

27.    One or more claims of the '776 Patent is invalid under one or more of the following statutory provisions: 35 U.S.C. § 101, 102, 103 and/or 112.

28.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '776 Patent by Agere.

29.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

### FIFTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –

U.S. Patent No. 5,048,054)

30.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

31.    In its Complaint, GE alleges that Agere infringed the ʼ054 Patent.   Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the ʼ054 Patent, either literally or under the doctrine of equivalents.

32.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GEʼs filing of the Complaint alleging infringement of the ʼ054 Patent by Agere.

33.    GEʼs actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## SIXTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –

U.S. Patent No. 5,428,641)

34.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

35.    In its Complaint, GE alleges that Agere infringed the ʼ641 Patent.   Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the ʼ641 Patent, either literally or under the doctrine of equivalents.

36.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GEʼs filing of the Complaint alleging infringement of the ʼ641 Patent by Agere.

37.    GEʼs actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## SEVENTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –

### U.S. Patent No. 5,446,758)

38.     Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

39.     In its Complaint, GE alleges that Agere infringed the '758 Patent.   Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '758 Patent, either literally or under the doctrine of equivalents.

40.     An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '758 Patent by Agere.

41.     GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## EIGHTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 –

### U.S. Patent No. 6,198,776)

42.     Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

43.     In its Complaint, GE alleges that Agere infringed the '776 Patent.   Upon information and belief, Agere has not infringed, either directly, contributorily, or by inducement, the claims of the '776 Patent, either literally or under the doctrine of equivalents.

44.     An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by the GE's filing of the Complaint alleging infringement of the '776 Patent by Agere.

45.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability – U.S. Patent No. 6,198,776)

46.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

47.    By its allegations of infringement, GE has asserted that the '776 Patent is enforceable.  GE's allegations and assertions with respect to the enforceability of the '776 Patent are unfounded.  Rather, on information and belief, the claims of U.S. Patent No. 6,198,776 (the "'776 Patent") are unenforceable for inequitable conduct, including those acts and failures set forth below.

48.    On information and belief, the U.S. Patent and Trademark Office ("USPTO") mailed, on October 28, 1998, an Office Action in the application from which the '776 Patent eventually issued.  On information and belief, the applicants failed to respond to the Office Action, and the application subsequently became abandoned by operation of law on January 30, 1999.

49.    On information and belief, the applicants filed a "Petition to Revive an Unintentionally Abandoned Application under 37 C.F.R. 1.137(b)," (the "Petition") on June 8, 2000.  On information and belief, the Petition stated, "[t]his Petition is being timely filed within the one year period from the date of abandonment, expiring 6/8/2000."  On information and belief, the applicants' Petition misrepresented the length of the period of abandonment.

50.    On information and belief, the USPTO granted the applicants' Petition in a Decision mailed June 29, 2000.  On information and belief, the Decision erroneously stated,

""[t]he above-identified application became abandoned for failure to reply in a timely manner to the non-final Office action mailed October 29, 1998, which set a shortened statutory period for reply of three (3) months. No extensions of time under 37 CFR 1.136(a) were obtained. Accordingly, the above-identified application became abandoned on January 30, 2000.""

51.    On information and belief, the applicants omitted to inform the USPTO that the USPTO''s calculation of the date of abandonment was in error, compounding the applicants'' earlier misrepresentation about the length of the term of abandonment.

52.    The misrepresented and/or omitted information about the length of the term of abandonment would have been considered by a reasonable examiner to be material to a determination that the petition should be granted, and on information and belief, these misrepresentations and/or omissions by the applicants were made with intent to deceive the USPTO. Had the applicants and/or their agents made accurate representations about the length of the period of abandonment, the USPTO would not have granted the Petition, and the ''776 Patent would not have issued. Therefore, the ''776 Patent is unenforceable for inequitable conduct.

53.    On information and belief, the Petition also contained a Statement that ""[t]he abandonment was unintentional,"" but did not state that the entire period of delay, from the date of abandonment to the date the petition was filed, was unintentional, as required by 37 C.F.R. § 1.137(b)(3).

54.    On information and belief, the USPTO''s Decision also stated, ""37 CFR 1.137(b)(3) requires a statement that the entire delay in filing the required reply from the due date until the filing of a grantable petition pursuant to 37 CFR 1.137(b) was unintentional. If the statement contained in the instant petition varies from the language required by 37 CFR

1.137(b)(3), the statement contained in the instant petition is being construed as the statement required by 37 CFR 1.137(b)(3) and petitioner must notify the Office is the is not a correct interpretation of the statement contained in the instant petition."

55.    On information and belief, the applicants' entire delay in filing the Petition, from the due date for reply to the Office Action, was not unintentional.  On information and belief, the USPTO's construction of the Petition's Statement was therefore incorrect.  On information and belief, the applicants omitted to inform the USPTO that this construction was incorrect, however.

56.    The omitted information about the incorrect construction of the Petition's Statement would have been considered by a reasonable examiner to be material to a determination that the Petition should be granted, and on information and belief, this omission by the applicants was made with intent to deceive the USPTO.  Had the applicants and/or their agents made accurate representations about the construction of the Petition's Statement, the USPTO would not have granted the Petition, and the '776 Patent would not have issued. Therefore, the '776 Patent is unenforceable for inequitable conduct.

57.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '776 Patent by Agere.

58.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

### TENTH COUNTERCLAIM
#### (Declaratory Judgment of Unenforceability – U.S. Patent No. 5,446,758)

59.    Agere incorporates by reference each and every allegation contained in the preceding paragraphs above.

60.    By its allegations of infringement, GE has asserted that U.S. Patent No. 5,446,758 (the "'758 Patent") is enforceable.  GE's allegations and assertions with respect to the enforceability of the '758 Patent are unfounded.  Rather, on information and belief, the claims of the '758 Patent are unenforceable for inequitable conduct, including those acts and failures set forth below.

61.    The written description of the '758 Patent refers to a reference entitled "ISI coder—Combined coding and precoding," AT&T contribution to EIA-TR 30.1, Baltimore, MD, June 1993 ( the "ISI Coder Reference").  On information and belief, the applicant for the '758 Patent was aware, as of the filing date of the '758 Patent, of the ISI Coder Reference.

62.    On information and belief, the ISI Coder Reference is material to the patentability of at least one claim in the '758 Patent.  On information and belief, the applicant for the '758 Patent was aware, as of the filing date of the '758 Patent, of the materiality of the ISI Coder Reference

63.    On information and belief, the applicant for the '758 Patent failed to properly disclose the ISI Coder Reference to the USPTO.

64.    On information and belief, the applicant for the '758 Patent intended to deceive the USPTO by failing to properly disclose the ISI Coder Reference to the USPTO.

65.    On information and belief, the applicant for the '758 Patent mischaracterized the ISI Coder Reference by identifying, in the written description of the '758 Patent, purported distinctions between the ISI Coder Reference and the invention claimed by the '758 Patent; however, on information and belief, these purported distinctions are not applicable to at least one claim of the '758 Patent

66.    On information and belief, the applicant for the '758 Patent intended to deceive the USPTO by mischaracterizing the ISI Coder reference.

67.    The ISI Coder Reference would have been considered by a reasonable examiner to be material to the patentability of at least one claim in the '758 Patent.  Had the applicant for the '758 Patent and/or his agents properly disclosed the ISI Coder Reference and/or properly characterized the ISI Coder Reference, the USPTO would not have allowed all of the claims of the '758 Patent.  Therefore, the '758 Patent is unenforceable for inequitable conduct.

68.    An actual and justiciable controversy requiring declaratory relief exists between GE and Agere, as evidenced in part by GE's filing of a Complaint alleging infringement of the '758 Patent by Agere.

69.    GE's actions are ongoing and are continuing to inflict harm upon Agere as to which there exists no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Agere prays for an order commanding entry of judgment as follows:

A.    Deny all claims for relief set forth in the Complaint and enter judgment in favor of Agere Systems Inc. and against CIF Licensing, LLC d/b/a GE on all claims;

B.    Declare U.S. Patent No. 5,048,054 to be invalid and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

C.    Declare U.S. Patent No. 5,428,641 to be invalid and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

D.    Declare U.S. Patent No. 5,446,758 to be invalid and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

E.     Declare U.S. Patent No. 6,198,776 to be invalid, unenforceable, and not infringed by Agere Systems Inc., and/or any of its officers, agents, employees or related entities;

F.     Order CIF Licensing, LLC d/b/a GE Licensing to pay Agere's costs in this matter;

G.     Order CIF Licensing, LLC d/b/a GE Licensing to pay Agere's attorneys' fees pursuant to 35 U.S.C. § 285; and

H.     Award such other and further relief as the Court deems proper and just.


Dated: ~~January 23, 2008~~             YOUNG, CONAWAY, STARGATT & TAYLOR, LLP


                                     _____
                                     Josy W. Ingersoll (No. 1088)
                                     John W. Shaw (No. 3362)
                                     Chad S.C. Stover (No. 4919)
                                     The Brandywine Building
                                     1000 West Street, 17th Floor
                                     Wilmington, DE  19899-0391
                                     302 571-6600
                                     cstover@ycst.com

                                     TOWNSEND AND TOWNSEND AND CREW, LLP
                                     David E. Sipiora
                                     Ian L. Saffer
                                     1200 Seventeenth Street, Suite 2700
                                     Denver, CO  80202-5827
                                     303-571-4000

                                     Attorneys for Defendant Agere Systems Inc.

Document comparison done by DeltaView on Friday, February 08, 2008 10:23:07 AM

| Input: | |
|---|---|
| Document 1 | iManageDeskSite://DEIMANAGE01/Townsend/61241105/1 |
| Document 2 | iManageDeskSite://DEIMANAGE01/Townsend/61277025/1 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 187 |
| Deletions | 145 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 332 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-170 (JJF) |
| AGERE SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) ) | |

## RULE 7.1.1 STATEMENT

Pursuant to Rule 7.1.1 of the Local Rules of the United States District Court for the

District of Delaware, I hereby certify that counsel for Agere Systems, Inc. ("Agere") has made a

reasonable effort to reach agreement with counsel for CIF Licensing, LLC, d/b/a GE Licensing

("CIF") on the matters set forth in Agere's Motion for Leave to File Second Amended Answer

and Counterclaims, and that the parties have been unable to reach agreement.

YOUNG, CONAWAY STARGATT & TAYLOR, LLP

_____
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
302-571-6600

*Attorneys for Defendant Agere Systems Inc.*

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND
  AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO 80202
303-571-4000

Dated: February 8, 2008

61277835 v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING LLC, d/b/a | ) | |
| GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170 (JJF) |
| v. | ) | |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | | |

## <u>ORDER</u>

WHEREAS, Defendant, Agere Systems Inc. ("Agere") has filed a Motion for Leave to File Second Amended Answer and Counterclaims and the Court having considered the respective papers submitted by Agere and Plaintiff, CIF Licensing LLC, d/b/a GE Licensing ("CIF"), in support of, or in opposition to, said motion; and the Court having considered oral argument of counsel for the respective parties, if any; and the Court having considered the pleadings in this matter and the current status of the case; and for other good cause having been shown;

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion for Leave to File Second Amended Answer and Counterclaims is GRANTED; and Defendant's Second Amended Answer and Counterclaims is deemed filed as of the date of this Order.

DATED: _____ _____, 2008      _____

                                                            UNITED STATES DISTRICT JUDGE

61277867 v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| AGERE SYSTEMS, INC., | ) ) ) |
| Defendant. | ) |

C.A. No. 07-170 (JJF)

## **NOTICE OF MOTION**

To:

Philip A. Rovner
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951

Tel: 302 984-6000
Fax: 302-658-1192
Email: provner@potteranderson.com
Email: rhorwitz@potteranderson.com
Email: dmoore@potteranderson.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
Michael W. Connelly
McDermott Will & Emery LLP
60013th Street, N.W.
Washington, D.C. 20005-3096

Tel: 202 756 8327
Fax: 202-756-8087
Email: jfreed@mwe.com
Email: bferguson@mwe.com
Email: mconnelly@mwe.com
Email: GE @mwe.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212

Tel: 650-813-5000
Fax: 650-813-5100
Email: ewheeler@mwe.com

61178082_1.DOC

PLEASE TAKE NOTICE that Defendant, Agere Systems Inc. ("Agere"), will present

Defendant's MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND

COUNTERCLAIMS on Friday, March 7, 2008 at a time that is convenient to the Court.

YOUNG CONAWAY STARGATT & TAYLOR LLP

John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West St., 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600

*Attorneys for Defendant Agere Systems Inc.*

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND
AND CREW, LLP
1200 Seventeenth Street, Suite
2700
Denver, Colorado 80202-5827
303-571-4000

Dated: February 8, 2008

61277771 v1