IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170 (JJF) |
| v. | ) | |
| | ) | |
| AGERE SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO AMEND SCHEDULING ORDER

YOUNG, CONAWAY, STARGATT & TAYLOR LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
(302) 571-6600
cstover@ycst.com

-and-

TOWNSEND AND TOWNSEND AND CREW, LLP
David E. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, CO  80202
(303) 571-4000

Attorneys for Defendant Agere Systems, Inc.

Dated: February 8, 2008

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ............................................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 3

STATEMENT OF FACTS ............................................................................................... 4

ARGUMENT ....................................................................................................................... 7

      I.      Legal Standard ...................................................................................... 7

      II.     The Court Should Extend The Discovery Deadline For the Limited Purpose of Affording Agere Discovery to Which It is Entitled................................................ 8

CONCLUSION.................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997) ...................... 7,8

*Gonzalez v. Comcast Corp.*, No. Civ.A. 03-445, 2004 WL 2009366, at *1 (D.Del. Aug. 25, 2004) ............................................................................................................................... 7

*LG Elec., Inc. v. Bizcom Elec., Inc.*, 453 F.3d 1364, 1369-70 (Fed. Cir. 2006) ............................ 5

*Quanta Computer, Inc. v. LG Elec., Inc.*, No. 06-937, --- S.Ct. ----, 2007 WL 2768029, *1 (U.S.) ...................................................................................................................................... 5, 8

**Other Authorities**

Brief for the Petitioner, *Quanta Computer, Inc. v. LG Elec., Inc.*, --- U.S. --- (2007) (No.06-937), 2007 WL 3276505 at i ................................................................................................ 5

Eric W. Hagen, McDermott, Will & Emery LLP, *Another Term, Another High-Stakes Patent Case*, IPLaw360, Oct. 24, 2007, at 1, 3 ................................................................................ 6

Petition for a Writ of Certiorari, *Quanta Computer, Inc. v. LG Elec., Inc.*, No. 06-937, --- S.Ct. ----, 2006 WL 3877339 (U.S.) ...................................................................................... 5

**Rules**

D. Del. LR 16.4 ......................................................................................................................... 2

Fed. R. Civ. P. 16(b)(4) ....................................................................................................... 2, 3, 7

**Treatises**

6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.1 (2d Ed. 1990) ........................................................................................................................... 8

## NATURE AND STAGE OF PROCEEDINGS

This is an action for patent infringement brought by CIF Licensing LLC, d/b/a GE

Licensing, ("CIF") against Agere Systems Inc. ("Agere") for alleged infringement of U.S. Patent

Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776.

On September 19, 2007, the Court signed the Parties' Rule 16 Scheduling Order (the

"Scheduling Order") (D.I. 32) setting the deadline, found in Section 3(a), for the exchange and

completion of contention interrogatories, identification of fact witnesses and document

production to be completed by January 31, 2008. The Parties filed a Joint Stipulation to Amend

the Answer by Agere (the "Joint Stipulation") (D.I. 50) on January 22, 2008. In the Joint

Stipulation, CIF consented to Agere amending its Answer to add the additional affirmative

defense of patent exhaustion. In the same stipulation, Agere consented to answering CIF's

Interrogatory No. 43 and responding to CIF's Request for Production No. 45, each relating to the

affirmative defense of patent exhaustion, by January 31, 2008. Agere requested that, in the same

stipulation, CIF similarly consent to answer a single interrogatory and a single request for

production regarding the exhaustion issue. CIF refused. Consequently, on January 23, 2008,

Agere served CIF with Agere's Third Set of Interrogatories and Second Set of Requests for

Documents and Things (D.I. 52). The combined discovery requests served by Agere on CIF

consist of Agere's Interrogatory No. 18 and Agere's Request for Production No. 70 relating to the

affirmative defense of patent exhaustion.

On January 30, 2008, the Parties filed a Joint Stipulation to Extend Time (D.I. 53) for the

completion of fact discovery, extending the deadline set forth in Section 3(a) of the Scheduling

Order to February 8, 2008. However, because on January 23, 2008, Agere Agere's Third Set of

Interrogatories and Second Set of Requests for Documents and Things (D.I. 52) were served on

1

January 23, 2008, CIF's responses are not due until February 22, shortly after the deadline set forth in Section 3(a) of the Scheduling Order, as amended. Accordingly, Agere respectfully moves the Court, pursuant to Fed. R. Civ. P. 16(b)(4) and D. Del. LR 16.4, for a 14-day extension of the deadline set in Section 3(a) of the Scheduling Order as modified by the Parties' Joint Stipulation to Extend Time for the limited purpose of allowing CIF sufficient time to:

(1) provide a written answer to Agere's Interrogatory No. 18, and

(2) provide documents requested in Agere's Request for Production No. 70.

## SUMMARY OF ARGUMENT

1.    Agere seeks an extension of the discovery deadline set in Section 3(a) of the Scheduling Order as modified by the Parties' Joint Stipulation to Extend Time.  Modification of a scheduling order under Fed. R. Civ. P. 16(b)(4) requires good cause and the District Judge's consent.  Good cause should be found where a party shows that it cannot meet scheduling deadlines despite diligent efforts.

2.    Agere has shown good cause for the extension of the discovery period, as the factual and legal bases supporting the exhaustion defense arose well into the discovery period, Agere worked diligently with CIF to negotiate and file the Joint Stipulation adding the defense, and immediately served appropriate and limited discovery requests directed at the exhaustion defense.  Service of these discovery requests was necessitated by the fact that CIF refused to stipulate to respond to these requests, even though it conditioned its agreement to Agere's amended answer on Agere's agreement to answer essentially the same discovery requests.  That is, CIF has taken the position that it should be entitled to take discovery on the exhaustion defense but that Agere should not.  This position is manifestly untenable.  Thus, Agere served discovery requests immediately after filing the stipulation to amend its pleading.

3.    Only a week remained in the discovery period when Agere served its limited discovery requests, and thus, absent modification of the Case Management Plan, the CIF will not be required to respond.  Therefore the Court should extend the discovery deadline for the limited purpose of allowing time for CIF to respond to Agere's limited discovery requests, which pertain to a new issue on which CIF has itself sought expedited discovery..

## STATEMENT OF FACTS

CIF filed the Complaint (D.I. 1) against Agere on March 23, 2007. The Complaint set forth claims of direct, contributory, and induced infringement of four United States Patents owned by CIF. Agere filed its Answer on June 13, 2007. The Answer set forth seven affirmative defenses as well as counterclaims seeking declaratory relief. On September 19, 2007, the Court entered the Scheduling Order, which scheduled party written discovery to close on January 31, 2008, and all fact discovery to close on June 1, 2008 (D.I. 32, ¶ 3(a)). The Scheduling Order also set February 8, 2008, as the deadline to file motions to amend pleadings (*Id.*, ¶ 5).

On March 20, 2007, CIF provided to Agere a heavily redacted copy of a Patent Cross-License Agreement ("PLA") between Motorola, Inc. ("Motorola") and AltoCom, Inc. ("AltoCom") (*see* attached as Exhibit A). Motorola originally owned the patents in suit and recently assigned them to CIF. AltoCom (which now operates as Broadcom Corp. ("Broadcom")) sells to Agere essential components of the products that CIF accuses of infringement in this action. As such, the precise terms of the PLA between CIF's predecessor Motorola and Agere's supplier AltoCom are highly relevant to the merits of CIF's infringement claims. As Agere has informed the Court previously, it may be licensed to the patents in suit under this PLA. (D.I. 19 at 4-5). Under a related but distinct legal theory, it may also be the case that CIF's patent rights were exhausted upon the grant of the patent license by Motorola to AltoCom. As noted, the only copy of the PLA that Agere possessed when this case was filed was heavily redacted. Consequently, at the outset of discovery (specifically, August 9, 2007, and August 30, 2007, respectively), Agere sought a copy of the un-redacted PLA via subpoenas served on third-parties Motorola and AltoCom. (D.I. 18, 25). Both Motorola and Broadcom

refused to produce any documents until this Court entered a protective order (*see* attached

Exhibits B and C, ¶ 13 (representative pages from Third Party Broadcom's Objections to Agere's

Subpoena)). Agere and CIF negotiated a Stipulated Protective Order and the Court signed it on

November 2, 2007 (D.I. 38). Subsequently, Motorola produced the un-redacted PLA on

November 19, 2007 as part of production comprising approximately twenty-two boxes of

documents (*see* attached Exhibit D).

On September 25, 2007 the Supreme Court granted certiorari in *Quanta Computer, Inc.*

*v. LG Elec., Inc.*, No. 06-937, --- S.Ct. ----, 2007 WL 2768029, at *1 (U.S.), an appeal centered

on application of the patent exhaustion doctrine. In that case, the Federal Circuit, applying its

own precedent on exhaustion, held that a licensing arrangement similar to the one between

Motorola and AltoCom did not result in exhaustion. *See LG Elec., Inc. v. Bizcom Elec., Inc.*, 453

F.3d 1364, 1369-70 (Fed. Cir. 2006). The accused infringer then petitioned for certiorari,

arguing that the Federal Circuit's precedent deviates from Supreme Court cases from the late

19th and early 20th Centuries. *See* Petition for a Writ of Certiorari, *Quanta Computer, Inc. v. LG*

*Elec., Inc.*, No. 06-937, --- S.Ct. ----, 2006 WL 3877339 (U.S.). The Supreme Court granted

certiorari, agreeing to decide whether "the Federal Circuit erred by holding, in conflict with

decisions of this court and other courts of appeals, that respondent's patent rights were not

exhausted by its license agreement with [a licensee], and [the licensee's] subsequent sale of

product under the license to petitioners." Brief for the Petitioner, *Quanta Computer, Inc. v. LG*

*Elec., Inc.*, --- U.S. --- (2007) (No.06-937), 2007 WL 3276505 at i. At least one commentator,

who by coincidence is an attorney at the law firm of CIF's counsel, has observed that the

Supreme Court recently has been "reigning in" the Federal Circuit, and that the decision in

*Quanta* will have a "profound and lasting impact on patent licensing practices, particularly in the

computer technology industry." Eric W. Hagen, McDermott, Will & Emery LLP, *Another Term, Another High-Stakes Patent Case*, IPLaw360, Oct. 24, 2007, at 1, 3 (attached as Exhibit E).

Briefing in the *Quanta* case concluded on December 3, 2007, and oral arguments were heard on January 17, 2008. There exists a significant chance the Supreme Court will "reign in" – i.e., reverse – recent Federal Circuit precedent on exhaustion, and that the Supreme Court's decision will have a "profound and lasting impact on patent licensing practices, particularly in the computer technology industry." (*Id.*) Of particular relevance here, if the Supreme Court adopts some or all of the arguments presented by the petitioner, CIF's patent rights will be exhausted and its infringement claims against Agere will fail.

Based on the recently acquired factual information and the pending Supreme Court decision, counsel for Agere contacted counsel for CIF's consent to the filing of an Amended Answer to add the affirmative defense of patent exhaustion. The letter, dated December 19, 2007, provided a brief explanation of Agere's grounds for adding the defense (attached as Exhibit F). On December 20, 2007, counsel for CIF responded by requesting a copy of the proposed Amended Answer and an additional explanation of Agere's grounds for seeking to amend its answer (attached as Exhibit G). Counsel for Agere provided the proposed Amended Answer and the requested explanation on December 27, 2007 (attached as Exhibit H).

On January 2, 2008, counsel for CIF proposed that CIF would not oppose Agere's Amended Answer adding the affirmative defense of patent exhaustion provided that Agere respond to related interrogatories and requests for production within ten days (*see* attached Exhibit I). Agere tentatively agreed to CIF's proposal on January 10, 2008 (*Id.*). On January 14, 2008, counsel for Agere delivered to counsel for CIF a proposed stipulation encompassing the agreed upon terms, which further included a request that CIF respond to reciprocal discovery

requests from Agere regarding the patent exhaustion defense (attached as Exhibit J). Counsel for Agere stated that it would be appropriate for CIF to respond to limited reciprocal discovery on the exhaustion defense, and that the Parties should agree to extend the deadline for discovery to allow the reciprocal discovery.

On January 16, 2008, counsel for CIF rejected those portions of the proposed stipulation granting Agere reciprocal discovery regarding the affirmative defense (attached as Exhibit K). Specifically, counsel for CIF declared Agere's request for reciprocal discovery "inappropriate" for the stipulation. Counsel for CIF also rejected the extension of the discovery deadline. On January 18, 2008, counsel for Agere agreed to the stipulation as proposed by CIF. The stipulation was filed on January 22, 2008, and Agere served its discovery requests on January 23, 2008. Pursuant to Federal Rules 33(b)(2) and 34(b)(2)(A), CIF's responses currently are due on February 22, 2008. However, under § 3(a) of the Case Management Plan as amended, written discovery between the parties must be completed by February 8, 2008. Agere has asked CIF to agree to extend the deadline in § 3(a) for the limited purpose of completing response to the singe interrogatory and single request for production on exhaustion, but CIF has refused (*see* attached Exhibit L).

**ARGUMENT**

## I.    Legal Standard

Scheduling orders may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'Properly constructed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.'" *Gonzalez v. Comcast Corp.*, No. Civ.A. 03-445, 2004 WL 2009366, at *1 (D.Del. Aug. 25, 2004) (citing *Dilmar Oil Co. v. Federated Mut. Ins.*

Co., 986 F.Supp. 959, 980 (D.S.C. 1997)); *see also* 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.1 (2d Ed. 1990).

## II.    The Court Should Extend The Discovery Deadline For the Limited Purpose of Affording Agere Discovery on The Exhaustion Defense.

As the above facts demonstrate, Agere has good cause to extend the discovery deadline as it has worked diligently to meet the scheduling deadlines agreed to by the Parties. The factual and legal bases for Agere to amend the Answer to add the affirmative defense of patent exhaustion arose well into the discovery period, after which time Agere worked diligently to obtain CIF's consent to the amended pleading, and served the appropriate and limited discovery requests the day after the Joint Stipulation was entered.

At the outset of the discovery period, Agere possessed only a heavily redacted copy of the Motorola/AltoCom PLA, one of the foundations for Agere's license and exhaustion defenses. Under existing Federal Circuit case law regarding exhaustion, Agere could not determine if the rights in the patents-in-suit had been exhausted as applied to Agere based on this version of the PLA because essential terms of the PLA were redacted, including payment provisions.

Agere subpoenaed a complete copy of the PLA from Motorola and AltoCom from the outset of discovery. Neither of these third parties would produce documents until a protective order was signed, which occurred on November 2, 2007 (D.I. 38). Agere obtained a complete and un-redacted copy of the PLA in late November as part of a large production set from Motorola. The un-redacted PLA provided a sufficient factual basis for the patent exhaustion defense. During this same period, Agere was able to review the *Quanta v. LG Elec. Inc.* briefing materials submitted to the Supreme Court. Briefing concluded in early December, 2007, and these briefing materials demonstrated that important clarifications and modifications of

exhaustion doctrine may be imminent. As such, Agere diligently sought and obtained the necessary materials to support the affirmative defense during the discovery period.

After doing so, Agere worked diligently to obtain CIF's consent to filing the Amended Answer and avoid the need for motion practice. Counsel for Agere first contacted counsel for CIF regarding amending Agere's Answer on December 19, 2007. It then took a few weeks over the holiday period to work out the details of the Joint Stipulation. The specifics of the negotiations are detailed above, but in essence the sticking point of the negotiation was CIF's insistence that a request for reciprocal discovery by CIF on the exhaustion defense should not be included in the stipulation. The Parties finally agreed on the terms of the Joint Stipulation and filed it on January 22, 2007. The facts make clear that Agere diligently sought to add the affirmative defense of patent exhaustion before the expiration of the discovery period.

Finally, Agere diligently sought discovery on the patent exhaustion defense, but under the current schedule this discovery cannot be completed prior to the written discovery deadline. Agere served CIF with its limited discovery requests relating to exhaustion on January 23, 2007, the day after the Joint Stipulation was entered. Agere's one Interrogatory and one Request for Production focus solely on the patent exhaustion defense. As written discovery closes on February 8, 2008, in the absence of an extension, CIF will not be required to respond to the discovery requests despite Agere's diligent efforts. Therefore, Agere has shown good cause for the extension of the discovery deadline for the limited purpose of allowing time for CIF to respond to Agere's discovery requests directed to the affirmative defense of patent exhaustion.

## CONCLUSION

For the foregoing reasons, Agere respectfully requests the Court extend the deadline set forth in Section 3(a) of the Scheduling Order as amended by the Parties' Joint Stipulation to

Extend Time for the limited purpose of creating sufficient time for CIF to respond to Agere's

Interrogatory No. 17 and Request for Production No. 70.


                              YOUNG, CONAWAY STARGATT & TAYLOR, LLP


                              _____
                              John W. Shaw (No. 3362)
                              jshaw@ycst.com
                              Chad S.C. Stover (No. 4919)
                              cstover@ycst.com
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, DE 19899-0391
                              302-571-6600

                              *Attorneys for Defendant Agere Systems Inc.*

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO 80202
303-571-4000

Dated: February 8, 2008

61276272 v1

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on February 8, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on February 8, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.

2

# **EXHIBIT A**

**Cook, Malcolm**

| | |
|---|---|
| **From:** | Misiag, Richard J (GE, Corporate) [richard.misiag@ge.com] |
| **Sent:** | Tuesday, March 20, 2007 11:34 AM |
| **To:** | MacNichol, Marie H (Marie) |
| **Cc:** | Smith, David L (David); Glick, Kenneth R (GE, Corporate); Moller, Peter (GE, Corporate) |
| **Subject:** | Motorola/Altocom Agreement |
| **Importance:** | High |
| **Attachments:** | Redacted Alto-com - MOT X-License Agreement.pdf |

Marie:

Attached is a copy of the redacted Motorola/Altocom Patent Cross-License Agreement. Pursuant to Paragraph 4.2 of the Agreement, Agere is not licensed to GE's analog modem patent portfolio. As of the date of the Agreement, January 30, 2001, Agere was not in existence and was therefore neither an existing customer nor an existing licensee of standalone ALTOCOM software MODEMS.

Marie, I recognize you are traveling on business next week. Given that we still have the opportunity to meet and resolve this matter this week I would propose our teams endeavor to meet before Friday, or even this weekend if necessary, to further discuss settlement proposals. Frankly, we would like to understand Agere's last, best offer if your intention is to settle this matter quickly and amicably. Please advise me of your availability this week or weekend.

Regards,

Richard Misiag
Vice President, Licensing
GE Trading and Licensing
105 Carnegie Center, 3rd Floor
Princeton, NJ 08540 USA

T: 609.936.6041
C: 609.865.9145
F: 609.936.6083

# EXHIBIT B

Redacted

-----Original Message-----
**From:** Saffer, Ian L.
**Sent:** Monday, September 10, 2007 9:19 PM
**To:** 'Stolarski, Mike'
**Subject:** RE: CIF v. Agere

Mike, let's talk at 4:30 p.m. CDT. on Tuesday, which is 3:30 p.m. my time. I will call you then. Thanks,

Ian

> -----Original Message-----
> **From:** Stolarski, Mike [mailto:mstolarski@brinkshofer.com]
> **Sent:** Monday, September 10, 2007 4:02 PM
> **To:** Saffer, Ian L.
> **Subject:** RE: CIF v. Agere
>
> Ian,
>
> This is in response to your letter, dated September 5, 2007, and your email below.
>
> As we discussed previously, we are diligently working to obtain materials responsive to both of Agere's subpoenaes, placing priority on those documents and materials related to the transfer of the patents-in-suit from Motorola to GE and any license agreements under these patents relating to the pertinent analog modem standards. However, responsive documents, including those we agreed to prioritize, are not going to be ready for production by the end of this week as you demand below. Motorola cannot be expected to produce, for example, third party license agreements related to the analog modem standards of concern unless those third party licensees are notified of the proposed production and consent to such disclosure. As we discussed, the entry of a protective order with respect to third party production might aid in our ability to obtain the consent of such third party licensees.
>
> While I appreciate your offer to abide by Local Rule 26.2, I do not understand Local Rule 26.2 to be applicable to non-parties responding to a subpoena under F.R.C.P. Rule 45. As a result, given our recent reciept of these subpoenaes and particularly given the need to obtain the consent to produce documents from unaffiliated third parties, we find your demand to produce responsive documents by the end of this week to be unreasonable.
>
> We are prepared to discuss this matter with you to see if we can come to a reasonable resolution regarding the timing of production of documents, as well as the appropriate timing of the deposition of Motorola. I am available to discuss this issue with you either tomorrow after 3:00pm CDT or on Wednesday morning before 10:30am CDT. Please let me know what time would be most convenient for you.
>
>
> Mike Stolarski
> Intellectual Property Attorney
> **Brinks Hofer Gilson & Lione**
> NBC Tower, Suite 3600

10/17/2007

455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
312.222.8106 - Direct
312.321.4299 - Fax
mstolarski@usebrinks.com
www.usebrinks.com

|**Please Note:** This message is intended for the individual or entity named above and may constitute a privi
and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disc
this message. Please notify the sender by replying to this message, and then delete the message from you
system. Thank you.|

---

**From:** Saffer, Ian L. [mailto:ilsaffer@townsend.com]
**Sent:** Monday, September 10, 2007 11:08 AM
**To:** Stolarski, Mike
**Subject:** RE: CIF v. Agere

Mike,

I am available to talk about Motorola's Response to Agere's Second Subpoena anytime today (Monday), tomorrow (Tuesday) after 2 p.m. MDT, and any time on Wednesday. Please let me know when you are available.

Also, I need to follow up with you Motorola's Response to Agere's First Subpoena. As mentioned in my last letter (dated September 5; copy attached) we believe that documents should be produced immediately under Local Rule 26.2. As you know, we are under tight time constraints to complete discovery pertaining to Agere's license defense. Thus, with respect to the license defense, we need dates certain for (a) production of documents and (b) a deposition of your client. If you are unable to produce documents by the end of this week, and also propose at least one deposition date in mid-October, we will have no alternative other than to file a motion to compel. As stated in my last letter, we do not wish to place undue time pressure on you, but we have very limited time in which to complete this discovery. I am available to discuss these issues during the times mentioned above.

I look forward to hearing from you.

Regards,

Ian


Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 17th Street #2700
Denver, Colorado 80202
303.571.4000
303.571.4321 (fax)


-----Original Message-----
**From:** Stolarski, Mike [mailto:mstolarski@brinkshofer.com]
**Sent:** Friday, September 07, 2007 8:10 AM
**To:** Saffer, Ian L.

**Subject:** CIF v. Agere

Ian,

Please find attached Motorola's Response to Agere's Second Subpoena.  Please let me know when you may be available early next week to discuss this response.


Best regards,

Mike Stolarski
Intellectual Property Attorney
**Brinks Hofer Gilson & Lione**
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
312.222.8106 - Direct
312.321.4299 - Fax
mstolarski@usebrinks.com
www.usebrinks.com

|**Please Note:** This message is intended for the individual or entity named above and may constitute and confidential communication. If you are not the intended recipient, please do not read, copy, use, this message. Please notify the sender by replying to this message, and then delete the message fr system. Thank you.|

# **EXHIBIT C**

JAMES POOLEY (CA SBN 58041)
L. SCOTT OLIVER (CA SBN 174824)
DIANA LUO (CA SBN 233712)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
JPooley@mofo.com
SOliver@mofo.com
DLuo@mofo.com

Attorneys for Third-Party
BROADCOM CORPORATION

### UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING,<br><br>Plaintiff,<br><br>v.<br><br>AGERE SYSTEMS, INC.,<br><br>Defendant. | Case No.   07-170-JJF<br><br>**THIRD-PARTY BROADCOM CORPORATION'S OBJECTIONS TO AGERE SYSTEMS, INC.'S SUBPOENA** |

Pursuant to Federal Rules of Civil Procedure 32(d) and 45, Broadcom Corporation ("Broadcom") hereby objects to Agere Systems, Inc's ("Agere") Subpoena to Broadcom in *CIF Licensing, LLC v. Agere Systems, Inc.*, dated August 30, 2007, as follows:

### <u>GENERAL OBJECTIONS</u>

1.       Broadcom objects to the Subpoena on the grounds that it fails to set forth a reasonable date, time, and location for the deposition.  Pursuant to the parties' agreement, counsel for Agere shall contact counsel for Broadcom regarding any depositions, only to the extent still necessary, after relevant, non-privileged documents in Broadcom's possession, custody or control have been produced.  Also, the depositions, if any, will take place at a mutually agreed-upon date, time, and location.

OBJECTIONS TO AGERE SYSTEMS, INC.'S SUBPOENA
Case No.  07-170-JJF

1

1    11.    Broadcom objects to any topic or request in the Subpoena to the extent that it seeks

2    confidential or proprietary information, or any Broadcom trade secrets.

3    12.    Broadcom objects to any topic or request in the Subpoena to the extent that it seeks

4    the disclosure or identification of information that is subject to a protective order in any other

5    litigation or subject to an agreement of confidentiality with any third party.

6    13.    Broadcom objects to producing its confidential documents prior to the entry of the

7    protective order in the underlying action.

8    14.    Broadcom objects to Agere's attempt to define "BROADCOM," "ALTOCOM,"

9    "YOU," and "YOUR" so broadly as to render the Notice unduly burdensome.  Broadcom will

10    respond as to itself.

11    15.    Broadcom objects to Agere's attempt to define "DOCUMENT," so broadly as to

12    render the Notice unduly burdensome.

13    16.    Broadcom objects to Agere's attempt to define "Modem Standards" so broadly as

14    to render the Notice unduly burdensome.  Broadcom will respond as to V.34, V.90. and V.92

15    recommendations.

16    Broadcom incorporates each of these General Objections into each of the Specific

17    Objections below, as though set forth fully therein.

18    **SPECIFIC OBJECTIONS**

19    **DEPOSITION TOPIC NO. 1:**

20    This investigation, search and production of documents, as well as the documents

21    themselves, produced by Altocom in response to Attachment B of this subpoena.

22    **OBJECTION TO DEPOSITION TOPIC NO. 1:**

23    Broadcom objects to this topic as vague and ambiguous, particularly as to "this

24    investigation, search and production of documents." Broadcom further objects to this topic to the

25    extent it seeks information neither relevant nor reasonably calculated to lead to the discovery of

26    admissible evidence.  Broadcom further objects to this topic to the extent that it seeks the

27    disclosure or identification of information that is protected by a recognized privilege or other

28    immunity from disclosure, including, but not limited to, the attorney-client and work product

OBJECTIONS TO AGERE SYSTEMS, INC.'S SUBPOENA
Case No.  07-170-JJF

# EXHIBIT D

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

**Michael Stolarski**
Partner
**T** 312.846.5644
**F** 312.277.7685
stolarskim@howrey.com

November 5, 2007

**VIA EMAIL AND FEDERAL EXPRESS**

David E. Sipiora
Partner
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO  80202

> Re:   **Third Party Subpoenas to Motorola, Inc.**
>       **in *CIF Licensing v. Agere System Inc.***
>       **Civil Action No. 1:07-cv-0170 (D.Del.)** ___

Dear David:

I received your letter, dated November 2, 2007, sent via email to me on Friday, as well as a copy of the signed protective order forwarded to me by Ryan Phillips this morning.  I also received your email sent this afternoon.

In response to your letter and email, please be advised that we are proceeding with the copying of the approximately twenty boxes of documents we have in-hand at our offices as you requested last week.  If you receive instructions from GE that they also want a copy of these documents, please advise us accordingly.

With respect to the additional materials that I discussed with you in our conversation last week, we will need to determine whether any of these materials are in any way related to this matter.  These materials were accumulated at different warehouse facilities and are being forwarded to a local facility for our review.  Once we have had an opportunity to review these materials we will be able to advise whether they are in any way responsive to the topics contained in Agere's subpoenas.

As for the email you forwarded to me this morning, we will try to have copies of the documents delivered to your office as soon as possible.  I cannot prevent you from preparing and filing the motion to compel that you threaten in your email.  As I stated to you previously and as we advised Judge Farnan during the conference call we had with him on this subject matter, it is Motorola's intention to comply with Agere's subpoenas, subject to the objections set forth in the responses, in a timely manner.  However, as I also previously advised you, Motorola was not in a position to produce documents responsive to Agere's subpoenas in the absence of a protective order signed by the court.  Since we only today received a copy of the signed protective order by email from your colleague this morning, I was surprised to receive, only one half hour later, your

AMSTERDAM   BRUSSELS   CHICAGO   EAST PALO ALTO   HOUSTON   IRVINE   LONDON   LOS ANGELES
MUNICH   NEW YORK   NORTHERN VIRGINIA   PARIS   SALT LAKE CITY   SAN FRANCISCO   TAIPEI   WASHINGTON, DC

DM_US:20859649_1

David Sipiora
November 5, 2007
Page 2

email threatening to file a motion to compel against Motorola. If you feel that the filing of a motion to compel is warranted under these circumstances, then please be advised that Motorola will also seek appropriate relief from the court for defending such motion, including, among other things, its attorney's fees and costs. Rather than waste both the court's and our time, I suggest that you withdraw the threat set forth in your email this morning.

Very truly yours,

Michael Stolarski

MS/gf

cc: Ryan Phillips (via email)

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US:20859649_1

# **<u>EXHIBIT E</u>**

IP LAW360

**Portfolio Media, Inc.** | 648 Broadway, Suite 200 | New York, NY 10012 | www.law360.com

Phone: +1 212 537 6331 | Fax: +1 212 537 6371 | customerservice@portfoliomedia.com

# Another Term, Another High-Stakes Patent Case

*Wednesday, Oct 24, 2007* --- Patent disputes are qualifying as certworthy in increasing numbers.

In the past two years alone, the U.S. Supreme Court has granted certiorari in patent cases more times than in the first twelve years following the inception of the U.S. Court of Appeals for the Federal Circuit – i.e., the court created by Congress in 1982 to reign in circuit conflicts and bring about doctrinal uniformity in patent law.

The conventional view now is that the Supreme Court is reigning in the Federal Circuit.

During the past two terms, not only has the Supreme Court consistently reversed the Federal Circuit, the reversals have all been unanimous or near-unanimous, never garnering more than a single dissenter.

This trend prompted Judge Gajarsa to remark that "the Federal Circuit is poised to become the 'Ninth Circuit' of the twenty-first century."[1]

So begins the October 2007 Term with yet another certiorari grant in a patent case: Quanta Computer, Inc. v. LG Electronics, Inc. At issue in Quanta is the Federal Circuit's application of the patent exhaustion doctrine, also known as the first-sale doctrine.

This long-standing doctrine provides that an authorized sale of a patented article exhausts the patentee's exclusive rights as to that article insofar as the article embodies the invention. The patentee is therefore precluded from obtaining any further royalties or restrictions on the article.

The Supreme Court has not squarely addressed the exhaustion doctrine since 1942,[2] a year in which the Court decided eleven intellectual property cases (a number not since surpassed).

Sixty-five years later, the Court is revisiting the doctrine – and once again, at a time when heavy attention is focused on intellectual property cases.

In the case at bar, LG owns several patents related to systems and methods for receiving and transmitting data in computer systems. In 2000, LG licensed the right to make, use, and sell microprocessors and chipsets under these patents to industry giant Intel.

That license expressly disclaims any express or implied license for acts of infringement that may occur when a subsequent purchaser of Intel

All Content Copyright 2007, Portfolio Media, Inc.

microprocessors and chipsets combines those Intel components with non-Intel products or components.

The petitioners, several Taiwan-based computer manufacturers, are such downstream purchasers for whom LG intended to retain the right to sue.

It is undisputed that Intel notified the petitioners that they could face an infringement lawsuit by LG for combining Intel products with non-Intel products. The petitioners disregarded the notice, and litigation ensued.

The petitioners argued that LG's license to Intel and Intel's subsequent sale of chips to petitioners exhausted LG's patent rights with respect to those chips.

In a partial summary judgment ruling, the U.S. District Court for the Northern District of California agreed with the petitioners. Judge Claudia Wilken determined that under LG's infringement theory, there could be no reasonable use of Intel's chips that did not infringe LG's patents. As such, Judge Wilken concluded that LG was impermissibly trying to obtain double royalties on the same patents.

The Federal Circuit reversed. The pivotal fact, in the court of appeals' view, was that Intel's sale of chips to the petitioners was "conditional."

Conditional sales – i.e., sales subject to restrictions on the purchaser's right to use or resell the article – do not trigger the first-sale doctrine, the Federal Circuit ruled.

The Supreme Court alluded to such a principle in an opinion dating back more than a century. In Mitchell v. Hawley, the High Court stated that a sale "without any conditions" can exhaust one's patent rights.[3]

Here, the Federal Circuit concluded that Intel's sale of chips to the petitioners was "conditional" due to the disclaimer notice that Intel sent to the petitioners.

U.S. Solicitor General Paul Clement, whose views were sought at the certiorari stage, opined that the Federal Circuit had developed an overly broad reading of what constituted a "conditional" sale.

The Solicitor General (joined by the U.S. Patent and Trademark Office) argued that the Federal Circuit's understanding of "conditional" and "unconditional" sales had deviated from the Supreme Court's teachings.

Those precedents, asserted the government, explain that an unconditional sale simply occurs when a person acquires lawful title to a patented item.

The petitioners no doubt welcomed the General Clement's comments. In recent years, the Supreme Court has routinely invited the Solicitor General's views in patent cases and has ultimately decided those cases in accordance with such advice.

Then again, the Solicitor General may not be in complete lockstep with the petitioners. The government appeared to tiptoe around the merits of one issue: whether the exhaustion doctrine applies to method patents.

On that question, the district court and Federal Circuit were in agreement. Both courts ruled against the petitioners, holding that method claims – as opposed to apparatus claims – are exempt from the exhaustion doctrine. Undeterred, the petitioners continue to assert that LG's method claims were exhausted.

It is unclear what standard, if any, the Solicitor General will ultimately advocate regarding the treatment of method claims. The government's certiorari-stage brief focused on the exhaustion doctrine as applied to the sale of "articles," "items," or "devices," rather than "methods" or "processes."

The Solicitor General did quarrel, however, with the Federal Circuit's holding that method patents are categorically exempt from the first-sale doctrine. To the contrary, the Solicitor General pointed to Supreme Court patent-exhaustion cases that involved method patents.

Whichever way the Court goes, the decision in Quanta should have a profound and lasting impact on patent licensing practices, particularly in the computer technology industry.

According to the petitioners, if the Federal Circuit's ruling stands, then LG's "patents are infringed by every computer in the world, whenever microprocessors and chipsets are combined with generic components such as busses and memory."[4]

The petitioners dramatically warn of "an explosion of infringement suits seeking a second round of royalties from persons who (like petitioners) purchased goods and paid full price for them expecting that the patentee's claims were satisfied."[5]

This is perhaps smart posturing at a time when the judicial (and congressional) pendulum seems to be gravitating towards protecting businesses from what is perceived as rampant abuses and excesses in patent litigation.

Briefing is currently scheduled to be completed by December 28, 2007, meaning that oral argument will take place in early 2008, with a decision likely to be issued in the spring. The computer industry will be watching closely.

--By Eric W. Hagen, McDermott Will & Emery LLP

*Eric W. Hagen, a partner in McDermott's Los Angeles office and a member of the firm's intellectual property, media & technology department, focuses his practice on intellectual property litigation.*

[1] A.J. Gajarsa & L.P. Cogswell, III, The Federal Circuit and the Supreme Court, 55 Am. U. L. Rev. 821, 844 (2006).

[2] United States v. Univis Lens Co., 316 U.S. 241 (1942).

[3] 83 U.S. (16 Wall.) 544, 547 (1873).

[4] Pet. for Cert. at 1.

[5] Id. at 29.

# **<u>EXHIBIT F</u>**

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Denver

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel 303.571.4000
Fax 303.571.4321

ceking@townsend.com

December 19, 2007

*VIA EMAIL*

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Email: mconnelly@mwe.com

Re:    *CIF Licensing, LLC d/b/a GE Licensing v. Agere Systems, Inc.*

Dear Mike:

I write pursuant to Local Rule 7.1.1 to confer regarding an amendment to Agere's Answer and Counterclaims. Specifically, we intend to add patent exhaustion as a defense. The amendment is based on the Motorola-AltoCom patent license agreement, an un-redacted copy of which we just received, and on the Supreme Court's recent grant of certiorari in *Quanta v. LG*, which signals a potential reversal or clarification of existing Federal Circuit precedent in this area.

Please let us know GE's position on Agere's amendment this week. If you wish to discuss this matter, please contact me.

Very truly yours,

Chad E. King /s

Chad E. King

CEK/ppq
cc:    John Shaw
       Phil Rovner
61237716 v1

# **EXHIBIT G**

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

December 20, 2007

**VIA E-MAIL**

Chad King
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Chad:

  This letter is in response to your letter of December 19, 2007 regarding a proposed amendment to Agere's Answer and Counterclaims. In order for us to prepare for your suggested meet-and-confer, it would be helpful if you would first provide us with the proposed amended Answer. Further, to the extent not included in the proposed amended Answer, please identify the previously redacted portion of the referenced "Motorola-AltoCom patent license agreement" under which the claimed defense arises.

           Sincerely,

           Michael W. Connelly

cc:  Counsel of Record for Agere

WDC99 1506146-1.037743.0051

# **<u>EXHIBIT H</u>**

## Bell, Kevin M

| | |
|---|---|
| **From:** | King, Chad E. |
| **Sent:** | Thursday, December 27, 2007 9:34 AM |
| **To:** | Michael W Connelly |
| **Cc:** | Joel M Freed; Edwin H Wheeler; GEvAgere |
| **Subject:** | RE: GE/Agere - Letter attached |

Dear Mike,

I write in response to your letter dated December 20, 2007, in which you request a copy of our proposed amended Answer. Per your request, I have attached to this message a copy of that document.

In your letter, you also request identification of "the previously redacted portion of the referenced 'Motorola-AltoCom patent license agreement' under which the claimed defense arises." Without limiting the grounds on which Agere may argue that GE's patent rights have been exhausted, Agere's position is that the entirety of the agreement between Motorola and Altocom supports Agere's exhaustion defense; until we had possession of the entire, unredacted document, however, we could not evaluate whether Agere had sufficient grounds to assert an exhaustion defense based on the agreement. In particular, the payment terms of section 5 of the agreement (which were previously redacted) support Agere's exhaustion defense. Moreover, additional documents recently produced by Motorola indicate that Motorola itself may have believed that the GE patents were subject to an exhaustion defense, and Agere may rely on admissions in those documents as well.

Discovery (including discovery from third parties) is ongoing, and we continue to review documents received from Motorola; moreover, we still have not received documents requested from AltoCom. Hence, Agere reserves the right to rely on additional grounds (including without limitation additional grounds related to the relationship between Motorola and AltoCom) to support its defense of exhaustion. Nonetheless, we believe that the unredacted Motorola-AltoCom agreement provides sufficient independent grounds to support Agere's motion to amend its Answer to assert a defense of patent exhaustion.

Please provide us with your position on our proposed amended answer this week.

Very truly yours,
Chad

**From:** Michael W Connelly [mailto:mconnelly@mwe.com]
**Sent:** Thursday, December 20, 2007 8:36 PM
**To:** GEvAgere
**Cc:** Joel M Freed; Edwin H Wheeler
**Subject:** GE/Agere - Letter attached

Please see attached.

Michael W. Connelly
McDermott Will & Emery LLP | 600 13th Street, N.W., Washington, D.C. 20005
Main: 202-756-8000 | Direct: 202-756-8037 | Fax: 202-756-8087 | www.mwe.com | mconnelly@mwe.com

# EXHIBIT I

Redacted

---

**From:** King, Chad E.
**Sent:** Thursday, January 10, 2008 9:32 AM
**To:** Michael W Connelly
**Cc:** Joel M Freed; Edwin H Wheeler; Sipiora, David E.; Saffer, Ian L.; John Shaw (jshaw@ycst.com)
**Subject:** RE: GE/Agere - Letter attached

Mike,

I apologize for the delay in getting back to you. We agree to your proposal, subject to that caveat that we understand the term "requires that Agere answer the following interrogatory (no. 43) and request for production (no. 45) completely within ten (10) days" to mean that Agere will reserve the right to supplement its responses to Interrogatory No. 43 and Request for Production No. 45 as provided by Rule 26(e). For example, AltoCom/Broadcom still has not produced any documents in response to Agere's subpoena, and Agere may need to supplement its responses to these discovery requests based on information received later from AltoCom/Broadcom.

Please let me know if you agree with our understanding of your terms. If so, I will ask our local counsel to coordinate with yours to have an appropriate stipulation filed.

Regards,
Chad

---

**From:** Michael W Connelly [mailto:mconnelly@mwe.com]
**Sent:** Wednesday, January 02, 2008 6:42 PM
**To:** King, Chad E.
**Cc:** Joel M Freed; Edwin H Wheeler; GEvAgere
**Subject:** RE: GE/Agere - Letter attached

Chad,

Regarding the proposed Amended Answer, we have considered your request and are prepared to agree to not oppose Agere's Amended Answer provided that the order allowing the Amendment requires that Agere answer the following interrogatory (no. 43) and request for production (no. 45) completely within ten (10) days. We believe that this is an appropriate compromise given the late date of this amendment and the fact that this defense was clearly available when Agere's Answer was originally filed.

Interrogatory No. 43: Identify in detail all facts that support Agere's defense of "patent exhaustion" and identify any documents that Agere claims support that defense and, to the extent those documents constitute license or sale agreements, the portions of such documents that support this defense.

Request For Production No. 45: All documents, including without limitation e-mails and other communications, referring, relating to or supporting Agere's affirmative defense of "patent exhaustion."

Regards,

Mike Connelly


Michael W. Connelly
McDermott Will & Emery LLP | 600 13th Street, N.W., Washington, D.C. 20005
Main: 202-756-8000 | Direct: 202-756-8037 | Fax: 202-756-
8087 | www.mwe.com | mconnelly@mwe.com

-----"King, Chad E." <ceking@townsend.com> wrote: -----

To: "Michael W Connelly" <mconnelly@mwe.com>
From: "King, Chad E." <ceking@townsend.com>
Date: 12/27/2007 11:34AM
cc: "Joel M Freed" <JFreed@mwe.com>, "Edwin H Wheeler" <ewheeler@mwe.com>, "GEvAgere"
<GEvAgere@townsend.com>
Subject: RE: GE/Agere - Letter attached

Dear Mike,

I write in response to your letter dated December 20, 2007, in which you request a copy of our
proposed amended Answer.  Per your request, I have attached to this message a copy of that
document.

In your letter, you also request identification of "the previously redacted portion of the referenced
'Motorola-AltoCom patent license agreement' under which the claimed defense arises."  Without
limiting the grounds on which Agere may argue that GE's patent rights have been exhausted, Agere's
position is that the entirety of the agreement between Motorola and Altocom supports Agere's
exhaustion defense; until we had possession of the entire, unredacted document, however, we could
not evaluate whether Agere had sufficient grounds to assert an exhaustion defense based on
the agreement.  In particular, the payment terms of section 5 of the agreement (which were previously
redacted) support Agere's exhaustion defense.  Moreover, additional documents recently produced by
Motorola indicate that Motorola itself may have believed that the GE patents were subject to an
exhaustion defense, and Agere may rely on admissions in those documents as well.

Discovery (including discovery from third parties) is ongoing, and we continue to review documents
received from Motorola; moreover, we still have not received documents requested from AltoCom.
Hence, Agere reserves the right to rely on additional grounds (including without limitation additional
grounds related to the relationship between Motorola and AltoCom) to support its defense of
exhaustion.  Nonetheless, we believe that the unredacted Motorola-AltoCom agreement provides
sufficient independent grounds to support Agere's motion to amend its Answer to assert a defense of
patent exhaustion.

Please provide us with your position on our proposed amended answer this week.

Very truly yours,
Chad

**From:** Michael W Connelly [mailto:mconnelly@mwe.com]
**Sent:** Thursday, December 20, 2007 8:36 PM
**To:** GEvAgere

# EXHIBIT J

Redacted

---

**From:** King, Chad E.
**Sent:** Monday, January 14, 2008 11:44 AM
**To:** Michael W Connelly
**Cc:** Edwin H Wheeler; Joel M Freed; Sipiora, David E.; Saffer, Ian L.; jshaw@ycst.com
**Subject:** RE: GE/Agere - Letter attached

Mike,

Further to our previous discussions, attached please find a stipulation (and proposed order) regarding the defense of patent exhaustion. In addition to the conditions we discussed previously, we believe that it would be appropriate for GE to respond to limited discovery on this defense after it has received Agere's responses to GE's discovery requests on this defense. Thus, in addition to stipulating that Agere will respond to GE's requests within 10 days, we have added a provision to the effect that GE must respond to analogous requests from Agere 20 days thereafter. We believe this is reasonable and that the Court would allow such discovery. Please let us know your position and any other comments you may have on the stipulation.

Regards,
Chad

---

Chad King
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
Phone: 303.571.4000 | FAX: 303.571.4321
mailto:ceking@townsend.com | http://www.townsend.com

**Offices in:**
**Denver | Palo Alto | San Diego | San Francisco | Seattle | Tokyo | Walnut Creek | Washington D.C.**

This message and any attachments may contain privileged and/or confidential information. If you are not the intended recipient or have received this message in error, any use or distribution is strictly prohibited. Please notify us immediately by return e-mail and delete this message from your computer system. Thank you.

---

**From:** Michael W Connelly [mailto:mconnelly@mwe.com]
**Sent:** Thursday, January 10, 2008 9:55 AM
**To:** King, Chad E.
**Cc:** Sipiora, David E.; Edwin H Wheeler; Saffer, Ian L.; Joel M Freed; jshaw@ycst.com
**Subject:** RE: GE/Agere - Letter attached

1/17/2008

# **<u>EXHIBIT K</u>**

Redacted

**From:** Michael W Connelly [mailto:mconnelly@mwe.com]
**Sent:** Wednesday, January 16, 2008 1:30 PM
**To:** King, Chad E.
**Cc:** Sipiora, David E.; Edwin H Wheeler; Saffer, Ian L.; Joel M Freed
**Subject:** RE: GE/Agere - Response to Sipiora Jan. 10 letter

Chad,

    Thank you for the proposed stipulation. Per my earlier email, we thought there was agreement that Agere would not only respond to the proposed document request but that documents would be produced within 10 days. This needs to be included in paragraph 2 of the stipulation. Paragraph 3 is inappropriate and should be removed. Paragraph 4 should also be removed as it purports to extend all discovery and has no place here. If you could make these changes and send again we will take another look.

Mike

_____
Michael W. Connelly
McDermott Will & Emery LLP | 600 13th Street, N.W., Washington, D.C. 20005
Main: 202-756-8000 | Direct: 202-756-8037 | Fax: 202-756-8087 | www.mwe.com | mconnelly@mwe.com
_____

| | |
|---|---|
| **"King, Chad E." <ceking@townsend.com>** | To "Michael W Connelly" <mconnelly@mwe.com> |
| 01/16/2008 08:37 AM | cc "Joel M Freed" <JFreed@mwe.com>, "Edwin H Wheeler" <ewheeler@mwe.com>, "Sipiora, David E." <desipiora@townsend.com>, "Saffer, Ian L." <ilsaffer@townsend.com> |
| | Subject RE: GE/Agere - Response to Sipiora Jan. 10 letter |

Mike, please see the attached letter. We look forward to your response.

1/17/2008

# EXHIBIT L

**Bell, Kevin M**

| | |
|---|---|
| **From:** | Connelly, Michael [mconnelly@mwe.com] |
| **Sent:** | Tuesday, February 05, 2008 5:17 PM |
| **To:** | King, Chad E.; GEvAgere |
| **Cc:** | Saffer, Ian L.; Sipiora, David E.; 'JSHAW@ycst.com'; 'CStover@ycst.com'; Freed, Joel; Wheeler, Edwin |
| **Subject:** | Re: GE v. Agere - Meet and Confer |

Chad,

    As to the first issue, it is impossible for us to comment on whether or not we would object to a motion before you have provided us with the specifics of your new defense and counterclaim and a copy of the proposed amended Answer. Once we receive this information, we would be happy to give you an answer to your question or to discuss it further over the phone.

    On the second issue, the requested information is on its face dependent on Agere's response to GE's interrogatory no. 43, which has not yet been received. Your request is premature.

    Once we receive this information we would be happy to discuss the issue further, or, if you would like to discuss any of the above we can be available to discuss this week.


Regards,

Mike Connelly




----- Original Message -----
From: King, Chad E. <ceking@townsend.com>
To: Connelly, Michael
Cc: Saffer, Ian L. <ilsaffer@townsend.com>; Sipiora, David E. <desipiora@townsend.com>;
John Shaw <JSHAW@ycst.com>; Chad Stover <CStover@ycst.com>
Sent: Tue Feb 05 15:42:00 2008
Subject: GE v. Agere - Meet and Confer

Dear Mike,

Recently, our prior art investigation revealed a reference that we believe is material to US Patent No. 5,446,758 (the "'758 Patent"). We believe that the inventor on the '758 Patent was aware of this reference and yet failed to disclose it to the USPTO. Accordingly, Agere intends to file a motion for leave to file a Second Amended Answer and Counterclaims to add an additional unenforceability defense and counterclaim with respect to the '758 Patent, based on inequitable conduct during prosecution of the '758 Patent. Please let us know whether GE will object to this motion.

On a separate subject, as you know, Agere recently served on GE a single interrogatory and a single request for production relating to the exhaustion issue. We had discussed including in the prior stipulation relating to exhaustion a timetable for GE to respond to these discovery requests, but GE refused to agree that it would respond to discovery on exhaustion. As a result, Agere intends to file a motion with the court asking it to extend the deadline for written discovery between the parties for the sole purpose of having GE respond to the single interrogatory and the single request for production relating to exhaustion, which requests already have been served on GE. Please let us know as well whether GE will object to this motion.

We plan to file both motions on Friday, so please let us know GE's position on each motion before that time. We are available to meet and confer by telephone. If you would like to speak by phone, please suggest a time that works for you.

Thank you and regards,
Chad

Sent from my GoodLink synchronized handheld (www.good.com)

*************************************************************************************
**************************
IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform
you that any U.S. federal tax advice contained herein (including any attachments), unless
specifically stated otherwise, is not intended or written to be used, and cannot be used,
for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter herein.

_____

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all
attachments are a private communication sent by a law firm and may be confidential or
protected by privilege. If you are not the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of the information contained in or
attached to this message is strictly prohibited.  Please notify the sender of the delivery
error by replying to this message, and then delete it from your system.  Thank you.
*************************************************************************************
**************************

Please visit http://www.mwe.com/ for more information about our Firm.