IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a          )
GE LICENSING,                      )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        C.A. No. 07-170 (JJF)
                                   )
AGERE SYSTEMS INC.,                )
                                   )
            Defendant.             )

**PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
OPPOSITION TO DEFENDANT AGERE SYSTEMS INC.'S MOTION TO
AMEND SCHEDULING ORDER**

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff
CIF Licensing, LLC, d/b/a
GE Licensing*

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated:  February 28, 2008

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   STATEMENT OF FACTS.................................................................................1

III.  ARGUMENT .....................................................................................................2

IV.   CONCLUSION ..................................................................................................3

Plaintiff CIF Licensing, LLC d/b/a/ GE Licensing ("GE Licensing") opposes Defendant Agere Systems Inc.'s ("Agere") Motion to Amend Scheduling Order, which is not necessary and moot in light of the fact GE Licensing filed its responses to Agere's Third Set of Interrogatories (No. 18) and Agere's Second Set of Requests for Documents and Things (No. 70) on February 27, 2008.

## I.    INTRODUCTION

Agere seeks leave of the Court for an extension of the discovery deadline set in Section 3(a) of the Scheduling Order, as modified by the Parties' Joint Stipulation to Extend Time, citing that such extension is necessary to allow GE Licensing to provide responses to Agere's interrogatory and document request regarding Agere's amended affirmative defense of "patent exhaustion". The Court should deny Agere's Motion to Amend Scheduling Order ("Motion") because the proposed amendment is (i) unnecessary and (ii) moot in light of the fact GE Licensing has, as of February 27, 2008, completed and filed its responses to Agere's interrogatory and document request at issue.

## II.    STATEMENT OF FACTS

On September 19, 2007, the Court signed the Parties' Rule 16 Scheduling Order (the "Scheduling Order") (D.I. 32) setting the deadline, found in Section 3(a), for the exchange and completion of contention interrogatories, identification of fact witnesses and document production to be completed by January 31, 2008. On January 22, 2008, the Parties filed a Joint Stipulation to Amend the Answer by Agere (the "Stipulation") (D.I. 50), in which GE Licensing consented to Agere amending its Answer to add the additional affirmative defense of patent exhaustion, provided that Agere "promptly respond to certain discovery requests related to this new affirmative defense." Before Agere had provided any response related to its new affirmative

defense, Agere served GE Licensing on January 23, 2008 with Agere's Third Set of

Interrogatories and Second Set of Requests for Documents and Things (D.I. 52), contents of

which relate solely to the affirmative defense of patent exhaustion.

On February 8, 2008, Agere served GE Licensing the responses to the discovery requests

related to Agere's patent exhaustion defense as the Stipulation required.  On the same day, Agere

filed this Motion.  GE Licensing filed its responses to Agere's Third Set of Interrogatories (No.

18) and Agere's Second Set of Requests for Documents and Things (No. 70) on February 27,

2008 (attached as Exhibits A and B).

## III.    ARGUMENT

Fact discovery in this case does not close until June 1, 2008.  Under the terms of the

existing Scheduling Order, Agere's discovery was timely and GE Licensing has responded as

required.  In fact, on February 7, 2008, GE Licensing informed Agere that GE Licensing would

provide responses.  Agere filed its motion despite this assurance.  As promised, GE Licensing

has now responded to Agere's discovery requests, yet Agere continues to maintain this motion

for reasons that are entirely unclear.  GE Licensing has made repeated attempts to have Agere

withdraw this motion to no success.  There is nothing in the current Scheduling Order that

would require this wasteful exercise, especially in light of the fact that the issue was mooted

before Agere's motion was even filed.

IV.    **CONCLUSION**

For the reasons set forth above, GE Licensing respectfully submits that the Court should

deny Agere's motion for leave to an amended the Scheduling Order.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

Dated:  February 28, 2008
851633

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 28, 2008, the within

document was filed with the Clerk of the Court using CM/ECF; that the document was served on

the following party as indicated; and that the document is available for viewing and downloading

from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on February 28, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | C.A. No. 07-170-JJF |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
RESPONSES TO DEFENDANT AGERE SYSTEMS INC.'S THIRD SET OF
INTERROGATORIES TO PLAINTIFF [NO. 18]**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CIF

Licensing, LLC ("GE Licensing") hereby responds to Defendant Agere Systems Inc.'s

("Agere's") Third Set of Interrogatories.

GE Licensing has not completed its discovery, investigation, research, and trial

preparation. The following responses are based solely on the information that is presently

available and specifically known to GE Licensing. The following responses are provided

without prejudice to GE Licensing's right to produce evidence of any subsequently-discovered

facts. GE Licensing reserves the right to supplement the following responses and to change any

and all responses therein as additional facts are ascertained, analyses are made, legal research is

completed, and contentions are made. Finally, GE Licensing's objections as set forth herein are

made without prejudice to GE Licensing's right to assert any additional or supplemental

objections should GE Licensing discover additional grounds for such objections.

## GENERAL OBJECTIONS

1.    The information contained in these objections and following interrogatory responses are provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of non-privileged facts within the recipient's knowledge that may be relevant or lead to the discovery of relevant information.  These objections and the following interrogatory responses are made without waiving any rights or objections or admitting the authenticity, relevancy, materiality, or admissibility into evidence of the subject matter or facts contained in any interrogatory or GE Licensing's response thereto.  Furthermore, GE Licensing specifically reserves the right to object to the uses of such responses, or the subject matter thereof, on any ground in any further proceeding in this action as well as the right to object on any ground at any time in response to a demand or request by Agere, except to the extent those instructions and definitions specifically conform to the requirements of the Federal Rules of Civil Procedure and the applicable case law developed thereunder.

2.    The following interrogatory responses are based upon current knowledge and information that has been collected and reviewed for the purpose of responding to the propounded discovery.  GE Licensing objects to the interrogatories that prematurely call for GE Licensing's contentions at this early stage of the litigation.  However, given the Court's Scheduling Order, GE Licensing will answer such interrogatories based upon current knowledge and information, and reserves the right to supplement or change its responses in the event that it obtains additional or different information.

3.    GE Licensing objects to the interrogatories to the extent they seek information that is not relevant to the issues in this litigation or are not reasonably calculated to lead to the discovery of relevant and admissible information.

4.    GE Licensing objects to the interrogatories to the extent they are unreasonably vague, overly broad, repetitious, unduly burdensome, or purport to require the disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure or the Court's Local Rules.

5.    GE Licensing objects to the interrogatories to the extent that they impose requirements beyond those set out in the Federal Rules of Civil Procedure, including, but not limited to, requiring GE Licensing to provide information not in its possession, custody, or control, to seek information about persons not currently employed or associated with GE Licensing or to provide or seek information regarding third parties. In responding to each interrogatory, GE Licensing will respond by providing information as may be required and proper under the Federal Rules of Civil Procedure.

6.    GE Licensing objects to the interrogatories to the extent that they seek information unrelated to the subject matter, claims, and issues raised by this action. Any fortuitous production of information not related to the issues raised by this action shall not waive this objection.

7.    No incidental or implied admissions are intended by the responses herein. The fact that GE Licensing has answered or objected to any interrogatory should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that GE Licensing has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by GE Licensing of any part or any objection to any interrogatory.

8.    GE Licensing objects to the interrogatories to the extent they call for information containing confidential information of GE Licensing or third parties, including trade secrets,

3

research and development, or commercial information entitled to be kept confidential under Federal Rule of Civil Procedure 26(c). GE Licensing will provide such information, to the extent it is responsive, not privileged, and not covered by another objection on an attorneys'-eyes-only basis per the Stipulated Protective Order.

9.    GE Licensing objects to the interrogatories to the extent that they call for the disclosure of information that GE Licensing regards as being subject to the attorney-client privilege, as constituting attorney work product, or as being otherwise legally protected from discovery. GE Licensing further objects to any requirement to identify any privileged information obtained after the filing of this lawsuit. Such information is clearly privileged, and it is unduly burdensome to require the inclusion of such information in any privilege log. The inadvertent production of any privileged information shall not signify any intent by GE Licensing to waive any applicable privileges.

10.    GE Licensing objects to the interrogatories on the basis of the foregoing General Objections and such other additional specific objections as have been set forth herein below. GE Licensing does not waive any General Objection to a specific interrogatory unless a response to a specific request explicitly states "all General Objections are waived."

11.    GE Licensing objects to Agere's definition (A) to the extent it defines "Document" beyond what is permitted by the Federal Rules of Civil Procedure.

12.    GE Licensing objects to Agere's definition (F) to the extent it defines "Patents-in-Suit" as anything more than U.S. Patent Nos. 5,048,054; 5,446,758; 6,198,776 and 5,428,641.

13.    GE Licensing objects to Agere's definition (H) of "Prior Art" as vague and ambiguous as it relates to "plausible argument" as part of the definition.

4

Subject to the foregoing General Objections and without waiving any of them, GE Licensing responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 18

To the extent GE contends that its rights to the patents-in-suit are not exhausted either on the grounds set forth in Agere's response to GE's Interrogatory No. 43 or otherwise, identify in detail all facts that support GE's position and identify any documents, by section and subsection if applicable, that GE claims support that position.

### RESPONSE TO INTERROGATORY 18

As recited in Agere's Motion to file its (First) Amended Answer, GE Licensing agreed to not contest entry of Agere's (First) Amended Answer on the condition that Agere would provide, by February 8, (i) detailed and complete responses to GE Licensing's Interrogatory No. 43 and Request For Production No. 45; and (ii) production of all responsive documents. Agere's response to Interrogatory No. 43 does not comply. It provides nothing more than a bare claim of patent exhaustion, citing with insufficient explanation to documents that had already been produced prior to the (First) Amended Answer being filed. Further, many of the documents cited under Fed. R. Civ. P. 33(d) appear to have no relation to the asserted defense, relating to events that occurred far prior to January 31, 2001. Therefore, in addition to the General Objections, GE Licensing objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Indeed, the interrogatory is incapable of response as it requests GE Licensing's position in opposition to an as yet unexplained, but promised, basis for the amended defense of patent exhaustion. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. Without waiving the stated objections, GE Licensing responds as follows:

5

To the extent Agere has described its claimed defense of patent exhaustion, GE Licensing denies that the asserted patents were exhausted by the January 31, 2001 Patent Cross License agreement between Motorola, Inc. and Altocom, Inc., or otherwise. GE Licensing further denies that the license grant of §4.2 was unconditional and without limitation. GE Licensing also denies that the documents referenced by Agere support a defense of patent exhaustion, including those documents cited under Fed. R. Civ. P. 33(d) which relate to events prior to January 31, 2001.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC   20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery
3150 Porter Drive
Palo Alto, CA   94304-1212
(650) 813-5000

Dated: February 27, 2008

By: _____
Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, Delaware   19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 27, 2008, true and

correct copies of the within document were served on the following counsel of record at the

addresses and in the manner indicated:

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com
cstover@ycst.com

**BY E-MAIL**

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com


Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| AGERE SYSTEMS INC., | ) ) ) |
| Defendant. | ) |

C.A. No. 07-170-JJF

**JURY TRIAL DEMANDED**

**PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
RESPONSE TO DEFENDANT AGERE SYSTEMS INC.'S SECOND SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO PLAINTIFF (NO. 70)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, CIF Licensing, LLC ("GE Licensing") hereby responds to Defendant Agere Systems Inc.'s ("Agere's") Second Set of Requests for Documents and Things to Plaintiff (No. 70).

GE Licensing has not completed its discovery, investigation, research, and trial preparation. The following response are based solely on the information that is presently available and specifically known to GE Licensing. The following response are provided without prejudice to GE Licensing's right to produce evidence of any subsequently-discovered facts. GE Licensing reserves the right to supplement the following response and to change any and all response therein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. Finally, GE Licensing's objections as set forth herein are made without prejudice to GE Licensing's right to assert any additional or supplemental objections should GE Licensing discover additional grounds for such objections.

## GENERAL OBJECTIONS

1.    The information contained in these objections and following discovery response are provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of non-privileged facts within the recipient's knowledge that may be relevant or lead to the discovery of relevant information.  These objections and the following discovery response are made without waiving any rights or objections or admitting the authenticity, relevancy, materiality, or admissibility into evidence of the subject matter or facts contained in any discovery request or GE Licensing's response thereto.  Furthermore, GE Licensing specifically reserves the right to object to the uses of such response, or the subject matter thereof, on any ground in any further proceeding in this action as well as the right to object on any ground at any time in response to a demand or request by Agere, except to the extent those instructions and definitions specifically conform to the requirements of the Federal Rules of Civil Procedure and the applicable case law developed thereunder.

2.    The following discovery response are based upon current knowledge and information that has been collected and reviewed for the purpose of responding to the propounded discovery.  GE Licensing reserves the right to supplement or change its discovery response in the event that it obtains additional or different information.  Furthermore, if a discovery response states that documents will be produced, it does not mean that any responsive documents necessarily exist.

3.    GE Licensing objects to the discovery requests to the extent they seek information that is not relevant to the issues in this litigation or are not reasonably calculated to lead to the discovery of relevant and admissible information.

2

4.     GE Licensing objects to the discovery requests to the extent they are unreasonably vague, overly broad, repetitious, unduly burdensome, or purport to require the disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure or this Court's Local Rules.

5.     GE Licensing objects to the discovery requests to the extent that they impose requirements beyond those set out in the Federal Rules of Civil Procedure, including, but not limited to, requiring GE Licensing to provide information not in its possession, custody, or control, to seek information about persons not currently employed or associated with GE Licensing or to provide or seek information regarding third parties.  In responding to each discovery request, GE Licensing will respond by providing information as may be required and proper under the Federal Rules of Civil Procedure.

6.     GE Licensing objects to the discovery requests to the extent that they seek information unrelated to the subject matter and the issues raised by this action.  Any production of information not related to the issues raised by this action shall not waive this objection.

7.     GE Licensing objects to the discovery requests to the extent that they seek identification, descriptions, and/or production of "all" documents, "all" studies, "all" evaluations, etc., as being overly broad and unduly burdensome.

8.     GE Licensing objects to the discovery requests to the extent they call for the production of documents or information containing confidential information of GE Licensing or third parties, including trade secrets, research and development, or commercial information entitled to be kept confidential under Federal Rule of Civil Procedure 26(c).  GE Licensing will provide such information, to the extent it is responsive, not privileged, and not covered by another objection on an attorneys'-eyes-only basis per the Stipulated Protective Order..

3

9.    GE Licensing objects to the discovery requests to the extent that they call for the disclosure of information that GE Licensing regards as being subject to the attorney-client privilege, as constituting attorney work product, or as being otherwise legally protected from discovery. GE Licensing further objects to any requirement that it identify any privileged documents generated after the filing of this lawsuit. Such material is clearly privileged, and it is unduly burdensome to require the inclusion of such material in any privilege log. The inadvertent production of any privileged information shall not signify any intent by GE Licensing to waive any applicable privileges.

10.    GE Licensing objects to the discovery requests to the extent that they call for the production of documents not in the possession, custody, or control of GE Licensing within the meaning of Federal Rule of Civil Procedure 34.

11.    GE Licensing objects to the discovery requests to the extent that they call for the production of documents or information already in the possession of the Agere, its attorneys, or agents, on the ground that such a request is unduly burdensome.

12.    GE Licensing objects to the discovery requests to the extent that they call for the production of documents or information that is related to subject matter outside of the United States.

13.    GE Licensing objects to the discovery requests to the extent they call for GE Licensing's contentions at this early stage of the litigation. More specifically, claim construction under *Markman* has yet to be determined and GE Licensing has not yet formulated its contentions as to which of its products, if any, are covered by the GE Licensing patents-in-suit. The production of any such documents in response to such requests does not constitute an expression of GE Licensing's position on patent claim coverage of specific products.

14.     GE Licensing objects to the discovery requests on the basis of the foregoing general objections and such other additional specific objections as have been set forth herein below. GE Licensing does not waive any general objection to a specific discovery request unless a response to a specific request explicitly states "all General Objections are waived."

15.     GE Licensing objects to Agere's definition to the extent it defines "Document" beyond what is permitted by the Federal Rules of Civil Procedure.

16.     GE Licensing objects to Agere's definition to the extent it defines "Patents-in-Suit" as anything more than U.S. Patent Nos. 5,048,054; 5,446,758; 6,198,776 and 5,428,641.

17.     GE Licensing objects to Agere's definition of "Prior Art" as vague and ambiguous as it relates to "plausible argument" as part of the definition.

## RESPONSE TO REQUESTS FOR PRODUCTION

**Request for Production No. 70**

All documents, including without limitation e-mails and other communications, referring, relating to or supporting GE's response to Interrogatory No. 18.

**Response to Request for Production No. 70:**

GE Licensing objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  GE Licensing further objects to this request as it seeks documents that are not relevant to the claims of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.  GE Licensing also objects to this request to the extent that it requires production of documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other privilege.

Subject to and without waiving any specific objection stated herein and/or the General Objections which are hereby incorporated by reference, GE Licensing responds as follows:

5

See GE Licensing's response to Interrogatory No. 18. GE Licensing has at this time been unable to identify any further responsive documents.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC   20005-3096
(202) 756-8327

Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, Delaware   19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery
3150 Porter Drive
Palo Alto, CA   94304-1212
(650) 813-5000

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

Dated: February 27, 2008
851409

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 27, 2008, true and

correct copies of the within document were served on the following counsel of record at the

addresses and in the manner indicated:

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com
cstover@ycst.com

**BY E-MAIL**

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com