# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. 07-170 (JJF) |
| AGERE SYSTEMS INC., | ) <br> ) | |
| Defendant. | ) <br> ) | |

### PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
### OPPOSITION TO DEFENDANT AGERE SYSTEMS INC.'S MOTION FOR LEAVE TO
### FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: February 28, 2008

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................... 1

II. STATEMENT OF FACTS ...................................................................... 2

III. ARGUMENT AND AUTHORITIES ...................................................... 2

    A. Legal Standard ............................................................................... 2

    B. Permitting Agere's Unjustifiably Delayed Amendment Would Result In Undue Prejudice To GE Licensing. ............................................... 4

        1. Undue Prejudice Results When A Party Is Precluded From Conducting Discovery ................................................................ 4

        2. Agere Has Unduly Delayed In Filing Its Motion ......................... 5

    C. Agere's Alleged Defense And Counterclaims Has Not Been Pled With Sufficient Particularity And, As Pled, Is Futile ............................. 7

        1. Agere's Proposed Defense and Counterclaim Are Not Pled With Sufficient Particularity. ............................................................. 7

        2. Agere's Proposed Defense and Counterclaim Are Futile. ............. 8

IV. CONCLUSION ...................................................................................... 10

# TABLE OF AUTHORITIES

Page

## Cases

*Adams v. Gould, Inc.,*
    739 F.2d 858 (3d Cir. 1984) .................................................................. 3

*Agere Sys. Guardian Corp. v. Proxim, Inc.,*
    190 F. Supp. 2d 726 (D. Del. 2002)...................................................... 4,7

*Atofina v. Great Lakes Chem. Corp.,*
    441 F.3d 991 (Fed. Cir. 2006) ............................................................... 9

*Burtch v. Dent (In re Circle Y),*
    354 B.R. 349 (Bankr. D. Del. 2006) ...................................................... 3

*Conroy Datsun Ltd. v. Nissan Motor Corp.,*
    506 F. Supp. 1051 (N.D. Ill. 1980) ........................................................ 3

*Cornell & Co. v. Occupational Safety & Health Review Comm'n,*
    573 F.2d 820 (3d Cir. 1978) .................................................................. 5

*Cureton v. NCAA,*
    252 F.3d 267 (3d Cir. 2001) .................................................................. 3

*Digital Control, Inc. v. Charles Mach. Works,*
    437 F.3d 1309 (Fed. Cir. 2006) ............................................................. 8

*Dole v. Arco Chem. Co.,*
    921 F.2d 484 (3d Cir. 1990) .................................................................. 5

*EMC Corp. v. Storage Tech. Corp.,*
    921 F. Supp. 1261 (D. Del. 1996).......................................................... 4, 8

*Enzo Life Sciences, Inc. v. Digene Corp.,*
    270 F. Supp. 2d 484 (D. Del. 2003)........................................................ 5, 9

*Foster v. JLG Indus.,*
    199 Fed. Appx. 90 (3d Cir. 2006), *cert. denied,* 127 S. Ct. 2911 (2007) ...................... 5

*GFI, Inc. v. Franklin Corp.,*
    265 F.3d 1268 (Fed. Cir. 2001) ............................................................. 9

*Glaxo Inc. v. Novopharm Ltd.,*
    52 F.3d 1043 (Fed. Cir. 1995) ............................................................... 9

## TABLE OF AUTHORITIES

Page

*Hebert v. Lisle Corp.*,
   99 F.3d 1109 (Fed. Cir. 1996) ................................................................ 8, 9

*Indemnity Ins. Co. v. Integrated Health Servs. (In re Integrated Health Servs.)*,
   375 B.R. 730 (D. Del. 2007) ................................................................ 3, 6, 7

*Jones v. United States Postal Service*,
   1991 U.S. Dist. LEXIS 15547 (D. Del. 1991) ................................................ 5

*Lorenz v. CSX Corp.*,
   1 F.3d 1406 (3d Cir. 1993) ................................................................ 2

*Manville Sales Corp. v. Paramount Sys., Inc.*,
   917 F.2d 544 (Fed. Cir. 1990) ................................................................ 9

*McLaughlin v. Diamond State Port Corp.*,
   C.A. No. 03-617 GMS, 2004 U.S. Dist. LEXIS 25513 (Dec. 21, 2004) ....................... 2

*Mylan Pharms., Inc. v. Kremers Urban Dev. Co.*,
   C.A. No. 02-1628 GMS, 2003 U.S. Dist. LEXIS 20665 (Nov. 14, 2003) ................ 4, 8

*Rolo v. City Investing Co. Liquidating Trust*,
   155 F.3d 644 (3d Cir. 1998) ................................................................ 3, 4

*Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington*,
   646 F. Supp. 118 (D. Del 1986) ................................................................ 4

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*,
   742 F.2d 786 (3d Cir. 1984) ................................................................ 4

*Valentin v. Phila. Gas Works*,
   128 Fed. Appx. 284 (3d Cir. 2005) ................................................................ 5

### Rules

Fed. R. Civ. P. 9(b) ................................................................ 4, 8

Fed. R. Civ. P. 15(a) ................................................................ 2, 3, 5

iii

Plaintiff CIF Licensing, LLC d/b/a/ GE Licensing ("GE Licensing") opposes Defendant Agere Systems Inc.'s ("Agere") motion, which is nothing more than a last-ditch attempt by Agere to concoct any kind of defense to GE Licensing's allegations. Agere does so now through belated and vague assertions of inequitable conduct regarding a reference that was cited in the text of U.S. Patent No. 5,446,758 ("the '758 patent") itself and in Agere's possession since at least early 2007. A proposed order denying Agere's motion is attached as Exhibit A.

## I.   INTRODUCTION

Agere seeks leave of the Court to amend its Answer and Counterclaims for the second time, in order to add a new defense and counterclaim against GE Licensing for inequitable conduct related to the '758 patent. This Court should deny Agere's last-minute Motion to Amend ("Motion") because the proposed amendment would unduly prejudice GE Licensing, is inexcusably late, has been pled using conclusory allegations that fail to satisfy the particularity requirements for inequitable conduct allegations, and would be futile even taken on its best merits.

Of particular importance is that if Agere is permitted to amend its Answer and Counterclaims, GE Licensing will be significantly prejudiced as Agere has also taken the position that, despite its belated attempt to amend its answer and counterclaims, GE Licensing is precluded from serving any additional written discovery requests as of January 1, 2008 (thirty days prior to the January 31st date set forth in Section 3(a) of the Scheduling Order). GE disagrees with Agere's position on written discovery. However, Agere's inexcusable delay in asserting its inequitable conduct claim until well after it contends it is subject to any written discovery from GE concerning the claim is clearly prejudicial to GE.

GE Licensing has already consented once to a tardy request from Agere to amend its Answer, to add its defense of "exhaustion," which appears to be simply a restatement of Agere's meritless "license" defense. Now Agere seeks to interject a claim of inequitable conduct based on a reference cited in the text of the `758 patent itself, a reference authored by Agere's corporate predecessor AT&T, when Agere has had the `758 patent in its possession since at least March 23, 2007. For these and the reasons set forth below, Agere's Motion should be denied.

## II.    STATEMENT OF FACTS

GE Licensing commenced this action on March 23, 2007, asserting infringement by several of Agere's modem products of U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776 (the "Asserted Patents"). The `758 patent discloses and discusses a reference entitled "ISI coder-Combined coding and precoding" at col. 3, line 54 through col. 4, line 3, further identifying the reference as "AT&T Contribution to EIA-TR 30.1, Baltimore, Md., June 1993" (hereafter, the "AT&T Contribution").

## III.    ARGUMENT AND AUTHORITIES

### A.    Legal Standard

Although leave to amend is liberally granted under FED. R. CIV. P. 15(a), it is within the discretion of the court to deny leave where the Court finds (i) that a party will be substantially or unduly prejudiced; (ii) the existence of "bad faith or dilatory motives"; (iii) "truly undue or unexplained delay"; (iv) futility of the amendment; or, in cases where previous amendments have been allowed, (v) "failures to cure the deficiency by amendments previously allowed." *McLaughlin v. Diamond State Port Corp.*, C.A. No. 03-617 GMS, 2004 U.S. Dist. LEXIS 25513, at *6 (D. Del. Dec. 21, 2004) (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993)).

Substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend. *Cureton v. NCAA*, 252 F.3d 267, 274-273 (3d Cir. 2001). Specifically, the Court is to examine whether "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.* The filing of amendments shortly before the close of discovery supports a finding of substantial or undue prejudice. *See Burtch v. Dent (In re Circle Y)*, 354 B.R. 349, 360 (Bankr. D. Del. 2006) (citing with approval *Conroy Datsun Ltd. v. Nissan Motor Corp.*, 506 F. Supp. 1051, 1054 (N.D. Ill. 1980) (denying motion to amend filed "ten days before the close of discovery")).

"[T]he question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 274 (finding no "reasonable explanation" for overlooking the delay where it was apparent the only reason was the moving party's "misplaced confidence" in its original legal theories) (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984)). Delay may become "undue when a movant has had previous opportunities to amend a complaint." *Id.* at 273; see also *Lorenz*, 1 F.3d at 1414 (denying motion to amend where prior opportunities to amend existed); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998) (rejecting proposed second amended complaint where plaintiffs were repleading facts that could have been pled earlier). Specifically, "if the requested amendment is based upon facts known to the plaintiff at the time the previous complaint was amended, the amendment is disfavored." *Indemnity Ins. Co. v. Integrated Health Servs. (In re Integrated Health Servs.)*, 375 B.R. 730, 736 (D. Del. 2007) (denying motion to amend where facts were known to movant prior to filing of previous amended answer).

An amendment is futile for purposes of Rule 15(a) if, "accepting all the well pleaded facts as true, the amended complaint fails to state a claim upon which relief may be granted."

3

*Mylan Pharms., Inc. v. Kremers Urban Dev. Co.*, C.A. No. 02-1628 GMS, 2003 U.S. Dist. LEXIS 20665, at *6 (D. Del. Nov. 14, 2003). To do this, "the court should apply the same standards as are applied to Rule 12(b)(6) motions to dismiss." *Id.* at *6-*7 (citing *Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington*, 646 F. Supp. 118, 120 (D. Del 1986)).

Even if leave to amend is appropriate, "in pleading an inequitable conduct claim, a party cannot merely rely on vague allegations that broadly recite the elements of fraud, but instead must either specify the time, place, and content of any alleged misrepresentations made to the PTO or otherwise 'give the defendant[] notice of the precise misconduct alleged.'" *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 734 (D. Del. 2002) (quoting *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1264 (D. Del. 1996) and citing *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786 (3d Cir. 1984)); *see also Rolo v. City Investing Co.*, 155 F.3d 644, 658 (3d Cir. 1998) (a party claiming fraud must "inject[] precision and some measure of substantiation into their allegations of fraud"). Further, Federal Rule of Civil Procedure 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

### B.    Permitting Agere's Unjustifiably Delayed Amendment Would Result In Undue Prejudice To GE Licensing

#### 1.    Undue Prejudice Results When A Party Is Precluded From Conducting Discovery

On February 7, 2008, GE Licensing served supplementary interrogatories and document requests on Agere. Agere has taken the position that it need not respond to these requests based on Agere's assertion that they are untimely. GE Licensing will be seeking intervention of the Court in this matter in a separate motion to compel. However, Agere's position is that no further discovery (written or document) is possible in this case, including any discovery related to the new defense and counterclaim that it seeks to add in its proposed Second Amended Answer.

While leave to amend "shall be freely given when justice so requires", Fed. R. Civ. P. 15(a) does not grant *carte blanche* authority to a party to amend whenever and howsoever it pleases. The Third Circuit has held that "prejudice to the nonmoving party is the touchstone for the denial of the amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 826 (3d Cir. 1978) (finding an abuse of discretion for allowance of an amended pleading that caused undue prejudice). Third Circuit courts have regularly denied amendments to prevent prejudice. *See, e.g., Foster v. JLG Indus.*, 199 Fed. Appx. 90, 92 (3d Cir. 2006), *cert. denied*, 127 S. Ct. 2911 (2007); *Valentin v. Phila. Gas Works*, 128 Fed. Appx. 284, 287 (3d Cir. 2005); *Jones v. United States Postal Service*, Civ.A. No. 89-399 – CMW, 1991 U.S. Dist. LEXIS 15547, at *12 (D. Del. Oct. 2, 1991).

A party can show prejudice if it is "deprived of the opportunity to present facts or evidence." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990). Such would be the case if Agere were allowed to both (i) amend its answer and counterclaims using conclusory and generalized statements and (ii) maintain its position that no further written or document discovery is allowed.

If Agere is now permitted to amend its Answer without GE Licensing being able to gather evidence that shows the complete lack of merit in the proposed defense and counterclaim, undue prejudice would result. Therefore, Agere's motion should be denied.

### 2.    Agere Has Unduly Delayed In Filing Its Motion

Nothing in the proposed Second Amended Answer and Counterclaims relies on facts only recently available to Agere.[1] Even under the liberal Rule 15 standard, denial of a motion to

---

[1] In its Motion, Agere recognizes that leave to amend to add a defense may be granted if "the basis for the defense is a new legal theory based on a new set of facts previously unavailable to the party." (Agere Motion ¶ 4 (citing *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d

amend is appropriate where the facts were known prior to the filing of both (i) the original

Answer and (ii) the First Amended Answer. *See Indemnity Ins. Co.*, 375 B.R. at 736 (denying

motion to amend where facts were known to movant prior to filing of previous amended answer).

First, the document in question, the AT&T Contribution, was "found" by Agere <u>in the</u>

<u>text of the asserted `758 patent itself</u>. Agere was aware of this patent at least as early as March

23, 2007, the date it was served with the complaint in this case. On June 13, 2007, Agere served

its Answer and Counterclaims, which included "Unenforceability" as both an affirmative defense

and a counterclaim but made no mention of the AT&T Contribution. Agere claims in its Motion

to have "discovered" this reference on or before January 15, 2008.[2] Taken at face value, such a

statement would appear to indicate that Agere and its expert, Dr. Steven Tretter, failed to actually

read the `758 patent prior to this time. This is clearly not the case, as on January 16, 2008, Agere

served supplemental responses to certain of GE Licensing's interrogatories which included

preliminary invalidity contentions. Agere's invalidity contentions include the AT&T

Contribution as Ex. 5A (labeled "Laroia"). Agere then issued second supplemental invalidity

contentions on February 8, 2008, the same date its Motion was filed and, by Agere's own

admission, over three weeks since it claims its expert, Dr. Tretter, "discovered" the AT&T

reference in the text of the patent. Again, this reference was included in Agere's invalidity

contentions. Therefore, it is clear that Agere has had this reference in its possession and

analyzed for some time, and clearly from a time before it filed its first amended answer.

Agere could easily have included this defense and counterclaim in its June 13, 2007

Answer or could have proposed it for inclusion in its January 17, 2008 First Amended Answer

---

484, 487-89 (D. Del. 2003)).) Agere has utterly failed to abide by its own standard – all of the "new" facts were available to Agere more than eight months ago when it filed its Answer.
[2] Agere's Motion actually states "January 15, 2007," but it is believed that Agere meant "2008."

(which was filed even after the date Agere claims it "discovered" its own document). *See Indemnity Ins. Co.*, 375 B.R. at 736 (finding that "if the requested amendment is based upon facts known to the plaintiff at the time the previous complaint was amended, the amendment is disfavored" and denying movant's motion to amend on that basis).

In sum, the timing of Agere's motion is purely a tactical choice. That the Scheduling Order permits amendment until February 8 does not excuse Agere's unjustified delay in disclosing its inequitable conduct claim and proposing this amendment. Leave to file the Second Amended Complaint should therefore be denied.

**C.    Agere's Alleged Defense And Counterclaims Has Not Been Pled With Sufficient Particularity And, As Pled, Is Futile**

**1.    Agere's Proposed Defense and Counterclaim Are Not Pled With Sufficient Particularity**

Agere's conclusory allegations of inequitable conduct are not pled with sufficient particularity or, for that matter, with any particularity. Agere has entirely failed to state the "time, place, and content" of the misrepresentations. *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 734 (D. Del. 2002) ("in pleading an inequitable conduct claim, a party cannot merely rely on vague allegations that broadly recite the elements of fraud, but instead must either specify the time, place, and content of any alleged misrepresentations made to the PTO or otherwise 'give the defendant[] notice of the precise misconduct alleged.'"). As opposed to the facts in *Agere Sys. Guardian Corp.*, Agere's proposed Second Amended Answer fails to specify any of the time, place and content of its allegation. As stated above, Agere never states <u>what</u> characterizations were not proper or <u>how</u> those characterizations relate to any of the claims of the asserted patents. Agere never even states which patent claims are implicated by its allegations.

7

To prove inequitable conduct, intent to mislead or deceive must be shown. Agere never states who misled or who intended to deceive. "Intent to deceive can not be inferred solely from the fact that information was not disclosed; there must be a factual basis for a finding of deceptive intent." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996)). Agere has failed to include any factual statement beyond the fact the existence of the reference was disclosed to the PTO.

Agere's proposed Second Amended Answer and Counterclaims fails to meet any notion of particularity under Federal Rule of Civil Procedure 9(b), nor can it be said to "'give the [non-movant] notice of the precise misconduct alleged.'" *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1264 (D. Del. 1996).

### 2. Agere's Proposed Defense and Counterclaim Are Futile

As pled in the proposed (second) amended Answer, Agere's "new" defense and counterclaim is nothing more than a collection of conclusory statements. An amendment is futile for purposes of Rule 15(a) if the proposed defense and counterclaim fail to state a claim upon which relief may be granted when all the "well pleaded facts" are accepted as true. *See Mylan Pharms., Inc. v. Kremers Urban Dev. Co.*, C.A. No. 02-1628 GMS, 2003 U.S. Dist. LEXIS 20665, at *6 (D. Del. Nov. 14, 2003).

As discussed above, Agere has failed to provide anything resembling "well pleaded facts". In any case, there are simply no facts stated in Agere's proposed Second Amended Answer and Counterclaims that could support unenforceability of the `758 patent. "A patent may be rendered unenforceable for inequitable conduct if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits materially false information to the PTO during prosecution." *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006). "The party asserting inequitable conduct must prove a

8

threshold level of materiality and intent by clear and convincing evidence." *Id.* In addition, "materiality does not presume intent, which is a separate and essential component of inequitable conduct." *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1274 (Fed. Cir. 2001) (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990)). As such, to establish inequitable conduct based on failure to disclose material information to the PTO, Agere must show by clear and convincing evidence that (i) the alleged nondisclosure occurred; (ii) the nondisclosed information is material; (iii) the knowledge of this information and its materiality is chargeable to the patent applicant; and (iv) the applicant's submission of false information or its failure to disclose this information resulted from an intent to mislead the PTO. *See Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003); *Glaxo Inc. v. Novopharm Ltd.*, 52 F.3d 1043, 1048 (Fed. Cir. 1995).

Agere contends that the patentee failed to "properly" disclose and/or "properly" characterize" the AT&T Contribution. First, there appears to be no question that the patent applicant "disclosed" the AT&T Contribution. The document's title, reference information and publication date are included in the specification. Thus, it would appear that Agere cannot meet the first hurdle of showing that the reference was undisclosed. In addition, Agere never states what characterizations were not proper or how those characterizations relate to any of the claims of the asserted patents. Agere never states who misled or who intended to deceive. It is improper to, as Agere appears to suggest, infer intent "solely from the fact that information was not disclosed..." *Atofina v. Great Lakes Chem. Corp.*, 441 F.3d 991, 1002 (Fed. Cir. 2006) (quoting *Hebert v. Lisle Corp.*, 99 F.3d at 1109). Agere has failed to state even a *prima facie* case for inequitable conduct.

9

## IV.   CONCLUSION

For the reasons set forth above, GE Licensing respectfully submits that the Court should

deny Agere's motion for leave to file an amended answer.  If Agere's motion is granted, GE

Licensing would request that the Court either clarify that the Scheduling Order does not preclude

GE Licensing from propounding written discovery on the newly added defense and counterclaim

or, in the alternative, order the deposition of Dr. Steven Tretter (on whose proposed testimony

Agere strongly bases its motion to amend, *see* Agere Motion ¶¶ 4, 8) on the subject of the

proposed new inequitable conduct claim prior to the close of fact discovery on June 1, 2008.


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated:  February 28, 2008
851639

By: _____
   Richard L. Horwitz (#2246)
   Philip A. Rovner (#3215)
   David E. Moore (#3983)
   Hercules Plaza
   P. O. Box 951
   Wilmington, Delaware 19899
   (302) 984-6000
   rhorwitz@potteranderson.com
   provner@potteranderson.com
   dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on February 28, 2008, the within

document was filed with the Clerk of the Court using CM/ECF; that the document was served on

the following party as indicated; and that the document is available for viewing and downloading

from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on February 28, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) )<br>) | |
| Plaintiff, | ) )<br>) | |
| v. | )<br>) | C.A. No. 07-170 (JJF) |
| AGERE SYSTEMS INC., | ) )<br>) | |
| Defendant. | ) | |

### ORDER

WHEREAS, Defendant, Agere Systems Inc. ("Agere"), has filed a Motion for Leave to

File Second Amended Answer and Counterclaims; and the Court having considered the

respective papers submitted by Plaintiff, CIF Licensing, LLC ("GE Licensing"), and Defendant

in support of, or in opposition to, said motion; and the Court having considered oral argument

of counsel for the respective parties, if any; and the Court having considered the pleadings in

this matter and the current status of the case; and for other good cause having been shown;

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to

Amend is DENIED.

Dated: _____, 2008          _____
                                        UNITED STATES DISTRICT JUDGE