IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>            Plaintiff,<br><br>    v.<br><br>AGERE SYSTEMS, INC.,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 07-170-JJF<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE
TO FILE  SECOND AMENDED ANSWER AND COUNTERCLAIMS**

Defendant Agere Systems Inc. ("Agere") respectfully submits this Reply in support if its

Motion for Leave to File Second Amended Answer and Counterclaims ("Motion") (D.I. 56), stating

as follows:

1.      The additional unenforceability defense and counterclaim in Agere's proposed

Second Amended Answer and Counterclaims ("Answer") are well-grounded in fact and law;

accordingly that defense and counterclaim are not futile. Moreover, Agere's Motion is timely, and

Plaintiff CF Licensing, LLC d/b/a GE Licensing ("GE") has not shown that GE will suffer any

cognizable prejudice if Agere's Motion is granted. For these reasons, the Court should grant Agere's

Motion.

2.      Agere did not unduly delay the filing of its Motion. This Court established in its

Scheduling Order (D.I .32) a deadline of February 8, 2008 for filing motions to amend the pleadings.

Agere filed its Motion before this deadline. Moreover, Agere filed its motion within a reasonable

time of learning the factual basis for the unenforceability defense and counterclaim asserted therein.

In its Motion, Agere outlined the facts surrounding Agere's discovery of the material nature of the

"ISI Coder-Combined coding and precoding" reference (the "Reference"). Those facts are undisputed. As stated in Agere's Motion, counsel for Agere first learned of the material nature of the Reference in preparing Agere's invalidity contentions, which were served on January 16, 2008. Less than a month later, after further investigation revealed that the applicant for U.S. Patent 5,446,758 (the "'758 Patent") likely was aware of the material nature of the Reference and yet failed to properly disclose it to the United States Patent and Trademark Office ("USPTO"), Agere filed its Motion. This period, of little more than three weeks, does not represent either undue delay or bad faith.[1]

3.    In Plaintiff CIF Licensing, LLC d/b/a GE Licensing's Opposition to Defendant Agere Systems Inc.'s Motion for Leave to File Second Amended Answer and Counterclaims (GE's "Opposition Brief") (D.I. 61), GE relies upon the fact that Agere "had the '758 Patent in its possession since at least March 23, 2007." Opposition Brief at 2. This reliance, however, disregards the fact that mere possession of the '758 Patent could not covey to Agere the materiality of the Reference; it was not January, 2008, when Agere's consultant, Dr. Tretter, evaluated the Reference in light of the '758 Patent's claims, that the materiality of that Reference became evident – it is this materiality, not the existence of the Reference itself, on which Agere's proposed defense is based.

4.    While it is true, as GE asserts, that Agere discovered the material nature of Reference prior to filing its first Amended Answer on January 22, 2008, Agere's negotiation with GE over the first Amended Answer had been ongoing since mid-December, 2007, long before Agere learned of

---

[1]    In its Motion, Agere cited two cases on timeliness of motions to amend, *Martek BioSciences Corp. v. Nutrinova Inc.*, No. 03-896, 2005 U.S. Dist. LEXIS 14315 (D. Del. Jul. 19, 2005), and *Pharmastem Therapeutics, Inc. v. Viacell*, No. 02-148, 2003 WL 1475067 (D. Del. Mar. 14, 2003) without including the electronic reporter citations. The full citations are included here for the Court's convenience.

the material nature of the Reference. Moreover, as of January 22, 2008, Agere had not concluded its investigation into whether the applicant for the '758 Patent had properly disclosed the Reference, so Agere had not developed grounds for asserting the proposed unenforceability defense. Agere should not be penalized for undertaking diligent investigation prior to filing its Motion.

5.    Furthermore, GE fails to establish that it will suffer any prejudice by virtue of the Court's granting the Motion. The only possible prejudice even alleged by GE is the missed opportunity to take written discovery from Agere on the proposed defense. While it is true that the period for written and document discovery has ended as between the parties (but not as to third parties), all evidence relating to the instance of inequitable conduct is either in the possession of GE or its predecessor-in-interest, Motorola Corporation ("Motorola"). This is a Motorola patent purchased by GE for purposes of suing third parties. Agere has no documentary evidence of any kind relating to the alleged act of inequitable conduct (other than the publicly available file wrapper for the patent and the reference itself -- which has been provided during discovery) and, notably, GE does not allege otherwise. With respect to Motorola, a third party in this action, both written and testimonial discovery remains open. Hence, there is absolutely no basis for GE's claim of prejudice. It either possesses the relevant evidence or can obtain it, informally or formally through discovery, from Motorola.[2]

---

[2]    In its conclusion, GE's Opposition Brief requests that the Court, if it grants Agere's Motion, "either clarify that the Scheduling Order does not preclude GE Licensing from propounding written discovery on the newly added defense and counterclaim or, in the alternative, order the deposition of Dr. Steven Tretter . . . prior to the close of fact discovery on June 1, 2008." Opposition Brief at 10. Dr. Tretter has not provided any expert report in this case and has not been designated as an expert by Agere under Rule 26. He remains a consultant, within the umbrella of the work product doctrine, pending his submission of an expert report during the expert phase of this case. Dr. Tretter's opinions on the materiality of the Reference will be provided to GE during the expert discovery period, in accordance with the Court's Scheduling Order. GE has provided no justification for ordering Dr. Tretter's deposition outside this period.

6.      Even while claiming it lacks information to evaluate Agere's proposed amendment, GE argues the amendment is futile. GE is wrong. To prove inequitable conduct, a party must show that a nondisclosure or misrepresentation occurred before the USPTO, that the nondisclosure or misrepresentation was material, and that the patent applicant acted with intent to deceive the USPTO. *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.,* 488 F.3d 982, 999 (Fed. Cir. 2007). Agere's Answer alleges facts sufficient to satisfy all three of these requirements. GE contends that the Answer fails to plead these facts with sufficient particularity because the Answer allegedly does not identify the "time, place, and content" of the applicant's misrepresentations. Opposition Brief at 7 (internal quotation marks omitted). This statement is incorrect. Agere's Answer specifically alleges that the applicant for the '758 Patent made a misrepresentation to the USPTO "by identifying, in the written description of the '758 Patent, purported distinctions between the ISI Coder Reference and the invention claimed by the '758 Patent; however, on information and belief, these purported distinctions are not applicable to at least one claim of the '758 Patent." Answer, ¶ 52. Moreover, "[p]leadings that disclose the name of the relevant prior art and disclose the acts of alleged fraud fulfill the requirements of Rule 9(b) . . . . [, which] does not require that the complaint allege the date, time or place of the alleged inequitable conduct, provided the complaint gives the defendants notice of the precise misconduct alleged." *EMC Corp. v. Storage Technology Corp.,* 921 F. Supp 1261, 1263 (D. Del. 1996). Agere's proposed defense and counterclaim, rather than merely reciting the elements of the claim, allege specific misrepresentations and omissions by the applicant. These allegations are sufficient to give GE notice of the alleged misconduct.

7.      GE attempts to argue that Agere's proposed defense would be futile, primarily because the applicant mentioned the Reference in the written description of the '758 Patent. The Reference, however, was not a U.S. patent and likely would not have been readily available for the

USPTO to review. For this reason, the USPTO requires that, in order to be considered, a reference must be cited on a specific form, and a copy of the reference must be provided to the USPTO. *See* 37 C.F.R. § 1.98. GE does not contend that the applicant for the '758 Patent met these requirements; instead GE merely argues, without support, that the mention of the Reference in the written description of the '758 Patent is sufficient. Even if GE's argument had some merit, it would be vitiated by the fact that the patentee's mention of the Reference deceptively distinguished the Reference from the claims of the '758 Patent, misleading the USPTO about the Reference's materiality (which the USPTO could not evaluate objectively without a copy of the Reference).

8.     GE also argues that the proposed Answer has failed to establish the applicant's intent to mislead the USPTO. The Federal Circuit, however, has held that "[t]he high materiality of the withheld prior art coupled with a lack of a credible explanation for the nondisclosure" can indeed support an inference of intent to mislead. *McKesson Info. Solutions, Inc. v. Bridge Medical, Inc.*, 487 F.3d 897, 916 (Fed. Cir. 2007) (internal quotation marks omitted). The record evidences no such explanation, and GE does not contest the highly material nature of the reference.

9.     GE has not established that Agere's proposed Answer is the product of undue delay or that the Answer would be futile. Nor has GE established that it would suffer any cognizable prejudice if the Motion is granted. Agere respectfully submits, therefore, that the Motion should be granted.

WHEREFORE, Agere respectfully requests that the Court grant Agere's Motion.

YOUNG CONAWAY STARGATT & TAYLOR LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Chad S.C. Stover (No. 4919)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
(302) 571-6600
jcastellano@ycst.com
*Attorneys for Defendant Agere Systems, Inc.*

OF COUNSEL:
David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND
AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
(303) 571-4000

Dated:  February 29, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on February 29, 2008, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

>           Richard L. Horwitz, Esquire
>           Philip A. Rovner, Esquire
>           David E. Moore, Esquire
>           Potter Anderson & Corroon LLP
>           1313 N. Market Street
>           Wilmington, DE 19801

I further certify that on February 29, 2008, I caused a copy of the foregoing document to

be served by hand delivery on the above-listed counsel of record and on the following non-

registered participants in the manner indicated:

### BY E-MAIL

>           Joel E. Freed, Esquire
>           Brian E. Ferguson, Esquire
>           Mark A. Davis, Esquire
>           D. Sean Trainor
>           McDermott Will & Emery LLP
>           600 13th Street, N.W.
>           Washington, DC 20005
>           jfreed@mwe.com
>           bferguson@mwe.com
>           madavis@mwe.com
>           dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Attorneys for Agere Systems Inc.