## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170 (JJF) |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
## MOTION TO COMPEL PRODUCTION AND RESPONSES FROM
## DEFENDANT AGERE SYSTEMS INC.

Plaintiff CIF Licensing. LLC, d/b/a GE Licensing, LLC ("GE Licensing") brings this motion to compel the production of certain documents from Agere Systems Inc. ("Agere") and to compel Agere to respond to certain discovery requests. Agere (i) has refused to comply with the January 22, 2008 stipulated order entered by this Court; and (ii) is refusing to respond to GE Licensing's timely supplemental interrogatory and document requests related to damages.

1.      To prevent this Court from hearing GE Licensing's prior motion to compel (D.I. 44), Agere agreed to produce financial records related to the Agere Products under a stipulation signed by the parties on January 17, 2008 (D.I. 49), and ordered by this Court on January 22, 2008 (Ex. A hereto). That order also explicitly provided that Agere will not oppose on the basis of timeliness a motion to compel for "financial records related to modem sales for each and every product specifically enumerated in GE Licensing's revised definition of 'Agere Products'. . ." The ordered production was to be completed by January 31, 2008 (later extended to February 8, 2008 by agreement of the parties).

2.    The January 22, 2008 order of the Court (D.I. 49) specifically required Agere to

produce certain interrogatory responses and documents, including:

> "financial records related to modem sales for each and every product
> specifically enumerated in GE Licensing's revised definition of "Agere
> Products" set out in the Motion To Compel.  If GE Licensing requests
> financial records for additional, specifically enumerated products, Agere
> will make good faith efforts to reach agreement on such production and its
> timing." January 22, 2008 Stipulation, ¶2 (D.I. 49) (Ex. A hereto).

Further, Agere specifically agreed to not oppose a motion to compel on grounds of timeliness

should GE Licensing determine the production is "unsatisfactory."

> "Up until March 15, 2008, Agere will not oppose renewal of the Motion
> to Compel on the ground of untimeliness should GE Licensing seek
> production of documents regarding products sold or offered for sale prior
> to March 23, 2001 or should GE Licensing otherwise find the production
> to be unsatisfactory, provided that GE Licensing and Agere will first work
> in good faith until March 1, 2008, to reach agreement on production."
> January 22, 2008 Stipulation, ¶5 (D.I. 49) (Ex. A hereto).

Similarly, Agere agreed to not oppose on grounds of timeliness should GE Licensing determine

Agere's responses to GE Licensing's interrogatories to be "unsatisfactory." January 22, 2008

Stipulation, ¶7 (D.I. 49) (Ex. A hereto).

3.    Agere produced on February 8, 2008 some (but far from all) financial documents.

These included market reports, cost of goods analyses and sales records.  It is undisputed that the

production is incomplete to the extent it does not cover all the accused products nor the entire

period from 2001 to present (as previously agreed by the parties).  Despite making a partial

production of these documents, Agere now appears to contend that it did not believe such

documents to be included within the understanding set forth in the January 22, 2008 stipulation.

4.    Given Agere's repeated failure to respond to GE Licensing's good faith attempts

at discussing the issues and scope of discovery, and given Agere's haphazard approach to

production, GE Licensing issued supplemental interrogatory request no. 44 (GE Licensing's

2

Third Set of Interrogatories, attached hereto as Exhibit B) and requests for production nos. 46-61 (GE Licensing's Third Set of Requests for Production, attached hereto as Exhibit C) on February 7, 2008. These document requests and interrogatory set forth GE Licensing's understanding of the specific financial documents that were to be provided under the January 22, 2008 Stipulation. In short, while phrased as new requests, the requested documents should have been produced under the stipulated order entered on January 22, 2008.

5.     On February 19, 2008, the parties held a meet and confer on the issue of whether Agere would respond to GE Licensing interrogatory no. 44 and document request nos. 46-61. Agere took the position in this meet and confer that all document requests had to have been issued such that they could be responded to by February 8, 2008. Agere further confirmed during the February 19, 2008 meet and confer that its February 8, 2008 production did not contain all the documents requested in GE Licensing interrogatory no. 44 and document request nos. 46-61.

6.     On March 10, 2008, Agere provided responses to GE Licensing interrogatory no. 44 and document request nos. 46-61, refusing to respond solely on the basis of timeliness. GE Licensing's interrogatory no. 44 and document request nos. 46-61 are timely and within the fact discovery period set by this Court under the Scheduling Order. The outstanding requests from GE Licensing were timely issued and, even if they were not intended to further memorialize the agreement of the parties on the scope of the January 22, 2008 order, present reasonable and relevant follow-up discovery. *See Cherry Line, S.A. v. Muma Serv.*, C.A. No. 03-199-JJF, 2006 U.S. Dist. LEXIS 29818 (D. Del. May 8, 2006) (noting that a motion to compel was previously granted on discovery requests issued less than a month prior to the close of fact discovery).

3

7.     Agere's position is contrary to the Scheduling Order as well as its own actions. On January 23, 2008, Agere served a document request and interrogatory request to GE Licensing related to its newly minted exhaustion defense. Despite being "untimely" under Agere's own reckoning, GE Licensing responded to those requests.

8.     Further, Agere waited until the February 8, 2008 deadline to produce over 100,000 documents, which represents over 2/3 of its total production. Agere, claiming that document production is over (except when it needs its own requests answered), is attempting to foreclose proper discovery by timing its production to occur on the last day possible under Section 3(a) of the Scheduling Order. It is a perverse reading of the Scheduling Order that would allow Agere effectively to withhold its production until the last possible date, only to later claim that it is too late to conduct follow-up discovery. Discovery under the Scheduling Order does not close until June 1, 2008. As such, appropriate supplemental discovery requests should be allowed as long as those requests can be completed by June 1, 2008. Under Federal Rule of Civil Procedure 26(a)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..." FED. R. CIV. P. 26(a)(1). As Agere stated in its own Motion to Compel filed in this case, "[i]t is well recognized that the federal rules allow broad and liberal discovery." Agere October 12, 2007 Motion to Compel at 4 (D.I. 36), quoting *Pacini* v. *Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999). Where a party fails to answer an interrogatory or to produce documents, the court may compel production of the requested discovery. FED. R. CIV. P. 37(a)(2). *See, e.g., Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F. Supp. 2d 419 (D. Del. 2007) (granting party's motion to compel discovery).

9.     In light of Agere's admitted failure to produce all financial records and its untenable position that it is unilaterally entitled to determine what it will or will not produce

4

under the January 22, 2008 order, GE Licensing proposes that the most direct solution would be to require Agere to respond to and produce documents responsive to GE Licensing's interrogatory no. 44 and document request nos. 46-61. This would avoid any further confusion about the scope of "financial records" required to be produced and would provide GE with the relevant and discoverable information required to prepare its damages case. Permitting Agere to avoid production of such key documents when there are months left in the discovery schedule would unnecessarily prejudice GE's case.

Wherefore, in view of Agere's prior stipulation, the timeliness of GE Licensing's requests, and for the other foregoing reasons, GE Licensing respectfully requests the Court to order Agere to provide (i) complete and responsive answers to Interrogatory No. 44; and (ii) the documents requested in Document Request Nos. 46-61, to the extent these have not already been produced.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: March 12, 2008
854454

By: _____

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

<u>**CERTIFICATE OF SERVICE**</u>

I, Philip A. Rovner, hereby certify that on March 12, 2008, the within document

was filed with the Clerk of the Court using CM/ECF; that the document was served on the

following party as indicated; and that the document is available for viewing and downloading

from CM/ECF.

<u>**BY HAND DELIVERY AND E-MAIL**</u>

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

I hereby certify that on March 12, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170 (JJF) |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>STIPULATION AND [PROPOSED] ORDER</u>

WHEREAS, Plaintiff CIF Licensing, LLC ("GE Licensing") seeks to have

Defendant Agere Systems, Inc. ("Agere") respond to certain discovery requests.

WHEREAS Agere has objected to certain of GE Licensing's discovery requests

and its definition of "Agere Products" as overbroad and not likely to lead to the discovery of

admissible evidence, and despite a continuing objection to GE Licensing's definition of "Agere

Products," has agreed to production of documents and the supplementation of its interrogatory

answers according to the stipulation set forth below.

WHEREAS, Agere seeks to have GE Licensing withdraw its Motion To Compel

Discovery From Defendant Agere Systems, Inc. ("Motion To Compel") submitted to this Court

on December 19, 2007 (D.I. 44, 45).

NOW, THEREFORE, the parties hereby stipulate and agree, subject to the

approval of the Court, as follows:

1.    GE Licensing's Motion to Compel is withdrawn, but may be renewed in

as provided below.

2.    By January 31, 2008, Agere will produce the financial records related to modem sales for each and every product specifically enumerated in GE Licensing's revised definition of "Agere Products" set out in the Motion To Compel. If GE Licensing requests financial records for additional, specifically enumerated products, Agere will make good faith efforts to reach agreement on such production and its timing.

3.    Apart from financial records related to modem sales, by January 31, 2008, Agere will, subject to good cause shown, complete production of documents for all products, whether or not enumerated, within GE Licensing's revised definition of "Agere Products" set out in the Motion To Compel that were sold or offered for sale after March 23, 2001. If GE Licensing requests production for additionally enumerated products offered for sale prior to March 23, 2001, Agere will make good faith efforts to reach agreement on such production.

4.    By January 31, 2008, Agere will produce a final hierarchical schematic and original design documents for each product specifically enumerated in GE Licensing's revised definition of "Agere Products" set out in the Motion To Compel.

5.    Up until March 15, 2008, Agere will not oppose renewal of the Motion to Compel on the ground of untimeliness should GE Licensing seek production of documents regarding products sold or offered for sale prior to March 23, 2001 or should GE Licensing otherwise find the production to be unsatisfactory, provided that GE Licensing and Agere will first work in good faith until March 1, 2008, to reach agreement on production.

6.    Agere will supplement its answers to interrogatories by January 31, 2008, and in the meantime will work with GE Licensing toward identifying where in the production any such answers can be found, provided that neither party waives its position on whose burden

- 2 -

it is to glean such answers from the production.

    7.  Up until March 15, 2008, Agere will not oppose on the ground of untimeliness renewal by GE Licensing of the Motion to Compel should GE Licensing find Agere's supplemental responses to GE Licensing's interrogatories to be unsatisfactory, provided that GE Licensing and Agere will work in good faith until March 1, 2008, to reach agreement on those supplemental responses.

POTTER ANDERSON & CORROON LLP

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Philip A. Rovner
Richard L. Horwitz (No. 2246)
rhorwitz@potteranderson.com
Philip A. Rovner (No. 3215)
provner@potteranderson.com
David E. Moore (No. 3983)
dmoore@potteranderson.com
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000

- and -

Joel E. Freed
Brian E. Ferguson
Mark A. Davis
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304

*Attorneys for CIF Licensing, LLC*

/s/ Chad S. C. Stover
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

- and -

David E. Sipiora
Ian L. Saffer
Chad E. King
Townsend and Townsend and Crew, LLP
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
303-571-4000

*Attorneys for Agere Systems Inc.*

SO ORDERED this *22* day of January, 2008.

*[signature]*
United States District Judge

843339

- 4 -

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 07-170-JJF |
| AGERE SYSTEMS INC., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

### PLAINTIFF CIF LICENSING, LLC'S THIRD SET OF INTERROGATORIES TO DEFENDANT AGERE SYSTEMS, INC. (NOS. 43-44)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CIF Licensing, LLC, d/b/a GE Licensing ("GE Licensing") hereby directs the following interrogatories to Defendant Agere Systems, Inc. ("Agere"). These interrogatories are to be answered fully and separately, in writing, and under oath by an officer or agent of Agere authorized to give answers on its behalf. Answers to these interrogatories must be served at the offices of McDermott Will & Emery LLP, 600 13th Street, N.W., Washington, D.C. 20005-3096, 30 days after service hereof, as prescribed by Rule 33, except as to Interrogatory No. 43 which was previously served and, by agreement of the parties, is to be responded to by February 8, 2008.

### DEFINITIONS

GE Licensing hereby incorporates the definitions set forth in *Plaintiff CIF Licensing LLC's First Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 1-30)* and *Plaintiff CIF Licensing LLC's Second Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 31-42)*

and with the following additional definition and previously revised definition of "Agere Products."

11.    "Agere Product(s)" shall mean any analog modem compliant with ITU-T recommendation V.34, V.90, V.92 (including any hardware modem, soft-modem or modem chip set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A2, SV92A3/MDC1.5 Soft Modem, SV92A35, Montblanc Family, SV92P, SV92PL, SV92P2, SV92PP/PCI Soft Modem, Olympia Family, SV92U2/USB 2.0 Soft Modem, SV92EX, CVxx family (including but not limited to CV92, CV92L, CV90L, CV34 and CV34L), OCM-34, OCM-90, OCM-92, OCM-92E, Apollo Family, Mars Family, Luna Family, L56DAS, L56DASI, L56LAS, L56LASI, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF, L56XT, Venus Family, DSP1641B, DSP1641C, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648, DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D, DP2S, DP3, DP2LV34D, DP2Vxx family (including but not limited to DP2V34DX and DP2V90DX), APL43, PCI Controllerless Modem Family, DSP1648, DSP1648C, LU97, Scorpio, CSP1037, CSP1037B, CSP1034x family (including but not limited to CSP1034C, CSP1034AH and CSP1034S), CSP1035A, CSP1038, CSP1040, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components.

16.    The term "Interrogatory" refers to Plaintiff CIF Licensing LLC's First and Second Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 1-42).

## INSTRUCTIONS

GE Licensing hereby incorporates the instructions set forth in *Plaintiff CIF Licensing LLC's First Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 1-30) and Plaintiff CIF Licensing LLC's Second Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 31-42).*

## INTERROGATORIES

## INTERROGATORY NO. 43

Identify in detail all facts that support Agere's defense of "patent exhaustion" and identify any documents that Agere claims support that defense and, to the extent those documents constitute license or sale agreements, the portions of such documents that support this defense.

## INTERROGATORY NO. 44

For each of the Agere Products, identify (i) the total number of units sold in the United States for each year since 1999, (ii) the gross revenue generated per unit, (iii) the net revenue per unit, (iv) the cost of sales per unit, and (v) net profit per unit.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Richard L. Horwitz (#2246)
Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery
3150 Porter Drive
Palo Alto, CA  94304-1212
(650) 813-5000

Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, Delaware  19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

Dated February 7, 2008
847271

- 3 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 7, 2008, true and

correct copies of the within document were served on the following counsel of record at the

addresses and in the manner indicated:

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com
cstover@ycst.com

**BY E-MAIL**

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>    Plaintiff,<br><br>    v.<br><br>AGERE SYSTEMS INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-170-JJF<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF CIF LICENSING, LLC'S THIRD SET OF REQUESTS TO DEFENDANT AGERE SYSTEMS INC. FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (NOS. 45-61)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff CIF Licensing, LLC, d/b/a GE Licensing ("GE Licensing") directs the following requests for production to Defendant Agere Systems Inc. ("Agere") and requests that Agere respond to these requests, and produce all responsive documents for inspection and copying, within thirty (30) days after service, except as to Request No. 45 which, by agreement of the parties, is to be responded to and responsive documents provided by February 8, 2008.

## DEFINITIONS AND INSTRUCTIONS

GE Licensing hereby incorporates by reference the Definitions and Instructions from *Plaintiff CIF Licensing LLC's First and Second Sets of Requests for Production of Documents and Tangible Things to Defendant Agere Systems Inc.* and *Plaintiff CIF Licensing LLC's Third Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 43-44).*

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 45

All documents, including without limitation e-mails and other communications, referring, relating to or supporting Agere's affirmative defense of "patent exhaustion."

## REQUEST FOR PRODUCTION NO. 46

Documents sufficient to show the manufacture, use, offer for sale, or sale within the United States, and importation into the United States of each of the Agere Products.

## REQUEST FOR PRODUCTION NO. 47

All documents relating to AGERE's communications with third parties regarding this lawsuit or the patents-in-suit, including but not limited to AGERE's communications with its actual and potential customers regarding this lawsuit or the patents-in-suit.

## REQUEST FOR PRODUCTION NO. 48

All licenses, negotiations, and/or agreements that pertain to patents related to analog modems, and all documents referring or relating to such licenses, negotiations, or agreements.

## REQUEST FOR PRODUCTION NO. 49

All licenses, negotiations, and/or agreements that permit Agere to make, use, or sell any of the Agere Products, and all documents referring or relating to such licenses, negotiations, or agreements.

## REQUEST FOR PRODUCTION NO. 50

All licenses, negotiations, and/or agreements granting rights to third parties to use patents or any other intellectual property, in which Agere or its predecessors had an ownership or other interest, to make, use, or sell analog modems.

- 2 -

**REQUEST FOR PRODUCTION NO. 51**

Documents relating to Agere's policies and procedures for the protection and licensing of patents or other intellectual property to or from other parties.

**REQUEST FOR PRODUCTION NO. 52**

Documents relating to non-infringing alternatives or substitutes for the proprietary technologies of the patents-in-suit.

**REQUEST FOR PRODUCTION NO. 53**

All documents relating to Agere's efforts to market and sell any of the Agere Products, including, but not limited to, branding plans, marketing plans, business plans, sales plans, marketing budgets, sales budgets, sales forecasts, meeting minutes, or consultant reports.

**REQUEST FOR PRODUCTION NO. 54**

All market studies, reports, analyses or other documents relating to product design, competition, market segments, market share, or market revenue (whether actual or projected) relating to any of the Agere Products.

**REQUEST FOR PRODUCTION NO. 55**

All documents that refer or relate to Agere's projected and actual financial performance for the Agere Products or the business unit responsible for the Agere Products, including, but not limited to, Agere's past, present or future market share, all competitive analyses, press releases, financial reports, financial performance analyses, product line profit and loss statements, business plans, and similar documents.

**REQUEST FOR PRODUCTION NO. 56**

All documents relating to the sale and distribution of any of the Agere Products, including, but not limited to manufacturing, production and overhead costs, marketing and selling expenses,

general and administrative expenses, research and development expenses and any other finance-related expenses..

## REQUEST FOR PRODUCTION NO. 57

Documents sufficient to establish the selling price and gross margins of each of the Agere Products, by quarter, or any other period by which Agere keeps its records.

## REQUEST FOR PRODUCTION NO. 58

Product catalogs or prices lists including any of the Agere Products, and documents relating to the establishment of prices for the Agere Products, including pricing policies or guidelines.

## REQUEST FOR PRODUCTION NO. 59

Documents sufficient to show Agere's actual quarterly and annual gross revenue, gross profit, incremental profit, and net profit from the sales or licensing of each of the Agere Products.

## REQUEST FOR PRODUCTION NO. 60

Documents sufficient to show Agere's projected quarterly and annual gross revenue, gross profit, and net profit from Agere's projected sales or licensing of each of the Agere Products.

## REQUEST FOR PRODUCTION NO. 61

All documents that Agere contends are relevant to the amount of damages to which GE would be entitled if the patent-in-suit is found to be valid, enforceable, and infringed by any of the Agere Products.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Richard L. Horwitz (#2246)

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC   20005-3096
(202) 756-8327

Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, Delaware   19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery
3150 Porter Drive
Palo Alto, CA   94304-1212
(650) 813-5000

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

Dated February 7, 2008
847272

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 7, 2008, true and

correct copies of the within document were served on the following counsel of record at the

addresses and in the manner indicated:

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com
cstover@ycst.com

**BY E-MAIL**

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170 (JJF) |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

### RULE 7.1.1 STATEMENT

Pursuant to Rule 7.1.1 of the Local Rules of the United States District Court for the

District of Delaware, I hereby certify that counsel for CIF Licensing, LLC has made reasonable

effort to reach agreement with counsel for Agere Systems, Inc. on the matters set forth in GE

Licensing's Motion to Compel Discovery, and that the parties were unable to reach a

compromise as described in the Motion.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: March 12, 2008
854478

By: _____
Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a | ) | |
| GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170 (JJF) |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

WHEREAS, Plaintiff, CIF Licensing, LLC ("GE Licensing") has filed a Motion to Compel Discovery; and the Court having considered the respective papers submitted by Plaintiff and Defendant, Agere Systems, Inc. ("Agere"), in support of, or in opposition to, said motion; and the Court having considered oral argument of counsel for the respective parties, if any; and the Court having considered the pleadings in this matter and the current status of the case; and for other good cause having been shown;

NOW THEREFORE, IT IS HEREBY ORDERED that Agere:

1.     Within ten (10) days, provide complete and responsive answers to GE Licensing Interrogatory No. 44 and Document Request Nos. 46-61.

2.     Within ten (10) days, provide the documents requested in GE Licensing Document Request Nos. 46-61.


Dated: _____ _____, 2008          _____

UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AGERE SYSTEMS INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-170 (JJF) |

## NOTICE OF MOTION TO COMPEL PRODUCTION AND RESPONSES FROM DEFENDANT AGERE SYSTEMS INC.

PLEASE TAKE NOTICE that Plaintiff CIF Licensing, LLC d/b/a GE Licensing will

present Plaintiff's Motion to Compel Production and Responses from Defendant Agere Systems

Inc. to the Court on Friday, April 11, 2008 at 10:00 a.m.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: March 12, 2008
854457

By: _____
Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*