IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-170 (JJF) |
| AGERE SYSTEMS INC., | ) ) ) | |
| Defendant. | ) | |

**NOTICE OF DEPOSITION OF DEFENDANT
AGERE SYSTEMS INC.**

Plaintiff CIF Licensing, LLC, d/b/a GE Licensing ("GE Licensing"), by and through its undersigned counsel, hereby gives notice that it will take the deposition(s) by oral testimony of Defendant Agere Systems Inc. ("Agere"), pursuant to Federal Rule of Civil Procedure 30(b)(6) on the subjects identified in Attachment A. The deposition(s) will be held at the offices of McDermott Will & Emery LLP located at 600 13th Street, N.W., Washington, D.C. 20005-3096 on April 4, 2008, beginning at 9:00 AM or at some other such date, time, and place as mutually agreed upon by counsel for the parties, and continue from day to day until completed. The deposition(s) will be conducted before an officer, notary public, or other person duly authorized to administer oaths, and will be recorded by stenographic, audio, video, and/or real-time transcription (*e.g.*, LiveNote) means. The examination will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure. Definitions applicable to the deposition topics follow.

Agere is reminded of its obligation to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning the matters identified in

Attachment A.

You are invited to attend and cross-examine.

                              POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: March 12, 2008
854497

By: /s/ Philip A. Rovner
    Richard L. Horwitz (#2246)
    Philip A. Rovner (#3215)
    David E. Moore (#3983)
    Hercules Plaza
    P. O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    provner@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

## ATTACHMENT A

I. **DEFINITIONS**

1. The terms "Agere," "You" or "Defendant" shall mean Defendant Agere Systems Inc., its parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture to which it is a party, or other affiliated entities, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time and including, without limitation, LSI Logic Corp.

2. The terms "CIF Licensing, LLC," "GE Licensing" or "Plaintiff" shall refer to CIF Licensing, LLC, its parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture to which it is a party, or other affiliated entities, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

3. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the deposition inclusive rather than exclusive.

4. The terms "any" or "each" shall be construed to include and encompass "all."

5. The term "date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

6. The terms "document" or "documents" are used in the broadest possible sense and include, without limitation, all originals, copies, drafts, and recordings of any written, typewritten, printed, graphic, electronic, digital or otherwise recorded matter, including forms of information translatable or convertible into a reasonably usable form. "Document" or "documents" include, without limitation, the following items: electronic mail (e-mails); Microsoft PowerPoint slides and/or presentations; Microsoft Excel spreadsheets; Microsoft Word documents; agreements; communications, including intracompany communications;

correspondence; letters; memoranda; records; books; summaries or handwritten notes or other records of personal conversations or interviews; diaries; laboratory notebooks; appointment books; manuscripts, either in final or draft form, whether complete or incomplete and whether published or not; grant or project proposals; forecasts; statistical statements; any and all forms of data; meeting abstracts; slides; graphs; charts; diagrams; maps; blueprints; tables; indices; pictures; audio or visual recordings; tapes; magnetic discs; printed cards; programming instructions; assembly diagrams; schematic diagrams; manuals; films; assay results and reports; charges; accounts; invoices; analytical records; reports, records or summaries of meetings or conferences; reports, records or summaries of consultants; reports, records or summaries of negotiations; brochures, pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projectable images, including transparent overheads or slides; any other document or writing or form of information convertible into a document, including information contained within or accessible by a computer or computer accessory and the underlying documents supporting computer entries.

7. The terms "entity" or "entities" include natural persons, proprietorships, partnerships, firms, private corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the United States or any state or local government), all departments and agencies thereof, and any governmental agencies of any country, political subdivisions, groups, associations, or organizations.

8. The term "identify," when used with respect to any natural person, means that the following information shall be provided; the person's full name; last known home address; last known business address and telephone number; last known title or occupation; and last known employer.

9. The term "identify," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, means that the following information shall be provided: the entity's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity.

10. The terms "GE Patents," "patents-in-suit," or "patents-at-issue" shall refer to United States Patent No. 5,048,054 ("the '054 Patent"), United States Patent No. 5,428,641 ("the '641 Patent"), United States Patent No. 5,446,758 ("the '758 Patent"), and United States Patent No. 6,198,776 (the '776 Patent").

11. "Agere Product(s)" shall mean any analog modem compliant with ITU-T recommendation V.34, V.90, V.92 (including any hardware modem, soft-modem or modem chip set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A1, SV92A2, SV92A3/MDC1.5 Soft Modem, SV92A4, SV92A5, SV92A35, SV92A36, Montblanc Family, SV92P, SV92PL, SV92P2, SV92PP/PCI Soft Modem, Olympia Family, SV92U2/USB 2.0 Soft Modem, SV92U3, SV92U4, SV92U5, SV92U6, SV92EX, CVxx family (including but not limited to CV92, CV92L, CV90L, CV34 and CV34L), HV92, OCM-34, OCM-90, OCM-92, OCM-92E, Apollo Family, Mars Family, Luna Family, L56DMS, L56DAS, L56DASI, L56LAS, L56LASI, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF, L56XT, LU97, CFAX34, CV92, CV92L, CV90L, CV34, CV34L, CFAX34, Venus Family, DSP1641, DSP1641B, DSP1641C, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648, DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D, DP2S, DP3, DP2L34D, DP2L34X, DP2SKGTV, DP2LV34D, DP2Vxx family (including but not limited to DP2V34DX and DP2V90DX), DP3V34X, DPV34X, DPV34DX, DPV90DX, APL43, PCI Controllerless Modem Family, 1648, DSP1648, DSP1648C, LU97, Scorpio,

CSP1037, CSP1037B, CSP1034x family (including but not limited to CSP1034C, CSP1034AH, CSP1034S and CSP1034S-V11), CSP1035A, CSP1038, CSP1040, CSP1040A3, CSP1040A2, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components.

12. A document, thing, or communication "relating to" or "related to" a given subject means all documents and things or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in my way pertinent to that subject.

13. The use of word "the" shall not be construed as limiting the scope of any deposition.

14. The terms "thing" or "things" refer to any tangible object other than a document as defined herein, and includes objects of every kind and nature.

15. Use of the singular is also to be taken to include the plural, and vice-versa.

## II.   TOPICS OF DEPOSITION

1. For each Agere Product, the conception, design, and research and development of the product and the identity, title, and role of each employee or employees primarily responsible for the conception, design, and research and development of the product, including, without limitation, any modifications or patent design-arounds to that design.

2. The design specifications, including the initial objective specifications, Product Requirement Document, so-called product "Paks" and design reviews for each Agere Product.

3. The identification and location of each entity involved in the design, development, testing, assembly, and manufacture of each Agere Product.

4. The blueprint, structure, circuit layout, and electrical characteristics of each Agere Product, including, without limitation, any modifications or patent design-arounds to that blueprint, structure, circuit layout and/or electrical characteristics.

5. The function, design, modifications to and operation of any software (including without limitation source code, drivers, firmware, ROM code or other code) used with or to operate the Agere Products, including without limitation, for each Agere Product, the identification of code required for compliance with ITU-T recommendations V.34 and V.92.

6. The identity, title, and role of each employee or employees primarily responsible for design, programming and testing of the software (including without limitation source code, drivers, firmware, ROM code or other code) used with or to operate the Agere Products.

7. For each Agere Product, the function and operation of the product, including, but not limited to, an analysis (*i.e.*, circuit tracing) of its circuit-level schematics and descriptions of its datasheets.

8. For each Agere Product, the testing of the product, including without limitation the testing of compliance with ITU-T recommendations V.34 and V.92 and the testing of the code identified in No. 5 above, and the identity, title, and role of each employee or employees primarily responsible for such testing.

9. All facts related to the manufacture of each Agere Product.

10. The final release date(s) (*i.e.*, commercial availability) of each Agere Product.

11. Knowledge, review, and evaluation of the GE Patents, any foreign counterparts of such patents, and the patent applications therefor, including, without limitation, Agere's first awareness of these patent applications and/or the patent that issued based upon these applications.

12. The testing and/or analysis conducted by Agere or anyone else to determine whether or not any of Agere Product infringes any of the GE Patents.

13. All facts that support or otherwise relate to the meanings attributed by the trade or industry to claim terms of the GE Patents.

14. All facts that relate to Agere's understanding of ITU-T recommendations V.34, V.90, and V.92.

15. For each Agere Product, all facts related to the product's compliance with ITU-T recommendations V.34, V.90, and V.92, and Agere's activities directed at making the product compliant with ITU-T recommendations, including, without limitation, the conception, design, testing, and research and development of the product.

16. The testing and/or analysis conducted by Agere or anyone else to determine the relationship between ITU-T recommendations V.34, V.90, and V.92 and any of the GE Patents.

17. All facts that support or otherwise relate to the meanings attributed by the trade or industry to ITU-T recommendations V.34, V.90, and V.92.

18. All facts that relate to second-sourcing of any Agere Product with any other product manufactured by Agere's competitors.

19. Instructions by Agere to its customers regarding the use, operation, and applications for each Agere Product.

20. The intent and/or purpose for the datasheets, Product Requirement Document, product "Pak", "MRI" project database and programmer's reference manual of each Agere Product.

21. The identity, title, and role of each employee or employees primarily responsible for drafting of product literature, including, but not limited to, datasheets and application notes regarding each Agere Product.

22. The drafting, revisions, final release, and contents of the datasheets for each Agere Product.

23. The comparison between any Agere Product and any products of other companies, including, but not limited to, comparisons with products of Motorola, the original holder of the GE Patents.

24. All facts related to Agere's knowledge, review, evaluation, and testing of any products of Motorola.

25. The identification of and information related to any communication between Agere and Motorola regarding patent infringement or licensing agreement involving modem technology, including, without limitation, the GE Patents.

26. Agere's procedures and facilities for generating, maintaining, and disposing of records.

27. The accuracy and completeness of all technical documents produced by Agere to date, including, without limitation, schematics.

28. The identification, manner, and place of retention of all technical documents descriptive of each Agere Product.

29. The identity of person(s) most knowledgeable regarding sales and revenue related to each Agere Product.

30. Total sales and revenue to date for each Agere Product made, sold, or used in the United States or imported into the United States, including, but not limited to, the amount and prices at which each Agere Product has sold and is currently selling.

31. Total revenues for each Agere Product, on at least a quarterly basis, including the identity of each customer, quantity sold to that customer, and date of transaction.

32. The identification of and information related to the profitability of each Agere Product.

33. The identification of and information related to the acts of Agere's personnel and third parties involved in the distribution, marketing and sales, and customer support for each Agere Product.

34. The identity, title, and role of each employee or employees primarily responsible for marketing of each Agere Product.

35. The identity, title, and role of each employee or employees primarily responsible for maintenance of any customer database for each Agere Product.

36. All facts related to Agere's defense based on patent exhaustion and the purported applicability of the "Patent Cross-license Agreement" between Motorola and AltoCom or any other license agreement.

37. All facts related to Agere's "license defense", including, without limitation, those related to any license agreements between Agere and AltoCom and/or Broadcom and between Motorola and AltoCom and/or Broadcom.

38. The identification of and information related to Agere's granting any third party a license to intellectual property rights on technologies related to analog modems, including, without limitation, any technology related to ITU-T recommendation V.34.

39. The identification of and information related to any third party's granting Agere a license to intellectual property rights on technologies related to analog modems, including, without limitation, any technology related to ITU-T recommendation V.34.

40. The identification of and information related to all entities Agere has or had an indemnity agreement with, whether formal or informal and whether or not indemnity notices were sent, regarding technologies related to analog modems, including, without limitation, any technology related to ITU-T recommendation V.34.

- 9 -

41. The identification of and information related to all instances of where indemnity was discussed or sought regarding the GE Patents.

42. All facts related to Agere's defense based on laches, waiver, and/or estoppel.

43. All facts related to any "material prejudice" due to any purported "unreasonable delay" in asserting the GE Patents.

44. All facts related to Agere's defense based on unenforceability of any of the GE Patents.

45. All facts related to Agere's contention that any of the GE Patents is invalid.

46. All facts related to Agere's belief that no Agere Product infringes any of the GE Patents.

47. Each 30(b)(6) designee's background, experience, or other source of knowledge to each topic listed in this attachment, and an identification of other individuals at Agere who may possess substantial knowledge on each topic.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on March 12, 2008, the within document was filed with the Clerk of the Court using CM/ECF; that the document was served on the following party as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on March 12, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com