IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>       Plaintiff,<br><br>   v.<br><br>AGERE SYSTEMS INC.,<br><br>       Defendant. | C.A. No. 07-170-JJF |

**DEFENDANT AGERE SYSTEMS INC.'S RESPONSE TO
PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
MOTION TO COMPEL PRODUCTION AND RESPONSES**

Defendant Agere Systems Inc. ("Agere") hereby responds to Plaintiff CIF Licensing, LLC, d/b/a GE Licensing, LLC's ("GE") Motion to Compel Production and Responses (GE's "Motion") to GE's third set of interrogatories and third set of requests for production, which are directed at obtaining additional damages information from Agere. (D.I. 54). Agere objected to these requests as untimely on March 10, 2008. (D.I. 64). GE's Motion challenges only Agere's timeliness objections and not Agere's other, substantive objections to these requests.

### INTRODUCTION

1.      On the last page of GE's Motion, GE claims that there is some "confusion" regarding the scope of its prior requests for financial records and that the Court should grant GE's Motion to dispel this confusion. This is not accurate. There is no confusion here other than that which GE is now attempting to create. Agere has produced all non-privileged documents, subject to its objections, that are responsive to GE's timely-served discovery requests. By stipulation, GE had until March 15, 2008, to move to compel regarding any deficiency in those responses. GE did not do so. GE still has not done so. There are no deficiencies in Agere's

prior discovery responses, and no challenge to those prior responses is before the Court.

2. The only relief sought in GE's Motion is to compel responses to new discovery requests (one interrogatory and sixteen document requests) that were served on February 7, 2008—one day before the close of document discovery. *See* GE [Proposed] Order submitted with GE's Motion. These were new requests and went beyond GE's prior discovery requests—which is why GE served a new set of requests and did not attempt to rely on prior requests to obtain the desired information. Because these requests are untimely—the responses fell due 29 days after the close of document discovery—Agere has objected to these requests and refused to provide responses. The only issue before the Court in GE's Motion is whether Agere should be compelled to provide responses to these untimely discovery requests. The only "confusion" surrounding this motion relates to GE's attempts to muddy the waters by improperly invoking the parties' prior stipulation and vaguely claiming (incorrectly and without any support) that these new requests somehow were included in GE's prior requests. As explained more fully below, GE's Motion should be denied because its February 7, 2008 discovery requests were untimely and in violation of this Court's order regarding the cut-off date for document discovery in this case.

**FACTUAL BACKGROUND**

3. The discovery cut-off date in this case was set by the Court as January 31, 2008. With the Court's approval, the parties agreed to extend discovery in this case through February 8, 2008, to allow the parties sufficient time to collect and to produce the remainder of their documents. (D.I. 53). On February 8, 2008, each party produced a significant portion of its total production: Agere produced approximately 100,000 pages, which represents a substantial portion of, but not a majority of, Agere's total production, while GE produced roughly 90% of its total

production (approximately 60,000 pages). In addition to this final document production, Agere provided supplemental interrogatory answers. Agere's production contained all documents responsive to GE's timely discovery requests, subject to its objections, including all responsive and non-privileged financial documents.

4.   One day prior to the deadline for completion of written discovery, on February 7, 2008, GE served sixteen new document requests and one new interrogatory. If the requests had been effective, under the Federal Rules the response date for these requests would have been 29 days after the close of fact discovery. Agere subsequently objected to GE's February 7 discovery requests as untimely and this motion followed.

## LEGAL ANALYSIS

5.   GE did not serve its discovery requests in a timely manner. The scheduling order states that "document production...shall be commenced so as to be <u>completed</u> by January 31, 2008," which was modified by agreement and order to February 8, 2008. (D.I. 32 (emphasis added), 53). GE chose to serve the discovery requests on February 7, 2008, the day before the close of discovery. GE attempts to justify the late service by pointing to Agere's one interrogatory and one request for production, served on January 23, 2008. (D.I. 52). GE's Motion, however, does not focus on the nature of these requests, and for good reason—these two requests related solely to the patent exhaustion claims added to the case on January 25, 2008. (D.I. 50, 51). GE also served discovery requests related to the patent exhaustion claims, and Agere fully responded—even though the requests were technically untimely—because the claims were newly added to the case.[1] (D.I. 50). GE's requests at issue here, however, are much

---

[1] To the extent GE is arguing that Agere should have asked permission from the Court to serve these two requests, Agere did. (D.I. 57). GE did not object on timeliness ground, however, and,

Footnote continued on next page

3

different. These requests relate to an issue—damages—that has been in this case since the day the complaint was filed. *See* D.I. 1, Prayer for Relief. GE's Motion makes no effort to explain why it waited until the next to last day of written discovery to serve these requests.

6.  GE has failed to provide any relevant legal support for its actions. GE claims that its discovery requests "were timely issued" and cites the Court's decision in *Cherry Line, S.A. v. Muma Serv., C.A.*, No. 03-199-JJF, 2006 U.S. Dist. LEXIS 29818 (D.Del. May 8, 2006). *See* GE's Motion, ¶ 6. That case is irrelevant to GE's position. The issue to be decided there was whether the case should be dismissed for failure to prosecute, not whether a motion to compel should be granted or whether discovery requests were timely. *Cherry Line*, 2006 U.S. Dist. LEXIS 29818, at *1. Further, the part of the opinion detailing the parties' discovery makes no mention of discovery requests served within a month of the close of discovery. The only discovery requests mentioned in the opinion were served in September of 2005, two months prior to the original deadline for document production. *Id.*, at *2-3. *Cherry Line* is irrelevant to the issue before the Court and, as such, GE has provided no authority for its position that the discovery requests were timely served.

7.  GE also argues that the parties' January 22, 2008 Stipulation (D.I. 49) provides grounds for GE's Motion. This argument plainly lacks merit. The parties' stipulation merely provided that Agere would not object, on timeliness grounds and under certain circumstances, to a renewal of GE's earlier motion to compel. GE's Motion, however, cannot be construed as a renewal of GE's prior motion, but instead is a new motion directed at new discovery requests. As noted above, the only relief sought in GE's Motion is to compel responses to GE's recent,

---

Footnote continued from previous page
accordingly, the motion was withdrawn. (D.I. 63).

tardy discovery.  <u>No relief is sought as to the prior requests that were the subject of the parties' January 22, 2008 Stipulation.</u>

8.      In addition, GE has mischaracterized Agere's position on GE's new, untimely requests.  Specifically, GE states broadly that Agere has not produced all documents responsive to GE's new requests.  This statement appears to be based on GE's interpretation of a Local Rule 7.1.1 conference between the parties.  *See* Motion to Compel, ¶¶ 3, 5.  During this conference, counsel for Agere stated that it had not reviewed the new discovery requests in detail because Agere considered these requests to be untimely.  As Agere had not reviewed the requests, Agere could not state with any certainty whether its document production contains some or all of the information requested in the new discovery requests.  (Agere then formally objected to all of the discovery requests as untimely on March 10, 2008.  (D.I. 64)).[2]  Hence, contrary to GE's assertion, Agere has not admitted that it has failed to produce documents responsive to the new requests—Agere merely has taken the fully-justified position that it need not respond substantively to untimely discovery requests.

9.      Furthermore, responding to GE's untimely discovery requests will impose a significant burden on Agere.  GE has failed to provide any justification for imposing such a burden.  GE has not (because it cannot) argued that any of these new requests pertain to any newly-asserted claims, defenses, or legal theories.  In short, GE has failed to provide any explanation or excuse as to why these requests were served on the eve of the close of discovery, especially given that the requests could have been served at any time during the period for

---

[2] Should the Court order Agere to produce documents, Agere specifically requests that it be ordered to produce subject to Agere's objections, which, other than timeliness, have not been challenged by GE.

written discovery and Agere's document production could have been consolidated into a single effort.

10. The burden of responding to these late requests is significant. GE's new discovery requests are geared toward GE's damages theories and seek significantly more detailed financial information than any of GE's timely discovery requests. GE's late discovery requests will require Agere to review its current production, re-interview its employees, and confirm whether all documents responsive to the new requests have been produced. This substantial exercise, which already has been performed in responding to GE's prior requests, would again force Agere to interrupt its business operations to search for documents and information responsive to GE's requests. If additional documents are found, Agere would have to expend additional time and resources reviewing and producing these documents. Moreover, having produced all documents responsive to GE's timely document requests, Agere has now transitioned into its preparations for depositions, which have a cut-off date just two months away, on June 1, 2008. (D.I. 32, ¶ 3(a)). Agere has already begun preparations for GE's Rule 30(b)(6) deposition of Agere, noticed on March 12, 2008. (D.I. 66). The Court should not allow GE to flout the scheduling order, as well as the parties' agreement on extending discovery to February 8, 2008, by requiring Agere to respond to this untimely discovery.

THEREFORE, for all the foregoing reasons, Agere respectfully requests that the Court deny GE's Motion to Compel Production and Responses to GE's third set of interrogatories and third set of requests for production.

|  | YOUNG, CONAWAY, STARGATT & TAYLOR LLP |
|---|---|
| OF COUNSEL<br>David E. Sipiora<br>Ian L. Saffer<br>Chad E. King<br>TOWNSEND AND TOWNSEND<br>AND CREW LLP<br>1200 17th Street, Suite 2700<br>Denver, CO  80202<br>(303) 571-4000 | /s/ Josy W. Ingersoll<br>Josy W. Ingersoll (No. 1088)<br>John W. Shaw (No. 3362)<br>1000 West Street, 17th Floor<br>Wilmington, DE  19899-0391<br>(302) 571-6600<br>jshaw@ycst.com<br><br>*Attorneys for Defendant Agere Systems Inc* |

Dated:  March 31, 2008

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on March 31, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

I further certify that on March 31, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC  20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
mwheeler@mwe.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.