# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | C.A. No. 07-170 (JJF) |
| AGERE SYSTEMS INC., | )<br>)<br>) | |
| Defendant. | ) | |

## PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S MOTION TO COMPEL PRODUCTION AND RESPONSES FROM DEFENDANT AGERE SYSTEMS INC.

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: April 8, 2008

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

In January, Defendant Agere Systems Inc. ("Agere") made a deal to avoid coming before this Court to challenge Plaintiff CIF Licensing's ("GE Licensing's") first motion to compel, which sought production of, *inter alia*, relevant information vital to the core portions of this case or likely to lead to the discovery of relevant information. Broadly speaking, this includes financial information, technical information, and product-specific information. The parties' January 2008 deal resulted in this Court's January 22, 2008 stipulated order. (D.I. 49, attached as Exhibit A.) Agere is in direct violation of that order and, moreover, has failed to satisfy its basic discovery obligations under the Federal Rules of Civil Procedure. Not only are Agere's discovery responses incomplete and inadequate, but Agere itself continues to hide the ball when it comes to producing documents and information fundamental to the core of this dispute.

GE Licensing has made every effort to reach some accommodation with Agere, to no avail. More specifically, despite numerous letters, e-mails and phone calls, Agere refuses to acknowledge or discuss these deficiencies—even when GE Licensing identifies them in detail, as it does in the attached Appendix A. Thus, GE Licensing finds that it has no other recourse but to seek the Court's assistance in obtaining the relevant information. As shown below, the requests for the missing discovery, though extensive, are very specific, and each of the requested responses or items is highly relevant and responsive to requests served more than seven months ago.

I.    **NATURE AND STAGE OF THE PROCEEDING**

GE Licensing commenced this action on March 23, 2007, asserting infringement by several of Agere's modem products of U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776 (the "Asserted Patents"). GE Licensing served its First and Second Sets of Requests

For Production of Documents and Things and First and Second Sets of Interrogatories ("first and second sets of discovery requests") on Agere on August 17, 2007. On September 17, 2007, Agere served written responses to the first and second sets of discovery requests, but refused to respond to the majority of the document requests and interrogatories based on its objection that GE Licensing's definition of "Agere Products" was too broad[1] and that production could not begin until GE Licensing had served infringement contentions. *See* Exhibits B and C (responses to Document Request Nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44, Sept. 17, 2007) and Exhibits D and E (responses to Interrogatory Nos. 1-13, 16, 17, 19-28, 30, and 40-42, Sept. 17, 2007).

In what has become Agere's habitual course of conduct, Agere ignored GE Licensing's repeated offers to revise its definition of "Agere Products" to address Agere's stated concerns. On November 21, November 30 and December 11, 2007, GE Licensing sent letters to Agere proposing a definition of "Agere Products" that limited the accused products to "analog" modems that complied with one or more of three very specific ITU-T recommendations (V.34, V.90 and/or V.92). (*See* letters attached as Exhibits F-H.)  Finally, on December 19, 2007, GE Licensing filed a motion to compel with this Court.  (D.I. 44.)

To prevent this Court from hearing GE Licensing's December 19 motion to compel (D.I. 44), on January 17, 2008 Agere entered into a stipulation (D.I. 49), which was approved by this Court on January 22, 2008.  (Exhibit A)  In that Court-ordered stipulation, Agere agreed to:

1. produce financial records for each product identified in GE Licensing's revised definition of "Agere Products";

---

[1] GE Licensing's definition of "Agere Products" comprised modems and modem components made by Agere and included (without limitation) 10 specifically-named products. In addition to objecting to the breadth of the definition of Agere Products, Agere also refused to provide <u>any</u> discovery with respect to the ten specifically-named products included in the definition of "Agere Products." *See* Exhibits B-E.

2. produce "documents for all products, whether or not enumerated, within GE Licensing's definition of 'Agere Products' set out in the Motion to Compel that were sold or offered for sale after March 23, 2001"; and

3. make good faith efforts to reach agreement as to the production of documents for additional, specifically enumerated products identified by GE Licensing.

(D.I. 49 at ¶¶ 2-4, attached as Exhibit A.)  The January 22, 2008 order also instructed Agere to supplement its interrogatory responses.  (*Id.* at ¶6.)

On January 25, 2008, GE Licensing requested that Agere confirm that its General Objections to GE Licensing's definition of "Agere Products" were not being applied by Agere to limit its discovery responses.  (Exhibit I.)  On February 8, 2008, Agere responded that it had or would provide "a broad document production, which is not limited to documents pertaining to modems specifically identified by GE."  (Exhibit J.)

Later that day, Agere served supplemental responses to GE Licensing's interrogatories and document requests.  (Exhibits K and L.)  Although Agere's February 8th discovery responses and document production included some relevant information, it in no way satisfied the Court's January 22, 2008 Order.  Large chunks of relevant documents and information remain undisclosed and, in many instances, what information has been provided is incomplete.[2]

Accordingly, GE Licensing respectfully moves the Court, pursuant to Fed. R. Civ. P. 26 and 37, to compel Agere immediately to: (1) provide complete and responsive answers to GE Licensing Interrogatory Nos. 1, 2, 3, 7, 8, 9, 14, 16, 25, 30, 38, and 40; (2) produce all documents responsive to GE Licensing's Request for Production, including specifically Nos. 2, 7-9, 11, 15-17, 23, 27, and 43; and (3) produce the types and categories of documents outlined in the attached Appendix A.

---

[2] *See* Appendix A.

## II.    SUMMARY OF ARGUMENT

Agere is in violation of this Court's January 22, 2008 order and has failed to satisfy even its most basic discovery obligations under the Federal Rules of Civil Procedure.

GE Licensing has made every effort to reach some accommodation with Agere.  Agere's ensuing discovery responses and failure to respond to GE Licensing's subsequent communications frustrate GE Licensing's discovery efforts and fall far short of the Court's instructions.  Thus, GE Licensing finds that it has no other recourse but to seek the Court's assistance in obtaining the relevant information.

## III.    STATEMENT OF FACTS

### A.    Agere Refuses to Comply With the Court-Ordered Scope of Discovery

As described in Section I above, Agere entered into the stipulation that become the January 22, 2008 order of this Court on the eve of GE Licensing's prior motion to compel (D.I. 44) being heard by this Court.  That motion sought production of, *inter alia*, financial, technical, and product-specific information.  Without this relevant information—and subject to Agere's relentless gamesmanship—GE Licensing is unreasonably burdened in its efforts to assert its patent rights.

The record is rife with examples of Agere's disingenuous and evasive behavior.  It was not until Agere faced the prospect of the Court scrutinizing its actions that Agere opened a dialogue.  On January 10, 2008, the parties held a conference call.  David Sipiora's letter to Joel Freed memorializing the discussion reflects Agere's guarantee to produce "responsive documents that pertain to each of the products enumerated in [GE Licensing's] November 30, 2007 letter." (Exhibit M.)  Agere also assured GE Licensing that "as a practical matter, Agere's production set effectively includes responsive documents relating to all of Agere's analog

4

modem products that have been made, used or sold since March 23, 2001." (*Id.*) Given Agere's course of conduct to that point, in order to avoid a hearing on GE Licensing's then-pending motion to compel, GE Licensing insisted that Agere enter into a stipulation (D.I. 49, attached as Exhibit A), which was then approved by the Court on January 22, 2008.

Despite Agere's promises, it is readily apparent that its production is woefully incomplete. Categories of documents are missing, as well as documents responsive to may of GE Licensing's document requests. In addition, Agere has not completely responded to GE Licensing's interrogatories.

GE Licensing has contacted Agere about the incomplete state of its production in an attempt to resolve the matter without troubling the Court. On March 19 and 20, 2008, GE Licensing sent Agere letters detailing the gaps in Agere's discovery responses and identifying further Agere Products for which production was required. (Exhibits N and O.) In typical fashion, after long stretches of silence, Agere has responded with nothing more than vague assurances and seemingly empty promises of forthcoming information. (Exhibit P.) During a meet and confer on April 7, 2008 (scheduled to discuss Agere's deficient response to GE Licensing's 30(b)(6) deposition notice), Agere made another noncommittal promise to provide a "response" to GE Licensing's letters "this week."

IV.    **ARGUMENT**

A.    **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..." FED. R. CIV. P. 26(b)(1). As Agere stated in its Motion to Compel filed in this case, "[i]t is well recognized that the federal rules allow broad and liberal discovery." (D.I. 36) at 4 (quoting

*Pacitti v. Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999)). Where a party fails to answer an interrogatory or to produce documents, the court may compel production of the requested discovery. FED. R. CIV. P. 37(a)(3); *see, e.g., Royal Indemnity Co. v. Pepper Hamilton LLP,* 479 F. Supp. 2d 419 (D. Del. 2007) (granting plaintiff's motion to compel discovery).

**B.    The Discovery Sought Is Responsive, Relevant, and Falls Within the Court's Order**

Agere's discovery responses leave gaps in virtually the entirety of the case, including infringement (*e.g.*, design, development, product, and marking data), damages (*e.g.*, sales, revenue, and financial data), and defenses (*e.g.*, prior litigation and licenses)—which prejudices GE Licensing. In Appendix A attached hereto—which contain the same information as GE Licensing's letters to Agere of March 19 and 20, 2008 (Exhibits N and O)—GE Licensing sets forth the specific interrogatory and production request responses to which Agere has inadequately responded (which include GE Licensing Interrogatory Nos. 1, 2, 3, 7, 8, 9, 14, 16, 25, 30, 38, and 40 and GE Licensing Request for Production Nos. 2, 7-9, 11, 15-17, 23, 27, and 43). GE Licensing also lists in Appendix A the specific documents, files and categories of documents that are missing or incomplete. These include documents related to products that were specifically enumerated in the agreed definition of Agere Products and to custodians that are listed in Agere documents as "key individuals" to the development of the Agere Products.

**V.    CONCLUSION**

Wherefore, in view of Agere's prior stipulation, the timeliness of GE Licensing's requests, and for the other foregoing reasons, GE Licensing respectfully requests the Court to order Agere to: (1) provide complete and responsive answers to GE Licensing Interrogatory Nos. 1, 2, 3, 7, 8, 9, 14, 16, 25, 30, 38, and 40; (2) produce all documents responsive to GE Licensing

Request for Production Nos. 2, 7-9, 11, 15-17, 23, 27, and 43; and (3) produce documents

outlined in Appendix A.


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated:  April 8, 2008
859315

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

7

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 8, 2008, the within document was

filed with the Clerk of the Court using CM/ECF; that the document was served on the following

party as indicated; and that the document is available for viewing and downloading from

CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on April 8, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CIF LICENSING, LLC, d/b/a           )
GE LICENSING,                       )
                                    )
       Plaintiff,               )
                                    )
    v.                          )    C.A. No. 07-170 (JJF)
                                    )
AGERE SYSTEMS INC.,                 )
                                    )
       Defendant.               )

**NOTICE OF MOTION TO COMPEL PRODUCTION AND RESPONSES FROM**
**DEFENDANT AGERE SYSTEMS INC.**

PLEASE TAKE NOTICE that Plaintiff CIF Licensing, LLC d/b/a GE Licensing will

present Plaintiff's Motion to Compel Production and Responses from Defendant Agere Systems

Inc. to the Court on Friday, May 9, 2008 at 10:00 a.m.

                   POTTER ANDERSON & CORROON LLP

OF COUNSEL:

                   By: _____

Joel M. Freed                Richard L. Horwitz (#2246)
Brian E. Ferguson           Philip A. Rovner (#3215)
Michael W. Connelly         David E. Moore (#3983)
McDermott Will & Emery LLP    Hercules Plaza
600 13th Street, N.W.         P. O. Box 951
Washington, DC 20005-3096     Wilmington, Delaware 19899
(202) 756-8000              (302) 984-6000
                      rhorwitz@potteranderson.com
Edwin H. Wheeler           provner@potteranderson.com
McDermott Will & Emery LLP    dmoore@potteranderson.com
3150 Porter Drive
Palo Alto, CA 94304-1212     *Attorneys for Plaintiff*
(650) 813-5000             *CIF Licensing, LLC, d/b/a*
                      *GE Licensing*

Dated: April 8, 2008
858333

# APPENDIX

## Appendix A

## Specific Deficiencies

### *1. Specific Responsive Documents That Are Missing From Production*[3]

*Custodian documents.*

Agere has produced a very limited number of custodians' documents, and only in a haphazard manner (some custodians had their emails collected, others did not). Agere's production appears to omit documents from a number of highly relevant persons and categories of custodian documents, including the following.

a) Email databases. It appears that at least e-mails from a number of highly relevant persons, including Messrs. Vernekar, Rauchwerk, and Russo, have not been produced. Mr. Vernekar is identified in Agere's Response to Interrogatory No. 4 as one of the individuals "most knowledgeable about the structure, design, development, function, and operation of Defendant's modem products." As such, his email would be responsive to at least GE Licensing Request for Production Nos. 4, 6-9, 21, 23, 31, 46 and 56. Agere has produced some of Mr. Rauchwerk's documents (producing a folder entitled "Rauchwerk"), which show that he possesses information (e.g., datasheets, product sheets) related to the analog modems at issue in this case. As such, his email would be responsive to at least GE Licensing's outstanding requests for production. Mr. Russo is identified in Agere's document production as a design engineer for some of the analog modems at issue in this case (in a folder entitled "Russo"). As such, his email would be responsive to at least GE Licensing's outstanding requests for production.

---

[3] *See also* Exhibits N and O.

b) Persons of Knowledge.  GE Licensing has not received electronic or paper production

from several of the persons named by Agere in its interrogatory responses as persons of

knowledge related to the accused products, including:

    i.   Larry Bays (GE Licensing Interrogatory No. 4),

    ii.   Robert Radaker (GE Licensing Interrogatory No. 5),

    iii.   Roger Sellers (GE Licensing Interrogatory No. 5),

    iv.   Bryan Stahley (GE Licensing Interrogatory No. 5), and

    v.   Sanjay Sharma (GE Licensing Interrogatory No. 6).

These documents are relevant and responsive to at least GE Licensing Request for

Production No. 4-9, 13-14, and 16.

c) Key Individuals.  Review of Agere's document production indicates that Agere failed to
search—much less produce—the files of numerous key individuals with respect to
Agere's partnerships, product development, product design, product engineering, product
testing, marketing, and applications.[4]  These include the software designers responsible
for programming the Agere Products and the person (or persons) responsible for
marketing the Agere Products.[5]   These documents would be relevant and responsive to
at least GE Licensing Request for Production Nos. 1, 4, 6-10, 13-21, 23-25, 31-32, 40-42,
46, and 53-54.

*Agere Products.*

      Despite Agere's promises, Agere has yet to produce all documents related to the Agere

Products listed above.  GE Licensing has identified, through its review of the Agere production,

the following sub-categories of missing documents (which likely represent only a portion of

what is missing):

a) Financial Documents.  Agere's production of financial documents is woefully

incomplete.  This issue is related to GE Licensing's pending motion to compel responses

to GE Licensing's Requests for Production Nos. 46-61.  As Agere has admitted in its

---

[4] *See also* Exhibit N at ¶ 18(c).
[5] *See also* Exhibit N at ¶ 18(d).

recent March 31 Response brief, the scope of GE Licensing's prior financial-related

requests encompass "more detailed financial information than previous requests." (Agere

Reply ¶ 10.). Under this theory, the information requested in the later Requests for

Production Nos. 46-61, regardless of the timeliness of those requests, should have been

produced in response to GE Licensing's prior discovery requests (and, therefore, fall

under the January 22, 2008 order.

b) Intranet documents. Various documents stored on Agere's intranet do not appear to have

been produced, including the documents found at:

   i.   http://clas.web.lucent.com/applications/sv92p-pak/;

   ii.  http://clas.agere.com/applications/fieldtest/;

   iii. http://clas.agere.com/applications/soft-release/;

   iv.  http://web.agere.com/~leb/modem_ic_info/chipinfo.htm; and

   v.   http://clas.agere.com/applications/modem.htm.

c) *CV92/CFAX Software Developer's Guide*. Although Agere's document production

contains references to the CV92/CFAX Software Developer's Guide, GE Licensing has

been unable to locate the document itself (*see* October 2006 Skinker presentation).

d) 00-modules.txt. Agere's documents state that this file exists and is a listing of all

modules used in certain Agere Products, including without limitation the OCM (as shown

in the Design Guidelines for OCM V.3).

e) DP2L Programmer's Reference Manual. Agere's documents state that this document

exists and is relevant to implementation of V.34 compliance in the DP2L and DPV

devices.

3

f) Documents from "Ralph," which may be Ralph S. (Spike) Moyer. Ralph authored Arm_Rom_Budget.Doc. As this Ralph appears to have direct knowledge of where compliance with V.34 and v.92 is handled within Agere code, he and his documents are highly relevant.

g) Programmer's reference manual for the DP2S. MRI4129 states that Sam Hoke authored a programmer's reference manual for the DP2S.

h) DP3S Programmer's Reference Manual. Agere's documents indicate that this document was being prepared in May of 2007.

i) Linked files. File 05d08_05delphiAM3A3V2S510=70ati11.xls contains a number of links to documents that do not appear to have been produced.

These documents show the design and development of Agere Products and, therefore, are relevant to infringement. Moreover, they are responsive to at least GE Licensing Request for Production Nos. 1-14, 19, 23-24, 31-32, 44, 46, and 53-60.

*Physical document collection.*

Agere's document production thus far appears to consist entirely of native, electronic documents and, therefore, does not appear to include few physical (*i.e.*, hardcopy) documents, and apparently none from its custodians.

*Marketing materials.*

Agere's production of marketing materials appears to be incomplete. For example, GE Licensing has been unable to locate the Client Solutions line cards found in various forms on the Internet (*e.g.*, http://www.lsi.com/documentation/networking/line_cards/NSPG_LineCard_082907.pdf).

Marketing materials are relevant to infringement, as they show when Agere Products

4

were first sold or offered for sale. Moreover, these documents would be responsive to at least GE Licensing Request for Production No. 19.

*Organizational charts.*

While some organizational charts may be found in Agere's production (*e.g.*, for sales), there do not appear to be any current organizational charts related to product development. Organizational charts showing individuals related to product development are both relevant and likely to lead to the discovery of admissible information. In particular, they would identify potential deposition witnesses who can testify on the development of the accused Agere Products, which is relevant to infringement. Moreover, these documents would be responsive to at least GE Licensing Interrogatory No. 3 and Request for Production Nos. 1 and 4.

*Sales of individual components.*

It is GE Licensing's understanding that Agere sells its products as individual components. However, Exhibit 2 to Agere's responses to GE Licensing's Interrogatory Requests does not appear to include these sales. This information would be relevant to infringement and responsive to at least GE Licensing Interrogatory No. 1.

**2. Interrogatory Responses**[6]

*GE Licensing Interrogatory No. 1*

Interrogatory No. 1 seeks, *inter alia*, the date each Agere Product "was first sold, offered for sale, or marketed." In its latest supplemental response to GE Licensing's interrogatories, dated February 8, 2008, Agere responded to Interrogatory No. 1 primarily by incorporating Exhibit 1 by reference.

Exhibit 1 does not include all "Agere Products" as required under the Court's January 22,

---

[6] *See also* Exhibit N.

2008 stipulated order.[7] Agere did not include several products in Exhibit 1 that are or were, according to Agere's own documents, sold or offered for sale after March 23, 2001 and which are compliant with at least the V.34 recommendation. These products include: MDC1.5 Soft Modem, Montblanc Family, Olympia Family, Maui, Mars5, Pinball/Dorado, Dorado, Hidalgo, Concorde, SVx, Sparta, PC-ROMA, CV-ROMA, Delphi, Athens, Cricket, Haleakala, Parkway, Midas, Condor, Mt. McKinley, DP3FX, Fiji, Peregrine, Bacchus, Yogi, Matterhorn, Samurai, Apollo 3, Cobalt, Siena/Nomad, Siena+, USB 2.0 Soft Modem, L56xAF, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DP2LV34D, DP2LV34X, DP2S, DP3S, DSP1648C, SV92S, SV92A4, DP2P, OCFP, OCMP, CV92A, HV1040, Tiger, Sparrow, Panther, and Eagle.[8] Furthermore, there is only one "Test Chip" listed in Exhibit 1. Agere has not confirmed whether that is the only such "Test Chip" made by Agere.

Further, Exhibit 1 does not contain the requested information for those Agere Products which were included. Although the chart in Exhibit 1 appears to contain a column listing the "Release Date" for the Agere Products' manufacture ("Mfg"), there is no discernable connection between the "Mfg" column and the date of first sale, offer for sale, or marketing of Agere's Products. Moreover, Exhibit 1 lists "Mfg" dates for only eight (8) of the eighty-six (86) entries. (Another eight (8) entries simply state "none" in the "Mfg" column.)[9]

Exhibit 2 proves similarly unsatisfactory.[10] Even notwithstanding the fact that Exhibit 2 was not incorporated by reference into Agere's response to Interrogatory No. 1, Exhibit 2 only

---

[7] The definition for "Agere Products" in that motion was "any analog modem compliant with ITU-T recommendation V.34, V.90, V.92 . . . ."

[8] While it is possible that some of these products are included within the named products found on Exhibit 1, Agere has refused to provide this information as well.

[9] Exhibit 1 also contains columns titled "Spec" and "Mask." Without a definition for these terms, however, the information contained in those columns is meaningless.

[10] In Chad King's February 8, 2008 letter to Michael Connelly, Mr. King stated: "To the extent that a date of first sale of a particular product occurred after March 23, 2001, that information is available in Exhibit 2 to Agere's supplemental responses to GE's interrogatories."

discloses shipping information about the various Agere Products listed. Shipping—while part of the product cycle—is functionally distinct from marketing, offers for sale, and the sale of products. Moreover, Exhibit 2 contains no description or definition for the column headings and entries, many of which are uninformative and confusing. Thus, the information in Exhibit 2 does little, if anything, to satisfy Agere's obligations to provide the requested information.

*GE Licensing Interrogatory No. 2*

Agere states that "Defendant is not aware of licenses to Defendant from" the entities named in its response. However, Agere has failed to identify or produce any patent licenses which cover the Agere Products. Further, Interrogatory No. 2 also requests that Agere identify "any…other agreements" with the named entities. To the extent that Agere has not responded to Interrogatory No. 2 with respect to non-license agreements, its response is incomplete.

Moreover, Exhibit 7 (incorporated by reference to Agere's response to Interrogatory No. 2), contains several flaws and/or omissions which render the information therein usefulness. Specifically, Exhibit 7 uses a number of undefined terms, including "IC Design", "Software", "Fab", "Assy", and "Test" in the "Function" column.

*GE Licensing Interrogatory No. 3*

Agere's response to Interrogatory No. 3 is incomplete to the extent that it (1) fails to identify the persons involved in and knowledgeable about "activities, projects or programs…directed to the design and development of each Agere Product…" and (2) fails to "state precisely where such activities were undertaken."

To the extent that Agere's response to Interrogatory No. 3 incorporates Exhibits 1 and 2 by reference, the deficits identified above with respect to Exhibits 1 and 2 also apply.

*GE Licensing Interrogatory No. 7*

Agere's response to Interrogatory No. 7 incorporates its response to Interrogatory No. 3 (and therefore Exhibits 1 and 2) by reference. To the extent that Agere's response to Interrogatory No. 7 incorporates Exhibits 1 and 2 by reference, the deficits identified above with respect to Exhibits 1 and 2 also apply.

*GE Licensing Interrogatory No. 8*

Agere's response to Interrogatory No. 8 incorporates its response to Interrogatory No. 3 (and therefore Exhibits 1 and 2) by reference. To the extent that Agere's response to Interrogatory No. 8 incorporates Exhibits 1 and 2 by reference, the deficits identified above with respect to Exhibits 1 and 2 also apply.

*GE Licensing Interrogatory No. 9*

Agere's response to Interrogatory No. 9 is incomplete and/or non-responsive to the extent that it fails to identify the quantity produced and revenue data for each Agere Product, component, or product containing same. Moreover, Exhibit 2, incorporated by reference into Agere's response to Interrogatory No. 9, merely contains sales and shipping information. To the extent that Agere's response to Interrogatory No. 9 incorporates Exhibits 1 and 2 by reference, the deficits identified above with respect to Exhibits 1 and 2 also apply.

*GE Licensing Interrogatory No. 14*

Agere's response to Interrogatory No. 14 is non-responsive. Although Agere acknowledges the existence of "statements...by Agere concerning or relating to" one or more GE Patents in its response, it fails to identify "all documents containing or evidencing such statements." The fact that all such statements purportedly took place during negotiations

between Agere and GE Licensing provides Agere no refuge from its obligation to respond to this discovery request in full.

*GE Licensing Interrogatory No. 16*

Agere's response to Interrogatory No. 16 is non-responsive. Although Agere acknowledges that it has taken positions with regard to the GE Patents "in conjunction with negotiations with Plaintiff," it fails to substantively respond in any detail. The fact that Agere's positions with respect to the GE Patents evolved in the context of negotiations with GE provides Agere no refuge from its obligation to respond to this discovery request in full.

*GE Licensing Interrogatory No. 25*

In its February 8, 2008 supplemental responses to GE Licensing's Interrogatories, Agere identifies and incorporates various documents that do not appear to have been produced. Specifically, Agere identifies, "Agere/GE 000113-001036". GE Licensing has been unable to locate documents bearing production numbers Agere/GE 000141-44 or Agere/GE 1036.

*GE Licensing Interrogatory No. 30*

In its February 8, 2008 supplemental responses to GE Licensing's Interrogatories, Agere states that it is attempting to obtain additional documents responsive to Interrogatory No. 30. As of the date of this filing, Agere has produced no such documents.

*GE Licensing Interrogatory No. 37*

Agere has failed to identify or produce any patent or other technology rights licenses which cover the Agere Products. Interrogatory No. 37 clearly seeks the "licenses… purported to be transferred to or from Lucent Technologies Inc. from or to Agere."

*GE Licensing Interrogatory No. 38*

Despite the fact that Interrogatory No. 38 requested that Agere "*[d]escribe in detail* and *identify* any documents relating to communications between Agere and Motorola, Inc., Lucent Technologies Inc., Broadcom Corp. or AltoCom, Inc.," with respect to Motorola, Inc., Broadcom Corp. and AltoCom, Inc., Agere responded by merely stating that "Defendant has produced relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory...." (Emphasis supplied.)

The unspecific and generalized reference to non-enumerated documents renders Agere's response to Interrogatory No. 38 substantially incomplete and/or non-responsive. Moreover, Agere will not confirm whether its production of documents responsive to Interrogatory No. 38 is complete.

*GE Licensing Interrogatory No. 40*

Despite the fact that Interrogatory No. 40—dated September 17, 2007—requested that Agere state whether each Agere Product complied with any of eighteen (18) identified standards or recommendations, Agere responded as to only the V.34 and V.92 recommendations, objecting, inter alia, that "Plaintiff has not even alleged that any of the enumerated standards, other than V.34 and V.92, are covered by any of the GE Patents." (Exhibit K.)

In the spirit of compromise, GE Licensing accepted Agere's proffered response on a trial basis. *See* Letter from M. Connelly to I. Saffer, Jan. 25, 2008. When that compromise proved insufficient, however, GE Licensing requested that Agere supplement its response to Interrogatory No. 40 to include the V.90 standard. Agere has not replied to GE Licensing's request, leading to the inevitable conclusion that it is refusing to provide the information.

Furthermore, compliance information with respect to the L56XT ChipSet is missing. The

fact that GE Licensing is forced to seek assistance of the Court on such a benign request for information borders on ridiculous. GE Licensing's request that Agere provide the missing information and clarify its response has gone unanswered.

### 3. Document Requests[11]

*GE Licensing Request for Production Nos. 7, 8, 9, 11, and 23*

In its responses to Request for Production Nos. 7, 8, 9, 11, and 23, Agere states that it "has produced responsive, non-privileged documents." Agere's responses, however, are incomplete and/or non-responsive to the extent that Agere fails to confirm that it has produced the requested "[d]ocuments... sufficient to identify" the requested information.

*GE Licensing Request for Production Nos. 15, 16, 17, and 27*

In its responses to Request for Production Nos. 15, 16, 17, and 27 Agere states that "no responsive, non-privileged documents exist." However, Request for Production No. 16 requests all documents "relating to *any* plan or attempt by Agere to redesign any Agere Product" and, therefore, is not limited to redesign plans or attempts initiated in an effort to design around patents. (Emphasis added.) Agere's responses, therefore, are incomplete and/or non-responsive to the extent that Agere fails to confirm that the lack of production responsive to GE Licensing Request for Production Nos. 15, 16, 17, and 27 is due to privilege rather than the nonexistence of responsive documents.

*GE Licensing Request for Production No. 40*

Agere has failed to produce any patent or other technology rights licenses which cover the Agere Products. Request for Production No. 40 clearly seeks "All documents... relating to any license of patent rights or transfer of license rights related to any Agere Product." Agere appears to have limited its disclosure to agreements with only the third parties listed in Request

---

[11] *See also* Exhibit N.

for Production No. 40, despite the fact that these entities are listed in a clause beginning "including without limitation." These documents are highly relevant to damages issues in this case.

*GE Licensing Request for Production No. 43*

In its February 8, 2008 supplemental responses to Request for Production No. 43, Agere states that it is "still attempting to obtain additional documents from its prior counsel." Agere has not produced any such documents since.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-170 (JJF) |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |

## RULE 7.1.1 STATEMENT

Pursuant to Rule 7.1.1 of the Local Rules of the United States District Court for the District of Delaware, I hereby certify that counsel for CIF Licensing, LLC has made reasonable effort to reach agreement with counsel for Agere Systems, Inc. on the matters set forth in GE Licensing's Motion to Compel Discovery, and that the parties were unable to reach a compromise as described in the Motion.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: April 8, 2008

By: _____
Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170 (JJF) |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

WHEREAS, Plaintiff, CIF Licensing, LLC ("GE Licensing") has filed a Motion to Compel Discovery; and the Court having considered the respective papers submitted by Plaintiff and Defendant, Agere Systems, Inc. ("Agere"), in support of, or in opposition to, said motion; and the Court having considered oral argument of counsel for the respective parties, if any; and the Court having considered the pleadings in this matter and the current status of the case; and for other good cause having been shown;

NOW THEREFORE, IT IS HEREBY ORDERED that Agere:

1.    Within ten (10) days, provide complete and responsive answers to GE Licensing Interrogatory Nos. 1, 2, 3, 7, 8, 9, 14, 16, 25, 30, 38, and 40;

2.    Within ten (10) days, produce all documents responsive to GE Licensing Request for Production Nos. 2, 7-9, 11, 15-17, 23, 27, and 43; and

3.      Within ten (10) days, produce all documents and categories of documents outlined in Appendix A to Plaintiff GE Licensing's Motion to Compel Discovery, dated April 8, 2008.


Dated: _____, 2008        _____
                                       UNITED STATES DISTRICT JUDGE