IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a )
GE LICENSING, )
                                         )
            Plaintiff, )
                                           )
       v. )       C.A. No. 07-170-JJF
                                           )
AGERE SYSTEMS INC., )
                                           )
            Defendant. )

**DEFENDANT AGERE SYSTEMS INC.'S OPENING BRIEF
IN SUPPORT OF ITS SECOND MOTION TO COMPEL DISCOVERY**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600

-and-

TOWNSEND AND TOWNSEND AND CREW LLP
David Sipiora
Ian L. Saffer
Chad E. King
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
303-571-4000

*Attorneys for Defendant Agere Systems Inc.*

April 14, 2008

                                                    

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT .....................................................................................2

STATEMENT OF FACTS ..........................................................................................3

ARGUMENT ..........................................................................................................6

      I.     Legal Standard .............................................................................6

      II.    The Court Should Order GE Immediately to Provide Responsive and Complete Answers to Agere's Interrogatories Nos. 2, 12 and 17. ................6

      III.   The Court Should Order GE Immediately to Provide Responsive and Complete Answers to Agere's Interrogatories Nos. 1 and 3 and Provide Claim Charts Supporting GE's Contentions. .................................................8

CONCLUSION .......................................................................................................10

TABLE OF AUTHORITIES

**Federal Cases**

*Nike v. Wolverine World-Wide, Inc.,*
    43 F.3d 644, 648 (Fed. Cir. 1994).................................................................. 11

*Pacitti v. Macy's,*
    193 F.3d 766, 777-78 (3d Cir. 1999) ............................................................ 6

*Q-Pharma, Inc. v. Andrew Jergens Co.,*
    360 F.3d 1295, 1300-01 (Fed. Cir. 2004) ..................................................... 10

*Conopco, Inc. v. Warner-Lambert Co.,*
    No. 99-101, 2000 U.S. Dist. LEXIS 1601, at 5-6 (D.N.J. Jan. 26, 2000 .......................... 10

*Royal Indemnity Co. v. Pepper Hamilton LLP,*
    479 F.Supp.2d 419 (D. Del. 2007)................................................................ 6

*S.S. White Burs, Inc. v. Neo-Flo, Inc.*
    No. 02-3656, 2003 U.S. Dist. LEXIS 7718, at *2-3, 7-9 (E.D. Pa. May 2, 2001) ........... 10


**Federal Rules**

Fed R. Civ. P. 26(b) ..................................................................................... 6
Fed. R. Civ. P. 26(e)(1)(A) ........................................................................ 6, 7, 10
Fed. R. Civ. P. 37(a) ..................................................................................... 1
Fed. R. Civ. P. 37(a)(2)(B) ............................................................................ 6


**Other Authorities**

U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, 6,198,776 ................................... 1, 3

## NATURE AND STAGE OF PROCEEDINGS

Agere states that it will file its reply brief for this Motion, if any, by 12 noon on May 2, 2008, in compliance with the Court's standing order on non-dispositive motions.

This is an action for patent infringement brought by CIF Licensing LLC, d/b/a GE Licensing ("GE"), against Agere Systems Inc. ("Agere") for alleged infringement of U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776.

Written discovery closed in this case on February 8, 2008. Despite Agere's requests for cooperation and efforts to negotiate compliance with discovery requirements, GE has not provided complete answers to two interrogatories -- one relating to GE's alleged claims of willful infringement and the other relating to GE's claims for damages. Further, GE has not supplemented its answer to an interrogatory directed at GE's position as to whether Agere is licensed. Finally, GE has failed to provide proper answers to two interrogatories seeking identification of all Agere accused products and has failed to provide claim charts comparing the asserted claims to the accused products.

Accordingly, pursuant to Fed. R. Civ. P. 37(a), Agere respectfully moves the Court to compel GE immediately to:

(1)    provide complete and responsive answers to Agere's Interrogatories Nos. 2 and 12; and

(2)    provide complete supplemental answers to Agere's Interrogatories Nos. 1, 3 and 17, including claim charts mapping the asserted claims to the accused Agere products.

## SUMMARY OF ARGUMENT

1.      Agere seeks answers to Interrogatories Nos. 2 and 12 to determine the basis for GE's claim of willful infringement and its claim for damages.  As GE has alleged willful infringement by Agere, and has made claims for damages, the information sought in these requests are discoverable under the Federal Rules of Civil Procedure.  As GE must already have determined its contentions in order to bring this lawsuit, there is no great burden on GE to produce the information identified in these interrogatories.  GE has acknowledged that Agere is entitled to this information, but has not provided a specific date on which it will answer these long-outstanding requests.

2.      Agere seeks supplemental answers to Interrogatories Nos. 1, 3, and 17.  GE originally stated that would provide supplemental answers to these Interrogatories once document production was complete.  However, Agere has provided all responsive, non-privileged materials, subject to its objections and GE has not supplemented its answers to Interrogatories Nos. 1, 3 and 17, as promised.  GE now refuses to supplement its answers to Interrogatory Nos. 1 and 3 and claims that any such supplementation will occur only after it has reviewed source code and completed depositions.  Agere is entitled to GE's supplemental answers regardless of GE's allegations that there are outstanding documents or potentially other information to be discovered in this case.  Specifically, Agere is entitled to an identification of all accused products and a mapping of the asserted claims to the accused products.  To date, GE has only provided an incomplete list of accused products and has only mapped the asserted claims against a standard, not the specific accused products.

## STATEMENT OF FACTS

On March 23, 2007, GE served its complaint on Agere alleging infringement of U.S.

Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776 (the "Patents-in-Suit"). (D.I. 1)  GE

did not list any accused products, nor did it list any claims of the Patents-in-Suit that were

allegedly infringed.  Agere did not move to dismiss for failure to state a claim.  Rather, following

standard practice in this District, Agere served contention interrogatories seeking information on

accused products and the basis for claims of damages and willfulness.

Agere served its First of Interrogatories on Plaintiff ("Interrogatories") on July 27, 2007.

On August 30, 2007, GE served written answers to the Interrogatories.  The pertinent pages of

the answers are included as Appendix A.  Agere served its Second Set of Interrogatories,

consisting of Interrogatory No. 17, on September 10, 2007.  On October 11, 2007, GE served a

written answer to Interrogatory No. 17.  The pertinent pages of the answer are included as

Appendix B.

Agere Interrogatory No. 1 seeks an identification of accused infringing products and

corresponding patent claims.  Agere Interrogatory No. 2 seeks the factual and legal basis for

GE's assertion that Agere has willfully infringed the Patents-in-Suit.  Agere Interrogatory No. 3

seeks a claim chart for the accused products, mapping the asserted claims against the identified

accused products.  Agere Interrogatory No. 12 seeks the factual basis for GE's contention that it

has been damaged by Agere's alleged infringement, including a computation of any damages, a

computation of any lost profits, and a calculation of any reasonable royalty.  In its answer to the

Complaint, Agere asserted a license defense.  Agere Interrogatory No. 17 seeks the factual and

legal basis for GE's position that Agere is not licensed to practice the Patents-in-Suit.

On August 30, 2007, GE served its answers to the Interrogatories. GE's answers were deficient, forcing Agere to move to compel, targeting specifically, among others, GE's answers to Interrogatories Nos. 1-4 (D.I. 35). As a result of the motion, GE provided supplemental answers to Interrogatories Nos. 1 and 3, providing an initial list of accused Agere products, as well as initial claim charts. The claim charts identified the asserted claims, but only mapped the asserted claims against ITU modem standards, not Agere's accused products. To date, GE has not provided claim charts mapping claims of the asserted patents against any accused products. Similarly, to date, GE has not provided substantive information concerning (a) its claim of willful infringement (Interrogatory No. 2), (b) its claims for damages (Interrogatory No. 12) or (c) its response to Agere's claim of a license defense (Interrogatory No. 17).

Agere has expended considerable time and effort to resolve these issues without filing a motion. In a letter dated January 28, 2008, Agere challenged GE's incomplete answers to Interrogatory Nos. 1, 3, and 17, and pointed out that GE cannot prove infringement by merely mapping claims against an ITU standard. In response, in a letter dated February 5, 2008, GE agreed to supplement its answers to Agere's Interrogatories once it received Agere's complete document production.

On February 8, 2008, Agere completed production of all responsive, non-privileged materials, subject to its objections, in accordance with the deadline set in the scheduling order and modified by agreement by the parties. (D.I. 32, 53). Despite this production, GE has not supplemented its answers to the Interrogatories at issue in this motion.

In a letter dated April 4, 2008, Agere called on GE to honor its promise and its obligations under the Federal Rules with respect to GE's answers to Interrogatories Nos. 1, 2, 3, 12, and 17. *See* Appendix C. Given Agere's production, GE had no more excuses. Agere

specifically requested that GE provide supplemental answers to the identified interrogatories within seven days. In a letter dated April 8, 2008, GE responded that it would provide supplementation to its answers to Interrogatories 2, 12 and 17, but failed to provide a date upon which they would provide such answers. *See* Appendix D. As to Interrogatory Nos. 1 and 3, GE refused to supplement, claiming that it needed (a) information from Agere covered in GE's own motion to compel (D.I. 71) and (b) to examine Agere's modem source code and completed depositions. *See* Appendix D at 2.[1]

As of this filing, counsel for GE has not provided a specific date for providing answers to Interrogatories Nos. 2, 12, and 17, and has refused to provide a date beyond general statements about the end of depositions for supplementing its answers to Interrogatories Nos. 1 and 3. Accordingly, Agere's counsel has, in good faith, attempted to meet and confer with GE's counsel to avoid resorting to motion practice, but because GE refused to provide substantive dates for the production of the responses, Agere now presents this motion to the Court.

---

[1]     As for production of the source code, the parties agreed to a procedure for production of Agere's source code in the parties protective order, signed by the Court on November 2, 2007, which involves depositing the source code in escrow for viewing by the opposing party's expert. *See* D.I. 40, § 12. As far back as December 7, 2007, Agere requested that GE identify the metropolitan area in which GE would like the source code to be deposited in escrow. GE identified its first expert consultant on January 22, 2008. After GE identified its expert, GE then requested that the source code be placed in escrow in two locations, Florida and Oregon, to accommodate its identified expert. Agere agreed to such an arrangement, and waited for GE to identify the metropolitan areas in Florida and Oregon. However, GE then identified two new experts and asked that the source code instead be deposited in Bridgewater, New Jersey. Agere objected to the identification of the two experts under the protective order on March 27, 2008, and Agere asked in the same letter whether GE still wished to have the source code placed in escrow in New Jersey in light of the objections. On April 10, 2008, GE agreed to withdraw these consultants and replace them with two different experts. On this same date, GE requested that the source code be deposited in Menlo Park, California. So although Agere has raised the issue of production of the source code several times since December 2007, GE has only now provided a specific location suitable to Agere. This comes after GE provided four different possible locations, in four different states, during the past two months.

## ARGUMENT

### I.    Legal Standard

Discovery under the Federal Rules broadly encompasses "any matter, not privileged, that is relevant to the claim or defense of any party…" Fed R. Civ. P. 26(b); *see also Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999) ("[i]t is well recognized that the federal rules allow broad and liberal discovery"). Parties are also under a duty to supplement, in a timely manner, their interrogatory responses. Fed. R. Civ. P. 26(e)(1)(A). Where, as here, a party fails to answer an interrogatory, the court may compel production of the requested document. Fed. R. Civ. P. 37(a)(2)(B); s*ee, e.g., Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F.Supp.2d 419 (D. Del. 2007) (granting party's motion to compel discovery).

### II.    The Court Should Order GE Immediately to Provide Complete Answers to Agere's Interrogatories Nos. 2, 12 and 17.

Agere seeks substantive and complete answers to Agere's Interrogatories Nos. 2, 12, and 17 to determine the bases for GE contentions of willful infringement, GE's claim of damages, and GE's position that Agere is not licensed to practice the patents. Compelling GE to provide substantive and complete answers to the identified Interrogatories will permit Agere to prepare its defenses and prepare for depositions.

### Interrogatory No. 2

In the Complaint, GE asserts willful infringement. Agere's Interrogatory No. 2 specifically requests the factual and legal basis supporting this claim. On August 30, 2007, GE's answer stated that the request is premature and that a response would be provided at a later date. *See* Appendix A. Since that date, the parties have completed the production of documents, and the deadline for the exchange and completion of contention interrogatories has passed. (*See* D.I. 32, 53 (setting the deadline for the exchange and completion of contention interrogatories as

January 31, 2008--modified by agreement to February 8, 2008)).  Despite Agere's attempt to elicit a response, GE still has not provided a substantive answer to this interrogatory.  As GE alleged willful infringement at the outset of the litigation, and has not withdrawn the allegation, Agere simply seeks information that GE must already have, and should produce, to support its contention of willful infringement.

**Interrogatory No. 12**

GE claims damages resulting from Agere's alleged infringement.  Agere's Interrogatory No. 12 requested that GE provide all facts concerning GE's contention that it has been damaged, and requested, without limitation, a computation of each category of such damages, a computation of any reasonable royalty, and a computation of any lost profits.  On August 30, 2007, GE answered this interrogatory stating that it was premature and that would provide a response at a later date.  *See* Appendix A.  GE has since failed in its duty to provide any answer to this interrogatory, even though Agere has completed document production.  Again, Agere simply seeks information supporting GE's claim for damages.

**Interrogatory No. 17**

GE has taken the position that Agere is not licensed to practice the Patents-in-Suit.  To understand this position, Agere served Interrogatory No. 17 on September 10, 2007.  GE served its response on October 11, 2007.  In this response, GE stated that it could not provide a complete answer until after Agere completed production and responded to certain GE interrogatories.  *See* Appendix B.  Since that time, Agere has answered each of GE's identified interrogatories and has produced all responsive, non-privileged documents, subject to its objections.  While GE agreed to supplement Interrogatories Nos. 2 and 12, and 17 in its April 8, 2008 letter, no date for such supplementation was offered and no supplementation has occurred.

Agere should not be required to prepare its defenses or prepare for depositions, the deadline for which is June 1, 2008, without this long-overdue information. As such, Agere seeks the Court's intervention and asks the Court to immediately compel complete and substantive answers to Agere's Interrogatories Nos. 2, 12, and 17.

### III.    The Court Should Order GE Immediately to Provide Complete Answers to Agere's Interrogatories Nos. 1 and 3, Including Claim Charts.

GE has failed to meet its duty to supplement its answers to Interrogatories Nos. 1 and 3, and has failed to provide adequate claim charts mapping the asserted claims to Agere's accused products. To date, GE has only provided Agere with an initial list of accused products, meant to limit the scope of discovery. In addition, GE has only provided Agere with claim charts mapping the asserted claims to ITU modem standards, not any of Agere's accused products. On February 5, 2008, GE stated that it would further supplement its answers to Agere's Interrogatories Nos. 1 and 3 once GE received all the relevant product related information from Agere. GE's duty to supplement its answers to Agere's interrogatories is not tied to Agere's production. Nevertheless, Agere completed production of all responsive, non-privileged material, subject to its objections on February 8, 2008.

In the two months following this final production of Agere documents, GE has not supplemented its answers to Interrogatories Nos. 1 and 3. To date, GE has not provided a definitive list of Agere accused products (Interrogatory No. 1) nor provided claim charts mapping the asserted claims of the Patents-in-Suit to the accused products (Interrogatory No. 3). In its letter dated April 8, 2008, GE refused to provide supplemental responses to these interrogatories until after GE (a) is satisfied with Agere's document production, (b) has reviewed Agere's source code and (c) completed all depositions in the case. None of these events are on

the immediate horizon and, more importantly, GE's obligations exist independent of any of these events. GE should not be allowed to so condition its existing discovery obligations.

Furthermore, even if GE had produced responsive, substantive answers to these interrogatories (which it has not), GE would still have a duty under Fed. R. Civ. P. 26(e)(1)(A) seasonably to supplement its answers if later found to be incomplete. GE's answers are incomplete in light of Agere's production of documents on February 8, 2008. GE is under a duty to identify any additional accused Agere products or to otherwise modify its list of products based on currently available information.

As for the claim charts, counsel for the patent holder must "at a minimum…interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004). To date, GE only has provided claim charts comparing the asserted claims to the ITU standards. Although Agere does not agree with the practice, and has served written objections on GE, Agere did not move to compel during written discovery so as to allow GE time to gather information on all Agere products. Now that GE has information on all accused products, GE must provide claim charts mapping the asserted claims to the accused products.

The Court is well within its authority to grant a motion to compel the production of claim charts. *See, e.g., Re: Conopco, Inc. v. Warner-Lambert Co.*, No. 99-101, 2000 U.S. Dist. LEXIS 1601, at *5-6 (D.N.J. Jan. 26, 2000) (requiring patentee to supplement inadequate interrogatory response by providing claim charts showing limitations in claim and whether the accused device infringes either literally or under doctrine of equivalence); *see also S.S. White Burs, Inc. v. Neo-Flo, Inc.*, No. 02-3656, 2003 U.S. Dist. LEXIS 7718, at *2-4, 7-9 (E.D. Pa. May 2, 2001) (granting defendant's motion to compel plaintiff to provide substantive responses to

interrogatories seeking claim construction and infringement bases and directing plaintiff to

prepare a claim chart). Should GE fail fully to disclose its infringement contentions, including

mapping the asserted claims to the accused products themselves, it should be precluded from

asserting them at trial. *See Nike v. Wolverine World-Wide, Inc.*, 43 F.3d 644, 648 (Fed. Cir.

1994).

**CONCLUSION**

For the foregoing reasons, Agere respectfully requests the Court immediately order GE to

provide complete and responsive answers to Interrogatories Nos. 2, and 12, and to provide

complete supplemental answers to Interrogatories Nos. 1, 3 and 17, including claim charts

mapping the asserted claims to the accused Agere products.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

OF COUNSEL                Josy W. Ingersoll (No. 1088)
David E. Sipiora            John W. Shaw (No. 3362)
Ian L. Saffer                 Jeffrey T. Castellano (No. 4837)
Chad E. King              1000 West Street, 17th Floor
TOWNSEND AND TOWNSEND   Wilmington, DE  19899-0391
AND CREW LLP          (302) 571-6600
1200 17th Street, Suite 2700    jcastellano@ycst.com
Denver, CO  80202
(303) 571-4000            *Attorneys for Defendant Agere Systems Inc.*

Dated:  April 14, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey T. Castellano, Esquire, hereby certify that on April 14, 2008, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on April 14, 2008, I caused a copy of the foregoing document to be

served by hand delivery on the above-listed counsel of record and on the following non-

registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94304
mwheeler@mwe.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Attorneys for Agere Systems Inc.

058626.1006

# APPENDIX A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170-JJF |
| | ) | |
| AGERE SYSTEMS INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
RESPONSES TO DEFENDANT AGERE SYSTEMS INC.'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF [NOS. 1-16]**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CIF

Licensing, LLC ("GE Licensing") hereby responds to Defendant Agere Systems Inc.'s

("Agere's") First Set of Interrogatories.

GE Licensing has not completed its discovery, investigation, research, and trial

preparation. The following responses are based solely on the information that is presently

available and specifically known to GE Licensing. The following responses are provided

without prejudice to GE Licensing's right to produce evidence of any subsequently-discovered

facts. GE Licensing reserves the right to supplement the following responses and to change any

and all responses therein as additional facts are ascertained, analyses are made, legal research is

completed, and contentions are made. Finally, GE Licensing's objections as set forth herein are

made without prejudice to GE Licensing's right to assert any additional or supplemental

objections should GE Licensing discover additional grounds for such objections.

Subject to the foregoing General Objections and without waiving any of them, GE

Licensing responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1

State the complete factual and legal basis for your contentions that Agere has infringed or currently infringes the Patents-in-Suit (both literally and/or under the doctrine of equivalents) including but not limited to an identification of each claim of the Patents-in-Suit that you contend Agere has infringed or currently infringes, each Accused Device of Defendant that Plaintiff contends has infringed or currently infringes the identified claim, a statement of the source and date on which you obtained any samples or models of the Accused Devices, a description of any analysis of the samples or models and the chain of custody thereof, an identification of all documents that relate to, support or contradict your contentions, and of all persons knowledgeable of your contentions.

### RESPONSE TO INTERROGATORY 1

In addition to the General Objections, GE Licensing objects to this interrogatory as

premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation.

GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible information. In

addition, GE Licensing objects to this interrogatory as seeking information protected from

discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE

Licensing's investigation of Agere's infringement is continuing. Without waiving the stated

objections, GE Licensing will respond on a mutually agreed-upon date for all contention

interrogatories. Without waiving the stated objections, GE Licensing responds as follows:

SV92P, APL43, DP2V34DX, DP2V90DX, DSP1648C, CSP 1037, DSP1673, DSP1675,

DSP1670 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems.

5

INTERROGATORY NO. 2

For each claim identified in the answer to Interrogatory No. 1, state the complete factual and legal basis for your contentions that Agere's infringement of those claims was willful including but not limited to identification of all documents that relate to, support, or contradict your contentions and identification of all persons knowledgeable of your contentions.

RESPONSE TO INTERROGATORY 2

In addition to the General Objections, GE Licensing objects to this interrogatory as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE Licensing's investigation of Agere's infringement is continuing. Without waiving the stated objections, GE Licensing will respond on a mutually agreed-upon date for all contention interrogatories.

INTERROGATORY NO. 3

For each Accused Device identified in the answer to Interrogatory No. 1, provide a claim chart (or its equivalent) showing a comparison of each claim limitation from each of the Patents-in-Suit with each aspect of the Accused Device you contend infringes that limitation, including whether such alleged infringement is direct, contributory, by inducement, or under the doctrine of equivalents.

RESPONSE TO INTERROGATORY 3

In addition to the General Objections, GE Licensing objects to this interrogatory as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from

discovery by the attorney-client privilege, the work product doctrine, or other privilege. GE

Licensing's investigation of Agere's infringement is continuing. Without waiving the stated

objections, GE Licensing will respond on a mutually agreed-upon date for all contention

interrogatories.

INTERROGATORY NO. 4

    For each limitation of each claim of the Patents-in-Suit Plaintiff contends is infringed by
an Accused Device, describe in detail Plaintiff's construction of each such limitation, including
identifying all intrinsic evidence and extrinsic evidence (including but not limited to expert
testimony, dictionary definitions, and citations to learned treatises) that allegedly supports,
conflicts with, or contradicts such construction.

RESPONSE TO INTERROGATORY 4

    In addition to the General Objections, GE Licensing objects to this interrogatory as

premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation;

more specifically, claim construction under *Markman* has yet to be determined. GE Licensing

also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible information. In addition, GE

Licensing objects to this interrogatory as seeking information protected from discovery by the

attorney-client privilege, the work product doctrine, or other privilege. GE Licensing's

investigation of Agere's infringement is continuing. Without waiving the stated objections, GE

Licensing will respond on a mutually agreed-upon date for all contention interrogatories.

INTERROGATORY NO. 5

    Identify each person with knowledge or facts regarding or related to the subject of and
the answers provided to Interrogatory No. 4 and each document relating thereto.

RESPONSE TO INTERROGATORY 5

    In addition to the General Objections, GE Licensing objects to this interrogatory as

premature to the extent it calls for GE Licensing's contentions or information related to its

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, GE Licensing will

provide non-privileged documents in its possession, if any, which contain the information sought

in this interrogatory. GE Licensing reserves the right to amend its response and identify the

bates numbers of the documents produced under Rule 33(d) in its response to this interrogatory.

## INTERROGATORY NO. 12

State all facts concerning your contention that you have been damaged by Defendant's
alleged infringement of the Patents-in-Suit, including without limitation, a computation of each
category of such damages and the basis and methodology therefore, and the factual allegation of
any claimed lost profits by Plaintiff. To the extent your response to this interrogatory includes a
reasonable royalty, state your contentions as to what would be a reasonable royalty, if any, under
35 U.S.C. § 284 for the use of the alleged invention in the Patents-in-Suit.

### RESPONSE TO INTERROGATORY 12

In addition to the General Objections, GE Licensing objects to this interrogatory as

premature to the extent it calls for GE Licensing's contentions or information related to its

contentions at this early stage of the litigation. GE Licensing also objects to this interrogatory as

vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to

the discovery of admissible information. In addition, GE Licensing objects to this interrogatory

as seeking information protected from discovery by the attorney-client privilege, the work

product doctrine, or other privilege. GE Licensing's investigation of Agere's infringement is

continuing. Without waiving the stated objections, GE Licensing will respond on a mutually

agreed-upon date for all contention interrogatories.

## INTERROGATORY NO. 13

Describe in detail any and all communications between Plaintiff and any third party
regarding the Defendant, the Patents-in-Suit, or Defendant's alleged infringement of the Patents-
in-Suit, including but not limited to the identity of any such persons, the identity of persons who
witnessed or participated in such communications, the substance of such communications, and
the date and time such communications occurred.

# APPENDIX B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a | ) | |
| GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170 (JJF) |
| | ) | |
| AGERE SYSTEMS INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
RESPONSES TO DEFENDANT AGERE SYSTEMS INC.'S SECOND SET OF
<u>INTERROGATORIES TO PLAINTIFF [NO. 17]</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CIF

Licensing, LLC ("GE Licensing") hereby responds to Defendant Agere Systems Inc.'s

("Agere's") Second Set of Interrogatories.

GE Licensing has not completed its discovery, investigation, research, and trial

preparation. The following responses are based solely on the information that is presently

available and specifically known to GE Licensing. The following responses are provided

without prejudice to GE Licensing's right to produce evidence of any subsequently-discovered

facts. GE Licensing reserves the right to supplement the following responses and to change any

and all responses therein as additional facts are ascertained, analyses are made, legal research is

completed, and contentions are made. Finally, GE Licensing's objections as set forth herein are

made without prejudice to GE Licensing's right to assert any additional or supplemental

objections should GE Licensing discover additional grounds for such objections.

Subject to the foregoing General Objections and without waiving any of them, GE Licensing responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 17

State the factual and legal basis for GE's contention that Agere is not licensed to practice the inventions claimed in the Patents-in-Suit pursuant to the terms of the January 30, 2001 Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc.

### RESPONSE TO INTERROGATORY 17

In addition to the General Objections, GE Licensing objects to this interrogatory as premature to the extent it calls for GE Licensing's contentions at this early stage of the litigation. GE Licensing also objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. In addition, GE Licensing objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege. Without waiving the stated objections, GE Licensing responds as follows:

Nothing has been produced which shows that Agere has been authorized to practice of any of the Asserted Patents. Under the January 30, 2001 Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc., there is no right to the Asserted Patents granted to Agere, nor is Agere a party to or mentioned in this agreement. Agere's response to GE Licensing's Interrogatory No. 31 states that Agere contends that it is licensed under "one or more" of four different agreements, including the January 30, 2001 Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc. Agere has not yet produced the copies of these agreements in their possession and has failed to answer GE Licensing's Interrogatory Nos. 32-42. As such, GE Licensing reserves the right to supplement this response.

# APPENDIX C

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

Ryan D. Phillips

April 4, 2008

*VIA E-MAIL AND U.S. MAIL*

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Email: mconnelly@mwe.com

Re:　　*CIF Licensing, LLC d/b/a GE Licensing ("GE") v. Agere Systems, Inc.*
　　　　Civ. Action No. 07-170 (JJF)(D. Del.)

Dear Mike:

We write to resolve certain remaining issues with respect to GE's answers to Agere's First Set of Interrogatories, GE's supplemental answers to Agere's First Set of Interrogatories Nos. 1 and 3, and GE's answers to Agere's Second Set of Interrogatories.

GE has not provided any substantive responses to Agere's Interrogatory Nos. 2 and 12. With respect to Interrogatory 2, please supplement GE's answer to state all law and facts, including identification of all documents, supporting GE's position that Agere's alleged infringement was willful.  With respect to Interrogatory 12, please supplement GE's answer to state all facts concerning GE's contention that it has been damaged by Agere's alleged infringement, including without limitation a computation of each category of such damages and the basis and methodology therefore, as well the factual allegation for any claimed lost profits by GE.  To the extent that your answer to Interrogatory 12 includes a reasonable royalty, please state GE's contentions as to the amount and calculation of that reasonable royalty.

In its letter dated February 5, 2008, GE stated that it would further supplement its answers to Agere's Interrogatory Nos. 1 and 3 after GE received all the relevant product related information from Agere.  While Agere does not believe its production is tied to GE's duty to supplement its answers to interrogatories, Agere has produced all responsive, non-privileged material, subject to its objection.  Thus, GE immediately should supplement its answers to Interrogatories Nos. 1 and 3 to identify all accused products and to provide claim charts comparing the allegedly infringed claims to the accused products.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Michael W. Connelly
April 4, 2008
Page 2

Finally, its letter dated February 5, 2008, GE stated that it would provide a supplemental answers to Agere Interrogatory No. 17 once Agere completed production of documents and responded to GE's Interrogatories No. 31-42. Again, we do not accept that GE's discovery obligations are tied to Agere's production, but we do note that Agere has produced all responsive, non-privileged materials, subject to its objections, and provided supplemental answers to GE's interrogatories. With that excuse removed, we expect that GE will supplement its answer to Agere Interrogatory No. 17 to state all law and facts supporting GE's position that Agere is not licensed to practice the patents.

Please confirm that GE will provide this long-outstanding information within seven calendar days of the date of this letter. If you have any questions, we will look forwarding to discussing them during our meet and confer on Monday, April 7, 2008.

Sincerely,

Ryan D. Phillips

RDP/kmb

61329693 v1

# APPENDIX D

# McDermott
# Will&Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

April 8, 2008

**VIA E-MAIL**

Ryan D. Phillips
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:     *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ryan:

This is in response to your letter of April 4 regarding certain issues related to GE Licensing's responses to Agere Interrogatory Nos. 1, 2, 3, 12 and 17.

With respect to Agere Interrogatory No. 2, this is the first time that Agere has raised any substantive problems with GE Licensing's response or objections. While Agere has not provided us with sufficient information for us to formulate a complete response, Agere will supplement its response to this Interrogatory using the available information. As to Agere Interrogatory No. 12, Agere's only prior mention of this Interrogatory was in its January 28 letter in which GE Licensing was asked to list specific documents in the response. As Agere knows, there is a pending motion to compel that covers a broad array of unproduced financial information. This motion is scheduled to be heard before the Court this Friday, April 11. Again, while Agere has not provided us with sufficient information for us to formulate a complete response, Agere will supplement its response to this Interrogatory using the available information.

As to Interrogatory Nos. 1 and 3, GE Licensing stated in its letter of February 5, 2008 that "GE Licensing will be supplementing its interrogatory responses (including nos. 1 and 3) once it has received production of all the relevant product related information from Agere." As Agere is aware from our recent correspondence and the motion to compel filed today, Agere has failed to provide even the most basic information about certain accused products. Agere has also objected (without any specific reason and using the maximum days allowed) to GE Licensing's proposed experts who were engaged to read Agere's software code. Further, Agere still has not

Ryan Phillips
April 8, 2008
Page 2

responded to any of our inquiries regarding third party code.  As it appears that we have now reached a solution to the expert issue, Agere can move ahead with placing at least its own software in escrow.  This and the upcoming scheduled depositions will allow GE Licensing to provide supplementation to Agere Interrogatory nos. 1 and 3.

You request a supplemental response to Agere Interrogatory No. 17.  In our February 5, 2008 letter, we requested that Agere "please confirm that Agere has produced all documents related to its alleged licensing defense and does not intend to further supplement its responses to GE Licensing's interrogatories and requests for production related to the alleged licensing defense (including without limitation GE Licensing's Interrogatory Nos. 31-42 and Request for Production Nos. 36-44)."  To our knowledge, no such confirmation was received.  However, we will supplement our response to this Interrogatory No. 17 with the understanding that depositions on this topic have yet to be held.

We think that this should satisfy Agere's concerns.  In the future, we would ask that Agere please notify GE Licensing of continuing issues as they arise, rather than waiting another two-plus months.

In addition, it would help if Agere could confirm whether Agere's February 8 supplemental responses to GE Licensing's First and Second Interrogatories and Production Requests are intended to supplement or to replace Agere's earlier responses.  They appear to be a replacement, supeseding the prior responses.

If you would like to further discuss these issues, we are happy to schedule a call at any time.

Sincerely,

Michael W. Connelly

cc:     Counsel of Record for Agere

WDC99 1552865-1.037743.0051