**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | C.A. No. 07-170 (JJF) |
| | ) | |
| Plaintiff, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBITS A-P TO PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S
MOTION TO COMPEL PRODUCTION AND RESPONSES FROM
DEFENDANT AGERE SYSTEMS INC.**

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff
CIF Licensing, LLC, d/b/a
GE Licensing*

Dated: April 8, 2008
Public Version: April 15, 2008

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a          )
GE LICENSING,                      )
                                   )
              Plaintiff,           )
                                   )
        v.                         )          C.A. No. 07-170 (JJF)
                                   )
AGERE SYSTEMS INC.,                )
                                   )
              Defendant.           )

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, Plaintiff CIF Licensing, LLC ("GE Licensing") seeks to have

Defendant Agere Systems, Inc. ("Agere") respond to certain discovery requests.

WHEREAS Agere has objected to certain of GE Licensing's discovery requests

and its definition of "Agere Products" as overbroad and not likely to lead to the discovery of

admissible evidence, and despite a continuing objection to GE Licensing's definition of "Agere

Products," has agreed to production of documents and the supplementation of its interrogatory

answers according to the stipulation set forth below.

WHEREAS, Agere seeks to have GE Licensing withdraw its Motion To Compel

Discovery From Defendant Agere Systems, Inc. ("Motion To Compel") submitted to this Court

on December 19, 2007 (D.I. 44, 45).

NOW, THEREFORE, the parties hereby stipulate and agree, subject to the

approval of the Court, as follows:

1.      GE Licensing's Motion to Compel is withdrawn, but may be renewed in

- 1 -

as provided below.

2.    By January 31, 2008, Agere will produce the financial records related to modem sales for each and every product specifically enumerated in GE Licensing's revised definition of "Agere Products" set out in the Motion To Compel.  If GE Licensing requests financial records for additional, specifically enumerated products, Agere will make good faith efforts to reach agreement on such production and its timing.

3.    Apart from financial records related to modem sales, by January 31, 2008, Agere will, subject to good cause shown, complete production of documents for all products, whether or not enumerated, within GE Licensing's revised definition of "Agere Products" set out in the Motion To Compel that were sold or offered for sale after March 23, 2001.  If GE Licensing requests production for additionally enumerated products offered for sale prior to March 23, 2001, Agere will make good faith efforts to reach agreement on such production.

4.    By January 31, 2008, Agere will produce a final hierarchical schematic and original design documents for each product specifically enumerated in GE Licensing's revised definition of "Agere Products" set out in the Motion To Compel.

5.    Up until March 15, 2008, Agere will not oppose renewal of the Motion to Compel on the ground of untimeliness should GE Licensing seek production of documents regarding products sold or offered for sale prior to March 23, 2001 or should GE Licensing otherwise find the production to be unsatisfactory, provided that GE Licensing and Agere will first work in good faith until March 1, 2008, to reach agreement on production.

6.    Agere will supplement its answers to interrogatories by January 31, 2008, and in the meantime will work with GE Licensing toward identifying where in the production any such answers can be found, provided that neither party waives its position on whose burden

- 2 -

it is to glean such answers from the production.

   7.  Up until March 15, 2008, Agere will not oppose on the ground of untimeliness renewal by GE Licensing of the Motion to Compel should GE Licensing find Agere's supplemental responses to GE Licensing's interrogatories to be unsatisfactory, provided that GE Licensing and Agere will work in good faith until March 1, 2008, to reach agreement on those supplemental responses.

POTTER ANDERSON & CORROON LLP

/s/ Philip A. Rovner
Richard L. Horwitz (No. 2246)
rhorwitz@potteranderson.com
Philip A. Rovner (No. 3215)
provner@potteranderson.com
David E. Moore (No. 3983)
dmoore@potteranderson.com
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000

- and -

Joel E. Freed
Brian E. Ferguson
Mark A. Davis
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304

*Attorneys for CIF Licensing, LLC*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Chad S. C. Stover
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

- and -

David E. Sipiora
Ian L. Saffer
Chad E. King
Townsend and Townsend and Crew, LLP
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
303-571-4000

*Attorneys for Agere Systems Inc.*

SO ORDERED this ___ day of January, 2008.

_____
United States District Judge

843339

-4-

## Stackel, Mary Ellen

**From:** ded_nefreply@ded.uscourts.gov
**nt:** Tuesday, January 22, 2008 2:52 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:07-cv-00170-JJF CIF Licensing LLC v. Agere Systems Inc. SO ORDERED

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Delaware

### Notice of Electronic Filing

The following transaction was entered on 1/22/2008 at 2:51 PM EST and filed on 1/22/2008
**Case Name:**        CIF Licensing LLC v. Agere Systems Inc.
**Case Number:**     1:07-cv-170
**Filer:**
**Document Number:** No document attached

**Docket Text:**
S   ORDERED, re [49] Stipulation, filed by CIF Licensing LLC. (See Order for Details) Signed by Judge Joseph J. Farnan, Jr. on 1/22/08. (dab)

**1:07-cv-170 Notice has been electronically mailed to:**
Richard L. Horwitz rhorwitz@potteranderson.com
Josy W. Ingersoll jingersoll@ycst.com, corpcal@ycst.com, corporate@ycst.com
Philip A. Rovner provner@potteranderson.com, iplitigation@potteranderson.com, mstackel@potteranderson.com, nmcmenamin@potteranderson.com
John W. Shaw jshaw@ycst.com, corpcal@ycst.com, corporate@ycst.com
Joel M. Freed jfreed@mwe.com
Brian E. Ferguson bferguson@mwe.com
Chad S.C. Stover cstover@ycst.com, corpcal@ycst.com, corporate@ycst.com
Ian L. Saffer ilsaffer@townsend.com
David E. Sipiora desipiora@townsend.com, kefielder@townsend.com
Chad E. King ceking@townsend.com
Michael W. Connelly mconnelly@mwe.com

**1:07-cv-170 Notice has been delivered by other means to:**

4/8/2008

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | |
| AGERE SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF
LICENSING, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND TANGIBLE THINGS (NOS. 1-35)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Agere Systems Inc.

("Defendant") responds to CIF Licensing, LLC's ("Plaintiff") First Set of Requests for

Production of Documents and Tangible Things (Nos. 1-35) ("Plaintiff's Requests"), stating as

follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.     The following responses are made solely for the purpose of this action and are subject to

all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and

any and all other objections and grounds which would or could require or permit the exclusion of

any statement or document or part thereof from evidence, all of which objections and grounds

are reserved and may be interposed at the time of trial.

2.     Subject to the specific and general objections listed herein, Defendant will respond to

each document request with any existing responsive, non-privileged documents currently in its

possession, custody, or control. By stating in these responses that it will produce documents, Defendant does not represent that any document actually exists, but rather, that it has and will make a diligent search and reasonable inquiry to ascertain whether documents responsive to the requests do, in fact, exist.

3.      Defendant will produce its confidential documents and information or documents containing trade secret information only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.      The following responses are based on information and documents available to Defendant as of the date of service. Discovery is continuing in this case, and accordingly the responses are subject to change. Defendant reserves the right to change, amend, or supplement the responses herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 34 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.      Defendant objects to Plaintiff's requests to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.      Defendant objects generally to Plaintiff's Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

2

7.    Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's document requests overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's Interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Defendant cannot respond to such discovery requests until Plaintiff provides a more reasonable scope for discovery in this case.

8.    Defendant objects to Plaintiff's Requests that seek documents concerning Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide responsive documents to any Requests that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.    Defendant objects to any request for production of documents related to sales, marketing, products, accounting, financial information, or manufacturing to the extent that responsive documents are dated prior to March 23, 2001 because these documents are outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

All documents, the identification of which was requested in Plaintiff CIF Licensing

LLC's First Set of Interrogatories to Defendant Agere Systems Inc.

### RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly

burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine,

and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular,

General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing

to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth

above, and once the parties have agreed upon the proper scope of the term "Agere Product,"

Defendant will produce relevant and non-privileged documents in its possession, to the extent

any exist, that are responsive to this request.

4

**REQUEST FOR PRODUCTION NO. 2**

Three (3) samples of each Agere Product identified in response to Interrogatory No. 1 and three (3) samples of any evaluation or demonstration board relating to the Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**REQUEST FOR PRODUCTION NO. 3**

All transistor-level schematics for each Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 4

All documents, including without limitation e-mails and slides, concerning the design, manufacture, assembly, or testing (including all testing conducted to incorporate information and graphs within the product datasheets) of any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 5

All source code related to or used with any Agere Product identified in response to Interrogatory No. 1

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

7

## REQUEST FOR PRODUCTION NO. 6

All documents, including without limitation e-mails and slides, concerning design specifications (including initial objective specifications) for each Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 7

Documents, including without limitation e-mails and slides, sufficient to identify any assembly arrangement, distributor, customer, or manufacturer for each Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

Documents, including without limitation e-mails and slides, sufficient to identify the location and name of each design, fabrication, assembly, or testing facility for each Agere Product identified in Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 9**

Documents, including without limitation e-mails and slides, sufficient to identify companies and individuals not employed by Agere, including but not limited to consultants and contractors, that have designed, manufactured, assembled, or tested any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

10

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 10

All instruction manuals, datasheets, brochures, pamphlets, promotional material, and advertisements concerning any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

11

**REQUEST FOR PRODUCTION NO. 11**

Documents, including without limitation e-mails and slides, sufficient to identify on a quarterly basis the quantity produced, total sales volume, and the revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product identified in response to Interrogatory No. 1 and the identification of all entities that purchased, licensed, sublicensed or leased such Agere Product and the volume and dollar amount purchased, licensed, sublicensed or leased by that entity.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**

All reports regularly supplied to Agere's management outlining some or all of the information requested in the preceding Request.

12

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**

All project meeting minutes concerning the design, development, or testing of any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

13

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.


**REQUEST FOR PRODUCTION NO. 14**

All progress reports concerning the design, development, or testing of any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

14

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 15

All documents, including without limitation e-mails and slides, concerning any testing or analysis done by Agere or anyone else to determine whether, or that may have revealed whether, any Agere Product infringes any of the GE Patents.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce responsive, relevant, and non-privileged documents in its possession.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

15

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 16**

All documents, including without limitation e-mails and slides, relating to any plan or attempt by Agere to redesign any Agere Product.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

16

**REQUEST FOR PRODUCTION NO. 17**

All documents, including without limitation e-mails and slides, relating to or discussing any attempt to avoid infringement of any of the GE Patents.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**

All documents, including without limitation e-mails and slides, relating to any contention by Agere that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents.

**RESPONSE:**

Defendant objects to this request because it calls for production of documents regarding questions of law. Defendant objects to this request as premature because it calls for production of documents regarding Defendant's contentions or legal positions in this litigation before Defendant has obtained information through discovery, including from Plaintiff, that is necessary for Defendant to respond. Additionally, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 19**

All documents, including, but not limited to, e-mails, presentation materials, slide presentations, press releases, customer success stories, reference account testimonials, analyst reports, notes, and handouts used in the introduction and/or promotion of any Agere Product identified in response to Interrogatory No. 1.

18

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 20**

All documents, including without limitation e-mails and slides, referring or relating to the matters alleged in GE Licensing's Complaint and Agere's Answer and Counterclaims.

**RESPONSE:**

Defendant objects to this request because it calls for production of documents regarding questions of law. Defendant objects to this request as premature because it calls for production of documents regarding Defendant's contentions or legal positions in this litigation before Defendant has obtained information through discovery, including from Plaintiff, that is necessary for Defendant to respond. Additionally, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 21**

All documents, including without limitation e-mails and slides, relied upon or consulted by Agere in preparing Agere's Answer and Counterclaims or answers to interrogatories served by GE Licensing to Agere.

**RESPONSE:**

Defendant objects to this request because it calls for production of documents regarding questions of law. Defendant objects to this request as premature because it calls for production of documents regarding Defendant's contentions or legal positions in this litigation before Defendant has obtained information through discovery, including from Plaintiff, that is necessary for Defendant to respond. Additionally, Defendant objects to this request because it seeks

20

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 22

Plaintiff's First Set of Requests for Production of Documents and Things did not contain a Document Request No. 22.

## REQUEST FOR PRODUCTION NO. 23

All documents, including without limitation e-mails and slides, sufficient to identify all customers, distributors, suppliers, resellers, seller's agents or independent sales representatives, and manufacturers of each Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

21

the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 24

All documents, including without limitation e-mails and slides, referring or relating to Agere's market share for each Agere Product identified in response to Interrogatory No. 1, including, but not limited to, all competitive analyses, press releases, financial reports, financial performance analyses, business plans, and similar documents that refer or relate to Agere's projected and actual financial performance.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

22

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 25

All documents, including without limitation e-mails and slides, referring or relating to comparisons between any Agere Product and other products of other companies.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

23

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 26

All documents, including any Prior Art, that Agere contends are relevant to the scope or meaning of any of the claims of the GE Patents.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

24

**REQUEST FOR PRODUCTION NO. 27**

All searches, studies, opinions, evaluations, or infringement investigations made in connection with any domestic or foreign patents, literature, or other published materials, relating in any manner to any alleged invention disclosed, described, or claimed in the patents-in-suit, and all documents referring or relating to such searches, studies, opinions, or evaluations, including but not limited to issues of novelty, patentability, validity, enforceability, or enforceable scope of the patents-in-suit.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

25

**REQUEST FOR PRODUCTION NO. 28**

All documents on which Agere may rely in support of any contention that it does not infringe the GE Patents.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 29**

All documents on which Agere may rely in support of a contention that it does not willfully infringe the GE Patents, including any opinions of counsel.

26

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in such allegedly are infringed.

Subject to and without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 30**

All documents, including without limitation e-mails and slides, given to Agere or disseminated by Agere at any presentation or meeting, relating to GE Licensing, Motorola, Inc., the GE Patents and/or the possibility that any Agere Product might infringe the GE Patents, including but not limited to booklets, analyses, claim charts, memoranda, or other documents used or exchanged in connection with such presentation or meeting.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection Nos. 7 and 8 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 31**

All documents, including without limitation e-mails and slides, referring or relating to any communication between Agere and any third party relating to any Agere Product and any evaluation boards relating to those products, including, but not limited to, their structure, design, development, function, operation, manufacture, marketing and sale.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 32**

All documents, including without limitation e-mails and slides, referring or relating to any co-development or co-development agreement between Agere and a third party concerning any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection Nos. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 33**

To the extent available, English Translations of any foreign language documents produced in response to these Requests For Production.

**RESPONSE:**

Defendant objects to this request as duplicative of Plaintiff's other requests. Responsive, non-privileged English language documents, to the extent available, will be produced in response to each of Plaintiff's other requests.

**REQUEST FOR PRODUCTION NO. 34**

All keys, codes, explanations, manuals, and other documents necessary to the interpretation or understanding of the financial and technical documents produced in response to these Requests For Production.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 35**

All documents constituting, referring to, or relating to any communications, including confidential communications, between Agere and GE Licensing.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

Dated: September 17, 2007

TOWNSEND AND TOWNSEND AND CREW, LLP

David E. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: desipiora@townsend.com
Email: ilsaffer@townsend.com
Email: ceking@townsend.com

YOUNG CONAWAY STARGATT & TAYLOR
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com

**ATTORNEYS FOR AGERE SYSTEMS INC.**

32

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (NOS. 1-35)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131409 v2

33

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170-JJF |
| v. | ) | |
| | ) | |
| AGERE SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (NOS. 36-44)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Agere Systems Inc. ("Defendant") responds to CIF Licensing, LLC's ("Plaintiff") First Set of Requests for Production of Documents and Tangible Things (Nos. 36-44) ("Plaintiff's Requests"), stating as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.    The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any statement or document or part thereof from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.    Subject to the specific and general objections listed herein, Defendant will respond to each document request with any existing responsive, non-privileged documents currently in its

possession, custody, or control. By stating in these responses that it will produce documents, Defendant does not represent that any document actually exists, but rather, that it has and will make a diligent search and reasonable inquiry to ascertain whether documents responsive to the requests do, in fact, exist.

3.      Defendant will produce its confidential documents and information or documents containing trade secret information only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.      The following responses are based on information and documents available to Defendant as of the date of service. Discovery is continuing in this case, and accordingly the responses are subject to change. Defendant reserves the right to change, amend, or supplement the responses herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 34 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.      Defendant objects to Plaintiff's requests to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.      Defendant objects generally to Plaintiff's Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

2

7.    Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's document requests overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's Interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Defendant cannot respond to such discovery requests until Plaintiff provides a more reasonable scope for discovery in this case.

8.    Defendant objects to Plaintiff's Requests that seek documents concerning Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide responsive documents to any Requests that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.    Defendant objects to any request for production of documents related to sales, marketing, products, accounting, financial information, or manufacturing to the extent that responsive documents are dated prior to March 23, 2001 because these documents are outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 36

All documents, including without limitation e-mails and slides, referring or relating to any license or other authorization that Agere purportedly has or had for any Agere Product to practice any of the patents in suit, whether such license or authorization purportedly comes from or through GE Licensing, Motorola, Inc., Lucent Technologies Corp., Altocom, Inc., Broadcom, Inc., or any other entity.

### RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

4

**REQUEST FOR PRODUCTION NO. 37**

All documents, including without limitation e-mails and slides, referring, relating to, or supporting Agere's statement made in the July 30, 2007 proposed Scheduling Order and statements made by Agere's counsel during the Scheduling Hearing of August 1, 2007 that Agere purports to have a "license defense."

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 38**

All documents constituting, referring to, or relating to any communications, including confidential communications, between Agere and Altocom, Inc. and Agere and Broadcom, Inc. that bear in any way on Agere's purported license defense.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks

information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 39

All other documents that bear in any way on Agere's purported license defense, including without limitation e-mails and slides, referring or relating to Agere Products (including without limitation those documents referring or relating to any intellectual property, know-how, technology, source code, components, plans, knowledge or other information, products or services incorporated into or used in the design, manufacture or sale of Agere Products) received from GE Licensing, Motorola, Inc., Lucent Technologies Inc., AltoCom, Inc. or Broadcom Corp.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Products."

6

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 40

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to any license of patent rights or transfer of license rights related to any Agere Product, including without limitation agreements with or between any of Agere, Lucent Technologies Inc., Atlas Acquisition Corp., LSI Logic Corp., LSI Corp., AltoCom, Inc. and Broadcom Corp.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product,"

7

Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 41**

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to the formation and corporate structure of Agere, including without limitation all documents constituting, referring to, or relating to the transfer of assets from Lucent Technologies Inc. to Agere, the merger of Agere and Atlas Acquisition Corp. and the ownership of Agere by LSI Logic Corp. or LSI Corp.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 42**

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to assets, licenses and liabilities transferred to or from Lucent Technologies Inc. from or to Agere.

8

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 43**

All documents, including without limitation e-mails and slides, referring or relating to a license defense and any proceeding in the United States or in a foreign country, including, but not limited to, litigation (including but not limited to the litigation captioned "In re Townsend Patent Litigation, Townsend Intellectual Property, L.L.C. v. Agere Systems, Inc." before the U.S. District Court for the Northern District of California docket No. 5-02-CV-4833), arbitration or dispute, contested proceeding or charge of infringement (whether formal or informal), pending or threatened, that in any way relates to Agere or Agere Products, components thereof, or products containing same, including, but not limited to, settlement agreements, deposition transcripts, hearing transcripts, pleadings and discovery responses from such proceeding.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

9

the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Furthermore, to the extent the information is not privileged, much of the requested information is readily available through more convenient, publicly-accessible sources such as PACER.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 44

All documents constituting, referring to, or relating to any standard promulgated by the ITU Telecommunication Standardization Sector (ITU-T) or any other standards organization, including without limitation the V.17, V.29, V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34 extended rate, V.34bis, V.34 plus, X2, K56 Flex, V.90 and V.92 standards, including without limitation any documents referring or relating to any Agere Product identified in response to Interrogatory No. 1 meeting or complying with such standard(s).

10

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Furthermore, much of the requested information is in Plaintiff's possession or readily available through more convenient, publicly-accessible sources.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7 and Defendant's Response to Interrogatory No. 1. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

Subject to and without waiving its specific objections, or the General Objections set forth above, and once the parties have agreed upon the proper scope of the term "Agere Product," Defendant will produce relevant and non-privileged documents in its possession, to the extent any exist, that are responsive to this request.

Dated: September 17, 2007            TOWNSEND AND TOWNSEND AND CREW, LLP

David B. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: desipiora@townsend.com
Email: ilsaffer@townsend.com
Email: ceking@townsend.com

11

YOUNG CONAWAY STARGATT & TAYLOR
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
Telephone: 302-571-6600
Facsimile:  302-571-1253
Email:  jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com

**ATTORNEYS FOR AGERE SYSTEMS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS (NOS. 36-44)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131416 v1

13

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-170-JJF |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT AGERE SYSTEMS INC.'S ANSWERS TO PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-30)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Agere Systems Inc. ("Defendant") responds to CIF Licensing, LLC, d/b/a GE Licensing's ("Plaintiff") First Set of Interrogatories (Nos. 1-30) ("Plaintiff's Interrogatories"), stating as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.      The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any statement or response from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.      Subject to the specific and general objections listed herein, Defendant will answer each interrogatory with responsive, non-privileged information within the current actual knowledge of Defendant or through cross-references to produced documents according to F.R.C.P. 33(d).

3.      Defendant will answer interrogatories calling for confidential information or trade secrets

only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.    The following answers are based on information known to Defendant as of the date of service. Discovery is continuing in this case, and accordingly these responses are subject to change. Defendant reserves the right to change, amend, or supplement the answers herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 33 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.    Defendant objects to Plaintiff's Interrogatories to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.    Defendant objects generally to Plaintiff's Interrogatories to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

7.    Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's interrogatories overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to

2

specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Clearly, such discovery is overbroad and a meet and confer between counsel is necessary to arrive at a more reasonable scope for discovery in this case.

8.      Defendant objects to Plaintiff's interrogatories that seek Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide answers to any interrogatories that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.      Defendant objects to any interrogatory seeking information related to sales, marketing, products, accounting, finances, or manufacturing prior to March 23, 2001 because this information is outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify each and every Agere Product ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, or marketed.

### ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

### INTERROGATORY NO. 2

Identify each entity that is or has been involved in any way in the design, development, manufacturing, assembly, marketing, sales and/or distribution of each Agere Product identified in response to Interrogatory No. 1, including the name and location of such entity, its relationship with Agere, identification of any licenses or other agreements with such entity, as well as a narrative description of each such involvement (including the location of any such involvement) of each such entity.

4

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's request for "a narrative description of each such involvement" because the wide range of information potentially responsive to this request is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 3**

State precisely when Agere commenced any activities, projects or programs, whether formal or informal, directed to the design and development of each Agere Product identified in response to Interrogatory No. 1, including a description of the activities, projects and/or programs (including their objectives and results), and, for each such activity, identify the person(s) knowledgeable about such activities, the person(s) involved in such activities, and state precisely where such activities were undertaken.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the

5

applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's request for a "description of the activities, projects and/or programs" because the wide range of information potentially responsive to this request is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 4**

Identify the three persons most knowledgeable about the structure, design, development, function, and operation of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 5**

6

Identify the three persons most knowledgeable about the manufacture and/or assembly of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."


**INTERROGATORY NO. 6**

Identify the three persons most knowledgeable about the marketing, sale and distribution of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

7

**INTERROGATORY NO. 7**

Describe any activities of Agere with respect to the design, development, fabrication, manufacture, assembly and/or testing of Agere Products, components thereof, or products containing same.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 8**

Describe any activities of Agere with respect to the marketing, sales and/or distribution of Agere Products, components thereof, or products containing same.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible

8

evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

## INTERROGATORY NO. 9

For each Agere Product, component thereof, or product containing same identified in Your answer to Interrogatory No. 1, identify the quantity produced, total sales volume, unit prices, purchaser, and the revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product, component thereof, or product containing same.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

### INTERROGATORY NO. 10

Describe any testing or analysis done by Agere or any other entity to determine whether, or that may have revealed whether, any Agere Product identified in response to Interrogatory No. 1 infringes any of the GE Patents, and identify all persons who performed, directed, or observed such tests and/or analyses, and provide the dates of any such tests and/or analyses, and identify any documents, such as reports, showing their results.

### ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, grossly overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 11**

Describe any plans or attempts by Agere to redesign any Agere Product identified in response to Interrogatory No. 1, and identify the person(s) knowledgeable of and the person(s) involved in any such plans or attempts, and identify all documents that refer to or relate to any such plans or attempts.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because the wide range of potentially responsive information is more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 12**

State whether Agere contends that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents and, if so, for each such claim identify all legal and factual bases for each such contention, and how the identified documents, things, facts

11

or knowledge support this assertion, and identify all people with knowledge thereof and all documents that support or refute Your contention.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 13**

If Agere contends that it has not willfully infringed the GE Patents, describe each fact that supports or refutes that contention and, with respect to each such fact, identify all people with knowledge thereof, and each document relating to that fact, including any opinions of counsel upon which Agere may rely.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 14**

Describe any statements, oral or written, by Agere concerning or relating to any GE Patent, and identify all documents containing or evidencing such statements.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Defendant further objects to Plaintiff's interrogatory because the wide range of information potentially responsive to this interrogatory is

13

more properly sought through less burdensome forms of discovery, including a request for documents and/or a Fed. R. Civ. Pro. 30(b)(6) deposition. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent any exist, that are responsive to this interrogatory.

**INTERROGATORY NO. 15**

Separately and with respect to each of the GE Patents, describe the circumstances under which Agere first became aware of the patent and identify each past and present director, officer, employee, representative or agent of Agere, including Agere's in-house and outside counsel, involved in such circumstances.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent any exist, that are responsive to this interrogatory.

Defendant further answers that it first became aware of the patents in suit on or around November 2, 2004, based on communications to Defendant from Plaintiff. Defendant's

14

investigation into the circumstances under which Agere first became aware of the patents in suit is ongoing, and Defendant reserves the right to supplement this answer as more information becomes available.

## INTERROGATORY NO. 16

State whether Agere has ever taken any position regarding the validity, enforceability, or infringement by Agere of any of the GE Patents and, if so, describe (a) the position and the circumstances in which that position was taken, (b) the specific bases for each such position, (c) the identity of all documents or prior art relating to those bases, and (d) how those documents and that prior art support such position.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

15

**INTERROGATORY NO. 17**

State whether Agere has ever been informed or concluded that any of the GE Patents is invalid, unenforceable, or not infringed by Agere, and, if so, identify the person(s) and/or entity that so informed Agere, or so concluded, the information communicated to Agere and the circumstances under which Agere was so informed, or so concluded, identify all documents or prior art relating to what Agere was informed, or so concluded, and explain the relationship of those documents and such prior art to the information Agere was provided or considered.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 18**

Identify all opinions, advice, analyses or communications, whether written or oral, relating to the enforceability, validity or infringement of any of the GE Patents, and identify the

16

person(s) who provided the opinion, advice, analysis or communication, the person(s) to whom the opinion, advice, analysis or communication was provided, the date such opinion, advice, analysis or communication was provided and describe the substance of the opinion, advice, analysis or communication which was provided and identify all documents relating to the opinion, advice, analysis or communication provided.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Further, Defendant is not required at this stage of the litigation to elect whether it will rely on any opinion of counsel in response to the allegation of willful infringement.

**INTERROGATORY NO. 19**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 101, and, if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 101 upon which this assertion is based and the documents, things, facts or knowledge upon which each such assertion is based, and explain in detail how the identified documents, things, facts or knowledge support this assertion.

17

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 20**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 102, and, if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 102 upon which this assertion is based and the documents, things, facts or knowledge upon which each such assertion is based, and explain in detail how the identified documents, things, facts or knowledge support this assertion.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this

18

request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 21**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to 35 U.S.C. § 103, and if so, with respect to each such claim identify all documents, things, facts or knowledge upon which Agere bases this assertion and explain in detail how the identified documents, things, facts or knowledge support Agere's assertion, including identification of how the identified documents, things, facts or knowledge disclose specific claim elements, and identify what suggestion, motivation, or knowledge in the relevant art supports Agere's application of 35 U.S.C. § 103.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 22**

State whether Agere contends that any claim of the GE Patents is invalid pursuant to any provision of 35 U.S.C. § 112, and if so, with respect to each such claim identify the specific provision of 35 U.S.C. § 112 of the Patent Act upon which this assertion is based and the documents, things, facts or knowledge upon which Agere bases this assertion, and explain in detail how 35 U.S.C. § 112 is not satisfied by the claim, and how the identified documents, things, facts or knowledge support this assertion.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of

Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

### INTERROGATORY NO. 23

State whether Agere contends that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents and, if so, for each such claim identify all legal and factual bases for each such contention, and how the identified documents, things, facts or knowledge support this assertion.

### ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

21

**INTERROGATORY NO. 24**

Identify in detail all facts that support Agere's second affirmative defense of "Legal Justification" and identify any documents that Agere claims support that defense.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

Subject to the foregoing objections, Defendant answers that it does not infringe the patents in suit because, among other reasons, it is licensed to practice the inventions claimed therein pursuant to the Patent Cross-License Agreement dated January 30, 2001 between Motorola, Inc. and AltoCom, Inc. Defendant incorporates herein by reference its response to Plaintiff's Interrogatory No. 31.

22

**INTERROGATORY NO. 25**

Identify in detail all facts that support Agere's fourth affirmative defense of "Laches/Waiver/Estoppel" and identify any documents that Agere claims support that defense.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

**INTERROGATORY NO. 26**

Identify in detail all facts that support Agere's sixth affirmative defense of "Prosecution History Estoppel" and identify any documents that Agere claims support that defense.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this

23

request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

### INTERROGATORY NO. 27

Identify in detail all facts that support Agere's seventh affirmative defense and ninth counterclaim of "Unenforceability" and identify any documents that Agere claims support that defense and counterclaim.

### ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of

Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 28

Identify all persons who Agere expects will offer testimony on its behalf at the trial in this case, including, without limitation, any expert witness and state the substance of the facts or opinions to which each person is expected to testify.

## ANSWER:

Defendant objects to this request as premature. Defendant will identify trial and expert witnesses, and the substance of their testimony, as required by the Federal Rules of Civil Procedure, the Local Rules, and the Scheduling Order in this matter.

Defendant incorporates herein its General Objections, including, in particular, General Objection No. 8. Plaintiff has not identified any claims allegedly infringed by Defendant's products. Defendant is willing to meet and confer with Plaintiff to ascertain which of Defendant's products allegedly infringe the patents in suit, and which claims of the patents in suit allegedly are infringed.

## INTERROGATORY NO. 29

Describe all Agere's policies and practices with respect to the filing, storage, retention and destruction of documents from August 2000 to the present, and person(s) most knowledgeable regarding each policy and to the extent it is followed.

25

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent any exist, that are responsive to this interrogatory.

**INTERROGATORY NO. 30**

Identify each legal action, including but not limited to any action before the U.S. Patent and Trademark Office, the International Trade Commission, and any federal, state or foreign court, concerning any of the Agere Products. For each such action, identify the case number, the court and presiding judge, the parties to the action, and all pleadings and other documents filed in the action and all depositions conducted, including the name of the deponent and date of the deposition.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Furthermore, to the extent the information is not

26

privileged, much of the requested information is readily available through more convenient,

publicly-accessible sources such as PACER.

Defendant also incorporates by reference its General Objections, including, in particular,

General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a

reasonable scope of the term "Agere Product."

Dated: September 17, 2007  TOWNSEND AND TOWNSEND AND CREW, LLP

            _____

            David E. Sipiora
            Ian L. Saffer
            Chad E. King
            1200 17th Street, Suite 2700
            Denver, Colorado 80202
            Telephone: (303) 571-4000
            Facsimile: (303) 571-4321
            Email: desipiora@townsend.com
            Email: ilsaffer@townsend.com
            Email: ceking@townsend.com

            YOUNG CONAWAY STARGATT & TAYLOR, LLP
            Josy W. Ingersoll
            John Shaw
            Chad Stover
            The Brandywine Building
            1000 West Street, 17th Floor
            Wilmington, DE 19899-0391
            Telephone: 302-571-6600
            Facsimile: 302-571-1253
            Email: jingersoll@ycst.com
            Email: jshaw@ycst.com
            Email: cstover@ycst.com

            **ATTORNEYS FOR AGERE SYSTEMS INC.**

27

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-30)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emory LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131436 v2

28

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170-JJF |
| v. | ) | |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AGERE SYSTEMS INC.'S  ANSWERS TO
PLAINTIFF CIF LICENSING, LLC'S
SECOND SET OF INTERROGATORIES (NOS. 31-42)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Agere Systems Inc.

("Defendant") responds to CIF Licensing, LLC, d/b/a GE Licensing's ("Plaintiff") Second Set of

Interrogatories (Nos. 31-42) ("Plaintiff's Interrogatories"), stating as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.      The following responses are made solely for the purpose of this action and are subject to

all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and

any and all other objections and grounds which would or could require or permit the exclusion of

any statement or response from evidence, all of which objections and grounds are reserved and

may be interposed at the time of trial.

2.      Subject to the specific and general objections listed herein, Defendant will answer each

interrogatory with responsive, non-privileged information within the current actual knowledge of

Defendant or through cross-references to produced documents according to F.R.Civ.P. 33(d).

3.    Defendant will answer interrogatories calling for confidential information or trade secrets only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.    The following answers are based on information known to Defendant as of the date of service. Discovery is continuing in this case, and accordingly these responses are subject to change. Defendant reserves the right to change, amend, or supplement the answers herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 33 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.    Defendant objects to Plaintiff's Interrogatories to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.    Defendant objects generally to Plaintiff's Interrogatories to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Such documents or information shall not be produced in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

7.    Defendant objects to Plaintiff's definition of "Agere Product(s)." The broad scope of term "Agere Product(s)" renders many of Plaintiff's interrogatories overly broad, unduly burdensome, and/or irrelevant. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's Interrogatories, to identify any asserted claims of the patents in

2

suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Effectively, Plaintiff seeks discovery on every modem ever made used or sold by Defendant or its predecessors in interest. Clearly, such discovery is overbroad and a meet and confer between counsel is necessary to arrive at a more reasonable scope for discovery in this case.

8.     Defendant objects to Plaintiff's interrogatories that seek Defendant's contentions or positions related to the alleged infringement (including willful infringement), validity and/or enforceability of the patents in suit. As noted above, Defendant has failed, in both its pleading and its answers to Defendant's interrogatories, to identify any asserted claims of the patents in suit, or to provide any explanation of how any claims of the patents in suit apply either to specific products or to any ITU standards purportedly covered by the patents in suit. Accordingly, Defendant cannot provide answers to any interrogatories that call for such contentions until Plaintiff has identified the claims and products at issue in this litigation.

9.     Defendant objects to any interrogatory seeking information related to sales, marketing, products, accounting, finances, or manufacturing prior to March 23, 2001 because this information is outside the time period for the applicable statute of limitations and thus is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 31

Identify in detail all facts and identify any documents that refer, relate to or support Agere's statement made in the July 30, 2007 proposed Scheduling Order and statements made by

Agere's counsel during the Scheduling Hearing of August 1, 2007 that Agere purports to have a "license defense."

**ANSWER:**

Without waiving its General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

Defendant further responds as follows: Defendant is the successor in interest to Lucent Technologies, Inc., and as such is licensed to practice the inventions claimed in the patents in suit under the one or more following agreements: (1) Software Modem License Agreement between Lucent Technologies, Inc. and AltoCom, Inc. dated May 2, 1999; (2) Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc. dated January 30, 2001; (3) Patent License Agreement among Agere Systems Guardian Corporation, Broadcom Corporation, and AltoCom Inc. dated July 1, 2001; and (4) Patent Settlement and Cross-License Agreement between Agere Systems, Inc. and Broadcom Corporation dated September 30, 2004. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

**INTERROGATORY NO. 32**

Describe and identify any license or other authorization that Agere purportedly has or had for any Agere Product (or for the design, manufacture or sale thereof) to practice any of the patents in suit, whether such license or authorization purportedly comes from or through GE

4

Licensing, Motorola, Inc., Lucent Technologies Corp., Altocom, Inc., Broadcom, Inc., or any

other entity, including the identification of the licensing entity, the product, process or property

licensed (including without limitation any patents).

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad,

unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to

lead to the discovery of admissible evidence. Without waiving its specific objections, or the

General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce

relevant and non-privileged documents, to the extent that any exist, that are responsive to this

interrogatory.

Defendant further responds as follows: Defendant is the successor in interest to Lucent

Technologies, Inc., and as such is licensed to practice the inventions claimed in the patents in

suit under the one or more following agreements: (1) Software Modem License Agreement

between Lucent Technologies, Inc. and AltoCom, Inc. dated May 2, 1999; (2) Patent Cross

License Agreement between Motorola, Inc. and AltoCom, Inc. dated January 30, 2001;

(3) Patent License Agreement among Agere Systems Guardian Corporation, Broadcom

Corporation, and AltoCom Inc. dated July 1, 2001; and (4) Patent Settlement and Cross-License

Agreement between Agere Systems, Inc. and Broadcom Corporation dated September 30, 2004.

On information and belief, additional potentially responsive information is in the possession of

third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom

Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

5

**INTERROGATORY NO. 33**

State whether the design, manufacturing and sale of any Agere Product, component thereof, or product containing same is licensed or otherwise authorized by GE Licensing or Motorola, Inc., and, if so, identify the Agere Product, component thereof, license or other source of such authorization and any and all facts and documents that support your contention.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory. Defendant further responds as follows: Defendant is the successor in interest to Lucent Technologies, Inc., and as such is licensed to practice the inventions claimed in the patents in suit under the one or more following agreements: (1) Software Modem License Agreement between Lucent Technologies, Inc. and AltoCom, Inc. dated May 2, 1999; (2) Patent Cross License Agreement between Motorola, Inc. and AltoCom, Inc. dated January 30, 2001; (3) Patent License Agreement among Agere Systems Guardian Corporation, Broadcom Corporation, and AltoCom Inc. dated July 1, 2001; and (4) Patent Settlement and Cross-License Agreement between Agere Systems, Inc. and Broadcom Corporation dated September 30, 2004. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

6

## INTERROGATORY NO. 34

Describe in detail and identify any documents relating to the existence of a relationship between Agere, Lucent Technologies Inc., Atlas Acquisition Corp., LSI Logic Corp., LSI Corp., AltoCom, Inc. and Broadcom Corp. at any time, including without limitation any correspondence, licensing or other communications between any such entities.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Agere is a successor to Lucent Technologies, Inc. ("Lucent"), such that information about the "relationship" between the entities could be massive. For example, such information could be construed to encompass all documents and information in possession of Agere previously held by Lucent. In addition to being of overwhelming volume, such information would be irrelevant. Similar problems exist with respect to other "relationships" among the entities identified above.

Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory as is relates to the corporate relationship between entities and specific transaction documents, such as licenses or contracts, if any.

## INTERROGATORY NO. 35

7

Describe in detail and identify any documents relating to, on a product-by-product basis, any intellectual property, know-how, technology, source code, components, plans, knowledge or other information, products or services received from AltoCom, Inc. or Broadcom Corp. that is incorporated into, used in or with or otherwise related to an Agere Product or its development or manufacture.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "Agere Product."

**INTERROGATORY NO. 36**

Describe in detail and identify any documents relating to the formation of Agere, the transfer of assets from Lucent Technologies Inc. to Agere and the merger of Agere and Atlas Acquisition Corp., LSI Logic Corp. and/or LSI Corp., including, without limitation, the effective date of such agreements.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated

8

to lead to the discovery of admissible evidence.  Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.  Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

## INTERROGATORY NO. 37

Describe in detail the assets, licenses and liabilities that were purported to be transferred to or from Lucent Technologies Inc. from or to Agere and the actual dates on which each such transfer occurred.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.  Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

## INTERROGATORY NO. 38

9

Describe in detail and identify any documents relating to communications between Agere and Motorola, Inc., Lucent Technologies Inc., Broadcom Corp. or AltoCom, Inc.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory as it relates to Motorola, Inc., Broadcom Corp. and AltoCom, Inc. Agere was part of Lucent Technologies Inc. and communications "between" these entities could encompass large amounts of irrelevant information. Agere is prepared to meet and confer with respect to discovery of such communication.

**INTERROGATORY NO. 39**

State Agere's position on whether or not Agere is a "customer" within the meaning of Section 4.2 of the January 30, 2001 agreement between AltoCom, Inc. and Motorola, Inc. and identify any facts and documents that support Agere's position.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, and unduly burdensome, and seeks information that is not relevant and not reasonably

10

calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Without waiving its specific objections, or the General Objections set forth above, pursuant to Fed. R. Civ. Pro. 33(d), Defendant will produce relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory.

Defendant further responds that it is the successor in interest to Lucent Technologies, Inc., and as such is a "customer" within the meaning of Section 4.2 of January 30, 2001 agreement between AltoCom, Inc. and Motorola, Inc. On information and belief, additional potentially responsive information is in the possession of third parties, including Motorola, Inc., Lucent Technologies, Inc., AltoCom Inc, and Broadcom Corporation, on whom subpoenas have been served pursuant to Fed. R. Civ. P. 45.

## INTERROGATORY NO. 40

For each Agere Product, state whether such product meets any standard or recommendation promulgated by the ITU Telecommunication Standardization Sector (ITU-T) or any other standards organization, including without limitation the V.17, V.29, V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34bis, V.34 plus, V.34 extended rate, X2, K56 Flex, V.90 and V.92 standards and identify specifically which of such standards or recommendations each Agere Product meets.

## ANSWER:

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "each Agere Product."

## INTERROGATORY NO. 41

Identify each and every dial-up device, software, combination of devices and/or software, or component of any of the foregoing, having modulation and/or demodulation capabilities which converts signals to a form suitable for transmission substantially within the voice-band frequency spectrum over telephone lines and/or which receives such transmitted signals (including, without limitation, devices, software, combination of devices and/or software, or components of any of the foregoing, the primary purpose of which is to practice some or all of the standards or recommendations V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34 extended rate, V.34bis, V.34 plus, X2, K56 Flex, V.90 and V.92) (for the purposes of Interrogatory No. 42 only, a "Modem") ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, imported into the United States or marketed.

12

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the terms "Modem" and " each and every dial-up device, software, combination of devices and/or software, or component of any of the foregoing."

**INTERROGATORY NO. 42**

Identify each and every standalone software Modem (as defined in Interrogatory No. 41) ever manufactured, used, distributed, sold, or offered for sale by or on behalf of Agere by model name, trade name, marketing name, internal name, type, description, design number, catalog number, and all other names and/or designations used by Agere, and the date it was first sold, offered for sale, imported into the United States or marketed.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence.

13

Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7. Defendant is willing to meet and confer with Plaintiff to identify a reasonable scope of the term "standalone software Modem."

Dated: September 17, 2007

TOWNSEND AND TOWNSEND AND CREW, LLP

David E. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: desipiora@townsend.com
Email: ilsaffer@townsend.com
Email: ceking@townsend.com

YOUNG CONAWAY STARGATT & TAYLOR
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com
**ATTORNEYS FOR AGERE SYSTEMS, INC.**

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing **DEFENDANT AGERE SYSTEMS INC.'S RESPONSES TO PLAINTIFF CIF LICENSING, LLC'S SECOND SET OF REQUESTS FOR INTERROGATORIES (NOS. 31-42)** was served by placing the same in the United States mail, postage prepaid and addressed to the following:

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

61131458 v2

15

# EXHIBIT F

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

November 21, 2007

VIA E-MAIL

Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ian:

This letter is to follow up on our letter of October 17, Agere's response letter dated November 4 and our meet and confer held on November 14. It is our understanding that Agere has agreed to supplement its interrogatory and document request responses for the products named in GE Licensing's defintion of "Agere Product(s)" and in GE's response to Agere interrogatory no. 1. We also understand that Agere is agreeable to our proposal of initially including a time limit of six (6) years in the definition of "Agere Product(s)." We have also proposed during each of the three meet and confers that Agere provide a simple list of its analog modem products (within the agreed time frame) and that GE Licensing identify additional specific products which would fall under the definition of "Agere Product(s)." While initially this appeared to be an agreeable solution to Agere, we understand from our November 14 meet and confer that Agere is taking the position that it does not need to produce this information.

In the interest of moving discovery forward, we have taken your invitation to draft a modified version of the definition of "Agere Product(s)." It is our understanding that Agere desired to see elements of the asserted claims in the definition, even though this is clearly problematic. Regardless, we think the below definition is reasonable and look forward to your agreement.

Ian L. Saffer
November 21, 2007
Page 2

"Agere Product(s)" shall mean any analog modem compliant with ITU-T recommendation V.34, V.90, V.92 (including any hardware modem, soft-modem or modem chip set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A2, SV92A3, SV92A35, SV92P, SV92P3, SV92PP, SV92U2, SV92EX, CVxx family (including but not limited to CV92, CV92L, CV90L, CV34 and CV34L), OCM-34, OCM-90, OCM-92, OCM-92E, Apollo Family, Mars Family, Luna Family, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF, L56XT, DSP1641B, DSP1641C, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648, DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D, DP2S, DP3, DP2LV34D, DP2Vxx family (including but not limited to DP2V34D and DP2V90DX), APL43, DSP1648, DSP1648C, CSP1034x family (including but not limited to CSP1034C, CSP1034AH, CSP1034H and CSP1034S), CSP1035A, CSP1037, CSP1037B, CSP1038, CSP1040, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components thereof, and/or products containing the same.

We would ask that Agere immediately produce documents related to all such Products and to supplement its responses to at least GE Licensing's interrogatory nos. 1-11, 12, 13, 16, 17, 19-28 30, 25, 26, 27, 40, 41 and 42 and request for production nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44.

We are available this week to have a teleconference if further discussion is required. We look forward to your prompt reply.

Sincerely,

Michael W. Connelly

cc:    Counsel of Record for Agere

WDC99 1493323-1.037743.0051

# EXHIBIT G

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

November 30, 2007

**VIA E-MAIL**

Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:   *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ian:

      This letter is to follow up on our letters of November 21 and October 17, Agere's response letter dated November 4 and our meet and confers held on November 5 and November 14. It has been over a week since we sent our proposed definition of "Agere Product(s)" for your consideration in our November 21 letter and have received no response. We also note that GE Licensing has yet to receive any product related documents (aside from production from a prior litigation which we were told in our November 5 meet and confer "may or may not" contain product information). During the November 9 hearing, the Court gave clear instructions that Agere's discovery obligations related to production of product-related information was not to be tied to GE Licensing's infringement contention obligations. However, it appears that Agere has chosen to ignore the Court's instructions. GE Licensing identified <u>specific</u> accused products in its August 17 interrogatories and document requests and now, over three months later, it is not unreasonable that production on at least those products should have begun.

      GE Licensing has continued its own investigation and has identified additional specific products and components which infringe one or more of the asserted patents. Below is a modified definition of "Agere Product(s)" which is substantially identical to our November 21 proposal except for the addition of several specific Agere products.

      "Agere Product(s)" shall mean any analog modem compliant with any of ITU-T recommendations V.34, V.90 or V.92 (including any hardware modem, soft-modem or modem chip

U.S. practice conducted through McDermott Will & Emery LLP.

600 Thirteenth Street, N.W. Washington, D.C. 20005-3096 Telephone: 202.756.8000 Facsimile: 202.756.8087 www.mwe.com

Ian L. Saffer
November 30, 2007
Page 2

set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A2, SV92A3/MDC1.5 Soft Modem, SV92A35, Montblanc Family, SV92P, SV92PL, SV92P2, SV92PP/PCI Soft Modem, Olympia Family, SV92U2/USB 2.0 Soft Modem, SV92EX, CVxx family (including but not limited to CV92, CV92L, CV90L, CV34 and CV34L), OCM-34, OCM-90, OCM-92, OCM-92E, Apollo Family, Mars Family, Luna Family, L56DAS, L56DASI, L56LAS, L56LASI, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF, L56XT, Venus Family, DSP1641B, DSP1641C, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648, DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D, DP2S, DP3, DP2LV34D, DP2Vxx family (including but not limited to DP2V34DX and DP2V90DX), APL43, PCI Controllerless Modem Family, DSP1648, DSP1648C, LU97, Scorpio, CSP1037, CSP1037B, CSP1034x family (including but not limited to CSP1034C, CSP1034AH and CSP1034S), CSP1035A, CSP1038, CSP1040, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components.

We renew our demand that Agere immediately produce documents related to all such Agere Products and to supplement its responses to at least GE Licensing's interrogatory nos. 1-11, 12, 13, 16, 17, 19-28 30, 40, 41 and 42 and request for production nos. 1-14, 16, 18, 19, 23-25, 30-32, 36, 39, 40, 43 and 44.

As always, we are available this week to have a teleconference if further discussion is required. We look forward to your prompt reply.

Sincerely,

Michael W. Connelly

cc:    Counsel of Record for Agere

WDC99 1497227-1.037743.0051

# EXHIBIT H

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

December 11, 2007

**VIA E-MAIL**

Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ian:

   This letter follows up on our letters of November 30, November 21 and October 17, 2007, Agere's response letter dated November 4, 2007 and our meet and confers held on November 5 and November 14, 2007. It has now been nearly three weeks since we first sent our proposed definition of "Agere Product(s)" for your consideration in our November 21 letter. We also note that GE Licensing still has yet to receive any product-related documents (aside from production from a prior litigation which we were told in our November 5 meet and confer "may or may not" contain product information).

   Although we have repeatedly sought a teleconference about this issue with no response, we again ask for your availability for an immediate meet and confer on these issues. We look forward to your prompt reply.

Sincerely,

Michael W. Connelly

cc:    Counsel of Record for Agere

U.S. practice conducted through McDermott Will & Emery LLP.
600 Thirteenth Street, N.W. Washington, D.C. 20005-3096 Telephone: 202.756.8000 Facsimile: 202.756.8087 www.mwe.com

# EXHIBIT I

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Michael W. Connelly
Attorney at Law
mconnelly@mwe.com
202.756.8037

January 25, 2008

**VIA E-MAIL**

Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:   *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ian:

We have reviewed Agere's supplemental responses to GE Licensing's first and second interrogatories and have identified a number of deficiencies, as set forth below. To the extent Agere does not believe that it can correct these deficiencies by the end of the month, we would like to schedule a meet and confer for this week or early next week.

**I.      Agere's Responses To GE Licensing's First and Second Interrogatories**

**A.      Agere's General Objections**

*General Objection Nos. 7 and 8:* Agere continues to object to GE Licensing's revised definition of "Agere Product(s)." Agere continues to provide no reasoning for this objection and, to date, has refused to engage GE Licensing in any discussion of an acceptable alternative. In addition, Agere also says its objection is "exacerbated" by "Plaintiff's failure, in its pleading and answers to Defendant's interrogatories, to provide an explanation of how the claims of the patents in suit apply to Defendant's specific products." Agere has not, to date, commented in any way on the supplemental interrogatory responses served by GE Licensing on November 30. However, we understand these objections are not being applied by Agere to limit its discovery responses. Please confirm that this understanding is correct.

U.S. practice conducted through McDermott Will & Emery LLP.

600 Thirteenth Street, N.W. Washington, D.C. 20005-3096   Telephone: 202.756.8000   Facsimile: 202.756.8087   www.mwe.com

Ian L. Saffer
January 25, 2008
Page 2

### B.   Specific Responses

*Response to Interrogatory No. 1*:  Exhibit 1 does not contain the dates on which the Agere Products were first sold, offered for sale or marketed, as requested in Interrogatory No. 1. Please supplement this chart to include this information.  If this data is included in Exhibit 2, please let us know.

*Response to Interrogatory No. 2*: Agere states in its supplemental response that Broadcom Corp. and Silicon Laboratories Inc. have provided, respectively, source code and chipsets for Agere Products. Agere has failed to specify which Agere Products include chipsets received from Silicon Laboratories, Inc.  Further, please confirm that the "soft modem products" in the response whose source code is provided by Broadcom Corp. refer to the products listed in Exhibit 1 under the headings "PC AC97/HDA Soft Modems," "PC USB Soft Modems" and "PC PCI/PIC_Express Soft Modems."

*Response to Interrogatory Nos. 3 and 7*: GE Licensing requested the precise dates for the beginning of development of each of the products set forth in Exhibit 1.  Agere's response of "1996 and thereafter" is insufficient and lacks any specificity.  Further, Agere's statement that documents containing the answers to this interrogatory "may be found in documents produced from Defendant's MRI system" is nonresponsive, since Agere produced the MRI database on several DVDs, encompassing over 5 GB of data and 15,000 files.  Please supplement this interrogatory to include more specific information.

*Response to Interrogatory Nos. 5 and 6*: Agere states that it is prepared to supplement these responses to identify the three people most knowledgeable for each of these interrogatories. Please do so.

*Response to Interrogatory No. 8*:  Agere refers back to its response to Interrogatory No. 3 and also states that the answer may be found in the "product data paks."  Please see GE Licensing's comments to Interrogatory No. 3 above and, further, please provide a more specific response as to what the "product data paks" are and where in the "product data paks" the answer may be found.

*Response to Interrogatory No. 9*:  GE Licensing is in the course of reviewing Exhibit 2 for sufficiency.

*Response to Interrogatory No. 26*:  Agere's withdrawal of Prosecution History Estoppel as an affirmative defense is acknowledged, and presume that its inclusion in the First Amended Answer was an oversight.

*Response to Interrogatory No. 30*:  As requested, please provide a list identifying each legal action concerning any of the Agere Products, by case number, judge, and parties, and include pleadings and other documents.  Agere's response is insufficient under Rule 33(d) as it references document ranges of 84,000 and 27,000 pages and then appears to indicate there may be more pages coming.

Ian L. Saffer
January 25, 2008
Page 3

*Response to Interrogatory No. 40*: Agere was asked to state whether each product identified in Exhibit 1 was compliant with the list of recommendations included in Interrogatory No. 40. Agere has only responded with respect to V.34 and V.92. Agere objects to this interrogatory for the first time based on its statement that "Plaintiff has not even alleged that any of the enumerated standards, other than V.34 and V.92, are covered by any of the GE Patents." Regardless of whether V.34 and V.92 implicate infringement, that does not exempt other discovery regarding whether other recommendations may also implicate infringement. For the moment, supplementation as to V.92 and all V.34 variants will be acceptable. Please supplement Exhibit 1 to provide the requested information. Further, Agere fails to state in Exhibit 1 whether the L56RV modem is compliant with any recommendation.

*Response to Interrogatory No. 41*: Agere merely incorporates its response to Interrogatory No. 40, which in turn refers to Exhibit 1. Please state whether each and every product listed on Exhibit 1 falls under the "Identify" request of Interrogatory No. 41.

*Response to Interrogatory No. 42*: Agere merely incorporates its response to Interrogatory No. 40, which in turn refers to Agere's response to Interrogatory No. 40, which in turn refers to Exhibit 1. Please state whether Agere considers each and every product listed on Exhibit 1 to be a "standalone software modem" as described in Interrogatory No. 42.

As mentioned, we are available this week or early next week to have a teleconference to discuss the issues raised above. In any event, we expect to receive responses to interrogatories 12, 19, and 22-25 by this Friday, January 25, as Agere stated in its January 10th letter and on pages 9-10 in its January 10th brief to the Court.

Sincerely,

Michael W. Connelly

cc:    Counsel of Record for Agere

WDC99 1519251-2.037743.0051

# EXHIBIT J

T<small>OWNSEND</small>
*and*
T<small>OWNSEND</small>
*and*
C<small>REW</small>
<small>LLP</small>

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

February 8, 2008

*VIA E-MAIL*

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Email: mconnelly@mwe.com

    Re:    *CIF Licensing, LLC d/b/a GE Licensing ("GE") v. Agere Systems, Inc. ("Agere")*

Dear Mike:

    I write in response to your January 25, 2008 and February 5, 2008 letters to Ian Saffer, in which you raise several issues concerning Agere's discovery responses.  As an initial matter, you mention in your letter that "we expect to receive responses to interrogatories 12, 19 and 22-25 by this Friday, January 25, as Agere stated in its January 10th letter and on pages 9-10 in its January 10th brief to the Court."  We are uncertain why you expected responses by January 25, given that the parties agreed, as memorialized by the stipulation filed January 17, 2008, that "Agere will supplement its answers to interrogatories by January 31, 2008 . . . ," and further agreed by stipulation to extend that date to February 8, 2008.  Pursuant to those stipulations, Agere will provide supplemental answers to all interrogatories, including those mentioned in your letter, today.

    Turning to specific points you raise in your letter, with regard to general objections 7 and 8, we confirm that Agere has provided, or will provide by January 31, 2008, a broad document production, which is not limited to documents pertaining to modems specifically identified by GE.  Moreover, although we indicated in my January 23, 2007 email message to you that Agere does not believe that the hierarchical schematics you requested will provide GE with any useful information, because we never received a response regarding your need for those documents, Agere will produce all of the hierarchical schematics that it can obtain.  These schematics, along with the available design documents, will be identified by filename on Exhibit 1 to Agere's second supplemental responses to GE's interrogatories.  Notwithstanding the broad scope of Agere's discovery responses and production, Agere continues to object to GE's improper attempts to equate v.34/v.92 compliance with infringement of GE's patents by Agere modems, and Agere, therefore, continues to assert general objections 7 and 8.

    Your letter also takes issue with Agere's answer to Interrogatory No. 1, asserting that Agere's answer fails to "contain the dates on which the Agere Products were first sold, offered

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

for sale or marketed." To the extent that a date of first sale of a particular product occurred after March 23, 2001, that information is available in Exhibit 2 to Agere's supplemental responses to GE's interrogatories. To the extent that Interrogatory No. 1 requests information about sales prior to March 23, 2001, Agere's position is that the Interrogatory is overbroad.

With respect to Interrogatory No. 2, Exhibit 1 to Agere's second supplemental interrogatory responses, which will be served today, will identify products that incorporate chipsets from Silicon Laboratories, Inc. Further, we confirm that all of Agere's soft modem products, including the products identified as soft modems on Exhibit 1 (under the headings PCAC97/HDA Soft Modems," PC USB Soft Modems" and "PC PCI/PIC_Express Soft Modems"), employ source code provided by Broadcom Corp. and/or its predecessor in interest.

Concerning Interrogatory Nos. 3 and 7, all of Agere's modems are derived from similar technology, and Agere's product line represents an evolution of, and/or different applications of, that technology, development of which began at least as early as 1993. Accordingly, it is difficult to identify when development of a particular product began, as the development of an earlier product naturally blends with the development of a later product. Moreover, to the extent that Interrogatory Nos. 3 and 7 seek, respectively, information about "any activities, projects or programs, whether formal or informal directed to design and development of each Agere Product . . ., including a description of the activities, projects or programs," and "any activities of Agere with respect to the design, development, fabrication, manufacture, assembly, and/or testing of Agere Products, components thereof, or products containing same," those interrogatories are hopelessly overbroad and reasonably cannot be answered. Hence, Agere has referred GE to the documents from the MRI database and has suggested that GE seek additional information through depositions. Your letter indicates your belief that Agere's reference to the MRI database is non-responsive, and in the letter, you request more specific information. The MRI database, however, is designed to track precisely the activities on which Interrogatory Nos. 3 and 7 are focused, so Agere's position is that the vast majority, if not all, of the documents produced to GE from the MRI database are responsive to Interrogatory Nos. 3 and 7. If you are looking for specific information, we are willing to discuss the best way for Agere to provide the information you seek.

Similarly, GE's Interrogatory No. 8 requests that Agere "[d]escribe any activities of Agere with respect to the marketing, sales and/or distribution of Agere Products, components thereof, or products containing same." Agere's position is that, like Interrogatory Nos. 3 and 7, this interrogatory is too broad to allow Agere to provide any reasonable answer. Again, we suggest that a deposition is the more appropriate vehicle to obtain this type of information. Nonetheless, Agere will supplement its response to Interrogatory No. 8 to identify locations, in Agere's production, of documents that provide information responsive to this interrogatory, and to the extent you identify specific information about these activities, we are willing to work with you to try to provide that information.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Michael W. Connelly
February 8, 2008
Page 3

With respect to Interrogatory Nos. 5 and 6, we confirm that Agere will supplement its answers to identify three persons in response to each interrogatory.

Regarding Interrogatory No. 30, Agere will supplement its answer to provide information from the court dockets in each prior legal action. Agere is still attempting to obtain, from its prior counsel, additional documents concerning these legal actions.

Your letter takes issue with Agere's response to Interrogatory No. 40 but indicates that "supplementation as to V.92 and all V.34 variants will be acceptable." Without conceding that the issue of whether any of Agere's products comply with any "variants" of v.34 has any relevance to the issues in this case or is reasonably calculated lead to the discovery of any admissible information, Agere is attempting to determine which, if any, of its products comply with these variants. To the extent such information is available, Agere will supplement its answer to Interrogatory No. 40 to include such information.

Regarding Interrogatory No. 41, Agere confirms that each of the devices listed on Exhibit 1, identifies a "Modem" as defined in Interrogatory No. 41.

With respect to Interrogatory No. 42, Agere continues to object to this interrogatory as impermissibly vague, at least in part because GE fails anywhere to define the term "standalone software modem." Having said that, Agere confirms that each of the modems listed in Exhibit 1 under the headings "PCAC97/HDA Soft Modems," PC USB Soft Modems" and "PC PCI/PIC_Express Soft Modems" is a soft modem. If GE would like to provide a definition for the term "standalone software modem," Agere is willing to identify which of its modems, if any, meet that definition.

If you would like to discuss by telephone Agere's position on any of the issues raised in your letter, please let us know.

Sincerely,

Chad E. King

CEK\
61267885 v1

# EXHIBIT K

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT AGERE SYSTEMS INC.'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF CIF LICENSING, LLC'S REQUESTS FOR PRODUCTION OF
DOCUMENTS AND TANGIBLE THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Agere Systems Inc. ("Defendant") supplements its responses to CIF Licensing, LLC's ("Plaintiff") Requests for Production of Documents and Tangible Things ("Plaintiff's Requests"), stating as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.     The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any statement or document or part thereof from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.     Subject to the specific and general objections listed herein, Defendant will respond to each document request with any existing responsive, non-privileged documents currently in its possession, custody, or control. By stating in these responses that it will produce documents,

Defendant does not represent that any document actually exists, but rather, that it has and will make a diligent search and reasonable inquiry to ascertain whether documents responsive to the requests do, in fact, exist.

3.      Defendant will produce its confidential documents and information or documents containing trade secret information only after a Protective Order is entered by the Court in this action or subject to Local Rule 26.2.

4.      The following responses are based on information and documents available to Defendant as of the date of service.  Discovery is continuing in this case, and accordingly the responses are subject to change.  Defendant reserves the right to change, amend, or supplement the responses herein as permitted by the applicable rules.  The responses contained herein are made in a good faith effort to comply with the provisions of Rule 34 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of Defendant in relation to further discovery, research, and analysis.

5.      Defendant objects to Plaintiff's Requests to the extent they purport to impose on Defendant obligations that are inconsistent with the Federal Rules of Civil Procedure or local rules.

6.      Defendant objects generally to Plaintiff's Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.  Such documents or information shall not be produced in response to the Plaintiff's Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine that may attach thereto.

7.      Defendant objects to Plaintiff's definition of "Agere Product(s)," as well as the revised

2

definition of "Agere Product(s)" provided by Michael Connelly's letter dated November 30, 2007. The broad scope of term "Agere Product(s)" renders many of Plaintiff's Requests irrelevant, overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. This defect is exacerbated by Plaintiff's failure, in its pleading and its answers to Defendant's interrogatories, to provide an explanation of how the claims of the patents in suit apply to Defendant's specific products. Nonetheless, given the large number of products specifically identified in the revised definition of "Agere Product(s)" provided by Mr. Connelly's letter of November 30, 2007, Defendant has concluded that parsing Defendant's documents on a product-specific basis to exclude documents concerning products other than those specifically identified by Plaintiff is not practical. Accordingly, Defendant has not limited its document production to documents pertaining to the specifically-identified products. Agere's production effectively includes responsive documents relating to all of Agere's analog modem products that have been made, used or sold since March 23, 2001.

8.     Defendant objects to any of the Plaintiff's Requests seeking information related to products not sold or offered for sale after March 23, 2001 as being overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such products fall outside the time period for the applicable statute of limitations, and information and documents concerning those products therefore is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

All documents, the identification of which was requested in Plaintiff CIF Licensing LLC's First Set of Interrogatories to Defendant Agere Systems Inc.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

### REQUEST FOR PRODUCTION NO. 2

Three (3) samples of each Agere Product identified in response to Interrogatory No. 1 and three (3) samples of any evaluation or demonstration board relating to the Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's

4

Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to

Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced

currently-available samples of Agere's products and will produce additional samples as they

become available.

## REQUEST FOR PRODUCTION NO. 3

All transistor-level schematics for each Agere Product identified in response to

Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly

burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

the discovery of admissible evidence. Defendant also incorporates by reference its General

Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's

Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to

Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all

responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 4

All documents, including without limitation e-mails and slides, concerning the design,

manufacture, assembly, or testing (including all testing conducted to incorporate information and

graphs within the product datasheets) of any Agere Product identified in response to

Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

**REQUEST FOR PRODUCTION NO. 5**

All source code related to or used with any Agere Product identified in response to Interrogatory No. 1

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states as follows: As Defendant has informed Plaintiff on multiple occasions, Defendant is waiting for Plaintiff to designate a location for production of the source code into escrow. Once this location has been

6

designated, Defendant will produce source code, according to the terms of the Protective Order, used with its analog modem products that have been made, used or sold since March 23, 2001.

## REQUEST FOR PRODUCTION NO. 6

All documents, including without limitation e-mails and slides, concerning design specifications (including initial objective specifications) for each Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 7

Documents, including without limitation e-mails and slides, sufficient to identify any assembly arrangement, distributor, customer, or manufacturer for each Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 8**

Documents, including without limitation e-mails and slides, sufficient to identify the location and name of each design, fabrication, assembly, or testing facility for each Agere Product identified in Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced responsive, non-privileged documents.

8

## REQUEST FOR PRODUCTION NO. 9

Documents, including without limitation e-mails and slides, sufficient to identify companies and individuals not employed by Agere, including but not limited to consultants and contractors, that have designed, manufactured, assembled, or tested any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 10

All instruction manuals, datasheets, brochures, pamphlets, promotional material, and advertisements concerning any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's

9

Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 11

Documents, including without limitation e-mails and slides, sufficient to identify on a quarterly basis the quantity produced, total sales volume, and the revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product identified in response to Interrogatory No. 1 and the identification of all entities that purchased, licensed, sublicensed or leased such Agere Product and the volume and dollar amount purchased, licensed, sublicensed or leased by that entity.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced responsive, non-privileged documents.

10

## REQUEST FOR PRODUCTION NO. 12

All reports regularly supplied to Agere's management outlining some or all of the information requested in the preceding Request.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 13

All project meeting minutes concerning the design, development, or testing of any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to

11

Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 14

All progress reports concerning the design, development, or testing of any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 15

All documents, including without limitation e-mails and slides, concerning any testing or analysis done by Agere or anyone else to determine whether, or that may have revealed whether, any Agere Product infringes any of the GE Patents.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that no responsive, non-privileged documents exist.

## REQUEST FOR PRODUCTION NO. 16

All documents, including without limitation e-mails and slides, relating to any plan or attempt by Agere to redesign any Agere Product.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that no responsive, non-privileged documents exist.

## REQUEST FOR PRODUCTION NO. 17

All documents, including without limitation e-mails and slides, relating to or discussing any attempt to avoid infringement of any of the GE Patents.

13

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that no responsive, non-privileged documents exist.

**REQUEST FOR PRODUCTION NO. 18**

All documents, including without limitation e-mails and slides, relating to any contention by Agere that it does not infringe, either literally or under the doctrine of equivalents, any claim of the GE Patents.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

14

**REQUEST FOR PRODUCTION NO. 19**

All documents, including, but not limited to, e-mails, presentation materials, slide presentations, press releases, customer success stories, reference account testimonials, analyst reports, notes, and handouts used in the introduction and/or promotion of any Agere Product identified in response to Interrogatory No. 1.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

**REQUEST FOR PRODUCTION NO. 20**

All documents, including without limitation e-mails and slides, referring or relating to the matters alleged in GE Licensing's Complaint and Agere's Answer and Counterclaims.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's

15

Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 21

All documents, including without limitation e-mails and slides, relied upon or consulted by Agere in preparing Agere's Answer and Counterclaims or answers to interrogatories served by GE Licensing to Agere.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 22

Plaintiff's First Set of Requests for Production of Documents and Things did not contain a Document Request No. 22.

16

## REQUEST FOR PRODUCTION NO. 23

All documents, including without limitation e-mails and slides, sufficient to identify all customers, distributors, suppliers, resellers, seller's agents or independent sales representatives, and manufacturers of each Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 24

All documents, including without limitation e-mails and slides, referring or relating to Agere's market share for each Agere Product identified in response to Interrogatory No. 1, including, but not limited to, all competitive analyses, press releases, financial reports, financial performance analyses, business plans, and similar documents that refer or relate to Agere's projected and actual financial performance.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

17

the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 25

All documents, including without limitation e-mails and slides, referring or relating to comparisons between any Agere Product and other products of other companies.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 26

All documents, including any Prior Art, that Agere contends are relevant to the scope or meaning of any of the claims of the GE Patents.

18

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

**REQUEST FOR PRODUCTION NO. 27**

All searches, studies, opinions, evaluations, or infringement investigations made in connection with any domestic or foreign patents, literature, or other published materials, relating in any manner to any alleged invention disclosed, described, or claimed in the patents-in-suit, and all documents referring or relating to such searches, studies, opinions, or evaluations, including but not limited to issues of novelty, patentability, validity, enforceability, or enforceable scope of the patents-in-suit.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to

19

Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that no responsive, non-privileged documents exist.

## REQUEST FOR PRODUCTION NO. 28

All documents on which Agere may rely in support of any contention that it does not infringe the GE Patents.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 29

All documents on which Agere may rely in support of a contention that it does not willfully infringe the GE Patents, including any opinions of counsel.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General

Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 30

All documents, including without limitation e-mails and slides, given to Agere or disseminated by Agere at any presentation or meeting, relating to GE Licensing, Motorola, Inc., the GE Patents and/or the possibility that any Agere Product might infringe the GE Patents, including but not limited to booklets, analyses, claim charts, memoranda, or other documents used or exchanged in connection with such presentation or meeting.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

21

## REQUEST FOR PRODUCTION NO. 31

All documents, including without limitation e-mails and slides, referring or relating to any communication between Agere and any third party relating to any Agere Product and any evaluation boards relating to those products, including, but not limited to, their structure, design, development, function, operation, manufacture, marketing and sale.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 32

All documents, including without limitation e-mails and slides, referring or relating to any co-development or co-development agreement between Agere and a third party concerning any Agere Product identified in response to Interrogatory No. 1.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General

22

Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 33

To the extent available, English Translations of any foreign language documents produced in response to these Requests For Production.

## RESPONSE:

Defendant incorporates by reference its General Objections. Without waiving its objections, Defendant states as follows: None of Defendant's documents have been produced in a foreign language.

## REQUEST FOR PRODUCTION NO. 34

All keys, codes, explanations, manuals, and other documents necessary to the interpretation or understanding of the financial and technical documents produced in response to these Requests For Production.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's

23

Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 35

All documents constituting, referring to, or relating to any communications, including confidential communications, between Agere and GE Licensing.

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 36

All documents, including without limitation e-mails and slides, referring or relating to any license or other authorization that Agere purportedly has or had for any Agere Product to practice any of the patents in suit, whether such license or authorization purportedly comes from or through GE Licensing, Motorola, Inc., Lucent Technologies Corp., Altocom, Inc., Broadcom, Inc., or any other entity.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

**REQUEST FOR PRODUCTION NO. 37**

All documents, including without limitation e-mails and slides, referring, relating to, or supporting Agere's statement made in the July 30, 2007 proposed Scheduling Order and statements made by Agere's counsel during the Scheduling Hearing of August 1, 2007 that Agere purports to have a "license defense."

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

25

**REQUEST FOR PRODUCTION NO. 38**

All documents constituting, referring to, or relating to any communications, including confidential communications, between Agere and Altocom, Inc. and Agere and Broadcom, Inc. that bear in any way on Agere's purported license defense.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

**REQUEST FOR PRODUCTION NO. 39**

All other documents that bear in any way on Agere's purported license defense, including without limitation e-mails and slides, referring or relating to Agere Products (including without limitation those documents referring or relating to any intellectual property, know-how, technology, source code, components, plans, knowledge or other information, products or services incorporated into or used in the design, manufacture or sale of Agere Products) received from GE Licensing, Motorola, Inc., Lucent Technologies Inc., AltoCom, Inc. or Broadcom Corp.

26

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

**REQUEST FOR PRODUCTION NO. 40**

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to any license of patent rights or transfer of license rights related to any Agere Product, including without limitation agreements with or between any of Agere, Lucent Technologies Inc., Atlas Acquisition Corp., LSI Logic Corp., LSI Corp., AltoCom, Inc. and Broadcom Corp.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to

27

Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

### REQUEST FOR PRODUCTION NO. 41

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to the formation and corporate structure of Agere, including without limitation all documents constituting, referring to, or relating to the transfer of assets from Lucent Technologies Inc. to Agere, the merger of Agere and Atlas Acquisition Corp. and the ownership of Agere by LSI Logic Corp. or LSI Corp.

### RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

### REQUEST FOR PRODUCTION NO. 42

All documents, including without limitation e-mails and slides, constituting, referring to, or relating to assets, licenses and liabilities transferred to or from Lucent Technologies Inc. from or to Agere.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 43

All documents, including without limitation e-mails and slides, referring or relating to a license defense and any proceeding in the United States or in a foreign country, including, but not limited to, litigation (including but not limited to the litigation captioned "In re Townsend Patent Litigation, Townsend Intellectual Property, L.L.C. v. Agere Systems, Inc." before the U.S. District Court for the Northern District of California docket No. 5-02-CV-4833), arbitration or dispute, contested proceeding or charge of infringement (whether formal or informal), pending or threatened, that in any way relates to Agere or Agere Products, components thereof, or products containing same, including, but not limited to, settlement agreements, deposition transcripts, hearing transcripts, pleadings and discovery responses from such proceeding.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to

the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents within the possession or control of Defendant, of which Defendant is currently aware. Defendant is still attempting to obtain additional documents from its prior counsel. Such documents will be produced when they have been obtained by Defendant.

## REQUEST FOR PRODUCTION NO. 44

All documents constituting, referring to, or relating to any standard promulgated by the ITU Telecommunication Standardization Sector (ITU-T) or any other standards organization, including without limitation the V.17, V.29, V.32bis, V.32 terbo, V.FC, V.Fast, V.Fast Class, V.34, H.324, V.34Q, V.34R, V.34 extended rate, V.34bis, V.34 plus, X2, K56 Flex, V.90 and V.92 standards, including without limitation any documents referring or relating to any Agere Product identified in response to Interrogatory No. 1 meeting or complying with such standard(s).

## RESPONSE:

Defendant objects to this request on the grounds that it is compound, vague, overly broad, unduly burdensome, seeks information that is not relevant and/or that occurred before the

applicable limitations period, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above. In addition, Defendant objects to this interrogatory on the grounds that Plaintiff has not even alleged that any of the enumerated standards, other than v.34 and v.92, are covered by any of the GE Patents. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

## REQUEST FOR PRODUCTION NO. 45

All documents , including without limitation e-mails and other communications, referring, relating to or supporting Agere's affirmative defense of "patent exhaustion."

## RESPONSE:

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome, and seeks documents that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Defendant also incorporates by reference its General Objections, including, in particular, General Objection No. 7, as set forth above, and Defendant's Supplemental Response to Interrogatory No. 1. Without waiving its objections, and subject to Defendant's duty to supplement under F.R.C.P. 26(e), Defendant states that it has produced all responsive, non-privileged documents of which Defendant is currently aware.

31

Dated: February 8, 2008

TOWNSEND AND TOWNSEND AND CREW, LLP

David E. Sipiora
Ian L. Saffer
Chad E. King
1200 17th Street, Suite 2700
Denver, Colorado  80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: desipiora@townsend.com
Email: ilsaffer@townsend.com
Email: ceking@townsend.com

YOUNG CONAWAY STARGATT & TAYLOR
Josy W. Ingersoll
John Shaw
Chad Stover
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: jingersoll@ycst.com
Email: jshaw@ycst.com
Email: cstover@ycst.com

ATTORNEYS FOR AGERE SYSTEMS INC.

32

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, Esquire, hereby certify that on February 8, 2008, I caused a true and

correct copy of the foregoing document to be served on the following in the manner indicated:

### BY HAND DELIVERY and E-MAIL

Richard L. Horwitz, Esquire
Philip A. Rovner, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL and FEDERAL EXPRESS

Joel E. Freed, Esquire
Brian E. Ferguson, Esquire
Mark A. Davis, Esquire
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
madavis@mwe.com

058626.1006

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
mwheeler@mwe.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Chad S.C. Stover (No. 4919)
cstover@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Agere Systems Inc.*

2

# EXHIBIT M

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel 303.571.4000
Fax 303.571.4321

desipiora@townsend.com

January 10, 2008

*VIA EMAIL AND U.S. MAIL*

Joel M. Freed
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Email: mconnelly@mwe.com

*RE: Discovery Issues and Pending Motion to Compel*

Dear Joel:

This letter pertains to Mike Connelly's letter to Ian Saffer dated December 19, 2007, GE's pending Motion to Compel, and our phone call of today's date regarding Agere's responses to GE's discovery requests. First, we will address the specific issues from your letter by number, and then we will address your concerns over Agere's discovery response in light of your pending Motion to Compel. The following numbered points correspond to the numbers you used for each issue in your December 19, 2007 letter:

1.  With respect to digital files produced on CDs and DVDs, you were concerned that the documents did not contain Bates labels and could be difficult to use throughout the litigation. We have already expended significant effort, as discussed in further detail below, to organize these files and are under no duty to Bates label the documents; to the extent that you believe Bates labels would be worthwhile, however, we would be pleased to contact a third party vendor to print and Bates label these documents at your expense.

2.  You asked us to "confirm that Agere has produced or intends to produce final hierarchical schematics and original design documents for all Agere products (under the revised definition provided by GE Licensing in its letter of November 30)[.]" We believe that we have produced most, if not all, of this information in the documents produced from Agere's MRI database and the Modem Applications Engineering Website, as we discussed in our call today; as we noted on the call, however, we are continuing our production and working with our client to insure that we have produced or will produce these types of documents.

3.  Issue three relates to password protected files within Agere's production. In our call this morning we provided the passwords we currently have, which we expect will be sufficient to open any documents that we have produced thus far. Additionally, as we

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Michael W. Connelly
January 10, 2008
Page 2

stated in our call, if you find any documents that you are unable to access you may contact Chad King in our office; he will contact our client and relay any necessary passwords for your use in accessing the produced files.

4. With respect to the dates shown on the documents obtained from the Modem Applications Engineering Web Site and the MRI database, these are the dates the files were downloaded from the website/database. As we agreed earlier, we have not taken specific efforts to preserve metadata in the copies produced to you. If you believe you need metadata for any specific file, we are willing to discuss that need and accommodate reasonable requests.

5. As we mentioned during our call this morning, all gaps in Bates numbering in Agere's production thus far have been intentional. With respect to documents between numbers 1913 and 3132, which are specifically mentioned in your letter, we have not produced document numbers 1914-1916, 2021-2022, 2073-2075, 2366-2372, and 2887-2888 based on privilege. All other documents between 1913 and 3132 have been produced. Specifically, those documents were produced on a CD-ROM mailed to you on December 14, 2007.

Turning to the issues raised in your Motion to Compel and in today's conference call, Agere is now in a position to assess the status of its responses to GE's requests for production of documents and GE's interrogatories.

First, as we mentioned in our call today, while we maintain our objection to GE's definition of Agere products, our intention is to produce (and indeed, we have produced, in large part) responsive documents that pertain to each of the products enumerated in you November 30, 2007 letter. Moreover, given the large number of enumerated products, we have reached the conclusion that parsing Agere's documents on a product-specific basis to exclude documents concerning products not identified by GE is not worth the time or expense. Accordingly, Agere's production set likely will include additional documents related to modem products not identified by GE, and as a practical matter, Agere's production set effectively includes responsive documents relating to all of Agere's analog modem products that have been made, used or sold since March 23, 2001.

We have spent a significant amount of time organizing the documents to facilitate your review. Furthermore, Chad King in our office has agreed to spend additional time familiarizing you with the organization of the documents from the MRI database and the Modem Applications Engineering Website, so you will understand the organizational structure of our production. Agere is required to produce these documents as they were kept in the ordinary course of business, and by organizing the documents by project name and offering to explain the organization to you, we believe have gone above and beyond our duties in discovery. As noted above, however, to the extent you would like us to provide Bates-labeled image copies of the documents at GE's expense, we are willing to discuss that with you.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Michael W. Connelly
January 10, 2008
Page 3

With respect to your document requests, Agere has already produced the vast majority of responsive, non-privileged documents, and we are continuing our production and intend to have produced all but a very small number of documents by the end of next week. Furthermore, we are continuing our effort with our client to continue our rolling production and have every responsive and non-privileged document produced by the end of the month.

With respect to your interrogatory responses sought in the pending Motion to Compel, we will supplement our responses to GE's interrogatory Nos. 1-11, 13, 16, 17, 20, 21, 26-28, 30, and 40-42 by January 16, 2007, before the hearing on the Motion to Compel. Furthermore, we will supplement our responses to GE's interrogatory Nos. 12, 19, and 22-25 by January 25, 2007. Of course, we reserve the right under Rule 26(e) to update these responses based on information obtained from the ongoing review of documents, your discovery responses, and upon obtaining documents from third parties (including, in particular, Broadcom).

Based on the above schedule for supplementing interrogatories and producing documents, we anticipate that your pending motion to compel is now moot, and we urge you to withdraw your motion.

Please let me know if you have any questions.

Sincerely,

David E. Sipiora     for DES.

61251849 v1

# EXHIBIT N

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Amanda E. Koenig
Associate
akoenig@mwe.com
202.756.8075

March 19, 2008

VIA E-MAIL

Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,* C.A. No. **07-170**

Dear Mr. Saffer:

I write with respect to various deficiencies in Agere's responses to GE Licensing's discovery requests, which are not exclusive to documents subject to GE Licensing's pending motion to compel. For clarity, GE Licensing's concerns are set forth in numbered paragraphs as follows:

1. *GE Licensing Interrogatory No. 1*: Interrogatory No. 1 seeks, *inter alia*, the date each Agere Product "was first sold, offered for sale, or marketed." In its latest supplemental response to GE Licensing's interrogatories, dated February 8, 2008, Agere responded to Interrogatory No. 1 primarily by incorporating Exhibit 1 by reference.

   Exhibit 1 does not include all "Agere Products" as required under the Court's January 22, 2008 stipulated order. In that order, Agere was to, at least "complete production of documents for all products, whether or not enumerated, within GE Licensing's revised definition of 'Agere Products' set out in the Motion To Compel that were sold or offered for sale after March 23, 2001."[1] The order further required Agere to supplement its interrogatory answers. However, Agere did not include several products in Exhibit 1 that are or were, according to Agere's own documents, sold or offered for sale after March 23, 2001 and which are compliant with at least the V.34 recommendation. These products include (given the form of Agere's production, references to documents below use their names or titles where possible):

   a. MDC1.5 Soft Modem. If the MDC1.5 Soft Modem is the same product as the SV92A3, please confirm.

---

[1] The definition for "Agere Products" in that motion was "any analog modem compliant with ITU-T recommendation V.34, V.90, V.92 . . . ."

U.S. practice conducted through McDermott Will & Emery LLP.

600 Thirteenth Street, N.W. Washington D.C. 20005-3096  Telephone: 202.756.8000  Facsimile: 202.756.8087  www.mwe.com

Ian L. Saffer
March 19, 2008
Page 2

b. Montblanc Family. Publicly available documents indicate that the Montblanc family of modems includes the SV92P, SV92PL and SV92P2 modems. However, Exhibit 1 states that the "Common Name" of these products are "Soft Mars" and "Scorpio2." We have also seen documents in Agere's production which state that the Montblanc design is a "Mars3/Perseus" design. We have also seen a "Marketing Requirements Documents" which describes the Montblanc design as the "Mars/Perseus Reference Design." Please confirm if Exhibit 1 is correct and which products constitute the Montblanc family.

c. Olympia Family. We have seen documents which disclose an "Olympia USB Modem." Other documents refer to this as the "SV92U2 USB 2.0 Soft Modem Olympia AM1 Reference Design." However, we note that the "common name" for the SV92U2 on Exhibit 1 is listed as "U2." We also note that Agere's documents show the "Olympia SV92U2+1040" as shipping prior to January 1, 2007. Please confirm whether Exhibit 1 is correct and to which products the Olympia and U2 names apply.

d. Maui. Agere's presentations to customers in 2001 indicate that the "Maui" modem product was to be available in 4Q01. The Maui product is described as "Maui+APL43+CSP1035" or "Maui+SV9xM+CSP1035."

e. Mars5. Agere's presentations to customers in 2001 indicate that the "Mars5" modem product was to be available in 4Q01 and was described as "Mars5/CSP1035."

f. Pinball/Dorado. We have seen documents which disclose a "Pinball/Dorado PCI Modem." We have also seen documents which show that this product was offered for sale to at least one customer. We also note that Agere's documents show the "Pinball SV92PP+1040" as shipping prior to January 1, 2007.

g. Dorado. We have seen documents which disclose a "Dorado" modem. We have also seen documents which show that this product was offered for sale to at least one customer.

h. Hidalgo. We have seen documents which disclose a "Hidalgo" described as an "Audio Modem Combo" and shipping prior to January 1, 2007.

i. Concorde. We have seen documents which disclose a "Concorde PCIe Modem" which is also described as a "V.92 PCI-E Modem."

j. SVx. We have seen documents which disclose a "SVx" modem which is described as a "soft embedded interface device."

k. Sparta. We have seen documents which disclose a "Sparta" modem described as a "V.92 MoM Design."

Ian L. Saffer
March 19, 2008
Page 3

l.   PC-ROMA.  We have seen documents which disclose a "PC-ROMA" modem
     described as a "Complete MCM."

m.   CV-ROMA.  We have seen documents which disclose a "CV-ROMA" modem
     described as a "Complete MCM" and a "Complete Modem MCM (Embedded)."

n.   Delphi.  We have seen documents which disclose a "Delphi MDC Modem."  We have
     also seen documents which show that this product was offered for sale to at least one
     customer.

o.   Athens.  We have seen documents which disclose an "Athens MDC Modem."

p.   Cricket.  We have seen documents which disclose a "Cricket" design described as
     "Venus/Levana International Compact Flash Reference Design."

q.   Haleakala.  We have seen documents which disclose a "Haleakala" design described
     as "Modem Expansion Card Dragnet2+Perseus."

r.   Parkway.  We have seen documents which disclose a "Parkway" design described as
     "APL43/Levana International PCMCIA Reference Design."

s.   Midas.  We have seen documents which disclose a "Midas" or "Midas_AM1" design
     described as "DP3 or OCFP/CSP1040 (Polaris) Fax/Modem Reference Design."

t.   Condor.  We have seen documents which disclose a "Condor" or "Condor AM1.0"
     design described as "SV92P/Levana International SoftModem Reference Design."

u.   Mt. McKinley.  We have seen documents which disclose a "Mt. McKinley" or "Mt.
     McKinley AM1.0" design described as "SV92P/Perseus International Reference
     Design."

v.   DP3FX.  We have seen documents which disclose a "DP3FX" design described as
     "DP3 or OCFP/CSP1040 (Polaris) Fax/Modem Reference Design."

w.   Fiji.  We have seen documents which disclose a "Fiji" or "Fiji AM1" or "Fiji Flex
     AM1" design described as "Dragnet2/CSP1043 (Mercury) Fax/Modem Reference
     Design."

x.   Peregrine.  We have seen documents which disclose a "Peregrine" design described
     as "International Softmodem PCI Reference Design."

y.   Bacchus.  We have seen documents which disclose a "Bacchus" design described as
     "Dragnet2/CSP1043 (Mercury) Fax/Modem Reference Design."

Ian L. Saffer
March 19, 2008
Page 4

z. Yogi. We have seen documents which disclose a "Yogi" design described as "Yogi (Mercury International) – ASP Product."

aa. Matterhorn. We have seen documents which disclose a "Matterhorn" design described as a "reference design" for the "PCISoft (SV92P) Design Pack."

bb. Samurai. We have seen documents which disclose a "Samurai" design described as an available product based on the "Apollo 3" or APL43 and CSP1034.

cc. Apollo 3. While Exhibit 1 includes Apollo 1, 2 and 4, Apollo 3 is absent from this list. "Apollo 3" or "Apollo3" is referenced in numerous Agere documents. This includes public documents which refer to the "Apollo 3 (APL43) design." We note, however, that Exhibit 1 lists the common name for the APL43 as "Dragnet2." We have also seen a May 25, 2001 Marketing Account Review which shows planned sales of "Apollo3" to IBM for use in Thinkpad laptops starting September, 2001. Please confirm whether Exhibit 1 is correct and to which products the "Apollo 3" name applies.

dd. Cobalt. We have seen documents which disclose a "Cobalt" design described as "Modem Expansion Card Apollo3+Mercury."

ee. Siena/Nomad. We have seen documents which disclose a "Sienna/Nomad" reference design.

ff. Siena+. We have seen documents which disclose a "Sienna+" reference design.

gg. USB 2.0 Soft Modem. Certain Agere public documents offer for sale a product known as "USB 2.0 Soft Modem."

hh. L56xAF. According to public documents, the L56xAF modem was offered for sale after March 23, 2001.

ii. DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646. It is our understanding from public documents that these products were sold after March 23, 2001 and, therefore, should be included in the production and in response to GE Licensing's interrogatories. For example, the DSP1643 is a component of the L56xAF, which is included in Exhibit 1.

jj. DP2LV34D. This product is included in Agere's July 2006 Client Solutions Line Card.

kk. DP2LV34X. This product is included in Agere's July 2006 Client Solutions Line Card.

Ian L. Saffer
March 19, 2008
Page 5

ll. DP2S. The "Soft DP2 Test Chip" is referred to as the "DP2S" in Exhibit 1 and listed as an unreleased product. However, the DP2S is listed as an available product in at least Agere's June 2004 Client Solutions Line Card.

mm. DP3S. Agere's product roadmaps indicate that the DP3S and DP3 are different products and were both shipping by at least January 1, 2007. The DP3S is described as "synthesizable IP cores for SOC integration."

nn. We note that there is only one "Test Chip" listed in Exhibit 1. Please confirm if that is the only such "Test Chip" made by Agere.

oo. DSP1648C. The DSP1648C is listed as an available product in at least LSI's September 2007 Network and Standard Storage Products document.

pp. SV92S. Agere's documents indicate that the SV92S is an "I2S Soft Modem using 1040" and was to be released for sale in "3Q05."

qq. SV92A4. Agere's documents indicate that the SV92A4 is an "HAD Audio/Soft Modem Combo using 1040" and was to be released for sale in "4Q05."

rr. DP2P. Agere's documents indicate that the DP2P is a "FAX data pump using 1040" and was to be released for sale in "4Q05."

ss. OCFP. Agere's documents indicate that the OCFP was to be released for sale in "1Q06."

tt. OCMP. Agere's documents indicate that the OCMP is a "Complete Modem using 1040" and was to be released for sale in "1Q06."

uu. CV92A. Agere's documents indicate that the CV92A is in development.

vv. HV1040. Agere's documents indicate the HV1040 was shipping as of 4Q07.

ww. Tiger, Sparrow, Panther, Eagle. We have seen reference in product roadmaps to four different V.90 devices named Tiger, Sparrow, Panther and Eagle.

Further, Exhibit 1 does not contain the requested information for the Agere Products which were included. Although the chart in Exhibit 1 appears to contain a column listing the "Release Date" for the Agere Products' manufacture ("Mfg"), there is no discernable connection between the "Mfg" column and the date of first sale, offer for sale, or marketing of Agere's Products. Moreover, Exhibit 1 lists "Mfg" dates for only eight (8) of the eighty-

Ian L. Saffer
March 19, 2008
Page 6

six (86) entries. (Another eight (8) entries simply state "none" in the "Mfg" column.)[2]

Exhibit 2 proves similarly unsatisfactory. In Chad King's February 8, 2008 letter to Michael
Connelly Mr. King stated: "To the extent that a date of first sale of a particular product
occurred after March 23, 2001, that information is available in Exhibit 2 to Agere's
supplemental responses to GE's interrogatories." Even notwithstanding the fact that Exhibit
2 was not incorporated by reference into Agere's response to Interrogatory No. 1, Exhibit 2
only discloses shipping information about the various Agere Products listed. Shipping—
while part of the product cycle—is functionally distinct from marketing, offers for sale, and
the sale of products. Moreover, Exhibit 2 contains no description or definition for the
column headings and entries, many of which are uninformative and confusing. Thus, the
information in Exhibit 2 does little, if anything, to satisfy Agere's obligations to provide the
requested information.

Due to the deficiencies identified above, which render Agere's response to Interrogatory No.
1 substantially incomplete and/or non-responsive, GE Licensing requests that Agere
supplement its response to Interrogatory No. 1 with:

xx. Information responsive to Interrogatory No. 2 with respect to *all* Agere Products;

yy. The date on which each Agere Product "was first sold, offered for sale, or marketed";

zz. Definitions for the terms "Spec", "Mask", and "Mfg" as they are used in Exhibit 1;

aaa.    A definition for the term "none" as used in the "Mfg" column of Exhibit 1;

bbb.    The missing information for the "Spec", "Mask", and "Mfg" columns of Exhibit
        1, or an explanation as to why that information is not included in Agere's response;

ccc.    Definitions for the column headings "MPL", "AWB", "SHIP_TO_PARTY",
        "ULTIMATE_CUSTOMER", and "NAME" as used in Exhibit 2; and

ddd.    Definitions for the terms "STANDARD," SAMPLE", and "REPLACEMENT" as
        used in the "NAME" column of Exhibit 2.

2. *GE Licensing Interrogatory No. 2*: Agere states that "Defendant is not aware of licenses to
   Defendant from" the entities named in its response. However, Interrogatory No. 2 also
   requests that Agere identify "any…other agreements" with the named entities. To the extent
   that Agere has not responded to Interrogatory No. 2 with respect to non-license agreements,
   its response is incomplete.

---

[2] Exhibit 1 also contains columns titled "Spec" and "Mask." Without a definition for these terms, however, the
information contained in those columns is meaningless.

Ian L. Saffer
March 19, 2008
Page 7

Moreover, Exhibit 7 (incorporated by reference to Agere's response to Interrogatory No. 2), contains several flaws and/or omissions which undermine its usefulness. Exhibit 7 also uses a number of undefined terms, including "IC Design", "Software", "Fab", "Assy", and "Test" in the "Function" column.

Due to the deficiencies identified above, which render Agere's response to Interrogatory No. 2 substantially incomplete and/or non-responsive, GE Licensing requests that Agere supplement its response to Interrogatory No. 2 with:

    a.  Information responsive to Interrogatory No. 2 with respect to *all* Agere Products;

    b.  Definitions of the terms "IC Design", "Software", "Fab", "Assy", and "Test" in the "Function" column; and

    c.  The identity of all other (*i.e.*, non-license) agreements with the entities identified in response to Interrogatory No. 2.

3.  *GE Licensing Interrogatory No. 3*: Agere's response to Interrogatory No. 3 is incomplete to the extent that it (1) fails to identify the persons involved in and knowledgeable about "activities, projects or programs...directed to the design and development of each Agere Product..." and (2) fails to "state precisely where such activities were undertaken."

To the extent that Agere's response to Interrogatory No. 3 incorporates Exhibits 1 and 2 by reference, we also direct your attention to the concerns raised in numbered paragraphs 1 and 2 above.

Due to the deficiencies identified above, which render Agere's response to Interrogatory No. 3 substantially incomplete and/or non-responsive, GE Licensing requests that Agere supplement its response to Interrogatory No. 3 to:

    a.  Identify the persons involved in and knowledgeable about "activities, projects or programs...directed to the design and development of each Agere Product..." and

    b.  State precisely where any "activities, projects or programs...directed to the design and development of each Agere Product..." were undertaken.

4.  *GE Licensing Interrogatory No. 7*: Agere's response to Interrogatory No. 7 incorporates its response to Interrogatory No. 3 (and therefore Exhibits 1 and 2) by reference. Please see numbered paragraphs 1, 2, and 3 above and supplement Agere's response to Interrogatory No. 7 accordingly.

5.  *GE Licensing Interrogatory No. 8*: To the extent that Agere's response to Interrogatory No. 8 incorporates its response to Interrogatory No. 3 (and therefore Exhibits 1 and 2) by reference,

Ian L. Saffer
March 19, 2008
Page 8

please see numbered paragraphs 1, 2, and 3 above and supplement Agere's response to Interrogatory No. 8 accordingly.

6.  *GE Licensing Interrogatory No. 9*: Agere's response to Interrogatory No. 9 is incomplete and/or non-responsive to the extent that it fails to identify the quantity produced and revenue data for each Agere Product, component, or product containing same. Moreover, Exhibit 2, incorporated by reference into Agere's response to Interrogatory No. 9, merely contains sales and shipping information. Please see numbered paragraph 1 above and supplement Agere's response to Interrogatory No. 9 to identify:

    a.  The quantity of each "Agere Product, component thereof, or product containing same" produced, and

    b.  The "revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product, component thereof, or product containing same."

7.  *GE Licensing Interrogatory No. 14*: Agere's response to Interrogatory No. 14 is non-responsive. Although Agere acknowledges the existence of "statements...by Agere concerning or relating to" one or more GE Patents in its response, it fails to identify "all documents containing or evidencing such statements." The fact that all such statements purportedly took place during negotiations between Agere and GE Licensing provides Agere no refuge from its obligation to respond to this discovery request in full.

    Due to the deficiencies identified above, which render Agere's response to Interrogatory No. 14 substantially incomplete and/or non-responsive, GE Licensing requests that Agere supplement its response to Interrogatory No. 14 to:

    a.  Identify all documents containing or evidencing any statements, oral or written, by Agere concerning or relating to any GE Patent.

8.  *GE Licensing Interrogatory No. 16*: Agere's response to Interrogatory No. 16 is non-responsive. Although Agere acknowledges that it has taken positions with regard to the GE Patents "in conjunction with negotiations with Plaintiff," it fails to substantively respond in any detail. The fact that Agere's positions with respect to the GE Patents evolved in the context of negotiations with GE provides Agere no refuge from its obligation to respond to this discovery request in full.

    Due to the deficiencies identified above, which render Agere's response to Interrogatory No. 16 substantially incomplete and/or non-responsive, GE Licensing requests that Agere supplement its response to Interrogatory No. 16 to describe:

Ian L. Saffer
March 19, 2008
Page 9

    a. The position(s) Agere has taken regarding the validity, enforceability, or infringement by Agere of any of the GE Patents;

    b. The circumstances in which each such position was taken;

    c. The specific bases for each such position;

    d. The identity of all documents or prior art relating to those bases; and

    e. How those documents and that prior art support each such position.

9. GE Licensing Interrogatory No. 25: In its February 8, 2008 supplemental responses to GE Licensing's Interrogatories, Agere identifies and incorporates various documents that we have been unable to locate in Agere's document production. Specifically, Agere identifies, "Agere/GE 000113-001036". We have been unable to locate documents bearing production numbers Agere/GE 000141-44 or Agere/GE 1036.

GE Licensing requests that Agere produce documents bearing production numbers:

    a. Agere/GE 000141-44, and

    b. Agere/GE 1036.

10. *GE Licensing Interrogatory No. 30*: In its February 8, 2008 supplemental responses to GE Licensing's Interrogatories, Agere states that it is attempting to obtain additional documents responsive to Interrogatory No. 30.

GE Licensing requests that Agere supplement its response to Interrogatory No. 30 to:

    a. Confirm whether Agere's production of documents responsive to Interrogatory No. 30 is complete, and

    b. If so, identify by production number where those documents may be found in Agere's production.

11. *GE Licensing Interrogatory No. 38*: Despite the fact that Interrogatory No. 38 requested that Agere "*[d]escribe in detail* and *identify* any documents relating to communications between Agere and Motorola, Inc., Lucent Technologies Inc., Broadcom Corp. or AltoCom, Inc.," with respect to Motorola, Inc., Broadcom Corp. and AltoCom, Inc., Agere responded by merely stating that "Defendant has produced relevant and non-privileged documents, to the extent that any exist, that are responsive to this interrogatory...." (Emphasis supplied.)

Due to unspecific and generalized reference to non-enumerated documents, which render Agere's response to Interrogatory No. 38 substantially incomplete and/or non-responsive, GE

Ian L. Saffer
March 19, 2008
Page 10

Licensing requests that Agere supplement its response to Interrogatory No. 38 to, at the very least:

    a.  Pursuant to Fed. R. Civ. P. 33(d), identify by Bates number documents produced that are responsive to Interrogatory No. 38, and

    b.  State whether Agere's production of documents responsive to Interrogatory No. 38 is complete.

12. *GE Licensing Interrogatory No. 40*: Despite the fact that Interrogatory No. 40 requested that Agere state whether each Agere Product complied with any of eighteen (18) identified standards or recommendations, Agere initially responded as to only the V.34 and V.92 recommendations. In a spirit of compromise, GE Licensing accepted Agere's proffered response on a trial basis. *See* Letter from M. Connelly to I. Saffer, Jan. 25, 2008. Without waiving any right to request further supplementation based on other standards or recommendations, GE Licensing now requests that Agere supplement its response to Interrogatory No. 40 to include the V.90 standard.

Furthermore, Exhibit 1 appears to contain two deficiencies with respect to Interrogatory No. 40: (1) compliance information with respect to the L56XT ChipSet is missing and (2) the term "NA" in the V.34 and V.92 Compliance columns is undefined.

GE Licensing requests, therefore, that Agere supplement its response to Interrogatory No. 40 to:

    a.  Indicate whether each Agere Product complies with the V.90 recommendation;

    b.  State whether the L56XT ChipSet is compliant with any standard or recommendation; and

    c.  Define the term "NA" as used in the V.34 and V.92 Compliance columns of Exhibit 1.

We look forward to receiving Agere's supplemental responses to the interrogatories and exhibits identified above.

Agere's responses to GE Licensing's Requests for Production of Documents also identify a number of incomplete production issues, as follows:

13. *GE Licensing Request for Production No. 2*: In its February 8, 2008 supplemental response to Request for Production No. 2, Agere states that it "has produced currently-available samples of Agere's products and will produce additional samples as they become available." Thus far, we have been unable to locate samples of Agere Products within Agere's document production, nor do we appear to have received subsequent production of any additional

Ian L. Saffer
March 19, 2008
Page 11

samples.

GE Licensing requests, therefore, that Agere:

    a.  Identify the Agere Products for which Agere has produced samples;

    b.  Identify the location of said produced samples within Agere's document production; and

    c.  Provide a date certain on which Agere will produce additional samples of Agere Products.

14.  *GE Licensing Request for Production Nos. 7, 8, 9, 11, and 23*: In its responses to Request for Production Nos. 7, 8, 9, 11, and 23, Agere states that it "has produced responsive, non-privileged documents." Agere's responses, however, are incomplete and/or non-responsive to the extent that Agere fails to confirm that it has produced the requested "[d]ocuments... sufficient to identify" the requested information.

GE Licensing requests, therefore, that Agere confirm that it has produced "[d]ocuments... sufficient to identify" the requested information.

15.  *GE Licensing Request for Production Nos. 15, 16, 17, and 27*: In its responses to Request for Production Nos. 15, 16, 17, and 27 Agere states that "no responsive, non-privileged documents exist." We remind Agere, that Request for Production No. 16 requests all documents "relating to *any* plan or attempt by Agere to redesign any Agere Product" and, therefore, is not limited to redesign plans or attempts initiated in an effort to design around patents. (Emphasis added.)

GE Licensing requests that Agere confirm that the lack of production responsive to GE Licensing Request for Production Nos. 15, 16, 17, and 27 is due to privilege rather than the nonexistence of responsive documents.

16.  *GE Licensing Request for Production No. 43*: In its February 8, 2008 supplemental responses to Request for Production No. 43, Agere states that it is "still attempting to obtain additional documents from its prior counsel."

GE Licensing requests that Agere supplement its response to Request for Production No. 43 to:

    a.  Confirm whether Agere's production of documents responsive to Request for Production No. 43 is complete;

    b.  If so, identify by production number where those documents may be found in Agere's production; and

Ian L. Saffer
March 19, 2008
Page 12

    c. If not, provide a date certain by which all documents responsive to Request for Production No. 43 will be produced.

We have also identified several categories of documents which appear to have been omitted from production and which were requested in GE's First and Second Sets of Requests for Production. These include:

17. *Agere Products*: All documents related to the Agere Products listed in No. 1 above.

18. *Custodian documents*: Although it appears that Agere has produced certain custodians' documents, Agere's production appears to omit documents from a number of highly relevant categories of custodians, including the following.

    a. Email databases. Our review thus far indicates that Agere's document production includes documents from Messrs. Flynn, Rai, Rauchwerk, Russo, Schulz, Skinker and Vernekar. However, it appears that at least e-mails from Messrs. Vernekar, Rauchwerk, and Russo have not been produced.

    Due to Agere's failure to produce these documents and records, which renders Agere's document production substantially incomplete, GE Licensing requests that Agere produce these databases immediately.

    b. Persons of Knowledge. GE Licensing has not received electronic or paper production from several of the persons named by Agere in its interrogatory responses as persons of knowledge, including:

        i. Larry Bays (GE Licensing Interrogatory No. 4),

        ii. Robert Radaker (GE Licensing Interrogatory No. 5),

        iii. Roger Sellers (GE Licensing Interrogatory No. 5),

        iv. Bryan Stahley (GE Licensing Interrogatory No. 5), and

        v. Sanjay Sharma (GE Licensing Interrogatory No. 6).

    Due to Agere's failure to produce these documents and records, which renders Agere's document production substantially incomplete, GE Licensing requests that Agere produce physical and electronic documents (including e-mail) from these individuals immediately.

    c. Key Individuals. In addition, the electronic and other documents of the following people should be produced, all of whom are listed as "Key Individuals" in Agere documents in the categories set forth in parentheses:

Ian L. Saffer
March 19, 2008
Page 13

    i.   Sawyer (partnerships),

    ii.   Herman (platform manager),

    iii.   Shaw (systems engineer),

    iv.   Barazesh (systems engineer),

    v.   Petryna (IC designer),

    vi.   Cheung (IC Designer),

    vii.   Siewara (IC Designer),

    viii.   Vomero (IC Designer),

    ix.   Pant (IC Designer),

    x.   Pasznik (IC/System Validation),

    xi.   Grande (IC/System Validation),

    xii.   Wolfe (Product Engineering),

    xiii.   Sellers (Product Engineering) (to the extent different from Roger Sellers above),

    xiv.   Hixson(Product Engineering),

    xv.   Campbell (Test Engineering),

    xvi.   Nguyen (Test Engineering),

    xvii.   Schrader (Test Engineering),

    xviii.   Lubas (Test Engineering),

    xix.   Patel (Marketing),

    xx.   Chen (Apps) (to the extent different from Ben Chen above),

    xxi.   Lantz (Apps),

    xxii.   Ho (Apps),

Ian L. Saffer
March 19, 2008
Page 14

      xxiii.  Tarumi (Apps),

      xxiv.  Gomez (Apps), and

      xxv.  Day (Apps).

Due to Agere's failure to produce these documents and records, which renders Agere's document production substantially incomplete, GE Licensing requests that Agere produce physical and electronic documents (including e-mail) from these individuals immediately.

d.  It further appears that there are a number of highly relevant individuals from whom documents (both electronic and other) have not been collected. These include the software designers responsible for programming the Agere Products and the person (or persons) responsible for marketing the Agere Products.

Due to Agere's failure to produce these documents and records, which renders Agere's document production substantially incomplete, GE Licensing requests that Agere immediately produce electronic and other documents from all software designers responsible for programming the Agere Products, as well as all persons responsible for marketing the Agere Products. Based on our review of Agere's discovery responses, this should include, without limitation, at least the following individuals:

      i.  Herbert Cohen,

      ii.  Ashok Vernekar (as noted above),

      iii.  Mark Hargrove,

      iv.  Ray Staab,

      v.  Sam Hoke,

      vi.  John Guarini,

      vii.  Anthony Cheng,

      viii.  Michael Chen,

      ix.  Chao-Pin (Ben) Chen,

      x.  Shawn Antol, and

      xi.  Mr. Balaji (G, Balaji (Balaji) <balaji@agere.com>).

Ian L. Saffer
March 19, 2008
Page 15

Given the method of production (native), producing the electronic documents from these individuals should be a simple matter.

19. *Physical document collection.* Agere's document production thus far appears to consist entirely of native, electronic documents and, therefore, does not appear to include any physical (*i.e.*, hardcopy) documents.

Has Agere collected (or made any efforts to collect) any physical documents from its custodians? If so, where in the production can these documents be found?

20. *Intranet documents.* Please confirm that the documents originally stored in the following directories have been produced:

   a. http://clas.web.lucent.com/applications/sv92p-pak/;

   b. http://clas.agere.com/applications/fieldtest/;

   c. http://clas.agere.com/applications/soft-release/;

   d. http://web.agere.com/~leb/modem_ic_info/chipinfo.htm; and

   e. http://clas.agere.com/applications/modem.htm

21. *Marketing materials.* Agere's production of marketing materials appears to be incomplete. For example, we cannot find the Client Solutions line cards found in various forms on the Internet (*e.g.*, http://www.lsi.com/documentation/networking/line_cards/NSPG_LineCard_082907.pdf).

Please confirm whether Agere has produced its marketing materials for the Agere Products. If so, please identify where these documents are located within Agere's production.

Along with the failure to include at least Mr. Patel as a custodian, this would appear to be an indication that Agere has not yet produced all of its marketing and sales related documents.

22. *Organizational charts.* While some organizational charts may be found in production (*e.g.*, for sales), there does not appear to be any current organizational charts related to product development.

Please confirm whether Agere has produced all organizational charts and, in particular, organizational charts related to product development. If so, please identify where these documents are located within Agere's production.

23. *CV92/CFAX Software Developer's Guide.* Although we have found references to the CV92/CFAX Software Developer's Guide, we are unable to locate the document itself (*see*

Ian L. Saffer
March 19, 2008
Page 16

October 2006 Skinker presentation).

Please confirm whether Agere has produced the CV92/CFAX Software Developer's Guide. If so, please identify where these documents are located within Agere's production.

24. *Sales of individual components*. It is our understanding that Agere sells its products as individual components. However, Exh. 2 to Agere's responses to GE Licensing's Interrogatory Requests does not appear to include these sales.

Please confirm whether Agere has produced information on such sales and, if not, please produce such information and related documents immediately.

25. *Document production errors*. In reviewing Agere's document production, we have discovered a few areas where there appear to have been errors in Agere's document production. The document beginning at production number Agere/GE 000642 is missing pages internally labeled as 118-22 (Agere/GE 000760 corresponds with page 117 and Agere/GE 000761 corresponds with internal page 123). Moreover, Agere/GE 000760 and Agere/GE 000763 appear to have been improperly copied, thus rendering much of those pages illegible.

Please reproduce documents bearing production numbers Agere/GE 000760 and Agere/GE 000763, and supplement Agere's document production to include pages 118-22 of the document beginning at production number Agere/GE 000642.

Ian L. Saffer
March 19, 2008
Page 17

Please supplement the identified interrogatories and produce the requested document production by March 28, 2008. The requested information should have been produced no later than February 8, 2008 and, further, is within the scope of the January 22, 2008 stipulated order of the Court. If Agere does not intend to supplement and produce as requested or if Agere would like to discuss these matters further, then we would ask that you notify us or request a meet and confer prior to March 28, 2008. If you have any questions or concerns, please do not hesitate to contact us.

Sincerely,

Amanda E. Koenig

cc:    Counsel of Record for Agere

WDC99 1541385-4.037743.0051

# EXHIBIT O

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Amanda E. Koenig
Associate
akoenig@mwe.com
202.756.8075

March 20, 2008

VIA E-MAIL

Ian L. Saffer
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:   *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,* C.A. No. 07-170

Dear Mr. Saffer:

We write with respect to ongoing issues with Agere's document production. These items are in addition to our letter of March 19, 2008, and are not exclusive to documents subject to GE Licensing's pending motion to compel.

In reviewing Agere's document production, the following relevant documents and information appear not to have been produced by Agere:

1. *00-modules.txt*: Agere's documents state that this file exists and is a listing of all modules used in certain Agere Products, including without limitation the OCM (as shown in the Design Guidelines For OCM V.3);

2. *DP2L Programmer's Reference Manual*: Agere's documents state that this document exists and is relevant to implementation of V.34 compliance in the DP2L and DPV devices;

3. *Documents from "Ralph," which may be Ralph S. (Spike) Moyer*: Ralph authored Arm_Rom_Budget.Doc. As this Ralph appears to have direct knowledge of where compliance with V.34 and V.92 is handled within Agere code, he and his documents are highly relevant;

4. *Programmer's reference manual for the DP2S*: MRI4129 states that Sam Hoke authored a programmer's reference manual for the DP2S;

5. *DP3S Programmer's Reference Manual*: Agere's documents indicate that this document was being prepared in May of 2007; and

Ian L. Saffer
March 20, 2008
Page 2

6. *Linked files*: File 05d08_05delphiAM3A3V2S510=70ati11.xls contains a number of links for which we do not appear to have the corresponding documents.

Please produce the requested documents and information by March 28, 2008. The requested information should have been produced no later than February 8, 2008 and, further, is within the scope of the January 22, 2008 stipulated order of the Court. If Agere does not intend to produce as requested or if Agere would like to discuss these matters further, then we would ask that you notify us or request a meet and confer prior to March 28, 2008. If you have any questions or concerns, please do not hesitate to contact us.

Sincerely,

Amanda E. Koenig

AEK/AEK

cc:    Counsel of Record for Agere

WDC99 1544798-1.037743.0051

# EXHIBIT P

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

Ryan D. Phillips

April 4, 2008

*VIA E-MAIL*

Amanda E. Koenig
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Email: akoenig@mwe.com

Re:   *CIF Licensing, LLC d/b/a GE Licensing ("GE") v. Agere Systems, Inc. ("Agere")*

Dear Amanda:

I write in response to your letters to Ian Saffer dated March 19 and 20, 2008 regarding discovery in the above-reference matter.  We are currently working with our client and drafting a response to your letters, however, due to the extensive length, scope, and number of topics in your letters, we will not be able to get a response out to you until sometime next week.  If you have any questions please call or email me.

Sincerely,

Ryan D. Phillips

RDP/ppq

61332162 v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 8, 2008, the within document was

filed with the Clerk of the Court using CM/ECF; that the document was served on the following

party as indicated; and that the document is available for viewing and downloading from

CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on April 8, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 15, 2008, the within document

was filed with the Clerk of the Court using CM/ECF; that the document was served on the

following party as indicated; and that the document is available for viewing and downloading

from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on April 15, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com


/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com