IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the attached subpoena directed to Vedat M. Eyuboglu was

served on April 29, 2008.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

_(signature)_

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND
AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
303-571-4000

Dated:  April 30, 2008

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600
*Attorneys for Defendant Agere Systems Inc.*

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on April 30, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Richard L. Horwitz, Esquire
Philip A. Rovner, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19801

I further certify that on April 30, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Joel E. Freed, Esquire
Brian E. Ferguson, Esquire
Mark A. Davis, Esquire
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
jfreed@mwe.com
bferguson@mwe.com
madavis@mwe.com
dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.

# TAB 1

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF   Massachusetts

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>V.<br>AGERE SYSTEMS INC. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 07-170 (JJF) (D. Del.) |

TO: VEDAT M. EYUBOGLU
Airvana, Inc.
19 Alpha Road
Chelmsford, MA 01824

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| To be determined | May 12, 2008 at 9:00 A.M. |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A, which is incorporated herein by reference.

| PLACE | DATE AND TIME |
|---|---|
| To be determined | May 9, 2008 at 9:00 A.M. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Defendant Agere Systems Inc. | April 28, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David E. Sipiora -- Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700, Denver, CO  80202
Telephone: (303) 571-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.<br>www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | | PLACE |
|------|---|-------|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                        DATE                         SIGNATURE OF SERVER

                                                        _____
                                                        ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

      (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance,

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

      (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

### Request For Production Of Documents
### (Subpoena *Duces Tecum*)

Agere Systems Inc. ("Agere") hereby requests that Vedat M. Eyuboglu respond in writing to these requests for production and produce the documents and things identified below for inspection and copying by Agere's attorneys at a mutually agreeable place by no later than May 9, 2008, or at such other time as may be agreed upon by counsel.

Each request for production is addressed to Vedat M. Eyuboglu and calls for production of documents and things in the possession, custody or control of Vedat M. Eyuboglu.

The definitions and instructions set forth below shall apply to each of the requests.

## DEFINITIONS

As used herein, the terms listed below shall be defined as follows:

1.     "CIF" refers to Plaintiff CIF Licensing, LLC, d/b/a GE Licensing and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by CIF, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

2.     "Motorola" refers to Motorola, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Motorola, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

3.      "AT&T" refers to AT&T Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by AT&T, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

4.      "Lucent" refers to Lucent Technologies, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Lucent, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

5.      "Agere" refers to Defendant Agere Systems Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Agere, either directly or indirectly, including but not limited to AT&T, and all past or present directors, officers, owners, agents, attorneys and others acting for or on behalf of these same entities.

6.      "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

7.      "Third Party" or "Third Parties" means anyone other than Agere or CIF.

8.      "You," "Your," or "Yours" refers to Vedat M. Eyuboglu.

9.      "All Documents" mean each and every Document that is known to You and each and every such Document that can be located or discovered by reasonably diligent efforts.

2

10.    "Communication" means any oral, electronic, or written transmission of
information from one Person to another, including but not limited to, discussions, conversations,
negotiations, agreements, understandings, personal meetings, telephone conversations,
facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, or other forms
of information exchanged.

11.    "Document" or "Document(s)" is used in its customary broad sense within the
context of the Federal Rules of Civil Procedure and means any written, printed, recorded or
graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs,
drawings, or any other tangible means by which information is contained, stored or displayed, of
every kind or description, however produced or reproduced, whether draft or final, original or
reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received,
redrafted, or executed, including without limitation written and electronic Communications,
letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk
calendars, interoffice Communications, fax messages, E-mail messages, telegrams, telex
messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies,
summaries, analyses, statistical and financial statements, charts, graphs, reports, computer
printouts, laboratory notebooks, invention disclosure Documents, patent applications and drafts
thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements,
market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers,
journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures
or material similar to any of the foregoing, however denominated, by whomever prepared, and to
whomever addressed, which are in Your possession, custody or control or to which You have,
have had, or can obtain access.  If the Document bears any marks, including but not limited to

3

initials, stamped indicia, comments or notations that are not part of the original text or

photographic reproduction thereof, these should be provided in a separate copy of the document.

12.     "Date" means the exact day, month and year, if ascertainable, and if the exact day,

month and year are not ascertainable, then the best approximation thereof.

13.     "Concerning," "pertaining to," "pertain to," "relating to," and "relate to" mean

constituting, embodying, comprising of, consisting of, referring to, discussing, evidencing,

supporting, establishing, contradicting, reflecting, summarizing, involved with, included in,

showing, describing or resulting from the matter specified.

14.     "Related Patent(s)" or "Related Application(s)" means any patent or application

whether foreign or domestic, whether a continuation, continuation-in-part or divisional

application, or whether a reissue or reexamination application, or any extension of the first

application from which the application or patents or extension take priority.

15.     "The '054 Patent" refers to U.S. Patent No. 5,048,054.

16.     "The '641 Patent" refers to U.S. Patent No. 5,428,641.

17.     "The '758 Patent" refers to U.S. Patent No. 5,446,758.

18.     "The '776 Patent" refers to U.S. Patent No. 6,198,776.

19.     "Patents-in-Suit" refers to U.S. Patent Nos. 5,048,054; 5,428,641; 5,446,758; and

6,198,776.

20.     "This Litigation" means the case of *CIF Licensing, LLC, d/b/a GE Licensing v.*

*Agere Systems, Inc.*, Civil Action No. 07-170 (JJF) (D. Del.).

21.     "Modem Standards" refers to any recommendations, standards, or requirements

adopted by any regulatory body, industry group, or trade group, including but not limited to the

v.34, v.90 and v.92 recommendations adopted by the International Telecommunication Union

("ITU").

22.     Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The use of one gender shall include the other as are appropriate in the context.

## INSTRUCTIONS

Please respond in accordance with the following instructions:

1.     If any Document covered by this request is withheld on the basis that it is privileged, subject to work product immunity, or otherwise excludable from discovery, You are requested to list each such Document, grouped by request number, and to state the following information:

(a)     the type of Document (*e.g.*, letter, memorandum, contract);

(b)     its title;

(c)     its date;

(d)     its number of pages;

(e)     its subject matter;

(f)     the name(s), address(es), and present occupation of the Persons(s) now in possession of it;

(g)     the name, present address, and occupation at the time of preparation of the Person(s) who prepared it;

(h)     the name, present address, and occupation at the time of dissemination of the addressee(s) who had access thereto;

(i)      the basis upon which the Document is withheld; and such other particulars as would enable Agere to assess the applicability of the asserted privilege or protection.

2.      If any request is objected to as overly broad or unduly burdensome, You are instructed to produce those Documents which are unobjectionable and specifically identify and state the basis for the objection.

3.      If a Document or thing is no longer in Your possession, custody or control, or it has been destroyed or disposed of, state whether it is: (a) missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been disposed of in some other manner, describing the method of disposal. In each instance of such Documents, please provide the following information:

(a)      explain the circumstances surrounding and authorization for the non-availability, destruction, or disposition thereof;

(b)      state the Date or approximate Date thereof;

(c)      state the name and title of the author(s), sender(s), and recipient(s) thereof;

(d)      state the name(s) and address(es) of all Persons having knowledge of the non-availability, destruction, or disposition thereof;

(e)      state the name(s) and address(es) of all Persons responsible for the non-availability, destruction or disposition thereof; and

(f)      if applicable, state the name(s) and address(es) of all Persons that now possess, have custody thereof, or control the Document or thing.

4.      Under no circumstances are You to refuse to provide any Document merely because You consider it duplicative.

5.      Unless the parties otherwise agreed in writing, all electronic data responsive to these requests are to be translated as necessary into usable form, including but not limited to TIFF format.  For any electronic document, worksheet, spreadsheet or file used to perform mathematical calculations or graphic displays, You are instructed to produce a copy in electronic form on a computer disk, as well as a hard-copy version.  In addition, provide a detailed description of the software used and how the data was stored such that the formula, derivations or assumptions can be seen or ascertained.

6.      All Documents should be produced as they are kept in the ordinary course of business or organized and designated to correspond to the categories in the requests.

7.      All associated file labels, file headings, file folders, binder spines, binder tabs and binders containing any responsive documents shall be produced together with the responsive documents from each file.

8.      All questions regarding the meaning of interpretation of these requests should be directed to Agere's counsel, David E. Sipiora or Ian L. Saffer, 1200 Seventeenth Street, Suite 2700, Denver, CO, 80202, (303) 571-4000.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1:**

All Documents concerning or relating to the prosecution of any United States or foreign patents or patent applications that claim or refer to a priority date based on any application that is related to the Patents-in-Suit, including the results of any Prior Art searches concerning the Patents-in-Suit, and every patent or application that includes reference to any of the Patents-in-Suit in the specification or in its prosecution history.

7

**REQUEST NO. 2:**

All Documents concerning the patent applications that eventually issued as the Patents-in-Suit, including all drafts of the patent applications and communications between any inventor, any employer of the inventors, and attorneys or any other persons regarding the applications and all Documents considered or reviewed in the course of preparing and prosecuting the Patents-in-Suit.

**REQUEST NO. 3:**

All Documents concerning the conception, reduction to practice, development, experimentation with, or commercialization of any alleged invention described or claimed in the Patents-in-Suit, including notes, notebooks, prototypes, models, blueprints or writing or things of any type.

**REQUEST NO. 4:**

All Documents concerning the alleged inventions claimed in the Patents-in-Suit, including the alleged novelty, utility or non obviousness of the claimed inventions.

**REQUEST NO. 5:**

All Documents concerning any communication between the alleged inventors named in the Patents-in-Suits and any attorney or agent involved in prosecuting any application that led to the Patents-in-Suit.

**REQUEST NO. 6:**

All Documents concerning any communication by any alleged inventor of the Patents-in-Suit to any other person concerning the Patents-in-Suit or the invention claimed therein.

**REQUEST NO. 7:**

All Documents concerning the structure, function, and/or operation of the inventions

disclosed in the Patents-in-Suit.

**REQUEST NO. 8:**

All Documents concerning the relationship between Modem Standards, in particular the v.34, v.90 and v.92 recommendations adopted by the ITU, and any of the Patents-in-Suit.

**REQUEST NO. 9:**

All Documents concerning the ITU adoption of Modem Standards, in particular the v.34, v.90 and v.92 recommendations, including but not limited to meeting minutes, correspondence, memoranda, presentations, news articles, news letters, summaries, or reports.