IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a              )
GE LICENSING,                          )
                                       )
            Plaintiff,                 )
                                       )            C.A. No. 07-170-JJF
      v.                               )
                                       )
AGERE SYSTEMS INC.,                    )
                                       )
            Defendant.                 )

**DEFENDANT AGERE SYSTEMS INC.'S REPLY BRIEF**
**IN SUPPORT OF ITS SECOND MOTION TO COMPEL DISCOVERY**

YOUNG CONAWAY STARGATT & TAYLOR LLP
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
302-571-6600

-and-

TOWNSEND AND TOWNSEND AND CREW LLP
David Sipiora
Ian L. Saffer
Chad E. King
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
303-571-4000

*Attorneys for Defendant Agere Systems Inc.*

May 2, 2008

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................... 2

SUMMARY OF ARGUMENT .................................................................................... 2

STATEMENT OF FACTS ........................................................................................... 3

ARGUMENT ............................................................................................................... 5

    I.     Agere Made Reasonable Efforts to Reach Agreement with GE ....................... 5

    II.    Agere's Motion to Compel is Not Moot as GE's Supplemental Responses are
         Incomplete ...................................................................................................... 6

         A.    Infringement Charts .............................................................................. 6

         B.    Willfulness ............................................................................................ 7

         C.    Damages Analysis ................................................................................. 8

         D.    License Defense .................................................................................... 8

CONCLUSION ........................................................................................................... 9

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for patent infringement brought by CIF Licensing LLC, d/b/a GE

Licensing ("GE"), against Agere Systems Inc. ("Agere") for alleged infringement of U.S. Patent

Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776.

Agere filed its Second Motion to Compel Discovery (the "Motion") on April 14, 2008.

## SUMMARY OF ARGUMENT

1.      Agere met its obligations under Local Rule 7.1.1 to make reasonable efforts to meet and

confer prior to resorting to motions practice. Agere raised its concerns as to GE's delinquent and

incomplete answers to Agere's interrogatories by letter. During a subsequent call between the

parties, GE stated it would provide a written response to Agere's concerns at a later date. GE

stated in its response letter that it would supplement its answers to Agere's interrogatories, but

failed to provide a date upon which it would fulfill its duty to substantively answer Agere's

interrogatories. Having received GE's unequivocal statement that it would respond as it saw fit,

and with discovery rapidly coming to a close, Agere had no choice but to resort to motion

practice to obtain the information Agere requires to prepare its defenses.

2.      The present discovery dispute is ongoing. GE did provide supplemental answers to

Agere's interrogatories, but the responses fall woefully short of meeting GE's duties under the

Federal Rules. GE failed to provide infringement charts mapping GE's allegedly infringed

claims to Agere's accused products, failed to articulate its position that Agere's alleged

infringement was willful, failed to provide a damages calculation, and failed to articulate its

position that Agere is not licensed to practice the patents. GE has failed to do so, even though

Agere has completed all of its discovery obligations and has responded substantively to all of

GE's timely served discovery requests. Further, GE's specific excuses for its delay in providing

claim charts -- that is, the alleged lack of production of Agere's source code -- is entirely attributable to GE's own dilatory conduct. Finally, GE has refused to analyze Agere's sales information to provide a damages calculation, even though GE has possessed this information since February 8, 2008. In light of these considerations, GE's opposition should be rejected and Agere's Second Motion to Compel should be granted.

### STATEMENT OF FACTS

With respect to communications between the parties leading to the filing of the Motion, Agere incorporates the Statement of Facts found in Agere's Opening Brief in Support of the Second Motion to Compel Discovery. (D.I. 75, at 3-5). Agere supplements the Statement of Facts as follows: In response to Agere's filing of the Motion, GE served supplemental responses to Agere's Interrogatory Nos. 1-3, 12, and 17 on April 23, 2008. (D.I. 83). In addition to serving the supplemental responses, GE sent a letter, dated April 23, 2008, requesting that Agere withdraw the Motion. *See* GE's Response (D.I. 95) Exhibits A and G. Upon review of GE's supplemental responses, Agere determined that GE's answers were far from complete. As such, Agere elected to continue to pursue relief in this Motion.

As to GE's concerns with Agere's discovery responses, on April 20, 2008, Agere provided a detailed letter responding to each of GE's specific discovery concerns and reaffirming that Agere has produced all responsive, non-privileged documents, subject to its on-going objections. *See* Agere's Answering Brief in Response to GE's Motion to Compel (D.I. 86). Although Agere continues to dispute that GE's duty to respond substantively to Agere's discovery responses is tied to Agere's production, GE has had in its possession all of the documents required for GE to fulfill its discovery obligations, except for Agere's source code, which is discussed below.

As to the source code, GE has only provided part of the picture to the Court. Agere reiterates that in December 2007, Agere specifically requested that GE provide a location for the source code escrow, as required by the Stipulated Protective Order. *See* Exhibit A. GE elected to wait until the end of February to provide two possible states for the source code escrow, Florida and Oregon, but then GE failed to provide any more details as to the specific metropolitan area within either of these states. GE provided this request in a phone call. A month later, on March 19, 2008, GE requested that Agere place the source code into escrow in Bridgewater, New Jersey. *See* Exhibit B. GE presumably chose this location as it would be close to two potential experts. Agere objected to the experts under the terms of the parties' Stipulated Protective Order, and GE elected to withdraw the names in favor of a different expert. *See* Exhibits C and D. As part of this process, GE, on April 9, 2008, identified yet another location for the source code escrow, Menlo Park, California. *See* Exhibit D.

Agere agreed to contract with Iron Mountain for escrow of the source code in California, however, as the contract process began, major issues arose. The Stipulated Protective Order requires Agere to obtain the escrow company's agreement to be bound by the Stipulated Protective Order. (D.I. 40, § 12(c)). Iron Mountain refused to be bound to the terms of the Protective Order. Additionally, Iron Mountain refused to agree to the printing provisions that were set forth within the Stipulated Protective Order. (D.I. 40, § 12(h)).

Since arriving at this impasse with the escrow agent Iron Mountain, Agere has worked diligently to resolve the issues with Iron Mountain concerning the handling of escrow of the source code. Agere has drafted an amendment to the Stipulated Protective Order to work-around issues with Iron Mountain. Agere has revised the contract provided by Iron Mountain to reconcile it with the proposed changes to the Stipulated Protective Order. Currently, Agere is

seeking approval from all the parties involved with this transaction to finalize escrow of the source code and amendment of the Stipulated Protective Order.

The minor issues that delay production of Agere's source code should have been resolved months ago, early in the discovery period, and they could easily have been resolved had GE responded to Agere's prior multiple communications regarding providing access to the source code. Now, GE uses its own delinquency as an excuse to refuse to answer Agere's interrogatories. GE has on multiple occasioned failed to proffer and expert or a location for the escrow of the source code. GE is solely responsible for its lack of access to Agere's source code.

Finally, as to the Agere's sales information, Agere provided GE with extensive sales data in Exhibit 2 to Agere's supplemental responses to GE's interrogatories, served on February 8, 2008. On April 18, during the deposition of Agere's 30(b)(6) witness, Surinder Rai, a minor flaw in Exhibit 2 was discovered. The revenue information in Exhibit 2 did not account for rebates provided to customers, and Agere was not aware of this flaw until Mr. Rai identified the issue in answering questions during the deposition. Despite GE's allegations to the contrary, the underlying sales information in this exhibit as it pertains to quantities of sales is correct and complete, and GE is in a position to analyze this data and provide a damages calculation in response to Agere's interrogatory -- particularly as GE has possessed the information since February 8, 2008 and modem royalties historically often have been calculated per unit rather than as a percentage of sales revenue.

### ARGUMENT

### I.    Agere Made Reasonable Efforts to Reach Agreement with GE

Agere met its obligation under Local Rule 7.1.1 to make reasonable efforts to reach an agreement with GE before resorting to motions practice. As provided in the Motion, Agere

addressed GE's delinquent and incomplete responses to Agere's long-standing interrogatories by

letter dated April 4, 2008.  *See* Motion Appendix C.  In the letter, Agere requested that GE

provide this long-overdue information within seven calendar days.  During a phone conference

between the parties, GE stated they would provide a written response to Agere's April 4, 2008

letter.  On April 8, 2008, GE sent a letter stating it would provide supplemental responses, but

GE refused to provide a date on which it serve the responses.  GE then unequivocally stated that

its solution should satisfy Agere's concerns.  *See* Motion Appendix D.  As Agere has already

waited several months for GE to fulfill its duty to answer Agere's interrogatories, and with the

close of discovery fast approaching, Agere had no choice but to resort to motions practice to

secure GE's responses.  GE bore out Agere's concerns when it waited until a full week after

Agere filed the Motion to finally serve incomplete supplemental responses to Agere's

interrogatories, dated April 23, 2008.  (D.I. 83).

## II.    Agere's Motion to Compel is Not Moot as GE's Supplemental Responses are Incomplete

### A.    Infringement Charts

GE has only provided incomplete answers to Agere's Interrogatory Nos. 1-3, 12, and 17.

GE states that they are unable to provide an infringement chart mapping the patent claims to

Agere's allegedly infringing products without additional information from Agere.  This case is

nearly at the close of discovery and GE has yet to map any patent claims to accused products.

Agere has already produced all responsive, non-privileged documents, subject to its on-going

objections.  Although Agere denies that GE's duty to answer Agere's interrogatories is tied to

Agere's production, GE has in its possession all of the relevant information required to answer

Agere's interrogatories, except for Agere's source code.

GE is solely responsible for all delays as to the production of the source code. Agere approached GE to work out escrow of its source code for GE in December 2007, more than four months ago. *See* Exhibit A. GE then waited until February 2008 to first seek production of the source code. Nearly two months later, GE provided Agere with a definite location for escrow of the source code. *See* Exhibits B, C, and D. GE points to recent transactional hang-ups as Agere's fault -- which is false -- yet these logical and procedural problems raised by the escrow agent could and should have been addressed months ago. Both parties realized the importance of the source code in this case, a fact that is readily apparent by the inclusion of source code escrow provisions in the Stipulated Protective Order. Despite the importance of the code, GE waited until the end of discovery to designate a location for escrow of the source code. GE's own delinquency is no excuse for its failure to answer interrogatories.

GE further accuses Agere of delaying production of the source code by failing to approve GE's experts. Agere has the right under the terms of the protective order to object to experts, and Agere has exercised its rights in relation to two former Lucent employees.[1] Thus far in this case, Agere has approved four of GE's proffered subject matter experts, yet GE points to Agere's objection to two experts as a delay tactic. The Court should not allow GE to hide behind its own dilatory conduct to deny Agere the information it needs to prepare its case.

### B.    Willfulness

GE has failed to articulate its contention that Agere's alleged infringement was willful. Again, Agere denies that GE's duty to answers interrogatories directed at GE's own contentions

---

[1]    Lucent Technologies, Inc. is the predecessor-in-interest to Agere. According to their resumes, both individuals identified by GE had modem related experience while employed at Lucent, creating an unnecessary conflict of interest.

is any way tied to Agere's discovery responses. Nevertheless, except for the source code, which is irrelevant to willfulness, Agere's production is complete. To date GE has only provided a cursory, incomplete answer supporting its contention that any alleged infringement was willful. The Court should not allow GE to stand behind its own lack of diligence in analyzing Agere's production as an excused to not fully answer interrogatories.

### C.    Damages Analysis

GE has failed to support its contention that they are entitled to damages and has failed to provide any damages calculations. Again, Agere has responded to all timely served discovery requests and has produced all responsive, non-privileged documents, subject to Agere's ongoing objections, including all responsive financial information. As stated above, Agere's sales information can be found in Exhibit 2 to Agere's supplemental interrogatory responses, served February 8, 2008. Except for a flaw in the revenue calculation related to customer rebates, the information related to sales quantities is complete and accurate. If GE is seeking a per item royalty, the quantity of items shipped is correct and complete, and GE has had this information for months. If GE is seeking to apply a percentage based royalty, GE could provide this figure regardless of the accuracy of total sales revenue. As such, Exhibit 2 is complete and correct with respect to sales quantities and GE is under a duty to analyze this data and provide a damages calculation, particularly as GE has possessed the information since February 8, 2008.

### D.    License Defense

GE has failed to provide a substantive answer analyzing whether Agere is licensed to practice the patents-in-suit. GE makes the bare statement that Agere has not met its burden of proving a license defense, but does not offer any support or rationale for this statement. Agere articulated its license defense in its supplemental response to GE's Interrogatory No. 30, and

Agere included a list of supporting documents identified by bates number. In claiming that Agere has not provided such a response, GE has obviously failed to analyze Agere's substantive response or review the enumerated documents. As such, Agere requests that the Court order GE to provide a complete and substantive response analyzing Agere's license defense.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Agere's Opening Brief in Support of the Second Motion to Compel, Agere respectfully requests the Court order GE to provide complete and responsive answers to Agere's Interrogatory Nos. 1-3, 12 and 17.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

OF COUNSEL
David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND
AND CREW LLP
1200 17th Street, Suite 2700
Denver, CO 80202
(303) 571-4000

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Defendant Agere Systems Inc.*

Dated: May 2, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on May 2, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on May 2, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Joel E. Freed, Esquire
> Brian E. Ferguson, Esquire
> Mark A. Davis, Esquire
> D. Sean Trainor
> McDermott Will & Emery LLP
> 600 13th Street, N.W.
> Washington, DC 20005
> jfreed@mwe.com
> bferguson@mwe.com
> madavis@mwe.com
> dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.

2

# EXHIBIT A

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

ceking@townsend.com

November 30, 2007

**_VIA EMAIL_**

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096
Email: mconnelly@mwe.com

Dear Mike:

We have received notice that Broadcom has consented to our production of the following documents:

1.     Documents relating to the relationship between Lucent/Agere and AltoCom/Broadcom; and

2.     Source code for Agere's softmodem products, which contains material confidential to Altocom.

This consent is subject to the following requirements:

1.     All of the documents must be labeled "CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - CONTAINS CONFIDENTIAL THIRD PARTY INFORMATION" and GE must agree to treat documents labeled in this way as subject to the provisions of section 2(b) of the protective order, which prohibits disclosure of a third party's confidential information to any in-house counsel for the receiving party; and

2.     The source code must be produced subject to the escrow provisions of section 12 of the protective order.

Please confirm that you agree to these requirements.  Upon your agreement, we will prepare to produce these materials.  We will contact you shortly with a proposal to address the logistics of the escrow for the source code.

Regards,



Chad E. King

CEK

## Bell, Kevin M

| | |
|---|---|
| **From:** | King, Chad E. |
| **Sent:** | Friday, December 07, 2007 1:05 PM |
| **To:** | Michael W Connelly; Boyte, Louisa B. |
| **Cc:** | GE@mwe.com; GEvAgere |
| **Subject:** | RE: GE v. Agere: 2007 1130 L King to McConnelly re Broadcom consent to production of documents |

Thanks for the confirmation, Mike.

I am out of the office today, but we will work on getting these documents produced as soon as possible next week. Regarding the source code, I believe we will be using the escrow provisions of Section 12 of the Protective Order; my understanding of those provisions is that GE may select a metropolitan area for the escrow, and then Agere may select the escrow company. If your understanding is the same, please let us know when GE has decided on the metropolitan area for the escrow.

Chad

**From:** Michael W Connelly [mailto:mconnelly@mwe.com]
**Sent:** Friday, December 07, 2007 12:53 PM
**To:** Boyte, Louisa B.
**Cc:** GE@mwe.com; GEvAgere
**Subject:** Re: GE v. Agere: 2007 1130 L King to McConnelly re Broadcom consent to production of documents

Chad - this is fine.

Michael W. Connelly
McDermott Will & Emery LLP | 600 13th Street, N.W., Washington, D.C. 20005
Main: 202-756-8000 | Direct: 202-756-8037 | Fax: 202-756-8087 | www.mwe.com | mconnelly@mwe.com

| | |
|---|---|
| "Boyte, Louisa B." <lbboyte@townsend.com> | To <mconnelly@mwe.com>, <GE@mwe.com> |
| 11/30/2007 05:39 PM | cc "GEvAgere" <GEvAgere@townsend.com> |
| | Subject GE v. Agere: 2007 1130 L King to McConnelly re Broadcom consent to production of documents |

Mr. Connelly,

Attached you will find a copy of correspondence from Chad King dated November 30, 2007, regarding the above-referenced matter.

Louisa Boyte
Litigation Administrative Assistant
Townsend and Townsend and Crew, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
Telephone:  303-607-3364
Facsimile:  303-571-4321
e-mail:  lbboyte@townsend.com


<<2007 1130 L King to McConnelly re Broadcom COAEO.pdf>>

*******************************************************************************************************
IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.
_____

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
*******************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

5/2/2008

# EXHIBIT B

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Amanda E. Koenig
Associate
akoenig@mwe.com
202.756.8075

March 19, 2008

VIA E-MAIL

Chad E. King
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:     *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,* C.A. No. 07-170

Dear Mr. King:

Pursuant to Paragraph 12 of the Protective Order, we write to request that Agere's source code be provided, via third-party escrow services, in or reasonably close to Bridgewater, NJ. One alternative suggestion would be to host the source code at the offices of our experts, who could secure a dedicated, padlocked room solely for the produced code.

If you have any questions or concerns, please do not hesitate to contact us.

Sincerely,

Amanda E. Koenig

AEK/AEK

cc:     Counsel of Record for Agere

WDC99 1544369-1.037743.0051

# EXHIBIT C

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Denver

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel 303.571.4000
Fax 303.571.4321

**David Sipiora**
desipiora@townsend.com

March 27, 2008

*VIA E-MAIL AND FACSIMILE*

Amanda E. Koenig
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Email: akoenig@mwe.com

Re:   *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No. 07-170*

Dear Ms. Koenig:

Pursuant to section 2(c) of the Protective Order, this letter shall serve as notice that Agere Systems Inc. ("Agere") objects to the use of Messrs. Buterbaugh and Lopes as Outside Consultants in this litigation. The resumes of Messrs. Buterbaugh and Lopes both state they were employed by Agere's predecessors-in-interest, AT&T Corporation ("AT&T") and Lucent Technologies, Inc. ("Lucent"), in a capacity relevant to the present dispute. Both individuals will possess confidential information of AT&T and Lucent, and may be placed in a position such that the confidential information they possess could be used in a manner contrary to the interests of Agere. For example, while employed at AT&T and Lucent, Mr. Buterbaugh worked on relevant subject matter as an analyst handling "data communication," "modem," and "ADSL" technology. In addition, and while similarly employed, Mr. Lopes designed and developed "communications products."

In addition, Mr. Lopes is presently employed by ThinkFire Services USA, Ltd. ("ThinkFire"). ThinkFire is currently engaged in work for Agere. We believe that Mr. Lopes has had some role in one or more engagements, including at least one ongoing engagement. In connection with these projects, Mr. Lopes will have received and had access to confidential information of Agere. As such, employment by your firm on behalf of GE would place Mr. Lopes in a conflicted position.

Given the employment history of Messrs. Buterbaugh and Lopes, we object to their service as Outside Consultants in this matter. Accordingly, we ask that you withdraw your request to have Messrs. Buterbaugh and Lopes serve as Outside Consultants in this litigation.

We would like to schedule a time to discuss this issue. Please contact me at your earliest convenience to arrange a mutually agreeable time. Your prompt response is appreciated.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

With respect to the issue of escrow of source code, we understand that you wish to arrange for deposit of source code in a location in New Jersey.  In light of our objection, do you continue to wish to proceed with such a deposit in New Jersey.  Please advise.

Very truly yours,

David Sipiora

61319507 v1

# EXHIBIT D

```
-----Original Message-----
From: Connelly, Michael [mailto:mconnelly@mwe.com]
Sent: Wednesday, April 09, 2008 11:07 PM
To: Sipiora, David E.; Phillips, Ryan D; Koenig, Amanda
Cc: GE; GEvAgere
Subject: RE: CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems
Inc., C.A. No. 07-170
```

David - we can agree to that if Agere will agree to Dr. Bims and Dr. Lee
(resume attached).  To expedite things, Dr. Lee will be assisting with
software review.  We would also like to place the software in escrow
in/around Menlo Park - we should be able to send locations in the AM.
When could the software be delivered?

Thanks

mike

_____
```
From: Sipiora, David E. [desipiora@townsend.com]
Sent: Wednesday, April 09, 2008 11:32 PM
To: Phillips, Ryan D; Koenig, Amanda; Connelly, Michael
Cc: GE; GEvAgere
Subject: RE: CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems
Inc., C.A. No. 07-170
```

Mike:  We are putting together our motion re the two former Lucent
employees for filing Thursday, 4/10.  Would prefer not to file.  We are
prepared to accept Bims if you explicitly withdraw the proffer of the
two Lucent employees under the protective order.  Please let us know.
Thanks.  David
```
-----Original Message-----
From: Phillips, Ryan D
Sent: Tuesday, April 08, 2008 9:09 AM
To: 'Koenig, Amanda'; 'Connelly, Michael'
Cc: GE; GEvAgere
Subject: RE: CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems
Inc., C.A. No. 07-170
```

Amanda and Mike,

We have forwarded Dr. Bims's CV to our client for review and are hoping
for an expedient response.

Yesterday in our meet and confer you stated that by proffering a new
expert, it may alleviate the need to further discuss Messrs. Lopes and
Buterbaugh.  We understand your statement to mean that if we approve Dr.
Bims, you will withdraw Messrs. Lopes and Buterbaugh as consultants
under the Protective Order.  As you know, under the Protective Order, we
have until April 10 to move the Court regarding Messrs. Lopes and
Buterbaugh.  Agere intends to make such a motion unless GE unequivocally
withdraws Lopes and Buterbaugh.  Please confirm that if we are able to
approve Dr. Bims, you will withdraw Messrs. Lopes and Buterbaugh as
consultants under the protective order.

Regards,

Ryan

-----Original Message-----
From: Koenig, Amanda [mailto:AKoenig@mwe.com]
Sent: Monday, April 07, 2008 7:39 PM
To: Phillips, Ryan D
Cc: GE; GEvAgere
Subject: CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,
C.A. No. 07-170

Dear Counsel:

Please see the attached document.

Sincerely,
Amanda Koenig

Amanda E. Koenig | Associate / Intellectual Property, Media & Technology
McDermott Will & Emery LLP| 600 13th Street, NW Washington, DC 20005
phone: 202.756.8075 | fax: 202.756.8087 | akoenig@mwe.com

************************************************************************
*******************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the
IRS, we inform you that any U.S. federal tax advice contained herein
(including any attachments), unless specifically stated otherwise, is
not intended or written to be used, and cannot be used, for the purposes
of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or
matter herein.

_____

This message is a PRIVILEGED AND CONFIDENTIAL communication. This
message and all attachments are a private communication sent by a law
firm and may be confidential or protected by privilege. If you are not
the intended recipient, you are hereby notified that any disclosure,
copying, distribution or use of the information contained in or attached
to this message is strictly prohibited. Please notify the sender of the
delivery error by replying to this message, and then delete it from your
system. Thank you.
************************************************************************
*******************************************

Please visit http://www.mwe.com/ for more information about our Firm.