IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | C.A. No. 07-170-JJF |
| AGERE SYSTEMS INC., ) ) | **REDACTED PUBLIC VERSION** |
| Defendant. ) | |

**DEFENDANT AGERE SYSTEMS INC.'S ANSWERING BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND RESPONSES**

YOUNG CONAWAY STARGATT & TAYLOR LLP
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
302-571-6600

-and-

TOWNSEND AND TOWNSEND AND CREW LLP
David Sipiora
Ian L. Saffer
Chad E. King
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
303-571-4000

*Attorneys for Defendant Agere Systems Inc.*

April 25, 2008

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ....................................................................... 1

SUMMARY OF ARGUMENT .................................................................................................... 2

STATEMENT OF FACTS ........................................................................................................... 3

ARGUMENT ................................................................................................................................ 4

    I.     With Regard to GE's Proposed Order that Agere Produce All Documents Outlined in Appendix A to the Motion, the Motion is Unnecessary and/or Moot. ........................................................................................................................ 4

    II.    With Regard to GE's Proposed Order Compelling Agere to Produce Answers to GE's Interrogatory Nos. 1, 2, 3, 7, 8, 9, 14, 16, 25, 30, 38, and 40, and Documents Responsive to GE's Requests for Production Nos. 2, 7-9, 11, 15-17, 23, 27, and 43, the Motion is Duplicative, Unnecessary and/or Moot. ........................................................................................................................ 5

CONCLUSION ............................................................................................................................. 6

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for patent infringement brought by CIF Licensing LLC, d/b/a GE Licensing, ("GE") against Agere Systems Inc. ("Agere") for alleged infringement of U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776. This case is currently in the discovery phase, and discovery is set to close on June 1, 2008.

GE served its Motion to Compel Discovery (the "Motion") on Agere on April 8, 2008, seeking answers to GE's Interrogatory Nos. 1, 2, 3, 7, 8, 9, 14, 16, 25, 30, 38, and 40, documents responsive to GE's Requests for Production Nos. 2, 7-9, 11, 15-17, 23, 27, and 43, and documents and categories of documents outlined in Appendix A to the Motion.

## SUMMARY OF ARGUMENT

1) With regard to GE's proposed order that Agere produce all documents outlined in Appendix A to the Motion, the Motion is unnecessary and/or moot. Prior to GE filing this Motion, GE sent an exhaustive seventeen-page letter, dated March 19, 2008, and a two-page follow-up letter, dated March 20, 2008, raising concerns that GE had with Agere's production and interrogatory responses. GE's letters are attached hereto as Appendix B. GE subsequently incorporated these concerns into Appendix A of its Motion. Agere's extensive letter in response, dated April 20, 2008 and attached hereto as Appendix C, addresses each and every one of GE's concerns raised in Appendix A to the Motion.

2) With regard to the remainder of GE's Motion, seeking answers to GE's Interrogatory Nos. 1, 2, 3, 7, 8, 9, 14, 16, 25, 30, 38, and 40, and documents responsive to GE's Requests for Production Nos. 2, 7-9, 11, 15-17, 23, 27, and 43, the Motion is duplicative, unnecessary and/or moot. Agere has previously provided substantive responses to each of the enumerated requests. Appendix A to the Motion lists GE's specific concerns related to Agere's responses to the enumerated discovery requests, and Agere has now addressed each of GE's specific concerns in Appendix A hereto.

## STATEMENT OF FACTS

On January 22, 2008, the Court entered a stipulated order under which Agere agreed to provide a "complete production of *documents* for all products, whether or not enumerated, within GE Licensing's revised definition of 'Agere Products' set out in the Motion to Compel that were sold or offered for sale after March 23, 2001." (D.I. 49, emphasis added) On February 8, 2008, Agere produced the remainder of its responsive, non-privileged documents, subject to its objections. In addition, Agere supplemented its answers to GE's Interrogatories, attaching two exhibits that detailed Agere's products and all modem sales since 2001.

In March, GE sent two letters to Agere raising concerns with Agere's production and interrogatory responses. The March 19, 2008 letter was seventeen pages long, contained references to a litany of new Agere "products" and raised other specific concerns with Agere's discovery. *See* Appendix B. The next day, March 20, 2008, GE sent another letter to Agere raising six additional concerns as to Agere's discovery. *See id.* Agere, at great expense of time and resources, worked with its employees to address each one of the concerns raised in the two letters. As part of the process, Agere identified documents from two of its employees that inadvertently had not been produced. Agere produced one of the employee's documents to GE under separate cover on April 18, 2008, and is diligently seeking the second employee's documents for production. In addition, Agere has identified several license agreements with third parties that are subject to confidentiality obligations, and Agere is currently seeking permission from these third parties to produce these documents.

While Agere was engaged in researching GE's concerns, GE filed the Motion on April 8, 2008. GE included Appendix A to the Motion, which raises the same specific concerns with Agere's production as listed in GE's letters, although the order and numbering of the issues is different. Upon completing its investigation of the concerns raised in GE's letters and Appendix

3

A to the Motion, Agere provided its own thirteen-page letter on April 20, 2008, which specifically addresses each and every one of GE's concerns. *See* Appendix C. As part of the letter, Agere attached a revised exhibit containing detailed information regarding Agere's products.

## ARGUMENT

### I. With Regard to GE's Proposed Order that Agere Produce All Documents Outlined in Appendix A to the Motion, the Motion is Unnecessary and/or Moot.

In responding to GE's March 19 and 20, 2008 letters, Agere has addressed each and every one of GE's concerns raised in Appendix A to the Motion, rendering the Motion unnecessary and/or moot. As stated above, GE included in Appendix A the specific concerns raised in its two letters. To guide the Court, Agere has attached, as Appendix A hereto, a copy of GE's Appendix A to the Motion, modified to include Agere's responses to each of GE's concerns, as provided by Agere in its April 20, 2008 letter,[1] attached hereto as Appendix C. In addition, GE's Motion raised the issue of Agere's objections to GE's Requests for Production Nos. 46-61. Motion Appendix A at 2-3. Agere's objections to these discovery requests are the subject of a pending Motion to Compel and Agere incorporates herein its response thereto. (D.I. 65, 67). In providing GE with the April 20, 2008 letter, Agere has completely and substantively responded to each and every one of the concerns expressed in GE's Appendix A, and thus the Motion, with respect to Agere's production of documents, is unnecessary and/or moot.

---

[1] In Appendix A hereto, Agere's responses are listed in bold beneath each of GE's specific concerns.

4

**II.    With Regard to GE's Proposed Order Compelling Agere to Produce Answers to GE's Interrogatory Nos. 1, 2, 3, 7, 8, 9, 14, 16, 25, 30, 38, and 40, and Documents Responsive to GE's Requests for Production Nos. 2, 7-9, 11, 15-17, 23, 27, and 43, the Motion is Duplicative, Unnecessary and/or Moot.**

Because Agere has previously provided substantive responses to GE's Interrogatories and Requests for Production, and has completely and substantively responded to each and every one of GE's stated concerns in Appendix A, the remainder of GE's Motion is duplicative, unnecessary and/or moot. On February 8, 2008, Agere provided GE with all responsive, non-privileged documents in Agere's possession or control, subject to its on-going objections (and the few additional documents described above, which are forthcoming), and, on the same date, Agere provided supplemental responses to GE's interrogatories. As stated above, Agere has subsequently addressed all of GE's stated concerns with Agere's discovery, as expressed in GE's Appendix A. In Appendix A, GE raises specific concerns about Interrogatory Nos. 1, 2, 3, 7, 8, 9, 14, 16, 25, 30, 38, and 40, and Requests for Production Nos. 7-9, 11, 15-17, 23, 27, and 43.[2] Since Agere has provided complete and substantive answers to all of the discovery requests at issue in the Motion, as well substantive responses to GE's issues with Agere's answers, GE's request for relief in regard to those answers is duplicative, unnecessary and/or moot.

---

[2] In Appendix A, GE complains about Agere's responses to GE Interrogatory No. 37 and GE Request for Production No. 40. However, neither of GE's letters mention either of these discovery requests, nor does GE's Proposed Order appear to provide any relief on these. Nonetheless, Agere has provided its responses to these discovery requests in Appendix A hereto. In addition, GE failed to include in its Appendix A any mention of Agere's response to Request for Production No. 2. Notwithstanding this omission, Agere believes that all of the issues about Agere's response to this request in GE's March 19, 2008 letter were addressed by Agere's March 20, 2008 letter; hence, Agere incorporates herein the response from Agere's April 20, 2008 letter. *See* Appendix B at 10-11, ¶ 13; Appendix C at 9, ¶ 13.

## CONCLUSION

For the foregoing reasons, Agere respectfully requests the Court deny Plaintiff CIF Licensing's Motion to Compel Discovery from Defendant Agere Systems Inc.

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ Jeffrey T. Castellano

OF COUNSEL
David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND
AND CREW LLP
1200 17th Street, Suite 2700
Denver, CO  80202
(303) 571-4000

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Defendant Agere Systems Inc.*

April 25, 2008

6

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on May 2, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard L. Horwitz, Esquire
>Philip A. Rovner, Esquire
>David E. Moore, Esquire
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>Wilmington, DE 19801

I further certify that on May 2, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Joel E. Freed, Esquire
>Brian E. Ferguson, Esquire
>Mark A. Davis, Esquire
>D. Sean Trainor
>McDermott Will & Emery LLP
>600 13th Street, N.W.
>Washington, DC 20005
>jfreed@mwe.com
>bferguson@mwe.com
>madavis@mwe.com
>dtrainor@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
mwheeler@mwe.com


YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Agere Systems Inc.

2

# APPENDIX A

[REDACTED]

# APPENDIX B

**[REDACTED]**

# APPENDIX C

[REDACTED]

# APPENDIX D

# [REDACTED]