IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a G.E. LICENSING, | : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 07-170-JJF : |
| AGERE SYSTEMS, INC. | : : |
| Defendant. | : |

**MEMORANDUM ORDER**

The following motions are pending before the Court: Defendant's Motion for Leave to File a Second Amended Answer and Counterclaims (D.I. 56), Plaintiff's Motion to Compel Production and Responses (D.I. 65), Plaintiff's Motion to Compel Production and Responses (D.I. 71), and Defendant's Motion to Compel Discovery (D.I. 74.).

1. **Defendant's Motion for Leave to File Second Amended Answer and Counterclaims (D.I. 56)**

Pursuant to its Motion, Defendant moves for leave to file a second amended answer and counterclaims, specifically an affirmative defense and counterclaim for declaratory judgment for unenforceability relating to inequitable conduct before the U.S. Patent and Trademark Office.

In light of the liberal pleading rules, the Court will grant Defendant's Motion. Defendant's Motion was filed within the deadline set by the Scheduling Order governing the action, and Defendant's proposed defense and counterclaim are

sufficiently specific to give Plaintiff notice of the misconduct alleged.

Plaintiff contends that if Defendant's amendment is allowed, Plaintiff should be entitled to additional written discovery. Defendant contends that at issue "is a Motorola patent purchased by GE," and so Defendant has "no documentary evidence of any kind relating to the alleged act of inequitable conduct (other than the publically available file wrapper for the patent and the reference itself-which has been provided during discovery." (D.I. 62 at 3.) If Defendant's contention that it has no discoverable documentary evidence relating to its new defense and counterclaim is accurate, any harm arising out of allowing Plaintiff to propound written discovery on this issue would be minimal. Accordingly, the Court will allow Plaintiff to propound written discovery requests regarding Defendant's newly added defense and counterclaim.

2. **Plaintiff's Motion to Compel Production and Responses from Defendant (D.I. 65)**

Pursuant to its Motion to Compel Production and Responses from Defendant (D.I. 65), Plaintiff requests that the Court order Defendant to provide complete and responsive answers and documents to its supplemental interrogatory request no. 44, and requests for production nos. 46-61 issued on February 7, 2008 ("the February requests").

The Court finds that neither party has been straightforward

throughout the discovery process. While Plaintiff's February requests were not timely, the requests are relevant and the Court finds that Plaintiff is entitled to this information. Accordingly, the Court will grant Plaintiff's Motion (D.I. 65).

3.  **Plaintiff's Motion to Compel Production and Responses from Defendant (D.I. 71)**

Pursuant to its second Motion to Compel, Plaintiff contends that Defendant is "hid[ing] the ball" and enumerates several alleged deficiencies in Defendant's production of documents and information. (D.I. 71 at 1.) Plaintiff contends that Defendant has failed to produce relevant discovery relating to infringement (including design, development, product and marketing data), damages (including sales, revenue and financial data) and defenses (prior litigation and licenses).

The Court concludes that the specificity of Plaintiff's requests make it clear that Plaintiff is not engaging in a fishing expedition, and that there are aspects of Defendant's production that require supplementation, or identification within Defendant's voluminous document production.

4.  **Defendant's Motion to Compel Discovery (D.I. 74)**

Defendant asks the Court to compel Plaintiff to provide complete responses to its interrogatories regarding the basis for Plaintiff's willful infringement claim, and identification of all accused products and a mapping of the asserted claims to the accused products.

Through the filing of multiple discovery motions, Plaintiff has objected to what it characterizes as Defendant's incomplete discovery responses. According to Plaintiff, the information Plaintiff has unsuccessfully sought to obtain from Defendant is necessary for Plaintiff to adequately respond to Defendant's interrogatories. Defendant contends, however, that it has produced all responsive non-privileged documents. The Court has already determined that there are aspects of Defendant's production that require supplementation. Once Defendant has supplemented its production, Plaintiff should adequately respond to Defendant's interrogatories. Defendant is entitled to this information, and, as Defendant aptly points out, discovery obligations are not conditional.

The Court notes that the parties' discovery disputes have continued to evolve while the parties were filing their briefing on Plaintiff's Motion to Compel Production and Responses from Defendant (D.I. 71), and Defendant's Motion to Compel Discovery (D.I. 74). The Court finds that both parties' efforts to reach agreement regarding their discovery obligations were insufficient, and accordingly, the Court will deny both Motions.

Instead, the Court will order the parties to meet and confer in order to reach agreement on each parties' outstanding discovery obligations. The Court will allow the parties ten (10) days from the date this Order is entered to reach agreement. If

the parties are unable to do so, they shall file a joint letter with the Court that succinctly depicts those issues on which they are unable to reach agreement. The Court will resolve any remaining disputes, or will refer them to a Special Master.

    NOW THEREFORE IT IS HEREBY ORDERED:

1. Defendant's Motion for Leave to File Second Amended Answer and Counterclaims (D.I. 56) is **GRANTED**. The Court will allow Plaintiff to propound written discovery requests regarding Defendant's newly added defense and counterclaim.

2. Plaintiff's Motion to Compel Production and Responses from Defendant (D.I. 65) is **GRANTED**.

3. Plaintiff's Motion to Compel Production and Responses from Defendant (D.I. 71) and Defendant's Motion to Compel Discovery (D.I. 74) are **DENIED**.

4. The Parties shall meet and confer, to attempt to reach agreement as to each Parties' outstanding discovery obligations. The parties shall have **ten (10) days** from the date this Order is entered to reach agreement. If the parties are unable to do so, they will file a joint letter with the Court that succinctly depicts those issues on which they are unable to reach agreement. The Court will resolve any remaining disputes, or refer

them to a Special Master.

May 9, 2008  
    DATE

/s/ Joseph J. Farnan  
UNITED STATES DISTRICT JUDGE