IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170-JJF |
| | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED STIPULATED AMENDMENT TO PROTECTIVE ORDER

WHEREAS, the parties have encountered difficulties contracting with a third

party escrow company for storage and viewing of Agere Systems Inc.'s ("Agere") source code

due to certain formalities in the Stipulated Protective Order signed by Judge Joseph J. Farnan on

November 2, 2007 ("Protective Order");

WHEREAS, the parties wish to amend Paragraph 12 of the  Protective Order to

facilitate production of Agere's source code;

NOW, THEREFORE, the parties hereby stipulate and agree, subject to the Court's

approval, to replace paragraph 12 from the Protective Order with the following revised paragraph

12:

12.    Special Handling of Source Code.

(a) Designated Material that is in the form of computer source code ("Computer

Source Code")  shall be produced in electronic form (unless no electronic version

is available to the Producing Party).  Computer Source Code may be accessed

only by Authorized Persons.  An Authorized Person is "a person to whom may be

disclosed material designated 'CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY' as set forth in section 2." Computer Source Code in electronic form, may, at the election of the Producing Party, be produced by the following method: Computer Source Code may be produced for inspection through a third party escrow company. The Receiving Party may designate a metropolitan area, and the Producing Party may select a third party escrow company and designate a secure site under the control of the escrow company in the metropolitan area.

(b) The parties have agreed to split the costs of the setting up and maintaining the Computer Source Code in escrow in the following manner:

    (i)  The parties will split one time setup fees (the parties anticipate that these fees will amount to approximately $1,050).

    (ii)  The receiving party will split the initial six month storage fees (the parties anticipate that these fees will amount to approximately $2,250).

    (iii)  The parties will split all costs associated with daily access for ten (10) viewing days for the Receiving Party (the parties anticipate that these fees will amount to approximately $500/day).

    (iv)  The Receiving Party will be responsible for paying for any additional viewing time over ten (10) days (the parties anticipate that this will amount to approximately $500/day and may include additional six-month storage fees).

(c) Computer Source Code can only be viewed, analyzed, or otherwise used on a computer with all ports, software, and other avenues that could be used to copy or transfer such data blocked ("Stand-Alone Computer"). A suitable Stand-Alone

Computer will be provided by each Producing Party. Each Receiving Party shall provide all peripheral devices necessary for that Receiving Party's review, including a monitor, keyboard and/or mouse, and printer. It shall be the responsibility of the Receiving Party to ensure that the provided peripheral devices are interoperable with the Stand-Alone Computer. No peripheral devices capable of data storage shall be attached to the Stand Alone Computer, however. The Stand-Alone Computer shall always be maintained and secured at the facility of the third party escrow company under the control of the third party escrow company (except as authorized by 12(i) below).

(d) For Computer Source Code produced pursuant to this section, only Authorized Persons shall have access to the Stand-Alone Computer provided, however, that the following additional restrictions shall apply to such access:

   (i)  The Receiving Party seeking access for that individual must provide at least one (1) business day notice in writing to the third party escrow company, identifying the dates and individuals for whom access is sought.

   (ii) A log shall be kept by the third party escrow company, including the identity of each person granted access to the Stand-Alone Computer, the time during which the person has access and whether hard copies are made.

   (iii) Upon the Producing Party's request and the Court finding good cause, such as a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, the third party escrow company shall provide within three (3) business days a copy of its log, and counsel

3

for the Receiving Party shall provide within (3) business days copies of the executed undertakings for each person identified on the log who was required to execute an undertaking under this Order.

(e) No Receiving Party may copy Computer Source Code onto any form of electronic media, including, without limitation, hard drives, removable electronic media (such as diskettes, CD-ROM, DVD, PC card, flash media, thumb drives, jump drives, etc.), or network servers, except to the extent that the Computer Source Code may be loaded into RAM or virtual RAM as required by a computer's operating system for viewing or analysis purposes.

(f) Computer Source Code may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), intranet, or the Internet.

(g) Because Computer Source Code received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws, the Receiving Party shall comply with such laws and agrees not to knowingly export, re-export, or transfer Computer Source Code of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses.

(h) No printouts from any Stand-Alone Computer may be made of Computer Source Code except as follows:

    (i) A printer may be attached to the Stand-Alone Computer, and an Authorized Person may print selected portions of Computer Source Code

4

that the Authorized Person in good faith considers to be relevant to the issues in this case.

(ii) Each printout made under subparagraph (h)(i) shall be immediately and conspicuously marked with the same designation indicated by the Producing Party for its Source Code. Such marking shall bear a unique page identifier. The Producing Party shall provide pre-marked paper.

(iii) The Authorized Person shall provide one (1) copy or the original of each printout made under subparagraph (h)(i), as appropriately marked pursuant to subparagraph (h)(ii), to counsel for the Receiving Party, one (1) copy to counsel of the Producing Party, and one (1) copy to the third party escrow company. The Authorized Person shall transmit copies to counsel via U.S. Federal Express Standard Overnight shipping on the next business day after any such printout is made.

(iv) The third party escrow company will maintain a copy of each print out made at the third escrow company.

(i) If it is necessary to show a deponent electronic Computer Source Code during his or her deposition, then prior to such deposition counsel for the parties shall meet and confer in good faith to arrange for an electronic copy of the Computer Source Code and a Stand-Alone Computer to be available at the location of the deposition.

IT IS SO ORDERED.

Dated:_____

_____
Honorable Joseph J. Farnan, Jr.

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
      Richard L. Horwitz (No. 2246)
      rhorwitz@potteranderson.com
      Philip A. Rovner (No. 3215)
      provner@potteranderson.com
      David E. Moore (No. 3983)
      dmoore@potteranderson.com
      P.O. Box 951
      Wilmington, DE 19899
      (302) 984-6000

- and -

Joel E. Freed
Brian E. Ferguson
Mark A. Davis
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304

*Attorneys for CIF Licensing, LLC*


Dated: May 14, 2008

864699

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: /s/ Jeffrey T. Castellano
      Josy W. Ingersoll (No. 1088)
      jingersoll@ycst.com
      John W. Shaw (No. 3362)
      jshaw@ycst.com
      Jeffrey T. Castellano (No. 4837)
      jcastellano@ycst.com
      The Brandywine Building
      1000 West Street, 17th Floor
      Wilmington, Delaware 19801
      (302) 571-6600

- and -

David E. Sipiora
Ian L. Saffer
Chad E. King
Townsend and Townsend and Crew, LLP
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202-5827
303-571-4000

*Attorneys for Agere Systems Inc.*

6