## YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 576-3587
DIRECT FAX: (302) 576-3551
jcastellano@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

May 28, 2008

**BY CM/ECF – REDACTED PUBLIC VERSION**

The Honorable Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801

Re:   *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,*
       C.A. No. 07-170

Dear Judge Farnan:

We represent defendant Agere Systems Inc. ("Agere") in the above-referenced patent infringement action and write on behalf of Agere and plaintiff CIF Licensing, LLC, d/b/a as GE Licensing ("GE Licensing"). Pursuant to the May 9, 2008 Memorandum Order (D.I. 104) on D.I. 56, 65, 71 and 74 ("the Order"), the parties met and conferred on May 19, 2008, regarding GE Licensing's claims relating to alleged outstanding discovery obligations of Agere. Both parties are prepared to brief the disputed issues as deemed necessary by the Court.[1]

---

[1] On May 27, 2008, the Parties agreed to file this letter on May 28, 2008 in order to allow the parties sufficient time to review the positions raised herein.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 2

*GE Licensing's Position*

While the parties have made significant progress, there remain several issues on which the parties have not been able to reach agreement. These outstanding issues include (1) issues raised in GE Licensing's Motions To Compel Production and Responses (D.I. 65 and 71) and (2) issues that have arisen since the filing of these prior motions. GE Licensing was unclear as to whether the Order encompassed the latter category of issues, and included them in this letter in an abundance of caution and due to the late stage of discovery.[2] Pursuant to the Order, below are the remaining issues presented in summary.

*Agere's Position*

The parties have made substantial progress and reached agreement on all but one issue raised in GE Licensing's motion. Except for that issue, all of the disputed issues raised in this letter are new issues not previously before the Court and, in most instances, not previously raised by GE Licensing to Agere. Specifically, GE Licensing first sent a draft of this letter to Agere for review on Sunday, May 25, 2008. In the draft letter, GE Licensing raised numerous issues not previously discussed by the parties and not the subject of any prior "meet and confer" by GE Licensing. As such, almost all of the disputed topics in this letter fall outside the scope of the May 9, 2008 Memorandum Order. Agere will address the issues here, but notes that by raising the issues in this letter, GE Licensing has done an end run around the "meet and confer" process requirement of the Local Rules of this Court and the Court's May 9 Order. As described below, Agere asks that GE Licensing's requests be denied and/or that GE Licensing be required to meet and confer to narrow or eliminate the disputed issues.

I.   **GE Licensing Interrogatory No. 44 and Request for Production Nos. 46-61**

   *A.   GE Licensing's Position*

GE Licensing's motion to compel responses to Interrogatory No. 44 and Request for Production Nos. 46-61 (D.I. 65) was granted by the Court on May 9, 2008 (D.I. 104). Some two

---

[2] At least the issues raised in Sections V (GE Licensing's Fourth Set of Interrogatories (Nos. 45-75) and First Set of Requests for Admission (Nos. 1-64)) and VI (Agere Deponents) have been the subject of ongoing correspondence and discussion between the parties. *See* A. Koenig letter dated April 30, 2008 (re: Rai deposition); M. Connelly letter dated May 2, 2008 (discussing, inter alia, Mr. Rai's deposition); R. Phillips letter dated May 5, 2008 (discussing, inter alia, Mr. Rai's deposition); R. Phillips letter dated May 7, 2008 (re: GE Licensing's First Set of Requests for Admissions and Fourth Set of Interrogatories); M. Connelly letter dated May 8, 2008 (re: GE Licensing's First Set of Requests for Admissions and Fourth Set of Interrogatories); A. Koenig letter dated May 13, 2008 (re: Flanagan deposition); A. Koenig letter dated May 15, 2008 (re: topics for parties' meet-and-confer); A. Koenig letter dated May 22, 2008 (following-up on parties' meet-and-confer).

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 3

weeks later, Agere has yet to produce the requested documents and information. Agere's failure to do so has effectively nullified GE's opportunity to pursue discovery relating to these documents before the scheduled discovery cutoff date of June 1, to GE's severe prejudice.

### B.   *Agere's Position*

**Short Answer:** There is no dispute here. Agere is providing responses to this discovery.

**Explanation:** These requests are extremely broad requests covering areas of damages not raised by GE Licensing in its prior discovery requests. Agere objected to these requests on the grounds that they were untimely, as the requests were served one day before the close of written discovery -- obviously not in time for Agere to respond within the time period provided under the Federal Rules of Civil Procedure. Agere properly objected to all the requests and undertook no further action. Specifically, Agere did not undertake the time and resource consuming task of gathering this information and/or determining whether the information was included in prior productions.

In the May 9, 2008 Memorandum Order, the Court effectively extended the period for propounding written discovery to include these requests. Agere has begun the process of seeking to determine what responsive information is available or already has been produced, and will provide formal written responses shortly. Agere will supplement its production to the extent responsive documents exist and have not previously been produced.

### II.   Missing Electronic Documents

### A.   *GE Licensing's Position*

GE Licensing contends that Agere has failed to produce the complete electronic documents of key individuals, including at least Surinder Rai, Ashok Vernekar, Michael Pasznik, Jay (Jinguo) Yu, and JianQiang Xin. Although Agere claims it has produced all relevant electronic files (including email databases), deposition testimony shows otherwise.

REDACTED

---

[3] It is insufficient for Agere to say that Agere complied with its obligations by producing electronic documents collected for another unrelated lawsuit over three years ago. The collection and review must at least be updated, if not repeated. **Agere's Position:** Agere produced the electronic documents for the unrelated lawsuit in response to a specific discovery request from GE Licensing. In addition, Agere collected, reviewed and produced any additional electronic documents to the extent such documents exist.

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 4

### B.  *Agere's Position*

**Short Answer**: This is a new issue that has not previously been raised by GE Licensing. Hence, it is unclear to Agere whether there is a dispute on this issue. To Agere's knowledge, all responsive documents have been produced. As to GE Licensing's new allegations, Agere will investigate and meet and confer with GE Licensing.

**Explanation**: Agere collected and reviewed all responsive electronic documents from the named individuals, as well as Agere's other employees, to the extent such documents exist. Agere subsequently produced all responsive, non-privileged electronic documents from these and other individuals, again to the extent that such documents exist. Agere has investigated and has, based on this investigation, a good faith belief that no additional emails exist for Surinder Rai and Ashok Vernekar. To the extent that Mr. Vernekar's testimony this past week in deposition raises issues of unproduced emails (and that testimony is subject to interpretation), Agere is following up with Mr. Vernekar for clarification and will advise GE Licensing of its findings. Until this letter, GE Licensing had not raised any issue with respect to an alleged lack of production of emails from Michael Pasznik, Jay (Jinguo) Yu, and JianQiang Xin. The parties have not met and conferred on this issue and Agere has not had an opportunity to research or investigate any supposed omission of production from these individuals. Based on the notice now provided by GE Licensing, Agere will investigate and determine if, in fact, any additional emails exist for these individuals.

## III.  Interrogatory Responses

### A.  *GE Licensing's Position*

GE Licensing contends that Agere's responses to GE Licensing Interrogatory Nos. 3, 7, 8, 9, 30 and 38 are incomplete. Agere has steadfastly refused to supplement its responses, and no evidence of compromise emerged during the parties' meet-and-confer. As outlined in GE Licensing's April 8, 2008 motion to compel (D.I. 71), GE Licensing is entitled to full and complete responses to these requests, which seek information relevant to issues central to this dispute.

### B.  *Agere's Position*

**Short Answer**: As to GE Licensing Interrogatory No. 38, there is no dispute. Agere will supplement its answer by identifying responsive documents. As to the remaining interrogatories, there is a dispute. Agere has provided full and complete responses to the remaining interrogatories.

**Explanation**: Agere will be supplementing its answer to GE Licensing Interrogatory No. 38, which deals with communications with third parties. All responsive documents were produced previously. The only exceptions, which will be produced shortly, are correspondence

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 5

between the Townsend law firm (counsel for Agere in this action) and various third parties seeking documents or information in this case. All substantive documents actually obtained from third parties in this litigation have been provided to GE Licensing. As to Interrogatory Nos. 3, 7, 8, 9 and 30, Agere stands by its answers and disputes GE Licensing's contention that such answers are incomplete.

### IV.  GE Licensing's Fourth Set of Interrogatories (Nos. 45-75) and First Set of Requests for Admission (Nos. 1-64)

#### A.  *GE Licensing's Position*

GE Licensing expects to file a motion to compel responses to its Fourth Set of Interrogatories (Nos. 45-75) and First Set of Requests for Admission (Nos. 1-64). GE Licensing maintains that its Fourth Set of Interrogatories (Nos. 45-75) and First Set of Requests for Admission (Nos. 1-64), served on April 30, 2008, seek relevant information which GE Licensing has been unable to obtain through deposition discovery and, as a practical matter, could not have been posed earlier in discovery. At least Interrogatory Nos. 45-54 and 56-75 and Request for Admission Nos. 1-57 are highly targeted inquiries seeking very specific information about the accused Agere Products' source code and functionality, which is highly relevant to the infringement analysis.

REDACTED

YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 6

REDACTED

YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 7

REDACTED

YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 8

### B. Agere's Position

**Short Answer**: This is a new issue that has not previously been raised by GE Licensing. Hence, it is unclear to Agere whether there is a dispute on this issue. GE Licensing should be required to meet and confer on this issue and explain the basis for its claim that deposition topics were not adequately known to Mr. Flanagan.

**Explanation**: By splashing sound bites of testimony on a page, GE Licensing miscasts Mr. Flanagan's testimony and attempts to obfuscate the fact that GE has failed to explain or specify what was lacking in Mr. Flanagan's testimony. Specifically, GE Licensing calls for the production of another witness "for those topics on which Mr. Flanagan was unprepared," but fails to identify any information to which it was entitled that it did not obtain from Mr. Flanagan. While GE Licensing lists topic numbers from the Rule 30(b)(6) deposition notice, it provides no details or explanation how those topics were not addressed by Mr. Flanagan's testimony—or even that questions were posed by GE Licensing in relation to those topics during the deposition.

In fact, the discovery requests mentioned above were not the subject of Mr. Flanagan's testimony. In fact, the requests are not even part of this case, having been served on April 30, 2008, nearly three months after the close of written discovery. If GE Licensing wanted responses to this discovery, it should have timely served the requests during the written discovery period. Knowing that these requests are completely out-of-bounds and improper, GE Licensing has not moved to compel responses to these requests. Instead, GE Licensing seeks to shoehorn the requests into the current dispute in connection with the completely unrelated event of Mr. Flanagan's deposition. The Court should not permit GE's attempted end run around this Court's Scheduling Order. These discovery requests were months late, and Agere should not be required to respond to them in any way.

Beyond the obvious untimeliness of GE Licensing's requests, GE Licensing's position here, if adopted by the Court, would have the effect of switching the burden of proof in this case. GE's new discovery basically asks Agere to investigate its own source code (which Agere produced to GE Licensing), determine whether the code infringes specific limitations of the asserted claims, and point out to GE where in the code Agere believes such infringement exists. Obviously, these tasks, which require multiple legal conclusions, are the domain of lawyers and experts and are not properly the subject of interrogatories to an opposing party. Aside from the unfairness and prejudice associated with forcing responses to such grossly tardy discovery, to grant GE's request here would unfairly prejudice Agere by effectively forcing Agere to carry GE Licensing's burden of proof on the issue of infringement.

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 9

## V. Agere Deponents

### A. *GE Licensing's Position*

GE Licensing contends that Agere's two 30(b)(6) witnesses thus far – Messrs. Rai and Flanagan – were unprepared and lacked knowledge to testify to a number of GE Licensing's 30(b)(6) topics for which they were designated.

GE Licensing contends that Mr. Rai was unprepared to testify on Topic Nos. 6, 30-32, and 37, and Mr. Rai refused to provide testimony responsive to Topic Nos. 38 and 39 relating to financial terms of licenses of modem technology between Agere and third parties on the basis of alleged confidentiality restrictions. Mr. Flanagan (as detailed above in Section IV(A)) was unprepared to testify on Topic Nos. 1, 4, 5, 7, 8, 15, 27 and 28.

The parties have corresponded and discussed this issue such that GE Licensing believes that it is ripe for briefing. *See* A. Koenig letter dated April 30, 2008 (re: Rai deposition); M. Connelly letter dated May 2, 2008 (discussing, inter alia, Mr. Rai's deposition); R. Phillips letter dated May 5, 2008 (discussing, inter alia, Mr. Rai's deposition); A. Koenig letter dated May 13, 2008 (re: Flanagan deposition); A. Koenig letter dated May 15, 2008 (re: topics for parties' meet-and-confer); A. Koenig letter dated May 22, 2008 (following-up on parties' meet-and-confer).

GE Licensing contends that Agere's failure to prepare its 30(b)(6) witnesses and substantively respond to written discovery requests has significantly hampered GE Licensing's ability to identify and depose knowledgeable witnesses within the allotted discovery period. For example, scheduling depositions for damages witnesses has been delayed due to the incomplete nature of Agere's production of financial and sales information. Moreover, because Agere's 30(b)(6) witnesses were unprepared for many of the noticed topics, GE Licensing has been forced to seek information from multiple fact witnesses – some of whom were identified as knowledgeable persons for the first time by Agere's 30(b)(6) witnesses. Given the circumstances, GE Licensing has requested that Agere cooperate to make its witnesses available as necessary after the June 1, 2008 discovery deadline. Agere has, thus far, refused, although it intends to take depositions of third-party Motorola in mid-June.

### B. *Agere's Position*

**Short Answer:** This is a new issue that has not previously been raised by GE Licensing. Hence, it is unclear to Agere whether there is a dispute on this issue. GE Licensing should be required to meet and confer on this issue and explain the basis for its claim that deposition topics were not adequately known to Messrs. Rai and Flanagan.

**Explanation:** This topic is not within the scope of any prior motion, nor the parties met and conferred concerning this topic. Other than this letter, GE has made no effort to document any specific deficiencies in Mr. Rai's testimony or Mr. Flanagan's testimony. This issue is not properly before the Court and should be handled through the meet and confer process.

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 10

      On the merits, both of Agere's Rule 30(b)(6) witnesses were prepared to testify on all subjects as to which they were identified. In a single instance, Mr. Rai was unable to interpret a financial document and believed the document in error. This was a summary document and all back up for the document was provided. (GE Licensing asked no questions on the back up documents.) On its own, Agere investigated the matter and determined that Mr. Rai had misunderstood this single spreadsheet and provided GE Licensing with an explanation and further documentation to eliminate any confusion. GE Licensing asked for a follow up deposition of Mr. Rai as an individual and Agere has agreed to make him available. Unfortunately, Mr. Rai had a death in his family and has returned to India for a period of weeks to attend to his personal affairs. As soon as Mr. Rai returns from abroad, Agere will make him available for his individual deposition and for the 43 minutes remaining in his deposition on behalf the corporation. GE Licensing has agreed to work with Agere to re-schedule this deposition.

      Further, Agere vehemently disputes GE Licensing's contention that Agere's alleged conduct has "significantly hampered GE Licensing's ability to identify and depose knowledgeable witnesses within the allotted discovery period." GE Licensing already has deposed six individual witnesses, and Agere has made available additional fact witnesses within the discovery period as GE Licensing has identified them. GE Licensing also has taken two days of deposition of Agere pursuant to Rule 30(b)(6). Other than Mr. Rai, because of his personal situation, Agere has made available every witness requested by GE Licensing.

      The truth is that GE Licensing has failed to pursue discovery in this case until the last minute. Because of its own failure to conduct discovery in a timely fashion, GE Licensing has noticed five Agere fact depositions for the final two days of discovery, including four depositions on the last business day of discovery -- May 30, 2008. This has nothing to do with any failing on the part of Agere. Information concerning all of these individuals was produced months ago.

      Finally, Agere disputes GE Licensing's characterization of the facts surrounding Agere's deposition of third-party Motorola. On April 23, 2008, Agere advised GE Licensing by letter that Agere would be completing the deposition by subpoena of Motorola on May 27-28, 2008. GE Licensing had no problem with the dates. Subsequently, Motorola unilaterally announced that it no longer would make itself available for depositions on those date. At Motorola's request, the parties conducted a meet and confer -- Motorola, GE Licensing and Agere -- and the parties agreed to honor Motorola's request to reschedule the deposition dates to mid-June. This was a great inconvenience to Agere, but was done based on Motorola's request and GE Licensing's agreement.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 11

### VI. Production of Agere's Source Code

#### A. *GE Licensing's Position*

Over 50 modem models of various types sold from 2001 to the present are accused of infringing GE's patents. Source code for the software operating on those modems is the basis for infringement. Agere has not produced a complete history of the source code for all these products. For example, Agere has produced only a single version of the code used on its soft modems.

REDACTED

Nor has Agere produced any other documentation from which the source code history can be determined. GE Licensing takes the position that, given Agere's election to produce only a subset of the relevant source code, Agere should be precluded from relying, in any way, on source code or related information not produced by Agere (including the unproduced versions of soft modem source code it allegedly received from AltoCom).

#### B. *Agere's Position*

**Short Answer**: This is a new issue that has not previously been raised by GE Licensing. Hence, it is unclear to Agere whether there is a dispute on this issue. This topic is not within the scope of this letter. The parties have not met and conferred concerning this topic and GE Licensing has made no effort to document any specific deficiencies in Agere's source code. This issue is not properly before the Court.

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 28, 2008
Page 12

**Explanation:** Agere made its source code available to GE Licensing in December 2007 and thereafter wrote multiple letters/emails offering GE Licensing access to the code. Despite Agere's repeated offers, GE Licensing inexplicably waited until March 2008 (after the conclusion of the written discovery period) to even inquire about Agere's source code and then waited until mid-April 2008 to finally provide Agere with a location for the deposit of the source code, as required by the terms of the Protective Order in this case. Perhaps it is unsurprising that only now, in the waning days of discovery, does GE Licensing attempt to raise an issue concerning source code. GE Licensing's utter failure to exhibit any diligence whatsoever in discovering Agere's source code should preclude GE Licensing from now raising any issue concerning the sufficiency of the source code produced by Agere.

Respectfully,

/s/ Jeffrey T. Castellano

Jeffrey T. Castellano (#4837)

cc: Joel M. Freed, Esq. (by CM/ECF and email)
Michael W. Connelly, Esq. (by CM/ECF and email)
Richard L. Horwitz, Esq. (by CM/ECF and email)
David E. Sipiora, Esq. (by CM/ECF and email)