**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-170 JJF |
| AGERE SYSTEMS INC., | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

**REPLY OF PLAINTIFF AND COUNTERCLAIM DEFENDANT CIF LICENSING, D/B/A GE LICENSING TO SECOND AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AGERE SYSTEMS INC.**

Plaintiff CIF Licensing, LLC, d/b/a GE Licensing ("GE Licensing"), by its attorneys, states its Reply against defendant Agere Systems Inc. ("Agere") as follows:

**AGERE'S COUNTERCLAIMS**

GE Licensing answers the numbered paragraphs of Agere's counterclaims as follows:

1. GE Licensing admits the facts set forth in paragraph 1.

2. GE Licensing admits that it is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Princeton, New Jersey 08540.

**JURISDICTION AND VENUE**

3. GE Licensing admits that Agere's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* GE Licensing further admits that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      GE Licensing admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

5.      GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 5 of the Counterclaims and denies them on that basis.

6.      GE Licensing admits that on March 23, 2007, GE filed a Complaint for patent infringement ("Complaint") with this Court against Agere.  GE Licensing denies the remaining allegations of paragraph 6.

7.      GE Licensing admits the facts set forth in paragraph 7.

8.      GE Licensing admits the facts set forth in paragraph 8.

9.      GE Licensing admits the facts set forth in paragraph 9.

## FIRST COUNTERCLAIM

(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 - U.S. Patent No. 5,048,054)

10.      GE Licensing incorporates its answers from paragraphs 1 through 9 of the Counterclaims as though fully and completely set forth herein.

11.      GE Licensing admits that U.S. Patent No. 5,048,054 ("the '054 Patent") is valid. GE Licensing denies the remaining allegations of paragraph 11.

12.      GE Licensing denies the allegations set forth in paragraph 12.

13.      GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 13 of the Counterclaims and denies them on that basis.

14.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 14 of the Counterclaims and denies them on that basis.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 - U.S. Patent No. 5,428,641)

15.    GE Licensing incorporates its responses from paragraphs 1 through 14 of the Counterclaims as though fully and completely set forth herein.

16.    GE Licensing admits that U.S. Patent No. 5,248,641 ("the '641 Patent") is valid. GE Licensing denies the remaining allegations of paragraph 16.

17.    GE Licensing denies the allegations set forth in paragraph 17.

18.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 18 of the Counterclaims and denies them on that basis.

19.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 19 of the Counterclaims and denies them on that basis.

## THIRD COUNTERCLAIM

(Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 - U.S. Patent No. 5,446,758)

20.    GE Licensing incorporates its responses from paragraphs 1 through 19 of the Counterclaims as though fully and completely set forth herein.

21.    GE Licensing admits that U.S. Patent No. 5,446,758 ("the '758 Patent") is valid. GE Licensing denies the remaining allegations of paragraph 21.

22.    GE Licensing denies the allegations set forth in paragraph 22.

23.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 23 of the Counterclaims and denies them on that basis.

24.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 24 of the Counterclaims and denies them on that basis.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity, 28 U.S.C. § 2201 - U.S. Patent No. 6,198,776)

25.    GE Licensing incorporates its responses from paragraphs 1 through 24 of the Counterclaims as though fully and completely set forth herein.

26.    GE Licensing admits that U.S. Patent No. 6,198,776 ("the '776 Patent") is valid.  GE Licensing denies the remaining allegations of paragraph 26.

27.    GE Licensing denies the allegations set forth in paragraph 27.

28.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 28 of the Counterclaims and denies them on that basis.

29.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 29 of the Counterclaims and denies them on that basis.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 - U.S. Patent No. 5,048,054)

30.    GE Licensing incorporates its responses from paragraphs 1 through 29 of the Counterclaims as though fully and completely set forth herein.

4

31.    GE Licensing admits that GE Licensing alleges that Agere infringed the '054 Patent.  GE Licensing lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 31 of the Counterclaims and denies them on that basis.

32.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 32 of the Counterclaims and denies them on that basis.

33.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 33 of the Counterclaims and denies them on that basis.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 - U.S. Patent No. 5,428,641)

34.    GE Licensing incorporates its responses from paragraphs 1 through 33 of the Counterclaims as though fully and completely set forth herein.

35.    GE Licensing admits that GE Licensing alleges that Agere infringed the '641 Patent.  GE Licensing lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 35 of the Counterclaims and denies them on that basis.

36.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 36 of the Counterclaims and denies them on that basis.

37.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 37 of the Counterclaims and denies them on that basis.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 - U.S. Patent No. 5,446,758)

38.    GE Licensing incorporates its responses from paragraphs 1 through 37 of the Counterclaims as though fully and completely set forth herein.

39.    GE Licensing admits that GE Licensing alleges that Agere infringed the '758 Patent.  GE Licensing lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 39 of the Counterclaims and denies them on that basis.

40.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 40 of the Counterclaims and denies them on that basis.

41.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 41 of the Counterclaims and denies them on that basis.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement and Non-Liability, 28 U.S.C. § 2201 - U.S. Patent No. 6,198,776)

42.    GE Licensing incorporates its answers from paragraphs 1 through 41 of the Counterclaims as though fully and completely set forth herein.

43.    GE Licensing admits that GE Licensing alleges that Agere infringed the

'776 Patent. GE Licensing lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 43 of the Counterclaims and denies them on that basis.

44.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 44 of the Counterclaims and denies them on that basis.

45.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 45 of the Counterclaims and denies them on that basis.

### NINTH COUNTERCLAIM

#### (Declaratory Judgment of Unenforceability - U.S. Patent No. 6,198,776)

46.    GE Licensing incorporates its answers from paragraphs 1 through 45 of the Counterclaims as though fully and completely set forth herein.

47.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 47 of the Counterclaims and denies them on that basis and further denies Agere's assertion that the '776 Patent is unenforceable.

48.    GE Licensing admits that, on information and belief, the USPTO mailed, on October 28, 1998, an Office Action in the application from which the '776 Patent eventually issued and that the application subsequently became abandoned by operation of law on January 30, 1999.

49.    GE Licensing admits that, on information and belief, the applicants filed a "Petition to Revive an Unintentionally Abandoned Application under 37 C.F.R. 1.137(b)," (the "Petition") on June 8, 2000 and that this Petition stated, "[t]his Petition is being timely

filed within the one year period from the date of abandonment, expiring 6/8/2000." GE Licensing denies the remaining allegations set forth in paragraph 49.

50.    GE Licensing admits that, on information and belief, the USPTO granted the applicants' Petition in a Decision mailed June 29, 2000. GE Licensing admits that, on information and belief, the Decision stated, "[t]he above-identified application became abandoned for failure to reply in a timely manner to the non-final Office action mailed October 29, 1998, which set a shortened statutory period for reply of three (3) months. No extensions of time under 37 CFR 1.136(a) were obtained. Accordingly, the above-identified application became abandoned on January 30, 2000." GE Licensing denies the remaining allegations set forth in paragraph 50.

51.    GE Licensing denies the allegations set forth in paragraph 51.

52.    GE Licensing denies the allegations set forth in paragraph 52.

53.    GE Licensing denies the allegations set forth in paragraph 53.

54.    GE Licensing admits that, on information and belief, the USPTO's Decision also stated, "37 CFR 1.137(b)(3) requires a statement that the entire delay in filing the required reply from the due date for the reply until the filing of a grantable petition pursuant to 37 CFR 1.137(b) was unintentional. If the statement contained in the instant petition varies from the language required by 37 CFR 1.137(b)(3), the statement contained in the instant petition is being construed as the statement required by 37 CFR 1.137(b)(3) and petitioner must notify the Office if this is not a correct interpretation of the statement contained in the instant petition."

55.    GE Licensing denies the allegations set forth in paragraph 55.

56.    GE Licensing denies the allegations set forth in paragraph 56.

57.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 57 of the Counterclaims and denies them on that basis.

58.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 58 of the Counterclaims and denies them on that basis.

## TENTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability - U.S. Patent No. 5,446,758)

59.    GE Licensing incorporates its answers from paragraphs 1 through 58 of the Counterclaims as though fully and completely set forth herein.

60.    GE Licensing lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 60 of the Counterclaims and denies them on that basis and further denies Agere's assertion that the '758 Patent is unenforceable.

61.    GE Licensing admits that the written description of the '758 Patent refers to "a technique described in 'ISI coder—Combined coding and precoding,' AT&T contribution to EIA-TR 30.1, Baltimore, Md., June 1993." GE Licensing lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 61 of the Counterclaims and denies them on that basis.

62.    GE Licensing denies the allegations set forth in paragraph 62 of the Counterclaims.

63.    GE Licensing denies the allegations set forth in paragraph 63 of the Counterclaims.

64.    GE Licensing denies the allegations set forth in paragraph 64 of the

Counterclaims.

65.    GE Licensing denies the allegations set forth in paragraph 65 of the

Counterclaims.

66.    GE Licensing denies the allegations set forth in paragraph 66 of the

Counterclaims.

67.    GE Licensing denies the allegations set forth in paragraph 67 of the

Counterclaims.

68.    GE Licensing lacks sufficient knowledge or information to admit or deny

the allegations set forth in paragraph 68 of the Counterclaims and denies them on that

basis.

69.    GE Licensing lacks sufficient knowledge or information to admit or deny

the allegations set forth in paragraph 69 of the Counterclaims and denies them on that

basis.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Joel M. Freed
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: June 19, 2008
870435

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on June 19, 2008, the within document

was filed with the Clerk of the Court using CM/ECF; that the document was served on the

following party as indicated; and that the document is available for viewing and downloading

from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on June 19, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com