# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a           )
GE LICENSING,                       )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    C.A. No. 07-170 (JJF)
                                    )
AGERE SYSTEMS INC.,                 )    **PUBLIC VERSION**
                                    )
        Defendant.                  )

## PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S MOTION TO COMPEL PRODUCTION AND RESPONSES FROM DEFENDANT AGERE SYSTEMS INC.

OF COUNSEL:

Joel M. Freed
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: June 19, 2008
Public Version: June 26, 2008

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

## I.    INTRODUCTION

Discovery is a multi-faceted initiative, designed to efficiently elicit information from the parties that will not only support their respective positions, but also streamline the adjudicative process. Plaintiff CIF Licensing d/b/a GE Licensing ("GE Licensing") sought to obtain relevant information about the operation of Agere's analog modem products and the functionality provided by Agere's source code via highly-targeted Rule 30(b)(6) depositions. Agere responded by providing a designee that had no knowledge regarding the source code that runs on the accused products. Anticipating Agere's response, GE Licensing issued a set of interrogatories and requests for admission seeking the same information through written discovery (the method Agere's 30(b)(6) designee soon thereafter agreed would be best). The highly relevant information GE Licensing seeks is within the possession, custody, and control of Agere. Yet at each step, GE Licensing's efforts have been stymied by a never-ending series of tactics implemented for the sole purpose of preventing GE Licensing from discovering relevant information to which it is entitled. Agere's total refusal of GE Licensing's compromise offer to have Agere designate a knowledgeable witness or to answer this written discovery is typical. Such behavior frustrates the purpose of discovery and needlessly wastes resources.

## II.    NATURE AND STAGE OF THE PROCEEDING

GE Licensing commenced this action on March 23, 2007, asserting infringement by several of Agere's modem products of U.S. Patent Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776 (the "Asserted Patents"). The deadline for completing document production was February 8, 2008 (D.I. 53).

Since February 8th, Agere has produced over 7 Gigabytes of data in at least fifteen (15) separate productions. Some of the data and information most relevant to this

dispute, such as the computer directory of Agere's produced source code, was not produced until mid-April, and the bulk of the data was only produced in late May. To date, Agere has not even collected all of its source code, let alone produced the same.

## III.    SUMMARY OF ARGUMENT

The contents of, and functionality provided by, Agere's source code lay at the heart of this dispute. According to Agere's witnesses, Agere's source code will pay a significant role in the infringement analysis. Not only is this information highly relevant to infringement, but it will also allow the parties to identify and discard issues to which there is no disagreement, thereby narrowing the scope of this dispute.

GE Licensing has repeatedly asked Agere to provide the requested, highly relevant, information via either Rule 30(b)(6) deposition testimony or written discovery. Agere has refused. Agere's sole basis for ignoring GE Licensing's Fourth Set of Interrogatories (Exhibit A) and First Set of Requests for Admission (Exhibit B) is an objection based on timeliness. This position completely ignores the fact that the timing of GE Licensing's written discovery requests was a direct result of Agere's surreptitious gamesmanship.

Bereft of further options, GE Licensing finds that it must respectfully request the Court's intervention and asks that the Court either:

1.    Order Agere to provide a properly-prepared and knowledgeable 30(b)(6) witness to testify—for no less than 14 hours—about the contents and functionality of its source code; or

2.    Order Agere to answer (in detail) GE Licensing's Fourth Set of Interrogatories and First Set of Requests for Admissions; or

3.    Order Agere to answer (in detail) GE Licensing's Fourth Set of Interrogatories and deem GE Licensing's First Set of Requests for Admissions admitted.

2

## IV.    STATEMENT OF FACTS

1.      GE Licensing's issues with Agere's discovery process have been well documented in this case. (D.I. 44, 45, 47, 65, 68, 71, and 96)

2.      GE Licensing served its 30(b)(6) Notice of Deposition of Defendant Agere Systems Inc. on March 12, 2008.  (D.I. 66.)

3.      On April 17, 2008, Agere produced a computer directory of the as-of-that-time-unproduced Agere source code.  Exhibit C.

4.      GE Licensing served its Fourth Set of Interrogatories and First Set of Requests for Admission—based largely on Agere's source code directory—on April 30, 2008.  (Exhibit A, Exhibit B, and D.I. 94.)

5.      In a letter dated May 7, 2008, Agere informed GE Licensing that "Agere objects to [GE Licensing's Fourth Set of Interrogatories and First Set of Requests for Admission] as untimely, and will not provide responses."  Exhibit D.

6.      On May 8, 2008, Agere's 30(b)(6) technical designee, Mr. Flanagan, was unprepared to testify as to Agere's source code vis-à-vis Agere Products on the same information sought in at least GE Licensing Interrogatory Nos. 45-54 and 56-75, and Request for Admission Nos. 1-7, 9-11, 13, 17-23, 25-27, 29, 33-39, 41-43, and 45.[1]  *See, e.g.*, Exhibit E (Flanagan Depo. Tr.) at 162:19-163:7, 171:16-173:9, 202:10-21, 219:5-15, 222:16-223:16, 261-3, 284:17-288:6, 296-97, 301-302, and 304:18-310:14, May 8, 2008.[2]  Moreover, Mr. Flanagan stated that ████████

---

[1] Agere did almost nothing to prepare Mr. Flanagan, a person they knew had no involvement with the products at issue in this case, for his deposition as Agere's representative. *See, e.g.*, Exhibit K.  Mr. Flanagan testified ███████████████████████████████████

---

[2] As a review of these numerous citations and the transcript as a whole demonstrates, Mr. Flanagan's lack of knowledge of the source code and the specific details of the products at issue in this case was almost nonexistent.



7.    On May 15, 2008, GE Licensing informed Agere that it assumed—in light of the Court's May 9, 2008 order and Mr. Flanagan's testimony—that there were no remaining objections to Agere responding to GE Licensing's Fourth Set of Interrogatories and First Set of Requests for Admission. Exhibit F, ¶¶ 3-4. GE Licensing also asked that Agere provide a date certain by which it would provide responses to these discovery requests. *Id.*

8.    During the parties' court-ordered discovery meet-and-confer on May 19, 2008, the parties discussed Agere's timeliness objections to GE Licensing's Fourth Set of Interrogatories and First Set of Requests for Admission. Agere reaffirmed its timeliness objection, but offered no explanation for Mr. Flanagan's inability to respond to the majority of questions posed to him about Agere Product functionality or source code. Exhibit G, ¶¶ 3-4.

9.    In a letter summarizing the parties' May 19th meet-and-confer, GE Licensing identified further testimony from Mr. Flanagan in which Mr. Flanagan stated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exhibit G, ¶¶ 3-4. GE Licensing further invited Agere to "either designate a 30(b)(6) witness for those topics on which Mr. Flanagan was unprepared or substantively respond to [GE Licensing's Fourth Set of Interrogatories and First Set of Requests for Admission]." *Id.*

10.    Agere responded by letter, writing:

As the issues raised by GE with regard to these discovery requests fall outside the scope of the Court's Memorandum Order dated May 9, 2008, Agere will not be

responding to GE's statements in this context. Agere reserves the right to provide its response to GE's statements raised in the May 22, 2008 letter at a later date.

Exhibit H, ¶¶ 3-4.

11.     On June 4, 2008, GE Licensing informed Agere of its intent to file a motion to compel, stated its understanding that the parties had satisfied Local Rule 7.1.1, and asked Agere to respond promptly if it believed otherwise. Exhibit I. GE Licensing received no response.

## V.     ARGUMENT

### A.     Legal Standard

Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..." FED. R. CIV. P. 26(b)(1). As Agere stated in its Motion to Compel filed in this case, "[i]t is well recognized that the federal rules allow broad and liberal discovery." (D.I. 36) at 4 (quoting *Pacitti v. Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999). Where a party fails to answer an interrogatory or to produce documents, the court may compel production of the requested discovery. FED. R. CIV. P. 37(a)(3); *see, e.g., Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F. Supp. 2d 419 (D. Del. 2007) (granting plaintiff's motion to compel discovery). Where a party objects to requests for admission and fails to respond to them on that basis, the court may order a party to provide answers. FED. R. CIV. P. 36(a)(6). Moreover, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesint party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3).

5

**B.    How and Where Agere's Source Code Performs Certain Functions Is Highly Relevant Information and Will Narrow the Scope of This Dispute**

The requested discovery primarily seeks to identify those portions of Agere's source code which perform functions directly at issue in this dispute. *See, e.g.*, Exhibit A; Exhibit B; Exhibit E at 77:14-19; 162:19-163:7, 171:16-173:9, 201:19-202; 202:10-21, 219:5-15, 222:16-223:16, 230:10-232:10; 250:15-251:15; 261-3, 279:3-282:16; 284:17-288:6, 296-97, 301-302, 304:18-310:14, 310:15-311:15; and 355:3-360:8. On April 17, 2008, Agere produced a computer directory of the Agere source code it intended to put in escrow (since that time Agere has admitted that this did not reflect all the Agere source code). Exhibit J.

GE Licensing's requests are targeted specifically to the files on this directory and their function. For example, Interrogatory No. 53 requests:

> For each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), identify which of the files listed in the document named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) are intended to be used to operate each of the above products.

To date, not one witness, 30(b)(6) or otherwise, has been able to provide an answer to this seemingly simple inquiry. This information is not only highly specific and relevant to infringement, but its discovery will also help to narrow the issues and streamline the case.

**C.    The Requested Discovery Is Within Agere's Possession, Custody, and Control**

Agere's technical 30(b)(6) witness, Mr. Flanagan, testified that

6



Exhibit E at 310:15-311:9. *See also id.* at 287:13-288:1. Mr. Flanagan's testimony confirms that Agere has possession, custody, and control over its own source code. Moreover, information about the accused products' functions as implemented by the source code is comfortably within Agere's grasp.

**D.    The Burden of Identifying Specific Functionality Within Its Source Code Should Fall on Agere**

As between the two parties, Agere is best equipped to provide the requested information with minimal burden. Agere has the relevant technical expertise and is already familiar with its own source code. Furthermore, Agere is in possession of its own source code and therefore has full, continuous, free, and unrestricted access to the code.

7

In contrast, according to Agere's technical 30(b)(6) witness,

Furthermore, GE Licensing must access Agere's source code via a third-party escrow service, which means that GE Licensing is restricted to viewing the code during business hours (8 AM-5 PM, Monday through Friday) in a single office located in Northern California. Finally, as the Receiving Party, GE Licensing is solely responsible for paying for viewing of the code for more than ten (10) days under the Protective Order. (D.I. 106 at ¶ 12(b)(iv)) ("The Receiving Party will be responsible for paying for any additional viewing time over ten (10) days (the parties anticipate that this will amount to approximately $500/day and may include additional six-month storage fees).").

As but one specific example, Agere has not produced any document which connects a specific product to the code used with that product, and not one Agere witness has been willing to testify on this topic. Certainly this information is within Agere's possession, and GE Licensing is either entitled to the information or some appropriate remedy.

## VI.    CONCLUSION

To be sure, discovery is a two-way street, with focused, diligent requests on one side, and substantive, timely responses on the other. GE Licensing's efforts to hold up its end of the bargain, however, have not been matched by Agere, and to GE Licensing's detriment. The time and effort spent on interpreting piecemeal discovery and coaxing information from unprepared witnesses more than neutralizes any potential harm caused to Agere by ordering it to provide the requested information at this stage in the discovery process. Moreover, the information sought is highly relevant, would streamline the present dispute, and is easily provided by Agere.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Joel M. Freed
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

Dated:  June 19, 2008
870628

Public Version: June 26, 2008

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a )
GE LICENSING, )
)
Plaintiff, )
)
v. )   C.A. No. 07-170-JJF
)
)   **JURY TRIAL DEMANDED**
AGERE SYSTEMS INC., )
)
Defendant. )

## PLAINTIFF CIF LICENSING, LLC'S FOURTH SET OF INTERROGATORIES TO DEFENDANT AGERE SYSTEMS, INC. (NOS. 45-75)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CIF

Licensing, LLC, d/b/a GE Licensing ("GE Licensing") hereby directs the following

interrogatories to Defendant Agere Systems, Inc. ("Agere"). These interrogatories are to be

answered fully and separately, in writing, and under oath by an officer or agent of Agere

authorized to give answers on its behalf. Answers to these interrogatories must be served at the

offices of McDermott Will & Emery LLP, 600 13th Street, N.W., Washington, D.C. 20005-

3096, 30 days after service hereof, as prescribed by Rule 33.

### DEFINITIONS

GE Licensing hereby incorporates the definitions set forth in *Plaintiff CIF Licensing*

*LLC's First Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 1-30)*, *Plaintiff CIF*

*Licensing LLC's Second Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 31-42)*

and *Plaintiff CIF Licensing LLC's Third Set of Interrogatories to Defendant Agere Systems, Inc.*

*(Nos. 43-44)*, with the following revised definitions:

11.    "Agere Product(s)" shall mean any analog modem made or sold by Agere and compliant with ITU-T recommendation V.34, V.90, V.92 (including any hardware modem, soft-modem or modem chip set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A1, SV92A2, SV92A3/MDC1.5 Soft Modem, SV92A4, SV92A5, SV92A35, SV92A36, Montblanc Family, SV92P, SV92PL, SV92P2, SV92PP/PCI Soft Modem, Olympia Family, SV92U2/USB 2.0 Soft Modem, SV92U3, SV92U4, SV92U5, SV92U6, SV92EX, CVxx family (including but not limited to CV92, CV92L, CV90L, CV34 and CV34L), HV92, OCM-34, OCM-90, OCM-92, OCM-92E, Apollo Family, Mars Family, Luna Family, L56DMS, L56DAS, L56DASI, L56LAS, L56LASI, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF, L56XT, LU97, CFAX34, CV92, CV92L, CV90L, CV34, CV34L, CFAX34, Venus Family, DSP1641, DSP1641B, DSP1641C, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648, DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D, DP2S, DP3, DP2L34D, DP2L34X, DP2SKGTV, DP2LV34D, DP2Vxx family (including but not limited to DP2V34DX and DP2V90DX), DP3V34X, DPV34X, DPV34DX, DPV90DX, APL43, PCI Controllerless Modem Family, 1648, DSP1648, DSP1648C, LU97, Scorpio, CSP1037, CSP1037B, CSP1034x family (including but not limited to CSP1034C, CSP1034AH, CSP1034S and CSP1034S-V11), CSP1035A, CSP1038, CSP1040, CSP1040A3, CSP1040A2, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components.

## INSTRUCTIONS

GE Licensing hereby incorporates the instructions set forth in *Plaintiff CIF Licensing LLC's First Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 1-30)*, *Plaintiff CIF Licensing LLC's Second Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 31-42)*, and *Plaintiff CIF Licensing LLC's Third Set of Interrogatories to Defendant Agere Systems, Inc.*

- 2 -

*(Nos. 43–44).*

## **INTERROGATORIES**

## **INTERROGATORY NO. 45**

Identify which of the below-listed files and directories (which come from the file named "Standalone Computer Directory Structure," produced via email from Ryan Phillips on April 17, 2008) contain code used "for measuring characteristics of the channel based upon the received line probing signal" as recited in claims 1, 12 and 46 of the `054 patent. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase2

| 04/16/2008 | 03:18 PM | <DIR> | ANSpcm |
|---|---|---|---|
| 04/16/2008 | 03:18 PM | <DIR> | Control |
| 04/16/2008 | 03:18 PM | <DIR> | DPSK |
| 04/16/2008 | 03:18 PM | <DIR> | L1L2 |
| 04/16/2008 | 03:18 PM | <DIR> | Main |
| 11/08/2006 | 03:44 PM | | 1,215 Makefile |

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase2\ANSpcm

| 11/08/2006 | 03:44 PM | 2,807 V34P2ANSpcm.gh |
|---|---|---|
| 11/08/2006 | 03:44 PM | 1,653 V34P2ANSpcm.h |
| 11/08/2006 | 03:44 PM | 17,102 V34P2ANSpcmRcv.c |
| 11/08/2006 | 03:44 PM | 32,339 V34P2ANSpcmTables.c |
| 11/08/2006 | 03:44 PM | 1,290 V34P2ANSpcmTables.h |
| 11/08/2006 | 03:44 PM | 4,009 V34P2ANSpcmXmt.c |

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase2\Control

| 11/08/2006 | 03:44 PM | 38,567 V34HDXP2Control.c |
|---|---|---|
| 11/08/2006 | 03:44 PM | 86,588 V34P2Control.c |
| 11/08/2006 | 03:44 PM | 3,815 V34P2Control.gh |
| 11/08/2006 | 03:44 PM | 6,124 V34P2Control.h |
| 11/08/2006 | 03:44 PM | 29,853 V34P2ControlAns.c |
| 11/08/2006 | 03:44 PM | 11,514 V34P2ControlInternal.h |
| 11/08/2006 | 03:44 PM | 15,107 V34P2ControlMH.c |
| 11/08/2006 | 03:44 PM | 22,709 V34P2ControlOrg.c |

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase2\DPSK

| 11/08/2006 | 03:44 PM | 19,859 V34P2DPSKRcv.c |
|---|---|---|

11/08/2006  03:44 PM          2,753 V34P2DPSKRcv.gh
11/08/2006  03:44 PM          2,602 V34P2DPSKRcv.h
11/08/2006  03:44 PM         11,812 V34P2DPSKRcvData.c
11/08/2006  03:44 PM          1,709 V34P2DPSKRcvData.gh
11/08/2006  03:44 PM          1,974 V34P2DPSKRcvData.h
11/08/2006  03:44 PM          3,073 V34P2DPSKRcvUtil.c
11/08/2006  03:44 PM          1,104 V34P2DPSKRcvUtil.h
11/08/2006  03:44 PM          8,265 V34P2DPSKUtil.c
11/08/2006  03:44 PM          1,503 V34P2DPSKUtil.h
11/08/2006  03:44 PM         10,899 V34P2DPSKXmt.c
11/08/2006  03:44 PM          2,288 V34P2DPSKXmt.gh
11/08/2006  03:44 PM          2,297 V34P2DPSKXmt.h
11/08/2006  03:44 PM         14,074 V34P2DPSKXmtData.c
11/08/2006  03:44 PM          1,515 V34P2DPSKXmtData.gh
11/08/2006  03:44 PM          2,008 V34P2DPSKXmtData.h


Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase2\L1L2

11/08/2006  03:44 PM         14,809 V34P2L1L2DetRate.c
11/08/2006  03:44 PM          1,657 V34P2L1L2DetRate.h
11/08/2006  03:44 PM         31,260 V34P2L1L2Estimators.c
11/08/2006  03:44 PM          2,528 V34P2L1L2Estimators.gh
11/08/2006  03:44 PM          2,875 V34P2L1L2Estimators.h
11/08/2006  03:44 PM          9,201 V34P2L1L2PCMDetector.c
11/08/2006  03:44 PM          1,845 V34P2L1L2PCMDetector.gh
11/08/2006  03:44 PM          1,822 V34P2L1L2PCMDetector.h
11/08/2006  03:44 PM         13,650 V34P2L1L2Rcv.c
11/08/2006  03:44 PM          2,958 V34P2L1L2Rcv.gh
11/08/2006  03:44 PM          4,310 V34P2L1L2Rcv.h
11/08/2006  03:44 PM          5,083 V34P2L1L2Xmt.c
11/08/2006  03:44 PM          1,304 V34P2L1L2Xmt.gh
11/08/2006  03:44 PM          1,107 V34P2L1L2Xmt.h


Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase2\Main

11/08/2006  03:44 PM         17,828 V34Phase2.c
11/08/2006  03:44 PM         10,416 V34Phase2.gh
11/08/2006  03:44 PM          3,153 V34Phase2.h
11/08/2006  03:44 PM          2,567 V34Phase2V90.gh

**INTERROGATORY NO. 46**

Identify which of the files listed in interrogatory no. 45 contain code used "for selecting one of the plurality of frequency bands" as recited in claims 1 and 12 of the `054 patent. As the construction of this phrase from the asserted claims is disputed, use Agere's proposed construction to respond to this interrogatory.

**INTERROGATORY NO. 47**

Identify which of the files listed in interrogatory no. 45 contain code used "for selecting one of the plurality of bit rates" as recited in claim 46 of the `054 patent. As the construction of this phrase from the asserted claims is disputed, use Agere's proposed construction to respond to this interrogatory.

**INTERROGATORY NO. 48**

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used "for measuring characteristics of the channel based upon the received line probing signal" as recited in claims 1, 12 and 46 of the `054 patent. As this phrase from the asserted claims contains no disputed terms, further clarification should not be required.

**INTERROGATORY NO. 49**

Identify the lines of code in each of the files named "main.s" listed in the produced file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used "for selecting one of the plurality of frequency bands" as recited in claims 1 and 12 of the `054 patent. As the construction of this phrase from the asserted claims is disputed, use Agere's proposed construction to respond to this interrogatory.

**INTERROGATORY NO. 50**

Identify the lines of code in each of the files named "main.s" listed in the produced file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used "for selecting one of the plurality of bit rates" as recited in claim 46 of the `054 patent. As the construction of this phrase from the asserted claims is disputed, use Agere's proposed construction to respond to this interrogatory.

**INTERROGATORY NO. 51**

Using GE Licensing's proposed construction of "receiver," identify the "receiver" in each of the Agere Products.

**INTERROGATORY NO. 52**

Using GE Licensing's proposed construction of "line probing processor," identify the "line probing processor" in each of the Agere Products.

**INTERROGATORY NO. 53**

For each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), identify which of the files listed in the document named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) are intended to be used to operate each of the above products.

**INTERROGATORY NO. 54**

Identify the lines of code in the files set forth in the document named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) that implement line probing compliant with ITU-T Recommendation V.34.

**INTERROGATORY NO. 55**

Identify any action (in a court of law, mediation or arbitration) in which Agere has served or otherwise delivered interrogatory responses on third parties which alleged infringement on the basis (in part or in whole) that the third party's products are compliant with the V.34 and/or V.92 standard.

**INTERROGATORY NO. 56**

Identify which of the below-listed files and directories (which come from the file named "Standalone Computer Directory Structure," produced via email from Ryan Phillips on April 17, 2008) contain code used for "selecting a number of bits for each frame to be one of: J-1, J," as recited in claims 1, 3, 5, and 7 of the `641 patent. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3

| | | | |
|---|---|---|---|
| 04/16/2008 | 03:18 PM | \<DIR\> | Coder |
| 04/16/2008 | 03:18 PM | \<DIR\> | Control |
| 04/16/2008 | 03:18 PM | \<DIR\> | Data |
| 04/16/2008 | 03:18 PM | \<DIR\> | Decoder |
| 04/16/2008 | 03:18 PM | \<DIR\> | Demodulator |
| 04/16/2008 | 03:18 PM | \<DIR\> | Encoder |
| 04/16/2008 | 03:18 PM | \<DIR\> | FrontEnd |
| 04/16/2008 | 03:18 PM | \<DIR\> | Main |
| 11/08/2006 | 03:44 PM | 6,460 | Makefile |

```
04/16/2008  03:18 PM   <DIR>      Modulator
04/16/2008  03:18 PM   <DIR>      ShapingFilter
04/16/2008  03:18 PM   <DIR>      TrainingCoder
```

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\Coder

```
11/08/2006  03:44 PM        7,455 V34CoderUtil.c
11/08/2006  03:44 PM        2,782 V34CoderUtil.h
11/08/2006  03:44 PM       12,062 V34DataAssembler.c
11/08/2006  03:44 PM        1,486 V34DataAssembler.gh
11/08/2006  03:44 PM        1,343 V34DataAssembler.h
11/08/2006  03:44 PM       19,997 V34DataModeDecoder.c
11/08/2006  03:44 PM        3,509 V34DataModeDecoder.gh
11/08/2006  03:44 PM        3,135 V34DataModeDecoder.h
11/08/2006  03:44 PM        6,814 V34DataModeEncoder.c
11/08/2006  03:44 PM        2,170 V34DataModeEncoder.gh
11/08/2006  03:44 PM        1,926 V34DataModeEncoder.h
11/08/2006  03:44 PM       13,439 V34DataParser.c
11/08/2006  03:44 PM        1,423 V34DataParser.gh
11/08/2006  03:44 PM        1,318 V34DataParser.h
11/08/2006  03:44 PM        2,104 V34DataParserUtil.c
11/08/2006  03:44 PM        1,257 V34DataParserUtil.h
11/08/2006  03:44 PM        4,770 V34DecodeData.c
11/08/2006  03:44 PM        1,594 V34DecodeData.h
11/08/2006  03:44 PM        6,153 V34EncodeData.c
11/08/2006  03:44 PM        1,497 V34EncodeData.h
11/08/2006  03:44 PM        2,943 V34Mapper.c
11/08/2006  03:44 PM        1,768 V34Mapper.h
11/08/2006  03:44 PM       14,656 V34MapperTables.c
11/08/2006  03:44 PM        1,042 V34MapperTables.h
11/08/2006  03:44 PM        4,865 V34NonlinearCoder.c
11/08/2006  03:44 PM        1,237 V34NonlinearCoder.h
11/08/2006  03:44 PM        2,895 V34ShellDeMapper.c
11/08/2006  03:44 PM          937 V34ShellDeMapper.gh
11/08/2006  03:44 PM        3,287 V34ShellMapper.c
11/08/2006  03:44 PM          930 V34ShellMapper.gh
11/08/2006  03:44 PM        2,651 V34ShellMapper.h
11/08/2006  03:44 PM       26,786 V34ShellMapperTables.c
11/08/2006  03:44 PM        1,447 V34ShellMapperTables.h
11/08/2006  03:44 PM        7,655 V34ShellMapperUtil.c
11/08/2006  03:44 PM        2,278 V34SuperframeSync.c
11/08/2006  03:44 PM        1,351 V34SuperframeSync.h
11/08/2006  03:44 PM        2,322 V34Trellis.h
11/08/2006  03:44 PM        7,093 V34Trellis16D.c
11/08/2006  03:44 PM        2,454 V34Trellis16WalkBack.c
```

```
11/08/2006  03:44 PM        8,524 V34Trellis32D.c
11/08/2006  03:44 PM        8,341 V34Trellis64D.c
11/08/2006  03:44 PM        9,496 V34Trellis64DFast.c
11/08/2006  03:44 PM       24,422 V34TrellisTables.c
11/08/2006  03:44 PM        1,768 V34TrellisTables.h
```

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\Control

```
11/08/2006  03:44 PM       50,912 V34Control.c
11/08/2006  03:44 PM        8,458 V34Control.gh
11/08/2006  03:44 PM       14,680 V34Control.h
11/08/2006  03:44 PM       26,382 V34ControlDataMode.c
11/08/2006  03:44 PM       21,982 V34ControlPhase3Rx.c
11/08/2006  03:44 PM       22,851 V34ControlPhase3Tx.c
11/08/2006  03:44 PM       29,431 V34ControlPhase4.c
11/08/2006  03:44 PM       21,892 V34HDXControl.c
11/08/2006  03:44 PM       21,872 V34HDXControlPhase3Rx.c
11/08/2006  03:44 PM        5,068 V34HDXControlPhase3Tx.c
```

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\Data

```
11/08/2006  03:44 PM        3,184 FlexRxData.c
11/08/2006  03:44 PM          781 FlexRxData.h
11/08/2006  03:44 PM       23,341 V34RxData.c
11/08/2006  03:44 PM        3,557 V34RxData.gh
11/08/2006  03:44 PM        2,701 V34RxData.h
11/08/2006  03:44 PM       13,317 V34TxData.c
11/08/2006  03:44 PM        2,954 V34TxData.gh
11/08/2006  03:44 PM        2,625 V34TxData.h
11/08/2006  03:44 PM        4,541 V90RxData.c
11/08/2006  03:44 PM        1,454 V90RxData.h
```

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\Decoder

```
11/08/2006  03:44 PM        2,703 V34Decoder.c
11/08/2006  03:44 PM        1,270 V34Decoder.gh
11/08/2006  03:44 PM        1,453 V34Decoder.h
```

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\Demodulator

```
11/08/2006  03:44 PM       51,634 V34Demodulator.c
11/08/2006  03:44 PM        6,767 V34Demodulator.gh
11/08/2006  03:44 PM       11,869 V34Demodulator.h
11/08/2006  03:44 PM        6,884 V34PhaseJitter.c
11/08/2006  03:44 PM        1,753 V34PhaseJitter.gh
11/08/2006  03:44 PM        2,836 V34PhaseJitter.h
```

11/08/2006  03:44 PM          15,956 V34Pll.c
11/08/2006  03:44 PM           2,321 V34Pll.gh
11/08/2006  03:44 PM           5,875 V34Pll.h
11/08/2006  03:44 PM           6,382 V34PllTables.c
11/08/2006  03:44 PM           9,456 V34PllUtil.c

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\Encoder

11/08/2006  03:44 PM           1,756 V34Encoder.c
11/08/2006  03:44 PM           1,424 V34Encoder.gh
11/08/2006  03:44 PM           1,233 V34Encoder.h

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\FrontEnd

11/08/2006  03:44 PM           8,261 V34Correlator.c
11/08/2006  03:44 PM           1,719 V34Correlator.gh
11/08/2006  03:44 PM           1,930 V34Correlator.h
11/08/2006  03:44 PM          40,042 V34FrontEnd.c
11/08/2006  03:44 PM           7,839 V34FrontEnd.gh
11/08/2006  03:44 PM           9,292 V34FrontEnd.h
11/08/2006  03:44 PM           1,478 V34FrontEnd60HzFilter.c
11/08/2006  03:44 PM          17,992 V34Interpolator.c
11/08/2006  03:44 PM           3,018 V34Interpolator.gh
11/08/2006  03:44 PM           5,314 V34Interpolator.h
11/08/2006  03:44 PM          19,022 V34Interpolator8KHzTables.c
11/08/2006  03:44 PM          10,067 V34Interpolator9600HzTables.c
11/08/2006  03:44 PM           5,628 V34InterpolatorFIR.c
11/08/2006  03:44 PM             997 V34InterpolatorFIR.gh
11/08/2006  03:44 PM           8,634 V34InterpolatorSRCFIR.c
11/08/2006  03:44 PM           8,208 V34InterpolatorSRCFIRPentium.c
11/08/2006  03:44 PM           3,737 V34InterpolatorTables.c
11/08/2006  03:44 PM           2,076 V34InterpolatorTables.h
11/08/2006  03:44 PM          22,225 V34TimingOffsetRecovery.c
11/08/2006  03:44 PM           5,048 V34TimingOffsetRecovery.gh
11/08/2006  03:44 PM           5,698 V34TimingOffsetRecovery.h
11/08/2006  03:44 PM           2,800 V34TimingOffsetRecovery8KHzTables.c
11/08/2006  03:44 PM           2,605 V34TimingOffsetRecovery9600HzTables.c
11/08/2006  03:44 PM           1,944 V34TimingOffsetRecoveryTables.c

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\Main

11/08/2006  03:44 PM          19,965 V34DataPump.c
11/08/2006  03:44 PM           7,895 V34DataPump.gh
11/08/2006  03:44 PM           2,187 V34DataPump.h

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\Modulator

| | | |
|---|---|---|
| 11/08/2006 03:44 PM | 5,627 | V34Modulator.c |
| 11/08/2006 03:44 PM | 2,720 | V34Modulator.gh |
| 11/08/2006 03:44 PM | 3,128 | V34Modulator.h |
| 11/08/2006 03:44 PM | 15,840 | V34Modulator8KHzTables.c |
| 11/08/2006 03:44 PM | 11,592 | V34Modulator9600HzTables.c |
| 11/08/2006 03:44 PM | 3,449 | V34ModulatorFIR.c |
| 11/08/2006 03:44 PM | 2,038 | V34ModulatorOnePhaseFIR.c |
| 11/08/2006 03:44 PM | 2,439 | V34ModulatorSRCFIR.c |
| 11/08/2006 03:44 PM | 1,348 | V34ModulatorSRCFIR.h |
| 11/08/2006 03:44 PM | 3,251 | V34ModulatorSRCFIRPentium.c |
| 11/08/2006 03:44 PM | 4,138 | V34ModulatorSRCFIRPentiumAsm.ns |
| 11/08/2006 03:44 PM | 3,812 | V34ModulatorSRCFIRWrap.c |
| 11/08/2006 03:44 PM | 2,140 | V34ModulatorTables.c |

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\ShapingFilter

| | | |
|---|---|---|
| 11/08/2006 03:44 PM | 3,543 | V34ShapingFilter.c |
| 11/08/2006 03:44 PM | 1,003 | V34ShapingFilter.gh |
| 11/08/2006 03:44 PM | 1,266 | V34ShapingFilter.h |
| 11/08/2006 03:44 PM | 17,483 | V34ShapingFilter8KHzTables.c |
| 11/08/2006 03:44 PM | 17,171 | V34ShapingFilter9600HzTables.c |
| 11/08/2006 03:44 PM | 8,166 | V34ShapingFilterTables.c |
| 11/08/2006 03:44 PM | 1,168 | V34ShapingFilterTables.h |

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\Phase3\TrainingCoder

| | | |
|---|---|---|
| 04/16/2008 03:18 PM | <DIR> | . |
| 04/16/2008 03:18 PM | <DIR> | .. |
| 11/08/2006 03:44 PM | 1,936 | V34TrainingCoderTables.c |
| 11/08/2006 03:44 PM | 1,352 | V34TrainingCoderTables.h |
| 11/08/2006 03:44 PM | 11,701 | V34TrainingDecoder.c |
| 11/08/2006 03:44 PM | 1,335 | V34TrainingDecoder.gh |
| 11/08/2006 03:44 PM | 1,848 | V34TrainingDecoder.h |
| 11/08/2006 03:44 PM | 2,610 | V34TrainingDiffCoder.c |
| 11/08/2006 03:44 PM | 1,177 | V34TrainingDiffCoder.gh |
| 11/08/2006 03:44 PM | 1,258 | V34TrainingDiffCoder.h |
| 11/08/2006 03:44 PM | 4,111 | V34TrainingEncoder.c |
| 11/08/2006 03:44 PM | 1,260 | V34TrainingEncoder.gh |
| 11/08/2006 03:44 PM | 1,390 | V34TrainingEncoder.h |

## INTERROGATORY NO. 57

Identify which of the files listed in interrogatory no. 56 contain code used, "in frames of J-1 bits, [to insert] a zero in a most significant bit (MSB) position" as recited in claims 1, 3, 5, and 7 of

the `641 patent. As this phrase from the asserted claims contains no disputed terms, further clarification should not be required.

### INTERROGATORY NO. 58

Identify which of the files listed in interrogatory no. 56 contain code used to select "a set of $2^J$ possible combinations of N symbols, where each symbol is chosen from a signal constellation" as recited in claims 5 and 7 of the `641 patent. As the construction of part of this phrase from the asserted claims is disputed, use Agere's proposed construction to respond to this interrogatory.

### INTERROGATORY NO. 59

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for "selecting a number of bits for each frame to be one of: J-1, J," as recited in claims 1, 3, 5, and 7 of the `641 patent. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

### INTERROGATORY NO. 60

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for, "in frames of J-1 bits, inserting a zero in a most significant bit (MSB) position," as recited in claims 1, 3, 5, and 7 of the `641 patent. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

### INTERROGATORY NO. 61

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for "selecting a signal constellation with $2^J$ possible signal combinations per N symbols," as recited in claim 1 of the `641 patent. As the meaning of these words from the asserted claim is not disputed, further clarification should not be required.

### INTERROGATORY NO. 62

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for "selecting a signal constellation with at least $2^J$ possible signal combinations per N symbols," as recited in claim 3 of the `641 patent. As the meaning of these words from the asserted claim is not disputed, further clarification should not be required.

### INTERROGATORY NO. 63

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for "selecting a set of $2^J$ possible combinations of N symbols, where each symbol is chosen from

a signal constellation," as recited in claims 5 and 7 of the `641 patent. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

### INTERROGATORY NO. 64

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for "mapping the frame bits such that for MSB=0, one of the $2^{J-1}$ N-point combinations with least average energy is selected from the signal constellation," as recited in claim 1 of the `641 patent. As the meaning of these words from the asserted claim is not disputed, further clarification should not be required.

### INTERROGATORY NO. 65

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for "mapping the frame bits such that for MSB=0, one of $2^{J-1}$ combinations of N points with least average energy is selected from the signal constellation," as recited in claim 3 of the `641 patent. As the meaning of these words from the asserted claim is not disputed, further clarification should not be required.

### INTERROGATORY NO. 66

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for "mapping the frame bits such that for MSB=0, one of the $2^{J-1}$ possible combinations of N symbols of least average energy is selected from the $2^J$ possible combinations," as recited in claims 5 and 7 of the `641 patent. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

### INTERROGATORY NO. 67

Identify which of the below-listed files and directories (which come from the file named "Standalone Computer Directory Structure," produced via email from Ryan Phillips on April 17, 2008) contain code used for "mapping data bits to be transmitted to a sequence of equivalence classes," as recited in claims 9 and 30 and stipulated to be construed in claim 1 of the `776 patent. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\PCM\V92

| | | | |
|---|---|---|---|
| 04/16/2008 | 03:18 PM | \<DIR\> | Coder |
| 04/16/2008 | 03:18 PM | \<DIR\> | Control |
| 04/16/2008 | 03:18 PM | \<DIR\> | Main |
| 11/08/2006 | 03:44 PM | 825 | Makefile |
| 04/16/2008 | 03:18 PM | \<DIR\> | Modulator |

- 12 -

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\PCM\V92\Coder

| | | |
|---|---|---|
| 11/08/2006 03:44 PM | 2,185 | V92CoderUtil.c |
| 11/08/2006 03:44 PM | 1,452 | V92CoderUtil.h |
| 11/08/2006 03:44 PM | 979 | V92DataModeDecoder.gh |
| 11/08/2006 03:44 PM | 21,754 | V92DataModeEncoder.c |
| 11/08/2006 03:44 PM | 1,933 | V92DataModeEncoder.gh |
| 11/08/2006 03:44 PM | 1,066 | V92DataModeEncoder.h |
| 11/08/2006 03:44 PM | 1,191 | V92Decoder.gh |
| 11/08/2006 03:44 PM | 1,833 | V92Encoder.c |
| 11/08/2006 03:44 PM | 2,105 | V92Encoder.gh |
| 11/08/2006 03:44 PM | 1,006 | V92Encoder.h |
| 11/08/2006 03:44 PM | 3,176 | V92ModuloDecoder.c |
| 11/08/2006 03:44 PM | 948 | V92ModuloDecoder.gh |
| 11/08/2006 03:44 PM | 981 | V92ModuloDecoder.h |
| 11/08/2006 03:44 PM | 3,353 | V92ModuloEncoder.c |
| 11/08/2006 03:44 PM | 947 | V92ModuloEncoder.gh |
| 11/08/2006 03:44 PM | 982 | V92ModuloEncoder.h |
| 11/08/2006 03:44 PM | 4,952 | V92TrainingEncoder.c |
| 11/08/2006 03:44 PM | 1,025 | V92TrainingEncoder.gh |
| 11/08/2006 03:44 PM | 1,485 | V92TrainingEncoder.h |

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\PCM\V92\Control

| | | |
|---|---|---|
| 11/08/2006 03:44 PM | 28,909 | V92ClientControl.c |
| 11/08/2006 03:44 PM | 5,193 | V92ClientControl.gh |
| 11/08/2006 03:44 PM | 7,462 | V92ClientControl.h |
| 11/08/2006 03:44 PM | 17,969 | V92ClientControlDataMode.c |
| 11/08/2006 03:44 PM | 32,465 | V92ClientControlPhase3Rx.c |
| 11/08/2006 03:44 PM | 8,615 | V92ClientControlPhase3Tx.c |
| 11/08/2006 03:44 PM | 32,215 | V92ClientControlPhase4.c |

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\PCM\V92\Main

| | | |
|---|---|---|
| 11/08/2006 03:44 PM | 1,873 | V92.h |
| 11/08/2006 03:44 PM | 2,849 | V92ClientCP.h |
| 11/08/2006 03:44 PM | 12,086 | V92FlattenUtils.c |
| 11/08/2006 03:44 PM | 1,083 | V92FlattenUtils.h |
| 11/08/2006 03:44 PM | 1,869 | V92ServerCP.h |

Directory of C:\CodeReview\sftmdm\src\DataModem\V34\PCM\V92\Modulator

| | | |
|---|---|---|
| 11/08/2006 03:44 PM | 7,289 | V92ClientModulator.c |
| 11/08/2006 03:44 PM | 1,409 | V92ClientModulator.gh |

11/08/2006  03:44 PM          1,321 V92ClientModulator.h
11/08/2006  03:44 PM         29,711 V92ClientModulatorTables.c

## INTERROGATORY NO. 68

Identify which of the files listed in interrogatory no. 67 contain code used to select "a
constellation point in each equivalence class to represent the data bits to be transmitted" as
recited in claims 1, 9, and 30 of the `776 patent. As this phrase from the asserted claims contains
no disputed terms, further clarification should not be required.

## INTERROGATORY NO. 69

Identify which of the files listed in interrogatory no. 67 contain code used to transmit a "level
that produces the selected constellation point to [or at] an input of the quantization device" as
recited in claims 1, 9, and 30 of the `776 patent. As the construction of part of this phrase from
the asserted claims is disputed, use Agere's proposed construction to respond to this
interrogatory.

## INTERROGATORY NO. 70

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone
Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used
for "mapping data bits to be transmitted to a sequence of equivalence classes," as recited in
claims 9 and 30 and stipulated to be construed in claim 1 of the `776 patent. As the meaning of
these words from the asserted claims is not disputed, further clarification should not be required.

## INTERROGATORY NO. 71

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone
Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used
to select "a constellation point in each equivalence class to represent the data bits to be
transmitted" as recited in claims 1, 9, and 30 of the `776 patent. As this phrase from the asserted
claims contains no disputed terms, further clarification should not be required.

## INTERROGATORY NO. 72

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone
Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used
to transmit a "level that produces the selected constellation point to [or at] an input of the
quantization device" as recited in claims 1, 9, and 30 of the `776 patent. As the construction of
part of this phrase from the asserted claims is disputed, use Agere's proposed construction to
respond to this interrogatory.

## INTERROGATORY NO. 73

Identify the files in directories listed below (found in the file named "Standalone Computer
Directory Structure," produced via email from Ryan Phillips on April 17, 2008) that correspond

- 14 -

(in function) to the files listed in Interrogatory Nos. 45, 56, and 67 above.

| | | | |
|---|---|---|---|
| 04/16/2008 | 05:36 PM | <DIR> | Mars-Apollo Driver Releases |
| 04/16/2008 | 04:05 PM | <DIR> | OCF Controller Code Releases |
| 04/17/2008 | 11:52 AM | <DIR> | OCM Controller Code Releases |
| 04/16/2008 | 04:31 PM | <DIR> | Soft Modem Windows Driver Releases |
| 04/16/2008 | 05:31 PM | <DIR> | Venus Controller Code Releases |

## INTERROGATORY NO. 74

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for mapping "the digital data sequence into a signal point sequence u(D)," as recited in claims 1, 26, and 36 of the '758 patent. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

## INTERROGATORY NO. 75

Identify the lines of code in each of the files named "main.s" listed in the file named "Standalone Computer Directory Structure" (produced via email from Ryan Phillips on April 17, 2008) used for generating a "signal point sequence x(D) according to x(D)=u(D)+d(D)," as recited in claims 1, 26, and 36 of the '758 patent. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: April 30, 2008
862530

By: /s/ Philip A. Rovner
Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

- 15 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 30, 2008, true and correct

copies of the within document were served on the following counsel of record at the addresses

and in the manner indicated:

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com

**BY E-MAIL**

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a
GE LICENSING,

          Plaintiff,

    v.

AGERE SYSTEMS INC.,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 07-170-JJF

**JURY TRIAL DEMANDED**

## PLAINTIFF CIF LICENSING, LLC'S FIRST SET OF
## REQUESTS FOR ADMISSION TO
## <u>DEFENDANT AGERE SYSTEMS, INC. (NOS. 1-64)</u>

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff CIF

Licensing, LLC, d/b/a GE Licensing ("GE Licensing") hereby submits the following requests for

admission to Defendant Agere Systems Inc. ("Agere"). These requests for admission are to be

answered fully and separately, in writing, and under oath by an officer or agent of Agere

authorized to give answers on its behalf. Answers to these requests for admission must be served

at the offices of McDermott Will & Emery LLP, 600 13th Street, N.W., Washington, D.C.

20005-3096, 30 days after service hereof, as prescribed by Rule 36.

## <u>DEFINITIONS</u>

GE Licensing hereby incorporates the definitions set forth in *Plaintiff CIF Licensing*

*LLC's First Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 1-30)*, *Plaintiff CIF*

*Licensing LLC's Second Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 31-42)*

and *Plaintiff CIF Licensing LLC's Third Set of Interrogatories to Defendant Agere Systems, Inc.*

*(Nos. 43-44),* with the following revised definitions:

11.    "Agere Product(s)" shall mean any analog modem made or sold by Agere and compliant with ITU-T recommendation V.34, V.90, V.92 (including any hardware modem, soft-modem or modem chip set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A1, SV92A2, SV92A3/MDC1.5 Soft Modem, SV92A4, SV92A5, SV92A35, SV92A36, Montblanc Family, SV92P, SV92PL, SV92P2, SV92PP/PCI Soft Modem, Olympia Family, SV92U2/USB 2.0 Soft Modem, SV92U3, SV92U4, SV92U5, SV92U6, SV92EX, CVxx family (including but not limited to CV92, CV92L, CV90L, CV34 and CV34L), HV92, OCM-34, OCM-90, OCM-92, OCM-92E, Apollo Family, Mars Family, Luna Family, L56DMS, L56DAS, L56DASI, L56LAS, L56LASI, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF, L56XT, LU97, CFAX34, CV92, CV92L, CV90L, CV34, CV34L, CFAX34, Venus Family, DSP1641, DSP1641B, DSP1641C, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648, DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D, DP2S, DP3, DP2L34D, DP2L34X, DP2SKGTV, DP2LV34D, DP2Vxx family (including but not limited to DP2V34DX and DP2V90DX), DP3V34X, DPV34X, DPV34DX, DPV90DX, APL43, PCI Controllerless Modem Family, 1648, DSP1648, DSP1648C, LU97, Scorpio, CSP1037, CSP1037B, CSP1034x family (including but not limited to CSP1034C, CSP1034AH, CSP1034S and CSP1034S-V11), CSP1035A, CSP1038, CSP1040, CSP1040A3, CSP1040A2, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components.

## INSTRUCTIONS

GE Licensing hereby incorporates the instructions set forth in *Plaintiff CIF Licensing LLC's First Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 1-30), Plaintiff CIF Licensing LLC's Second Set of Interrogatories to Defendant Agere Systems, Inc. (Nos. 31-42),*

and *Plaintiff CIF Licensing LLC's Third Set of Interrogatories to Defendant Agere Systems, Inc.*

*(Nos. 43-44).*

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1.**    Admit that the Agere Products use shell mapping.

**REQUEST FOR ADMISSION NO. 2.**    Admit that the Agere Products map frames
comprising 8 two-dimensional symbols.

**REQUEST FOR ADMISSION NO. 3.**    Admit that the Agere Products can transmit 2400
symbols per second.

**REQUEST FOR ADMISSION NO. 4.**    Admit that the Agere Products can transmit 5000
bits per second.

**REQUEST FOR ADMISSION NO. 5.**    Admit that the Agere Products can transmit 2400
symbols per second and 5000 bits per second.

**REQUEST FOR ADMISSION NO. 6.**    Admit that if the Agere Products transmit 2400
symbols per second and 5000 bits per second, then the Products will transmit either 16 or 17 bits
per each frame identified in Request For Admission No. 2.

**REQUEST FOR ADMISSION NO. 7.**    Admit that when the Agere Products transmit 16
bits per each frame identified in Request For Admission No. 2, a 0 bit is inserted into a shell
mapper after the first 4 bits.

**REQUEST FOR ADMISSION NO. 8.**    Admit that Agere Products have a precoder.

**REQUEST FOR ADMISSION NO. 9.**    Admit that Agere Products have a mapper whose
output is inputted to the precoder identified in Request For Admission No. 8.

**REQUEST FOR ADMISSION NO. 10.**    Admit that the mapper identified in Request For
Admission No. 9 maps input data points into signal points.

**REQUEST FOR ADMISSION NO. 11.**    Admit that the Agere Products include a feedback
connection between the output of the precoder identified in Request For Admission No. 8 and an
input to the mapper identified in Request For Admission No. 9.

**REQUEST FOR ADMISSION NO. 12.**    Admit that the Agere Products can be connected to
an analog telephone line.

**REQUEST FOR ADMISSION NO. 13.**    Admit that the Agere Products can map data bits to
a sequence of equivalence classes.

**REQUEST FOR ADMISSION NO. 14.**    Admit that the Agere Products can map data bits to a sequence of equivalence classes each having at least one constellation point.

**REQUEST FOR ADMISSION NO. 15.**    Admit that the Agere Products can select a constellation point in an equivalence class.

**REQUEST FOR ADMISSION NO. 16.**    Admit that the Agere Products can transmit a signal level that produces a constellation point to an input of a codec in a telephone company central office.

**REQUEST FOR ADMISSION NO. 17.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) uses shell mapping.

**REQUEST FOR ADMISSION NO. 18.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) maps frames comprising 8 two-dimensional symbols.

**REQUEST FOR ADMISSION NO. 19.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) can transmit 2400 symbols per second.

**REQUEST FOR ADMISSION NO. 20.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) can transmit 5000 bits per second.

**REQUEST FOR ADMISSION NO. 21.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) can transmit 2400 symbols per second and 5000 bits per second.

**REQUEST FOR ADMISSION NO. 22.**    Admit that if each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) transmits 2400 symbols per second and 5000 bits per second, then these products will transmit either 16 or 17 bits per each frame identified in Request For Admission No. 18.

**REQUEST FOR ADMISSION NO. 23.**    Admit that when each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) transmits 16 bits per each frame identified in Request For Admission No. 18, a 0 bit is inserted into a shell mapper after the first 4 bits.

**REQUEST FOR ADMISSION NO. 24.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) has a precoder.

**REQUEST FOR ADMISSION NO. 25.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) has a mapper whose output is inputted to the precoder identified in Request For Admission No. 24.

**REQUEST FOR ADMISSION NO. 26.**    Admit that the mapper identified in Request For Admission No. 25 maps input data points into signal points.

**REQUEST FOR ADMISSION NO. 27.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) includes a feedback connection between the output of the precoder identified in Request For Admission No. 24 and an input to the mapper identified in Request For Admission No. 25.

**REQUEST FOR ADMISSION NO. 28.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) can be connected to an analog telephone line.

**REQUEST FOR ADMISSION NO. 29.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) can map data bits to a sequence of equivalence classes.

**REQUEST FOR ADMISSION NO. 30.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) can map data bits to a sequence of equivalence classes each having at least one constellation point.

**REQUEST FOR ADMISSION NO. 31.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) can select a constellation point in an equivalence class.

**REQUEST FOR ADMISSION NO. 32.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) can transmit a signal level that produces a constellation point to an input of a codec in a telephone company central office.

**REQUEST FOR ADMISSION NO. 33.**    Admit that the SV92A3 uses shell mapping.

**REQUEST FOR ADMISSION NO. 34.**     Admit that the SV92A3 maps frames comprising 8 two-dimensional symbols.

**REQUEST FOR ADMISSION NO. 35.**     Admit that the SV92A3 can transmit 2400 symbols per second.

**REQUEST FOR ADMISSION NO. 36.**     Admit that the SV92A3 can transmit 5000 bits per second.

**REQUEST FOR ADMISSION NO. 37.**     Admit that the SV92A3 can transmit 2400 symbols per second and 5000 bits per second.

**REQUEST FOR ADMISSION NO. 38.**     Admit that if the SV92A3 transmits 2400 symbols per second and 5000 bits per second, then the SV92A3 will transmit either 16 or 17 bits per each frame identified in Request For Admission No. 34.

**REQUEST FOR ADMISSION NO. 39.**     Admit that when the SV92A3 transmit 16 bits per each frame identified in Request For Admission No. 34, a 0 bit is inserted into a shell mapper after the first 4 bits.

**REQUEST FOR ADMISSION NO. 40.**     Admit that the SV92A3 has a precoder.

**REQUEST FOR ADMISSION NO. 41.**     Admit that the SV92A3 has a mapper whose output is inputted to the precoder identified in Request For Admission No. 40.

**REQUEST FOR ADMISSION NO. 42.**     Admit that the mapper identified in Request For Admission No. 41 maps input data points into signal points.

**REQUEST FOR ADMISSION NO. 43.**     Admit that the SV92A3 includes a feedback connection between the output of the precoder identified in Request For Admission No. 40 and an input to the mapper identified in Request For Admission No. 41.

**REQUEST FOR ADMISSION NO. 44.**     Admit that the SV92A3 can be connected to an analog telephone line.

**REQUEST FOR ADMISSION NO. 45.**     Admit that the SV92A3 can map data bits to a sequence of equivalence classes.

**REQUEST FOR ADMISSION NO. 46.**     Admit that the SV92A3 can map data bits to a sequence of equivalence classes each having at least one constellation point.

**REQUEST FOR ADMISSION NO. 47.**     Admit that the SV92A3 can select a constellation point in an equivalence class.

**REQUEST FOR ADMISSION NO. 48.**     Admit that the SV92A3 can transmit a signal level that produces a constellation point to an input of a codec in a telephone company central office.

**REQUEST FOR ADMISSION NO. 49.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), as recited in claims 1, 12 and 46 of the `054 patent, can receive a modulated signal over any one of a plurality of frequency bands and can receive a line probing signal sent by a remote device over a channel. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

**REQUEST FOR ADMISSION NO. 50.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), as recited in claims 1, 12 and 46 of the `054 patent, can measure characteristics of a channel based upon a received line probing signal. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

**REQUEST FOR ADMISSION NO. 51.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), as recited in claims 1 and 12 of the `054 patent, based upon the measured characteristics of a channel, can select one of several frequency bands to be used for receiving a modulated signal from a remote device. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required. To the extent Agere disputes the meaning of any of these words, then use Agere's proposed construction to respond to this Request For Admission No. 51.

**REQUEST FOR ADMISSION NO. 52.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), as recited in claim 46 of the `054 patent, based upon the measured characteristics of a channel, can select one of several bit rates to be used for receiving a modulated signal from a remote device. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required. To the extent Agere disputes the meaning of any of these words, then use Agere's proposed construction to respond to this Request For Admission No. 52.

**REQUEST FOR ADMISSION NO. 53.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), as recited in claims 1, 12 and 46 of the `054 Patent, can receive a modulated signal from a remote device. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

**REQUEST FOR ADMISSION NO. 54.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), as recited in claims 1, 12 and 46 of the `054 Patent, can receive a line probing signal sent by a remote device over a channel. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

**REQUEST FOR ADMISSION NO. 55.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), as recited in claims 1, 12 and 46 of the `054 Patent, can measure characteristics of a channel based upon a received line probing signal. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required.

**REQUEST FOR ADMISSION NO. 56.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html), as recited in claims 1 and 12 of the `054 Patent, can select one frequency band from several available options to be used for receiving a modulated signal from a remote device. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required. To the extent Agere disputes the meaning of any of these words, then use GE Licensing's proposed construction to respond to this Request For Admission No. 56.

**REQUEST FOR ADMISSION NO. 57.**    Admit that each of the SV92A3, SV92PP, SV92U2, CV34, CV92 and CFAX 34 products (in the form described on the LSI, Inc. website (http://www.lsi.com/networking_home/networking_products/modem_chip_sets/index.html) can, as recited in claim 46 of the `054 Patent, select one bit rate from several available options to be used for receiving a modulated signal from a remote device. As the meaning of these words from the asserted claims is not disputed, further clarification should not be required. To the extent Agere disputes the meaning of any of these words, then use GE Licensing's proposed construction to respond to this Request For Admission No. 57.

**REQUEST FOR ADMISSION NO. 58.**    Admit that since March 22, 2007, Agere has destroyed, and thus failed to produce, documents responsive to at least one of GE Licensing's served Requests for Production.

**REQUEST FOR ADMISSION NO. 59.**    Admit that since March 22, 2007, Agere has destroyed, and thus failed to produce, Mark Hargrove's documents responsive to at least one of GE Licensing's served Requests for Production.

**REQUEST FOR ADMISSION NO. 60.**    Admit that since March 22, 2007, Agere has destroyed, and thus failed to produce, Martin Rauchwerk's documents responsive to at least one of GE Licensing's served Requests for Production.

**REQUEST FOR ADMISSION NO. 61.**    Admit that Agere has asserted infringement against third party modem sellers or manufacturers on the basis of that third party practicing the V.34 standard.

**REQUEST FOR ADMISSION NO. 62.**    Admit that Agere has asserted infringement against third party modem sellers or manufacturers on the basis of that third party practicing the V.92 standard.

**REQUEST FOR ADMISSION NO. 63.**    Admit that Agere has served interrogatory responses on third parties which alleged infringement on the basis (in part or in whole) that the third party's products are compliant with the V.34 standard.

**REQUEST FOR ADMISSION NO. 64.**    Admit that Agere has served interrogatory responses on third parties which alleged infringement on the basis (in part or in whole) that the third party's products are compliant with the V.92 standard.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: April 30, 2008
862521

By: /s/ Philip A. Rovner
    Richard L. Horwitz (#2246)
    Philip A. Rovner (#3215)
    David E. Moore (#3983)
    Hercules Plaza
    P. O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    provner@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

- 9 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 30, 2008, true and correct

copies of the within document were served on the following counsel of record at the addresses

and in the manner indicated:

**BY HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com

**BY E-MAIL**

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT C

## Koenig, Amanda

| | |
|---|---|
| **From:** | Phillips, Ryan D [rdphillips@townsend.com] |
| **Sent:** | Thursday, April 17, 2008 5:33 PM |
| **To:** | Koenig, Amanda; Connelly, Michael |
| **Cc:** | GEvAgere |
| **Subject:** | RE: GE v. Agere: Source Code |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Purple |
| **Categories:** | GE v. Agere |
| **Attachments:** | Standalone Computer Directory Structure - Confidential - Outside AEO Only - Version 2.txt |

Amanda,

The text document showing the directory structure and file names regarding the source code, which I transmitted with the email below, was incomplete because a few of the zip files had not yet been unzipped. Please replace that version with the attached version 2, which is also designated Confidential – Outside AEO Only. Sorry for the confusion.

Regards,

Ryan

> -----Original Message-----
> **From:** Phillips, Ryan D
> **Sent:** Thursday, April 17, 2008 11:51 AM
> **To:** 'Koenig, Amanda'; 'Connelly, Michael'
> **Cc:** GEvAgere
> **Subject:** RE: GE v. Agere: Source Code
>
> Amanda,
>
> Regarding the format of the source code, please see the attached .txt file, which we are hereby designating Confidential – Outside Attorney's Eyes Only under the Protective Order. This file lists the file names and types within the directory structure that will be on the hard drive of the Standalone Computer. Whenever you encounter a .zip file, we have unzipped the file into a directory of the same name. I believe most of the files may be viewed with a text editor, however, you will have the ability to install software on the Standalone Computer (using a CD-ROM drive) if necessary to view the code.
>
> As I have mentioned, we will provide the standalone computer, however, either you or Iron Mountain will need to provide a monitor, mouse, and keyboard. The USB ports on the computer are disabled, and so the mouse and keyboard should be PS2.
>
> We are working to resolve the issues with Iron Mountain.
>
> Regards,
>
> Ryan
>
> > -----Original Message-----
> > **From:** Koenig, Amanda [mailto:AKoenig@mwe.com]
> > **Sent:** Thursday, April 17, 2008 10:06 AM
> > **To:** Phillips, Ryan D
> > **Cc:** GE; GEvAgere
> > **Subject:** GE v. Agere: Source Code
> >
> > Dear Ryan,

I thought I'd check in to see where we stand on the source code. Have any remaining issues with Iron Mountain been resolved? Were you able to identify the format(s) of Agere's source code and whether we would need specialized software to review it? Once we know the answers to those questions, we can look into getting any necessary software.

If we can be of any assistance, please do not hesitate to contact us. I will be in the office today, but will be traveling tomorrow and Monday. Mike Connelly, however, will be available on both days.

Sincerely,
Amanda

**Amanda E. Koenig | Associate / Intellectual Property, Media & Technology**

**McDermott Will & Emery LLP** | 600 13th Street, NW Washington, DC 20005

phone: 202.756.8075 | fax: 202.756.8087 | akoenig@mwe.com

*********************************************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*********************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

# EXHIBIT D

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

San Francisco, California
Tel 415 576-0200

Palo Alto, California
Tel 650 326-2400

Walnut Creek, California
Tel 925 472-5000

San Diego, California
Tel 858 350-6100

Seattle, Washington
Tel 206 467-9600

Denver

1200 Seventeenth Street
Suite 2700
Denver
Colorado 80202-5835
Tel 303 571-4000
Fax 303-571-4321

rdphillips@townsend.com

May 7, 2008

*VIA EMAIL*

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096

RE:  *CIF Licensing, LLC d/b/a GE Licensing v. Agere Systems, Inc.*
     GE's Fourth Set of Interrogatories and First Requests for Admission

Dear Mike,

     I write regarding GE's Requests for Admission to Defendant Agere Systems Inc. and GE's Fourth Set of Interrogatories to Defendant Agere Systems Inc. that were served on April 30, 2008.  These requests are untimely under Paragraph 3 of the Rule 16 Scheduling Order issued by Judge Farnan on September 19, 2007.  Accordingly, Agere objects to these discovery requests as untimely, and will not provide responses.  If you have authority to the contrary please alert us.

                    Sincerely,

                    _____/S/_____

                    Ryan D. Phillips

RDP/ppq

61360039v1

# EXHIBIT E

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT F

# McDermott
# Will&Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Amanda E. Koenig
Associate
akoenig@mwe.com
202.756.8075

May 15, 2008

VIA E-MAIL

Ryan D. Phillips
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:  *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,* C.A. No. 07-170

Dear Mr. Phillips:

Per the Court's May 9, 2008 order, we write to schedule a meet-and-confer between the parties to work towards the resolution of outstanding discovery issues. We are available Monday, May 19 or Tuesday, May 20. Towards that end, and in anticipation of our call, we have outlined what we see as the remaining discovery issues raised by GE Licensing below. Where we have asked for a date certain below, please provide those dates prior to or during our meet and confer.

**1.**    **Production of Agere's source code**

We look forward to confirmation of the deposit of code with Iron Mountain by tomorrow.

**2.**    **GE Licensing Interrogatory No. 44 and Request for Production Nos. 46-61**

Please provide a date certain by which Agere will produce documents and information responsive to these discovery requests per the Court's May 9, 2008 order.

**3.**    **Fourth Set of Interrogatories (Nos. 45-75)**

In light of the Court's May 9, 2008 order and Mr. Flanagan's testimony, we assume there is no remaining objection to responding to these interrogatories. Please provide a date certain by which Agere will produce documents and information responsive to these discovery requests, and no later than the date which they are due under the rules (30 days after service).

Ryan D. Phillips
May 15, 2008
Page 2

4.   **GE Licensing's First Set of Requests for Admission (Nos. 1-64)**

In light of the Court's May 9, 2008 order and Mr. Flanagan's testimony, we assume there is no remaining objection to responding to these requests for admission. Please provide a date certain by which Agere will provide responses to these requests for admission, and no later than the date which they are due under the rules (30 days after service).

5.   **GE Licensing's Fifth Set of Interrogatories (Nos. 76-88) and Fourth Set of Requests for Production (No. 62)**

Please provide a date certain by which Agere will produce documents and information responsive to these discovery requests.

6.   **Missing Categories of Documents**

a.   Destroyed documents. Please identify when Mr. Sawyer, Mr. Rauchwerk and Mr. Hargrove left Agere. Please also confirm that each of Mr. Sawyer's, Mr. Rauchwerk's and Mr. Hargrove's email and other electronic documents have been destroyed and identify when such destruction took place.

b.   Email databases. Your letter states that Agere has produced e-mails from 22 persons. However, GE Licensing has received only 15 .pst databases. Of these 15, we have single databases from Flynn, Ho, Rai and Schulz, 4 databases from Bays, 3 databases from Skinker and 4 databases labeled "Personal Folders" which all appear to belong to Chao-Pin (Ben) Chen. First, as previously detailed for Mr. Rai, it is apparent that not all relevant and responsive e-mail messages from even these 7 persons were produced. Second, where in the production should we look to find the other e-mail databases for the other 15 persons you claim have been produced? Please let us know by Friday, May 23, 2008 where the e-mail messages for the other 15 people can be found.

c.   Additional Documents From Key Individuals.

i.   Per our prior agreement, please identify where in the production are Agere's organizational charts so that we may further identify Agere employees Herman, Cheung, Siewara, Wolfe, Hixon, Campbell, Nguyen, Lubas, Staab, and Patel. To the extent Agere can identify these individuals, please state whether (i) they are current employees within Agere; and (ii) whether you will accept service for these individuals.

Ryan D. Phillips
May 15, 2008
Page 3

ii.      Bryan Petryna – We have not yet received the promised documents from
         Bryan Petryna. Please provide a date certain for their production.

iii.     Lantz, Michael Chen, G. Balaji – We would ask that you verify your
         statement that these individuals do not possess responsive documents.
         Among many other things, Mr. Balaji is, for example, the author of
         OCMP_PRD_0.8.doc (and later versions), the product requirements
         document for Agere's OCM product. Mr. Balaji is also the author of at least
         a portion of the SV92EX PRD (*see* SV92EX_Schedule_061109.pdf). Mr.
         Balaji's name appears on almost 3,000 documents that Agere has determined
         to be responsive and produced in this case. In addition, Ximing (Michael)
         Chen is on over 700 documents and Lantz's name on over 700. It is unlikely
         that these individuals do not possess at least electronic files that are
         responsive. It is our position that these individuals have responsive
         documents. We again request that Agere provide a date certain on when this
         production will occur and indicate whether you will accept service for each
         of these individuals.

iv.      Surinder Rai. Mr. Rai's personal files are incomplete. The folder labeled
         "Rai" covers portions of only 2001, 2002, 2003, 2006 and 2007. Further,
         Mr. Rai's emails are limited to a "customer" folder that contains very few
         emails. Mr. Rai's e-mail database provided by Agere contains only 323
         emails, ostensibly covering the 9 year period, January of 1999 (the earliest e-
         mail we have) through January, 2008.   Mr. Rai is identified as one of
         Agere's two 30(b)(6) witnesses and as one of the "most knowledgeable"
         about sales, marketing and distribution (Agere's Resp. to GE Licensing
         Interrog. No. 6). On that basis, we would have expected Mr. Rai's personal
         production to be far more extensive. Clearly, Mr. Rai has received more than
         35 e-mail messages per year that reference the accused Agere Products. We
         also do not see any indication that Mr. Rai has produced any physical
         documents. Please confirm that Agere's production of Mr. Rai's materials is
         complete or provide that complete production prior to the parties' meet-and-
         confer.

**7.**   **Production of Agere Product-Related Documents and Information**

*GE Licensing Interrogatory No. 1*: Please confirm that Agere's production of "documents for
all products, whether or not enumerated, within GE Licensing's revised definition of 'Agere
Products' set out in the Motion to Compel that were sold or offered for sale after March 23,
2001" includes all "documents" as described and delineated in Federal Rule of Civil Procedure

Ryan D. Phillips
May 15, 2008
Page 4

34 and the accompanying Committee notes thereto.[1] Further, we ask that you clarify the supplementation set forth in your April 20, 2008 letter which distinguishes between modems, boards, combo boards, and carrier cards. Please clarify how Agere defines each category.

*GE Licensing Interrogatory No. 3* (State precisely when Agere commenced any activities, projects or programs, whether formal or informal, directed to the design and development of each Agere Product identified in response to Interrogatory No. 1, including a description of the activities, projects and/or programs (including their objectives and results), and, for each such activity, identify the person(s) knowledgeable about such activities, the person(s) involved in such activities, and state precisely where such activities were undertaken.): GE Licensing maintains the position that Agere's response to Interrogatory No. 3 is substantially incomplete and/or non-responsive. During his deposition, Mr. Rai identified a number of inaccuracies and/or deficiencies with respect to the files and data identified as Exhibit 2 to Agere's Feb. 8, 2008 supplemental answers to GE Licensing's interrogatories. *See, e.g.*, Rai Dep. Tr. 129-141 (April 21, 2008). Please provide corrected versions of Exhibit 2 by Friday, May 23, 2008.

*GE Licensing Interrogatory No. 7* (Describe any activities of Agere with respect to the design, development, fabrication, manufacture, assembly and/or testing of Agere Products, components thereof, or products containing same.): GE Licensing maintains the position that Agere's response to Interrogatory No. 7 is substantially incomplete and/or non-responsive.

8.    **Sales Information**

*Sales of individual components.* During his deposition, Mr. Rai identified a number of inaccuracies and/or deficiencies with respect to the files and data identified as Exhibit 2 to Agere's Feb. 8, 2008 supplemental answers to GE Licensing's interrogatories. *See, e.g.*, Rai Dep. Tr. 129-141 (April 21, 2008). As stated above, please provide corrected versions of Exhibit 2 prior to the parties' meet-and-confer.

*GE Licensing Interrogatory No. 8* (Describe any activities of Agere with respect to the marketing, sales and/or distribution of Agere Products, components thereof, or products containing same.): GE Licensing maintains the position that Agere's response to Interrogatory No. 8 is substantially incomplete and/or non-responsive.

*GE Licensing Interrogatory No. 9* (For each Agere Product, component thereof, or product containing same identified in Your answer to Interrogatory No. 1, identify the quantity produced, total sales volume, unit prices, purchaser, and the revenues that Agere has received, expects to receive and/or has projected to receive from the sale, lease, license, sublicense or use of any Agere Product, component thereof, or product containing same.): GE Licensing

---

[1] In particular, we direct your attention to the Committee notes accompanying the 2006 Amendment, which state, in part: "Rule 34 applies to information that is fixed in a tangible form and to information that is stored in a medium from which it can be retrieved and examined."

Ryan D. Phillips
May 15, 2008
Page 5

maintains the position that Agere's response to Interrogatory No. 9 is substantially incomplete and/or non-responsive. Please also see numbered paragraph 1 above with respect to Exhibit 2 to Agere's Feb. 8, 2008 supplemental answers to GE Licensing's interrogatories.

9. **Permission from 3rd parties**

*GE Licensing Interrogatory No. 38*: GE Licensing maintains the position that Agere's response to Interrogatory No. 38 is substantially incomplete and/or non-responsive.

Please let us know prior to the parties' meet-and-confer which third parties Agere continues to communicate with, when those communications first occurred, the contact person for each third party, the location of any documents identified by each third party, and a date certain by which Agere will supplement its response.

*GE Licensing Request for Production No. 11*: GE Licensing maintains the position that Agere's response to Request for Production No. 11 is substantially incomplete and/or non-responsive. During Mr. Rai's deposition, for example, Agere appeared to take the position that it was still working to obtain permission to produce and/or disclose information responsive to Request for Production No. 11 from third parties. *See* Rough Rai Dep. Tr. 179-182, 184-193, 197 (April 21, 2008). Please let us know prior to the parties' meet-and-confer which third parties Agere continues to communicate with, when those communications started, the contact person for each third party, and the location of any documents identified by each third party so that GE Licensing can pursue alternate channels for obtaining this discovery, if necessary.

10. **Legal Actions**

*GE Licensing Interrogatory No. 30* (Identify each legal action, including but not limited to any action before the U.S. Patent and Trademark Office, the International Trade Commission, and any federal, state or foreign court, concerning any of the Agere Products. For each such action, identify the case number, the court and presiding judge, the parties to the action, and all pleadings and other documents filed in the action and all depositions conducted, including the name of the deponent and date of the deposition.): GE Licensing maintains the position that Agere's response to Interrogatory No. 30 is substantially incomplete and/or non-responsive.

The documents identified by Agere in its response include over 100,000 pages, the majority of which appear totally unrelated to Interrogatory No. 30, including documents from legal actions that Agere does not even appear to be a party to and documents totally unrelated to legal actions at all.

Moreover, we have been unable to locate much in the way of documents—or any depositions for that matter—from many of the legal actions to which Agere has been a party, including, but

Ryan D. Phillips
May 15, 2008
Page 6

not limited to, the following.  Please provide complete production of these materials prior to the
parties' meet-and-confer.

a.    Townshend Intellectual Property, LLC v. Agere Systems, Inc., 5:02cv4836

b.    Agere Systems Inc. v. East Texas Technology Partners LP, 2:04cv108

c.    Agere Systems Inc. v. Broadcom Corporation, 2:03cv3138

d.    Broadcom Corp. v. Agere Systems, Inc. 3:03cv2197

e.    Atmel Corporation v. Agere Systems, Inc., 5:03cv4632

f.    Plasma Physics Corp. v. Agere Systems Inc., 2:02cv3458

g.    Agere Systems Inc. v. Multiplex Inc., 1:01cv517

h.    Agere Systems Inc. v. Sony Corp., 2:06cv79

i.    Agere Systems Inc. v. Atmel Corp., 2:02cv864

j.    PC-Tel, Inc. v. Agere Systems, Inc., 3:03cv2474

k.    Agere Systems v. Proxim Inc., 1:01cv339

l.    Townshend Intellectual Property, LLC v. Agere Systems, Inc., 4:02cv4836

m.    Atmel Corporation v. Agere Systems, Inc., 3:03cv4632

n.    Agere Systems Inc. v. Intersil Corporation, 1:03cv737

o.    Pctel, Inc v. Agere Systems, Inc., 4:03cv2474

p.    Broadcom Corporation v. Agere Systems, Inc., 2:04cv2416

q.    Broadcom Corporation v. Agere Systems, Inc., 1:04cv66

r.    Agere Systems Inc v. Intersil Corporation, 1:02cv1544

s.    In re Townshend Patent Litigation, 5:02cv4833

t.    Townshend Intellectual Property, LLC v. Agere Systems, Inc., 3:02cv4836

u.    Atmel Corporation v. Agere Systems, Inc., 2:04cv5118

Ryan D. Phillips
May 15, 2008
Page 7

*GE Licensing Request for Production No. 43* (All documents, including without limitation e-mails and slides, referring or relating to a license defense and any proceeding in the United States or in a foreign country, including, but not limited to, litigation (including but not limited to the litigation captioned "In re Townshend Patent Litigation, Townshend Intellectual Property, L.L.C. v. Agere Systems, Inc." before the U.S. District Court for the Northern District of California docket No. 5-02-CV-4833), arbitration or dispute, contested proceeding or charge of infringement (whether formal or informal), pending or threatened, that in any way relates to Agere or Agere Products, components thereof, or products containing same, including, but not limited to, settlement agreements, deposition transcripts, hearing transcripts, pleadings and discovery responses from such proceeding.): Please see comments regarding *GE Licensing Interrogatory No. 30*, above.

11.   **Specific Missing Documents**

a.      Agere/GE 000141-44 (GE Licensing Interrogatory No. 25)

b.      Agere/GE 001036 (GE Licensing Interrogatory No. 25)

c.      Corrected copies of the document beginning at production number Agere/GE 000642

d.      Corrected copies of Agere/GE 00760 and Agere/GE 00763

e.      You state in your April 20, 2008 letter that the "MDC1.5 is a board, not a modem. Agere does not manufacture, make or sell 'boards.'"

        This is contradicted by Agere's documents. According to at least this document, Flynn\customer slides\Dell\ Modem Proposal 0601.ppt, a presentation which appears to have been made to Dell, Agere is or was "Shipping to multiple PC OEM customers" the MDC1.5/Delphi board. Please clarify this contradiction.

f.      Contrary to the statements in your April 20, 2008 letter, Agere internally refers to the "Montblanc modem." *See* Flynn\Older Documents\Perseus\homolreport\ Australia94451-01.pdf. Further, more recent emails (found in Personal Folders(7)_05.pst) show call logs in which the following line item appears: 09-14-2005 02:21:56.062 - Modem inf section: MONTBLANC_Modem Please clarify this contradiction.

g.      With respect to DP3FX, please see the following documents:

        Agere/GE 01913 (Documents from Modem Applications Engineering Web Site\Embedded Modem Design PAKs\CFAX34-CFAX17 Design PAK\MIDAS_PN_20060426.pdf);

        Agere/GE 003132 (HTML List of Attachments to MRI

Ryan D. Phillips
May 15, 2008
Page 8

Records\projectView.asp.htm);

Agere/GE 003132 (List of Attachments to MRI Records\MRI Records\Mdm-DP3\MRIreportDetail.asp (40312).html);

Agere/GE 003132 (List of Attachments to MRI Records\projectView.asp_files\fpblank_002.htm); and

Agere/GE 003133 (MRI Attachments - Disc 1\MDM-Applications(oldversion)\43041\MIDAS_AM1_031406.BOM).

h.    We look forward to receiving further information regarding Eagle.

i.    Please confirm that Agere has produced all licenses or other agreements with the entities identified in Agere's Feb. 8, 2008 supplemental answer (including the entities identified in Exhibit 7) to GE Licensing Interrogatory No. 2.

12.    **Documents to be identified within production per the parties' agreement**

a.    Marketing materials

b.    Organizational charts

c.    CV92/CFAX Software Developer's Guide

d.    DP2L Product Brief/Programmer's Reference Manual

e.    DP2S Product Brief/Programmer's Reference Manual

Please do not hesitate to contact us if you have any questions that would help clarify the issues before our meet and confer.

Ryan D. Phillips
May 15, 2008
Page 9

Sincerely,

Amanda E. Koenig

cc:      Counsel of Record for Agere (via e-mail: gevagere@townsend.com)

WDC99 1566760-2.037743.0051

# EXHIBIT G

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Amanda E. Koenig
Associate
akoenig@mwe.com
202.756.8075

May 22, 2008

VIA E-MAIL

Ryan D. Phillips
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,* C.A. No. 07-170

Dear Mr. Phillips:

We write to summarize the issues outlined my letter dated May 15, 2008 and addressed during
the parties' meet-and-confer.

**1.    Production of Agere's source code**

Please confirm the deposit of code with Iron Mountain.

**2.    GE Licensing Interrogatory No. 44 and Request for Production Nos. 46-61**

We understand that Agere has agreed to respond to these discovery requests.

**3.    Fourth Set of Interrogatories (Nos. 45-75)**

We understand that it is Agere's position that GE Licensing's Fourth Set of Interrogatories
(Nos. 45-75) are untimely and that Agere is refusing to reply to them on that basis.

GE Licensing maintains that its Fourth Set of Interrogatories (Nos. 45-75) are timely and seek
relevant information. At least Interrogatory Nos. 45-54 and 56-75 request information about
source code vis-à-vis Agere Products. Agere's technical 30(b)(6) witness, Mr. Flanagan, was
unprepared to testify with the requisite specificity as to these topics. *See, e.g.,* Flanagan Depo.
Tr. 162:19-163:7, 171:16-173:9, 202:10-21, 219:5-15, and 222:16-223:16, May 8, 2008.
Moreover, Mr. Flanagan stated ███████████████████████████████████████████████

Ryan D. Phillips
May 22, 2008
Page 2



We are at a loss to understand the incongruity of Agere's position. On the one hand, Agere's unprepared technical 30(b)(6) witness ████████████████████████████████████████ On the other hand, Agere is refusing to respond to GE Licensing's interrogatories on the very same subjects. We hope Agere will reconsider its position and either designate a 30(b)(6) witness for those topics on which Mr. Flanagan was unprepared or substantively respond to GE Licensing's Fourth Set of Interrogatories (Nos. 45-75).

**4.    GE Licensing's First Set of Requests for Admission (Nos. 1-64)**

We understand that it is Agere's position that GE Licensing's First Set of Requests for Admission (Nos. 1-64) are untimely and that Agere is refusing to reply to them on that basis.

Ryan D. Phillips
May 22, 2008
Page 3

GE Licensing maintains that its First Set of Requests for Admission (Nos. 1-64) are timely and seek relevant information. At least Requests for Admission Nos. 1-7, 9-11, 13, 17-23, 25-27, 29, 33-39, 41-43, and 45 seek information about Agere Products which Agere's technical 30(b)(6) witness, Mr. Flanagan, was unprepared to testify about. *See, e.g.*, Flanagan Depo. Tr. 261-3, 284:17-288:6, 296-97, 301-302, and 304:18-310:14, May 8, 2008.

We are at a loss to understand the incongruity of Agere's position. On the one hand, Agere's unprepared technical 30(b)(6) witness



On the other hand, Agere is refusing to respond to GE Licensing's requests for admission on the very same subjects. We hope Agere will reconsider its position and either designate a 30(b)(6) witness for those topics on which Mr. Flanagan was unprepared or substantively respond to GE Licensing's First Set of Requests for Admissions (Nos. 1-64).

Ryan D. Phillips
May 22, 2008
Page 4

**5.    GE Licensing's Fifth Set of Interrogatories (Nos. 76-88) and Fourth Set of Requests for Production (No. 62)**

We understand that Agere is working to collect the requested documents and information and will provide them as soon as possible.

**6.    Missing Categories of Documents**

b.    Email databases. We understand that Agere is investigating the apparent incongruity between its previous statement that it has produced email databases from 22 individuals and our identification of email databases from only 7 individuals.

c.    Additional Documents From Key Individuals.

i.    We understand that Agere is working to confirm whether Herman, Cheung, Siewara, Wolfe, Hixon, Campbell, Nguyen, Lubas, Staab, Patel, and Pazernak (i) are current employees within Agere; and (ii) you will accept service for them.

**12.    Documents to be identified within production per the parties' agreement**

b.    Organizational charts – We understand that Agere will produce existing organizational charts for Agere's modem, marketing, sales, and finance divisions.

As we discussed, we are preparing a draft joint letter to the Court and will circulate it to you as soon as possible. Please do not hesitate to contact us if anything arises in the meantime.

Sincerely,

Amanda E. Koenig

cc:    Counsel of Record for Agere (via e-mail: gevagere@townsend.com)

WDC99 1569392-1.037743.0051

# EXHIBIT H

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT I

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Amanda E. Koenig
Associate
akoenig@mwe.com
202.756.8075

June 4, 2008

VIA E-MAIL

Ryan D. Phillips
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:   *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,* **C.A. No. 07-170**

Dear Mr. Phillips:

We write in response to your June 3, 2008 letter to Mr. Greenfeld. Agere was informed of GE Licensing's intent to depose Mr. Yu during the parties' May 19, 2008 meet-and-confer, during which counsel for Agere agreed to inquire into whether Mr. Yu was still an Agere (or LSI) employee and whether counsel would accept service on his behalf. Having heard nothing from Agere, GE Licensing issued a subpoena for Mr. Yu's deposition to be scheduled for Friday, May 30, 2008. You will see from the attached proof of service that Mr. Yu was served his subpoena on Friday, May 23, 2008. The attorney from Mr. Yu's current employer, Conexant Systems, Inc., notified Mr. Greenfeld on Thursday, May 29, 2008, that Mr. Yu would be unavailable for deposition on May 30th, and Mr. Greenfeld promptly notified you of that fact, and of the fact that Mr. Yu was trying to find alternate dates for his deposition in early June. We will let you know of Mr. Yu's availability when he or the Conexant attorney contacts us. Since Mr. Yu's deposition did not take place on May 30th, we believe that Agere has no grounds to now oppose his deposition, especially in light of Agere's scheduled deposition of Motorola in the third week of June and GE Licensing's depositions of Agere employees John Xin and Surinder Rai within the next few weeks.

With respect to GE Licensing's Fourth Set of Interrogatories and First Set of Requests for Admission, we intend to file in the near future a motion to compel responses to these discovery requests, and we believe that the parties satisfied Local Rule 7.1.1, as follows. In its May 7, 2008 letter, Agere unequivocally refused to respond to those discovery requests. Nevertheless, GE Licensing brought up the issue during the parties' May 19, 2008 meet-and-confer, and addressed the issue in a May 22, 2008 letter. Agere confirmed in its May 22, 2008 responsive letter its refusal to respond to those requests. We trust you will inform us promptly if you believe that the Local Rule 7.1.1 requirements have not been met.

Ryan D. Phillips
June 4, 2008
Page 2


Please do not hesitate to contact us if you have any questions.


Sincerely,

Amanda E. Koenig

cc:     Counsel of Record for Agere (via e-mail: gevagere@townsend.com)


WDC99 1575743-2.037743.0051

# EXHIBIT J

## Koenig, Amanda

| | |
|---|---|
| **From:** | Phillips, Ryan D [rdphillips@townsend.com] |
| **Sent:** | Tuesday, June 10, 2008 5:34 PM |
| **To:** | Greenfeld, Robert |
| **Cc:** | GEvAgere; GE |
| **Subject:** | RE: CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc. |
| **Categories:** | GE v. Agere |

Bobby,

In response to your letter of today's date, we intend to produce all available versions of our source code used since 2001, however, the production will not occur this week. We anticipate providing a projected date for delivery of these materials by close of business on Friday, June 13. In the meantime, please let me know if you have any questions.

Regards,

Ryan

> -----Original Message-----
> **From:** Greenfeld, Robert [mailto:RGreenfeld@mwe.com]
> **Sent:** Tuesday, June 10, 2008 10:51 AM
> **To:** Phillips, Ryan D
> **Cc:** GEvAgere
> **Subject:** CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.
>
>
> Ryan:
>
> Please read the attached letter regarding discovery and John Xin's deposition.
>
>
> --Bobby
>
> _____
> Robert Greenfeld
> McDermott Will & Emery LLP | 340 Madison Avenue, New York, NY 10173
> 212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com
>
>
> ***********************************************************************************************
> IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.
>
> _____
>
> This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
> ***********************************************************************************************
>
> Please visit http://www.mwe.com/ for more information about our Firm.

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a )
GE LICENSING, )
)
        Plaintiff, )
)    C.A. No. 07-170-JJF
      v. )
)    **JURY TRIAL DEMANDED**
AGERE SYSTEMS INC., )
)
        Defendant. )

## DEFENDANT AGERE SYSTEMS INC.'S SECOND SUPPLEMENTAL ANSWERS TO PLAINTIFF CIF LICENSING, LLC'S INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Agere Systems Inc. ("Defendant") hereby supplements its answers to CIF Licensing, LLC, d/b/a GE Licensing's ("Plaintiff") Interrogatory Nos. 1-43 ("Plaintiff's Interrogatories"), stating as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.    The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any statement or response from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.    Subject to the specific and general objections listed herein, Defendant will answer each interrogatory with responsive, non-privileged information within the current actual knowledge of Defendant or through cross-references to produced documents according to F.R.Civ.P. 33(d).

3.    Defendant will answer interrogatories calling for confidential information or trade secrets

directed to the design or development of the products identified in response to Interrogatory No. 1 may be found in documents produced from Defendant's MRI system. Further, to the extent that any of the products identified in response to Interrogatory No. 1 were first sold or offered for sale after March 23, 2001, information about such sales can be found in Exhibit 2 hereto, which is incorporated by reference.

## INTERROGATORY NO. 4

Identify the three persons most knowledgeable about the structure, design, development, function, and operation of each Agere Product identified in response to Interrogatory No. 1.

### ANSWER:

Defendant incorporates by reference its General Objections, including, in particular, General Objection No. 7 set forth above.

Subject to and without waiving the foregoing objections and its General Objections, Defendant answers as follows: The three persons most knowledgeable about the structure, design, development, function, and operation of Defendant's modem products are Ashok Vernekar, Herb Cohen, and Larry Bays. All can be reached via counsel for Defendant.

## INTERROGATORY NO. 5

Identify the three persons most knowledgeable about the manufacture and/or assembly of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant incorporates by reference its General Objections, including, in particular, General Objection No. 7 set forth above.

Subject to and without waiving the foregoing objections and its General Objections, Defendant answers as follows:  The three persons most knowledgeable about the manufacture and/or assembly of each of the products set forth in Plaintiff's November 30, 2007 letter are Robert Radaker, Roger Sellers, and Bryan Stahley, all of whom can be reached via counsel for Defendant.

**INTERROGATORY NO. 6**

Identify the three persons most knowledgeable about the marketing, sale and distribution of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant incorporates by reference its General Objections, including, in particular, General Objection No. 7 set forth above.

Subject to and without waiving the foregoing objections and its General Objections, Defendant answers as follows:  The three people most knowledgeable about the marketing, sale and distribution of each of the products set forth in Plaintiff's November 30, 2007 letter are Surinder Rai, James Flynn, and Sanjay Sharma, all of whom can be reached via counsel for Defendant.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on June 26, 2008, the within document

was filed with the Clerk of the Court using CM/ECF; that the document was served on the

following party as indicated; and that the document is available for viewing and downloading

from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

I hereby certify that on June 26, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com