IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | **REDACTED - PUBLIC VERSION** |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT AGERE SYSTEMS INC.'S AND NON-PARTY JINGUO YU'S MOTION FOR A PROTECTIVE ORDER**

Comes now Defendant, Agere Systems, Inc. ("Agere"), and non-party Jinguo Yu by

counsel, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, and hereby move the

Court for a protective order to prevent the deposition of the non-party witness Jinguo Yu.

## I.    INTRODUCTION AND STAGE OF PROCEEDINGS

This is an action for patent infringement brought by CIF Licensing LLC, d/b/a GE

Licensing, ("GE") against Agere Systems Inc. ("Agere") for alleged infringement of U.S. Patent

Nos. 5,048,054, 5,428,641, 5,446,758, and 6,198,776.

Discovery closed in the matter on June 1, 2008. (D.I. 32 at 1.)  GE seeks to take the

deposition of Dr. Jinguo Yu although it failed to comply with the Federal Rules of Civil

Procedure, the Local Rules of this Court, and the Rule 16 Scheduling Order for the case with

respect to providing timely notice of the deposition so as to be completed within the discovery

period.  Accordingly, because GE failed to provide timely notice, and for other reasons set forth

below, Agere and Dr. Jinguo Yu respectfully request a protective order under Fed. R. Civ. P.

26(c)(1) and Fed. R. Civ. P. 26(b)(2)(C) to prevent the deposition of Dr. Jinguo Yu.

## II.    CERTIFICATE OF CONFERENCE (AVERMENT OF COUNSEL)

Agere's and Dr. Yu's attorneys certify that, pursuant to Local Rule 7.1.1, we have

conferred by telephone conference with counsel for GE regarding the issues addressed in this

motion. The telephone conference took place on June 23, 2008 during which Agere set out its

intent to file this motion.

## III.    FACTUAL BACKGROUND

1.    On May 19, 2008 the parties had a meet and confer regarding several discovery issues.

*See* Exhibit A.  During this call GE's counsel asked Agere's counsel whether Dr. Yu was an

employee of Agere and whether Agere was representing Dr. Yu.  *Id.*  The fact that Dr. Yu was

no longer with the company was relayed to GE's counsel the following day in the deposition of

Ashok Vernekar.  *See* Exhibit B, 23:13.

2.    On May 21, 2008 CIF Licensing, LLC, d/b/a GE Licensing ("GE") issued a subpoena

from the Southern District of New York (the "Subpoena") to Dr. Jingo Yu.  (*See* D.I. 119.)  On

May 23, 2008 the Subpoena was served on Dr. Yu.  *Id.*  The Subpoena lists May 30, 2008 as the

date for Dr. Yu's deposition. *Id.*  GE did not provide any notice to Agere that it had issued a

subpoena for Dr. Yu.  Furthermore, GE did not inform Agere that it was attempting to schedule

the deposition of Dr. Yu.

3.     On May 29, 2008, Agere first learned of the Subpoena and planned deposition when counsel for GE sent an email noting that Dr. Yu could not appear the following day for his deposition. *See* Exhibit C. At this time, GE had yet to provide notice to Agere pursuant to Fed. R. Civ. P. 30(b)(1). GE finally provided notice comporting with Fed. R. Civ. P. 30(b)(1) and Local Rule 5.4 on May 30th, the same day the subpoena lists for the deposition and the second to last business day before the close of discovery. (*See* D.I. 119).

4.     On June 3, 2008, Agere notified GE that it had not received timely notice of GE's subpoena and that it intended to oppose the subpoena of Dr. Yu. *See* Exhibit D.

5.     On June 18, 2008, Agere again informed GE via letter that its notice to Agere was untimely and sought discovery outside of the discovery period. *See* Exhibit E.

6.     On June 19, 2008, GE responded via letter stating that it would purportedly enforce the subpoena by filing an Order to Show Cause, and requesting a conference to discuss the issues. *See* Exhibit F.

7.     On June 23, 2008 the parties met and conferred and were unable to come to resolution. GE has stated in correspondence and during its meet and confer that not providing dates for Dr. Yu is "an act of contempt." *See* Exhibit F. However, GE voluntarily released Dr. Yu from the May 30 date, (see Exhibits C and F), and has issued no new subpoena. Therefore, Dr. Yu is not currently under a subpoena and there can be no "contempt."[1]

---

[1] Agere maintains that Dr. Yu is a third party caught in the crossfire between the parties. Accordingly, if necessary, Dr. Yu will provide dates for a deposition on the resolution of this Motion for a Protective Order.

3

## IV.    ARGUMENT

### A. GE's Notice of Subpoena of Dr. Yu Is Untimely Under the Federal Rules of Civil Procedure, the Local Rules, and the Rule 16 Scheduling Order.

8.      The Rule 16 Scheduling Order requires that "all fact discovery, including depositions, shall be completed by June 1, 2008." (D.I. 32 at 1.)  Federal Rule of Civil Procedure 30(b)(1) states that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time of the deposition and if known, the deponent's name and address."  The Local Rules of this Court expound on the meaning of the term "reasonable notice" as used in Fed. R. Civ. P. 30(b)(1): "[u]nless otherwise ordered by the Court, 'reasonable notice' for the taking of depositions under Fed. R. Civ. P. 30(b)(1) and 30(b)(6) shall be not less than 7 days."  D. Del. LR 30.1  GE provided notice comporting with Fed. R. Civ. P. 30(b)(1) to Agere of Dr. Yu's subpoena on May 30, 2008, the same day it intended to take the Deposition of Dr. Yu, and on the second to last day of discovery. Thus, GE's notice was ineffective, does not provide the requisite seven days as required by the local rules, and would not allow for a deposition that could be taken during the discovery period. Accordingly, GE's notice is untimely and the Deposition of Dr. Yu should not be allowed.

9.      Under Fed. R. Civ. P. 26 (c) the Court may "for good cause, issue an order to protect a party or person from . . . undue burden or expense . . . including one or more of the following: (A) forbidding the disclosure or discovery."  Here "good cause" is very simple: GE has failed to provide timely notice as required by Fed. R. Civ. P. 30(b)(1) and Local Rule 30.1 within the

discovery period.  Thus, GE's subpoena and deposition of Dr. Yu are untimely and should not be allowed.

### B. GE Has Had Ample Time to Seek the Deposition of Dr. Yu, but GE Has Been Delinquent in Pursuing Discovery.

10.     Pursuant to  Fed. R. Civ. P. 26(b)(2)(C), "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rule or by local rule if it determines that … (ii) the party seeking discovery has had an ample opportunity to obtain the information by discovery in the action." *See also Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, C.A. No. 04-1371-JJF, 2006 U.S. Dist. LEXIS 60089, at *6 (D. Del. Aug. 24, 2006).  GE has had ample time to seek the deposition of Dr. Yu. Dr. Yu is listed in as a member of the project team for Agere's soft modem project in documents produced on December 12, 2007.  *See* Exhibit G.  Despite being in possession of this information for months, GE has waited until the end of May to seek his deposition.

11.     The fact is that GE Licensing has failed to pursue discovery in this case until the last minute on many fronts.  Because of its own failure to conduct discovery in a timely fashion, GE Licensing noticed five Agere fact depositions for the final two days of discovery, including four depositions on the last business day of discovery -- May 30, 2008.  (*See* D.I. 111-114)  GE has taken ten depositions in the final three weeks of discovery.  This has nothing to do with any failing on the part of Agere.  Information concerning all of these individuals, including Dr. Yu, was produced months ago.

DB02:6922913.1                                                  058626.1006

12.     GE has also been untimely in seeking written discovery.  GE served untimely interrogatories on February 7, 2008.  In its Order, the Court stated "[w]hile Plaintiff's February requests were not timely, the requests are relevant and the Court finds that Plaintiff is entitled to this information." (D.I. 104 at 3.)  Then, despite the plain language of the Scheduling Order, GE served its Fourth Set of Interrogatories and First Set of Requests for Admission on April 30, 2008, more than two months after the close of written discovery.  (*See* D.I. 94.)  GE should not be allowed to continue to ignore the case deadlines.

13.     As set forth above, GE's lack of respect for Court deadlines is a continuing problem in this case.  The Court has taken mercy on GE and allowed GE's untimely requests on past occasions, but GE continues to disregard case deadlines.  It is too late in the case to continue seeking discovery.  The claim construction hearing has already occurred, and the parties opening expert reports are due in less than six weeks.  Thus, Agere is prejudiced by GE's late requests.

14.     Agere has been more than willing to accommodate GE's discovery requests when noticed so as to be completed with the discovery period.  For instance, GE properly noticed the deposition of John Xin, and Agere worked with GE to schedule the deposition of Dr. Xin after the close of discovery.  This extension was done on agreement of the parties.  The same was true for depositions of the third party Motorola.  At Motorola's request, the parties conducted a meet and confer -- Motorola, GE Licensing and Agere -- and the parties agreed to honor Motorola's request to reschedule the deposition dates to mid-June.  This was a great inconvenience to Agere, but was done based on Motorola's timely request and GE Licensing's agreement.  With respect to Dr. Yu's deposition, no such timely request was made and no agreements were reached.

6

15.     In sum, GE continues to disregard discovery deadlines set in the Rule 16 Scheduling

Order.  GE should not be rewarded for this lack of diligence.  Such fact discovery should have

been completed prior to the claim construction hearing and well prior to expert reports, which are

due on august 4, 2008.  Furthermore, GE has had ample opportunity to seek the deposition of Dr.

Yu, and pursuant to Fed. R. Civ. P. 26(b)(2)(C), the Court should issue a protective order

preventing the deposition of Dr. Yu.

7

## V.    CONCLUSION

For the aforementioned reasons, Agere and Dr. Yu respectfully request that the Court

issue an order under to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 26(b)(2)(C) to prevent the

deposition of Dr. Yu.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Jeffrey T. Castellano
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
302-571-6600
jcastellano@ycst.com
*Attorneys for Defendant Agere Systems, Inc. and non-
party Jinguo Yu*

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Ryan D. Phillips
TOWNSEND AND TOWNSEND
AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
Telephone:  303-571-4000
Facsimile:  303-571-4321
Email: desipiora@townsend.com
ilsaffer@townsend.com
rdphillips@townsend.com

Dated: June 25, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on July 1, 2008, I caused a true and correct copy of the foregoing document to be served on the following in the manner indicated:

### BY HAND DELIVERY and E-MAIL

Richard L. Horwitz, Esquire
Philip A. Rovner, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

### BY E-MAIL

Joel M. Freed, Esquire
Brian E. Ferguson, Esquire
Mark A. Davis, Esquire
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
madavis@mwe.com

Edwin H. Wheeler, Esquire
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
mwheeler@mwe.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Jeffrey T. Castellano
John W. Shaw (No. 3362)
jshaw@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Agere Systems Inc.*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a
GE LICENSING.,

                Plaintiff,

vs.

AGERE SYSTEMS INC.,

                Defendant.

C.A. No. 07-170

**JURY TRIAL DEMANDED**

**DECLARATION OF RYAN PHILLIPS IN SUPPORT OF DEFENDANT AGERE
SYSTEMS INC.'S AND NON-PARTY JINGUO YU'S MOTION FOR A PROTECTIVE
ORDER**

Pursuant to 28 U.S.C. § 1746, I, RYAN PHILLIPS, declare as follows:

1.      I am counsel for Agere Systems Inc. ("Agere") in the above-captioned matter.

2.      I participated on behalf of Agere in a conference call with counsel representing

CIF Licensing, LLC, d/b/a GE Licensing ("GE") on May 19, 2008 to discuss

discovery disputes in the above-captioned matter.

3.      During this conference call, I was asked by counsel for GE whether Dr.

Jay Yu was an employee of Agere.

4.      This Declaration is submitted in support of Defendant Agere System Inc.'s and

Non-party Jinguo Yu's Motion for a Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 25, 2008

Ryan D. Phillips

# Exhibit B
# REDACTED

# Exhibit C

**Phillips, Ryan D**

| | |
|---|---|
| **From:** | Greenfeld, Robert [RGreenfeld@mwe.com] |
| **Sent:** | Thursday, May 29, 2008 11:50 AM |
| **To:** | Phillips, Ryan D |
| **Cc:** | GEvAgere; GE; Harshad Vaidya; Philip A. Rovner (provner@potteranderson.com) |
| **Subject:** | Jay Yu Deposition |

Ryan:

We have been contacted by the Assistant General Counsel of Conexant, Harshad Vaidya (cc'd on this e-mail), regarding Jay Yu's deposition.  Jay Yu cannot make a deposition tomorrow (as noticed) and we are trying to find alternate dates in early June for his deposition.

*--Bobby*

**Robert Greenfeld**
**McDermott Will & Emery LLP** | 340 Madison Avenue, New York, NY 10173
212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com

*************************************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

6/25/2008

# Exhibit D

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

Ryan D. Phillips
rdphillips@townsend.com

June 3, 2008

*VIA E-MAIL AND U.S. MAIL*

Robert Greenfeld
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,*
       Civ. Action No. 07-170 (JJF) (D. Del.)

Dear Bobby:

This letter responds to your e-mail of Friday, May 30, 2008, concerning the deposition of Mr. Yu and the related Notice of Subpoena for Deposition.  We note that the subpoena does not indicate that it was served on Mr. Yu.  Beyond your statement that the subpoena was served "last Friday or over the weekend," do you have proof of service?  More importantly, however, the deposition of Mr. Yu was not timely noticed under the Local Rules.  Your belated attempt to file a deposition notice attempting to take a deposition outside of the discovery period does not remedy your oversight and your apologies do not make the notice timely.  At this point, Agere will oppose any attempt by CIF Licensing to depose Mr. Yu.

On a separate matter, please be advised that Agere will not be responding to CIF Licensing's fourth set of interrogatories and first set of requests for admissions.  These requests were untimely under the scheduling order and are not entitled to any responses.

Please let me know if you have any questions.

Very truly yours,

Ryan D. Phillips

RDP/mjd

61387401 v1

# Exhibit E

Townsend
*and*
Townsend
*and*
Crew
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

June 18, 2008

***VIA U.S. MAIL AND EMAIL***

Robert Greenfeld
McDermott Will & Emery LLP
340 Madison Ave..
New York, NY 10173

Amanda E. Koenig
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096

RE:  ***CIF Licensing, LLC d/b/a GE Licensing v. Agere Systems, Inc.***
Subpoena of Mr. Jinguo Yu

Dear Mr. Greenfeld and Ms. Koenig:

I write in response to Ms. Koenig's letter of June 4, 2008, and Mr. Greenfeld's email of June 17, 2008, regarding GE's subpoena of Mr. Jinguo Yu.  GE's first notice to Agere of the deposition of Mr. Yu, which comported with F.R.C.P. 30(b)(1), was the Notice of Subpoena filed with the Court on May 30, 2008 -- the same day GE scheduled the deposition of Mr. Yu.

GE did not notify Agere of the subpoena of Mr. Yu and did not include Agere on any correspondence regarding the scheduling of the deposition of Mr. Yu.  In fact, the first Agere heard of the subpoena or the scheduled deposition was on May 29 when Mr. Greenfeld sent an email to Agere's counsel stating that the deposition scheduled for the next day would not go forward due to Mr. Yu's unavailability.  Scheduling a deposition of a former Agere employee, or any witness for that matter, without adequate notice to Agere, is a violation of the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware.

Furthermore, the copy of the subpoena filed with the Court does not provide appropriate proof of service.  The subpoena does not show who accepted the service, the manner of service, the date and place of service, and is not executed by the server.  In fact, the only information in the proof of service section is the word "SERVED" typed in this section of the subpoena.  Your letter of June 4 started that "you will see from the attached proof of service that Mr. Yu was served his subpoena on Friday, May 23, 2008," however, no such proof of service was attached

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Robert Greenfeld and Amanda Koenig
June 18, 2008
Page 2

to your letter or the email transmitting the letter, and no such proof is in the Notice filed with the Court.

As you know, we are now representing Mr. Yu with respect to your subpoena. As stated in our letter of June 3, 2008, GE failed to timely serve notice of Mr. Yu's deposition to Agere under F.R.C.P. 30(b)(1) and the Local Rules for the District of Delaware. Accordingly, because the notice for your subpoena to Agere was untimely, and discovery in this case ended June 2, 2008, Mr. Yu will not be responding to your subpoena and will not be providing dates for his deposition.

Please let me know if you have any questions or have legal support that contradicts our understanding of applicable rules.

Sincerely,

Ryan D. Phillips

cc: Dennis R. Gallagher (via email)

RDP/ppq

61403416v1

# Exhibit F

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Robert Greenfeld
rgreenfeld@mwe.com
212.547.5454

June 19, 2008

**VIA E-MAIL**

Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202

Re:     *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.*, C.A. No. 07-170

Dear Ryan:

I write in response to your disappointing letter of June 18, 2008, in which you state, for the first time, that Mr. Yu refuses to appear pursuant to a properly-served subpoena for his deposition. You are improperly conflating Agere's and Mr. Yu's objections, and have not filed any papers seeking to quash his deposition. Before we apply to the Court or file an Order to Show Cause as to why Mr. Yu should not be held in contempt for failing to answer a subpoena, I provide the following discussion to give him one last opportunity to appear. I should not even have to write this letter, since the issues are so clear cut, and it would be a shame for the Judge to have to see that it has come to this. Here are the facts up to now.

On May 19, 2008, we notified Agere of GE Licensing's intent to issue a subpoena for Jay Yu, Agere's ex-employee, and asked whether Agere would represent Mr. Yu. Having heard nothing from Agere, and with the scheduled end of discovery quickly approaching, on May 21, 2008, GE Licensing issued out of the Southern District of New York a subpoena for Mr. Yu's deposition on May 30, 2008 in New York. The subpoena was served on Mr. Yu on May 23, 2008.

On May 29, 2008, the attorney from Mr. Yu's current employer, Conexant Systems, Inc., called GE Licensing's local counsel, Philip Rovner (who signed the subpoena), and confirmed to Mr. Rovner that Mr. Yu had received the subpoena, but that he would be unavailable for his deposition the following day. I then called the Conexant lawyer (Harshad Vaidya) to ask him for alternate dates for Mr. Yu's deposition, and an hour or so later sent you an e-mail message (copying Townsend's team, McDermott's team, Mr. Vaidya, and Mr. Rovner) relaying that information and letting you know that we would tell you of Mr. Yu's availability when we were given that information from Mr. Yu's attorney.

On May 30, 2008, you sent me a letter, informing me that Agere had not been served notice of Mr. Yu's deposition, nor that such a notice had been filed with the Court. A few hours after

Ryan Phillips, Esq.
June 19, 2008
Page 2

receiving your letter, GE Licensing's local counsel filed such notice and served it on Agere's local counsel. Within a few hours after that, I replied via e-mail to your letter acknowledging that due to an oversight and the intervening three-day Memorial Day weekend, we did not previously serve on Agere notice of service of the subpoena, and apologized for such oversight.

On June 3, 2008, you responded to my May 30th e-mail message, seeking proof of service and stating that Agere would oppose Mr. Yu's deposition, but did not file a motion to quash Mr. Yu's subpoena. At that time, Agere was not representing Mr. Yu, and neither Mr. Yu nor his company's attorney had any doubt that he was served on May 23, 2008. Nevertheless, on June 4, 2008, we responded to your June 3rd letter and told you that he was served on that date.[1] We also told you that we did not believe that Agere had by that time any grounds to oppose Mr. Yu's deposition, since Mr. Yu was unavailable for the noticed date of the deposition, and Agere would have adequate notice (at least as much as GE Licensing) of any future date of deposition.

As mentioned above, we told you we would let you know when Mr. Yu (through his company's attorney) provided us dates for his deposition. On June 9, 2008, after having received no response to my May 29th inquiry to Mr. Vaidya regarding Mr. Yu's availability, I e-mailed Mr. Vaidya to seek dates for Mr. Yu's deposition, and later called to follow up on the unanswered e-mail.[2] Mr. Vaidya did not provide any dates, but referred me to another Conexant attorney, Dennis Gallagher, in Conexant's Newport Beach, CA, office. I called Mr. Gallagher, again asking for Mr. Yu's availability, and Mr. Gallagher told me he would get back to me. On June 16th, after having received no response to my earlier inquiry to Mr. Gallagher, I called him and was told that Agere's counsel is now also representing Mr. Yu and to contact you for Mr. Yu's availability. On the next day, June 17th, I sent you an e-mail message seeking Mr. Yu's availability for a deposition pursuant to the subpoena.

I now respond to your June 18th letter refusing to provide any dates for Mr. Yu's deposition, and refusing to produce Mr. Yu for his deposition.

First of all, by refusing to produce Mr. Yu, you are improperly grouping Agere's objections with Mr. Yu's. Mr. Yu is a third party and, until we were notified three days ago that he was being represented by Agere's counsel, was represented by his employer's attorneys. But the representation by Agere's counsel does not make Mr. Yu a party, so any objections by Agere to the notice of Mr. Yu's deposition do not get grafted onto Mr. Yu. Separating out the objections in your letter, pertaining to Mr. Yu, he was properly served, has not objected to service of the subpoena, has not filed a motion to quash the subpoena, and does not have any legal basis for

---

[1] Apparently, although we referenced in the June 4th letter that we were attaching a courtesy copy of the proof of service, we did not attach it to that letter, but, for some reason, you failed to apprise us of that fact until yesterday, two weeks later. As a courtesy, we are attaching the proof of service to this letter.

[2] In your June 18th letter, you state that we "did not include Agere on any correspondence regarding the scheduling of the deposition of Mr. Yu." Since Agere's counsel was not representing Mr. Yu, we were not required to copy Agere's counsel on the sparse correspondence with Conexant's counsel regarding scheduling, but I have attached the correspondence with Mr. Vaidya here as a courtesy.

Ryan Phillips, Esq.
June 19, 2008
Page 3

objecting to his deposition. To the contrary, we have tried to be accommodating to Mr. Yu's schedule, and have agreed to take his deposition near his place of employment in Red Bank, NJ, yet have been given the run-around by his employer's attorneys in our attempts to find a single day to take his deposition within the first three weeks (now four weeks) in June.

As for Agere, we believe that Agere has adequate notice of Mr. Yu's yet-to-be scheduled deposition, and, in light of Mr. Yu's unavailability for the May 30th deposition, was not prejudiced by GE Licensing's oversight in not filing the Notice of Service earlier than it did. In fact, since Agere's counsel is now representing Mr. Yu, Agere has the "inside track" on when Mr. Yu can be made available.

In your June 18th letter, you refer to violations of Federal Rules of Civil Procedure and unspecified Delaware Local Rules. We do not agree that any violations occurred. FRCP 30(b)(1) requires "reasonable written notice to every other party" of a deposition. Delaware Local Rule 30.1 states that "reasonable notice" in FRCP 30(b)(1) "shall not be less than 7 days." GE Licensing notified Agere of Mr. Yu's deposition on May 30th, which was nearly three weeks ago, which is certainly more than "7 days." There is also no requirement to file proof of service. FRCP 45(b)(4) states that filing proof of service may be necessary to prove service, but Mr. Yu has readily conceded that he was served. Delaware Local Rule 5.4(b)(1) states that such filing of proof of service under FRCP 45(b)(4) (former Rule 45(b)(3)) satisfies the requirement of filing a "Notice of Service," but, as indicated above, and as you admitted, GE Licensing filed Notice of Service on May 30, 2008. If there are any other Federal Rules or Delaware Local Rules that you believe GE Licensing violated, please bring them to our attention immediately.

Although you reference in your June 18th letter the end of discovery as June 2, 2008, you well know that several depositions have taken place during the three calendar weeks since that date, all of which were noticed prior to June 2nd, but those witnesses were not available prior to that date. Since Mr. Yu's deposition was also noticed prior to June 2nd, and he was not available for deposition prior to that date, we do not believe that Agere can object on that basis.

We cannot stop you from filing a motion regarding Mr. Yu's deposition, but simply refusing to produce a third-party witness to a properly-served subpoena is an act of contempt.[3] As the available dates for Mr. Yu's deposition are quickly disappearing, we intend to file after the weekend an Order to Show Cause or otherwise contact the Court to enforce the subpoena. Before doing so, however, we request a meet and confer to discuss the parties' positions, or you can avoid such an application to the Court by immediately providing us dates for Mr. Yu's deposition. We are available today or tomorrow at your convenience for such a conference.

---

[3] In your June 18th letter, you asked for "legal support that contradicts [Agere's] understanding of applicable rules." FRCP 45(e) states that a person may be held in contempt if that person, "having been served, fails without adequate excuse to obey the subpoena." As stated above, Mr. Yu was properly served and has no adequate excuse to fail to obey the subpoena and appear for his deposition. Agere's purported lack of formal notice four weeks ago does not excuse Mr. Yu from obeying the subpoena, nor does Agere's recent taking over of Mr. Yu's representation.

Ryan Phillips, Esq.
June 19, 2008
Page 4


Sincerely,

*Robert Greenfeld*

Robert Greenfeld

cc:    Counsel of Record for Agere (via e-mail: gevagere@townsend.com)
       Philip A. Rovner, Esq. (provner@potteranderson.com)

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Southern District of New York

CIF LICENSING, LLC, d/b/a GE LICENSING, Plaintiff

v.

AGERE SYSTEMS, INC., Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C.A. No. 07-170 (JJF)

TO:  Jinguo Yu
     8 Kentview Ct.
     Flemington, NJ 08822-4039

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  McDermott Will & Emery LLP | DATE AND TIME    05/30/2008 9:00 am, |
|---|---|
| 340 Madison Ave.<br>New York, NY 10173 | or at some other such date, time, and place as<br>mutually agreed upon by counsel for the parties. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>(Attorney for Plaintiff, GE Licensing) | DATE<br><br>5/21/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

 Philip A. Rovner, Esq., Potter Anderson & Corroon LLP, Hercules Plaza, P.O. Box 951, Wilmington, DE  19899
 (302) 984-6000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

CIF LICENSING, L.L.C., D/B/A GE LICENSING

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

           Plaintiff

DOCKET NO.: C.A. NO. 07-170 (JJF)

VS.

AGERE SYSTEMS, INC.

           Defendant

**Person to be served** (Name & Address):
JINGUO YU
8 KENTVIEW COURT
Flemington, NJ 08822
**Attorney:**
PHILLIP A. ROVNER, ESQ.
POTTER ANDERSON & CORROON, L.L.P.
HERCULES PLAZA, P.O. BOX 951
WILMINGTON, DE 19899

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant

$ _____

**Papers Served:**
SUBPOENA IN A CIVIL CASE AND WITNESS FEE CHECK IN THE AMOUNT OF $50.00

**Service Data:**
Served Successfully XXXX    Not Served _____

Date: 05/23/2008    Time: 07:55 PM

XXXX  Delivered a copy to him / her personally

Name of Person Served and relationship / title:
JINGUO YU, Individually

_____  Left a copy at his/her dwelling place or usual place of abode by delivering same to a competent household member over 14 years of age residing therein
(indicate name & relationship at right)

Actual place of service:
8 KENTVIEW COURT
Flemington, NJ 08822

_____  Left a copy with a person authorized to accept service, e.g., managing agent, registered agent, etc.
(indicate name & official title at right)

**Description of Person Accepting Service:**

Sex: Male  Age: 40'S  Height: 5'7''  Weight: 160  Skin Color: White  Hair Color: Black

**Unserved:**

_____ Defendant is unknown at the address furnished by the attorney
_____ All reasonable inquiries suggest defendant moved to an undetermined address
_____ No such street in municipality
_____ No response on: _____ Date _____ Time _____ Date _____ Time
_____ Date _____ Time

_____ Other:_____ Comments or Remarks_____

**Server Data:**

Subscribed and Sworn to me this
27 day of May, 2008

I, Ted Cordasco, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty that the foregoing is true and correct.

_____
Name of Notary / commission expiration

_____ Date
Ted Cordasco
PARCELS, INC. - (Our File#: 881)
230 NORTH MARKET STREET, WILMINGTON, DE 19899
302/ 658-9911

**CARMEN I. MOLINA**
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 2/13/2009

## Greenfeld, Robert

**From:**    Greenfeld, Robert
**Sent:**    Monday, June 09, 2008 2:51 PM
**To:**    Harshad Vaidya
**Subject:** RE: Jinguo Yu

Harshad:

Do you have any dates for Jay Yu's deposition? Given the late date, this week is probably not possible, since another deposition is scheduled for Friday, but it must be done by the end of next week.


--*Bobby*

---

**Robert Greenfeld**
**McDermott Will & Emery LLP** | 340 Madison Avenue, New York, NY 10173
212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com


> **From:** Harshad Vaidya [mailto:Harshad.Vaidya@conexant.com]
> **Sent:** Thursday, May 29, 2008 1:28 PM
> **To:** Greenfeld, Robert
> **Subject:** RE: Jinguo Yu
>
> I will check on those dates as well.
>
> Regards,
> Harshad

> **From:** Greenfeld, Robert [mailto:RGreenfeld@mwe.com]
> **Sent:** Thursday, May 29, 2008 1:22 PM
> **To:** Harshad Vaidya
> **Subject:** RE: Jinguo Yu
>
> Also, please look at Jay's availability for the second week of June. I think 2 or 3 days that week might be OK for us.
>
> Generally, the scope of the deposition is Jay's knowledge as part of the Software Management team while employed by Agere, but it will also go into his work with modems at Agere and its predecessors (and if he worked with modems before working for Agere/AT&T).


--*Bobby*

---

**Robert Greenfeld**
**McDermott Will & Emery LLP** | 340 Madison Avenue, New York, NY 10173
212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com


6/19/2008

**From:** Harshad Vaidya [mailto:Harshad.Vaidya@conexant.com]
**Sent:** Thursday, May 29, 2008 12:54 PM
**To:** Greenfeld, Robert
**Subject:** Jinguo Yu

Robert,

Thank you for returning my call.  I will check to see what Jay's availability is the first week  and third week of June.

This e-mail will also confirm that the scope of the Deposition is as to Jay's knowledge as part of the Software Management team while employed by Agere.

Regards,
Harshad

Harshad R. Vaidya
Assistant General Counsel
*Conexant Systems, Inc.*
100 Schulz Drive
Red Bank,  NJ  07701
(732) 345-7545 direct dial
(866) 702-1089 direct fax
(732) 766-4469 mobile
harshad.vaidya@conexant.com


Conexant E-mail Firewall (Conexant.Com) made the following annotations
-------------------------------------------------------------------
********************* Legal Disclaimer ****************************

"This email may contain confidential and privileged material for the sole use of the intended recipient. Any unauthorized review, use or distribution by others is strictly prohibited. If you have received the message in error, please advise the sender by reply email and delete the message. Thank you."

*****************************************************************
-------------------------------------------------------------------

# Exhibit G

MRI Project Team: Mdm-Soft

Project Team: 'Mdm-Soft'

| **Team Leader:** Vernekar, Ashok ☐ | | | |
|---|---|---|---|
| **Project Description:** soft modem project | | | |
| Team Member ↓ | Phone | Email | Role |
| Bertocci, Guido ☐ | | bertocci@agere.com | |
| Chou, Joe ☐ | 9495709 | sjchou@agere.com | |
| Cohen, Herb ☐ | 610-712-4111 | hbcohen@agere.com | |
| Cuallo, Jesus ☐ | | jcuallo@agere.com | |
| Goveas, Trevor ☐ | | tgoveas@agere.com | SW Dev |
| Grande, Brad ☐ | | bgrande@agere.com | HW Board Dev Manager |
| Ho, Paulus Ho ☐ | | paulusho@agere.com | |
| Hoke, Sam ☐ | 610.712.3642 | shoke@agere.com | Applications Manager |
| Kiss, Peter ☐ | (610) 712-6603 | kpeter@agere.com | |
| Ma, Ting ☐ | | tingma@agere.com | SW Dev |
| Parthasarathy, Raman ☐ | | rparthasarathy@agere.com | SW Dev |
| Pasznik, Michael ☐ | null | pasznik@agere.com | |
| Pinault, Steven ☐ | | pinault@agere.com | |
| Ransijn, Hans ☐ | 610 939 3678 | homer@agere.com | |
| Russo, Chris ☐ | | cjrusso@agere.com | |
| Sarkar, Soumyendu ☐ | | sarkar1@agere.com | SW Dev |
| Schulz, Ed ☐ | 610-712-2068 | edschulz@agere.com | |
| Sharma, Sanjay (Mktg) ☐ | | sksharma@agere.com | |
| Srinivasan, Kannan ☐ | | kannans@agere.com | |
| Tarumi, Shuzo ☐ | | tarumi@agere.com | |
| Trevino, Ricardo ☐ | | rictrevino@agere.com | |
| Vernekar, Ashok ☐ | 22945 | vernekar@agere.com | SW Dev |
| Wang, Jerry ☐ | | zhenyuwang@agere.com | |
| Xin, Jianqiang ☐ | | jxin@agere.com | |
| Yoder, Jim ☐ | 610 939 3672 | jdyoder@agere.com | |
| Yu, Jay ☐ | | jinguoyu@agere.com | |

[Show Photos]    **Choose Project:** Mdm-Soft

Agere/GE 003132

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a        )
GE LICENSING,                  )
                              )
       Plaintiff,          )
                              )    C.A. No. 07-170-JJF
     v.                 )
                              )
AGERE SYSTEMS INC.,         )
                              )
       Defendant.      )

## **ORDER**

At Wilmington this ___ day of _____, 2008, having considered the

submissions and arguments of the parties, Defendant Agere Systems Inc.'s and Non-Party Jinguo

Yu's Motion for Protective Order is hereby GRANTED.

 

                                              _____

                                              United States District Judge