# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a )
GE LICENSING )
                        )
            Plaintiff, )
                        )
        v. )
                        )
AGERE SYSTEMS INC., )
                        )
            Defendant. )

C.A. No. 07-170 (JJF)

**PUBLIC VERSION**

## PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S RESPONSE TO AGERE SYSTEMS INC.'S AND NON-PARTY JINGUO YU'S MOTION FOR PROTECTIVE ORDER

OF COUNSEL:

Joel M. Freed
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: June 30, 2008
Public Version: July 8, 2008

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   NATURE AND STAGE OF PROCEEDINGS ................................................. 2

III.  SUMMARY OF ARGUMENT ......................................................................... 2

IV.   STATEMENT OF FACTS ................................................................................ 3

      A.    Agere's Game-Playing In Producing Witnesses For Deposition ........................ 3

      B.    GE Licensing's Diligence In Noticing Witnesses For Deposition ........................ 4

V.    ARGUMENT ...................................................................................................... 7

      A.    Mr. Yu's Testimony Is Relevant And Necessary ................................................. 7

      B.    It Was Agere's Late Witness And Document Production That Caused This
            Last-Minute Urgency .......................................................................................... 8

      C.    Agere Has Adequate Notice of Mr. Yu's Deposition And Is Not
            Prejudiced ........................................................................................................ 11

VI.   CONCLUSION ................................................................................................. 13

**TABLE OF AUTHORITIES**

Page

**Cases**

*Corning Inc. v. SRU Biosystems,*
No. 03-633-JJF, 2005 U.S. Dist. LEXIS 22699 (D. Del. Oct. 5, 2005) .................................... 7

*East Texas Tech. Partners, L.P. v. Toshiba Am., Inc.,*
No. 2-03-cv-465-TJW (E.D. Tex.) ........................................................................................ 10

*Novartis Pharms. Corp. v. Eon Labs Mfg.,*
206 F.R.D. 392 (D. Del. 2002) ............................................................................................. 7

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,*
No. 04-1371-JJF, 2006 U.S. Dist. LEXIS 60089 (D. Del. Aug. 24, 2006) ............................... 9

*RLI Ins. Co. v. Conseco, Inc.,*
477 F. Supp. 2d 741 (E.D. Va. 2007) .................................................................................... 13

*Townshend Intellectual Property, L.L.C. v. Agere Systems Inc.,*
No. 02-cv-4833-JF (N.D. Cal.) .............................................................................................. 10

**Rules**

D. Del. LR 30.1 ................................................................................................................... 12

Fed. R. Civ. P. 26(b)(1) .................................................................................................... 7, 9

Fed. R. Civ. P. 30(a)(2)(A)(ii) ............................................................................................ 10

Fed. R. Civ. P. 30(b)(1) ..................................................................................................... 12

Fed. R. Civ. P. 30(b)(6) ........................................................................................... 2, 3, 4, 8

Fed. R. Civ. P. 45(c) ............................................................................................................ 7

Plaintiff CIF Licensing LLC, d/b/a GE Licensing ("GE Licensing") submits this response to Defendant Agere Systems Inc.'s ("Agere's") and non-party Jinguo Yu's Motion for Protective Order.

## I.    INTRODUCTION

GE Licensing is dismayed that it has been forced to spend money and time over a non-issue, especially when the deponent himself has not submitted any objections to the deposition or subpoena. GE Licensing hopes the Court will quickly permit this final fact deposition to go forward so that the parties can complete expert reports. The testimony from this deposition is relevant to GE Licensing's infringement case-in-chief and response to Agere's defenses, and will contribute to GE Licensing's expert reports. Agere's resistance can only be attributed to its desire to prevent relevant facts from being discovered.

The issue here is whether Agere can prevent a deposition of which it has adequate notice from taking place because there was a minor oversight in serving the formal notice of deposition that was made moot by the witness's unavailability for his originally-scheduled deposition. Since Agere now has adequate notice, has not alleged that it would have done one thing differently had the notice been served earlier, and has not shown that it is the slightest bit prejudiced, the Court should order the deposition of Mr. Jinguo (Jay) Yu to take place as soon as possible within the next two weeks.

Moreover, by stalling on the issue of whether Mr. Yu would appear, Agere is now taking advantage of this Court's hearing schedule to avoid resolution of the issue until September. GE Licensing respectfully requests that the Court decide this issue on the briefs so that this matter may be resolved well in advance of the submission of expert reports on August 4th.

## II.     NATURE AND STAGE OF PROCEEDINGS

Discovery in this case was scheduled to end June 1, 2008, but it has not in fact ended. Since that date, GE Licensing has taken a technical deposition, Agere has taken two depositions of third-party Motorola, Agere has produced several thousand pages of documents, including software revision histories, and Agere has yet to produce earlier versions of its allegedly infringing source code. (*See* Exhibit 1, June 11, 2008 letter.)[1]  And there is still one more fact deposition left to be taken, that of Mr. Yu, who can answer questions, among others, about the software revision histories that Agere produced just two weeks ago.  Had Agere not blocked this deposition, in all likelihood it would have already been taken.

## III.     SUMMARY OF ARGUMENT

Agere is making much ado about nothing, and wasting lots of money and time in the process.  Agere admits that the deponent is available for a deposition and ready to have it taken. (Agere Br. at 3 n.1.)  The deponent was properly served with a subpoena.  The subpoena was timely served.  The deponent has not submitted any objections to his deposition.  The only one making any noise about not having this deposition is Agere.

Over what?  An honest oversight that has not affected Agere's defense of this case one iota.  This issue should have been resolved weeks ago, and Mr. Yu's deposition taken.  But Agere decided it wanted to be obstinate.

While GE Licensing admits it made an honest mistake, there would not be any issue had Agere provided its technical Rule 30(b)(6) and individual fact witnesses when requested to testify in April, instead of purposely delaying all of its witnesses until the last weeks of the discovery period.

---

[1] In addition, during the last two weeks of May, Agere produced nearly thirty (30) boxes (estimated to be at least 75,000 pages) of documents from other litigations involving Agere and modems that had been requested in August 2007.

In sum, the deposition of Mr. Yu is relevant, its timing was caused by Agere's discovery behavior, and Agere has not been prejudiced. The deposition should proceed as quickly as possible.

## IV.    STATEMENT OF FACTS

Agere's brief provides just the bare facts of what happened since May 19, 2008, in this case, but leaves out crucial facts related to Agere's dilatory behavior in producing fact witnesses without which this whole situation would have been avoided.

### A.    Agere's Game-Playing In Producing Witnesses For Deposition

On March 12, 2008, GE Licensing issued a Rule 30(b)(6) notice to Agere seeking, among other things, a witness knowledgeable about the allegedly infringing software used in Agere's products, and noticed the deposition for April 4, 2008. (*See* Exhibit 2, Rule 30(b)(6) notice, topic 5.) On April 7th, three days after the date GE Licensing had scheduled for the Rule 30(b)(6) deposition, Agere notified GE Licensing that it would produce a witness on the "technical" issues in the 30(b)(6) notice on a single date only, April 18, 2008, a date on which GE Licensing's counsel was unavailable. (GE Licensing's counsel was available nearly every business day in April other than April 18th.) Agere then stated that its technical witness was not available next until the single date of May 9, 2008 (*see* Exhibit 3, April 11, 2008 e-mail ("our client is very busy")), a date which GE Licensing accepted begrudgingly (because it was very late in discovery), and GE Licensing anticipated that the Rule 30(b)(6) technical witness would not have all the designated information. Without explanation, the May 9th date mysteriously morphed into a May 8th date (which was also accepted by GE Licensing). However, when asked on May 8th about his availability for deposition during the previous month, the Rule 30(b)(6) technical witness stated that he had been available most days during the previous month,

-3-

especially for something as "important" as a deposition. (*See* Exhibit 4, Flanagan Dep. 84:13-21, May 8, 2008.)

In early April, when it appeared that Agere was not going to provide a technical 30(b)(6) witness in a timely fashion, GE Licensing noticed the depositions of several Agere employees whom Agere named in interrogatories (*see* Exhibit 5, Agere's Second Supp. Responses to Interrogatories (No. 4), Feb. 8, 2008) as being knowledgeable about how the infringing products operated and others who appeared from documents to have relevant information, and sought to take those depositions before the end of April. When GE Licensing was finally able to depose the technical 30(b)(6) witness on May 8th, he was unfamiliar with the infringing software and was unable to answer questions regarding its operation.[2] The Agere individual fact witnesses were finally made available in the last two weeks of scheduled discovery and identified Mr. Yu, an ex-employee of Agere, and Jianqiang (John) Xin, a current Agere employee, as being knowledgeable about the operation of some of the infringing software found in Agere's products.

**B.    GE Licensing's Diligence In Noticing Witnesses For Deposition**

Once Messrs. Yu and Xin were identified by these individual fact witnesses in mid-May, GE Licensing promptly sought their depositions. On May 19, 2008, during a meet-and-confer, GE Licensing notified Agere of GE Licensing's intent to issue a subpoena for a deposition of Mr. Yu and asked whether Townsend and Townsend and Crew ("Townsend") would represent Mr. Yu and accept service. Having heard nothing from Townsend regarding Mr. Yu's representation, and with the June 1st scheduled end of discovery quickly approaching, on May

---

[2]  This was exactly the scenario that GE Licensing tried to avoid by petitioning the Court on April 15 for emergency relief. (*See* Exhibit 6, April 15, 2008 e-mail to Court, ¶ 4.) Moreover, because of the 30(b)(6) witness's total ignorance of the operation of the infringing software, GE Licensing has filed a motion to compel the deposition of a knowledgeable witness on this issue. As another way of getting at similar information, Agere was asked in a set of interrogatories how certain of its software operated, but Agere has refused to answer those interrogatories. GE Licensing's pending motion to compel also seeks answers to these interrogatories. (D.I. 135.)

21, 2008, GE Licensing issued out of the Southern District of New York the referenced subpoena for Mr. Yu's deposition on May 30, 2008, and sent to Townsend a Notice of Deposition for Mr. Xin for May 30, 2008. The subpoena was served on Mr. Yu on the evening of Friday, May 23, 2008. (The subpoena and proof of service can be found as "Exhibit 1" within Exhibit 14.)

On May 28, 2008, Agere notified GE Licensing that Mr. Xin was not available for his May 30th deposition, and that Agere would search for alternate dates in early June. (Exhibit 7, May 28, 2008 e-mail.) On June 5, 2008, Agere proposed June 13th for Mr. Xin's deposition, which was accepted (Exhibit 8, June 5, 2008 e-mail), and Mr. Xin was deposed on that day.

On May 29, 2008, the attorney from Mr. Yu's current employer, Conexant Systems, Inc., confirmed over the phone to GE Licensing that Mr. Yu had received the subpoena days earlier, but that he would be unavailable for his deposition the following day. GE Licensing sought alternate dates from Conexant's lawyer, but Conexant's lawyer had to ask Mr. Yu. (Exhibit 9, May 29, 2008 e-mail.) Conexant's lawyer asked whether the deposition could be held in Red Bank, New Jersey, near Mr. Yu's workplace, to which GE Licensing agreed. GE Licensing then notified Agere via e-mail that Mr. Yu was unavailable for his deposition, but that Conexant's lawyer was looking for alternate dates (Exhibit 10, May 29, 2008 e-mail), and believed the rescheduling of Mr. Yu's deposition would follow in the same manner as that of Mr. Xin.

However, on May 30, 2008, Agere notified GE Licensing that Agere had not been served notice of Mr. Yu's deposition, nor that such a notice had been filed with the Court. A few hours after receiving this letter, GE Licensing's local counsel filed the notice and hand-served it on Agere's local Delaware counsel, and Agere received the notice via the Electronic Case Filing system. Within a few hours after that, GE Licensing acknowledged to Agere that due to an oversight and the intervening three-day Memorial Day weekend, GE Licensing did not

previously serve on Agere notice of service of the subpoena, and apologized for such oversight. (Exhibit 11, May 30, 2008 e-mail.)

For the next two weeks, GE Licensing tried to secure dates for Mr. Yu's deposition from two of Conexant's lawyers, but they failed to provide any. (Exhibit 12, June 9, 2008 e-mail.) Finally, on June 16th, Conexant's lawyer told GE Licensing that Agere's counsel, Townsend, is now also representing Mr. Yu and to contact Townsend for Mr. Yu's availability. During this time, Mr. Yu had not submitted any objections to his subpoena, or service of the subpoena, but still had not provided any alternate dates for his deposition.

On June 17, 2008, GE Licensing contacted Townsend via e-mail seeking Mr. Yu's availability for a deposition pursuant to the subpoena. On June 18th, Townsend responded that *Agere* objected to Mr. Yu's deposition because of purported lack of notice, but did not submit any objections on Mr. Yu's part. However, Townsend tersely stated that "Mr. Yu will not be responding to [GE Licensing's] subpoena and will not be providing dates for his deposition." (Exhibit 13, June 18, 2008 letter, at 2.)[3] The parties held a meet and confer via telephone on June 23, 2008, but did not reach a resolution, even though the easiest, cheapest, and quickest resolution would be for Mr. Yu to sit for his deposition near his workplace in Red Bank, New Jersey. GE Licensing said it was therefore compelled to enforce the subpoena in the Southern District of New York (from where the subpoena issued).[4] On June 26, 2008, GE Licensing sent

---

[3] Townsend must have realized, after GE Licensing's counsel pointed it out during the June 23rd meet-and-confer, that asserting *Agere's* objection as a reason for *Mr. Yu* to resist the deposition was an actual conflict of interest, and could subject Townsend to disqualification. In its Motion for a Protective Order, Townsend has retreated from the absolutist position taken in its June 18th letter to GE Licensing, and now before the Court demurely states that Mr. Yu is "a third party caught in the crossfire between the parties . . . . [and] will provide dates for a deposition on the resolution" of this motion. (Agere Br. at 3 n.1.)

[4] In its brief, Agere states that Mr. Yu is not currently under a subpoena because GE Licensing voluntarily released Mr. Yu from the May 30th date and issued no new subpoena. (Agere Br. at 3.) That statement is incorrect and its logic perverse. GE Licensing has never released Mr. Yu

-6-

a letter to Judge Sidney Stein, the judge currently assigned in the Southern District to the Part I

(Miscellaneous) Docket, seeking to compel the deposition of Mr. Yu. (Exhibit 14, June 26, 2008

letter to Judge Stein.)

## V.    ARGUMENT

### A.    Mr. Yu's Testimony Is Relevant And Necessary

Parties are entitled to discover evidence that "is relevant to any party's claim or defense."

Fed. R. Civ. P. 26(b)(1); *Novartis Pharms. Corp. v. Eon Labs Mfg.*, 206 F.R.D. 392, 394 (D. Del.

2002). In this patent infringement case, testimony related to infringement is relevant, as well as

testimony related to Agere's license and patent exhaustion defenses. *See Corning Inc. v. SRU*

*Biosystems*, No. 03-633-JJF, 2005 U.S. Dist. LEXIS 22699, at *3 (D. Del. Oct. 5, 2005)

(testimony related to infringement is relevant). Mr. Yu's testimony is highly relevant, since it

will likely provide information regarding the operation of the infringing software. Moreover,

Mr. Yu has knowledge of changes made to the infringing software over the years, and the lists of

software changes authored or authorized by Mr. Yu were not produced until June 11th. (*See*

Exhibit 15A, June 11, 2008 letter; *e.g.*, Exhibit 15B, mars3_2.log attachment (one of seventeen

attached files).) Mr. Yu's knowledge is also relevant to negating Agere's license and patent

exhaustion defenses (*see* Exhibit 16, Vernekar Dep. 49:9-51:14, 215:2-6, 230:19-231:16, May

20, 2008). Expert reports are due in this case on August 4, 2008, and the absence of Mr. Yu's

testimony is hindering GE Licensing's ability to complete these reports.

---

from his subpoena, but, in light of his unavailability for May 30th, was merely abiding by its
obligation under Fed. R. Civ. P. 45(c) to take reasonable steps to avoid imposing undue burden
or expense on Mr. Yu. This was also why GE Licensing agreed to take the deposition in Red
Bank, New Jersey, near Mr. Yu's workplace, and did not move earlier to compel Mr. Yu's
deposition until Townsend unequivocally refused on June 18th to produce him for deposition.
Agere's statement also contradicts the behavior of the parties in this case up to this point, which
has been to try to accommodate as much as possible the schedules of both party and non-party
witnesses.

**B.      It Was Agere's Late Witness And Document Production That Caused This Last-Minute Urgency**

Agere tries to blame GE Licensing for the last-minute notice of Jay Yu (*see* Agere Br. at 5-6), but it has been Agere all along which has hindered GE Licensing's search for relevant facts.

GE Licensing issued a Rule 30(b)(6) notice on March 12, 2008, seeking to take the deposition more than three weeks later, April 4, 2008. As Agere admitted to the Court in an e-mail, Agere did not even begin to look for representative witnesses until three days before the scheduled date, April 1, 2008. (Exhibit 17, April 17, 2008 e-mail to the Court, ¶ 2.) Then Agere designated a witness who (1) was not one of the most knowledgeable individuals about the way the Agere products operate (Exhibit 6, April 15, 2008 e-mail to the Court, ¶ 4); (2) Agere admitted was not knowledgeable about the Agere products (*id.*); and (3) was not prepared by Agere to understand how the modems operate or how the software in the Agere products operates (Exhibit 4, Flanagan Dep. 172-73, May 8, 2008). On April 7th, Agere offered only one available date (Friday, April 18th) for this deposition and told GE Licensing to take it or leave it, when Agere knew that this was one day that GE Licensing counsel could not be available (but was available any other time during that week (April 14-17) or the following week). When GE Licensing did not accept the April 18th date, Agere again offered only one available date (Friday, May 9th) for this witness, but then somehow the witness was made available on Thursday, May 8th. However, contrary to Agere's counsel's statements, the witness admitted that he had been readily available during the month of April, since his schedule was "flexible" and fairly open, especially for an event such as a deposition. (*Id.*, Flanagan Dep. 84:13-21.)

GE Licensing asked in early April for the depositions of the three individuals identified by Agere as most knowledgeable about the operation of the Agere products, Ashok Vernekar, Herb Cohen, and Larry Bays (*see* Exhibit 5, Agere's Second Supp. Responses to Interrogatories

-8-

(No. 4), Feb. 8, 2008), and asked that they be scheduled between April 21st and 28th. (*See* Exhibits 18-20, Vernekar, Cohen, and Bays Deposition Notices, April 9, 2008.) At the same time, GE Licensing also asked for the deposition of Ed Schulz, an individual whose documents and e-mails Agere produced in folders having his name. (Certain of Messrs. Vernekar's and Bays's folders were also produced with their names.) Messrs. Schulz, Vernekar, and Cohen all identified Messrs. Yu and Xin as having relevant knowledge of the Agere products. (*See* Exhibit 21, Schulz Dep. 61:9-16, 67:6-69:13, 219:15-220:7, 221:9-222:20, May 19, 2008; Exhibit 16, Vernekar Dep. 23:6-13, 34:9-21, 41:8-45:9, 51:9-52:7, 106:3-6, 215:2-6, 230:19-231:2, 247:3-11, 264:12-20, 286:17-22; Exhibit 22, Cohen Dep. 30:14-31:3, 33:16-34:7, 38:22-39:9, 42:6-11, 49:9-15, 112:5-21, 280:19-287:17, May 22, 2008.)

The purpose of GE Licensing asking for the depositions to be held before the end of April was to be able to follow up with other individuals identified in the depositions who had other information or knowledge. That is a normal discovery strategy. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding . . . the identity and location of persons who know of any discoverable matter."). By pushing off all of the technical fact witness depositions until the last two to three weeks of May, Agere knew that would limit GE Licensing's ability to call any follow-up witnesses within the scheduled deposition period. Nevertheless, as soon as the fact witnesses identified Messrs. Xin and Yu as possessing relevant information about how the Agere products operate, GE Licensing sought to take their depositions.

Agere claims that GE Licensing knew all along that Mr. Yu had relevant information, citing to the project team list for Agere's soft modem project. (Agere Br. at 5 (citing Agere Ex. G).)[5] This argument is disingenuous at best, since it was not until the depositions of the fact

---

[5] Agere's citation to *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371-JJF, 2006 U.S. Dist. LEXIS 60089 (D. Del. Aug. 24, 2006), is grossly misplaced. In that

witnesses and until GE Licensing received documents from Agere in late May and early June

that Mr. Yu's relevance was revealed, because there was nothing else to distinguish Mr. Yu from

any of the other twenty-five (25) people on that list. The information that Agere provided before

late May – identifying specific people as having relevant knowledge – allowed GE Licensing to

depose four of the people on that list initially, and two others afterward based on those initial

depositions. Surely Agere is not suggesting that GE Licensing should have deposed all twenty-

six (26) people on that list without first having some way to distinguish them. In fact, Mr. Yu

was never identified in any of Agere's initial disclosures or interrogatory responses as being

knowledgeable. Mr. Yu was, however, identified in 2004 and 2005 in Agere's initial disclosures

in earlier cases involving Agere's modems, *Townshend Intellectual Property, L.L.C. v. Agere

Systems Inc.*, No. 02-cv-4833-JF (N.D. Cal.), and *East Texas Tech. Partners, L.P. v. Toshiba

Am., Inc.*, No. 2-03-cv-465-TJW (E.D. Tex.), as having knowledge about "Agere modem

products" and "technical facts." (Exhibit 23, Agere First Supp. Initial Disclosures, dated July 1,

2005, at 4; Exhibit 24, Agere Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), dated Sep.

24, 2004, at 4.) But these documents were not produced to GE Licensing until at least May 23,

2008, as part of more than 75,000 pages of late-produced discovery documents that were initially

requested in August 2007, so Mr. Yu's relative importance was not known until the end of the

scheduled discovery period.

---

case, the plaintiff had subpoenaed a non-party individual, and deposed him in January 2006.
Then, in May 2006, the plaintiff subpoenaed the company for which that non-party used to
work, knowing full well that the same individual would be designated as a deponent. The Court
granted the non-party's motion for a protective order. This case thus stands for nothing more
than the long-standing proposition that a witness (party or non-party) cannot be deposed more
than once in a single litigation, absent very good cause. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (party
must obtain leave of court to depose witness more than once). Since Mr. Yu has not been
deposed yet in this litigation, that case is irrelevant.

Agere's citation to its Exhibit G actually confirms GE Licensing's discovery strategy. The implication from Agere's citation of Exhibit G is that Mr. Yu had knowledge of Agere's soft modems, since he was listed as part of the soft modem project team. Although Mr. Yu did have some supervisory responsibility for the soft modems, he was identified by the Agere fact deponents more often as having knowledge about the operation of the *DSP modems*, not the *soft modems*. (*See, e.g.*, Exhibit 21, Schulz Dep. 67:6-69:13 (Jay Yu had responsibility for Mars (DSP modem) code), 219:15-220:7 (same); Exhibit 22, Cohen Dep. 42:6-11 (identifying Jay Yu as being "very active" in controller-less (DSP) modems); Exhibit 25, Hargrove Dep. 193:20-194:4, 206:2-8, May 16, 2008.) The software revision lists, that Agere did not produce until June 11, reinforce that Mr. Yu had much more to do with DSP modem software than soft modem software. (*See, e.g.*, Exhibit 15B (Mr. Yu, referred to as "jay," appears on over 85% of the revisions for the Mars3.2 software).)[6] Thus, the documents that Agere timely produced do not tell the whole story, and much information was gleaned from fact witness depositions.

There is no question, however, that had Agere made its witnesses available earlier than the last weeks of the scheduled discovery period as requested, Mr. Yu's and Mr. Xin's areas of knowledge would have been known earlier, and their depositions would have been noticed for an earlier date. GE Licensing was diligent in seeking these depositions; it was Agere's delay that precipitated such notices so late in the scheduled discovery period.

## C.    Agere Has Adequate Notice of Mr. Yu's Deposition And Is Not Prejudiced

A non-issue that Agere trumpets as its strongest objection is that Agere did not have proper notice of Mr. Yu's deposition. The purpose of filing notice of a third-party deposition is

---

[6] Mr. Yu's name appears in several other files produced on June 11, indicating that he authored or authorized changes to these software packages, some over periods of three or four years. One example is the Mars3.2 DSP modem source code, where Mr. Yu (referred to as "jay") is mentioned on most of the changes (*see* Exhibit 15B), which cover the period from December 2000 to June 2003, the great bulk of which occurred during the damages period for this case.

to make sure that all interested parties may attend if they desire. Since Mr. Yu's deposition did not take place on May 30, 2008, Agere has adequate notice of his deposition, and has had such notice for over four weeks. In fact, since Townsend is now representing Mr. Yu, there is no possibility that Agere's interests will not be represented.

Agere cites to Fed. R. Civ. P. 30(b)(1) and Delaware Local Rule 30.1 for the proposition that seven days' notice is required to take a deposition. Agere is correct, and Agere has now had more than four times the requisite notice. Agere's complaint that because the actual notice came with only a few days left during the originally-scheduled discovery period contradicts Agere's own actions regarding the end of the discovery period, and Agere's continuation of discovery well into June.

Likewise, Agere's statement in its brief that it "is too late in the case to continue seeking discovery" (Agere Br. at 6) belies Agere's behavior in seeking discovery after June 1st and producing documents until this last week (and more is still expected, *see* Exhibit 1). And were it not for Agere's moot objection to lack of notice for Mr. Yu's deposition, GE Licensing would have taken the deposition already and would not be "seeking discovery" at this late date.

Agere also conclusorily states that it "is prejudiced by GE [Licensing's] late requests." (Agere Br. at 6.) Other than Agere's blocking of this deposition that is causing discovery to go later, Agere has made no allegations that failure to formally serve notice on Agere between May 23rd and May 30th has prejudiced its case in any way during that time or since. Agere does not say that lack of formal notice affected its prosecution of the case during that time, or changed the way it defended depositions on May 23rd or 30th, or how it took depositions on May 29th. Agere does not say that lack of notice during that time changed the way it produced over 75,000 pages of documents in late May, or that it caused it to continue to produce documents in June.

-12-

Nor does Agere say that lack of notice during that time changed the way it defended the deposition of John Xin on June 13, 2008,[7] or took the depositions of third-party Motorola on June 17th and 18th. Agere cannot make any of these allegations, because it has plain and simply not been prejudiced. *Accord RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 746 (E.D. Va. 2007) (court granted plaintiff's motion to compel deposition answers, even after plaintiff neglected, due to an admitted "oversight," to serve motion papers on the deponent (attorney), because neither the deponent nor any party was prejudiced after the plaintiff acknowledged the oversight and served the motion papers). The only prejudice that may occur is the prejudice to *GE Licensing* by not having the full discovery to which it is entitled in a timely manner to support its expert reports.

## VI.    CONCLUSION

Agere's motion for a protective order has no merit, and any objections that Agere once had are now moot. For the foregoing reasons, GE Licensing respectfully requests that the Court deny Agere's and Mr. Yu's Motion for Protective Order, decide this motion on the briefs, and order Mr. Yu's deposition in time to be useful for expert reports due August 4th.

---

[7]  Agere proposed on June 5, 2008 the rescheduling of John Xin's deposition (*see* Exhibit 8, June 5, 2008 e-mail), which was well after it had received notice of Mr. Yu's deposition.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: June 30, 2008
Public Version: July 8, 2008
873044

By: /s/ Philip A. Rovner
    Richard L. Horwitz (#2246)
    Philip A. Rovner (#3215)
    David E. Moore (#3983)
    Hercules Plaza
    P. O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    provner@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 8, 2008, the within document was

filed with the Clerk of the Court using CM/ECF; that the document was served on the following

party as indicated; and that the document is available for viewing and downloading from

CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on July 8, 2008 I have sent by E-mail the foregoing document

to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT 1

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

rdphillips@townsend.com

June 11, 2008

***VIA E-MAIL AND U.S. MAIL***

Robert Greenfeld
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173

Re:   *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,*
      Civ. Action No. 07-170 (JJF) (D. Del.)

Dear Bobby:

        I write in response to your letter dated June 10, 2008 and your email message dated June 11, 2008, and to follow up on my email message dated June 10, 2008. As I indicated in my message, Agere does intend to produce all available versions of its source code used since 2001, but Agere likely will not be able to produce that source code this week; moreover, Agere will produce that code subject to the escrow provisions of the Protective Order in this case.

        Pursuant to your request, however, Agere has been able to extract version histories from its various source code repositories (which, contrary to your assertion, include not only Microsoft Visual SourceSafe but also other packages, depending on the type of code). Specifically, Agere has produced three sets of version histories: one set is in a zip file labeled "Softmodemhistoryzip"; another set is in a zip file labeled "DSPlog.zip"; a third set is in a zip file labeled "Venus.zip."

        I have enclosed with this letter a CD containing each of these zip files; this CD has been Bates labeled AGERE/GE020743 and has been designated with a "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" legend. Additionally, for your convenience, I have attached a copy of each of these zip files to the email message containing this letter. We ask that you likewise treat the attached zip files as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

        Please let me know if you have any questions.

        Very truly yours,

        *Ryan D. Phillips* /cek

        Ryan D. Phillips

RDP/cek

61398168 v1

San Francisco | Palo Alto | Walnut Creek | San Diego | Denver | Seattle | Washington, DC | Tokyo

www.townsend.com

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | C.A. No. 07-170 (JJF) |
| AGERE SYSTEMS INC., | )<br>) | |
| Defendant. | )<br>) | |

## NOTICE OF DEPOSITION OF DEFENDANT
## AGERE SYSTEMS INC.

Plaintiff CIF Licensing, LLC, d/b/a GE Licensing ("GE Licensing"), by and through its

undersigned counsel, hereby gives notice that it will take the deposition(s) by oral testimony of

Defendant Agere Systems Inc. ("Agere"), pursuant to Federal Rule of Civil Procedure 30(b)(6)

on the subjects identified in Attachment A. The deposition(s) will be held at the offices of

McDermott Will & Emery LLP located at 600 13th Street, N.W., Washington, D.C. 20005-3096

on April 4, 2008, beginning at 9:00 AM or at some other such date, time, and place as mutually

agreed upon by counsel for the parties, and continue from day to day until completed. The

deposition(s) will be conducted before an officer, notary public, or other person duly authorized

to administer oaths, and will be recorded by stenographic, audio, video, and/or real-time

transcription (*e.g.*, LiveNote) means. The examination will be taken for the purposes of

discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules

of Civil Procedure. Definitions applicable to the deposition topics follow.

Agere is reminded of its obligation to designate one or more officers, directors, managing

agents or other persons who consent to testify on its behalf concerning the matters identified in

- 1 -

Attachment A.

You are invited to attend and cross-examine.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: March 12, 2008
854497

By:  /s/ Philip A. Rovner
      Richard L. Horwitz (#2246)
      Philip A. Rovner (#3215)
      David E. Moore (#3983)
      Hercules Plaza
      P. O. Box 951
      Wilmington, Delaware 19899
      (302) 984-6000
      rhorwitz@potteranderson.com
      provner@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

## ATTACHMENT A

### I.    DEFINITIONS

1.    The terms "Agere," "You" or "Defendant" shall mean Defendant Agere Systems Inc., its

parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture

to which it is a party, or other affiliated entities, and each of its employees, agents, officers,

directors, representatives, consultants, accountants, and attorneys, including any person who

served in any such capacity at any time and including, without limitation, LSI Logic Corp.

2.    The terms "CIF Licensing, LLC," "GE Licensing" or "Plaintiff" shall refer to CIF

Licensing, LLC, its parents, subsidiaries, divisions, affiliates, predecessors or successors in

interest, any joint venture to which it is a party, or other affiliated entities, and each of its

employees, agents, officers, directors, representatives, consultants, accountants, and attorneys,

including any person who served in any such capacity at any time.

3.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary

to make the deposition inclusive rather than exclusive.

4.    The terms "any" or "each" shall be construed to include and encompass "all."

5.    The term "date" means the exact day, month, and year, if ascertainable, or, if not, the best

approximation thereof.

6.    The terms "document" or "documents" are used in the broadest possible sense and

include, without limitation, all originals, copies, drafts, and recordings of any written,

typewritten, printed, graphic, electronic, digital or otherwise recorded matter, including forms of

information translatable or convertible into a reasonably usable form.  "Document" or

"documents" include, without limitation, the following items: electronic mail (e-mails);

Microsoft PowerPoint slides and/or presentations; Microsoft Excel spreadsheets; Microsoft

Word documents; agreements; communications, including intracompany communications;

correspondence; letters; memoranda; records; books; summaries or handwritten notes or other records of personal conversations or interviews; diaries; laboratory notebooks; appointment books; manuscripts, either in final or draft form, whether complete or incomplete and whether published or not; grant or project proposals; forecasts; statistical statements; any and all forms of data; meeting abstracts; slides; graphs; charts; diagrams; maps; blueprints; tables; indices; pictures; audio or visual recordings; tapes; magnetic discs; printed cards; programming instructions; assembly diagrams; schematic diagrams; manuals; films; assay results and reports; charges; accounts; invoices; analytical records; reports, records or summaries of meetings or conferences; reports, records or summaries of consultants; reports, records or summaries of negotiations; brochures, pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projectable images, including transparent overheads or slides; any other document or writing or form of information convertible into a document, including information contained within or accessible by a computer or computer accessory and the underlying documents supporting computer entries.

7.    The terms "entity" or "entities" include natural persons, proprietorships, partnerships, firms, private corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the United States or any state or local government), all departments and agencies thereof, and any governmental agencies of any country, political subdivisions, groups, associations, or organizations.

8.    The term "identify," when used with respect to any natural person, means that the following information shall be provided; the person's full name; last known home address; last known business address and telephone number; last known title or occupation; and last known employer.

- 2 -

CSP1037, CSP1037B, CSP1034x family (including but not limited to CSP1034C, CSP1034AH, CSP1034S and CSP1034S-V11), CSP1035A, CSP1038, CSP1040, CSP1040A3, CSP1040A2, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components.

12. A document, thing, or communication "relating to" or "related to" a given subject means all documents and things or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in my way pertinent to that subject.

13. The use of word "the" shall not be construed as limiting the scope of any deposition.

14. The terms "thing" or "things" refer to any tangible object other than a document as defined herein, and includes objects of every kind and nature.

15. Use of the singular is also to be taken to include the plural, and vice-versa.

## II.    TOPICS OF DEPOSITION

1. For each Agere Product, the conception, design, and research and development of the product and the identity, title, and role of each employee or employees primarily responsible for the conception, design, and research and development of the product, including, without limitation, any modifications or patent design-arounds to that design.

2. The design specifications, including the initial objective specifications, Product Requirement Document, so-called product "Paks" and design reviews for each Agere Product.

3. The identification and location of each entity involved in the design, development, testing, assembly, and manufacture of each Agere Product.

4.    The blueprint, structure, circuit layout, and electrical characteristics of each Agere Product, including, without limitation, any modifications or patent design-arounds to that blueprint, structure, circuit layout and/or electrical characteristics.

5.    The function, design, modifications to and operation of any software (including without limitation source code, drivers, firmware, ROM code or other code) used with or to operate the Agere Products, including without limitation, for each Agere Product, the identification of code required for compliance with ITU-T recommendations V.34 and V.92.

6.    The identity, title, and role of each employee or employees primarily responsible for design, programming and testing of the software (including without limitation source code, drivers, firmware, ROM code or other code) used with or to operate the Agere Products.

7.    For each Agere Product, the function and operation of the product, including, but not limited to, an analysis (*i.e.*, circuit tracing) of its circuit-level schematics and descriptions of its datasheets.

8.    For each Agere Product, the testing of the product, including without limitation the testing of compliance with ITU-T recommendations V.34 and V.92 and the testing of the code identified in No. 5 above, and the identity, title, and role of each employee or employees primarily responsible for such testing.

9.    All facts related to the manufacture of each Agere Product.

10.   The final release date(s) (*i.e.*, commercial availability) of each Agere Product.

11.   Knowledge, review, and evaluation of the GE Patents, any foreign counterparts of such patents, and the patent applications therefor, including, without limitation, Agere's first awareness of these patent applications and/or the patent that issued based upon these applications.

- 5 -

12. The testing and/or analysis conducted by Agere or anyone else to determine whether or not any of Agere Product infringes any of the GE Patents.

13. All facts that support or otherwise relate to the meanings attributed by the trade or industry to claim terms of the GE Patents.

14. All facts that relate to Agere's understanding of ITU-T recommendations V.34, V.90, and V.92.

15. For each Agere Product, all facts related to the product's compliance with ITU-T recommendations V.34, V.90, and V.92, and Agere's activities directed at making the product compliant with ITU-T recommendations, including, without limitation, the conception, design, testing, and research and development of the product.

16. The testing and/or analysis conducted by Agere or anyone else to determine the relationship between ITU-T recommendations V.34, V.90, and V.92 and any of the GE Patents.

17. All facts that support or otherwise relate to the meanings attributed by the trade or industry to ITU-T recommendations V.34, V.90, and V.92.

18. All facts that relate to second-sourcing of any Agere Product with any other product manufactured by Agere's competitors.

19. Instructions by Agere to its customers regarding the use, operation, and applications for each Agere Product.

20. The intent and/or purpose for the datasheets, Product Requirement Document, product "Pak", "MRI" project database and programmer's reference manual of each Agere Product.

21. The identity, title, and role of each employee or employees primarily responsible for drafting of product literature, including, but not limited to, datasheets and application notes regarding each Agere Product.

- 6 -

22. The drafting, revisions, final release, and contents of the datasheets for each Agere Product.

23. The comparison between any Agere Product and any products of other companies, including, but not limited to, comparisons with products of Motorola, the original holder of the GE Patents.

24. All facts related to Agere's knowledge, review, evaluation, and testing of any products of Motorola.

25. The identification of and information related to any communication between Agere and Motorola regarding patent infringement or licensing agreement involving modem technology, including, without limitation, the GE Patents.

26. Agere's procedures and facilities for generating, maintaining, and disposing of records.

27. The accuracy and completeness of all technical documents produced by Agere to date, including, without limitation, schematics.

28. The identification, manner, and place of retention of all technical documents descriptive of each Agere Product.

29. The identity of person(s) most knowledgeable regarding sales and revenue related to each Agere Product.

30. Total sales and revenue to date for each Agere Product made, sold, or used in the United States or imported into the United States, including, but not limited to, the amount and prices at which each Agere Product has sold and is currently selling.

31. Total revenues for each Agere Product, on at least a quarterly basis, including the identity of each customer, quantity sold to that customer, and date of transaction.

32. The identification of and information related to the profitability of each Agere Product.

33. The identification of and information related to the acts of Agere's personnel and third parties involved in the distribution, marketing and sales, and customer support for each Agere Product.

34. The identity, title, and role of each employee or employees primarily responsible for marketing of each Agere Product.

35. The identity, title, and role of each employee or employees primarily responsible for maintenance of any customer database for each Agere Product.

36. All facts related to Agere's defense based on patent exhaustion and the purported applicability of the "Patent Cross-license Agreement" between Motorola and AltoCom or any other license agreement.

37. All facts related to Agere's "license defense", including, without limitation, those related to any license agreements between Agere and AltoCom and/or Broadcom and between Motorola and AltoCom and/or Broadcom.

38. The identification of and information related to Agere's granting any third party a license to intellectual property rights on technologies related to analog modems, including, without limitation, any technology related to ITU-T recommendation V.34.

39. The identification of and information related to any third party's granting Agere a license to intellectual property rights on technologies related to analog modems, including, without limitation, any technology related to ITU-T recommendation V.34.

40. The identification of and information related to all entities Agere has or had an indemnity agreement with, whether formal or informal and whether or not indemnity notices were sent, regarding technologies related to analog modems, including, without limitation, any technology related to ITU-T recommendation V.34.

41. The identification of and information related to all instances of where indemnity was discussed or sought regarding the GE Patents.

42. All facts related to Agere's defense based on laches, waiver, and/or estoppel.

43. All facts related to any "material prejudice" due to any purported "unreasonable delay" in asserting the GE Patents.

44. All facts related to Agere's defense based on unenforceability of any of the GE Patents.

45. All facts related to Agere's contention that any of the GE Patents is invalid.

46. All facts related to Agere's belief that no Agere Product infringes any of the GE Patents.

47. Each 30(b)(6) designee's background, experience, or other source of knowledge to each topic listed in this attachment, and an identification of other individuals at Agere who may possess substantial knowledge on each topic.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on March 12, 2008, the within document

was filed with the Clerk of the Court using CM/ECF; that the document was served on the

following party as indicated; and that the document is available for viewing and downloading

from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on March 12, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT 3

## Greenfeld, Robert

| | |
|---|---|
| **From:** | Phillips, Ryan D [rdphillips@townsend.com] |
| **Sent:** | Friday, April 11, 2008 7:36 PM |
| **To:** | Connelly, Michael |
| **Cc:** | Andersen, Timothy; Koenig, Amanda; Greenfeld, Robert; GEvAgere |
| **Subject:** | RE: GE/Agere 30(b)(6) depos |

Mike,

Just following up on our call today.

Regarding deposition topics, we will provide some of the 30(b)(6) topics for Mr. Rai on Tuesday next week. We will do our best to get you as many topics as possible on Tuesday. We will provide the full set of topics on Friday the 18th.

Regarding the second day of 30(b)(6) deposition, we are unavailable during the week starting on Sunday the 27th. We propose that we have the second day for a 30(b)(6) deposition with the second representative on Friday May 9th. Again, as we discussed, our client is very busy, and all of our schedules provide logistic challenges. Thus, we request that you please let us know as soon as possible regarding the deposition on the 9th of May.

Regards,

Ryan


-----Original Message-----
**From:** Connelly, Michael [mailto:mconnelly@mwe.com]
**Sent:** Thursday, April 10, 2008 9:15 PM
**To:** Phillips, Ryan D
**Cc:** Andersen, Timothy; Koenig, Amanda
**Subject:** RE: GE/Agere 30(b)(6) depos

Ryan,

    We would like to discuss the scheduling tomorrow by phone to avoid any unecessary back and forth. Let us know when you are available. Thanks.

Mike Connelly


**From:** Phillips, Ryan D [rdphillips@townsend.com]
**Sent:** Thursday, April 10, 2008 8:30 PM
**To:** Connelly, Michael
**Cc:** Andersen, Timothy; Koenig, Amanda
**Subject:** GE/Agere 30(b)(6) depos

Mike,
Regarding Dr. Lee, we have forwarded his resume to our client for review, and will respond soon.
Our client is currently holding April 18th and April 21st open for GE's 30(b)(6) depositions of Agere in Allentown, PA. Agere's representatives are very busy and have demanding work and travel schedules. Accordingly, we have had a very difficult time scheduling these depositions. We ask that you please confirm these dates by 3:00 EST tomorrow so we can confirm with our client and the representatives can plan their schedules around the dates. Upon confirmation, we will provide you with the names of the representatives. If we do not hear from you tomorrow, we will be forced to release the dates, and we will probably have to reschedule the depositions for some time in May.
Regards,

Ryan

Ryan D. Phillips
Townsend and Townsend and Crew LLP
1200 Seventeenth Street, Suite 2700
Denver, CO 80202
Phone: 303.571.4000
Fax: 303.571.4321
rdphillips@townsend.com

www.townsend.com

Offices in:

San Francisco | Palo Alto | Walnut Creek | San Diego | Denver | Seattle | Washington, DC | Tokyo
This message may contain confidential information. If you are not the intended
recipient and received this message in error, any use or distribution of this
message is strictly prohibited. Please also notify us immediately by return
e-mail, and delete this message from your computer system. Thank you.

*********************************************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S.
federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not
intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.
_____

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a
private communication sent by a law firm and may be confidential or protected by privilege. If you are not the
intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information
contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by
replying to this message, and then delete it from your system. Thank you.
*********************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

# EXHIBIT 4

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-170-JJF |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT AGERE SYSTEMS INC.'S SECOND SUPPLEMENTAL ANSWERS TO PLAINTIFF CIF LICENSING, LLC'S INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Agere Systems Inc. ("Defendant") hereby supplements its answers to CIF Licensing, LLC, d/b/a GE Licensing's ("Plaintiff") Interrogatory Nos. 1-43 ("Plaintiff's Interrogatories"), stating as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.  The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any statement or response from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.  Subject to the specific and general objections listed herein, Defendant will answer each interrogatory with responsive, non-privileged information within the current actual knowledge of Defendant or through cross-references to produced documents according to F.R.Civ.P. 33(d).

3.  Defendant will answer interrogatories calling for confidential information or trade secrets

directed to the design or development of the products identified in response to Interrogatory No. 1 may be found in documents produced from Defendant's MRI system. Further, to the extent that any of the products identified in response to Interrogatory No. 1 were first sold or offered for sale after March 23, 2001, information about such sales can be found in Exhibit 2 hereto, which is incorporated by reference.

### INTERROGATORY NO. 4

Identify the three persons most knowledgeable about the structure, design, development, function, and operation of each Agere Product identified in response to Interrogatory No. 1.

### ANSWER:

Defendant incorporates by reference its General Objections, including, in particular, General Objection No. 7 set forth above.

Subject to and without waiving the foregoing objections and its General Objections, Defendant answers as follows: The three persons most knowledgeable about the structure, design, development, function, and operation of Defendant's modem products are Ashok Vernekar, Herb Cohen, and Larry Bays. All can be reached via counsel for Defendant.

### INTERROGATORY NO. 5

Identify the three persons most knowledgeable about the manufacture and/or assembly of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant incorporates by reference its General Objections, including, in particular, General Objection No. 7 set forth above.

Subject to and without waiving the foregoing objections and its General Objections, Defendant answers as follows:  The three persons most knowledgeable about the manufacture and/or assembly of each of the products set forth in Plaintiff's November 30, 2007 letter are Robert Radaker, Roger Sellers, and Bryan Stahley, all of whom can be reached via counsel for Defendant.

**INTERROGATORY NO. 6**

Identify the three persons most knowledgeable about the marketing, sale and distribution of each Agere Product identified in response to Interrogatory No. 1.

**ANSWER:**

Defendant incorporates by reference its General Objections, including, in particular, General Objection No. 7 set forth above.

Subject to and without waiving the foregoing objections and its General Objections, Defendant answers as follows:  The three people most knowledgeable about the marketing, sale and distribution of each of the products set forth in Plaintiff's November 30, 2007 letter are Surinder Rai, James Flynn, and Sanjay Sharma, all of whom can be reached via counsel for Defendant.

# EXHIBIT 6

## Connelly, Michael

| | |
|---|---|
| **From:** | Rovner, Philip A. [provner@potteranderson.com] |
| **Sent:** | Tuesday, April 15, 2008 2:56 PM |
| **To:** | jjf_civil@ded.uscourts.gov |
| **Cc:** | Chad E. King Esq. (ceking@townsend.com); David E. Sipiora Esq. (desipiora@townsend.com); Ian L. Saffer Esq. (ilsaffer@townsend.com); John W. Shaw Esq. (jshaw@ycst.com); Freed, Joel; Ferguson, Brian; Connelly, Michael |

**Subject:** CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No 07-170 (JJF)

Dear Judge Farnan:

We represent plaintiff CIF Licensing, LLC, d/b/a as GE Licensing ("GE Licensing") in the above-referenced patent infringement action. Pursuant to the emergency procedures set forth in Paragraph 8(d) of the Scheduling Order (D.I. 32), GE Licensing respectfully requests the Court's expedited intervention to resolve the mounting discovery problems in this case. Fact discovery closes in approximately six weeks, yet Agere consistently has refused even to discuss its production deficiencies (the subject of two pending motions to compel, D.I. 65 and D.I. 71, which have been fully briefed), let alone engage in any meaningful discussion regarding the scheduling of depositions. In order to maintain the present pre-trial schedule (which Agere seems to determined to extend), GE Licensing has no choice but to seek the Court's immediate assistance on the scheduling of depositions.

Briefly, GE Licensing served its first Rule 30(b)(6) notice on March 12, 2008 setting April 4 as the deposition date. Agere did not respond for more than two weeks. On March 28, when it finally did respond, Agere said only that it would produce no witnesses on April 4. After several communications attempts, on April 7 Agere gave one firm date, April 18, for one witness, and two unconfirmed dates, April 19th or 21st for a second witness. At that time Agere refused to state the identity of the witnesses or the specific topics on which these witnesses were being offered.

In the spirit of compromise (and with no other choice), GE Licensing agreed to depose one witness on the only date currently being offered, April 21. Only then did Agere identify this witness (Mr. Surinder Rai). However, despite having had the notice since March 12, Agere has refused to name any of the topics on which this witness will be testifying. Agere has only promised that some topics will be delivered later today, and Agere will not name all the topics until Friday, April 18, the last business day before the Monday, April 21 deposition.

As to the other Rule 30(b)(6) witness, Agere's position is that this witness is only available on April 18 (which Agere has long known does not work for GE Licensing) or, after much prodding, May 9 (three weeks before the end of discovery). Agere further refuses to identify the second witness or the topics on which he/she will testify until GE agrees to the proffered date. Agere has only stated that this witness will (likely) talk on "technical" issues. Incredibly, Agere has informed GE Licensing that this unnamed deponent (i) would likely have "little to no information" on many aspects of how Agere's products operate; and (ii) is not even one of the individuals Agere listed in its interrogatory responses as "most knowledgeable" regarding the structure, design, development, function and operation of Agere's products. At this late date, the only option open from Agere is to proceed with the deposition on May 9. This would leave less than three weeks in discovery to schedule another Rule 30(b)(6) deposition, if required, and to schedule individual depositions based on the information obtained during the May 9 Rule 30(b)(6) deposition.

The foregoing reflects Agere's position regarding those categories to which it has agreed to proffer a

witness. Based on objections to GE Licensing's Rule 30(b)(6) notice served on April 4, Agere has refused to provide a witness to numerous other Rule 30(b)(6) topics. GE Licensing immediately requested a meet and confer which left several issues open-ended. GE Licensing proposed a reasonable compromise on remaining issues by follow-up letter. Agere never responded to that letter, and now even refuses to name topics on which its witnesses will testify until the eve of the deposition.

Further still, on April 4, GE Licensing provided Agere with the names of five individuals it sought to depose (Mr. Hargrove on April 18, Mr. Cohen on April 21, Mr. Bays on April 23, Mr. Schulz on April 25 and Mr. Vernekar on April 28). All of these individuals were identified by Agere as "most knowledgeable" in Agere's responses to GE Licensing's interrogatories (on categories such as sales, marketing and the structure, design, development, function and operation of Agere's products). GE Licensing believed all were either current or former Agere employees. Agere stalled for more than one week before acknowledging that 4 of the 5 individuals were, indeed, current Agere employees. However, to date, Agere has still not informed GE Licensing whether the proposed deposition dates are acceptable.

GE Licensing has dealt with Agere's stonewalling since the beginning of discovery in this case (as detailed in each of GE Licensing's three motions to compel). Agere's refusal to reasonably discuss these matters has left GE Licensing with no option but to seek the assistance of the Court. Accordingly, GE Licensing requests that Agere be ordered to immediately:

1.    Provide the topics on which Mr. Surinder Rai (Agere's April 21 Rule 30(b)(6) deponent) will provide testimony;

2.    Provide alternative dates for the second Rule 30(b)(6) deposition to occur prior to May 2, preferably on April 29;

3.    Provide the identity of its second Rule (30)(b)(6) witness and the topics on which he/she will provide testimony;

4.    Confirm the proposed dates for the four identified Rule 30(b)(1) deponents who are current Agere employees; and

5.    Accept service of a subpoena for Mark Hargrove, a former Agere employee, or, if not authorized to do so, provide his contact information to the extent available to Agere.

Should Your Honor have any questions, counsel are available at the Court's convenience.


Respectfully,


Philip A. Rovner


*Philip A. Rovner, Esq.*
*Potter Anderson & Corroon LLP*
*P.O. Box 951*
*1313 N. Market Street*
*Wilmington, Delaware 19801*
*(302) 984-6000 (main)*


6/27/2008

*(302) 984-6140 (direct)*
*(302) 658-1192 (fax)*
*provner@potteranderson.com*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain
confidential or proprietary information intended only for
the person(s) named.  Any use, distribution, copying
or disclosure by another person is strictly prohibited.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT 7

## Greenfeld, Robert

| | |
|---|---|
| **From:** | Phillips, Ryan D [rdphillips@townsend.com] |
| **Sent:** | Wednesday, May 28, 2008 9:47 PM |
| **To:** | Connelly, Michael |
| **Cc:** | GEvAgere; GE |
| **Subject:** | John Xin Deposition |

Hi Mike,

We spoke with John Xin regarding your deposition noticed for Friday.  He has a family commitment on Friday, and will not be available for the deposition.  We will get with him regarding alternate dates and propose some days in early June for his deposition.

Ryan

Ryan D. Phillips
Townsend and Townsend and Crew LLP
1200 Seventeenth Street, Suite 2700
Denver, CO 80202
Phone: 303.571.4000
Fax: 303.571.4321
rdphillips@townsend.com

www.townsend.com

Offices in:

San Francisco | Palo Alto | Walnut Creek | San Diego | Denver | Seattle | Washington, DC | Tokyo

This message may contain confidential information. If you are not the intended
recipient and received this message in error, any use or distribution of this
message is strictly prohibited. Please also notify us immediately by return
e-mail, and delete this message from your computer system. Thank you.

6/27/2008

# EXHIBIT 8

## Greenfeld, Robert

| | |
|---|---|
| **From:** | Greenfeld, Robert |
| **Sent:** | Thursday, June 05, 2008 5:26 PM |
| **To:** | Phillips, Ryan D; Connelly, Michael |
| **Cc:** | GEvAgere; Koenig, Amanda; GE |
| **Subject:** | RE: Deposition of John Xin |

Ryan:

June 13th at the Hotel Bethlehem is fine, unless there is a location closer to Mr. Xin's home (for example, if he lives in New Jersey).

Let us know.


*--Bobby*

---

**Robert Greenfeld**
**McDermott Will & Emery LLP** | 340 Madison Avenue, New York, NY 10173
212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com

---

**From:** Phillips, Ryan D [mailto:rdphillips@townsend.com]
**Sent:** Thursday, June 05, 2008 11:11 AM
**To:** Connelly, Michael
**Cc:** GEvAgere; Greenfeld, Robert; Koenig, Amanda; GE
**Subject:** Deposition of John Xin

Mike,

John Xin is available on Friday, June 13th for his deposition.  I assume we will be at the Hotel Bethlehem again. Please confirm.

Thanks,

Ryan

Ryan D. Phillips
Townsend and Townsend and Crew LLP
1200 Seventeenth Street, Suite 2700
Denver, CO 80202
Phone: 303.571.4000
Fax: 303.571.4321
rdphillips@townsend.com

www.townsend.com

Offices in:

6/27/2008

San Francisco | Palo Alto | Walnut Creek | San Diego | Denver | Seattle | Washington, DC | Tokyo

This message may contain confidential information. If you are not the intended
recipient and received this message in error, any use or distribution of this
message is strictly prohibited. Please also notify us immediately by return
e-mail, and delete this message from your computer system. Thank you.

# EXHIBIT 9

## Greenfeld, Robert

| | |
|---|---|
| **From:** | Harshad Vaidya [Harshad.Vaidya@conexant.com] |
| **Sent:** | Thursday, May 29, 2008 1:28 PM |
| **To:** | Greenfeld, Robert |
| **Subject:** | RE: Jinguo Yu |

I will check on those dates as well.

Regards,
Harshad

**From:** Greenfeld, Robert [mailto:RGreenfeld@mwe.com]
**Sent:** Thursday, May 29, 2008 1:22 PM
**To:** Harshad Vaidya
**Subject:** RE: Jinguo Yu

Also, please look at Jay's availability for the second week of June.  I think 2 or 3 days that week might be OK for us.

Generally, the scope of the deposition is Jay's knowledge as part of the Software Management team while employed by Agere, but it will also go into his work with modems at Agere and its predecessors (and if he worked with modems before working for Agere/AT&T).



--*Bobby*

---

**Robert Greenfeld**
**McDermott Will & Emery LLP** | 340 Madison Avenue, New York, NY 10173
212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com

**From:** Harshad Vaidya [mailto:Harshad.Vaidya@conexant.com]
**Sent:** Thursday, May 29, 2008 12:54 PM
**To:** Greenfeld, Robert
**Subject:** Jinguo Yu

Robert,

Thank you for returning my call.  I will check to see what Jay's availability is the first week  and third week of June.

This e-mail will also confirm that the scope of the Deposition is as to Jay's knowledge as part of the Software Management team while employed by Agere.

Regards,
Harshad

Harshad R. Vaidya
Assistant General Counsel
*Conexant Systems, Inc.*

6/27/2008

100 Schulz Drive
Red Bank, NJ 07701
(732) 345-7545 direct dial
(866) 702-1089 direct fax
(732) 766-4469 mobile
harshad.vaidya@conexant.com


Conexant E-mail Firewall (Conexant.Com) made the following annotations

-------------------------------------------------------------------
********************* Legal Disclaimer **************************

"This email may contain confidential and privileged material for the sole use of the intended recipient.
Any unauthorized review, use or distribution by others is strictly prohibited. If you have received the
message in error, please advise the sender by reply email and delete the message. Thank you."

***************************************************************

-------------------------------------------------------------------

*****************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax
advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be
used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter herein.
_____

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private
communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient,
you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this
message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it
from your system. Thank you.
*****************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

# EXHIBIT 10

## Greenfeld, Robert

| | |
|---|---|
| **From:** | Greenfeld, Robert |
| **Sent:** | Thursday, May 29, 2008 1:50 PM |
| **To:** | Phillips, Ryan D |
| **Cc:** | GEvAgere; GE; Harshad Vaidya; Philip A. Rovner (provner@potteranderson.com) |
| **Subject:** | Jay Yu Deposition |

Ryan:

We have been contacted by the Assistant General Counsel of Conexant, Harshad Vaidya (cc'd on this e-mail), regarding Jay Yu's deposition.  Jay Yu cannot make a deposition tomorrow (as noticed) and we are trying to find alternate dates in early June for his deposition.

*--Bobby*

---

**Robert Greenfeld**
**McDermott Will** & **Emery LLP** | 340 Madison Avenue, New York, NY 10173
212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com

# EXHIBIT 11

**Greenfeld, Robert**

| | |
|---|---|
| From: | Greenfeld, Robert |
| Sent: | Friday, May 30, 2008 5:35 PM |
| To: | 'ppquines@townsend.com' |
| Cc: | 'mjdegrave@townsend.com'; 'rdphillips@townsend.com' |
| Subject: | Re: CIF Licensing LLC d/b/a GE Licensing v. Agere Systems Inc. |

Ryan:

Jay Yu's subpoena was issued by last Thursday, but was not actually served on Mr. Yu until last Friday or over the weekend. Due to an oversight and the holiday weekend, we did not serve on Agere notice of service of the subpoena, and for that we apologize.  Thank you for bringing it to our attention.

By now you should have received notification of service of the subpoena.

Mr. Yu would prefer his deposition be held in Red Bank rather than New York, which is fine with us.  As I said yesterday, he will get back to us with available dates.

Have a nice weekend.

---

Bobby Greenfeld
McDermott Will & Emery LLP
340 Madison Avenue, New York, NY 10173
212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com


----- Original Message -----
From: Quines, Peggy P <ppquines@townsend.com>
To: Greenfeld, Robert
Cc: DeGrave, Michael J. <mjdegrave@townsend.com>; Phillips, Ryan D <rdphillips@townsend.com>
Sent: Fri May 30 13:22:04 2008
Subject: CIF Licensing LLC d/b/a GE Licensing v. Agere Systems Inc.

<<2008 0530 L Phillips to Greenfeld.pdf>>
Dear Mr. Greenfeld:

Please find attached Mr. Phillips' correspondence to you of May 30, 2008.

-------------------------------------------------
Peggy P. Quines. Legal Assistant
Townsend and Townsend and Crew LLP
1200 17th Street, Denver, CO 80202
Main: (303) 571-4000
Fax: (303) 571-4321
E-mail: ppquines@townsend.com

www.townsend.com <file://www.townsend.com>

Offices in:
Denver | Palo Alto | San Diego |San Francisco | Seattle | Tokyo | Walnut Creek


This message may contain confidential information.  If you are not the intended recipient and received this in error, any use, or distribution is strictly prohibited.  Please also notify us immediately by return e-mail, and delete this message from your computer system. Thank you.

1

# EXHIBIT 12

## Greenfeld, Robert

**From:**    Greenfeld, Robert
**Sent:**    Monday, June 09, 2008 2:51 PM
**To:**      Harshad Vaidya
**Subject:** RE: Jinguo Yu

Harshad:

Do you have any dates for Jay Yu's deposition?  Given the late date, this week is probably not possible, since another deposition is scheduled for Friday, but it must be done by the end of next week.

*--Bobby*

---

**Robert Greenfeld**
**McDermott Will & Emery LLP** | 340 Madison Avenue, New York, NY 10173
212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com

---

**From:** Harshad Vaidya [mailto:Harshad.Vaidya@conexant.com]
**Sent:** Thursday, May 29, 2008 1:28 PM
**To:** Greenfeld, Robert
**Subject:** RE: Jinguo Yu

I will check on those dates as well.

Regards,
Harshad

**From:** Greenfeld, Robert [mailto:RGreenfeld@mwe.com]
**Sent:** Thursday, May 29, 2008 1:22 PM
**To:** Harshad Vaidya
**Subject:** RE: Jinguo Yu

Also, please look at Jay's availability for the second week of June.  I think 2 or 3 days that week might be OK for us.

Generally, the scope of the deposition is Jay's knowledge as part of the Software Management team while employed by Agere, but it will also go into his work with modems at Agere and its predecessors (and if he worked with modems before working for Agere/AT&T).

*--Bobby*

---

**Robert Greenfeld**
**McDermott Will & Emery LLP** | 340 Madison Avenue, New York, NY 10173
212.547.5454 | fax: 212.547.5444 | rgreenfeld@mwe.com

**From:** Harshad Vaidya [mailto:Harshad.Vaidya@conexant.com]
**Sent:** Thursday, May 29, 2008 12:54 PM
**To:** Greenfeld, Robert
**Subject:** Jinguo Yu

Robert,

Thank you for returning my call.  I will check to see what Jay's availability is the first week  and third week of June.

This e-mail will also confirm that the scope of the Deposition is as to Jay's knowledge as part of the Software Management team while employed by Agere.

Regards,
Harshad

Harshad R. Vaidya
Assistant General Counsel
*Conexant Systems, Inc.*
100 Schulz Drive
Red Bank,  NJ  07701
(732) 345-7545 direct dial
(866) 702-1089 direct fax
(732) 766-4469 mobile
harshad.vaidya@conexant.com

Conexant E-mail Firewall (Conexant.Com) made the following annotations
-------------------------------------------------------------------
********************** Legal Disclaimer ***************************

"This email may contain confidential and privileged material for the sole use of the intended recipient. Any unauthorized review, use or distribution by others is strictly prohibited. If you have received the message in error, please advise the sender by reply email and delete the message. Thank you."

*******************************************************************
-------------------------------------------------------------------

# EXHIBIT 13

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

June 18, 2008

RECEIVED
JUN 2 3 2008
McDermott Will & Emery LLP
DC Office

### *VIA U.S. MAIL AND EMAIL*

Robert Greenfeld
McDermott Will & Emery LLP
340 Madison Ave..
New York, NY 10173

Amanda E. Koenig
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096

RE:  *CIF Licensing, LLC d/b/a GE Licensing v. Agere Systems, Inc.*
      Subpoena of Mr. Jinguo Yu

Dear Mr. Greenfeld and Ms. Koenig:

I write in response to Ms. Koenig's letter of June 4, 2008, and Mr. Greenfeld's email of June 17, 2008, regarding GE's subpoena of Mr. Jinguo Yu.  GE's first notice to Agere of the deposition of Mr. Yu, which comported with F.R.C.P. 30(b)(1), was the Notice of Subpoena filed with the Court on May 30, 2008 -- the same day GE scheduled the deposition of Mr. Yu.

GE did not notify Agere of the subpoena of Mr. Yu and did not include Agere on any correspondence regarding the scheduling of the deposition of Mr. Yu.  In fact, the first Agere heard of the subpoena or the scheduled deposition was on May 29 when Mr. Greenfeld sent an email to Agere's counsel stating that the deposition scheduled for the next day would not go forward due to Mr. Yu's unavailability.  Scheduling a deposition of a former Agere employee, or any witness for that matter, without adequate notice to Agere, is a violation of the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware.

Furthermore, the copy of the subpoena filed with the Court does not provide appropriate proof of service.  The subpoena does not show who accepted the service, the manner of service, the date and place of service, and is not executed by the server.  In fact, the only information in the proof of service section is the word "SERVED" typed in this section of the subpoena.  Your letter of June 4 started that "you will see from the attached proof of service that Mr. Yu was served his subpoena on Friday, May 23, 2008," however, no such proof of service was attached

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Robert Greenfeld and Amanda Koenig
June 18, 2008
Page 2

to your letter or the email transmitting the letter, and no such proof is in the Notice filed with the Court.

As you know, we are now representing Mr. Yu with respect to your subpoena. As stated in our letter of June 3, 2008, GE failed to timely serve notice of Mr. Yu's deposition to Agere under F.R.C.P. 30(b)(1) and the Local Rules for the District of Delaware. Accordingly, because the notice for your subpoena to Agere was untimely, and discovery in this case ended June 2, 2008, Mr. Yu will not be responding to your subpoena and will not be providing dates for his deposition.

Please let me know if you have any questions or have legal support that contradicts our understanding of applicable rules.

Sincerely,

Ryan D. Phillips

cc: Dennis R. Gallagher (via email)

RDP/ppq

61403416v1

# EXHIBIT 14

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Robert Greenfeld
rgreenfeld@mwe.com
212.547.5454

June 26, 2008

**VIA FAX (212-805-7924)**

The Honorable Sidney H. Stein
District Judge (Part I – Miscellaneous Docket)
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     **Subpoena for Jinguo Yu Issued in S.D.N.Y. related to CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.**, No. 07-cv-170 (D. Del.) (Farnan, J.)

Dear Judge Stein:[1]

We represent plaintiff CIF Licensing, LLC d/b/a GE Licensing ("GE Licensing") in a patent infringement action in the District of Delaware against Agere Systems Inc. ("Agere"), and we seek to enforce the third-party deposition subpoena of Jinguo (Jay) Yu, which was issued out of the Southern District of New York on May 21, 2008, and served on May 23, 2008 (*see* Exhibit 1). Although the deposition was scheduled for May 30, 2008, at our office in New York City, Mr. Yu (who lives and works in northern New Jersey) was not available that day. Since notifying us (through his company's attorneys) on May 29, 2008 that he was unavailable, Mr. Yu has not provided any alternative dates for deposition, and last week announced (through his current attorneys, Townsend and Townsend and Crew ("Townsend"), which also represent defendant Agere) that he would "not be responding to [the] subpoena and will not be providing dates for his deposition." (*See* Exhibit 2, 6/18/08 letter R. Phillips to R. Greenfeld.)

Jurisdiction in the Southern District of New York

GE Licensing is applying to the Southern District of New York, rather than to the District of Delaware, because the subpoena issued from the Southern District and the deposition was originally scheduled to be taken within that district. *See* Fed. R. Civ. P. 37(a)(2) (a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken"); Fed. R. Civ. P. 45(e) (stating that the *issuing court* may hold in contempt a person served with a subpoena if that person fails to obey the subpoena). Late yesterday, Townsend filed in the District of Delaware a Motion for a Protective Order, styling it, "Defendant Agere Systems Inc.'s

---

[1] We are writing to you per instructions from your deputy, Laura Blakely. If you would like copies of documents (e.g., letters, e-mails, etc.) referenced herein, please do not hesitate to request them.

U.S. practice conducted through McDermott Will & Emery LLP.

**340 Madison Avenue New York New York 10173-1922 Telephone: 212.547.5400 Facsimile: 212.547.5444 www.mwe.com**

The Honorable Sidney H. Stein
June 26, 2008
Page 2

and Non-Party Jinguo Yu's Motion for a Protective Order," but did not make it returnable until September 12, 2008. Responding to Townsend's motion in the District of Delaware is not an adequate remedy, because expert reports are due in the first week of August and first week of September, and the subpoenaed testimony is needed to complete these reports. Even if the Delaware court denies Townsend's motion, the issue will be effectively mooted by the late hearing date.

Relevant Facts

Discovery in this case was scheduled to end June 1, 2008. During depositions of Agere's fact witnesses taken during the last two weeks of May, Mr. Yu, an ex-employee of Agere, and Jianqiang (John) Xin, a current Agere employee, were identified by Agere's fact witnesses as being knowledgeable about the operation of the infringing software found in Agere's products. On May 21, 2008, GE Licensing issued the referenced subpoena for Mr. Yu's deposition on May 30, 2008, and sent to Townsend a Notice of Deposition for Mr. Xin for May 30, 2008. As mentioned above, the subpoena was served on Mr. Yu on May 23, 2008.

On May 29, 2008, the attorney from Mr. Yu's current employer, Conexant Systems, Inc., called GE Licensing's local Delaware counsel, Philip Rovner of Potter Anderson & Corroon (who signed the subpoena), and confirmed to Mr. Rovner that Mr. Yu had received the subpoena, but that he would be unavailable for his deposition the following day. We asked several times for alternate dates for Mr. Yu's deposition, but the attorneys from Conexant never did provide alternate dates. On June 16, 2008, Conexant's lawyer informed me that Agere's counsel is now also representing Mr. Yu and to contact Townsend for Mr. Yu's availability. On June 17, I sent Townsend an e-mail message seeking Mr. Yu's availability for a deposition pursuant to the subpoena. On June 18th, Townsend responded that "Mr. Yu will not be responding to [GE Licensing's] subpoena and will not be providing dates for his deposition." (Exhibit 2.) According to the letter, the basis for Mr. Yu's refusal to appear was that *Agere* had not received adequate notice in May of Mr. Yu's originally-scheduled deposition on May 30.

GE Licensing and Townsend met and conferred (via telephone) on June 23, 2008, regarding Mr. Yu's deposition, in a final effort to resolve this issue without involving this Court. Townsend reiterated *Agere's* objection that *Agere* was not properly notified of Mr. Yu's deposition, and that since discovery had technically ended on June 1, 2008, Mr. Yu's deposition was not properly noticed. GE Licensing responded that Mr. Yu himself does not have any objection to the subpoena. As for Agere, it has had proper notice for over three weeks and that even though June 1st was the technical end of discovery, three depositions were taken since then, two of which were of third-party deponents (from Motorola), and all of which were noticed prior to June 1st, but were taken after that date because the witnesses were not available on the scheduled dates. Needless to say, the parties could not reach a resolution, even though the easiest, cheapest, and

The Honorable Sidney H. Stein
June 26, 2008
Page 3

quickest resolution would be for Mr. Yu to sit for his deposition near his workplace in Red Bank, New Jersey.[2]

## Compelling Mr. Yu's Deposition

Mr. Yu has not provided any adequate excuse for failing to obey the subpoena. While this Court has the power to hold Mr. Yu in contempt, such a sanction is drastic, especially for a non-party, and GE Licensing would prefer the court to compel Mr. Yu to appear for his deposition, rather than to sanction him for contempt. To that end, GE Licensing has consistently abided by Fed. R. Civ. P. 45(c) ("Protecting a Person Subject to a Subpoena") by taking "reasonable steps to avoid imposing undue burden or expense" on Mr. Yu. GE Licensing agreed to put off the deposition since Mr. Yu was unavailable on May 30, 2008, and has agreed to hold the deposition in Red Bank, New Jersey, where Mr. Yu works, at Mr. Yu's request (which was communicated through Conexant's counsel).

Mr. Yu's testimony is highly relevant, since it will likely provide information regarding the operation of the infringing software. Moreover, Agere did not produce until June 11 lists of changes to the infringing software authored or authorized by Mr. Yu. Mr. Yu's knowledge is also relevant to negating Agere's license and patent exhaustion defenses, and he also has knowledge regarding industry standards alleged to be covered by the patents-in-suit. Initial expert reports are due in this case on August 4, 2008, and the absence of Mr. Yu's testimony is hampering GE Licensing's ability to complete these reports.

Mr. Yu was properly served, has not objected to service of the subpoena, has not filed a motion to quash the subpoena, and does not have any legal basis for objecting to his deposition. To the contrary, GE Licensing has tried to accommodate Mr. Yu's schedule, yet has been given the run-around by Mr. Yu's employer's attorneys and now Townsend in the attempt to find a single day to take his deposition within the first three weeks (now four weeks) in June. Mr. Yu should be compelled to testify.[3]

## Agere's Objection To Notice Is Now Moot

Agere's only objection to Mr. Yu's subpoena is that, per the Federal Rules and Delaware Local Rules, it was not properly notified of Mr. Yu's deposition had it been held on May 30. Fed. R. Civ. P. 30(b)(1) requires "reasonable written notice to every other party" of a deposition. Delaware Local Rule 30.1 states that "reasonable notice" in Fed. R. Civ. P. 30(b)(1) "shall not be

---

[2]  The intransigence shown by Townsend in this matter is nothing new – GE Licensing has had to file four motions to compel discovery during this litigation.

[3]  GE Licensing believes that Mr. Yu would comply with the subpoena, were he not represented at this point by Townsend, and that would be the end of the matter. Since Townsend is now representing both Mr. Yu and Agere, GE Licensing believes there is an actual conflict of interest. GE Licensing does not seek Townsend's disqualification *per se*, but asks that the Court to recognize that Mr. Yu is not being adequately represented, and to resolve the issue as expeditiously as possible.

The Honorable Sidney H. Stein
June 26, 2008
Page 4

less than 7 days." Because Mr. Yu was served on Friday evening before the Memorial Day weekend, Notice of Service was inadvertently not filed in the Delaware court. After Mr. Yu told GE Licensing of his unavailability for the May 30th deposition, and GE Licensing notified Agere, Agere informed GE Licensing of this oversight in notice, which GE Licensing remedied on May 30, nearly four weeks ago. Since the deposition still has not occurred, Agere has certainly received more than "7 days" notice of the deposition, and has not been prejudiced by GE Licensing's oversight in not filing the Notice of Service earlier than it did. In fact, since Agere's counsel is now representing Mr. Yu, Agere will know before GE Licensing when Mr. Yu can be made available.

Agere has also stated that since discovery ended on June 1, 2008, any deposition is now out of time. However, several depositions, including third-party depositions, have taken place during the three calendar weeks since that date, all of which were noticed prior to June 1st, but those witnesses were not available prior to that date. Since Mr. Yu's deposition was also noticed prior to June 1st, and he was not available for deposition prior to that date, GE Licensing does not believe that Agere can object on that basis. And Agere's continued production of relevant documents into the end of May and June belies its belief that discovery has ended.

Relief

For the foregoing reasons, GE Licensing requests that Your Honor order the deposition of Mr. Yu to go forward on a date within the next two weeks.

Respectfully submitted,

*[signature]*

Robert Greenfeld (admitted in the S.D.N.Y.)

cc:    Agere's and Jinguo Yu's Counsel (via fax)

| David E. Sipiora | (303-571-4321) | Jeffrey T. Castellano | (302-571-1253) |
| Ian L. Saffer | (303-571-4321) | Josy W. Ingersoll | (302-571-1253) |
| Chad E. King | (303-571-4321) | John W. Shaw | (302-571-1253) |
| Ryan D. Phillips | (303-571-4321) | | |

GE Licensing's Counsel (via e-mail)

| Joel M. Freed | (jfreed@mwe.com) |
| Michael W. Connelly | (mconnelly@mwe.com) |
| Philip A. Rovner | (provner@potteranderson.com) |
| Richard L. Horwitz | (rhorwitz@potteranderson.com) |

WDC99 1583474-3.037743.0051

# EXHIBIT 1

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Southern District of New York

CIF LICENSING, LLC, d/b/a GE LICENSING, Plaintiff

V.

AGERE SYSTEMS, INC., Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C.A. No. 07-170 (JJF)

TO:  Jinguo Yu
8 Kentview Ct.
Flemington, NJ 08822-4039

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  McDermott Will & Emery LLP<br>340 Madison Ave.<br>New York, NY 10173 | DATE AND TIME        05/30/2008 9:00 am,<br>or at some other such date, time, and place as<br>mutually agreed upon by counsel for the parties. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_                    (Attorney for Plaintiff, GE Licensing) | 5/21/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Philip A. Rovner, Esq., Potter Anderson & Corroon LLP, Hercules Plaza, P.O. Box 951, Wilmington, DE 19899
(302) 984-6000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

MAY-27-2008  10:16    96%    P.02

CIF LICENSING, L.L.C., D/B/A GE LICENSING

Plaintiff

vs.

AGERE SYSTEMS, INC.

Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

DOCKET NO.: C.A. NO. 07-170 (JJF)

**Person to be served** (Name & Address):
JINGUO YU
8 KENTVIEW COURT
Flemington, NJ 08822

**Attorney:**
PHILLIP A. ROVNER, ESQ.
POTTER ANDERSON & CORROON, L.L.P.
HERCULES PLAZA, P.O. BOX 951
WILMINGTON, DE 19899

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant

$ _____

**Papers Served:**
SUBPOENA IN A CIVIL CASE AND WITNESS FEE  CHECK IN THE AMOUNT OF $50.00

**Service Data:**
Served Successfully **XXXX**    Not Served _____     Date: **05/23/2008**    Time: **07:55 PM**

**XXXX**  Delivered a copy to him / her personally

_____  Left a copy at his/her dwelling place or usual
place of abode by delivering same to a
competent household member over
14 years of age residing therein
(indicate name & relationship at right)

_____  Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(indicate name & official title at right)

Name of Person Served and
relationship / title:
**JINGUO YU, Individually**

Actual place of service:
**8 KENTVIEW COURT**
Flemington, NJ  08822

**Description of Person Accepting Service:**

Sex: **Male**    Age: **40'S**    Height: **5'7"**    Weight: **160**    Skin Color: **White**    Hair Color: **Black**

**Unserved:**

_____  Defendant is unknown at the address furnished by the attorney
_____  All reasonable inquiries suggest defendant moved to an undetermined address
_____  No such street in municipality
_____  No response on: _____ Date _____ Time _____ Date _____ Time
                                   _____ Date _____ Time

_____  Other: _____  Comments or Remarks _____

**Server Data:**

Subscribed and Sworn to me this
**27** day of **May 2008**

_____
Name of Notary / commission expiration

**CARMEN I. MOLINA**
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 2/13/2009

I, Ted Cordasco, was at the time of service a
competent adult not having a direct interest in
the litigation. I declare under penalty that the
foregoing is true and correct.

_____  Date _____
**Ted Cordasco**
PARCELS, INC. - (Our File#: 881)
230 NORTH MARKET STREET, WILMINGTON, DE 19899
302/ 658-9911

# EXHIBIT 2

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

June 18, 2008

***VIA U.S. MAIL AND EMAIL***

Robert Greenfeld
McDermott Will & Emery LLP
340 Madison Ave..
New York, NY 10173

Amanda E. Koenig
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096

RE: ***CIF Licensing, LLC d/b/a GE Licensing v. Agere Systems, Inc.***
    Subpoena of Mr. Jinguo Yu

Dear Mr. Greenfeld and Ms. Koenig:

I write in response to Ms. Koenig's letter of June 4, 2008, and Mr. Greenfeld's email of June 17, 2008, regarding GE's subpoena of Mr. Jinguo Yu. GE's first notice to Agere of the deposition of Mr. Yu, which comported with F.R.C.P. 30(b)(1), was the Notice of Subpoena filed with the Court on May 30, 2008 -- the same day GE scheduled the deposition of Mr. Yu.

GE did not notify Agere of the subpoena of Mr. Yu and did not include Agere on any correspondence regarding the scheduling of the deposition of Mr. Yu. In fact, the first Agere heard of the subpoena or the scheduled deposition was on May 29 when Mr. Greenfeld sent an email to Agere's counsel stating that the deposition scheduled for the next day would not go forward due to Mr. Yu's unavailability. Scheduling a deposition of a former Agere employee, or any witness for that matter, without adequate notice to Agere, is a violation of the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware.

Furthermore, the copy of the subpoena filed with the Court does not provide appropriate proof of service. The subpoena does not show who accepted the service, the manner of service, the date and place of service, and is not executed by the server. In fact, the only information in the proof of service section is the word "SERVED" typed in this section of the subpoena. Your letter of June 4 started that "you will see from the attached proof of service that Mr. Yu was served his subpoena on Friday, May 23, 2008,". however, no such proof of service was attached

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Robert Greenfeld and Amanda Koenig
June 18, 2008
Page 2

to your letter or the email transmitting the letter, and no such proof is in the Notice filed with the Court.

As you know, we are now representing Mr. Yu with respect to your subpoena. As stated in our letter of June 3, 2008, GE failed to timely serve notice of Mr. Yu's deposition to Agere under F.R.C.P. 30(b)(1) and the Local Rules for the District of Delaware. Accordingly, because the notice for your subpoena to Agere was untimely, and discovery in this case ended June 2, 2008, Mr. Yu will not be responding to your subpoena and will not be providing dates for his deposition.

Please let me know if you have any questions or have legal support that contradicts our understanding of applicable rules.

Sincerely,

Ryan D. Phillips

cc: Dennis R. Gallagher (via email)

RDP/ppq

61403416v1

# EXHIBIT 15A

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Denver

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel  303.571.4000
Fax 303.571.4321

rdphillips@townsend.com

June 11, 2008

**VIA E-MAIL AND U.S. MAIL**

Robert Greenfeld
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173

Re:    *CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,*
       Civ. Action No. 07-170 (JJF) (D. Del.)

Dear Bobby:

I write in response to your letter dated June 10, 2008 and your email message dated June 11, 2008, and to follow up on my email message dated June 10, 2008.  As I indicated in my message, Agere does intend to produce all available versions of its source code used since 2001, but Agere likely will not be able to produce that source code this week; moreover, Agere will produce that code subject to the escrow provisions of the Protective Order in this case.

Pursuant to your request, however, Agere has been able to extract version histories from its various source code repositories (which, contrary to your assertion, include not only Microsoft Visual SourceSafe but also other packages, depending on the type of code).  Specifically, Agere has produced three sets of version histories: one set is in a zip file labeled "Softmodemhistoryzip"; another set is in a zip file labeled "DSPlog.zip"; a third set is in a zip file labeled "Venus.zip."

I have enclosed with this letter a CD containing each of these zip files; this CD has been Bates labeled AGERE/GE020743 and has been designated with a "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" legend.  Additionally, for your convenience, I have attached a copy of each of these zip files to the email message containing this letter.  We ask that you likewise treat the attached zip files as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

Please let me know if you have any questions.

Very truly yours,

Ryan D. Phillips  /cek

RDP/cek

61398168 v1

# EXHIBIT 15B

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 16

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 17

## Connelly, Michael

| From: | Castellano, Jeffrey [JCastellano@ycst.com] |
|---|---|
| Sent: | Thursday, April 17, 2008 9:14 AM |
| To: | jjf_civil@ded.uscourts.gov |
| Cc: | Shaw, John; Phillips, Ryan D; Sipiora, David E.; Saffer, Ian L.; Bell, Kevin M; Freed, Joel; Ferguson, Brian; Connelly, Michael; provner@potteranderson.com; kmbell@townsend.com |
| Subject: | RE: CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., C.A. No 07-170 (JJF) |

Dear Judge Farnan:

We represent Agere Systems Inc. ("Agere") in the above-referenced patent infringement action.  We write in response to the Plaintiff, CIF Licensing, LLC, d/b/a GE Licensing's ("GE") recent email to the Court.

GE served a massive, tremendously burdensome notice (the notice identified 47 separate topics for deposition), and it took some time to consult, evaluate, and come forward with a response.   Since offering its formal response to GE's Rule 30(b)(6) deposition notice on April 1, 2008, Agere has moved as quickly as possible to locate suitable representatives of the company and dates for the depositions.  This has been complicated by the extensive nature of GE's deposition notice, which includes a raft of topics on all things even remotely "calculated to lead to the discovery of admissible evidence."  Furthermore, GE added two more topics on April 1, 2008, both of which appear to be directed to compensate for GE's failure timely to serve discovery requests on financial issues (which is the subject of GE's pending motion to compel).

With respect to providing names, Agere has agreed to provide names, but sought a stipulation from GE that it would extend the same courtesy. Specifically, Agere asked GE to confirm that it would reciprocate in agreeing to (1) two days of Rule 30(b)(6) deposition of GE and (2) provide names of GE's deponents in advance of the deposition.  More than a week has passed and GE has not bothered to respond to our request for a stipulation.  Instead, GE has resorted to the Court, in lieu of working with Agere.

At this point, it is clear that GE's lawyers have been less than diligent over the past six months in conducting discovery, ignored Agere's offers to make available our source code for inspection, and failed to take seriously Agere's position that it cannot infringe a "standard."  Now, GE is scrambling to pull together its discovery.  GE did not notice a single deposition in February and waited until mid-March to serve its first notice - for April 2008.  At the same time, GE has not responded to Agere regarding our Rule 30(b)(6) deposition notice, served on April 4, 2008 - thirteen days ago.

GE never should have troubled the Court with the matter of these depositions.  On April 14, 2008, GE set forth its grievances concerning the scheduling of depositions in a letter to Agere.  Without waiting a full day, or contacting Agere, GE then sent the subject email to the Court demanding its requests immediately.  As the Court will note below, many of GE's requests are already moot due to Agere's prompt response to GE's April 14 letter.

As to the numbered points set forth in GE's email:

1.      Agere has provided GE with the topics that Mr. Rai will cover in his Rule 30(b)(6) deposition.

2.      Agere has offered May 9, 2008, for the second day of the Rule 30(b)(6) deposition of Agere.  GE has rejected it.  We are working with our client to determine when a representative can be available on an

1

alternative date. We have previously informed GE that its proposed date of April 29, 2008 will not work for Agere.

3.    With respect to the identity of the second Rule 30(b)(6) witness, Agere awaits GE's confirmation that GE will reciprocate our courtesy by providing, in advance of the Rule 30(b)(6) deposition of GE, the name of each GE witness. In addition, pursuant to Agere's proposal for reciprocity, Agere is awaiting confirmation that GE will provide witnesses for two days of Rule 30(b)(6) deposition. Nonetheless, Agere's second Rule 30(b)(6) witness will be Richard Flanagan.

4.    We cannot accept the dates for the individual deponents listed in their respective notices, but are working to provide a series of dates that will work for each deponent. We expect to have dates for GE this week.

5.    As we stated via email, we are representing Mr. Hargrove (former Agere employee), and we will accept service for him.

Because Agere remains willing to work with GE to address deposition scheduling, and already has provided much of what GE seeks, Agere respectfully requests that the Court deny the relief sought by GE.


Respectfully submitted,

Jeffrey T. Castellano
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-576-3587
Facsimile: 302-576-3551
JCastellano@ycst.com

-----Original Message-----
From: Rovner, Philip A. [mailto:provner@potteranderson.com]
Sent: Tuesday, April 15, 2008 12:56 PM
To: jjf_civil@ded.uscourts.gov
Cc: King, Chad E.; Sipiora, David E.; Saffer, Ian L.; John W. Shaw Esq.
(jshaw@ycst.com); Joel M. Freed Esq. (jfreed@mwe.com);
bferguson@mwe.com; Michael W. Connelly Esq. (mconnelly@mwe.com)
Subject: CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc.,
C.A. No 07-170 (JJF)


Dear Judge Farnan:

We represent plaintiff CIF Licensing, LLC, d/b/a as GE Licensing ("GE Licensing") in the above-referenced patent infringement action. Pursuant to the emergency procedures set forth in Paragraph 8(d) of the Scheduling Order (D.I. 32), GE Licensing respectfully requests the Court's expedited intervention to resolve the mounting discovery problems in this case. Fact discovery closes in approximately six weeks, yet Agere consistently has refused even to discuss its production deficiencies (the subject of two pending motions to compel, D.I. 65 and D.I. 71, which have been fully briefed), let alone engage in any meaningful discussion regarding the scheduling of depositions. In order to maintain the present pre-trial schedule (which Agere seems to determined to extend), GE Licensing has no choice but to seek the Court's immediate assistance on the scheduling of depositions.

Briefly, GE Licensing served its first Rule 30(b)(6) notice on March 12, 2008 setting April 4 as the deposition date. Agere did not respond for more than two weeks. On March 28, when it finally did respond, Agere

said only that it would produce no witnesses on April 4. After several communications attempts, on April 7 Agere gave one firm date, April 18, for one witness, and two unconfirmed dates, April 19th or 21st for a second witness. At that time Agere refused to state the identity of the witnesses or the specific topics on which these witnesses were being offered.

In the spirit of compromise (and with no other choice), GE Licensing agreed to depose one witness on the only date currently being offered, April 21. Only then did Agere identify this witness (Mr. Surinder Rai). However, despite having had the notice since March 12, Agere has refused to name any of the topics on which this witness will be testifying. Agere has only promised that some topics will be delivered later today, and Agere will not name all the topics until Friday, April 18, the last business day before the Monday, April 21 deposition.

As to the other Rule 30(b)(6) witness, Agere's position is that this witness is only available on April 18 (which Agere has long known does not work for GE Licensing) or, after much prodding, May 9 (three weeks before the end of discovery). Agere further refuses to identify the second witness or the topics on which he/she will testify until GE agrees to the proffered date. Agere has only stated that this witness will (likely) talk on "technical" issues. Incredibly, Agere has informed GE Licensing that this unnamed deponent (i) would likely have "little to no information" on many aspects of how Agere's products operate; and (ii) is not even one of the individuals Agere listed in its interrogatory responses as "most knowledgeable" regarding the structure, design, development, function and operation of Agere's products. At this late date, the only option open from Agere is to proceed with the deposition on May 9. This would leave less than three weeks in discovery to schedule another Rule 30(b)(6) deposition, if required, and to schedule individual depositions based on the information obtained during the May 9 Rule 30(b)(6) deposition.

The foregoing reflects Agere's position regarding those categories to which it has agreed to proffer a witness. Based on objections to GE Licensing's Rule 30(b)(6) notice served on April 4, Agere has refused to provide a witness to numerous other Rule 30(b)(6) topics. GE Licensing immediately requested a meet and confer which left several issues open-ended. GE Licensing proposed a reasonable compromise on remaining issues by follow-up letter. Agere never responded to that letter, and now even refuses to name topics on which its witnesses will testify until the eve of the deposition.

Further still, on April 4, GE Licensing provided Agere with the names of five individuals it sought to depose (Mr. Hargrove on April 18, Mr. Cohen on April 21, Mr. Bays on April 23, Mr. Schulz on April 25 and Mr. Vernekar on April 28). All of these individuals were identified by Agere as "most knowledgeable" in Agere's responses to GE Licensing's interrogatories (on categories such as sales, marketing and the structure, design, development, function and operation of Agere's products). GE Licensing believed all were either current or former Agere employees. Agere stalled for more than one week before acknowledging that 4 of the 5 individuals were, indeed, current Agere employees. However, to date, Agere has still not informed GE Licensing whether the proposed deposition dates are acceptable.

GE Licensing has dealt with Agere's stonewalling since the beginning of discovery in this case (as detailed in each of GE Licensing's three motions to compel). Agere's refusal to reasonably discuss these matters has left GE Licensing with no option but to seek the assistance of the Court. Accordingly, GE Licensing requests that Agere be ordered to immediately:

    1.         Provide the topics on which Mr. Surinder Rai (Agere's April 21 Rule 30(b)(6) deponent) will provide testimony;

     2.          Provide alternative dates for the second Rule 30(b)(6) deposition to occur prior to May 2, preferably on April 29;

     3.          Provide the identity of its second Rule (30)(b)(6) witness and the topics on which he/she will provide testimony;

     4.          Confirm the proposed dates for the four identified Rule 30(b)(1) deponents who are current Agere employees; and

     5.          Accept service of a subpoena for Mark Hargrove, a former Agere employee, or, if not authorized to do so, provide his contact information to the extent available to Agere.

Should Your Honor have any questions, counsel are available at the Court's convenience.


Respectfully,


Philip A. Rovner


Philip A. Rovner, Esq.
Potter Anderson & Corroon LLP
P.O. Box 951
1313 N. Market Street
Wilmington, Delaware  19801
(302) 984-6000 (main)
(302) 984-6140 (direct)
(302) 658-1192 (fax)
provner@potteranderson.com

************************************************************
This electronic mail transmission may contain
confidential or proprietary information intended only for
the person(s) named.  Any use, distribution, copying
or disclosure by another person is strictly prohibited.
************************************************************

# EXHIBIT 18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    C.A. No. 07-170 (JJF)<br>) |
| AGERE SYSTEMS INC., | )<br>) |
| Defendant. | )<br>) |

## NOTICE OF DEPOSITION OF ASHOK VERNEKAR

Plaintiff CIF Licensing, LLC, d/b/a GE Licensing ("GE Licensing"), by and through its undersigned counsel, hereby gives notice that it will take the deposition(s) by oral testimony of Ashok Vernekar, pursuant to Federal Rule of Civil Procedure 30(b)(1).  The deposition(s) will be held the offices of Potter Anderson & Corroon LLP at

> Hercules Plaza, 6th Floor
> 1313 North Market St.
> Wilmington, DE 19801

on April 28, 2008, beginning at 9:00 AM, or at some other such date, time, and place as mutually agreed upon by counsel for the parties, and continue from day to day until completed.

The deposition(s) will be conducted before an officer, notary public, or other person duly authorized to administer oaths, and will be recorded by stenographic, audio, video, and/or real-time transcription (*e.g.*, LiveNote) means in accordance with Federal Rule of Civil Procedure 30(b). The examination will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: April 9, 2008
859462

By: _____
Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

- 2 -

# EXHIBIT 19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING,<br><br>       Plaintiff,<br><br>    v.<br><br>AGERE SYSTEMS INC.,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 07-170 (JJF) |

### <u>NOTICE OF DEPOSITION OF HERB COHEN</u>

Plaintiff CIF Licensing, LLC, d/b/a GE Licensing ("GE Licensing"), by and through its undersigned counsel, hereby gives notice that it will take the deposition(s) by oral testimony of Herb Cohen, pursuant to Federal Rule of Civil Procedure 30(b)(1).  The deposition(s) will be held the offices of Potter Anderson & Corroon LLP at

        Hercules Plaza, 6th Floor
        1313 North Market St.
        Wilmington, DE 19801

on April 21, 2008, beginning at 9:00 AM, or at some other such date, time, and place as mutually agreed upon by counsel for the parties, and continue from day to day until completed.

The deposition(s) will be conducted before an officer, notary public, or other person duly authorized to administer oaths, and will be recorded by stenographic, audio, video, and/or real-time transcription (*e.g.*, LiveNote) means in accordance with Federal Rule of Civil Procedure 30(b).  The examination will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: April 9, 2008
859465

By: _____
Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

- 2 -

# EXHIBIT 20

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a      )
GE LICENSING,               )
                             )
         Plaintiff,         )
                             )
      v.               )      C.A. No. 07-170 (JJF)
                             )
AGERE SYSTEMS INC.,      )
                             )
         Defendant.     )

## NOTICE OF DEPOSITION OF LARRY BAYS

Plaintiff CIF Licensing, LLC, d/b/a GE Licensing ("GE Licensing"), by and through its

undersigned counsel, hereby gives notice that it will take the deposition(s) by oral testimony of

Larry Bays, pursuant to Federal Rule of Civil Procedure 30(b)(1). The deposition(s) will be held

the offices of Potter Anderson & Corroon LLP at

> Hercules Plaza, 6th Floor
> 1313 North Market St.
> Wilmington, DE 19801

on April 23, 2008, beginning at 9:00 AM, or at some other such date, time, and place as mutually

agreed upon by counsel for the parties, and continue from day to day until completed.

The deposition(s) will be conducted before an officer, notary public, or other person duly

authorized to administer oaths, and will be recorded by stenographic, audio, video, and/or real-

time transcription (*e.g.*, LiveNote) means in accordance with Federal Rule of Civil Procedure

30(b). The examination will be taken for the purposes of discovery, for use at trial in this action,

and for any purposes permitted under the Federal Rules of Civil Procedure.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated:  April 9, 2008
859466

By: _____

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

- 2 -

# EXHIBIT 21

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 22

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 23

1  John M. Desmarais (*pro hac vice*)
   Gregory S. Arovas (*pro hac vice*)
2  Todd M. Friedman (*pro hac vice*)
   David B. Perry-Campf (*pro hac vice*)
3  KIRKLAND & ELLIS LLP
4  Citigroup Center
   153 East 53rd Street
5  New York, NY 10022-4675
   Telephone: (212) 446-4800
6  Facsimile: (212) 446-4900

7
   Eric R. Lamison, State Bar No. 178262
8  KIRKLAND & ELLIS LLP
   555 California Street
9  San Francisco, CA 94104
   Telephone: (415) 439-1400
10 Facsimile: (415) 439-1500

11
   Attorneys for Defendant and Counterclaimant
12 AGERE SYSTEMS INC.

13                    UNITED STATES DISTRICT COURT
14                   NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION
15

16 | IN RE TOWNSHEND PATENT LITIGATION | Master File No. C-02-4833-JF (PVT) |

17

18 This document relates to:              This document relates to: C-02-4836-
                                          JF (PVT)
19 TOWNSHEND INTELLECTUAL PROPERTY,
   L.L.C., a California L.L.C.,            **AGERE'S FIRST**
20                                         **SUPPLEMENTAL INITIAL**
                    Plaintiff,             **DISCLOSURES PURSUANT TO**
21        v.                               **FED. R. CIV. P. 26(a)(1) AND 26(e)**

22 AGERE SYSTEMS INC., a Delaware
   Corporation,
23
                    Defendant.
24

25

26 And Related Counterclaims.

27

28

1   Defendant Agere Systems Inc. ("Agere"), hereby submits its First Supplemental Initial

2   Disclosures under Fed. R. Civ. P. 26(a)(1) and 26(e).  Agere submits these First Supplemental Initial

3   Disclosures based upon information it has acquired to date, and as it presently understands this

4   information and the significance thereof.  Accordingly, Agere reserves the right, consistent with its

5   obligations under Rule 26(e), to modify, amend, retract, and/or supplement the disclosures made

6   herein as additional evidence and information become available.

7   **A.  Individuals**

8   Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Agere provides the following list containing the

9   names and contact information of individuals who may have discoverable information that Agere

10  may use to support its claims or defenses, and identifying the subjects of such information:

| Name and Contact Information | Subjects |
| --- | --- |
| **Ender Ayanoglu**<br>University of California, Irvine<br>Electrical and Computer Engineering Department<br>The Henry Samueli School of Engineering<br>408B Engineering Tower<br>Irvine, CA 92697<br>Tel. (949) 824-1341 | Agere modem products. |
| **Joseph Banotai**<br>Agere Systems Inc.<br>Lehigh Valley Central Campus<br>1110 American Parkway, NE<br>Allentown, PA 18109-9138<br>Tel. (610) 712-5745 | Manufacturing locations of Agere modem products. |
| **Bahman Barazesh**<br>Agere Systems Inc.<br>Lehigh Valley Central Campus<br>1110 American Parkway, NE<br>Allentown, PA 18109-9138<br>Tel. (610) 712-2756 | Information related to the V.90 standards-setting process. |
| **Paul J. Bento**<br>Agere Systems Inc.<br>Lehigh Valley Central Campus<br>1110 American Parkway, NE<br>Allentown, PA 18109-9138<br>Tel. (610) 712-5782 | Formation of Agere as a corporate entity. |

| Name and Contact Information | Subjects |
|---|---|
| **Herbert B. Cohen**<br>Agere Systems Inc.<br>Lehigh Valley Central Campus<br>1110 American Parkway, NE<br>Allentown, PA 18109-9138<br>Tel. (610) 712-4111 | Agere modem products. |
| **Nuri R. Dagdeviren**<br>Agere Systems Inc.<br>14th Fl., Good Morning Shinhan Tower<br>Yoido-dong, Yeong Dong Po Ku<br>Seoul, South Korea<br>Tel. 82 10 7167 1807 | Agere modem products. |
| **Gerard DeBlasi**<br>IPValue Management Inc.<br>991 Route 22 West<br>Bridgewater, NJ 08807<br>Tel. (908) 546-5980 | Agere's intellectual property license agreements; separation of Agere from Lucent. |
| **Stephen C. Durant**<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California 94105<br>Tel. (415) 268-7000 | Prosecution of U.S. Patent Nos. 5,801,695, 5,809,075, 5,859,872, 5,970,103, 6,233,275, 6,233,284, and 6,400,770 (collectively, "the patents-in-suit"). |
| **Glenn D. Golden**<br>868 Brook Road<br>Boulder, Colorado 80302<br>Tel. (303) 448-1187 | Agere modem products. |
| **Kent Harmison**<br>Agere Systems Inc.<br>Lehigh Valley Central Campus<br>1110 American Parkway, NE<br>Allentown, PA 18109-9138<br>Tel. (610) 712-6651 | Sales of Agere modem products. |
| **Michael Hetherington**<br>Woodside Intellectual Property Law Group<br>P.O. Box 61047<br>Palo Alto, California 94306<br>Tel. (650) 851-3634 | Prosecution of the patents-in-suit. |

| Name and Contact Information | Subjects |
|---|---|
| **Bradley J. Hulbert**<br>McDonnel Boehnen Hulbert & Berghoff<br>300 South Wacker Drive<br>32nd Floor<br>Chicago, Illinois 60606<br>Tel. (312) 913-0001 | Prosecution of the patents-in-suit. |
| **Raymond K. Jones**<br>15 Regan Ct.<br>Voorhees, NJ 08043<br>Tel. (856) 489-0466 | Agere modem products. |
| **Adit M. Khorana**<br>Wilson Sonsini Goodrich & Rosati<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, California 94304<br>Tel. (650) 493-9300 | Prosecution of the patents-in-suit. |
| **Robert G. Moll**<br>Patent Planet<br>1173 St. Charles Court<br>Los Altos, California 94022<br>Tel. (650) 567-9153 | Prosecution of the patents-in-suit. |
| **Michael J. Murphy**<br>Wilson Sonsini Goodrich & Rosati<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, California 94304<br>Tel. (650) 493-9300 | Prosecution of the patents-in-suit. |
| **Michael J. Panepucci**<br>Wilson Sonsini Goodrich & Rosati<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, California 94304<br>Tel. (650) 493-9300 | Prosecution of the patents-in-suit. |
| **Martin Rauchwerk**<br>Agere Systems Inc.<br>Lehigh Valley Central Campus<br>1110 American Parkway, NE<br>Allentown, PA 18109-9138<br>Tel. (610) 712-5554 | Agere marketing records relating to Agere modem products. |

| Name and Contact Information | Subjects |
|---|---|
| **Burton R. Saltzberg**<br>91 Southview Terrace<br>Middletown, NJ 07748<br>Tel. (732) 671-1770 | Agere modem products. |
| **Matthew J. Sampson**<br>McDonnel Boehnen Hulbert & Berghoff<br>300 South Wacker Drive<br>32nd Floor<br>Chicago, Illinois 60606<br>Tel. (312) 913-0001 | Prosecution of the patents-in-suit. |
| **David G. Shaw**<br>Agere Systems Inc.<br>Lehigh Valley Central Campus<br>1110 American Parkway, NE<br>Allentown, PA 18109-9138<br>Tel. (610) 712-1677 | Agere modem products. |
| **Brent Townshend**<br>156 University Drive<br>Menlo Park, California 94025<br>Tel. (650) 328-5260 | Prosecution of the patents-in-suit and information related to the subject matter disclosed therein; scientific and technical information related to the patents-in-suit; Townshend's assertion of the patents-in-suit; Townshend's actions in licensing and/or assignment of the patents-in-suit; Townshend's involvement in standard-setting processes; information related to Townshend Intellectual Property, L.L.C. |
| **Jinguo Yu**<br>Agere Systems Inc.<br>Lehigh Valley Central Campus<br>1110 American Parkway, NE<br>Allentown, PA 18109-9138<br>Tel. (610) 712-3694 | Agere modem products. |

**B. Documents**

Pursuant to Fed R. Civ. P. 26(a)(1)(B), Agere provides the following description, by category and location, of the non-privileged documents, data compilations and tangible things within its possession, custody or control that Agere may use to support its claims or defenses, unless solely for impeachment:

| Category | Location |
|---|---|
| 1. Documents relating to the patents-in-suit. | These will be made available at the offices of: Kirkland & Ellis LLP Citigroup Center 153 East 53rd Street New York, NY 10022. |
| 2. Documents including prior-art references relevant to the patents-in-suit. | These will be made available at the offices of: Kirkland & Ellis LLP Citigroup Center 153 East 53rd Street New York, NY 10022. |
| 3. Documents regarding Agere modem products. | Agere Systems Inc. Lehigh Valley Central Campus 1110 American Parkway, NE Allentown, PA 18109 |
| 4. Financial and marketing records relating to sales of certain Agere Modem products. | Agere Systems Inc. Lehigh Valley Central Campus 1110 American Parkway, NE Allentown, PA 18109 |
| 5. Certain of Agere's other business records. | Agere Systems Inc. Lehigh Valley Central Campus 1110 American Parkway, NE Allentown, PA 18109 |

**C. Damages**

Agere states that it is presently unaware of the existence of any information within its possession, custody, or control that is called for by Fed R. Civ. P. 26(a)(1)(C).

**D. Insurance Coverage**

Agere states that it is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

1    Dated: July 1, 2005                          KIRKLAND & ELLIS LLP

2

3                                                 By: _____
                                                     David B. ~~Ferry~~ Campf
4                                                    Attorneys for Defendant/Counterclaimant
                                                     AGERE SYSTEMS INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I am a citizen of the United States, over the age of 18, and not a party to this action. My place of employment and business address is Kirkland & Ellis LLP, 153 E. 53rd St., New York, NY 10022. On July 1, 2005, I caused a copy of the following to be served on the parties as follows:

**AGERE'S FIRST SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1) AND 26(e)**

[ ]    **BY MAIL.** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. The above document was placed in a sealed envelope with first-class postage thereon fully prepaid, and placed for collection and mailing on that date following ordinary business practice.

[ ]    **BY HAND DELIVERY.** I caused the above document(s) to be placed in the hands of the addressee listed below, or a representative thereof.

[X]    **BY FACSIMILE.** By transmitting via facsimile, the document(s) listed above to the fax number set forth above on this date. I am aware that service is presumed invalid unless the transmission machine properly issues a transmission report stating the transmission is complete and without error.

[ ]    **BY OVERNIGHT DELIVERY SERVICE.** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for deposit with an overnight delivery service. Correspondence placed for collection and processing is either delivered to a courier or driver authorized by said overnight delivery service to receive documents or deposited by an employee or agent of this firm in a box or other facility regularly maintained by said overnight delivery service that same day in the ordinary course of business.

| | | |
|---|---|---|
| Jennifer A. Ochs, Esq.<br>WILSON SONSINI<br>GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | L. Scott Oliver, Esq.<br>MILBANK, TWEED,<br>HADLEY & MCCLOY<br>Five Palo Alto Square, 7th<br>Floor<br>3000 El Camino Real<br>Palo Alto, CA 94306-1209 | Brian D. Ledahl, Esq.<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars,<br>Suite 900<br>Los Angeles, CA 90067 |

Executed July 1, 2005, at New York, New York

David B. Perry-Campf

# EXHIBIT 24

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 25

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY