IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-170-JJF |
| v. | ) ) | |
| AGERE SYSTEMS INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT AGERE SYSTEMS INC.'S AND NON-PARTY JINGUO YU'S REPLY IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER**

Defendant Agere Systems Inc. ("Agere") and non-party Dr. Jinguo Yu, by counsel, submit this reply in support of their Motion for a Protective Order (the "Motion"). Contrary to the allegations of CIF Licensing, LLC, d/b/a GE Licensing ("GE"),[1] Agere reiterates that Dr. Yu joins in the Motion.

## I.  INTRODUCTION

Despite GE's entirely transparent effort to cloud the issues with unsupported allegations and misleading facts, the primary dispute remains clear. GE attempted to depose a former Agere employee, Dr. Yu, about his employment at Agere: (1) without providing Agere formal notice of the deposition as required under the Federal and Local Rules; and (2) without including Agere in any discussions with respect to the timing and location of the deposition. Notwithstanding

---

[1] *See* GE's Response Brief ("GE's Response"), D.I. 141, p. 2 ("The only one making any noise about not having this deposition is Agere.").

having failed to meet its obligations under the Rules, GE continues to demand the deposition of Dr. Yu outside of the discovery period.[2]  GE's sole support for continuing to pursue the deposition is a series of complaints regarding the scheduling of other depositions, without once acknowledging GE's own dilatory behavior in pursuing its infringement case, particularly with respect to Agere's source code.  In addition, GE misleadingly points to Agere's actions in scheduling certain, properly noticed depositions for June as justification for the taking of Dr. Yu's deposition outside of the discovery period.  The Court should not allow GE to depose Dr. Yu outside of the discovery period at great inconvenience to Agere, and thus should grant Agere and non party Dr. Yu's Motion for a Protective Order.

## II.  ARGUMENT

### A.  GE Failed Properly To Pursue Dr. Yu's Deposition Within the Discovery Period.

At least five times in its Answering Brief, GE petulantly dismisses the primary thrust of Agere's Motion as a "non-issue," "minor oversight," "much ado about nothing," "a waste of time and money," and "an oversight."  This supposedly trifling transgression referred to is GE's complete and utter failure to provide Agere with any notice, formal or otherwise, that it had scheduled the deposition of a former Agere employee about his work at Agere--an indisputable violation of the Federal and Local Rules.  GE now acts as if its belated service of the notice, on the last business day of the discovery period, entitles it to take the deposition of Dr. Yu outside of the discovery period defined by the Court's Scheduling Order.  The Court should not countenance such conduct.

---

[2] *See* GE's Letter Motion to enforce Dr. Yu's subpoena, sent to Judge Sidney Stein of the Southern District of New York, was dismissed pending resolution of this Motion (attached hereto as Exhibit A).

### i.  GE is Not Entitled to Take Dr. Yu's Deposition Due to GE's Failure to Comply With The Rules of Civil Procedure.

The Federal and Local Rules and the Court's Scheduling Order are clear. "A party who wants to depose a person by oral questions must give reasonable written notice to *every other party*." Fed. R. Civ. P. 30(b)(1). D. Del. LR 30.1 defines reasonable notice as no less than seven days. In this case, Section 3(a) of the Scheduling Order required depositions be completed by June 1, 2008. (D.I. 32.) By its own admission, GE failed to provide written notice of Dr. Yu's deposition to Agere more than seven days before the close of discovery. In asking the Court to ignore its inability to follow the Rules and schedule of this case, GE is seeking nothing less than a reward for its own bad behavior.

### ii.  GE Failed to Include Agere in the Negotiations for Dr. Yu's Deposition

Regardless of GE's "honest mistake" in serving the notice late, an equally egregious failure was GE's choice to not seek Agere's input[3] as to when and where this deposition would take place in May 2008, even as the parties were negotiating deposition dates for other witnesses. During a May 19, 2008 meet and confer, counsel for GE asked whether Dr. Yu was still employee of Agere and, if he was not an employee, whether Agere would represent him. Counsel for Agere was not aware of Dr. Yu's employment status at that time, and thus could not say whether he would represent Dr. Yu. Two days later, GE issued its subpoena, which was served on Dr. Yu on May 23, 2008. GE's inquiry on May 19th was the *only* time GE mentioned

---

[3] On June 19, 2008, GE produced a series of emails between GE's counsel and counsel for Conexant regarding the scheduling of Dr. Yu's deposition. Those emails are dated May 29 to June 9, 2008. Agere's counsel is not copied on any of the correspondence. *See* Motion, Exhibit F. In addition, by not providing notice to Agere or including Agere in the negotiations, GE failed to give Agere the opportunity to represent its former employee, Dr. Yu, with respect to the subpoena.

Dr. Yu to Agere until May 29, 2008. Apparently, in the intervening ten days, GE negotiated deposition dates and locations with Dr. Yu's current employer, all without the input of Dr. Yu's former employer and party to the case, Agere.[4]

However, during this same intervening period, GE and Agere were engaged in negotiations to settle on dates for the depositions of *seven* other witnesses, including GE's deposition of five Agere witnesses and Agere's deposition of GE's designated Rule 30(b)(6) witness. Three of the deposition were taken on May 29, 2008, and three more were taken on May 30, 2008, the same day that GE was seeking to depose Dr. Yu.[5] During the negotiations to ensure that all of the other depositions took place before the close of discovery, GE neglected to even once mention the subpoena for Dr. Yu or his deposition scheduled for May 30, 2008. As stated in the Motion, and admitted by GE in its Answering Brief, GE first informed Agere of Dr. Yu's subpoena on May 29, 2008.

When informed of its blatant failure to formally, or even informally, notice Agere, GE attempted to cover its tracks by serving the deposition notice on May 30, 2008, the final business day before the close of discovery. GE's notice lists May 30, 2008 as the date for Dr. Yu's

---

[4] *See* GE's Response, p. 4-5.

[5] On May 29, 2008, Agere took the depositions of a Motorola fact witness and GE's designated Rule 30(b)(6) witness. On May 29, 2008, GE took the deposition of Michael Pasznik, an Agere employee. On May 30, 2008, GE took the depositions of three additional Agere employees, Jeff Kohler, Warren Waskiewicz and Bob Mantz. GE had served notices for these four Agere employees on May 19, 2008. GE served a notice for a fifth Agere employee, John Xin, on May 21, 2008, seeking a deposition on May 30, 2008. Upon specific agreement between the parties, John Xin was deposed by GE on June 13, 2008.

deposition, the same day GE served the notice.[6]  Despite these undeniable facts, GE huffily

dismisses its complete lack of respect for both the Rules and common courtesy, as well as

Agere's legitimate objection to GE's failure to follow the rules, as "much ado about nothing."

### iii.    Agere, and Non-Party Dr. Yu, Are Prejudiced in Having to Seek a Protective Order Against GE.

Agere is prejudiced by GE's continued pursuit of Dr. Yu's deposition, in blatant

disregard of the fact that discovery is closed.  As GE aptly point outs, expert reports are due on

August 4, 2008.  Instead of focusing on its reports, Agere and its counsel have been forced to file

this Motion to prevent GE from obtaining discovery outside the bounds of the Scheduling Order.

GE's failure to comply with the Federal Rules of Civil Procedure provides the good cause

required by Fed. R. Civ. P. 26(c), and GE's attempt to impose the undue burden of defending the

deposition of Dr. Yu, a deposition GE is not entitled to take, prejudices both Agere and non-

party Dr. Yu.

### iv.    GE has Made Unfounded and Outrageous Allegations Regarding the Intent of Agere's Motion.

GE makes at least two unfounded allegations regarding the underlying intent of the

Motion that merit a response.  First, GE claims that Agere is "obstinate" and uncooperative.

Agere is seeking a protective order from the Court not to be "obstinate," but rather to protect its

rights under the Rules of Civil Procedure to receive proper notice and to be included in the

scheduling of depositions.  In addition, Agere seeks to protect its former employee, a non-party,

---

[6] GE inconceivably argues that the notice served on May 30, 2008, which in itself fails to comply with the Federal and Local Rules regarding reasonable notice, is all the notice required to take a deposition outside of the discovery period.  *See* GE's Response, p. 12.  GE provides no authority or support for this argument.

from the undue burden of a deposition that GE is not entitled to take due to its failure to comply with Rules and the Scheduling Order.

Second, GE makes the unfounded and outrageous allegation that Agere is stalling, simply because Agere requested the Motion be heard on the next available motion day in September. After finally receiving notice of Dr. Yu's deposition, as well as notice of GE's desire to continue pursuing Dr. Yu despite its failure to comply with the Rules, counsel for Agere sought permission from Conexant, Dr. Yu's current employer, as well as Dr. Yu's individual consent to be represented by Agere's counsel with respect to the subpoena and deposition. On June 16, 2008, GE was informed by Conexant that counsel for Agere had taken over representation for Dr. Yu and by June 23, 2008, the parties had exchanged their respective positions and met and conferred regarding the filing of the Motion. On June 25, 2008, Agere filed the Motion, less than ten days after Dr. Yu and Conexant agreed to the representation. Agere requested the next available motion day, September 12, 2008, pursuant to the Court's February 1, 2008 Standing Order regarding non-dispositive motions. In light of these facts, the Court should ignore GE's entirely unsupported allegation of stalling by Agere with respect to this dispute.

**B. GE Has Been Dilatory in Pursuing its Infringement Case**

Knowing full well that it failed to meet its obligations under the Federal Rules of Civil Procedure, GE now accuses Agere of delaying depositions until the last two months of discovery. However, GE conveniently ignores the fact it was GE's own inaction that led to GE having only two months to pursue testimony from Agere's employees, and it is GE's own delay in seeking the escrow of Agere's source code that has led to GE's scramble to prepare its

infringement position. GE's dilatory pursuit of its own infringement case provides no

justification for taking the deposition of Dr. Yu outside the close of discovery.[7]

The Scheduling Order provided the parties with four months to conduct depositions and

complete fact discovery.[8]  Despite knowing full well the limited time available for depositions,

and despite having the bulk of Agere's technical documents since at least December 2007, GE

elected to notice its first deposition for April 4, 2008, two months after the period for depositions

opened.[9]  In addition, Agere had provided GE with the names of the three most knowledgeable

witnesses as to Agere's products in Agere's supplemental interrogatory responses, served on

February 8, 2008.  Despite having these three names, whose testimony is apparently GE's main

source for the alleged relevance of Dr. Yu's testimony, for over two months, GE waited until

April 9, 2008, to notice depositions for these three witnesses, and as GE acknowledges, sought to

take their depositions in late April 2008.[10]  GE took those depositions in mid-May 2008.

Without a doubt, it was GE's own decision, made irrespective of any conduct by Agere, to cut

---

[7] As to GE's allegations regarding Agere's Rule 30(b)(6) witness testimony and GE's allusions
to its untimely discovery requests that are the subject of GE's Motion to Compel, Agere
respectfully directs the Court's attention to Agere's Answering Brief. D.I. 144.

[8] *See* D.I. 32, § 3(a).

[9] In addition, GE's Rule 30(b)(6) Notice contained 47 separate deposition topics. Agere served
its objections to these topics on April 1, 2008 and worked to identify appropriate witnesses to
respond to the deposition notice.  Contrary to another of GE's completely unsupported
allegations, Agere did not choose the April 18, 2008 date for the first part of the Agere's Rule
30(b)(6) deposition because it knew GE's counsel was unavailable.  Agere chose its proposed
dates for all depositions based on the combined schedules of the witness and counsel and then
sought GE's input on the dates.  Agere did not engage in any game-playing; instead, Agere
worked to ensure that GE could and did take the depositions of thirteen separate Agere witnesses
over the course of the last two months of discovery.

[10] *See* GE's Response, pp. 8-9.

the period for fact depositions down to the last two months of discovery. It is incredible that GE now seeks to blame Agere for the tight schedule GE imposed upon itself, and further incredible that GE claims it was diligent in seeking depositions.[11]

GE's behavior in reducing, by its own inexcusable inaction, the period for fact discovery reflects GE's dilatory conduct in pursuing its own infringement case.[12] Agere's source code, and the understanding of how the source code works in Agere's products, is the primary thrust of this case. However, as Agere has repeatedly made clear to the Court, GE dragged its feet, again without excuse, in pursuing the escrow of the source code.[13] GE failed to pursue the escrow of Agere's source code with any serious effort until late March 2008, despite the fact that Agere made the code available in December 2007. GE did not provide a suitable location or vendor for the escrow of the source code until early April, and when GE's preferred vendor refused to be bound to the escrow provision of the Protective Order, escrow was delayed until the parties and escrow company could work out a compromise. Any issue as to production of the source code, or its various iterations all of which have been produced, could have and should have been resolved at least six months ago. GE's delay in pursuing escrow of the source code dovetails directly with GE's decision to wait until April 2008 to seek depositions related to the source code. GE's failure to pursue its own infringement case until April 2008 is no fault of Agere, and the Court should ignore any aspersions cast by GE in relation to the scheduling of depositions.

---

[11] See GE's Response, p. 11.

[12] GE's scramble to shore up its infringement case at this late stage of the litigation is encapsulated in GE's recent attempt to compel Agere to answer untimely discovery requests served on April 30, 2008. See D.I. 144.

[13] See D.I. 75, D.I. 97, D.I. 144.

## C. GE Misleadingly Ties its Own Mistakes to Unrelated Actions by Agere

Finally, GE's transparent effort to cover its own mistakes in pursuing the deposition of Dr. Yu is evident in GE's misleading allusions to certain Agere actions. Most notably, GE continues to point to the agreement amongst all the parties to reschedule the last two days of Motorola's third-party deposition to June 2008 as evidence that Agere is seeking discovery after the deadline, and that discovery has not ended. As already stated in the Motion, Motorola informed the parties that it could not attend the last two days of its properly noticed and scheduled deposition, set for mid-May 2008.[14] Through a meet and confer, the parties all agreed that Motorola was still subject to the subpoena and further agreed to reschedule the deposition for June. This agreement amongst the parties has nothing to do with GE's failures in pursuing Dr. Yu's deposition. In addition, GE inexplicitly refers to the deposition of John Xin. Unlike with Dr. Yu, Mr. Xin's deposition was properly noticed by GE on May 21, 2008. When Mr. Xin was not be available on May 30, 2008, GE and Agere specifically agreed to take the deposition on June 13, 2008.[15] GE is out of bounds in claiming that these two separate events, involving

---

[14] *See* Motion, p. 6, ¶ 14.

[15] Again, Mr. Xin's deposition would have been the fifth Agere witness deposed by GE on the final two business days of discovery.

*properly* noticed depositions and agreements amongst the parties, bear in any way on the

Motion. [16]

---

[16] GE also refers to the recent production of prior litigation files as evidence of Agere's alleged delays impacting the deposition of Dr. Yu. In fact, the production was wholly unrelated and involved two prior, unrelated litigations. Agere's prior litigation counsel completed its review of the pleading files for the *Townshend Intellectual Property, LLC v. Agere Systems, Inc.*, No. 02-cv-4833-JK (N.D.Cal.) and delivered those documents to Agere in May 2008. Agere's counsel proceeded to produce those files to GE on May 23, 2008. In late April, GE asked for the pleading files for *East Texas Tech. Partners, L.P. v. Toshiba Am, Inc.*, No. 2-03-cv-465-TJW (E.D.Tex.). Agere's current counsel immediately sought out the files from Agere's prior litigation counsel, and produced those documents to GE on May 23, 2008. Neither of these productions are relevant to or impacted the Yu deposition.

## III.    CONCLUSION

For the foregoing reasons, and the reasons stated in the Motion, Agere respectfully

requests that the Court grant Agere and non-party Dr Yu's Motion for a Protective Order.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
jshaw@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600
*Attorneys for Defendant Agere Systems Inc.*

OF COUNSEL:

David E. Sipiora
Ian L. Saffer
Chad E. King
TOWNSEND AND TOWNSEND AND CREW, LLP
1200 17th Street, Suite 2700
Denver, CO  80202
303-571-4000

Dated:  July 11, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on July 11, 2008, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on July 11, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following participants in the manner indicated:

### BY EMAIL

Richard L. Horowitz
Philip A. Rovner
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
rhorowitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

Joel M. Freed
Brian E. Ferguson
D. Sean Trainor
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
jfreed@mwe.com
bferguson@mwe.com
dtrainor@mwe.com
Tel: 202-756-8327
Fax: 202-756-8087

Edwin H. Wheeler
McDermott Will & Emory LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-813-5000
Fax: 650-813-5100
mwheeler@mwe.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
jshaw@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware, 19801
302-571-6600
*Attorneys for Defendant Agere Systems Inc.*

DB02:5897644.1    058626.1006

# EXHIBIT A

JUDGE SIDNEY STEIN    Fax:212-805-7924    Jul 2 2008 02:26pm P001/002

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### 500 Pearl Street
### New York, NY 10007-1312
### (212) 805-0192

*Chambers of*
*Sidney H. Stein*
*U.S. District Judge*

---

## FAX COVER SHEET

Date: __7/2/08__                    Total no. of pages: __2__
                                   (including this cover sheet)

TO: __Robert Greenfield__          FAX NO.: __212 - 547 - 5444__

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____

---

**Special Instructions (if checked please follow):**

PLEASE NOTIFY ALL PARTIES OF THE ATTACHED
PLEASE FAX A COPY OF THE ATTACHED TO ALL PARTIES

---

If you have any problems with this transmission, please call Chambers at the above number.

JUDGE SIDNEY STEIN     Fax:212-805-7924     Jul 2 2008 02:26pm P002/002

JUN-26-2008 16:58   RECEIVED: 212 5475830                      212 5475830   P.02



# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

**RECEIVED**

**JUN 26 2008**

CHAMBERS OF
JUDGE SIDNEY H. STEIN
U.S.D.J.

Robert Greenfeld
rgreenfeld@mwe.com
212.547.5454

June 26, 2008

**MEMO ENDORSED**

VIA FAX (212-805-7924)

The Honorable Sidney H. Stein
District Judge (Part I – Miscellaneous Docket)
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  **Subpoena for Jinguo Yu Issued in S.D.N.Y. related to CIF Licensing, LLC, d/b/a GE Licensing v. Agere Systems Inc., No. 07-cv-170 (D. Del.) (Farnan, J.)**

Dear Judge Stein:[1]

We represent plaintiff CIF Licensing, LLC d/b/a GE Licensing ("GE Licensing") in a patent infringement action in the District of Delaware against Agere Systems Inc. ("Agere"), and we seek to enforce the third-party deposition subpoena of Jinguo (Jay) Yu, which was issued out of the Southern District of New York on May 21, 2008, and served on May 23, 2008 (*see* Exhibit 1). Although the deposition was scheduled for May 30, 2008, at our office in New York City, Mr. Yu (who lives and works in northern New Jersey) was not available that day. Since notifying us (through his company's attorneys) on May 29, 2008 that he was unavailable, Mr. Yu has not provided any alternative dates for deposition, and last week announced (through his current attorneys, Townsend and Townsend and Crew ("Townsend") that also represent defendant Agere) that he would "not be responding to [the] subpoena and will not be providing dates for his deposition." (*See* Exhibit 2, 6/18/08 letter R. Phillips to R. Greenfeld.)

## Jurisdiction in the Southern District of New York

GE Licensing is applying to the Southern District of New York, rather than to the District of Delaware, because the subpoena issued from the Southern District and the deposition was originally scheduled to be taken within that district. *See* Fed. R. Civ. P. 37(a)(2) (a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken"); Fed. R. Civ. P. 45(e) (stating that the *issuing court* may hold in contempt a person served with a subpoena if that person fails to obey the subpoena). Late yesterday, Townsend filed in the District of Delaware a Motion for a Protective Order, styling it, "Defendant Agere Systems Inc.'s

---

[1] We are writing to you per instructions from your deputy, Laura Blakely. If you would like copies of documents (e.g., letters, e-mails, etc.) referenced herein, please do not hesitate to request them.

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue New York New York 10173-1922 Telephone: 212.547.5400 Facsimile: 212.547.5444 www.mwe.com

*[Handwritten note:]* 7/2/08 Motion to enforce the third party subpoena to Mr. Yu is dismissed without prejudice to its renewal subsequent to the determination of the motion for a Protective order currently pending in D. Del. in 07 civ. 170. So ordered. [signature] S.H.S. U.S.D.J.