## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a<br>GE LICENSING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-170 (JJF) |
| | ) | |
| AGERE SYSTEMS INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF CIF LICENSING, LLC, d/b/a GE LICENSING'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PRODUCTION AND RESPONSES FROM DEFENDANT AGERE SYSTEMS INC.

OF COUNSEL:

Joel M. Freed
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8327

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: July 10, 2008
Public Version: July 14, 2008

Richard L. Horwitz (#2246)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ............................................................................................ 1

II.    AGERE PEPPERS ITS BRIEF WITH MISCHARACTERIZATIONS AND RED
       HERRINGS............................................................................................................ 1

       A.    GE Licensing Has Been Diligent In Seeking The Requested Information............ 1

       B.    Source Code ....................................................................................................... 2

       C.    Agere's 30(b)(6) Designee's Preparation ............................................................ 2

III.   AGERE'S NEWLY-RAISED OBJECTIONS ARE BASELESS AND CONTRADICT
       THE TESTIMONY OF ITS 30(B)(6) DESIGNEE ......................................................... 4

       A.    Agere's Argument That The Requested Information Is Not Within Agere's
             Possession, Custody, or Control Contradicts The Testimony Of Its
             30(b)(6) Designee ............................................................................................... 4

       B.    Agere's Argument That Providing The Requested Information Would Be
             Unduly Burdensome To Agere Fails And Contradicts The Testimony Of Its
             30(b)(6) Designee ............................................................................................... 5

       C.    Agere's Argument That The Requested Information Is Privileged Is
             Incorrect .............................................................................................................. 6

IV.    CONCLUSION.................................................................................................. 8

## TABLE OF AUTHORITIES

**Page**

### Cases

*Brazos River Auth. v. GE Ionics, Inc.,*
   469 F.3d 416 (5th Cir. 2006) .................................................................................................. 3

*Cinema Amusements, Inc. v. Loew's, Inc.,*
   7 F.R.D. 318 (D. Del. 1947) .................................................................................................. 6

*Fischer & Porter Co. v. Sheffield Corp.,*
   31 F.R.D. 534 (D. Del. 1962) ............................................................................................ 5, 6

*Guy Chem. Co. v. Romaco N.V.,*
   No. 3:06-96, 2007 U.S. Dist. LEXIS 4287 (W.D. Pa. Jan. 22, 2007) ................................... 2, 3

*Novartis Phar. Corp. v. Abbott Lab.,*
   203 F.R.D. 159 (D. Del. 2001) .......................................................................................... 3, 6

*Pfizer Inc. v. Ranbaxy Labs. Ltd.,*
   No. 03-209, 2004 WL 2323135 (D. Del. Oct. 7, 2004) ............................................................ 7

*State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.,*
   No. 03-6516, 2008 U.S. Dist. LEXIS 37571 (E.D. Pa. May 7, 2008) ......................................... 4

*United States v. Columbia Steel Company,*
   7 F.R.D. 183 (D. Del. 1947) .................................................................................................. 6

*United States v. Taylor,*
   166 F.R.D. 356 (M.D.N.C. 1996) ........................................................................................... 3

## I.      INTRODUCTION

GE Licensing seeks information that is squarely within the normal bounds of discovery not only for its relevance, but because it will help the parties narrow the issues in the present dispute. Agere's claims that the information is nonexistent, would be onerous to provide, or is privileged do not withstand scrutiny.

## II.     AGERE PEPPERS ITS BRIEF WITH MISCHARACTERIZATIONS AND RED HERRINGS

### A.      GE Licensing Has Been Diligent In Seeking The Requested Information

Agere cannot dispute the following facts:

1. Information about the operation of Agere's analog modem products and the functionality provided by Agere's source code is highly relevant,

2. GE Licensing has requested this relevant information via multiple forms of specific, targeted discovery requests (including timely deposition),

3. Agere's technical 30(b)(6) witness was unprepared to testify on the relevant topics, and

4. Agere's own 30(b)(6) designee stated that the information sought is best provided through written questions and responses.

Agere's timeliness argument is nothing more than a red herring manufactured to distract from these facts, which demonstrate that GE Licensing is entitled to the requested highly relevant technical information. Had Agere properly prepared its 30(b)(6) witness to provide the requested information, GE Licensing would have had the information months ago. To deny this motion based on Agere's timeliness argument would compound the prejudice to GE and reward Agere's earlier tactics to postpone relevant discovery.

**B.    Source Code**

The fact that Agere earlier offered up a portion of its source code for production is no justification for its later failure to prepare its 30(b)(6) witness to testify about the code. Moreover, the record amply demonstrates that Agere's source code production was untimely. Indeed, a complete set of Agere's source code was not deposited with the escrow service until July 1, 2008, after much prompting by GE Licensing.  Exhibit L.

**C.    Agere's 30(b)(6) Designee's Preparation**

Agere argues that GE Licensing has not shown that Agere's 30(b)(6) witness was unprepared for his deposition. (Agere Br. at 2.)  In its opening brief, GE Licensing cited over forty-five (45) pages from Mr. Flanagan's deposition transcript, which demonstrate not only Mr. Flanagan's inability to answer basic questions on the topics for which he was designated but also show that he was inadequately prepared to testify on those topics.  Exhibit E.[1]

Preparation is measured not in time, but in performance.  *Guy Chem. Co. v. Romaco N.V.*, No. 3:06-96, 2007 U.S. Dist. LEXIS 4287, at *33 (W.D. Pa. Jan. 22, 2007) ("Rule 30(b)(6) sets forth qualitative standards.").  Whatever Mr. Flanagan did ████████████████████ ████████████████████████████████, the record shows that he was unprepared to discuss many of the topics for which he was designated. *See e.g.*, Exhibit M (Flanagan Depo. Tr.) at 350:6-351:10, May 8, 2008 (Mr. Flanagan described himself as only ████████████████████████); Exhibit N; Exhibit O at 1 (identifying the topics on which Mr. Flanagan was designated).

---

[1] Exhibits A-K were attached to GE Licensing's opening brief.  (D.I. 135.)

A 30(b)(6) designee "has a 'duty of being knowledgeable on the subject matter identified as the area of inquiry.'" *Novartis Pharm. Corp. v. Abbott Lab.*, 203 F.R.D. 159, 162 (D. Del. 2001).

> [T]he deponent "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." "[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." <u>The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.</u>

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)) (internal citations omitted) (underlined emphasis added). With respect to at least Topic Nos. 5, 7, 15, and 27, Mr. Flanagan's testimony reveals that



For example, Mr. Flanagan

Agere has simply not fulfilled its obligation to provide a prepared 30(b)(6) designee and should be ordered to produce a properly-prepared witness for further deposition. *Guy Chem. Co.*, 2007 U.S. Dist. LEXIS 4287, at *32-33 (where "notice of deposition clearly forewarned [the 30(b)(6) designee] of a category of questions…[h]is complete inability to 'fully, completely, [and] unevasively' respond constitutes a violation of the discovery principles articulated in the

federal rules."); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, No. 03-6516, 2008 U.S.

Dist. LEXIS 37571, at *36 (E.D. Pa. May 7, 2008) ("if a Rule 30(b)(6) witness is asked a

question concerning a subject that was noticed with particularity, is seeking information that is

reasonably available to the corporation, and is not unreasonably obscure, and the witness is

unprepared to answer the question, the purpose of the deposition is completely undermined.").

### III.    AGERE'S NEWLY-RAISED OBJECTIONS ARE BASELESS AND CONTRADICT THE TESTIMONY OF ITS 30(B)(6) DESIGNEE

Agere's objections that the discovery requested by GE is unavailable, burdensome,

and/or protected work product are newly-raised, untimely, and without support. In fact, they are

contrary to the testimony of Agere's own 30(b)(6) witness Mr. Flanagan.

#### A.    Agere's Argument That The Requested Information Is Not Within Agere's Possession, Custody, or Control Contradicts The Testimony Of Its 30(b)(6) Designee

In addition to being designated on purely technical matters, Mr. Flanagan was also

designated for topics pertaining to the accuracy, completeness, and location of all technical

documents. Exhibit N (Topics 27 and 28). Mr. Flanagan—whose testimony allegedly

"accurately reflects Agere's level of knowledge on the topics for which he was designated"

(Agere Br. at 14)—testified that

or control. Exhibit M at 287:16



Agere's reliance on *individual 30(b)(1)* witnesses' testimony to

establish—contrary to the testimony of its *30(b)(6) designee*—that Agere does *not* possess the

4

requested information is inapposite and cannot stand. (Agere Br. at 11.)[2] Either Mr. Flanagan—

Agere's 30(b)(6) designee—correctly testified that ████████████████████████ or

Mr. Flanagan's testimony is inaccurate. If the former, Agere is precluded from arguing that the

information is not within its possession, custody, or control. If the latter, Mr. Flanagan's entire

testimony is flawed and Agere should provide a replacement 30(b)(6) designee.

**B.  Agere's Argument That Providing The Requested Information Would Be Unduly Burdensome To Agere Fails And Contradicts The Testimony Of Its 30(b)(6) Designee**

Agere's argument that providing the requested information would be unduly burdensome

is similarly convoluted and—again—contradicts the testimony of its 30(b)(6) designee.

Although Mr. Flanagan testified that



. Thus, any burden involved would be greater

for GE Licensing than for Agere. Mr. Flanagan also testified that

In *Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 536-37 (D. Del. 1962), the

plaintiff was ordered to respond to an interrogatory seeking the differences between an air gauge

disclosed in the complaint and other air gauges manufactured by the plaintiff. The plaintiff

---

[2] Moreover, although Agere's characterization of Mr. Flanagan's testimony appears to contradict its plain meaning, Agere has provided no affidavit or declaration from Mr. Flanagan in support of its interpretation.

objected that "it should not be required to compile data and enter into research" in order to

answer the interrogatory. The court disagreed:

> [A] party is not required "to make research or compilation of data *except that within its own knowledge*.". . . . "The fact that to answer interrogatories might be burdensome or expensive is not a valid objection if the information is relevant and material."
>
> Plaintiff should be fully familiar with its own products which it has manufactured or sold and could, without much trouble, describe the differences between its various models and without any significant burden.

*Fischer & Porter Co.*, 31 F.R.D. at 536-37 (quoting *United States v. Columbia Steel Co.*, 7

F.R.D. 183, 184 (D. Del. 1947) and 4 Moore's Federal Practice (2 ed.) 2314) (internal citations

omitted). *See also Cinema Amusements, Inc. v. Loew's, Inc.*, 7 F.R.D. 318, 322 (D. Del. 1947)

("Instances exist, however, where an examination of [produced documents] by an adverse party

may not furnish the required information and the answer can only be given by examination of the

[documents] as supplemented by unrecorded knowledge.").

The same considerations apply here. Regardless of where Agere's source code allegedly

originated, Agere is certainly more familiar with the code and how it operates in Agere's

products than GE Licensing.

### C.    Agere's Argument That The Requested Information Is Privileged Is Incorrect

Agere has simply not met its burden to show that the requested information is protected

by the work product doctrine. *Novartis*, 203 F.R.D. at 163 ("The party asserting work product

protection has the burden of demonstrating that the disputed documents were prepared by or for

the party or its attorney and prepared in anticipation of litigation or for trial. . . . A mere

allegation that the work product doctrine is applicable is insufficient.").

Information about the operation of Agere's analog modem products and the functionality

provided by Agere's source code is factual information that does not fall within either the

attorney-client privilege or work product doctrine. *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, No. 03-209, 2004 WL 2323135, at *2 (D. Del. Oct. 7, 2004) ("Factual information, technical data, the results of studies… and other factual information is discoverable."). If Agere's position were correct, any interrogatory answer prepared with the assistance of counsel would be protected work product—an obviously absurd result.

No claim construction is required to respond to GE Licensing's Fourth Set of Interrogatories. First, the majority of the interrogatories involve claim language that is undisputed. Exhibit A (Interrogatory Nos. 45, 48, 56, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 73, 74, and 75). The remainder instruct Agere as to which proposed construction it should use to respond. Exhibit A (Interrogatory Nos. 46, 47, 49, 50, 51, 52, 58, 69, and 72). Finally, certain interrogatories do not even implicate claim construction Exhibit A (Interrogatory Nos. 53, 54, and 55). Given that there is no need for Agere's counsel to provide legal analysis in order for Agere to provide the requested information, Agere's claims of work product protection crumble.

It is telling that GE Licensing's counsel asked Mr. Flanagan questions seeking information very similar to those found in GE Licensing's Fourth Set of Interrogatories. Exhibit M at 162:19-163:7, 171:16-173:9, 202:10-21, 219:5-15, and 222:16-223:16.[3] At no point did Agere's counsel claim instruct Mr. Flanagan not to answer due to attorney-client privilege or work product doctrine.

---

[3] *See* Exhibit M at 261-3, 284:17-288:6, 296-97, 301-302, and 304:18-310:14 with respect to GE Licensing's First Set of Requests for Admissions.

## IV.    CONCLUSION

Agere's—wholly new—objections to providing information about the operation of Agere's analog modem products and the functionality provided by Agere's source code are unfounded and contradict the testimony of its 30(b)(6) witness.  For these reasons, and the reasons stated in GE Licensing's opening memorandum (D.I. 135), GE Licensing respectfully requests that the Court grant the relief sought in its Motion To Compel Production and Responses From Defendant Agere Systems Inc.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated:  July 10, 2008
Public Version:  July 14, 2008

By:  /s/ Philip A. Rovner
     Richard L. Horwitz (#2246)
     Philip A. Rovner (#3215)
     David E. Moore (#3983)
     Hercules Plaza
     P. O. Box 951
     Wilmington, Delaware 19899
     (302) 984-6000
     rhorwitz@potteranderson.com
     provner@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

# EXHIBIT L

Prior Versions of Source Code                                                                                 Page 1 of 1

## Koenig, Amanda

| | |
|---|---|
| **From:** | Phillips, Ryan D [rdphillips@townsend.com] |
| **Sent:** | Tuesday, July 01, 2008 12:46 PM |
| **To:** | Greenfeld, Robert |
| **Cc:** | GEvAgere; GE |
| **Subject:** | Prior Versions of Source Code |
| **Categories:** | GE v. Agere |

Hi Bobby,

I write to follow-up on our past discussions regarding the production of prior versions of Agere source code. Yesterday, Agere placed additional code into the escrow facility in Union City. On the computer already in escrow, we have added four directories to the desktop. Three of the four directories contain all past release versions of softmodem source code, and the fourth directory contains the attachments to the Ashok Vernekar emails produced on June 11.

With respect to the DSP modem source code, we have produced the entire SCCS database. Since SCCS is a Unix based resource, we configured a Linux computer to provide SCCS functionality. This computer has been placed in escrow with a keyboard, mouse, and a printer for your use. There is a readme file on the desktop that provides a brief explanation of the setup of this computer. The username for access is ▓▓▓▓ and the password is ▓▓▓▓▓▓.

As with all past productions of source code, everything in the escrow facility is designated confidential outside AEO and subject to all source code provisions of the protective order. If you have any questions please let me know.

Regards,

Ryan

Ryan D. Phillips
Townsend and Townsend and Crew LLP
1200 Seventeenth Street, Suite 2700
Denver, CO 80202
Phone: 303.571.4000
Fax: 303.571.4321
rdphillips@townsend.com

www.townsend.com

Offices in:

San Francisco | Palo Alto | Walnut Creek | San Diego | Denver | Seattle | Washington, DC | Tokyo

This message may contain confidential information. If you are not the intended recipient and received this message in error, any use or distribution of this message is strictly prohibited. Please also notify us immediately by return e-mail, and delete this message from your computer system. Thank you.

# EXHIBIT M

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a          )
GE LICENSING,                      )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )          C.A. No. 07-170 (JJF)
                                   )
AGERE SYSTEMS INC.,                )
                                   )
        Defendant.                 )

NOTICE OF DEPOSITION OF DEFENDANT
AGERE SYSTEMS INC.

Plaintiff CIF Licensing, LLC, d/b/a GE Licensing ("GE Licensing"), by and through its

undersigned counsel, hereby gives notice that it will take the deposition(s) by oral testimony of

Defendant Agere Systems Inc. ("Agere"), pursuant to Federal Rule of Civil Procedure 30(b)(6)

on the subjects identified in Attachment A. The deposition(s) will be held at the offices of

McDermott Will & Emery LLP located at 600 13th Street, N.W., Washington, D.C. 20005-3096

on April 4, 2008, beginning at 9:00 AM or at some other such date, time, and place as mutually

agreed upon by counsel for the parties, and continue from day to day until completed. The

deposition(s) will be conducted before an officer, notary public, or other person duly authorized

to administer oaths, and will be recorded by stenographic, audio, video, and/or real-time

transcription (*e.g.*, LiveNote) means. The examination will be taken for the purposes of

discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules

of Civil Procedure. Definitions applicable to the deposition topics follow.

Agere is reminded of its obligation to designate one or more officers, directors, managing

agents or other persons who consent to testify on its behalf concerning the matters identified in



- 1 -

Attachment A.

You are invited to attend and cross-examine.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joel M. Freed
Brian E. Ferguson
Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000

Edwin H. Wheeler
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: March 12, 2008
854497

By: /s/ Philip A. Rovner
    Richard L. Horwitz (#2246)
    Philip A. Rovner (#3215)
    David E. Moore (#3983)
    Hercules Plaza
    P. O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    provner@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff*
*CIF Licensing, LLC, d/b/a*
*GE Licensing*

- 2 -

**ATTACHMENT A**

I.   **DEFINITIONS**

1.   The terms "Agere," "You" or "Defendant" shall mean Defendant Agere Systems Inc., its parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture to which it is a party, or other affiliated entities, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time and including, without limitation, LSI Logic Corp.

2.   The terms "CIF Licensing, LLC," "GE Licensing" or "Plaintiff" shall refer to CIF Licensing, LLC, its parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, any joint venture to which it is a party, or other affiliated entities, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

3.   The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the deposition inclusive rather than exclusive.

4.   The terms "any" or "each" shall be construed to include and encompass "all."

5.   The term "date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

6.   The terms "document" or "documents" are used in the broadest possible sense and include, without limitation, all originals, copies, drafts, and recordings of any written, typewritten, printed, graphic, electronic, digital or otherwise recorded matter, including forms of information translatable or convertible into a reasonably usable form. "Document" or "documents" include, without limitation, the following items: electronic mail (e-mails); Microsoft PowerPoint slides and/or presentations; Microsoft Excel spreadsheets; Microsoft Word documents; agreements; communications, including intracompany communications;

- 1 -

correspondence; letters; memoranda; records; books; summaries or handwritten notes or other records of personal conversations or interviews; diaries; laboratory notebooks; appointment books; manuscripts, either in final or draft form, whether complete or incomplete and whether published or not; grant or project proposals; forecasts; statistical statements; any and all forms of data; meeting abstracts; slides; graphs; charts; diagrams; maps; blueprints; tables; indices; pictures; audio or visual recordings; tapes; magnetic discs; printed cards; programming instructions; assembly diagrams; schematic diagrams; manuals; films; assay results and reports; charges; accounts; invoices; analytical records; reports, records or summaries of meetings or conferences; reports, records or summaries of consultants; reports, records or summaries of negotiations; brochures, pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projectable images, including transparent overheads or slides; any other document or writing or form of information convertible into a document, including information contained within or accessible by a computer or computer accessory and the underlying documents supporting computer entries.

7.    The terms "entity" or "entities" include natural persons, proprietorships, partnerships, firms, private corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the United States or any state or local government), all departments and agencies thereof, and any governmental agencies of any country, political subdivisions, groups, associations, or organizations.

8.    The term "identify," when used with respect to any natural person, means that the following information shall be provided; the person's full name; last known home address; last known business address and telephone number; last known title or occupation; and last known employer.

- 2 -

9.  The term "identify," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, means that the following information shall be provided: the entity's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity.

10.  The terms "GE Patents," "patents-in-suit," or "patents-at-issue" shall refer to United States Patent No. 5,048,054 ("the '054 Patent"), United States Patent No. 5,428,641 ("the '641 Patent"), United States Patent No. 5,446,758 ("the '758 Patent"), and United States Patent No. 6,198,776 (the '776 Patent").

11.  "Agere Product(s)" shall mean any analog modem compliant with ITU-T recommendation V.34, V.90, V.92 (including any hardware modem, soft-modem or modem chip set product, component thereof, or product containing same), made or sold by Agere, including, but not limited to, SV92A1, SV92A2, SV92A3/MDC1.5 Soft Modem, SV92A4, SV92A5, SV92A35, SV92A36, Montblanc Family, SV92P, SV92PL, SV92P2, SV92PP/PCI Soft Modem, Olympia Family, SV92U2/USB 2.0 Soft Modem, SV92U3, SV92U4, SV92U5, SV92U6, SV92EX, CVxx family (including but not limited to CV92, CV92L, CV90L, CV34 and CV34L), HV92, OCM-34, OCM-90, OCM-92, OCM-92E, Apollo Family, Mars Family, Luna Family, L56DMS, L56DAS, L56DASI, L56LAS, L56LASI, L56xAFI, L56xL, L56xAF, L56xVS, L56RV, L56xMF, L56XT, LU97, CFAX34, CV92, CV92L, CV90L, CV34, CV34L, CFAX34, Venus Family, DSP1641, DSP1641B, DSP1641C, DSP1642C, DSP1643, DSP1644, DSP1645, DSP1646, DSP1647, DSP1648, DSP1673/1673, DSP1675/1675, DSP1670/1670, DP2L34D, DP2S, DP3, DP2L34D, DP2L34X, DP2SKGTV, DP2LV34D, DP2Vxx family (including but not limited to DP2V34DX and DP2V90DX), DP3V34X, DPV34X, DPV34DX, DPV90DX, APL43, PCI Controllerless Modem Family, 1648, DSP1648, DSP1648C, LU97, Scorpio,

CSP1037, CSP1037B, CSP1034x family (including but not limited to CSP1034C, CSP1034AH, CSP1034S and CSP1034S-V11), CSP1035A, CSP1038, CSP1040, CSP1040A3, CSP1040A2, DAA1040 and Agere Generic Modem Drivers for LTWinmodem and PCI based modems and components.

12. A document, thing, or communication "relating to" or "related to" a given subject means all documents and things or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in my way pertinent to that subject.

13. The use of word "the" shall not be construed as limiting the scope of any deposition.

14. The terms "thing" or "things" refer to any tangible object other than a document as defined herein, and includes objects of every kind and nature.

15. Use of the singular is also to be taken to include the plural, and vice-versa.

## II.    TOPICS OF DEPOSITION

1. For each Agere Product, the conception, design, and research and development of the product and the identity, title, and role of each employee or employees primarily responsible for the conception, design, and research and development of the product, including, without limitation, any modifications or patent design-arounds to that design.

2. The design specifications, including the initial objective specifications, Product Requirement Document, so-called product "Paks" and design reviews for each Agere Product.

3. The identification and location of each entity involved in the design, development, testing, assembly, and manufacture of each Agere Product.

4.   The blueprint, structure, circuit layout, and electrical characteristics of each Agere Product, including, without limitation, any modifications or patent design-arounds to that blueprint, structure, circuit layout and/or electrical characteristics.

5.   The function, design, modifications to and operation of any software (including without limitation source code, drivers, firmware, ROM code or other code) used with or to operate the Agere Products, including without limitation, for each Agere Product, the identification of code required for compliance with ITU-T recommendations V.34 and V.92.

6.   The identity, title, and role of each employee or employees primarily responsible for design, programming and testing of the software (including without limitation source code, drivers, firmware, ROM code or other code) used with or to operate the Agere Products.

7.   For each Agere Product, the function and operation of the product, including, but not limited to, an analysis (*i.e.*, circuit tracing) of its circuit-level schematics and descriptions of its datasheets.

8.   For each Agere Product, the testing of the product, including without limitation the testing of compliance with ITU-T recommendations V.34 and V.92 and the testing of the code identified in No. 5 above, and the identity, title, and role of each employee or employees primarily responsible for such testing.

9.   All facts related to the manufacture of each Agere Product.

10.  The final release date(s) (*i.e.*, commercial availability) of each Agere Product.

11.  Knowledge, review, and evaluation of the GE Patents, any foreign counterparts of such patents, and the patent applications therefor, including, without limitation, Agere's first awareness of these patent applications and/or the patent that issued based upon these applications.

- 5 -

12. The testing and/or analysis conducted by Agere or anyone else to determine whether or not any of Agere Product infringes any of the GE Patents.

13. All facts that support or otherwise relate to the meanings attributed by the trade or industry to claim terms of the GE Patents.

14. All facts that relate to Agere's understanding of ITU-T recommendations V.34, V.90, and V.92.

15. For each Agere Product, all facts related to the product's compliance with ITU-T recommendations V.34, V.90, and V.92, and Agere's activities directed at making the product compliant with ITU-T recommendations, including, without limitation, the conception, design, testing, and research and development of the product.

16. The testing and/or analysis conducted by Agere or anyone else to determine the relationship between ITU-T recommendations V.34, V.90, and V.92 and any of the GE Patents.

17. All facts that support or otherwise relate to the meanings attributed by the trade or industry to ITU-T recommendations V.34, V.90, and V.92.

18. All facts that relate to second-sourcing of any Agere Product with any other product manufactured by Agere's competitors.

19. Instructions by Agere to its customers regarding the use, operation, and applications for each Agere Product.

20. The intent and/or purpose for the datasheets, Product Requirement Document, product "Pak", "MRI" project database and programmer's reference manual of each Agere Product.

21. The identity, title, and role of each employee or employees primarily responsible for drafting of product literature, including, but not limited to, datasheets and application notes regarding each Agere Product.

22. The drafting, revisions, final release, and contents of the datasheets for each Agere Product.

23. The comparison between any Agere Product and any products of other companies, including, but not limited to, comparisons with products of Motorola, the original holder of the GE Patents.

24. All facts related to Agere's knowledge, review, evaluation, and testing of any products of Motorola.

25. The identification of and information related to any communication between Agere and Motorola regarding patent infringement or licensing agreement involving modem technology, including, without limitation, the GE Patents.

26. Agere's procedures and facilities for generating, maintaining, and disposing of records.

27. The accuracy and completeness of all technical documents produced by Agere to date, including, without limitation, schematics.

28. The identification, manner, and place of retention of all technical documents descriptive of each Agere Product.

29. The identity of person(s) most knowledgeable regarding sales and revenue related to each Agere Product.

30. Total sales and revenue to date for each Agere Product made, sold, or used in the United States or imported into the United States, including, but not limited to, the amount and prices at which each Agere Product has sold and is currently selling.

31. Total revenues for each Agere Product, on at least a quarterly basis, including the identity of each customer, quantity sold to that customer, and date of transaction.

32. The identification of and information related to the profitability of each Agere Product.

33. The identification of and information related to the acts of Agere's personnel and third parties involved in the distribution, marketing and sales, and customer support for each Agere Product.

34. The identity, title, and role of each employee or employees primarily responsible for marketing of each Agere Product.

35. The identity, title, and role of each employee or employees primarily responsible for maintenance of any customer database for each Agere Product.

36. All facts related to Agere's defense based on patent exhaustion and the purported applicability of the "Patent Cross-license Agreement" between Motorola and AltoCom or any other license agreement.

37. All facts related to Agere's "license defense", including, without limitation, those related to any license agreements between Agere and AltoCom and/or Broadcom and between Motorola and AltoCom and/or Broadcom.

38. The identification of and information related to Agere's granting any third party a license to intellectual property rights on technologies related to analog modems, including, without limitation, any technology related to ITU-T recommendation V.34.

39. The identification of and information related to any third party's granting Agere a license to intellectual property rights on technologies related to analog modems, including, without limitation, any technology related to ITU-T recommendation V.34.

40. The identification of and information related to all entities Agere has or had an indemnity agreement with, whether formal or informal and whether or not indemnity notices were sent, regarding technologies related to analog modems, including, without limitation, any technology related to ITU-T recommendation V.34.

41.  The identification of and information related to all instances of where indemnity was discussed or sought regarding the GE Patents.

42.  All facts related to Agere's defense based on laches, waiver, and/or estoppel.

43.  All facts related to any "material prejudice" due to any purported "unreasonable delay" in asserting the GE Patents.

44.  All facts related to Agere's defense based on unenforceability of any of the GE Patents.

45.  All facts related to Agere's contention that any of the GE Patents is invalid.

46.  All facts related to Agere's belief that no Agere Product infringes any of the GE Patents.

47.  Each 30(b)(6) designee's background, experience, or other source of knowledge to each topic listed in this attachment, and an identification of other individuals at Agere who may possess substantial knowledge on each topic.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on March 12, 2008, the within document was filed with the Clerk of the Court using CM/ECF; that the document was served on the following party as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Chad S. C. Stover, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on March 12, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT O

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Denver**

1200 Seventeenth Street
Suite 2700
Denver, Colorado 80202
Tel 303.571.4000
Fax 303.571.4321

rdphillips@townsend.com

May 5, 2008

*VIA FEDEX STANDARD OVERNIGHT*

Michael W. Connelly
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096

RE: *CIF Licensing, LLC d/b/a GE Licensing v. Agere Systems, Inc.*
        Agere 30(b)(6) Depositions

Dear Mike,

I write in response to your letter of May 2, 2008 regarding the deposition of Mr. Flanagan. In our meet-and-confer on May 2, 2008, we offered Mr. Flanagan for 45 minutes on topics previously designated for Mr. Rai, and the remaining seven hours of Mr. Flanagan's 30(b)(6) deposition was to be on topics designated for Mr. Flanagan. We did not offer Mr. Flanagan for all topics for the entire day as stated in your May 2 letter. We interpret your counteroffer as a rejection of our proposal to use Mr. Flanagan to cover the remaining 45 minutes of Mr. Rai's 30(b)(6) deposition. Accordingly, we are not preparing Mr. Flanagan for topics previously designated for Mr. Rai. We will reschedule Mr. Rai to finish the remaining 45 minutes of the 30(b)(6) deposition once he returns from India, and you will, of course, be able to take his individual deposition at that time.

In light of our meet and confer of April 7, we have reevaluated GE's deposition topics. Agere maintains its general objection No. 8 as to relevance, but will produce a witness. Agere maintains all of its remaining objections. Subject to its remaining objections, Agere will provide a witness on all topics. As we have previously stated, Mr. Rai covered topics 2, 3, 6, 9, 10, 18-22, 24, 26, 29-43, and 47-49. Mr. Flanagan will cover topics, 1, 4, 5, 7, 8, 11-17, 23, 25, 27, 28, 44-47.

Furthermore, Agere disagrees that Mr. Rai was unprepared to address the topics set forth for his 30(b)(6) deposition. The only example you have provided relating to his supposed lack of knowledge was with respect to Exhibit 2. During his deposition, Mr. Rai noted discrepancies between his knowledge and Exhibit 2 to Agere's February 8, 2008 Supplemental Interrogatory Responses. We have determined that Exhibit 2 was created directly from Agere's accounting

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Michael W. Connelly
May 5, 2008
Page 2

software and all of the data is accurate. Any discrepancies between Exhibit 2 and Mr. Rai's knowledge stems from rebates not being included in Exhibit 2 -- a fact as to which Mr. Rai was not aware. With this letter, Agere has produced another spreadsheet that accounts for rebates in the sales of Agere's modems.

Sincerely,

Ryan D. Phillips

Enclosures: Agere's Supplemental Response to GE's Interrogatories - Exhibit 8 (CD)

RDP/ppq

61359436v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 14, 2008, the within document was

filed with the Clerk of the Court using CM/ECF; that the document was served on the following

party as indicated; and that the document is available for viewing and downloading from

CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

I hereby certify that on July 14, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

David E. Sipiora, Esq.
Ian L. Saffer, Esq.
Chad E. King, Esq.
Ryan D. Phillips, Esq.
Townsend and Townsend and Crew LLP
1200 17th Street, Suite 2700
Denver, CO 80202
desipiora@townsend.com
ilsaffer@townsend.com
ceking@townsend.com
rdphillips@townsend.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com