IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a  :
GE LICENSING,              :
                           :
        Plaintiff,         :
                           :
    v.                     :  Civil Action No. 07-170-JJF
                           :
AGERE SYSTEMS INC., et al. :
                           :
        Defendants.        :

---

Joel M. Freed, Esquire and Michael W. Connelly, Esquire of
MCDERMOTT WILL & EMERY of Washington, D.C.
Philip A. Rovner, Esquire and Richard L. Horwitz, Esquire of POTTER
ANDERSON & CORROON, LLP of Wilmington, Delaware.

Attorneys for Plaintiff.

Chad E. King, Esquire, David E. Sipiora, Esquire, and Ian L.
Saffer, Esquire of TOWNSEND AND TOWNSEND AND CREW LLP of Denver,
Colorado.
Jeffrey Thomas Castellano, Esquire, Josy W. Ingersoll, Esquire, and
John W. Shaw, Esquire of YOUNG, CONAWAY, STARGATT & TAYLOR of
Wilmington, Delaware.
Chad S.C. Stover, Esquire of CONNOLLY, BOVE, LODGE & HUTZ of
Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

January 23, 2009
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court are Plaintiff CIF Licensing's ("Plaintiff") Motion to Compel Production and Responses (D.I. 135) and Defendant Agere System's ("Defendant") Motion for Protective Order (D.I. 138).

## I. Background

These motions follow a discovery dispute addressed earlier by the Court in the Memorandum Order of May 9, 2008. (D.I. 104) In that Order, the Court found that "neither party has been straightforward throughout the discovery process" and "both parties' efforts to reach agreement regarding their discovery obligations were insufficient." The parties were ordered to meet and confer. Afterward, the parties were to file a joint letter succinctly depicting their remaining disputes, which this Court would resolve or refer to a Special Master.

The resulting letter (D.I. 118) outlined many new disputes. Plaintiff complained that Defendants had not produced all versions of the relevant modem source code. On the other hand, Plaintiff also complained that the source code Defendants produced was too vast and complex to provide targeted answers. Finally, Plaintiff also complained that Defendants' 30(b)(6) witnesses, though generally knowledgeable, were unprepared on certain topics.

Plaintiff repeats these contentions and seeks remedy through its present Motion to Compel (D.I. 135) and through deposition of third-party Dr. Jinguo Yu, a former employee of Defendant Agere

1

Systems.  Defendants' Motion for Protective Order seeks to prevent the deposition as untimely. (D.I. 138)

## II. Discussion

### A. Plaintiff's Motion to Compel Production and Responses (D.I. 135)

Specifically, Plaintiff seeks an Order compelling Defendants to provide: 1) a "properly-prepared and knowledgeable" 30(b)(6) witness to testify about Defendants' source code; or 2) an answer, in detail, to Plaintiff's Fourth Set of Interrogatories and First Set of Requests for Admissions, which are also directed to the source code; or 3) an answer to the Interrogatories and an Order deeming the Admissions admitted.

Defendants placed the source code and all prior versions in escrow in accordance with the Stipulated Protective Order of May 14, 2008, (D.I. 106) so Plaintiff now has access to it.  All of Plaintiff's requests, as well as its effort to depose Dr. Yu, embody its effort to find, through discovery, specific sections of Defendants' source code that perform specific functions claimed in the patents at issue.  Plaintiff's Interrogatories are illustrative:

> Identify the lines of code in each of the files named "main.s" . . . used "for selecting one of the plurality of bit rates" as recited in claim 46 of the '054 patent. As the construction of this phrase from the asserted claims is disputed, use Agere's proposed construction to respond to this interrogatory.

D.I. 135, Ex. A at 5 (Interrogatory No. 50).  Defendants contend

2

that Plaintiff's requests are untimely, that they improperly shift the burden of proof to the Defendants, and that they require legal conclusions that would be protected attorney work product.

Plaintiff admits that its present requests are untimely. As this Court previously observed, both parties are responsible for the delay in discovery in this case. Accordingly, this Court excused the untimeliness of Plaintiff's prior discovery requests. (D.I. 104)

Now, however, Defendants have produced the complete source code where this information would be contained, if it exists, and Plaintiff is asking Defendants to take the further step of mapping specific lines of code to specific claim terms interpreted in specific ways. Defendants contend that their experts were unable to do this during their depositions because Defendants currently lack the information that Plaintiff seeks. But Defendants admit that this information, if it exists, could be gleaned after spending a significant amount of time analyzing the source code. The question is whether Defendants should be compelled to undertake this analysis or whether Plaintiff should retain experts to do the analysis itself. This is a different question than the one presented before, where Plaintiff contended that Defendants had entirely failed to produce relevant discovery. (D.I. 71)

In this instance, Plaintiff already has access to the information it seeks. The source code is available to Plaintiff's

experts under the terms of a Stipulated Protective Order. Plaintiff negotiated, renegotiated, and agreed to this Order. Therefore, Plaintiff cannot now claim that the terms of the Order are unduly burdensome. Defendants' and Plaintiff's experts would undertake essentially the same process to glean the requested information from the source code.

Therefore, the Court will deny Plaintiff's Motion to Compel (D.I. 135) on the ground that Plaintiff already has adequate access to the information it seeks, if that information exists. The Court declines to address whether an answer by Defendants would constitute attorney work product because the denial of Plaintiff's motion on other grounds renders that question moot.

**B. Defendants' Motion for Protective Order (D.I. 138)**

Pursuant to the Court's Rule 16 Scheduling Order, all fact discovery, including depositions, was to be completed by June 1, 2008. (D.I. 32) On May 21, Plaintiff issued a subpoena from the Southern District of New York to depose Dr. Jinguo Yu on May 30. Dr. Yu is a former employee of Defendant. Plaintiff's counsel, by an admitted "honest mistake," did not give notice of the deposition to Defendants until May 30, the originally scheduled date of the deposition and the last day of discovery.

The Local Rules of this Court provide: "[u]nless otherwise ordered by the Court, 'reasonable notice' [for a deposition under] Fed. R. Civ. P. 30(b)(1) and 30(b)(6) shall be not less than 7 days." D. Del. LR 30.1. In this case, Plaintiff provided less

than two days' notice, which is deficient under the Local Rules, but no prejudice to Defendants resulted because the deponent was unavailable.

Defendants oppose Plaintiff's Notice of Deposition as untimely and seeks a Protective Order to prevent the deposition. Plaintiff's counsel admits his own "honest mistake," but contends that the last-minute nature of the deposition is the result of Defendants' "Game-Playing" in producing witnesses.

After reviewing the parties' submissions, the Court is persuaded that Plaintiff's failure to provide timely notice was an error. The course of discovery so far suggests that both parties bear responsibility for the delay, as noted in the Court's prior Memorandum Order. (D.I. 104) In that Order, the Court excused an untimely request in view of the parties' equal culpability and the relevance of the information sought. Accordingly, the Court will permit the deposition and deny Defendants' Motion for Protective Order.

An appropriate Order will be entered.