IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIF LICENSING, LLC, d/b/a  :
GE LICENSING,              :
                           :
        Plaintiff,         :
                           :
    v.                     :  Civil Action No. 07-170-JJF
                           :
AGERE SYSTEMS INC.,        :
                           :
        Defendant.         :

## MEMORANDUM ORDER

Presently before the Court are several evidentiary matters which were raised by Plaintiffs CIF Licensing, LLC, d/b/a/ GE Licensing ("Plaintiff") prior to trial in the above-captioned action. A jury trial was held February 2 - 17, 2009. This Memorandum Order memorializes the Court's rulings with regard to the Motions in Limine still listed as pending on the docket.

I.  **Plaintiff's Motion in Limine No. 1 To Preclude Defendant Agere Systems Inc. From Offering At Trial Evidence And Argument That Is Contrary To The Claim Construction Issued By This Court (D.I. 293)**

By its Motion, Plaintiff contended that Defendant's expert reports used their own constructions for the claim terms "can be" and "constellation switching," not the Court's constructions. (D.I. 293, at 1.) Upon hearing Dr. Tretter's testimony at trial, the Court is satisfied that Dr. Tretter did not offer any testimony on these terms that was contrary to the Court's claim construction order. Further, no objections were made in this regard by Plaintiff. Accordingly, Plaintiff's Motion will be

denied as moot.

**II. Plaintiff's Motion in Limine No. 2 To Preclude Agere Systems Inc. From Offering Evidence On the Contents Of the Source Code Agere Systems Ins. Allegedly Received From Altocom, Inc. (D.I. 294)**

By its Motion, Plaintiff contended that Defendant relied on the contents of this software in advancing its licensing and exhaustion defenses, and that because Defendant had refused to produce the software, allowing any evidence on it was unfair and prejudicial to Plaintiff. (D.I. 294, at 1-2.) Defendant was not permitted to present any evidence on its defenses of laches, licensing, or exhaustion to the jury (D.I. 382, Tr. at 195). Accordingly, Plaintiff's Motion will be granted.

**III. Plaintiff's Motion in Limine No. 3 To Preclude Agere From Offering Evidence Argument Directed To Inequitable Conduct Issues Before The Jury (D.I. 295)**

At the pre-trial conference, the Court ruled that inequitable conduct issues would not be presented to the jury. (D.I. 345, Tr. at 20.) Accordingly, Plaintiff's Motion will be granted.

**IV. Plaintiff's Motion in Limine No. 4 To Preclude Agere Systems From Offering Evidence/ Argument Directed To Laches, Waiver, And Estoppel Issues Before The Jury (D.I. 296)**

By its Motion, Plaintiff contended that admitting evidence of these equitable defenses would lead to jury confusion and cause unfair prejudice. (D.I. 296, at 1.) Defendant was not permitted to present any evidence on its defenses of laches,

2

licensing, or exhaustion to the jury. (D.I. 382, Tr. at 195.) Accordingly, Plaintiff's Motion will be granted.

**V.    Plaintiff's Motion in Limine No. 6 To Limit Testimony By Rajiv Laroia Regarding A Prior Art Reference (D.I. 297)**

Dr. Laroia did not testify at trial (see D.I. 370), and accordingly, Plaintiff's Motion will be denied as moot.

**VI.   Plaintiff's Motion in Limine No. 7 To Preclude Defendant's Reliance on Certain Sales Records And/Or To Preclude Testimony From Defendant's Damages Expert Mr. Swinehart (D.I. 299)**

Plaintiff contended that Defendant should have been precluded from introducing any evidence at trial which relied on records referred to in discovery as Exhibits 2 and 8.  (D.I. 299, at 5.)  These exhibits dealt with sales figures for Defendant's modems.  (Id.)  Plaintiff contended that Defendant could not prove the reliability of these records, and further, that they were hearsay.  (Id. at 6-7.)  Plaintiff alternatively asked the Court to preclude Mr. Swinehart from testifying because Defendant did not make him reasonably available for deposition on his supplemental expert report.  (Id. at 8.)  These documents were admitted into evidence as PPX 38 and JTX 52, respectively.  (D.I. 389, Joint Final Exhibit List.)  Further, Mr. Swinehart was permitted to testify as to his opinion on damages.  Accordingly, Plaintiff's Motion will be denied.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion in Limine No. 1 To Preclude Defendant Agere Systems Inc. From Offering At Trial Evidence And Argument That Is Contrary To The Claim Construction Issued By This Court (D.I. 293) is **DENIED AS MOOT**;

2. Plaintiff's Motion in Limine No. 2 To Preclude Agere Systems Inc. From Offering Evidence On the Contents Of the Source Code Agere Systems Inc. Allegedly Received From Altocom, Inc. (D.I. 294) is **GRANTED**;

3. Plaintiff's Motion in Limine No. 3 To Preclude Agere Systems From Offering Evidence Evidence OR Argument Directed To Inequitable Conduct Issues Before The Jury (D.I. 295) is **GRANTED**;

4. Plaintiff's Motion in Limine No. 4 To Preclude Agere Systems From Offering Evidence OR Argument Directed To Laches, Waiver, And Estoppel Issues Before The Jury (D.I. 296) is **GRANTED**;

5. Plaintiff's Motion in Limine No. 6 To Limit Testimony By Rajiv Laroia Regarding A Prior Art Reference (D.I. 297) is **DENIED AS MOOT**;

6. Plaintiff's Motion in Limine No. 7 To Preclude Defendant's Reliance on Certain Sales Records And/Or To Preclude Testimony From Defendant's Damages Expert Mr. Swinehart (D.I. 299) is **DENIED**.

February 17, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE