IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
CIF LICENSING, LLC, d/b/a      :
GE LICENSING,                  :
                               :
          Plaintiff,           :
                               :
     v.                        :   Civil Action No. 07-170-JJF
                               :
AGERE SYSTEMS INC.,            :
                               :
          Defendant.           :
```

## MEMORANDUM ORDER

Presently before the Court is Defendant Agere Systems Inc.'s Motion To Amend the Court's Order Disposing Of Certain Summary Judgment Motions, Or In The Alternative, Defendant's Motion For Reconsideration (D.I. 470). For the reasons to be discussed, the Motion will be denied.

## I.    BACKGROUND

A jury trial was conducted in this action from February 2, 2009 through February 13, 2009, with a jury verdict entered on February 17, 2009. On February 17, 2010, the Court issued an Order (the "Summary Judgment Order")(D.I. 469) resolving numerous pre-trial motions which were still pending on the docket. The Summary Judgment Order, inter alia, granted Plaintiff's Motions For Summary Judgment That Plaintiff's Claims Are Not Barred By Exhaustion (D.I. 172), That Plaintiff's Claims Are Not Barred By Laches (D.I. 175), and That Agere Systems Inc. Is Not Licensed To the Patents-In-Suit (D.I. 196). (D.I. 469.) On March 2, 2010, a Special Master was appointed to investigate Defendant's

assertion, raised during trial, that Plaintiff engaged in discovery misconduct and withheld material documents relevant to Defendant's defenses under a wrongful assertion of privilege. (D.I. 472.)

## II. PARTIES' CONTENTIONS

By its present Motion, Defendant asks the Court to either amend or reconsider the Summary Judgment Order with respect to its affirmative defenses of licensing, laches, and patent exhaustion. (D.I. 470, at 1.) Defendant contends that the Summary Judgment Order is inconsistent with prior orders of the Court stating that Defendant had leave to renew these affirmative defenses post-trial. (Id. at 3-4.) In addition, Defendant contends that its licensing, laches, and patent exhaustion defenses cannot be resolved at this time because they are subject to the ongoing Special Master proceedings. (Id. at 5-6.) Plaintiff responds that Defendant's Motion does not meet the standard set forth in Rule 59 of the Federal Rules of Civil Procedure because Defendant has not presented any new evidence concerning these defenses, and that Defendant is merely seeking to have the Court rethink its decision. (D.I. 476.)

## III. LEGAL STANDARD

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex. rel. Lou-Ann, Inc. v.

2

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## IV.  **DISCUSSION**

The Court will deny Defendant's Motion because, in the Court's view, the Summary Judgment Order is consistent with previous orders and with the record in the action as a whole.  On January 23, 2009, the Court conducted a teleconference to hear summary judgment arguments on Defendant's laches and licensing affirmative defenses.  The Court ruled "with regard to the laches issue and the pending motions, GE will prevail on that issue. I've concluded that the laches assertion is without merit." (Hearing Tr. at 75:16-19.)  Further, the Court ruled that, "with regard to the license agreement defense . . .  I'm going to tentatively rule that the license defense, as asserted by Agere,

3

is inapplicable to the infringement claims at issue in this
litigation." (Tr. 75:20 -76:2.) An oral order was entered on
February 2, 2009 which, inter alia, denied Defendant's Motion For
Summary Judgment Of Laches (D.I. 189), as well as Defendant's
Motion For Summary Judgment Of Non-Infringement Due To License
(D.I. 194). On February 9, 2009, prior to the start of
Defendant's case in chief, the Court clarified that Defendant
would not be permitted to present any evidence on its affirmative
defenses of laches, licensing or exhaustion to the jury. (Trial
Tr. Vol. 4, 1019:3-8. However, the Court expressly provided that
Defendant would be given leave to raise the defenses post-trial:

> THE COURT: And on the three defenses, you're allowed to
> renew those motions.
> MR. SIPIORA: At the conclusion of the case.
> THE COURT: At the conclusion of the entire case.

(Tr. 1019:18-24.)

Thus, the Summary Judgment Order simply reflects the record
in this case: that Defendant did not prevail on its affirmative
defenses of laches, licensing, and exhaustion at summary
judgment, and was not allowed to put any evidence on those
defenses before the jury. Further, the Court concludes that the
Summary Judgment Order is not inconsistent with its previous
ruling that Defendant would be permitted to renew its laches,
licensing, and exhaustion defenses, and that Defendant has not
been precluded from asserting them post-trial. Defendant has not
demonstrated an intervening change in the law, newly available

4

evidence, or the need to correct a clear error of law or fact or
to prevent a manifest injustice, and reconsideration of the
Summary Judgment Order is therefore not warranted.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion
To Amend the Court's Order Disposing Of Certain Summary Judgment
Motions, Or In The Alternative, Defendant's Motion For
Reconsideration (D.I. 470) is **DENIED**.

July  30, 2010
    DATE

UNITED STATES DISTRICT JUDGE

5